**CT** CORPORATION
A WoltersKluwer Company



**Service of Process
Transmittal**
11/26/2007
CT Log Number 512820927

**TO:**   HARRY L GOLDSMITH
AutoZone, Inc.
123 South Front St.
Memphis, TN 38103-3607

**RE:**   **Process Served in Oregon**

**FOR:**   AUTOZONE, INC. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Migis, etc., Pltfs. vs. Autozone, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons and Notice, Complaint, First Set of Request for Production |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 071113531 |
| **NATURE OF ACTION:** | Employee Litigation - For unpaid wages, overtime wages minimum wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/26/2007 at 12:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | A.E. Bud Bailey<br>Bailey Pinney and Associates LLC<br>1498 SE Tech Center Place, Suite 290<br>Vancouver, WA 98683<br>360-567-2551 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798316477306<br>Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Patricia McGriff<br>CT Corporation System<br>388 State Street, Suite 420<br>Salem, OR 97301 |
| **TELEPHONE:** | 503-566-6883 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

11-26-07
12:25

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| **MICHAEL MIGIS,** individually, and on behalf of all others similarly situated, | ) ) | **No. 0711-13531** |
| Plaintiffs, | ) | |
| v. | ) | **SUMMONS** |
| | ) | |
| **AUTOZONE, INC., a Foreign Corporation,** | ) | |
| Defendant. | ) | |

**TO:    AUTOZONE, INC.**

**IN THE NAME OF THE STATE OF OREGON**: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:
### READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

**If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

A. E. BUD BAILEY, OSB 87457
Bailey Pinney and Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683  (360) 567-2551

**STATE OF OREGON, County of Washington   ) ss**

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

A. E. BUD BAILEY, OSB 87157
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**   You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

A. E. BUD BAILEY, OSB 87157
Attorney for Plaintiff

Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683 Tele: (360) 567-2551

NOV 16 2007

1

2

3

4       **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

5          **FOR THE COUNTY OF MULTNOMAH**

6

| | |
|---|---|
| **MICHAEL MIGIS**, individually, and on behalf of all other persons similarly situated, | **No. 0711-13531** |
|              **Plaintiff,** | **CLASS ACTION ALLEGATION COMPLAINT** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **AUTOZONE INC.**, a Nevada Corporation, | **NOT SUBJECT TO MANDATORY ARBITRATION. THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS** |
|              **Defendant.** | |

## I. PRELIMINARY STATEMENT

1.

    Plaintiff files this action to recover unpaid wages, overtime wages, minimum wages and penalty wages for all current and former employees of Defendant, **AutoZone Inc.** (hereafter "AutoZone") who worked for AutoZone within Oregon in the six year period before the commencement of this action.

2.

    AutoZone is a Nevada corporation with annual sales of $5.9 billion. AutoZone is the leading specialty retailer of automotive parts and accessories, with 3,881 stores in the continental United States. Each of its stores carries an extensive product line for cars, sport utility vehicles, vans and light trucks, including new and re-manufactured automotive hard parts, maintenance items, accessories and non-automotive products. AutoZone operates 24 stores in Oregon.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

3.

Autozone suffered and permitted its hourly employees to perform work for Defendant for which it failed and refused to pay at their regular rate of pay.

4.

Oregon law requires an employer to provide each hourly employee with appropriate meal periods and appropriate rest periods.

5.

An appropriate rest period is a period of rest of not less than 10 uninterrupted minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employees pay, and is separate from meal periods.

6.

AutoZone failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261(1), OAR 839-020-0050 entitling Plaintiff and class members to those wages improperly deducted plus penalty wages pursuant to ORS 653.055.

7.

Oregon law requires employers to provide employees an appropriate meal period which is uninterrupted for not less than 30 minutes. OAR 839-020-0050(1). If the meal period is interrupted by work or is less than 30 minutes in length the employer may not deduct any portion of the meal period from the employee's wages. OAR 839-020-0050(1)(a)(A)-(B).

8.

AutoZone failed to provide Plaintiff and other similarly situated class members with meal periods of at least 30 uninterrupted minutes as required by ORS 653.261(1) and OAR 839-020-0050. AutoZone wrongfully deducted time and failed to pay Plaintiff and those similarly situated, for meal periods taken that were interrupted by work or were less than 30 minutes long. As a result, Plaintiff and class members are entitled to those wages improperly

Page 2 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1   deducted for meal periods that were interrupted or were less than 30 minutes long, plus

2   penalty wages pursuant to ORS 653.055.

3                                              9.

4        AutoZone suffered and permitted Plaintiff and similarly situated class members to

5   work hours for which it did not compensate them at the minimum rate of pay for all hours

6   worked when those wages were due.  In so doing, AutoZone violated the requirements of

7   ORS 653.025, and OAR 839-020-0010.

8                                              10.

9        AutoZone suffered and permitted Plaintiff and other similarly situated class members

10  to perform work for AutoZone in excess of 40 hours per week, for which it did not

11  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

12  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

13  653.261(1), OAR 839-020-0030.

14                                             11.

15       AutoZone failed to pay Plaintiff and other similarly situated class members whose

16  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiff

17  and all other similarly situated former employees in the class to penalty wages pursuant to

18  ORS 652.150.

19       **II.    JURISDICTION AND VENUE**

20                                             12.

21       The aggregate total of the claims pled herein do not exceed five million dollars.

22                                             13.

23       AutoZone, a Nevada Corporation, at all material times herein, was doing business as

24  "AutoZone Inc." in the State of Oregon.

25  \\\

26  \\\

Page 3 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

### III.   PARTIES

14.

At all material times, Plaintiff and all others similarly situated class members are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions.

15.

Plaintiff, at the time of filing this Complaint, is an individual who resides the State of Oregon and who is a citizen of the State of Oregon.

16.

AutoZone, Inc. is a company organized and existing under the laws of Nevada, with its principal place of business in Tennessee.

### IV.   COMMON ALLEGATIONS

17.

The conduct at issue in this case affected Plaintiff and all purported class members. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members.

18.

Based on information and belief, AutoZone has at least 26 stores in Oregon (7 listed in Portland). The members of the class exceeds 30 members, and that number will increase depending upon employee turnover.

19.

AutoZone permitted Plaintiff and other similarly situated class members to work segments of four hours or more without any periods of rest. AutoZone has failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261 and OAR 839-020-0050. AutoZone has failed to pay Plaintiff and other similarly situated class members the wages owed for rest periods it failed to provide.

Page 4 -  Class Action Allegation Complaint

1          20.

2          AutoZone failed to provide Plaintiff and other similarly situated class members, meal

3    periods of at least 30 uninterrupted minutes as required by ORS 653.261 and OAR 839-020-

4    0050.

5          21.

6          Because AutoZone required Plaintiff and others similarly situated to work through

7    their appropriate rest and meal periods and forced them to work "off the clock," Plaintiff, and

8    others similarly situated, worked hours for which AutoZone did not compensate them at the

9    minimum rate of pay. In so doing, AutoZone violated the requirements of Oregon law and

10   owes Plaintiff and others similarly situated minimum wages and liquidated damages for the

11   uncompensated work.

12         22.

13         Because AutoZone failed to provide rest and meal periods and forced employees to

14   work "off the clock," Plaintiff and others similarly situated worked hours for which AutoZone

15   did not compensate them at the premium rate of pay for all hours worked over 40 hours per

16   week. In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and

17   others similarly situated, overtime wages for uncompensated work.

18         23.

19         AutoZone suffered, permitted, and allowed Plaintiff and others similarly situated to

20   perform work for the benefit of AutoZone while "off the clock" and without compensation in

21   violation of Oregon law.

22         24.

23         AutoZone suffered and permitted Plaintiff Migis and other similarly situated class

24   members to work hours for which it did not compensate them at the then prevailing minimum

25   wage rate for all hours worked, when those wages were due.

26

Page 5 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

25.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

26.

Because of AutoZone's wage and hour violations as set forth above, AutoZone was unjustly enriched. AutoZone requested by words and/or conduct that Plaintiff and others similarly situated, provide services without pay and without receiving their mandatory rest and meal periods. AutoZone has benefitted from these violations.

27.

AutoZone also benefitted from uncompensated "off the clock" work performed before and/or after shifts by Plaintiff and others similarly situated. Plaintiff and others similarly situated performed services as AutoZone requested. AutoZone has not paid for the services Plaintiff and others similarly situated performed. Plaintiff and others similarly situated seek the reasonable value of the services that were provided to AutoZone.

28.

AutoZone failed to pay Plaintiff, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

29.

AutoZone's actions in failing to pay wages, including minimum wage and overtime, failing to provide meal and rest periods, and failing to pay all monies due and earned upon termination of employment pursuant to Oregon law, was willful.

30.

AutoZone's actions, detailed herein, were part of a corporate practice which affected all employees who worked for AutoZone. As a direct and proximate result of AutoZone's

Page 6 - Class Action Allegation Complaint

1   illegal practices, Plaintiff and others similarly situated (1) were required and permitted to

2   work through rest and meal periods that are required by Oregon law, (2) were not

3   compensated for the unprovided rest and meal periods, (3) were not compensated for the time

4   they worked "off the clock," (4) were not paid their wages on time.  Plaintiff and other

5   similarly situated employees are entitled to recover wages for the unprovided rest and meal

6   periods including, but not limited to, wages, statutory wages, minimum wages, and overtime

7   and/or premium wages pursuant to Oregon law.  Plaintiff and others similarly situated are

8   entitled to request injunctive relief.  Also, Plaintiff and other similarly situated employees are

9   entitled to recover appropriate reasonable attorneys' fees, costs and interest.

10              **V.    CATEGORIES OF CLAIMS**

11                          31.
                  (Rest Period Violations)
12
13          AutoZone failed to provide Plaintiff and similarly situated class members duty free

14   rest periods as required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's

15   conduct, Plaintiff and other similarly situated class members, who did not receive rest periods

16   as required, are entitled to wages for those unprovided rest periods for the six year period

17   before the filing of this class action lawsuit, plus penalty wages, as provided by ORS 653.055,

18   for those violations occurring within the three year period before the filing of this complaint.

19                          32.
                  ( Unpaid Meal Periods)
20          AutoZone failed to provide Plaintiff and similarly situated class members 30 minute

21   uninterrupted meal periods as required ORS 653.261(1), OAR 839-020-0050.  AutoZone

22   failed to pay wages to its employees for meal periods of less than 30 minutes in length.  As a

23   result, Plaintiff and other similarly situated class members are entitled to wages for the

24   unprovided meal period violations, for the six year period before the filing of this class action

25   lawsuit, plus penalty wages as provided by ORS 653.055 for those unprovided meal period

26   violations occurring within the three year period before the filing of this complaint.

Page 7 -   Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1

**33.**
**(Unpaid Wages)**

2

3      AutoZone failed to pay Plaintiff, and similarly situated class members, all their wages

4      earned. As a result, those wages remain due and unpaid. Plaintiff, and similarly situated class

5      members, seek unpaid wages for the six year period preceding the filing of this class action

6      lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring with

7      the three year period before the date of filing of this complaint.

**34.**
8      **(Minimum Wage)**

9      AutoZone failed to pay Plaintiff and all similarly situated minimum wage class

10     members, minimum wages for all hours worked. As a result, Plaintiff and all similarly

11     situated Minimum Wage class members, who were not paid all minimum wages, are entitled

12     to unpaid minimum wages, plus 30 days of penalty wages for those violations occurring

13     within the three year period before the commencement of this action.

14
**35.**
**(Overtime Claims)**
15

16     AutoZone allowed, suffered and permitted Plaintiff and all similarly situated overtime

17     class members to perform work in in excess of 40 hours per week, for which they were not

18     paid at 1 ½ times their regular hourly rate. As a result, Plaintiff and similarly situated

19     overtime class members who were not paid all overtime wages for the two year period before

20     the date of filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty

21     wages.

**36.**
22     **(Late Payment of Wages upon Termination)**

23     Within the three years prior to the filing of this complaint, AutoZone willfully failed to

24     pay all wages to Plaintiff, and other former employees, upon termination of their employment,

25     when those wages were due, as required by ORS 652.140, which entitles Plaintiff, and other

26     former employees to penalty wages as provided by ORS 652.150.

Page 8 -  Class Action Allegation Complaint

1

## VI.    CLASS ALLEGATION RELATING TO RULE 32 CLASS DEFINITION OF CLASS

2

37.

3

Plaintiff seek class certification as follows, pursuant to ORCP 32.

4

38.

5

(Rest Period Violations Class)

6    For Plaintiff and all similarly situated class members who worked for AutoZone in

7    Oregon, within the six year period before the filing of this complaint, and were not paid wages

8    for rest periods which were not received as required by ORS 653.261(1) and OAR 839-020-

9    0050.

10

39.

11

(UnPaid Meal Period Class)

12    For Plaintiff and all similarly situated class members who worked for AutoZone in

13    Oregon, within the six year period before the filing of this complaint, from whom AutoZone

14    deducted wages from the class members' wages for meal periods of less than 30 minutes in

15    length.

16

40.

(Unpaid Wages Class)

17

18    For Plaintiff and all similarly situated class members who worked for AutoZone, in

19    Oregon, within six year period before the filing of this complaint, and were not paid all wages

20    due.

21

41.

(Minimum Wage Class)

22

23    For Plaintiff and all similarly situated class members who worked for AutoZone in

24    Oregon, within the three year period before the filing of this complaint, and were paid at a rate

25    less than the minimum wage rate then in effect for all hours worked.

26

42.

Page 9 - Class Action Allegation Complaint

(Overtime Class)

1

2    For Plaintiff and all similarly situated class members who worked for AutoZone in

3    Oregon, within two year period before the filing of this complaint, and were not paid at 1 ½

4    times their regular hourly rate for all hours worked in excess of 40 hours per week.

5    43.
      ( Late Payment Class)

6

7    For Plaintiff and all similarly situated class members whose employment with the

8    AutoZone ended within three year period before the filing of this action and who did not

9    receive all wages when due as required by ORS 652.140.

10   **ORCP 32H NOTICE**

11   44.

12   On or about March 28, 2007, Plaintiff, on behalf of themselves and all current and

13   former AutoZone employees, pursuant to ORCP 32H, gave a pre-litigation notice to

14   AutoZone and demanded that AutoZone immediately cure its failure to pay wages as required

15   by Oregon law, and pay all amounts due within 30 days after notice.

16   45.

17   Despite Plaintiff' request that AutoZone cure, AutoZone has failed and refused to cure

18   its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated class

19   members all unpaid wages.  AutoZone has also failed and refused to pay Plaintiff and all

20   similarly situated class members all penalty wages due.  Those wages and penalty wages

21   remain due and unpaid.

22   **NUMEROSITY**
      46.

23   Based on information and belief, the members of the State wage and hour class

24   exceeds 30 persons.  Plaintiff expects this number to increase, depending upon the turnover

25   rate for employees over the last three years.

26

Page 10 - Class Action Allegation Complaint

## QUESTIONS OF LAW AND FACT

47.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former AutoZone employees. Common questions include:

    a    Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

    b    Whether AutoZone suffered and permitted Plaintiff and overtime class members to work over 40 hours per week.

    c    Whether AutoZone failed to pay Plaintiff and overtime class members at the overtime rate for all hours worked over 40 per week.

    d    Whether AutoZone suffered and permitted Plaintiff and minimum wage class members to perform work, for which it failed to pay all minimum wages when due.

    e    Whether, when an employee's time records reflect that the employee worked a shift of sufficient length entitling the employee to a paid rest period under OAR 839-020-0050, the employee's time records show no paid rest period as required by 839-020-0050.

    f    Whether any failure to pay for such a period is "willful" for purposes of ORS 652.150.

    g    Whether, when an employee's time records reflect that the employee worked a shift of sufficient length to entitle the employee to a meal period under OAR 839-020-0050(1)(a), the employee's time records show an uncompensated period of time less than 30 minutes, that period amounts to lost wages from the improper deduction within the meaning of OAR 839-020-0050(1)(a) for which the employee is entitled to pay.

Page 11 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

1    h    Whether any failure to pay for such a period is "willful" for purposes of ORS

2           652.150.

3    i    Whether Oregon law provides time lines when AutoZone must pay final wages

4           to its former employees.

5    j    Whether AutoZone failed to pay Plaintiff and similarly situated class members

6           all wages after termination of their employemnt when those wages were due.

7    k    Whether AutoZone's failure to timely pay final wages to Plaintiff and other

8           former employees was willful.

9    l    Whether Plaintiff and class members are entitled to attorney fees under ORS

10          652.200 and/or ORS 653.055.

11    m    Which remedies are available for the violations of State wage and  hour laws.

12                       **TYPICALITY**

13                            48.

14    The claims of the named Plaintiff are typical of the claims of the members of the wage

15 and hour class in that:

16    a.    Plaintiff is a member of each class.

17    b.    Plaintiff's claims stem from the same practice or course of conduct that forms

18           the basis of each class.

19    c.    Plaintiff's claims are based upon the same legal and remedial theories as those

20           of the class and involve similar factual circumstances.

21    d.    There is no antagonism between the interests of the named  Plaintiff and absent

22           class members.

23    e.    The injuries which Plaintiff suffered are similar to the injuries which class

24           members have suffered.

25

26

Page 12 -Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REPRESENTATION BY PLAINTIFF**

2    49.

3    The named Plaintiff will fairly and adequately represent the class in that:

4    a.    There is no conflict between his claims and those of other class and subclass

5          members.

6    b.    Plaintiff has retained counsel who are skilled and experienced in wage and

7          hour cases and in class actions and who will vigorously prosecute this

8          litigation.

9    c.    Plaintiff's claims are typical of the claims of class members.

10    50.

11    Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

12    a.    Common questions of law or fact predominate over questions affecting only

13          individual members.

14    b.    The forum is convenient to the parties, class members, and potential witnesses;

15          the class is specifically identifiable to facilitate provision of adequate notice;

16          and there will be no significant problems managing this case as a class action.

17    c.    A class action is superior to other available methods for the fair and efficient

18          adjudication of this controversy because individual class members have

19          minimal interest in controlling the prosecution of separate actions.

20    **VII.    CLAIMS FOR RELIEF**

21    **FIRST CLAIM FOR RELIEF**

22    (Rest Period Violation Class, Six Year Statute of Limitations; Rest Period Violation Penalty
      Class, Three Year Statute of Limitations)

23    51.

24    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25    \\\

26    \\\

Page 13 -Class Action Allegation Complaint

52.

ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted paid rest break of not less than ten (10) minutes for each period of four hours, or the better part thereof worked.

53.

AutoZone failed to provide Plaintiff and all other similarly situated class members an uninterrupted paid rest break of not less than ten (10) minutes for each period of fours hours. Defendant regularly failed to provide all rest periods to its Oregon employees when and as required by ORS 653.261 and OAR 839-020-0050.

54.

AutoZone failed to pay Plaintiff Migis and Rest Period Class members for those reset periods not provided when and as required within six years before the filing of this complaint.

55.

All wages due for AutoZone's failure to provide appropriate rest periods to Plaintiff Migis and class members were required to have been paid on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

56.

Those class members who did not receive their appropriate rest period in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

57.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to provide appropriate rest periods as required within six years before the filing of the complaint. Those class members who did not receive their appropriate rest periods in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as

Page 14 - Class Action Allegation Complaint

1   calculated by ORS 652.150.

2                                          58.

3          Plaintiff Migis and all class members seek unpaid wages for the six year before the

4   filing of this complaint, plus penalty wages pursuant to ORS 653.055 for all violations which

5   occurred in the three years before the filing of this complaint, plus costs, disbursements and

6   attorneys fees pursuant to ORS 653.055(4) and 652.200(2).

7
                            **SECOND CLAIM FOR RELIEF**
8
      ( Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;
9             Unpaid Meal Period Penalty Class, Three year Statute of Limitations)

10                                         59.

11         Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12                                         60.

13         ORS 653.261 provides for minimum employment conditions to be established by the

14  Commissioner of the Oregon Bureau of Labor and Industries.  OAR 839-020-0050 requires

15  that employees, whose work period is 6 hours or more, receive an uninterrupted meal period

16  of not less than 30 minutes.

17                                         61.

18         OAR 839-020-0050(1) allows an employer to deduct time from an employee for meal

19  periods which are uninterrupted and not less than 30 minutes in length during a 6 hour work

20  period.

21                                         62.

22         AutoZone failed to provide Plaintiff Migis and other class members with

23  uninterrupted meal periods of at least 30 minutes as required by OAR 839-020-0050(a)(1)(A),

24  and Defendant violated ORS 653.261, OAR 839-020-0050 and ORS 653.055.  Defendant

25  wrongfully deducted time and consequently wages from Plaintiff and Meal Period Class

26  members for meal periods that were interrupted by work or were less than 30 minutes long.

Page 15 -Class Action Allegation Complaint

1 |    63.

2 |    As a result of Defendant's failure to provide full 30 minute uninterrupted meal periods

3 | as required, and by failing to pay wages for meal periods that did not meet the requirements of

4 | OAR 839-020-0050 (1)(a)(B), Plaintiff Migis and meal period class members are entitled to

5 | recover unpaid wages, within the six year period before the filing of this complaint.

6 |    64.

7 |    Plaintiff Migis and those class members who in the three years before the filing of this

8 | complaint were not paid for a full 30 minutes of wages for meal periods that were interrupted

9 | or were less than 30 minutes long, are also due civil penalty wages as provided by ORS

10 | 653.055 and ORS 652.150.

11 |    65.

12 |    Plaintiff Migis and class members seek payment of wages deducted for "meal periods"

13 | which failed to meet the requirements of OAR 839-020-0050 within the six years of the filing

14 | of this complaint.  In addition, Plaintiff Migis and class members seek penalty wages pursuant

15 | to ORS 653.055, and ORS 652.150 for Defendants wrongful deduction for meal periods that

16 | failed to meet the requirements of OAR 839-020-0050, for a period of three years from the

17 | filing of this action.

18 |    66.

19 |    Plaintiff Migis and class members also seek payment of their costs, disbursements,

20 | and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

21 |    **THIRD CLAIM FOR RELIEF**

22 |    (Unpaid Wage Claim; Six Year Statute of Limitations
       Unpaid Wages on Pay Day Claim; Three Year Statute of Limitations)

23 |    67.

24 |    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25 |

26 |

Page 16 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1                                   68.

2        During the six year statute of limitations period, Plaintiff and similarly situated class

3   members worked time for Defendant before and after their scheduled shifts, during their meal

4   periods, and during their rest periods all of which was not recorded on the time clock. ("Off

5   the Clock Time").

6                                    69.

7        By failing to record all the time worked by Plaintiff and Class Members, AutoZone

8   failed to pay Plaintiff and other similarly situated class members for this time they worked

9   off-the-clock.

10                                  70.

11       During the course of Plaintiff's employment, Defendant allowed, suffered and

12   permitted Plaintiff and other similarly situated class members to perform work for the benefit

13   of Defendant as set out in Plaintiff's Third and Fourth claims for relief which are incorporated

14   herein by reference.

15                                 71.

16       AutoZone was required to pay Plaintiff Migis and class members for all hours worked

17   on their next regularly scheduled payday under ORS 652.120 and ORS 653.010.

18                                 72.

19       AutoZone failed and refused to pay Plaintiff Migis and class members all off the clock

20   time on payday, and those off the clock time wages remain due and unpaid.

21                                 73.

22       Plaintiff Migis and similarly situated class members seek unpaid wages for the six

23   years before the commencement of this action, and Plaintiff's costs disbursements and

24   attorneys fees pursuant to ORS 652.200(2).

25

26

Page 17 - Class Action Allegation Complaint

74.

All wages due for AutoZone's failure to pay Plaintiff Migis and class members all off the clock time on payday on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

75.

Those class members who did not receive their appropriate pay for all of the off the clock time in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

76.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to pay all wages due for off the clock time as required within six years before the filing of the complaint. Those class members who did not receive all wages due for off the clock time in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as calculated by ORS 652.150.

**FOURTH CLAIM FOR RELIEF**

(State Minimum Wage Claim, Civil Penalty; Six Year Statute of Limitations for Minimum Wages; Three Year Statute of Limitations for Penalties)

77.

Plaintiff Migis incorporates all preceding paragraphs as though fully set forth herein.

78.

At all times material herein, Plaintiff Migis and minimum wage class members were employed by AutoZone.

79.

During the statutory period set out above, Oregon required that all employees working in Oregon were paid at an hourly rate for all hours worked not less than the minimum wage as set by ORS 653.025.

Page 18 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1           80.

2           During the course of Plaintiff Migis' employment, Defendant allowed, suffered and

3    permitted Plaintiff Migis and other similarly situated class members to perform work for the

4    benefit of AutoZone.

5           81.

6           Plaintiff Migis and other similarly situated class members performed work as set out

7    in Plaintiff's Third, Fourth and Fifth claims for relief which are incorporated herein by

8    reference.

9           82.

10          Pursuant to ORS 653.025, AutoZone was required to pay Plaintiff Migis and class

11   members at the then prevailing State of Oregon minimum wage rate for hours worked.

12          83.

13          AutoZone failed and refused to pay Plaintiff Migis and class members at the State of

14   Oregon minimum wage rates for all hours worked when those wages were due, and there

15   remains due and owing minimum wages in an amount to be determined.

16          84.

17          By failing to compensate Plaintiff Migis and class members for missed rest periods

18   and wrongfully deducting wages for interrupted meal periods shorter than 30 minutes,

19   AutoZone failed to compensate class members at the minimum wage rate for all hours

20   worked.

21          85.

22          Because of AutoZone's failure to pay Plaintiff Migis and minimum wage class

23   members at the then prevailing minimum wage rate for all hours worked, when those wages

24   were due, Plaintiff Migis and class members are entitled to unpaid minimum wages for the six

25   year period before the filing of this complaint, plus a civil penalty under ORS 653.055 as

26   computed by ORS 652.150 for those violations occurring within the three year period before

Page 19 -Class Action Allegation Complaint

1 | the commencement of this action.

2 | 86.

3 | Plaintiff Migis and class members have been required to bring this action to recover

4 | minimum wage earnings and a civil penalty pursuant to ORS 653.055(4) and ORS

5 | 652.200(2).

6 | 87.

7 | Plaintiff Migis and class members seek as damages, minimum wages in an amount to

8 | be determined plus penalty wages as provided by ORS 653.055 and ORS 652.150,plus costs,

9 | disbursements and attorneys fees pursuant to ORS 653.055 and ORS 652.200(2).

10 |
11 | **FIFTH CLAIM FOR RELIEF**

12 | (State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)

13 | 88.

14 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15 | 89.

16 | During the course of Plaintiff's employment within the 2 year period before the

17 | commencement of this action, Defendant allowed, suffered and permitted Plaintiff and

18 | overtime class members to work in excess of 40 hours per week.

19 | 90.

20 | During the course of Plaintiff's employement, Defendant allowed, suffered and

21 | permitted Plaintiff and class members to work hours as set out in Plaintiff's **First, Second,**

22 | **and Fifth** claims for relief, incorporated herein by reference.

23 | 91.

24 | Plaintiff Migis and similarly situated class members also allege that they are entitled to

25 | be compensated for rest periods not received and for those wages deducted for meal periods

26 | less than 30 minutes in length or were interrupted, as set out in Plaintiff's **First and Second**

claims for relief which are incorporated herein by reference.

Page 20 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

92.

AutoZone was required to pay Plaintiff Migis and overtime class members, 1 ½ times their regular pay for all hours worked in excess of 40 hours per week.

93.

When Plaintiff Migis and class members were not paid for hours worked as set out in the First, Second, and Fifth claims for relief as plead herein and such failure to pay for all hours worked during work weeks in which Plaintiff and class members worked at or near 40 hours during the work week, AutoZone failed to pay all hours worked in excess of 40 hours per week, and further failed to pay premium wages as required by OAR 839-020-0030 and ORS 653.261.

94.

AutoZone's failure to pay Plaintiff Migis and overtime class members for all hours worked in excess of 40 hours per week was willful, and there remains due and unpaid wages and premium wages in amounts to be determined.

95.

Plaintiff Migis, on his behalf, and on behalf of all overtime class members seeks as damages overtime wages in amounts to be determined, plus civil penalty wages pursuant to ORS 653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorneys' fees pursuant to ORS 653.055(4) and ORS 652.200(2).

**SIXTH CLAIM FOR RELIEF**
(ORS 652.140 Late Payment, Penalty Wages)

96.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

97.

Plaintiff and those members of the late pay class whose employment with AutoZone ended within the three years prior to the filing of this action.

Page 21 - Class Action Allegation Complaint

1 |  .                              98.

2      At the time Plaintiff's and late pay class members' employment ended, AutoZone

3  failed to pay Plaintiff and late pay class members, all wages when due, as required by ORS

4  652.140.

5                                  99.

6      AutoZone's failure to pay Plaintiff's and late pay class members' wages when due was

7  willful, and continued for a period of time to be determined after discovery is complete.

8                                  100.

9      Because of AutoZone's willful failure to immediately make payment of Plaintiff's and

10  late pay class members' wages when due, Plaintiff and late pay class members are due penalty

11  wages under ORS 652.150, for the continuation of Plaintiff's and late pay class members'

12  wages for up to 30 days, in amounts to be determined after discovery.

13                                 101.

14      Plaintiff has been required to bring this action on his behalf and on behalf of late pay

15  class members, to recover penalty wages as provided by ORS 652.150.

16                                 102.

17      Because of AutoZone's failure to pay Plaintiff's and late pay class members' wages

18  within 48 hours after those wages were due and payable, Plaintiff and late pay class members

19  are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS

20  652.200(2).

21                                 103.

22      Plaintiff seeks as damages for himself and all late pay class members whose

23  employment ended within three years prior to the filing of this action and who were not paid

24  all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus

25  costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

26

Page 22 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## PRAYER FOR RELIEF

1

2     **WHEREFORE;** Plaintiff and members of each class request the Court award such

3     damages as set forth above for unpaid wages, overtime wages, minimum wages, and benefits

4     and penalties; award Plaintiff his costs, disbursements and attorney fees; order AutoZone to

5     pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this

6     action; and order such further or alternative relief in favor of Plaintiff and all class members

7     as the Court deems appropriate.

8

9                                      DATED:  November 14, 2007

10

11                              **BAILEY PINNEY & ASSOCIATES, LLC**

12

13

14                              JAMES DANA PINNEY, OSB 75308
                                A. E. BAILEY, OSB 87157
                                Of Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

Page 23 - Class Action Allegation Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

MICHAEL MIGIS,

                       Plaintiff,

     v.

AUTOZONE, INC.,

                       Defendant.

No. 0711-13531

**PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR PRODUCTION**
**OF DOCUMENTS**

**TO:**   **Defendant Autozone, Inc., via his attorney Leigh Ann Tift**

      Plaintiff hereby requests that Defendant make the following documents, as requested in Exhibit "A", available for inspection and copying at the time, date and place set forth below:

**TIME, DATE AND PLACE FOR PRODUCTION**

**TIME:**     10:00 AM

**DATE:**    45 days from service of the Summons and Complaint

**PLACE:**   Bailey Pinney & Associates LLC
              1498 SE Tech Center Place, Suite 290
              Vancouver, WA 98683

Page  - 1     Plaintiff's First Set of Requests For Production of Documents

## DEFINITIONS

1

2      a.      "Documents" as used in this request means: (1) all original written, recorded,

3 taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In

4 all cases where originals are not available, "documents" also means identical copies of original

5 documents and non-identical copies thereof.    (2) all writings, contracts, agreements,

6 correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes,

7 notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or

8 conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books,

9 logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals, promotional

10 material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports

11 and recordings of telephone or other conversations, or of interviews, or of conferences, or of other

12 meetings, affidavits, statements, summaries, (6) all opinions, reports, studies, examinations,

13 analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices,

14 announcements, advertisements, instructions, manuals, brochures, publications, schedules, price

15 lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all

16 computer printouts, data processing program library, data processing input and output, microfilm,

17 books of account, records, and invoices reflecting business operations, reports, books, records,

18 permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices

19 statements, all records kept by electronic, photographic or mechanical means, any notes or drafts

20 relating to the foregoing and all things similar to any of the foregoing however denominated.

21      b.     "Electronic Data" as used in this request includes information from Defendant's

22 computer systems, removable electronic media and other locations. This further includes, but is

23 not limited to, all documents, text files, e-mail and other electronic communication (including

24 logs of e-mail history and usage, header information and "deleted" files), word processing

25 documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm

26 or security logs or records, video security or other tapes or recordings, contact manager

Page - 2      Plaintiff's First Set of Requests For Production of Documents

1   information, internet usage files, backup files and tapes, image files, and network access
2   information.  This also includes data on personal, home or laptop computers of personnel
3   containing potentially discoverable information.  With respect to all of the above, produce the
4   data in native file format with any metadata intact.

5        c.     Produce all non-identical copies of all responsive documents including copies that
6   bear marks, notations or changes not present on the original.

7        d.     If any documents are withheld on grounds of attorney/client privilege or attorney
8   work produce privilege, identify the author, each recipient thereof, the nature of the document and
9   the basis upon which the privilege is asserted.

10       e.     If any document requested was, but no longer is in the possession, custody, or
11  control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been
12  destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been
13  otherwise disposed of.  For each such instance, explain the circumstances surrounding such
14  disposition, give the date or approximate date thereof, and the names and last known home and
15  business addresses of these persons with knowledge of such circumstances.

16       f.     "Defendant" as used herein refers to all parties named in this action, and all agents,
17  employees or other persons with an interest in any party.

18       g.     These requests for production are continuing and, in the event you discover further
19  information that is responsive to them, you are to supplement your answers.  If
20  you fail to supplement this answer in a reasonable fashion, requestor will move the court for an
21  order excluding from evidence at trial any matter which is responsive and not furnished.

22       h.     "Plaintiff" as used herein refers to each and every person who is expressly listed
23  in the caption of the class action complaint.

24

25

26

Page  - 3     Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1

## EXHIBIT "A"

2    **REQUEST FOR ADMISSION NO. 1**: Admit that Defendant failed to pay all wages

3    earned and unpaid by the end of the first business day after termination, to at least one

4    involuntarily terminated employee within the 12 months preceding the date of the filing of this

5    lawsuit.

6    **RESPONSE:**

7

8

9    **REQUEST FOR PRODUCTION NO. 1**: If Defendant admits RFA No. 1, produce all

10   documents and electronically stored information for all involuntarily terminated employees to

11   whom Defendant failed to pay all wages earned and unpaid by the end of the first business day

12   after termination, within the referenced time period. Produce documents and electronically stored

13   information in electronic format. If electronic format is unavailable, produce in original format.

14   This request includes, but is not limited to, Documents and Electronic Data as defined above.

15   **RESPONSE:**

16

17

18   **REQUEST FOR PRODUCTION NO. 2**: If Defendant denies RFA No. 1, produce all

19   documents and electronically stored information for all involuntarily terminated employees within

20   the referenced time period which Defendant relies upon to support its denial. Produce documents

21   and records in electronic format. If electronic format is unavailable, produce in original format.

22   This request includes, but is not limited to, Documents and Electronic Data as defined above.

23   **RESPONSE:**

24

25

26

Page  - 4       Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REQUEST FOR ADMISSION NO. 2**: Admit that Defendant failed to immediately pay

2    all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of

3    their intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

4    **RESPONSE**:

5

6

7    **REQUEST FOR PRODUCTION NO. 3**: If Defendant admits RFA No. 2, produce all

8    documents and electronically stored information for all employees who gave not less than 48

9    hours' notice of their intention to quit, to whom Defendant failed to pay all wages earned and

10   unpaid immediately at the time of quitting, within the referenced time period.   Produce

11   documents and electronically stored information in electronic format. If electronic format is

12   unavailable, produce in original format. This request includes, but is not limited to, Documents

13   and Electronic Data as defined above.

14   **RESPONSE**:

15

16

17   **REQUEST FOR PRODUCTION NO. 4**: If Defendant denies RFA No. 2, produce all

18   documents and electronically stored information for all employees who gave not less than 48

19   hours' notice of their intention to quit, within the referenced time period which Defendant relies

20   upon to support its denial. Produce documents and electronically stored information in electronic

21   format. If electronic format is unavailable, produce in original format. This request includes, but

22   is not limited to, Documents and Electronic Data as defined above.

23   **RESPONSE**:

24

25

26

Page  - 5        Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REQUEST FOR ADMISSION NO. 3**: Admit that Defendant failed to pay all wages

2    earned and unpaid within five business days after at least one employee quit without giving 48

3    hours' notice, within the 12 months preceding the date of the filing of this lawsuit.

4    **RESPONSE:**

5

6

7    **REQUEST FOR PRODUCTION NO. 5**: If Defendant admits RFA No. 3, produce all

8    documents and electronically stored information for all employees who quit, to whom Defendant

9    failed to pay all wages earned and unpaid within five business days, within the referenced time

10   period. Produce documents and electronically stored information in electronic format. If

11   electronic format is unavailable, produce in original format. This request includes, but is not

12   limited to, Documents and Electronic Data as defined above.

13   **RESPONSE:**

14

15

16   **REQUEST FOR PRODUCTION NO. 6**: If Defendant denies RFA No. 3, produce all

17   documents and electronically stored information for all employees who quit without notice within

18   the referenced time period which Defendant relies upon to support its denial. Produce documents

19   and electronically stored information in electronic format. If electronic format is unavailable,

20   produce in original format. This request includes, but is not limited to, Documents and Electronic

21   Data as defined above.

22   **RESPONSE:**

23

24

25

26

Page  - 6        Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1      **REQUEST FOR PRODUCTION NO. 7**: Produce all employment agreements,

2  contracts, covenants and addendums between Plaintiff and Defendant. This request includes but

3  is not limited to correspondence stored on electronic disks, recording tapes, and computer banks.

4      **RESPONSE:**

5

6

7      **REQUEST FOR PRODUCTION NO. 8**:  Produce all correspondence wherein

8  Plaintiff's name is mentioned, including all letters, e-mail correspondence, and correspondence

9  stored on any data compilations from which information can be obtained or translated, if

10  necessary, by Defendant through detection devices into reasonably usable form. This request

11  includes but is not limited to correspondence stored on electronic disks, recording tapes, and

12  computer banks.

13      **RESPONSE:**

14

15

16      **REQUEST FOR PRODUCTION NO. 9**: Produce all interoffice memorandum wherein

17  Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

18  memorandum stored on any data compilations from which information can be obtained or

19  translated, if necessary, by Defendant through detection devices into reasonably usable form.

20  This request includes but is not limited to correspondence stored on electronic disks, recording

21  tapes, and computer banks.

22      **RESPONSE:**

23

24

25

26

Page - 7      Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REQUEST FOR PRODUCTION NO. 10**: Produce all application forms, resumes or

2    other such documents and electronically stored information submitted by Plaintiff to Defendant.

3    **RESPONSE**:

4

5

6    **REQUEST FOR PRODUCTION NO. 11**:  Produce any and all documents and

7    electronically stored information, including correspondence, recordings, meetings, memos, notes,

8    discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the

9    subject of Plaintiff's wages or pay either individually or by inclusion in a larger group.  This

10   request includes but is not limited to correspondence stored on electronic disks, recording tapes,

11   and computer banks.

12   **RESPONSE**:

13

14

15   **REQUEST FOR PRODUCTION NO. 12**:  Produce all documents and electronically

16   stored information contained in Plaintiff's personnel file and records, including all notes,

17   notations, or other entries or marks of any nature whatsoever and including the cover of the file.

18   This request includes but is not limited to correspondence stored on electronic disks, recording

19   tapes, and computer banks.  Defendant shall make explicit identification of the documents it

20   produces responsive to this request.

21   **RESPONSE**:

22

23

24

25

26

Page  - 8        Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REQUEST FOR PRODUCTION NO. 13**: Produce all documents and electronically
2    stored information referencing Plaintiff's earnings individually or by inclusion in a larger group,
3    including all records, documents or internal correspondence between Plaintiff and any of
4    Defendant's agents or between any of Defendant's agents concerning or mentioning Plaintiff or
5    Plaintiff's earnings, wages or compensation.

6    **RESPONSE**:

7

8

9

10    **REQUEST FOR PRODUCTION NO. 14**: Produce all documents and electronically
11    stored information evidencing the hours Plaintiff worked or was expected to work individually
12    or by inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time
13    records, time cards, punch clock records, time sheets, work time schedules and any data
14    compilations from which information can be obtained or translated, if necessary, by Defendant
15    through detection devices into reasonably usable form. This request includes but is not limited
16    to correspondence stored on electronic disks, recording tapes, and computer banks.

17    **RESPONSE**:

18

19

20    **REQUEST FOR PRODUCTION NO. 15**: Produce all pay stubs, payroll worksheets,
21    pay checks and other such documents and electronically stored information prepared or used by
22    Defendant to calculate the amount of wages owed to Plaintiff. This request includes all the
23    requested data stored on electronic disks, recording tapes, and computer banks.

24    **RESPONSE**:

25

26

Page - 9    Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1     **REQUEST FOR PRODUCTION NO. 16**: Produce all of Defendant's employee

2 manuals or employee handbooks in place during the course of Plaintiff's employment with

3 Defendant.

4     **RESPONSE**:

5

6

7     **REQUEST FOR PRODUCTION NO. 17**: Produce all documents and electronically

8 stored information relating to Plaintiff's termination. This request includes but is not limited to

9 correspondence stored on electronic disks, recording tapes, and computer banks.

10     **RESPONSE**:

11

12

13     **REQUEST FOR PRODUCTION NO. 18**: Produce all documents and electronically

14 stored information Plaintiff filled out as a condition of his employment, including all federal tax

15 forms. This request includes but is not limited to correspondence stored on electronic disks,

16 recording tapes, and computer banks.

17     **RESPONSE**:

18

19

20     **REQUEST FOR PRODUCTION NO. 19**: Produce all documents and electronically

21 stored information relating in any way to Plaintiff's performance, including any and all records

22 of performance evaluations performed, commendations, awards, testing, interviews, counseling,

23 accident or incident reports, disciplinary actions or any other record or any act or activity

24 addressing issues of Plaintiff's performance.

25     **RESPONSE**:

26

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    **REQUEST FOR PRODUCTION NO. 20**: Produce all documents and electronically

2    stored information relative to any and all complaints or grievances made against Defendant

3    pursuant to the Fair Labor Standards Act, Chapters 652 or 653 of the Oregon Revised Statutes

4    and/or all of Defendant's employees' formal and informal complaints or grievances requesting

5    wages or disputing amount of wages paid.  This request includes all the complaints filed, the

6    reports of the investigation, the reports to any governmental agency, the reports by any

7    governmental agency, the reports to any arbitrator, mediator or judge, the findings or opinions

8    of any arbitrator, mediator or judge and the resolution of the issues that resulted in the complaints

9    or grievances.

10    **RESPONSE**:

11

12

13    **REQUEST FOR PRODUCTION NO. 21**: Produce all documents and electronically

14    stored information relating to the organization and operation of the defendant's business,

15    including organizational charts, listings of officers and directors, annual reports, special

16    shareholder reports, informational brochures, filings with the secretary of the state, and filings

17    with the Security and Exchange Commission.

18    **RESPONSE**:

19

20

21    **REQUEST FOR PRODUCTION NO. 22**: Produce all documents and electronically

22    stored information pertaining to the orientation or any training received by Plaintiff or other

23    employees during the course of employment that related to Defendant's employment practices.

24    **RESPONSE**:

25

26

Page  - 11      Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1     **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically

2    stored information reflecting all communications made to any of Defendant's employee's and/or

3    in response to inquiries pertaining to the Plaintiff's employment relationship, work performance

4    or other employment-related circumstances.

5     **RESPONSE:**

6

7

8     **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically

9    stored information, which evidence the date on which any employee's employment terminated,

10   in the year proceeding this lawsuit.  This request includes all documents fixed in any tangible

11   medium of expression, from which they can be perceived, reproduced, or otherwise

12   communicated, either directly or with the aid of a machine or device.

13    **RESPONSE:**

14

15

16   **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record,

17   evidencing the amount and date Defendant made payment of each employee's final wages, for

18   each employee whose employment has terminated within the year proceeding Plaintiff's

19   termination.  This request includes all documents and electronically stored information.

20    **RESPONSE:**

21

22

23              DATED: November 19, 2007.

24

25              By _____

26                  SUSAN C. NELSON,  WSB 35637
                       Attorney for Plaintiff

Page  - 12    Plaintiff's First Set of Requests For Production of Documents

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

                Plaintiff,

    vs.

AUTOZONE INC., a Nevada Corporation,

              Defendant.

No. 0711-13531

**DEFENDANT'S MOTION TO DISMISS**

Defendant AutoZone Inc. ("AutoZone"), pursuant to the ORCP 21A(3), moves to dismiss Plaintiff's Complaint because there is another action pending between the same parties for the same cause. This motion is supported by the Declaration of Douglas S. Parker and the Memorandum in Support of Defendant's Motion to Dismiss.

As required by Uniform Trial Court Rule 5.010, Defendant hereby certifies that the parties made a good faith effort through a telephone message to resolve the issue raised in this motion. Plaintiff did not respond and the parties have been unable to resolve this issue. Declaration of Douglas S. Parker ¶ 2.

PAGE 1 – DEFENDANT'S MOTION TO DISMISS

1

Dated:  December 26, 2007

2

3

_____

Douglas S. Parker OSB No.82101
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
Autozone Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – DEFENDANT'S MOTION TO DISMISS

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 26, 2007, I served a full, true, and correct copy of the

3

foregoing **DEFENDANT'S MOTION TO DISMISS**:

4

5

☐    By delivery via messenger, or otherwise by hand,

6

☒    By facsimile,

7

☐    By e-mail,

8

☒    By mailing same, postage paid,

9

addressed to:

Bailey Pinney & Associates LLC
10    Attorneys at Law
1498 SE Tech Center Place
11    Suite 290
Vancouver, WA  98683
12    Fax (360) 567-3331

13                                    Of Attorneys for Plaintiff

14

15

16    By _Laura M Lucero_____
Laura Lucero
17

18

19

20

21

22

23

24

25

26

PAGE 3 – DEFENDANT'S MOTION TO DISMISS

Multnomah Circuit Court

Multnomah County Circuit Court
P.O. Box 114
Portland, OR 97207


Receipt # 004925204    12/26/07      3:31      CHKO      KDP      MULWB16

Case #   071113531   Migis Michael/Autozone Inc

Civil Filing-Suit, Def           188.00




AMOUNT TENDERED             188.00
AMOUNT APPLIED              188.00     BALANCE DUE                   0.00
CHANGE                        0.00
PAYOR AUTOZONE INC                              Receipt # 004925204

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>            Defendant. | No. 0711-13531<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

## I.    INTRODUCTION

Plaintiff Michael Migis seeks to assert class action claims here that are currently pending before another Oregon court. As set forth more fully below, a materially identical case, captioned *Joarnt, et al. v. Autozone, Inc.*, ("Joarnt Action") was filed in March 2005 by the same class counsel and is now pending before the Oregon Court of Appeals.

Both the Joarnt Action and the case at bar involve claims against AutoZone alleging the same kinds of violations of Oregon's wage and hour laws and seeking to recover unpaid wages, overtime wages, minimum wages, and penalty wages for all current and former employees of AutoZone. The named plaintiff in this action, Michael Migis, also is a putative class member in the Joarnt Action. Likewise, the named plaintiffs in the Joarnt Action are putative class members in the instant case. In the case at bar, Plaintiff Migis seeks to represent a statewide class of the *same* former and current

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

employees that are involved in the Joarnt Action. Because the two actions are materially identical, this Court should dismiss this action without prejudice.

## II.    STATEMENT OF FACTS

### A.    The *Migis* Action

Plaintiff Michael Migis filed the instant lawsuit in this Court on November 16, 2007. A copy of the Complaint in this action is attached as Exhibit 1. Plaintiff filed the action for himself individually and as a putative statewide class action. The putative class is defined as "all others similarly situated . . . [who] are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions." Exhibit 1, ¶ 14. Plaintiff asserted the following claims here under Oregon state law: (1) failure to pay for all hours worked, *id.* at ¶¶ 3 and 9; (2) failure to provide employees with meal and rest periods, *id.* at ¶¶ 4-8; (3) failure to pay overtime in excess of 40 hours in a work week, *id.* at ¶ 10; and (4) failure to pay individuals no longer working for AutoZone all wages allegedly due as of the date on which their employment was terminated, *id.* at ¶ 11.

### B.    The Joarnt Action

In March 2005, almost three years before Plaintiff filed this action, a materially identical class action was filed with this Court by named plaintiffs Richard Joarnt and Bert Yamaoko. A copy of the complaint filed in the Joarnt Action is attached as Exhibit 2. The Joarnt Action involves substantially the same parties and claims as in this action. Specifically, the putative class as defined in the Joarnt Action consisted of Plaintiffs Joarnt and Yamaoko "and all others similarly situated [who] are current and past employees of [AutoZone] who worked in the State of Oregon, and are subject to Oregon wage and hour provisions." Exhibit 2, ¶ 7. The very same law firm represents the plaintiffs in both cases. Exhibits 1 and 2. The Joarnt Action, therefore, seeks to represent, on a

---

PAGE 2 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

statewide basis, the same the former and current employees that Plaintiff now seeks to represent in

the case at bar. The Joarnt Action also seeks to recover from the same defendant as in this action,

namely AutoZone.

There is simply no dispute that the claims at issue in the Joarnt Action are identical to the

claims asserted in the instant case. Specifically, the Joarnt Action asserted the following claims

under Oregon state law: (1) failure to pay for all hours worked, *id.* at ¶ 2; (2) failure to provide

employees with meal and rest periods, *id.* at ¶ 4; (3) failure to pay overtime in excess of 40 hours in

a work week, *id.* at ¶ 3; and (4) failure to pay individuals no longer working for AutoZone all wages

allegedly due as of the date on which their employment was terminated, *id.* at ¶ 5. The claims

asserted in the Joarnt Action are based on the same facts and occurrences as in the instant action and

seek the same remedies.

### III.    ARGUMENT AND AUTHORITY

**A.**    **Oregon Law Requires Dismissal of this Action Because it Involves the Same Parties and the Same Claims as the Joarnt Action**

Oregon Rule of Civil Procedure 21A(3) requires dismissal of a complaint if there is "another

action *pending* between the same parties for the same cause[.]" *Beetham v. Georgia-Pacific Corp.*,

87 Or. App. 592, 595 (1987) (emphasis in original). "A case in which the merits remain in dispute at

some judicial level is necessarily pending." *Id.* Before ORCP 21A(3), Oregon courts analyzed this

particular issue under the common law defense of abatement. *See Smith v. Morris*, 112 Or. App.

217, 218 (1992) (nothing that ORCP 21A(3) replaced the defense of abatement). Although this

defense has been codified, the underlying purpose behind the common law and statutory defenses is

the same. Specifically:

> The purpose of a plea in abatement for another action pending was to prevent the
> defendant from being harassed by the pendency 'at the same time of two actions

---

PAGE 3 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

based on the same cause of action, at the instance of the same plaintiff, who has a complete remedy by one of them[.]'

*Lee v. Mitchell*, 152 Or. App. 159, 163-64 (1998).

In *Beetham*, plaintiffs filed a lawsuit in federal district court alleging, among other things, state law claims for interference with an economic relationship and for defamation. *Beetham*, 87 Or. App. at 594. The federal district court held that the plaintiffs did not have standing to bring their federal claims and therefore dismissed plaintiffs' state law claims for lack of jurisdiction. *Id*. The plaintiffs appealed dismissal of the federal case, including the pendant state claims. *Id*. In the meantime, plaintiffs re-filed their state law claims in state court despite the fact that the appeal of their original federal lawsuit was pending in the Ninth Circuit Court of Appeals. *Id*. According to the Oregon Court of Appeals, in affirming dismissal of plaintiffs' action in state court, the Court reasoned:

> Although jurisdiction has passed from the trial to the appellate court by the filing of a notice of appeal, the case is still pending. Even if, as plaintiffs argue, the trial court's judgment were *res judicata* in other litigation until it is reversed or modified on appeal, that does not mean that the case is no longer pending. It is merely pending in a different court. There is no greater reason to allow duplicate lawsuits when one of the cases is on appeal than when both are still in trial courts.

*Id*. at 595.

The analysis in *Beetham* controls resolution of the underlying issue here. Specifically, the parties in the Joarnt Action and in this case are the same. Both the Joarnt Action and this case seek damages on behalf of "current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions." Exhibit 1 at ¶ 14 (Migis Action) and Exhibit 2 at ¶ 7 (Joarnt Action). The only difference between the two cases is that each identifies different class representatives, but all of whom are admittedly "current" or "past employees of" AutoZone.

1    Exhibit 1 at ¶ 14 (Migis Action) and Exhibit 2 at ¶ 7 (Joarnt Action).  However, this is merely a

2    difference in form, but not substance.

3            The reality is that even though the named plaintiffs are different, it is undisputed that the

4    interests that they are pursuing and the putative class members that they seek to represent are

5    identical.  Moreover, both actions seek the same remedies from the same defendant for the same

6    alleged violations of Oregon state law.  Certainly the same law firm is behind both suits.

7    Accordingly, the standards under ORCP 21A(3) and common law abatement have been satisfied.

8    The instant action should be dismissed.

9

10   **B.    The "First to File" Rule Should Also Persuade this Court that Dismissal of the Instant Action is Appropriate**

11           Although Oregon courts do not appear to have directly addressed this, the corresponding

12   "first to file" rule in the federal court system is equally persuasive.  Specifically, the Ninth Circuit

13   Court of Appeals has long recognized the rule of "first to file," which allows a federal district court

14   to "decline jurisdiction over an action when a complaint involving the same parties and issues has

15   already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-

16   95 (9th Cir. 1982) (citing *Church of Scientology of California v. United States Dep't of Army*, 611

17   F.2d 738 (9th Cir. 1979)).  "Exact parallelism between the two actions need not exist; it is enough if

18   the parties and issues in the two actions are 'substantially similar.'" *Walker v. Progressive Casualty

19   Insurance Company*, No. C03-656R, 2003 WL 21056704, at *2 (W.D. Wash. 2003) (citing *Nakash

20   v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  When the first-to-file rule applies, the second-

21   filed case should be dismissed without prejudice in favor of the earlier-filed action.  *See Pacesetter

22   Systems, Inc.*, 678 F.2d at 95-96 (affirming dismissal of second-filed action); *Fuller v. Abercrombie*

23

24

25

26

PAGE 5 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1  & *Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690-91 (D. Tenn. 2005) (second-filed action transferred

2  under the first-to-file rule); *Walker*, 2003 WL 21056704, at *3 (dismissing second-filed action).

3       Federal law's first-to-file rule is persuasive and requires dismissal because the parties and

4  claims in this action are substantially similar, if not identical, to the parties and claims in the

5  previously filed Joarnt Action. In particular, as discussed above, the Joarnt Action involves a state-

6  wide class of AutoZone employees. At the same time, in the case at bar, Plaintiff seeks to represent

7  a state-wide class of the same AutoZone employees. Thus, the named plaintiffs here are plaintiffs in

8  both lawsuits, and the plaintiff classes in the two lawsuits are identical. Further, both lawsuits name

9  AutoZone as a defendant. Accordingly, there is substantial similarity of parties.

10      Moreover, the claims in the two actions are also substantially similar. Both cases involve

11  claims for alleged failures to (1) compensate employees for all hours worked, (2) provide meal and

12  rest periods to employees, (3) compensate employees for overtime hours worked in excess of 40, and

13  (4) compensate employees no longer working for AutoZone for alleged amounts due. There is no

14  arguable basis for Plaintiff to revive identical claims that are currently pending before the Oregon

15  Court of Appeals. Thus, Plaintiff's case should be dismissed.

18  **C.    ORCP 21A(3) and the Federal First-To-File Doctrine Should be Applied to this Case to**
    **Avoid Undue Burdens and to Prevent Inconsistent Determinations and Improper Claim**
19  **Splitting**

20      The claims in this case should be dismissed to avoid unduly burdening both the Court and

21  AutoZone, and to avoid inconsistent judgments and improper claim splitting. As noted above, the

22  purpose of ORCP 21A(3) is to "prevent the defendant from being harassed by the pendency 'at the

23  same time of two actions based on the same cause of action, at the instance of the same plaintiff,

24  who has a complete remedy by one of them[.]'" *Lee*, 152 Or. App. at 163-64; *see also Church of*

26  *Scientology of California*, 611 F.2d at 750 ("The [first-filed] doctrine is designed to avoid placing an

PAGE 6 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

1 unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting

2 judgments.").

3     Certainly in this case, judicial economy would be served by application of ORCP 21A(3) and

4 the first-filed rule. It would prevent two Oregon state courts from having to hear and resolve the

5 same issues, and unnecessarily duplicate their efforts. Further, AutoZone would not be needlessly

6 burdened by the duplicative costs of simultaneous litigation, by not having to attend numerous

7 depositions twice, not having to produce thousands of documents twice, and not having to brief the

8 pertinent issues twice.

9     Moreover, there is a very real risk of conflicting judgments were this action and the Joarnt

10 Action allowed to proceed simultaneously. This Court may determine that AutoZone's employees

11 were not properly compensated under Oregon's wage and hour laws while the state court in the

12 Joarnt Action may come to the completely opposite conclusion. Or this Court may find that the

13 instant action should not be certified as a class action while the court in the Joarnt Action may hold

14 otherwise. An important purpose of these rules is to avoid the risk of such inconsistent

15 determinations. Given these considerations, it is clear that this duplicative litigation is a waste of the

16 Court's and the parties' resources. This action should be dismissed.

## IV.   CONCLUSION

    The cause of action Plaintiff seeks to assert in this case is already pending before another

Oregon court. Because judicial economy dictates that this cause of action be litigated only once, the

present case should be dismissed.

PAGE 7 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

1    Dated:  December 26, 2007

2

3

Douglas S. Parker OSB No.82101
4    LITTLER MENDELSON
A Professional Corporation
5
Attorneys for Defendant
6    Autozone Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 8 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

ENTERED

NOV 1 6 2007

IN REGISTER BY LR

FILED

07 NOV 16 AM 8: 59

IN THE CIRCUIT COURT OF THE STATE OF OREGON COURT
MULTNOMAH COUNTY

FOR THE COUNTY OF MULTNOMAH

13531

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,

                    **Plaintiff,**

vs.

AUTOZONE INC., a Nevada Corporation,

                    **Defendant.**

No. **0711-13531**

**CLASS ACTION ALLEGATION
COMPLAINT**

**JURY TRIAL DEMANDED**

**NOT SUBJECT TO
MANDATORY ARBITRATION.
THE AGGREGATE OF CLAIMS
DOES NOT EXCEED 5
MILLION DOLLARS**

## I.   PRELIMINARY STATEMENT

1.

Plaintiff files this action to recover unpaid wages, overtime wages, minimum wages
and penalty wages for all current and former employees of Defendant, **AutoZone Inc.**
(hereafter "AutoZone") who worked for AutoZone within Oregon in the six year period
before the commencement of this action.

2.

AutoZone is a Nevada corporation with annual sales of $5.9 billion. AutoZone is the
leading specialty retailer of automotive parts and accessories, with 3,881 stores in the
continental United States. Each of its stores carries an extensive product line for cars, sport
utility vehicles, vans and light trucks, including new and re-manufactured automotive hard
parts, maintenance items, accessories and non-automotive products. AutoZone operates 24
stores in Oregon.

Page 1 -  Class Action Allegation Complaint

Exhibit 1
Page 1 of 23

3.

Autozone suffered and permitted its hourly employees to perform work for Defendant for which it failed and refused to pay at their regular rate of pay.

4.

Oregon law requires an employer to provide each hourly employee with appropriate meal periods and appropriate rest periods.

5.

An appropriate rest period is a period of rest of not less than 10 uninterrupted minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employees pay, and is separate from meal periods.

6.

AutoZone failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261(1), OAR 839-020-0050 entitling Plaintiff and class members to those wages improperly deducted plus penalty wages pursuant to ORS 653.055.

7.

Oregon law requires employers to provide employees an appropriate meal period which is uninterrupted for not less than 30 minutes. OAR 839-020-0050(1). If the meal period is interrupted by work or is less than 30 minutes in length the employer may not deduct any portion of the meal period from the employee's wages. OAR 839-020-0050(1)(a)(A)-(B).

8.

AutoZone failed to provide Plaintiff and other similarly situated class members with meal periods of at least 30 uninterrupted minutes as required by ORS 653.261(1) and OAR 839-020-0050. AutoZone wrongfully deducted time and failed to pay Plaintiff and those similarly situated, for meal periods taken that were interrupted by work or were less than 30 minutes long. As a result, Plaintiff and class members are entitled to those wages improperly

Page 2 - Class Action Allegation Complaint

Exhibit____1____
Page____2____of____23____

1   deducted for meal periods that were interrupted or were less than 30 minutes long, plus

2   penalty wages pursuant to ORS 653.055.

3              9.

4        AutoZone suffered and permitted Plaintiff and similarly situated class members to

5   work hours for which it did not compensate them at the minimum rate of pay for all hours

6   worked when those wages were due.  In so doing, AutoZone violated the requirements of

7   ORS 653.025, and OAR 839-020-0010.

8              10.

9        AutoZone suffered and permitted Plaintiff and other similarly situated class members

10  to perform work for AutoZone in excess of 40 hours per week, for which it did not

11  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

12  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

13  653.261(1), OAR 839-020-0030.

14             11.

15       AutoZone failed to pay Plaintiff and other similarly situated class members whose

16  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiff

17  and all other similarly situated former employees in the class to penalty wages pursuant to

18  ORS 652.150.

19        **II.   JURISDICTION AND VENUE**

20             12.

21       The aggregate total of the claims pled herein do not exceed five million dollars.

22             13.

23       AutoZone, a Nevada Corporation, at all material times herein, was doing business as

24  "AutoZone Inc." in the State of Oregon.

25  \\\

26  \\\

Page 3 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page ___3___ of ___23___

III.    PARTIES

14.

At all material times, Plaintiff and all others similarly situated class members are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions.

15.

Plaintiff, at the time of filing this Complaint, is an individual who resides the State of Oregon and who is a citizen of the State of Oregon.

16.

AutoZone, Inc. is a company organized and existing under the laws of Nevada, with its principal place of business in Tennessee.

IV.    COMMON ALLEGATIONS

17.

The conduct at issue in this case affected Plaintiff and all purported class members. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members.

18.

Based on information and belief, AutoZone has at least 26 stores in Oregon (7 listed in Portland). The members of the class exceeds 30 members, and that number will increase depending upon employee turnover.

19.

AutoZone permitted Plaintiff and other similarly situated class members to work segments of four hours or more without any periods of rest. AutoZone has failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261 and OAR 839-020-0050. AutoZone has failed to pay Plaintiff and other similarly situated class members the wages owed for rest periods it failed to provide.

Page 4 - Class Action Allegation Complaint

Exhibit 1
Page 4 of 23

1    20.

2    AutoZone failed to provide Plaintiff and other similarly situated class members, meal

3    periods of at least 30 uninterrupted minutes as required by ORS 653.261 and OAR 839-020-

4    0050.

5    21.

6    Because AutoZone required Plaintiff and others similarly situated to work through

7    their appropriate rest and meal periods and forced them to work "off the clock," Plaintiff, and

8    others similarly situated, worked hours for which AutoZone did not compensate them at the

9    minimum rate of pay.  In so doing, AutoZone violated the requirements of Oregon law and

10   owes Plaintiff and others similarly situated minimum wages and liquidated damages for the

11   uncompensated work.

12   22.

13   Because AutoZone failed to provide rest and meal periods and forced employees to

14   work "off the clock," Plaintiff and others similarly situated worked hours for which AutoZone

15   did not compensate them at the premium rate of pay for all hours worked over 40 hours per

16   week.  In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and

17   others similarly situated, overtime wages for uncompensated work.

18   23.

19   AutoZone suffered, permitted, and allowed Plaintiff and others similarly situated to

20   perform work for the benefit of AutoZone while "off the clock" and without compensation in

21   violation of Oregon law.

22   24.

23   AutoZone suffered and permitted Plaintiff Migis and other similarly situated class

24   members to work hours for which it did not compensate them at the then prevailing minimum

25   wage rate for all hours worked, when those wages were due.

26

Page 5 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ____1____
Page __5__ of __23__

25.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

26.

Because of AutoZone's wage and hour violations as set forth above, AutoZone was unjustly enriched. AutoZone requested by words and/or conduct that Plaintiff and others similarly situated, provide services without pay and without receiving their mandatory rest and meal periods. AutoZone has benefitted from these violations.

27.

AutoZone also benefitted from uncompensated "off the clock" work performed before and/or after shifts by Plaintiff and others similarly situated. Plaintiff and others similarly situated performed services as AutoZone requested. AutoZone has not paid for the services Plaintiff and others similarly situated performed. Plaintiff and others similarly situated seek the reasonable value of the services that were provided to AutoZone.

28.

AutoZone failed to pay Plaintiff, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

29.

AutoZone's actions in failing to pay wages, including minimum wage and overtime, failing to provide meal and rest periods, and failing to pay all monies due and earned upon termination of employment pursuant to Oregon law, was willful.

30.

AutoZone's actions, detailed herein, were part of a corporate practice which affected all employees who worked for AutoZone. As a direct and proximate result of AutoZone's

Page 6 - Class Action Allegation Complaint

Exhibit 1
Page 6 of 23

1    illegal practices, Plaintiff and others similarly situated (1) were required and permitted to

2    work through rest and meal periods that are required by Oregon law, (2) were not

3    compensated for the unprovided rest and meal periods, (3) were not compensated for the time

4    they worked "off the clock," (4) were not paid their wages on time.  Plaintiff and other

5    similarly situated employees are entitled to recover wages for the unprovided rest and meal

6    periods including, but not limited to, wages, statutory wages, minimum wages, and overtime

7    and/or premium wages pursuant to Oregon law.  Plaintiff and others similarly situated are

8    entitled to request injunctive relief.  Also, Plaintiff and other similarly situated employees are

9    entitled to recover appropriate reasonable attorneys' fees, costs and interest.

## V.    CATEGORIES OF CLAIMS

### 31.
### (Rest Period Violations)

AutoZone failed to provide Plaintiff and similarly situated class members duty free

rest periods as required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's

conduct, Plaintiff and other similarly situated class members, who did not receive rest periods

as required, are entitled to wages for those unprovided rest periods for the six year period

before the filing of this class action lawsuit, plus penalty wages, as provided by ORS 653.055,

for those violations occurring within the three year period before the filing of this complaint.

### 32.
### ( Unpaid Meal Periods)

AutoZone failed to provide Plaintiff and similarly situated class members 30 minute

uninterrupted meal periods as required ORS 653.261(1), OAR 839-020-0050.  AutoZone

failed to pay wages to its employees for meal periods of less than 30 minutes in length.  As a

result, Plaintiff and other similarly situated class members are entitled to wages for the

unprovided meal period violations, for the six year period before the filing of this class action

lawsuit, plus penalty wages as provided by ORS 653.055 for those unprovided meal period

violations occurring within the three year period before the filing of this complaint.

Page 7 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit _____1\_\_\_\_\_
Page \_\_7\_\_ of \_\_23\_\_

**33.**
**(Unpaid Wages)**

AutoZone failed to pay Plaintiff, and similarly situated class members, all their wages earned. As a result, those wages remain due and unpaid. Plaintiff, and similarly situated class members, seek unpaid wages for the six year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring with the three year period before the date of filing of this complaint.

**34.**
**(Minimum Wage)**

AutoZone failed to pay Plaintiff and all similarly situated minimum wage class members, minimum wages for all hours worked. As a result, Plaintiff and all similarly situated Minimum Wage class members, who were not paid all minimum wages, are entitled to unpaid minimum wages, plus 30 days of penalty wages for those violations occurring within the three year period before the commencement of this action.

**35.**
**(Overtime Claims)**

AutoZone allowed, suffered and permitted Plaintiff and all similarly situated overtime class members to perform work in in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiff and similarly situated overtime class members who were not paid all overtime wages for the two year period before the date of filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

**36.**
**(Late Payment of Wages upon Termination)**

Within the three years prior to the filing of this complaint, AutoZone willfully failed to pay all wages to Plaintiff, and other former employees, upon termination of their employment, when those wages were due, as required by ORS 652.140, which entitles Plaintiff, and other former employees to penalty wages as provided by ORS 652.150.

Page 8 - Class Action Allegation Complaint

Exhibit 1
Page 8 of 23

1

## VI.    CLASS ALLEGATION RELATING TO RULE 32 CLASS DEFINITION OF CLASS

2

### 37.

3

Plaintiff seek class certification as follows, pursuant to ORCP 32.

4

### 38.
### (Rest Period Violations Class)

5

6    For Plaintiff and all similarly situated class members who worked for AutoZone in

7    Oregon, within the six year period before the filing of this complaint, and were not paid wages

8    for rest periods which were not received as required by ORS 653.261(1) and OAR 839-020-

9    0050.

10

### 39.
### (UnPaid Meal Period Class)

11

12    For Plaintiff and all similarly situated class members who worked for AutoZone in

13    Oregon, within the six year period before the filing of this complaint, from whom AutoZone

    deducted wages from the class members' wages for meal periods of less than 30 minutes in

14

    length.

15

### 40.
### (Unpaid Wages Class)

16

17

18    For Plaintiff and all similarly situated class members who worked for AutoZone, in

    Oregon, within six year period before the filing of this complaint, and were not paid all wages

19

    due.

20

### 41.
### (Minimum Wage Class)

21

22

23    For Plaintiff and all similarly situated class members who worked for AutoZone in

    Oregon, within the three year period before the filing of this complaint, and were paid at a rate

24

    less than the minimum wage rate then in effect for all hours worked.

25

26

### 42.

Page 9 -  Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit    1
Page  9  of  23

1 (Overtime Class)

2 For Plaintiff and all similarly situated class members who worked for AutoZone in

3 Oregon, within two year period before the filing of this complaint, and were not paid at 1 ½

4 times their regular hourly rate for all hours worked in excess of 40 hours per week.

5 43.
( Late Payment Class)

6

7 For Plaintiff and all similarly situated class members whose employment with the

 AutoZone ended within three year period before the filing of this action and who did not

8 receive all wages when due as required by ORS 652.140.

9

10 **ORCP 32H NOTICE**

 44.

11

12 On or about March 28, 2007, Plaintiff, on behalf of themselves and all current and

 former AutoZone employees, pursuant to ORCP 32H, gave a pre-litigation notice to

13

14 AutoZone and demanded that AutoZone immediately cure its failure to pay wages as required

 by Oregon law, and pay all amounts due within 30 days after notice.

15

16 45.

17 Despite Plaintiff' request that AutoZone cure, AutoZone has failed and refused to cure

 its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated class

18

19 members all unpaid wages. AutoZone has also failed and refused to pay Plaintiff and all

 similarly situated class members all penalty wages due. Those wages and penalty wages

20

21 remain due and unpaid.

22 **NUMEROSITY**
46.

23 Based on information and belief, the members of the State wage and hour class

24 exceeds 30 persons. Plaintiff expects this number to increase, depending upon the turnover

25 rate for employees over the last three years.

26

Page 10 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 10 of 23

# QUESTIONS OF LAW AND FACT

## 47.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members.  The conduct at issue in this case affected all former AutoZone employees.  Common questions include:

a     Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

b     Whether AutoZone suffered and permitted Plaintiff and overtime class members to work over 40 hours per week.

c     Whether AutoZone failed to pay Plaintiff and overtime class members at the overtime rate for all hours worked over 40 per week.

d     Whether AutoZone suffered and permitted Plaintiff and minimum wage class members to perform work, for which it failed to pay all minimum wages when due.

e     Whether, when an employee's time records reflect that the employee worked a shift of sufficient length entitling the employee to a paid rest period under OAR 839-020-0050, the employee's time records show no paid rest period as required by 839-020-0050.

f     Whether any failure to pay for such a period is "willful" for purposes of ORS 652.150.

g     Whether, when an employee's time records reflect that the employee worked a shift of sufficient length to entitle the employee to a meal period under OAR 839-020-0050(1)(a), the employee's time records show an uncompensated period of time less than 30 minutes, that period amounts to lost wages from the improper deduction within the meaning of OAR 839-020-0050(1)(a) for which the employee is entitled to pay.

Page 11 - Class Action Allegation Complaint

Exhibit 1
Page 11 of 23

1     h     Whether any failure to pay for such a period is "willful" for purposes of ORS

2             652.150.

3     i     Whether Oregon law provides time lines when AutoZone must pay final wages

4             to its former employees.

5     j     Whether AutoZone failed to pay Plaintiff and similarly situated class members

6             all wages after termination of their employemnt when those wages were due.

7     k     Whether AutoZone's failure to timely pay final wages to Plaintiff and other

8             former employees was willful.

9     l     Whether Plaintiff and class members are entitled to attorney fees under ORS

10            652.200 and/or ORS 653.055.

11     m     Which remedies are available for the violations of State wage and hour laws.

12                        **TYPICALITY**

13                          48.

14     The claims of the named Plaintiff are typical of the claims of the members of the wage

15 and hour class in that:

16     a.     Plaintiff is a member of each class.

17     b.     Plaintiff's claims stem from the same practice or course of conduct that forms

18             the basis of each class.

19     c.     Plaintiff's claims are based upon the same legal and remedial theories as those

20             of the class and involve similar factual circumstances.

21     d.     There is no antagonism between the interests of the named Plaintiff and absent

22             class members.

23     e.     The injuries which Plaintiff suffered are similar to the injuries which class

24             members have suffered.

25

26

Page 12 –Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 12 of 23

## REPRESENTATION BY PLAINTIFF

### 49.

The named Plaintiff will fairly and adequately represent the class in that:

a.   There is no conflict between his claims and those of other class and subclass members.

b.   Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c.   Plaintiff's claims are typical of the claims of class members.

### 50.

Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

a.   Common questions of law or fact predominate over questions affecting only individual members.

b.   The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

c.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## VII.   CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Rest Period Violation Class, Six Year Statute of Limitations; Rest Period Violation Penalty Class, Three Year Statute of Limitations)

### 51.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

\\\

\\\

Page 13 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 13 of 23

52.

ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted paid rest break of not less than ten (10) minutes for each period of four hours, or the better part thereof worked.

53.

AutoZone failed to provide Plaintiff and all other similarly situated class members an uninterrupted paid rest break of not less than ten (10) minutes for each period of fours hours. Defendant regularly failed to provide all rest periods to its Oregon employees when and as required by ORS 653.261 and OAR 839-020-0050.

54.

AutoZone failed to pay Plaintiff Migis and Rest Period Class members for those reset periods not provided when and as required within six years before the filing of this complaint.

55.

All wages due for AutoZone's failure to provide appropriate rest periods to Plaintiff Migis and class members were required to have been paid on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

56.

Those class members who did not receive their appropriate rest period in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

57.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to provide appropriate rest periods as required within six years before the filing of the complaint. Those class members who did not receive their appropriate rest periods in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as

Page 14 -Class Action Allegation Complaint

Exhibit     1
Page   14   of  23

1  calculated by ORS 652.150.

2                58.

3       Plaintiff Migis and all class members seek unpaid wages for the six year before the

4  filing of this complaint, plus penalty wages pursuant to ORS 653.055 for all violations which

5  occurred in the three years before the filing of this complaint, plus costs, disbursements and

6  attorneys fees pursuant to ORS 653.055(4) and 652.200(2).

7

8                **SECOND CLAIM FOR RELIEF**

     ( Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;

9          Unpaid Meal Period Penalty Class, Three year Statute of Limitations)

10                59.

11       Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12                60.

13       ORS 653.261 provides for minimum employment conditions to be established by the

14  Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires

15  that employees, whose work period is 6 hours or more, receive an uninterrupted meal period

16  of not less than 30 minutes.

17                61.

18       OAR 839-020-0050(1) allows an employer to deduct time from an employee for meal

19  periods which are uninterrupted and not less than 30 minutes in length during a 6 hour work

20  period.

21                62.

22       AutoZone failed to provide Plaintiff Migis and other class members with

23  uninterrupted meal periods of at least 30 minutes as required by OAR 839-020-0050(a)(1)(A),

24  and Defendant violated ORS 653.261, OAR 839-020-0050 and ORS 653.055. Defendant

25  wrongfully deducted time and consequently wages from Plaintiff and Meal Period Class

26  members for meal periods that were interrupted by work or were less than 30 minutes long.

Page 15 - Class Action Allegation Complaint

Exhibit 1
Page 15 of 23

1                         63.

2       As a result of Defendant's failure to provide full 30 minute uninterrupted meal periods

3 as required, and by failing to pay wages for meal periods that did not meet the requirements of

4 OAR 839-020-0050 (1)(a)(B), Plaintiff Migis and meal period class members are entitled to

5 recover unpaid wages, within the six year period before the filing of this complaint.

6                         64.

7       Plaintiff Migis and those class members who in the three years before the filing of this

8 complaint were not paid for a full 30 minutes of wages for meal periods that were interrupted

9 or were less than 30 minutes long, are also due civil penalty wages as provided by ORS

10 653.055 and ORS 652.150.

11                        65.

12       Plaintiff Migis and class members seek payment of wages deducted for "meal periods"

13 which failed to meet the requirements of OAR 839-020-0050 within the six years of the filing

14 of this complaint. In addition, Plaintiff Migis and class members seek penalty wages pursuant

15 to ORS 653.055, and ORS 652.150 for Defendants wrongful deduction for meal periods that

16 failed to meet the requirements of OAR 839-020-0050, for a period of three years from the

17 filing of this action.

18                        66.

19       Plaintiff Migis and class members also seek payment of their costs, disbursements,

20 and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

21                  **THIRD CLAIM FOR RELIEF**

22           (Unpaid Wage Claim; Six Year Statute of Limitations

23        Unpaid Wages on Pay Day Claim; Three Year Statute of Limitations)

                      67.

24       Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25

26

Page 16 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit _____1_____
Page __16__ of __23__

68.

During the six year statute of limitations period, Plaintiff and similarly situated class members worked time for Defendant before and after their scheduled shifts, during their meal periods, and during their rest periods all of which was not recorded on the time clock. ("Off the Clock Time").

69.

By failing to record all the time worked by Plaintiff and Class Members, AutoZone failed to pay Plaintiff and other similarly situated class members for this time they worked off-the-clock.

70.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff and other similarly situated class members to perform work for the benefit of Defendant as set out in Plaintiff's Third and Fourth claims for relief which are incorporated herein by reference.

71.

AutoZone was required to pay Plaintiff Migis and class members for all hours worked on their next regularly scheduled payday under ORS 652.120 and ORS 653.010.

72.

AutoZone failed and refused to pay Plaintiff Migis and class members all off the clock time on payday, and those off the clock time wages remain due and unpaid.

73.

Plaintiff Migis and similarly situated class members seek unpaid wages for the six years before the commencement of this action, and Plaintiff's costs disbursements and attorneys fees pursuant to ORS 652.200(2).

Page 17 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit  1
Page 17 of 23

74.

All wages due for AutoZone's failure to pay Plaintiff Migis and class members all off the clock time on payday on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

75.

Those class members who did not receive their appropriate pay for all of the off the clock time in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

76.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to pay all wages due for off the clock time as required within six years before the filing of the complaint. Those class members who did not receive all wages due for off the clock time in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as calculated by ORS 652.150.

**FOURTH CLAIM FOR RELIEF**

(State Minimum Wage Claim, Civil Penalty; Six Year Statute of Limitations for Minimum Wages; Three Year Statute of Limitations for Penalties)

77.

Plaintiff Migis incorporates all preceding paragraphs as though fully set forth herein.

78.

At all times material herein, Plaintiff Migis and minimum wage class members were employed by AutoZone.

79.

During the statutory period set out above, Oregon required that all employees working in Oregon were paid at an hourly rate for all hours worked not less than the minimum wage as set by ORS 653.025.

Page 18 - Class Action Allegation Complaint

Exhibit    1
Page 18 of 23

1          80.

2          During the course of Plaintiff Migis' employment, Defendant allowed, suffered and

3    permitted Plaintiff Migis and other similarly situated class members to perform work for the

4    benefit of AutoZone.

5          81.

6          Plaintiff Migis and other similarly situated class members performed work as set out

7    in Plaintiff's Third, Fourth and Fifth claims for relief which are incorporated herein by

8    reference.

9          82.

10         Pursuant to ORS 653.025, AutoZone was required to pay Plaintiff Migis and class

11   members at the then prevailing State of Oregon minimum wage rate for hours worked.

12         83.

13         AutoZone failed and refused to pay Plaintiff Migis and class members at the State of

14   Oregon minimum wage rates for all hours worked when those wages were due, and there

15   remains due and owing minimum wages in an amount to be determined.

16         84.

17         By failing to compensate Plaintiff Migis and class members for missed rest periods

18   and wrongfully deducting wages for interrupted meal periods shorter than 30 minutes,

19   AutoZone failed to compensate class members at the minimum wage rate for all hours

20   worked.

21         85.

22         Because of AutoZone's failure to pay Plaintiff Migis and minimum wage class

23   members at the then prevailing minimum wage rate for all hours worked, when those wages

24   were due, Plaintiff Migis and class members are entitled to unpaid minimum wages for the six

25   year period before the filing of this complaint, plus a civil penalty under ORS 653.055 as

26   computed by ORS 652.150 for those violations occurring within the three year period before

Page 19 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 19 of 23

1  the commencement of this action.

2  86.

3      Plaintiff Migis and class members have been required to bring this action to recover

4  minimum wage earnings and a civil penalty pursuant to ORS 653.055(4) and ORS

5  652.200(2).

6  87.

7      Plaintiff Migis and class members seek as damages, minimum wages in an amount to

8  be determined plus penalty wages as provided by ORS 653.055 and ORS 652.150,plus costs,

9  disbursements and attorneys fees pursuant to ORS 653.055 and ORS 652.200(2).

10

11  **FIFTH CLAIM FOR RELIEF**

12  (State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)

13  88.

14  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15  89.

16      During the course of Plaintiff's employment within the 2 year period before the

17  commencement of this action, Defendant allowed, suffered and permitted Plaintiff and

18  overtime class members to work in excess of 40 hours per week.

19  90.

20      During the course of Plaintiff's employment, Defendant allowed, suffered and

21  permitted Plaintiff and class members to work hours as set out in Plaintiff's **First, Second,**

22  **and Fifth** claims for relief, incorporated herein by reference.

23  91.

24      Plaintiff Migis and similarly situated class members also allege that they are entitled to

25  be compensated for rest periods not received and for those wages deducted for meal periods

26  less than 30 minutes in length or were interrupted, as set out in Plaintiff's **First and Second**

claims for relief which are incorporated herein by reference.

Page 20 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 20 of 23

92.

AutoZone was required to pay Plaintiff Migis and overtime class members, 1 ½ times their regular pay for all hours worked in excess of 40 hours per week.

93.

When Plaintiff Migis and class members were not paid for hours worked as set out in the First, Second, and Fifth claims for relief as plead herein and such failure to pay for all hours worked during work weeks in which Plaintiff and class members worked at or near 40 hours during the work week, AutoZone failed to pay all hours worked in excess of 40 hours per week, and further failed to pay premium wages as required by OAR 839-020-0030 and ORS 653.261.

94.

AutoZone's failure to pay Plaintiff Migis and overtime class members for all hours worked in excess of 40 hours per week was willful, and there remains due and unpaid wages and premium wages in amounts to be determined.

95.

Plaintiff Migis, on his behalf, and on behalf of all overtime class members seeks as damages overtime wages in amounts to be determined, plus civil penalty wages pursuant to ORS 653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorneys' fees pursuant to ORS 653.055(4) and ORS 652.200(2).

**SIXTH CLAIM FOR RELIEF**
(ORS 652.140 Late Payment, Penalty Wages)

96.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

97.

Plaintiff and those members of the late pay class whose employment with AutoZone ended within the three years prior to the filing of this action.

Page 21 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 21 of 23

1                   98.

2      At the time Plaintiff's and late pay class members' employment ended, AutoZone

3 failed to pay Plaintiff and late pay class members, all wages when due, as required by ORS

4 652.140.

5                   99.

6      AutoZone's failure to pay Plaintiff's and late pay class members' wages when due was

7 willful, and continued for a period of time to be determined after discovery is complete.

8                  100.

9      Because of AutoZone's willful failure to immediately make payment of Plaintiff's and

10 late pay class members' wages when due, Plaintiff and late pay class members are due penalty

11 wages under ORS 652.150, for the continuation of Plaintiff's and late pay class members'

12 wages for up to 30 days, in amounts to be determined after discovery.

13                  101.

14      Plaintiff has been required to bring this action on his behalf and on behalf of late pay

15 class members, to recover penalty wages as provided by ORS 652.150.

16                  102.

17      Because of AutoZone's failure to pay Plaintiff's and late pay class members' wages

18 within 48 hours after those wages were due and payable, Plaintiff and late pay class members

19 are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS

20 652.200(2).

21                  103.

22      Plaintiff seeks as damages for himself and all late pay class members whose

23 employment ended within three years prior to the filing of this action and who were not paid

24 all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus

25 costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

26

Page 22 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 22 of 23

PRAYER FOR RELIEF

**WHEREFORE;** Plaintiff and members of each class request the Court award such damages as set forth above for unpaid wages, overtime wages, minimum wages, and benefits and penalties; award Plaintiff his costs, disbursements and attorney fees; order AutoZone to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this action; and order such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

DATED: November 14, 2007

BAILEY PINNEY & ASSOCIATES, LLC

_____
JAMES DANA PINNEY, OSB 75308
A/E. BAILEY, OSB 87157
Of Attorneys for Plaintiff

Page 23 - Class Action Allegation Complaint

Exhibit 1
Page 23 of 23

# EXHIBIT 2

CIRCUIT COURT OF OREGON

COUNTY OF MULTNOMAH

RICHARD JOANT and BERT YAMAOKO, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

AUTOZONE, INC., a Foreign corporation,

Defendant.

No. **0503-02795**

**CLASS ACTION ALLEGATION COMPLAINT**
(Wage Claim, Overtime Wage Claim, State Minimum Wage Claim, Contract Claim)

**JURY TRIAL DEMANDED**

**NOT SUBJECT TO MANDATORY ARBITRATION**

## I.    PRELIMINARY STATEMENT

1.

This is an action to recover unpaid wages, overtime wages, and penalty wages for all current and former employees of Defendant, **AutoZone, Inc..** (hereafter, "AutoZone" or "Defendant") who worked for AutoZone within Oregon.

2.

AutoZone suffered and permitted its hourly employees to perform work for AutoZone for which AutoZone failed and refused to pay at their regular rate of pay.

3.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work in excess of 40 hours per week for AutoZone, for which it did not

Page 1 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES.LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660

Exhibit 2
Page 1 of 8

1  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

2  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

3  653.261(1), OAR 839-020-0030.

4.

5  AutoZone failed to provide Plaintiffs and other similarly situated class members

6  appropriate rest and meal periods as required by ORS 653.261(1), OAR 839-020-0050

7  entitling Plaintiffs and class members to penalty wages pursuant to ORS 653.055.

5.

9  AutoZone failed to pay Plaintiffs and other similarly situated class members whose

10  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiffs

11  and all other similarly situated former employees in the class to penalty wages pursuant to

12  ORS 652.150.

## II.    JURISDICTION AND VENUE

6.

15  Defendant, at all material times herein, was doing business as "AutoZone, Inc.", a

16  foreign corporation, in the State of Oregon.

## III.    PARTIES

7.

19  At all material times, Plaintiffs and all others similarly situated are current and past

20  employees of Defendant, who worked in the State of Oregon, and are subject to Oregon wage

21  and hour provisions.

## IV.    COMMON ALLEGATIONS

8.

24  The conduct at issue in this case affected Plaintiffs and all purported class members.

25  Common questions of fact and law exist as to all class members and predominate over any

26  questions that affect only individual class members.

Page 2 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 2 of 8

9.

Based on information and belief, Plaintiffs anticipate that class has no less than 30 members, and that number will increase depending upon employee turnover.

10.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work for Defendant for which Defendant failed and refused to pay at their regular rate of pay.

11.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

12.

AutoZone has failed to provide Plaintiffs and other similarly situated class members appropriate rest periods. AutoZone has failed to pay Plaintiffs and other similarly situated class members for rest periods not provided.

13.

AutoZone has failed to provide Plaintiffs and other similarly situated class members appropriate meal periods. AutoZone has failed to pay Plaintiffs and other similarly situated class member for meal periods not provided.

14.

AutoZone failed to pay Plaintiffs, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

## V.    COMMON ALLEGATIONS REGARDING THE CONTRACT

15.

AutoZone created contracts of employment between itself and the employees who it employed.

Page 3 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 3 of 8

16.

AutoZone offered employment to its employees under terms as set out below including but not limited to the payment of wages, of the payment of not less the then applicable minimum wage rate for all hours worked, the providing of rest and meal periods.

17.

Inherent in the contracts of employments are requirements set out in Oregon law regarding payment of wages and working conditions, which includes regulations regarding rest and meal periods.

18.

Each of the employees of AutoZone accepted the contracts of employment by performing work for the benefit of, and at the request of AutoZone.

19.

The consideration for the contracts was AutoZone's promise to pay wages and benefits, and the performance of work by the employees.

20.

By performing work for AutoZone, Plaintiffs have met all conditions precedent to the enforcement of the contract.

21.

AutoZone breached the contract of employment by failing to provide rest and meal periods, and by further failing to pay all wages for work performed under the terms of the contract.

22.

Plaintiffs incurred damages by AutoZone's breach of contract. The damages are un-paid wages, overtime wages, unprovided rest period wages, unprovided meal period wages and penalty wages as fully set forth herein which AutoZone was required to pay class members.

Page 4 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 4 of 8

# VI.    CATEGORIES OF CLAIMS

### 23.
### (Unpaid Wages)

AutoZone failed to pay Plaintiffs, and other similarly situated class members, all their wages earned. As a result those wages remain due and unpaid. Plaintiffs, and other similarly situated class members, seek unpaid wages for the 6 year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 24.
### (Overtime Claims)

AutoZone allowed, suffered and permitted Plaintiffs and all similarly situated overtime class members to perform work in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiffs and class members who were not paid all overtime wages for the two year period prior to the filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

### 25.
### (Unpaid Rest Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free rest periods as required by ORS 653.261(1), OAR 839-020-0050. As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not receive rest periods as required, are entitled to wages for those unpaid rest periods for the six year period prior to the filing of this class action lawsuit, and penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 26.
### (Unpaid Meal Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free meal periods when required by ORS 653.261(1), OAR 839-020-0050. As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 · Vancouver, Washington 98660
(360) 567-2551 · Fax (360) 567-3331

Exhibit 2
Page 5 of 8

1  receive meal periods as required, are entitled to wages for those unpaid meal periods for the

2  six year period prior to the filing of this class action lawsuit, and penalty wages as provided by

3  ORS 653.055 for those violations occurring within the three year period prior to the filing of

4  this complaint.

5                                                27.
                                 (Rest Period Contract Claim)

6

7       Within the six year statutory period, Plaintiffs and class members entered into

   contracts of employment. Defendant breached those contracts by failing to provide

8
   appropriate rest periods as required by Oregon law and by failing to compensate employees

9
   for all hours worked as required by Oregon law. As a result of AutoZone's conduct, Plaintiffs

10
   and similarly situated class members are entitled to payment of those wages for the six year

11
   period prior to the filing of this complaint, plus penalty wages as provided by ORS 653.055

12
   for those violations occurring within the three year period prior to the filing of this complaint.

13
   (Ex. 1).

14

15                                             28.
                                 (Meal Period Contract Claim)

16      Within the six year statutory period, Plaintiffs and class members entered into

17  contracts of employment. Defendant breached those contracts by failing to provide

18  appropriate meal periods as required by contract and Oregon law and by failing to compensate

19  employees for all hours worked as required by contract and Oregon law. As a result of

20  AutoZone's conduct, Plaintiffs and similarly situated class members are entitled to payment

21  of those wages for the six year period prior to the filing of this complaint, plus penalty wages

22  as provided by ORS 653.055 for those violations occurring within the three year period prior

23  to the filing of this complaint.

24  /////

25  /////

26  /////

Page 6 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit 2
Page 6 of 8

29.
(Late Payment of Wages upon Termination)

Within the three year period prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiffs, and other former employees, upon termination of their employment, when those wages when due, as required by ORS 652.140, which entitles Plaintiffs and other former employees to penalty wages as provided by ORS 652.150.

30.
(Breach of Duty of Good Faith and Fair Dealing)

Within the six year statutory period, Plaintiffs and good faith class members entered into contracts of employment. The duty of good faith and fair dealing is a term of every contract. AutoZone breached the duty of good faith and fair dealing by failing to pay all wages and failing to provide rest and meal periods as required under the contract of employment and Oregon law.

## VII.    CLASS ALLEGATION RELATING TO RULE 32 CLASS

31.

### DEFINITION OF CLASS

Plaintiffs seek class certification as follows, pursuant to ORCP 32.

32.
(Unpaid Wages Class)

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon, within the six year period prior to the filing of this complaint, and were not paid all their earned wages when due. (653.055 Penalty Wages).

33.
(Overtime Class)

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon, within the two year period prior to the filing of this complaint, and were not paid at 1 ½ times their regular hourly rate for all hours worked in excess of 40 hours per week.

Page 7 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit 2
Page 1 of 8

**34.**

**(Unpaid Rest Period Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the six year period prior to the filing of this complaint, and did not receive appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050.

**35.**

**(Unpaid Rest Period Penalty Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the three year period prior to the filing of this complaint, and did not receive appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS 653.055 Penalty Wages).

**36.**

**(Unpaid Meal Period Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the six year period prior to the filing of this complaint, and did not receive appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050.

**37.**

**(Unpaid Meal Period Penalty Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the three year period prior to the filing of this complaint, and did not receive appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS 653.055 Penalty Wages).

**38.**

**(Rest Period Contract Claim Class)**

For Plaintiffs, and all similarly situated class members, who worked for Defendant in Oregon and who were affected by Defendant's failure to provide appropriate rest periods.

/////

/////

Page 8 –  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit 2
Page 8 of 8

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 26, 2007, I served a full, true, and correct copy of the

3

foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS:**

4

5      ☐      By delivery via messenger, or otherwise by hand,

6      ☒      By facsimile,

7      ☐      By e-mail,

8      ☒      By mailing same, postage paid,

9   addressed to:

10      Bailey Pinney & Associates LLC
        Attorneys at Law
11      1498 SE Tech Center Place
        Suite 290
12      Vancouver, WA  98683
        Fax (360) 567-3331

13              Of Attorneys for Plaintiff

14

15

16

17      By ___*Laura M Lucero*___
        Laura Lucero

18

19

20

21

22

23

24

25

26

PAGE 9 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

1

2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

3

FOR THE COUNTY OF MULTNOMAH

4

5

6   MICHAEL MIGIS, individually, and on behalf of all other persons similarly

7   situated,

8                Plaintiff,

9      vs.

10  AUTOZONE, INC., a Nevada Corporation,

11

12               Defendant.

No. 0711-13531

**DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION OF TIME**

13      I, Leigh Ann Collings Tift, hereby declare as follows:

14      1.    I am one of the attorneys representing Defendant AutoZone, Inc. in the above-

15 captioned matter, and I make this declaration in support of Defendant, AutoZone's, Motion for

16 Extension of Time. I have personal knowledge of the matters related herein.

17      2.    In response to Plaintiff's first Requests for Production, AutoZone provided a list of

18 just less than 200 employees who had been terminated in a one year time frame. That list is attached

19 as Exhibit 1 to this Declaration. At a hearing on April 4, 2008, Plaintiffs asked the Court to order

20 AutoZone to produce the "backup" or "source" documents for this chart, representing that doing so

21 would not be burdensome or difficult at all. However, Plaintiff's counsel either mis-spoke or mis-

22 stated his knowledge of AutoZone records and record keeping processes.

23      3.    To obtain the termination reports that Plaintiffs' counsel now requests, AutoZone

24 must search each of the personnel files for each employee on Exhibit 1. This is so because

25 AutoZone maintains all personnel files electronically. Termination forms are supposed to be printed

26 at the store, by a store manager, then forwarded to AutoZone's corporate headquarters in Memphis,

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1  TN. In Memphis, the termination forms are scanned and kept in electronic personnel files. The only

2  way to obtain all of the termination reports is to print each employee's personnel file and search for

3  the form. To the extent that any forms are missing, AutoZone must contact each store to see if the

4  forms were inadvertently (or intentionally) kept at the store.

5       4.      I was present at the deposition of Nicole McCollum, formerly AutoZone's Regional

6  Human Resources Representative for Oregon employees where this subject was exhaustively

7  investigated by Mr. Bailey. Mr. Bailey asked Ms. McCollum detailed questions about how

8  termination forms are retained. She told him that the forms are not stored electronically, i.e., in any

9  fashion that can be searched electronically.

10      5.      To obtain the payroll information, AutoZone must again search each person's

11  electronic files and print out "screen prints" of pay information. The information is not available in

12  any format other than the "picture" of the information—and, again, Plaintiff's counsel is well aware

13  of that fact as it was specifically addressed in discovery conferences in a California matter that was,

14  at one time, being pursued by the Bailey Pinney firm.

15      6.      AutoZone does not want to withhold these documents, and, in fact, is more than

16  willing to provide the information. However, the search for the records is a laborious process, and

17  AutoZone simply sought, from Plaintiff's counsel, an extension of time within which to do so. I

18  wrote a letter to Mr. Powelson explaining the steps that needed to be taken and asked for a

19  conference to discuss our request for additional time. *See*, Exhibit 3. Plaintiff's counsel, in the

20  conference on April 17, 2008, flatly refused to consider an extension and said that this relief would

21  have to be requested from the Court. I also indicated that AutoZone would be willing to provide

22  documents on a "rolling" basis—that is, to produce records as they are gathered. Again, the request

23  for more time was denied.

24      7.      These same records are requested in subsequent discovery requests from Plaintiff, and

25  most recently have been demanded to be produced in conjunction with a 39C deposition notice.

26

---

1    *See*, Exhibit 4.  Notably, the return date for the records sought with the 39C deposition notice is

2    around the time that AutoZone is now requesting—which obviates any possible claim of prejudice

3    by Plaintiff.  That is, if Plaintiff is prepared to wait to receive these very documents at a 39C

4    deposition, there can be no urgency associated with what was, in fact, a supplemental request at the

5    time of the April 4, 2008 hearing.

6

7

8

9    **I declare that the above statements are true to the best of my knowledge and belief, and**

10    **that I understand that it is made for use as evidence in court and is subject to penalty for**

11    **perjury.**

12

13    Dated:  April 17th, 2008

14    Leigh Ann Collings Tift

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 – DECLARATION OF LEIGH ANN COLLINS TIFT IN SUPPORT OF
DEFENDANT'S MOTION FOR EXTENSION OF TIME

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17th, 2008, I served a full, true, and correct copy of the

foregoing **DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF**

**DEFENDANT'S MOTION FOR EXTENSION OF TIME.**

☐    By delivery via messenger, or otherwise by hand,

☒    By facsimile,

☐    By e-mail,

☒    By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____
Savanna L. Stevens

Firmwide:84943948.1 013306.2124

PAGE 1 – CERTIFICATE OF SERVICE

**EXHIBIT 1**

oregon terms 11 16 06 - 11 16 07 2.xls

| ID | DeptID | Status | Last Date | Off Cycle | Check Dt | Net Pay | Reason |
|----|--------|--------|-----------|-----------|----------|---------|--------|
| 10004509 | 2235 | T | 2007-08-27 | N | 2007-09-14 | 219.37 | B3 |
| 10165628 | 2217 | T | 2007-05-12 | Y | 2007-05-16 | 121.88 | A1 |
| 10181520 | 1689 | T | 2007-02-16 | N | 2007-02-16 | 1,171.27 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | N | 2007-05-25 | 288.23 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | Y | 2007-05-25 | 35.05 | B3 |
| 10218579 | 2213 | T | 2007-03-30 | N | 2007-03-30 | 865.41 | B3 |
| 10219502 | 2222 | T | 2007-09-09 | Y | 2007-09-19 | 60.95 | A1 |
| 10222778 | 2229 | T | 2007-03-15 | Y | 2007-03-23 | 37.48 | A5 |
| 10226974 | 2228 | T | 2007-10-06 | N | 2007-10-12 | 511.55 | A1 |
| 10234895 | 2219 | T | 2007-06-02 | N | 2007-06-08 | 536.58 | A1 |
| 10242505 | 2229 | T | 2007-01-11 | Y | 2007-01-13 | 1,041.81 | A6 |
| 10253199 | 2216 | T | 2007-06-26 | N | 2007-07-06 | 40.98 | B3 |
| 10258667 | 1689 | T | 2007-05-11 | Y | 2007-05-16 | 318.74 | A1 |
| 10264284 | 2236 | T | 2007-01-21 | Y | 2007-01-23 | 421.01 | A1 |
| 10265476 | 2227 | T | 2007-03-23 | N | 2007-03-30 | 579.41 | A1 |
| 10267418 | 2236 | T | 2007-03-31 | N | 2007-04-13 | 198.89 | B3 |
| 10269361 | 2236 | T | 2007-02-15 | N | 2007-03-02 | 17.96 | B3 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 0.39 | A1 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 46.49 | A1 |
| 10271245 | 2216 | T | 2007-01-12 | N | 2007-01-19 | 199.86 | A1 |
| 10274411 | 2203 | T | 2007-09-25 | N | 2007-10-12 | 45.53 | A3 |
| 10277179 | 2223 | T | 2007-04-17 | N | 2007-04-27 | 126.22 | A5 |
| 10285446 | 2222 | T | 2007-03-14 | N | 2007-03-30 | 268.24 | A1 |
| 10286631 | 2217 | T | 2007-05-05 | N | 2007-05-11 | 584.42 | A1 |
| 10287139 | 2217 | T | 2007-08-06 | Y | 2007-08-08 | 378.79 | A5 |
| 10287783 | 2228 | T | 2007-05-22 | N | 2007-05-25 | 286.93 | A6 |
| 10293280 | 2231 | T | 2007-05-03 | Y | 2007-05-07 | 516.52 | A1 |
| 10295533 | 3751 | T | 2007-08-04 | N | 2007-09-14 | 213.70 | A6 |
| 10295566 | 2225 | T | 2007-09-06 | N | 2007-09-28 | 69.26 | B3 |
| 10305167 | 2228 | T | 2007-01-09 | N | 2007-01-19 | 405.47 | OTH |
| 10305420 | 2203 | T | 2006-11-25 | Y | 2006-11-29 | 276.79 | A5 |
| 10308163 | 2219 | T | 2007-07-16 | N | 2007-05-25 | 0.36 | A1 |
| 10310068 | 2227 | T | 2007-09-01 | Y | 2007-09-13 | 391.96 | TER |
| 10310478 | 2227 | T | 2007-02-09 | N | 2007-02-16 | 249.88 | A1 |
| 10311813 | 2225 | T | 2006-12-06 | N | 2006-12-22 | 198.55 | A1 |
| 10313503 | 2217 | T | 2007-05-02 | N | 2007-05-11 | 391.20 | A6 |
| 10314711 | 2217 | T | 2007-10-17 | Y | 2007-10-22 | 121.29 | A1 |
| 10314735 | 2217 | T | 2007-06-30 | N | 2007-07-06 | 722.63 | A5 |
| 10317043 | 2219 | T | 2007-09-01 | Y | 2007-09-10 | 320.66 | TER |
| 10318613 | 2236 | T | 2007-09-15 | N | 2007-09-14 | 464.48 | B3 |
| 10319724 | 1689 | T | 2006-11-19 | N | 2006-12-08 | 45.69 | A4 |
| 10320280 | 2203 | T | 2007-11-10 | N | 2007-11-09 | 261.21 | A1 |
| 10320280 | 2203 | T | 2007-11-10 | Y | 2007-11-09 | 117.83 | A1 |
| 10322674 | 2229 | T | 2007-09-07 | N | 2007-09-14 | 536.55 | A4 |
| 10323694 | 2229 | T | 2007-03-22 | Y | 2007-03-23 | 289.89 | A3 |
| 10323698 | 2226 | T | 2007-09-22 | N | 2007-09-28 | 80.75 | A1 |
| 10324192 | 2227 | T | 2006-12-15 | N | 2006-12-22 | 546.07 | B4 |
| 10324857 | 2233 | T | 2006-12-23 | N | 2007-01-05 | 455.20 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | N | 2006-12-08 | 467.47 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | Y | 2006-12-08 | 92.31 | A6 |

EXHIBIT A
Page 1-8
AZ/MIGIS 0001212

oregon terms 11 16 06 - 11 16 07 2.xls

| 10326113 | 2238 | T | 2007-01-10 | N | 2007-01-19 | 635.34 | OTH |
|----------|------|---|------------|---|------------|--------|-----|
| 10327333 | 2231 | T | 2007-07-20 | Y | 2007-07-24 | 83.04 | B3 |
| 10328753 | 2229 | T | 2006-11-24 | Y | 2006-12-01 | 60.62 | A1 |
| 10329499 | 2213 | T | 2007-05-19 | N | 2007-05-25 | 462.40 | A4 |
| 10331250 | 2225 | T | 2007-10-06 | Y | 2007-10-17 | 457.95 | A6 |
| 10331602 | 3751 | T | 2007-01-03 | N | 2007-01-19 | 0.00 | B3 |
| 10332271 | 2227 | T | 2006-11-29 | N | 2006-12-08 | 228.55 | A1 |
| 10333968 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 38.05 | A1 |
| 10334119 | 2238 | T | 2007-07-13 | N | 2007-07-20 | 101.30 | A6 |
| 10334456 | 2229 | T | 2007-03-30 | N | 2007-03-30 | 848.00 | A6 |
| 10334495 | 1689 | T | 2006-12-09 | N | 2006-12-22 | 91.96 | A1 |
| 10334642 | 2222 | T | 2007-02-09 | N | 2007-02-16 | 340.08 | OTH |
| 10334642 | 2222 | T | 2007-02-09 | Y | 2007-02-16 | 240.65 | OTH |
| 10334673 | 2216 | T | 2006-12-08 | N | 2006-12-22 | 83.89 | A1 |
| 10334876 | 1689 | T | 2007-07-06 | N | 2007-07-20 | 275.15 | A4 |
| 10335318 | 2217 | T | 2007-03-29 | N | 2007-04-13 | 150.70 | A2 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 0.00 | A1 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 100.00 | A1 |
| 10337102 | 2213 | T | 2007-06-10 | N | 2007-06-22 | 211.57 | A4 |
| 10337228 | 2228 | T | 2007-01-05 | N | 2007-01-05 | 292.47 | B3 |
| 10337244 | 2236 | T | 2007-05-19 | N | 2007-06-08 | 0.21 | A4 |
| 10337265 | 2236 | T | 2007-02-14 | Y | 2007-03-07 | 113.04 | A6 |
| 10337274 | 2236 | T | 2007-08-28 | N | 2007-06-08 | 0.36 | A1 |
| 10337912 | 2228 | T | 2007-01-31 | N | 2007-02-16 | 209.77 | OTH |
| 10337919 | 2232 | T | 2007-03-23 | N | 2007-03-30 | 73.66 | B3 |
| 10339120 | 2216 | T | 2007-02-21 | Y | 2007-02-21 | 587.86 | A6 |
| 10339672 | 2226 | T | 2007-02-24 | N | 2007-03-02 | 290.54 | A1 |
| 10339721 | 2216 | T | 2007-03-30 | N | 2007-04-13 | 151.85 | A6 |
| 10339724 | 1689 | T | 2007-05-21 | N | 2007-06-08 | 42.89 | A4 |
| 10339743 | 2226 | T | 2007-01-14 | N | 2007-02-02 | 55.87 | A6 |
| 10340307 | 2216 | T | 2007-05-14 | N | 2007-05-25 | 76.46 | A4 |
| 10340861 | 2223 | T | 2006-11-21 | N | 2006-12-08 | 121.67 | A6 |
| 10340888 | 2223 | T | 2007-01-01 | N | 2007-01-05 | 187.83 | A1 |
| 10341988 | 2214 | T | 2007-09-01 | Y | 2007-09-05 | 60.60 | TER |
| 10342024 | 2231 | T | 2007-07-23 | N | 2007-07-20 | 101.15 | A1 |
| 10342062 | 2219 | T | 2007-06-01 | N | 2007-06-08 | 354.09 | TER |
| 10342570 | 2227 | T | 2007-01-14 | N | 2007-02-16 | 51.35 | A4 |
| 10343292 | 2219 | T | 2007-03-30 | N | 2007-04-13 | 427.06 | A4 |
| 10343393 | 2229 | T | 2007-05-26 | Y | 2007-05-26 | 142.91 | B3 |
| 10343489 | 2226 | T | 2006-12-23 | N | 2007-01-05 | 89.89 | A1 |
| 10343777 | 2225 | T | 2007-01-03 | N | 2007-01-19 | 41.18 | A6 |
| 10343801 | 2203 | T | 2007-02-28 | N | 2007-03-02 | 425.04 | A6 |
| 10343988 | 2237 | T | 2006-11-19 | N | 2006-12-08 | 31.92 | A2 |
| 10343990 | 2214 | T | 2007-05-14 | N | 2007-05-25 | 105.98 | A1 |
| 10345388 | 2216 | T | 2006-12-06 | N | 2006-12-22 | 91.42 | C4 |
| 10345519 | 2216 | T | 2007-06-29 | N | 2007-06-22 | 52.49 | A1 |
| 10345528 | 2227 | T | 2007-02-07 | N | 2007-02-16 | 470.62 | A2 |
| 10346149 | 1689 | T | 2007-05-18 | N | 2007-05-25 | 303.78 | A1 |
| 10346150 | 1689 | T | 2007-02-14 | N | 2007-02-16 | 458.60 | B3 |
| 10346217 | 2216 | T | 2007-03-20 | Y | 2007-03-23 | 464.76 | A1 |
| 10346221 | 2216 | T | 2007-05-04 | N | 2007-05-11 | 322.83 | A6 |
| 10346643 | 3751 | T | 2006-12-26 | N | 2007-01-05 | 30.97 | A6 |

EXHIBIT _A_
Page _2-8_

AZ/MIGIS 0001213

oregon terms 11 16 06 - 11 16 07 2.xls

| 10346806 | 2203 | T | 2006-12-23 | N | 2007-01-05 | 73.88 | A1 |
|---|---|---|---|---|---|---|---|
| 10346896 | 2203 | T | 2007-01-03 | N | 2007-01-19 | 130.73 | A4 |
| 10347087 | 1689 | T | 2007-01-22 | N | 2007-03-30 | 25.85 | A2 |
| 10347154 | 2219 | T | 2007-02-05 | N | 2007-02-16 | 550.76 | OTH |
| 10347204 | 2219 | T | 2007-06-30 | N | 2007-08-17 | 0.39 | A1 |
| 10347495 | 2229 | T | 2007-05-23 | Y | 2007-05-23 | 161.65 | A1 |
| 10348578 | 2228 | T | 2007-02-04 | N | 2007-02-16 | 126.44 | A6 |
| 10348673 | 2238 | T | 2007-07-20 | N | 2007-08-03 | 182.85 | A4 |
| 10349310 | 2227 | T | 2007-08-24 | N | 2007-08-31 | 712.95 | A1 |
| 10349327 | 2227 | T | 2007-08-03 | N | 2007-08-03 | 485.87 | B3 |
| 10349331 | 1689 | T | 2007-05-08 | N | 2007-07-06 | 204.10 | A4 |
| 10349662 | 1689 | T | 2007-04-01 | N | 2007-04-13 | 233.04 | A6 |
| 10349895 | 2228 | T | 2007-02-16 | Y | 2007-02-24 | 297.27 | A4 |
| 10349904 | 2225 | T | 2007-03-22 | N | 2007-03-30 | 155.16 | A5 |
| 10350500 | 2236 | T | 2007-04-13 | N | 2007-04-27 | 88.69 | A1 |
| 10350706 | 3751 | T | 2007-03-17 | N | 2007-03-30 | 127.24 | A6 |
| 10351174 | 2226 | T | 2007-03-23 | N | 2007-03-30 | 456.77 | A4 |
| 10351213 | 2246 | T | 2007-07-22 | N | 2007-08-03 | 178.59 | A1 |
| 10351631 | 2232 | T | 2007-08-30 | N | 2007-08-31 | 200.99 | A1 |
| 10351822 | 2203 | T | 2007-05-19 | Y | 2007-05-18 | 342.01 | A5 |
| 10352066 | 2225 | T | 2007-06-21 | N | 2007-06-22 | 824.92 | B3 |
| 10352728 | 2219 | T | 2007-04-27 | N | 2007-05-11 | 172.85 | A6 |
| 10352745 | 2233 | T | 2007-03-16 | N | 2007-12-07 | 0.00 | A1 |
| 10353190 | 2236 | T | 2007-03-18 | N | 2007-03-30 | 225.84 | A4 |
| 10354066 | 2227 | T | 2007-04-02 | N | 2007-04-13 | 338.07 | A4 |
| 10354912 | 2237 | T | 2007-05-19 | N | 2007-05-25 | 269.12 | A6 |
| 10355537 | 2216 | T | 2007-04-07 | N | 2007-04-13 | 729.67 | A5 |
| 10355839 | 2214 | T | 2007-05-01 | N | 2007-04-27 | 141.10 | TER |
| 10357055 | 2217 | T | 2007-09-10 | Y | 2007-09-18 | 67.97 | A5 |
| 10357108 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 37.56 | A6 |
| 10357117 | 2228 | T | 2007-07-08 | N | 2007-07-20 | 32.58 | A6 |
| 10357146 | 3751 | T | 2007-08-27 | N | 2007-09-14 | 0.00 | A6 |
| 10357340 | 2227 | T | 2007-11-13 | N | 2007-11-23 | 373.60 | A1 |
| 10357407 | 3751 | T | 2007-06-02 | N | 2007-06-08 | 288.94 | A6 |
| 10357490 | 2226 | T | 2007-08-15 | N | 2007-06-22 | 533.27 | A4 |
| 10357724 | 1689 | T | 2007-08-15 | N | 2007-07-06 | 230.71 | A1 |
| 10358010 | 2227 | T | 2007-05-18 | N | 2007-05-25 | 478.64 | A4 |
| 10358231 | 2232 | T | 2007-04-24 | N | 2007-05-11 | 78.96 | A2 |
| 10358394 | 2216 | T | 2007-04-20 | N | 2007-04-27 | 83.11 | A6 |
| 10359141 | 2213 | T | 2007-10-05 | N | 2007-10-12 | 326.22 | A2 |
| 10360475 | 2219 | T | 2007-09-07 | N | 2007-09-14 | 452.35 | B4 |
| 10363097 | 2216 | T | 2007-08-15 | N | 2007-08-31 | 240.91 | A4 |
| 10363500 | 2216 | T | 2007-09-08 | N | 2007-09-28 | 234.13 | A1 |
| 10365554 | 2235 | T | 2007-08-01 | N | 2007-08-17 | 143.83 | TER |
| 10365654 | 2219 | T | 2007-08-10 | N | 2007-08-17 | 175.84 | A6 |
| 10366611 | 2213 | T | 2007-09-14 | N | 2007-09-28 | 83.11 | A3 |
| 10367126 | 2216 | T | 2007-09-28 | N | 2007-10-12 | 88.20 | A1 |
| 10367188 | 2231 | T | 2007-11-15 | N | 2007-12-21 | 0.00 | A6 |
| 10367322 | 1689 | T | 2007-11-03 | N | 2007-11-09 | 35.21 | A5 |
| 10368101 | 2231 | T | 2007-09-28 | N | 2007-10-12 | 45.91 | A6 |
| 10368621 | 2238 | T | 2007-11-02 | Y | 2007-11-05 | 580.80 | B3 |
| 10369127 | 2235 | T | 2007-08-11 | Y | 2007-08-21 | 1,067.67 | A1 |

EXHIBIT  *A*

Page 3-8

AZ/MIGIS 0001214

oregon terms 11 16 06 - 11 16 07 2.xls

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10370676 | 2236 | T | 2007-11-01 | N | 2007-11-09 | 324.07 | TER |
| 10371196 | 2222 | T | 2007-08-20 | N | 2007-08-31 | 68.34 | A6 |
| 10371826 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 110.99 | A6 |
| 10371834 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 113.77 | A6 |
| 10372634 | 1689 | T | 2007-09-14 | N | 2007-09-28 | 100.47 | A4 |
| 10373780 | 2216 | T | 2007-10-22 | Y | 2007-11-01 | 67.60 | A5 |
| 10375526 | 2236 | T | 2007-10-11 | N | 2007-10-26 | 92.62 | A6 |
| 10376586 | 2213 | T | 2007-10-18 | N | 2007-10-26 | 132.79 | A6 |

EXHIBIT _A_
Page _4-8_

AZ/MIGIS 0001215

**EXHIBIT 2**

1    a computer print screen copy.  It's a copy of exactly a

2    computer print screen.

3              **MR. PINNEY:**  So it's in a database.  We know what

4    the fields are.  And it's downloadable out of the database.  We

5    want them to provide that for everybody that they have listed

6    as having worked in these stores.  And we want the native data.

7              **THE COURT:**  And the relevance and the use of that

8    native data is to see whether they were paid --

9              **MR. PINNEY:**  Their final paychecks.

10             **THE COURT:**  This is on the final paycheck question?

11             **MR. PINNEY:**  Correct.

12             **THE COURT:**  So you wouldn't need that for those who

13   are still there, only those who were terminated or left.

14             **MR. PINNEY:**  Correct, but given the turnover rate,

15   that will virtually cover the whole class.  Certainly for

16   everybody that has left that would be essential.

17             **THE COURT:**  What you have gotten so far is --

18             **MR. BAILEY:**  Only the named plaintiffs.

19             **THE COURT:**  What about that?

20             **MR. HOFFMAN:**  Your Honor, I need to address all this

21   in lock-step fashion, if I can.  Let's go back to the timecard

22   data, okay?

23             We provided them exactly what they asked for based

24   on these representations of what they found in the Oregon case.

25   They are unhappy with it, for what whatever reason, okay?

1    We met and conferred as to this native data format.

2    Told them it wasn't there, asked them to explain what they

3    would use it for, they didn't.

4    Now they want us to go on another fox hunt for this

5    stuff, and what I would like to get to before my client

6    undergoes a further burden on that question is the paychecks

7    and the timecards that we provided for the two plaintiffs.

8    There is nothing in the record right now that shows that they

9    were underpaid for any of the time that they have worked.

10    I ask that just as a matter of basic fairness under

11    the Mantolete standard that we at least have some showing of

12    that before we go through this process one more time and

13    produce all of this data.  Because what they represented last

14    time to the Court was it was easily accessible, centralized,

15    downloadable; what they are asking for now, these computer

16    screens, that's just not true.

17    **THE COURT:** Well, I don't know that.  That is in

18    dispute.  And second of all, what you are suggesting is that

19    there be no more discovery if the named plaintiffs cannot

20    demonstrate their own personal violations, and therefore no

21    search of the two stores.  You had your chance when we argued

22    that last time.  I've already ordered that, I'm not going over

23    old ground.

24    I said, as a sampling matter, we're going to do the

25    two stores for a four-year period, which is a much less burden

1    than the 400 stores which they wanted, or a big sampling of

2    those 400 stores.  So I already cut that line that way, and I'm

3    not going to revisit it.  And so I don't want to reargue stuff

4    that should have been argued last time or that I've already

5    ruled on.

6            The question is simple, you say it's extremely

7    burdensome now to comply with my order with respect to the two

8    stores, and I want to find out if, indeed, it means creating

9    whole new databases and printing programs, and this kind of

10   thing you may be right.  On the other hand, if it's already

11   there, and there is a database that is accessible and

12   downloadable and once they download it it is searchable through

13   their own mechanisms, like if it were on an *Excel* program, then

14   it's not a big deal.  But I don't know that because you guys

15   are telling me two completely different things.

16           You are telling me your people say the only thing

17   they can produce are these sort of timecards, and they are

18   telling me something completely different.  I have no way of

19   resolving this at this point.  And I would rather you guys, in

20   a good faith effort, put -- with the experts there, the IT

21   people there, to figure out what is available and what is not.

22   If you can't resolve it at that point, I guess you got to come

23   back to me with your respective evidence, and I have to make a

24   decision or refer this out to a special master who will have to

25   dig into this thing.

1          **MR. HOFFMAN:** Understood, Your Honor.

2          **THE COURT:** So what about the payroll? Is there an

3    issue about the database availability and searchability? What

4    is the deal on that?

5          **MR. HOFFMAN:** I have to ask my client as to what the

6    burden and expense would be to comply with that demand.

7          **THE COURT:** Okay.

8          Again, what you are looking for is a searchable

9    database.

10         **MR. BAILEY:** Exactly.

11         **THE COURT:** But you are not asking him to -- if they

12   don't have it, if for some reason it ends up that they don't

13   have it, you are not asking him to create anything.

14         **MR. PINNEY:** No.

15         Your Honor, they have what is called *PeopleSoft*.

16   And --

17         **THE COURT:** It is *PeopleSoft*.

18         **MR. PINNEY:** That's my understanding.

19         It's not *PeopleSoft*?

20         **MR. HOFFMAN:** We're talking about different things,

21   okay? I think that we need to meet and confer on this because

22   you are making representations to the Court about what my

23   client's computer system is. And I respectfully disagree --

24         **THE COURT:** We'll resolve that.

25         **MR. PINNEY:** My understanding is it's *PeopleSoft*.

**EXHIBIT 3**



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

April 16, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

**VIA MAIL AND FACSIMILE**

Chey Powelson
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA  98683

Re:   *Migis v. AutoZone, Inc.*
      Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:

I've just concluded a conference with representatives of AutoZone and write to request that you agree to an extension of time for AutoZone to produce the "backup" documents you requested in the hearing before Judge LaBarre on April 4.  Contrary to what I believe Mr. Bailey represented to the Court, to find the termination reports, AutoZone will have to search (by printing out) every personnel file for every terminated employee and then hand search for the Termination Report.  This is a very time consuming process, and we are not going to be able to complete it by next week.  In fact, Ms. Smith told me she will likely have to devote more than 3 weeks of paralegal time to this project and then check the individual stores to make sure that the records are complete.  We are, therefore, asking that you agree that the "back up" documents be due to you on May 16.

I have no doubt you will oppose this request, but ask that you consider first that you have a report summarizing the information requested—and this report was held to be sufficient by Judge Kantor in a hearing on this very question.   I think the request for "back up" information goes beyond the original request, and while we are willing to cooperate with you, the process, as described above, is laborious.  Second, I think that if we are required to bring this dispute to Judge LaBarre he will, at some point, start to question why there is no effort at reasonableness and professional courtesy.  Last, given your request for a trial date one year from now and the Court of Appeals recent notice concerning the Joarnt case, there is certainly less urgency than if there was an imminent trial date.

I await your response.  If you are unwilling to consider this request, please call me as we will need to confer before we ask for time on Judge LaBarre's calendar for a motion for extension of time and a protective order.  I'll be available tomorrow morning, at your convenience.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠

Bank of America Tower, 701 Fifth Avenue, Suite 6500, Seattle, Washington 98104.7097  Tel: 206.623.3300 Fax: 206.447.6965 www.littler.com

April 16, 2008
Page 2

Sincerely,

Leigh Ann Tift

cc:     Alison Smith
        Tanya Holmes
        Jennifer Mora
Firmwide:84933556.1 013306.2124

**EXHIBIT 4**

1

2

3

4

IN THE CIRCUIT COURT OF THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6

7    MICHAEL MIGIS, individually, and on          No. 0711-13531
     behalf of all other persons similarly
8    situated,

9                  Plaintiff,                     **DEFENDANT'S MOTION FOR EXTENSION
                                                  OF TIME**
10        vs.

11   AUTOZONE INC., a Nevada                      **EXPEDITED CONSIDERATION REQUESTED**
     Corporation,
12
                   Defendant.
13

14

15       **REQUESTED FOR ORAL ARGUMENT**: Pursuant to UTCR 5.050, Defendant estimates

16   the time needed for oral argument to be 20 minutes.  Court reporter services are required.

17       **UTCR 5.010 CERTIFICATION OF COMPLIANCE:** The undersigned hereby certify that

18   counsel for Defendants conferred with Chey Powelson, counsel for Plaintiff, Michael Migis, by

19   telephone on April 17, 2008, on the issues set forth in this *Motion*.  During those conferences,

20   counsel explained the need for additional time to fully respond to Plaintiff's request for "source" or

21   "backup" documents related to its termination and pay summary report (Exhibit 1 to Declaration of

22   Tift).  During the telephonic conferences, Plaintiff's counsel refused to consider any extension nor

23   would Plaintiff consider an extension even if Defendant would agree to provide documents on a

24   rolling basis.

25

26

PAGE 1 – DEFENDANT'S MOTION FOR
EXTENSION OF TIME

1

### I.   MOTION

Defendant AutoZone, by its attorneys herein and pursuant to ORCP 15D and the Court's inherent authority to make such orders as justice requires, moves this Court for an extension of time within which to provide "backup" or "source" documents responsive to Plaintiff's First Requests for Production 2, 4, and 6.

### II.   FACTS RELEVANT TO MOTION

At a hearing on April 4, 2008, the Court ordered that documents, described by Plaintiff's counsel as the "source" or "back up" documents related to a summary chart of employee termination and pay data (Ex. 1 to Decl. of Tift), produced by AutoZone in response to Plaintiff's discovery requests, also be  produced to Plaintiff by April 23, 2008.   The Court's Order issued following a representation by Mr. Bailey that AutoZone maintained electronic records that could easily be printed following a simple search for forms. Such is not the case.

In fact, to obtain the termination reports that Plaintiffs' counsel now requests, AutoZone must search each personnel file for each of the employees listed on Exhibit 1.  That is so because AutoZone maintains all personnel files electronically.  Termination forms are supposed to be printed at the store, by a store manager, then forwarded to AutoZone's corporate headquarters in Memphis, TN.  In Memphis, the termination forms are scanned and kept in electronic personnel files. The only way to obtain termination reports is to print each employee's personnel file and hand search for the form. To the extent that any forms are missing, AutoZone must contact each store to see if the forms were inadvertently (or intentionally) kept at the store. Declaration of Tift. Plaintiff's counsel is well aware of this, as he previously deposed AutoZone's regional Human Resources Manager, Nicole McCollum and numerous store managers in Oregon in the course of discovery in the *Joarnt v. AutoZone* lawsuit.

To obtain the payroll information, AutoZone must again search each person's electronic files and print out "screen prints" of pay information. The information is not available in any format other than the "picture" of the information—and, again, Plaintiff's counsel is well aware of that fact

PAGE 2 – DEFENDANT'S MOTION FOR
EXTENSION OF TIME

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    as it was specifically addressed in discovery conferences in a California matter that was, at one

2    time, being pursued by the Bailey Pinney firm.[1] *See*, Exhibit 2, Declaration of Tift.

3        AutoZone does not want to withhold these documents, and, in fact, is more than willing to

4    provide the information. However, the search for the records is a laborious process, and AutoZone

5    simply sought, from Plaintiff's counsel, an extension of time within which to gather the requested

6    documents. *See*, Exhibit 3, Decl. of Tift. Plaintiff's counsel, in the conference on April 17, 2008,

7    flatly refused to consider an extension and said that this relief would have to be requested from the

8    Court.

9        Plaintiff's counsel also refused to consider an extension even if AutoZone was willing to

10   provide documents on a "rolling" basis—that is, a process whereby records would be produced as

11   they are gathered.

12                         **III.    AUTHORITY**

13       ORCP 15D provides that the Court "may, in its discretion, and upon such terms as may be

14   just, allow...any other pleading ...after the time limited by the procedural rules, or by an order

15   enlarge such time." AutoZone is not seeking an excessive amount of time—simply three additional

16   weeks to insure that all of the records that are currently being requested are produced, so that the

17   Company is in compliance with its discovery obligations and to preclude serial discovery motions

18   from the Plaintiff.

19       It is important to note that these same records are requested in subsequent discovery requests

20   from Plaintiff, and most recently have been demanded to be produced in conjunction with a 39C

21   deposition notice. *See*, Exhibit 4, Decl. of Tift. Notably, the return date for the records sought with

22   the deposition notice is around the time that AutoZone is now requesting—which obviates any

23   possible claim of prejudice by Plaintiff. That is, if Plaintiff is prepared to wait to receive these very

24

25

26   [1] The firm of Bailey Pinney has since been disqualified as class counsel in this matter by the U.S. District Court.

PAGE 3 – DEFENDANT'S MOTION FOR
EXTENSION OF TIME

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1   documents at a 39C deposition, there can be no urgency associated with what was, in fact, a

2   supplemental request at the time of the April 4, 2008 hearing.

3                              **IV.    CONCLUSION**

4        AutoZone respectfully requests that the Court permit a three week extension of time within

5   which to produce the "source" documents related to the termination spreadsheet.  The time is

6   necessary to physically locate and produce these documents.

7

8

9   Dated:  April 17TH, 2008

10                                    Leigh Ann Collings Tift, OSB # 054732
                                      LITTLER MENDELSON, P.C.
11                                    701 5th Avenue, Suite 6500
                                      Seattle, WA  98104
12                                    Phone: 206.623.3300
                                      Fax: 206.447.6965
13
                                      Attorneys for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 4 – DEFENDANT'S MOTION FOR
EXTENSION OF TIME

1

2

3

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17th, 2008, I served a full, true, and correct copy of the

foregoing **NOTICE OF CHANGE OF ADDRESS**:

5      ☐      By delivery via messenger, or otherwise by hand,

6      ☐      By facsimile,

7      ☐      By e-mail,

8      ☒      By mailing same, postage paid,

9   addressed to:

10        Bailey Pinney & Associates LLC
          Attorneys at Law
11        1498 SE Tech Center Place
          Suite 290
          Vancouver, WA  98683

12        Attorneys for Plaintiff

13

14

15

16      By _____
            Savanna L. Stevens

17

18   Firmwide:84942819.1 013306.2124

19

20

21

22

23

24

25

26

PAGE 5 – DEFENDANT'S MOTION FOR
EXTENSION OF TIME

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>AUTOZONE, INC., a Nevada Corporation,<br><br>        Defendant. | No. 0711-13531<br><br>**PETITION AND [PROPOSED] ORDER FOR EXPEDITED HEARING** |

Defendant, AutoZone, Inc., ("AutoZone"), by and through its attorneys of record, respectfully petitions the Court for an expedited hearing on its Motion for an Extension of Time. The Motion and a supporting Declaration of Leigh Ann Collings Tift is presented for filing with the Clerk.

    1.    <u>Nature of the underlying motion for which an expedited hearing is requested</u>:

        Motion for an Extension of Time

    2.    <u>Nature of the emergency which require the setting of the motion to be expedited</u>:

        Judge LaBarre, at the request of Plaintiff's counsel, ordered that "source" or "back up" documents related to a summary of terminated employees be provided by AutoZone by April 23, 2008. Gathering the documents necessary to fully respond to the supplemental request requires a search of nearly 200 individual personnel files, and AutoZone will not be able to complete the search by April 23, 2008. AutoZone requested an agreement from Plaintiff's counsel that additional time

Littler Mendelson, PC<br>1750 SW Harbor Way, Suite 450<br>Portland, OR 97201<br>Phone: 503-221-0309 Fax: 503-242-2457

1    would be permitted, but the request was denied.  AutoZone does not wish to violate the Court's

2    order, and seeks, instead, an approved extension of time.

3           3.     Trial date:

4                  The Court requested a trial management order on April 4, 2008.  Plaintiff is proposing

5    a trial date in either June or April, 2009.  The Court has not made a determination.

6           4.     Civil Calendaring Department has been contacted:

7                  AutoZone is unable to schedule a hearing date before the date the discovery has been

8    ordered.

9           5.     Judges who have heard previous motions in this matter:

10                 Hon. Jerome LaBarre

11          I certify that I have complied with SLR 5.205(3) regarding notice of this ex parte appearance

12   to opposing counsel.

13

14

15   Dated:  April 17th, 2008                    Leigh Ann Tift
16                                               LITTLER MENDELSON, P.C.
                                                 1750 SW Harbor Way, Suite 450
17                                               Portland, OR  97201
                                                 Phone: 503.221.0309
18                                               Fax: 503.242.2457

19                                               Attorneys for Defendant

20

21

22

23

24

25

26

Page 2 – PETITION AND [PROPOSED] ORDER
        FOR EXPEDITED HEARING

1

**ORDER**

2          The request for expedited hearing is GRANTED.

3 Call Date _____ Hearing Date _____

4

5          Failure to report to call pursuant to SLR 7.055(8)(A) will result in an expedited motion being

6 stricken pursuant to UTCR 1.090.

7          For expedited motions you must comply with the praecipe requirements of SLR 5.015.

8          Pursuant to UTCR 7.040, the parties shall report immediately to the court any resolution of

9 this matter prior to the call date.

10          DATED this 17th day of April, 2008.

11

12

13                                                      _____
                                                         Multnomah Co. Circuit Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 – PETITION AND [PROPOSED] ORDER
FOR EXPEDITED HEARING

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17th, 2008, I served a full, true, and correct copy of the

foregoing **PETITION AND [PROPOSED] ORDER FOR EXPEDITED HEARING**

    ☐    By delivery via messenger, or otherwise by hand,

    ☒    By facsimile,

    ☐    By e-mail,

    ☒    By mailing same, postage paid,

addressed to:

> Bailey Pinney & Associates LLC
> Attorneys at Law
> 1498 SE Tech Center Place
> Suite 290
> Vancouver, WA 98683
> Fax (360) 567-3331

Of Attorneys for Plaintiff

By _Savanna L. Stevens_
Savanna L. Stevens

Firmwide:84946791.1 013306.2124

PAGE 1 – CERTIFICATE OF SERVICE

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>                    Defendant. | No. 0711-13531<br><br>**DECLARATION OF DOUGLAS S. PARKER IN SUPPORT OF MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

I, Douglas S. Parker, hereby declare as follows:

1.      I am the attorney representing Defendant AutoZone Inc. in the above-captioned matter, and I make this declaration in support of Defendant's Motion to Dismiss and Memorandum in Support.  I have personal knowledge of the matters related herein.

2.      I attempted by telephone to confer with plaintiff's counsel regarding the issue raised in Defendant's Motion to Dismiss.  However, plaintiff's counsel has not returned my telephone call.

3.      Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Complaint in the above-captioned matter.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the Complaint in *Joarnt, et al. v. Autozone, Inc.*

I declare that the above statements are true to the best of my knowledge and belief, and that I understand that it is made for use as evidence in court and is subject to penalty for perjury.

PAGE 1 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF MOTION TO DISMISS AND MEMORANDUM
IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1

Dated:  December 26, 2007

2

3

_____
Douglas S. Parker OSB No.82101

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF MOTION TO DISMISS AND MEMORANDUM
IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

# EXHIBIT 1

ENTERED

NOV 1 6 2007

IN REGISTER BY LR

FILED

07 NOV 16 AM 8:59

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

13531

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

                **Plaintiff,**

vs.

AUTOZONE INC., a Nevada Corporation,

                **Defendant.**

No. **0711-13531**

**CLASS ACTION ALLEGATION COMPLAINT**

**JURY TRIAL DEMANDED**

**NOT SUBJECT TO MANDATORY ARBITRATION. THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS**

## I.   PRELIMINARY STATEMENT

1.

Plaintiff files this action to recover unpaid wages, overtime wages, minimum wages and penalty wages for all current and former employees of Defendant, **AutoZone Inc.** (hereafter "AutoZone") who worked for AutoZone within Oregon in the six year period before the commencement of this action.

2.

AutoZone is a Nevada corporation with annual sales of $5.9 billion. AutoZone is the leading specialty retailer of automotive parts and accessories, with 3,881 stores in the continental United States. Each of its stores carries an extensive product line for cars, sport utility vehicles, vans and light trucks, including new and re-manufactured automotive hard parts, maintenance items, accessories and non-automotive products. AutoZone operates 24 stores in Oregon.

Page 1 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



Exhibit 1
Page 1 of 23

3.

Autozone suffered and permitted its hourly employees to perform work for Defendant for which it failed and refused to pay at their regular rate of pay.

4.

Oregon law requires an employer to provide each hourly employee with appropriate meal periods and appropriate rest periods.

5.

An appropriate rest period is a period of rest of not less than 10 uninterrupted minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employees pay, and is separate from meal periods.

6.

AutoZone failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261(1), OAR 839-020-0050 entitling Plaintiff and class members to those wages improperly deducted plus penalty wages pursuant to ORS 653.055.

7.

Oregon law requires employers to provide employees an appropriate meal period which is uninterrupted for not less than 30 minutes.  OAR 839-020-0050(1).  If the meal period is interrupted by work or is less than 30 minutes in length the employer may not deduct any portion of the meal period from the employee's wages.  OAR 839-020-0050(1)(a)(A)-(B).

8.

AutoZone failed to provide Plaintiff and other similarly situated class members with meal periods of at least 30 uninterrupted minutes as required by ORS 653.261(1) and OAR 839-020-0050.  AutoZone wrongfully deducted time and failed to pay Plaintiff and those similarly situated, for meal periods taken that were interrupted by work or were less than 30 minutes long.  As a result, Plaintiff and class members are entitled to those wages improperly

Page 2 -  Class Action Allegation Complaint

Exhibit ___1___
Page ___2___ of _23_

1  deducted for meal periods that were interrupted or were less than 30 minutes long, plus

2  penalty wages pursuant to ORS 653.055.

3                              9.

4        AutoZone suffered and permitted Plaintiff and similarly situated class members to

5  work hours for which it did not compensate them at the minimum rate of pay for all hours

6  worked when those wages were due. In so doing, AutoZone violated the requirements of

7  ORS 653.025, and OAR 839-020-0010.

8                              10.

9        AutoZone suffered and permitted Plaintiff and other similarly situated class members

10 to perform work for AutoZone in excess of 40 hours per week, for which it did not

11 compensate them at the overtime rate of 1-1/2 times their regular earning rate as required. In

12 so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

13 653.261(1), OAR 839-020-0030.

14                             11.

15       AutoZone failed to pay Plaintiff and other similarly situated class members whose

16 employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiff

17 and all other similarly situated former employees in the class to penalty wages pursuant to

18 ORS 652.150.

19       II.    JURISDICTION AND VENUE

20                             12.

21       The aggregate total of the claims pled herein do not exceed five million dollars.

22                             13.

23       AutoZone, a Nevada Corporation, at all material times herein, was doing business as

24 "AutoZone Inc." in the State of Oregon.

25 \\\

26 \\\

Page 3 -  Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331



Exhibit _____1_____
Page _____3_____ of _23_

### III.   PARTIES

14.

At all material times, Plaintiff and all others similarly situated class members are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions.

15.

Plaintiff, at the time of filing this Complaint, is an individual who resides the State of Oregon and who is a citizen of the State of Oregon.

16.

AutoZone, Inc. is a company organized and existing under the laws of Nevada, with its principal place of business in Tennessee.

### IV.   COMMON ALLEGATIONS

17.

The conduct at issue in this case affected Plaintiff and all purported class members. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members.

18.

Based on information and belief, AutoZone has at least 26 stores in Oregon (7 listed in Portland).  The members of the class exceeds 30 members, and that number will increase depending upon employee turnover.

19.

AutoZone permitted Plaintiff and other similarly situated class members to work segments of four hours or more without any periods of rest.  AutoZone has failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261 and OAR 839-020-0050.  AutoZone has failed to pay Plaintiff and other similarly situated class members the wages owed for rest periods it failed to provide.

Page 4 -  Class Action Allegation Complaint

Exhibit  1
Page  4  of  23

20.

AutoZone failed to provide Plaintiff and other similarly situated class members, meal periods of at least 30 uninterrupted minutes as required by ORS 653.261 and OAR 839-020-0050.

21.

Because AutoZone required Plaintiff and others similarly situated to work through their appropriate rest and meal periods and forced them to work "off the clock," Plaintiff, and others similarly situated, worked hours for which AutoZone did not compensate them at the minimum rate of pay. In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and others similarly situated minimum wages and liquidated damages for the uncompensated work.

22.

Because AutoZone failed to provide rest and meal periods and forced employees to work "off the clock," Plaintiff and others similarly situated worked hours for which AutoZone did not compensate them at the premium rate of pay for all hours worked over 40 hours per week. In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and others similarly situated, overtime wages for uncompensated work.

23.

AutoZone suffered, permitted, and allowed Plaintiff and others similarly situated to perform work for the benefit of AutoZone while "off the clock" and without compensation in violation of Oregon law.

24.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to work hours for which it did not compensate them at the then prevailing minimum wage rate for all hours worked, when those wages were due.

Page 5 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 5 of 23

25.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

26.

Because of AutoZone's wage and hour violations as set forth above, AutoZone was unjustly enriched. AutoZone requested by words and/or conduct that Plaintiff and others similarly situated, provide services without pay and without receiving their mandatory rest and meal periods. AutoZone has benefitted from these violations.

27.

AutoZone also benefitted from uncompensated "off the clock" work performed before and/or after shifts by Plaintiff and others similarly situated. Plaintiff and others similarly situated performed services as AutoZone requested. AutoZone has not paid for the services Plaintiff and others similarly situated performed. Plaintiff and others similarly situated seek the reasonable value of the services that were provided to AutoZone.

28.

AutoZone failed to pay Plaintiff, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

29.

AutoZone's actions in failing to pay wages, including minimum wage and overtime, failing to provide meal and rest periods, and failing to pay all monies due and earned upon termination of employment pursuant to Oregon law, was willful.

30.

AutoZone's actions, detailed herein, were part of a corporate practice which affected all employees who worked for AutoZone. As a direct and proximate result of AutoZone's

Page 6 - Class Action Allegation Complaint

Exhibit 1
Page 6 of 23

1   illegal practices, Plaintiff and others similarly situated (1) were required and permitted to

2   work through rest and meal periods that are required by Oregon law, (2) were not

3   compensated for the unprovided rest and meal periods, (3) were not compensated for the time

4   they worked "off the clock," (4) were not paid their wages on time.  Plaintiff and other

5   similarly situated employees are entitled to recover wages for the unprovided rest and meal

6   periods including, but not limited to, wages, statutory wages, minimum wages, and overtime

7   and/or premium wages pursuant to Oregon law.  Plaintiff and others similarly situated are

8   entitled to request injunctive relief.  Also, Plaintiff and other similarly situated employees are

9   entitled to recover appropriate reasonable attorneys' fees, costs and interest.

### V.    CATEGORIES OF CLAIMS

#### 31.
#### (Rest Period Violations)

AutoZone failed to provide Plaintiff and similarly situated class members duty free rest periods as required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's conduct, Plaintiff and other similarly situated class members, who did not receive rest periods as required, are entitled to wages for those unprovided rest periods for the six year period before the filing of this class action lawsuit, plus penalty wages, as provided by ORS 653.055, for those violations occurring within the three year period before the filing of this complaint.

#### 32.
#### ( Unpaid Meal Periods)

AutoZone failed to provide Plaintiff and similarly situated class members 30 minute uninterrupted meal periods as required ORS 653.261(1), OAR 839-020-0050.  AutoZone failed to pay wages to its employees for meal periods of less than 30 minutes in length.  As a result, Plaintiff and other similarly situated class members are entitled to wages for the unprovided meal period violations, for the six year period before the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those unprovided meal period violations occurring within the three year period before the filing of this complaint.

Page 7 -  Class Action Allegation Complaint

Exhibit 1
Page 7 of 23

### 33.
#### (Unpaid Wages)

AutoZone failed to pay Plaintiff, and similarly situated class members, all their wages earned. As a result, those wages remain due and unpaid. Plaintiff, and similarly situated class members, seek unpaid wages for the six year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring with the three year period before the date of filing of this complaint.

### 34.
#### (Minimum Wage)

AutoZone failed to pay Plaintiff and all similarly situated minimum wage class members, minimum wages for all hours worked. As a result, Plaintiff and all similarly situated Minimum Wage class members, who were not paid all minimum wages, are entitled to unpaid minimum wages, plus 30 days of penalty wages for those violations occurring within the three year period before the commencement of this action.

### 35.
#### (Overtime Claims)

AutoZone allowed, suffered and permitted Plaintiff and all similarly situated overtime class members to perform work in in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiff and similarly situated overtime class members who were not paid all overtime wages for the two year period before the date of filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

### 36.
#### (Late Payment of Wages upon Termination)

Within the three years prior to the filing of this complaint, AutoZone willfully failed to pay all wages to Plaintiff, and other former employees, upon termination of their employment, when those wages were due, as required by ORS 652.140, which entitles Plaintiff, and other former employees to penalty wages as provided by ORS 652.150.

Page 8 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331


Exhibit 1
Page 8 of 23

## VI.    CLASS ALLEGATION RELATING TO RULE 32 CLASS DEFINITION OF CLASS

37.

Plaintiff seek class certification as follows, pursuant to ORCP 32.

38.
(Rest Period Violations Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the six year period before the filing of this complaint, and were not paid wages for rest periods which were not received as required by ORS 653.261(1) and OAR 839-020-0050.

39.
(UnPaid Meal Period Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the six year period before the filing of this complaint, from whom AutoZone deducted wages from the class members' wages for meal periods of less than 30 minutes in length.

40.
(Unpaid Wages Class)

For Plaintiff and all similarly situated class members who worked for AutoZone, in Oregon, within six year period before the filing of this complaint, and were not paid all wages due.

41.
(Minimum Wage Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the three year period before the filing of this complaint, and were paid at a rate less than the minimum wage rate then in effect for all hours worked.

42.

Page 9 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



Exhibit ___1___
Page ___9___ of ___23___

1

(Overtime Class)

2    For Plaintiff and all similarly situated class members who worked for AutoZone in

3    Oregon, within two year period before the filing of this complaint, and were not paid at 1 ½

4    times their regular hourly rate for all hours worked in excess of 40 hours per week.

5

43.

( Late Payment Class)

6

7    For Plaintiff and all similarly situated class members whose employment with the

AutoZone ended within three year period before the filing of this action and who did not

8

receive all wages when due as required by ORS 652.140.

9

**ORCP 32H NOTICE**

10

44.

11

12    On or about March 28, 2007, Plaintiff, on behalf of themselves and all current and

former AutoZone employees, pursuant to ORCP 32H, gave a pre-litigation notice to

13

AutoZone and demanded that AutoZone immediately cure its failure to pay wages as required

14

by Oregon law, and pay all amounts due within 30 days after notice.

15

45.

16

17    Despite Plaintiff' request that AutoZone cure, AutoZone has failed and refused to cure

its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated class

18

members all unpaid wages. AutoZone has also failed and refused to pay Plaintiff and all

19

similarly situated class members all penalty wages due. Those wages and penalty wages

20

remain due and unpaid.

21

**NUMEROSITY**

22

46.

23    Based on information and belief, the members of the State wage and hour class

24    exceeds 30 persons. Plaintiff expects this number to increase, depending upon the turnover

25    rate for employees over the last three years.

26

Page 10 -Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 10 of 23

1

## QUESTIONS OF LAW AND FACT

2

47.

3    Common questions of fact and law exists as to all class and subclass members and

4    predominate over any questions that affect only individual class members. The conduct at

5    issue in this case affected all former AutoZone employees. Common questions include:

6    a    Whether Plaintiff and class members are subject to Oregon State wage and

7         hour statutes.

8    b    Whether AutoZone suffered and permitted Plaintiff and overtime class

9         members to work over 40 hours per week.

10   c    Whether AutoZone failed to pay Plaintiff and overtime class members at the

11        overtime rate for all hours worked over 40 per week.

12   d    Whether AutoZone suffered and permitted Plaintiff and minimum wage class

13        members to perform work, for which it failed to pay all minimum wages when

14        due.

15   e    Whether, when an employee's time records reflect that the employee worked a

16        shift of sufficient length entitling the employee to a paid rest period under

17        OAR 839-020-0050, the employee's time records show no paid rest period as

18        required by 839-020-0050.

19   f    Whether any failure to pay for such a period is "willful" for purposes of ORS

20        652.150.

21   g    Whether, when an employee's time records reflect that the employee worked a

22        shift of sufficient length to entitle the employee to a meal period under OAR

23        839-020-0050(1)(a), the employee's time records show an uncompensated

24        period of time less than 30 minutes, that period amounts to lost wages from the

25        improper deduction within the meaning of OAR 839-020-0050(1)(a) for which

26        the employee is entitled to pay.

Page 11 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 11 of 23

1  h  Whether any failure to pay for such a period is "willful" for purposes of ORS

2     652.150.

3  i  Whether Oregon law provides time lines when AutoZone must pay final wages

4     to its former employees.

5  j  Whether AutoZone failed to pay Plaintiff and similarly situated class members

6     all wages after termination of their employemnt when those wages were due.

7  k  Whether AutoZone's failure to timely pay final wages to Plaintiff and other

8     former employees was willful.

9  1  Whether Plaintiff and class members are entitled to attorney fees under ORS

10    652.200 and/or ORS 653.055.

11  m  Which remedies are available for the violations of State wage and hour laws.

12           **TYPICALITY**

13             48.

14    The claims of the named Plaintiff are typical of the claims of the members of the wage

15 and hour class in that:

16  a.  Plaintiff is a member of each class.

17  b.  Plaintiff's claims stem from the same practice or course of conduct that forms

18     the basis of each class.

19  c.  Plaintiff's claims are based upon the same legal and remedial theories as those

20     of the class and involve similar factual circumstances.

21  d.  There is no antagonism between the interests of the named Plaintiff and absent

22     class members.

23  e.  The injuries which Plaintiff suffered are similar to the injuries which class

24     members have suffered.

25

26

Page 12 – Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 12 of 23

## REPRESENTATION BY PLAINTIFF

### 49.

The named Plaintiff will fairly and adequately represent the class in that:

a.  There is no conflict between his claims and those of other class and subclass members.

b.  Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c.  Plaintiff's claims are typical of the claims of class members.

### 50.

Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

a.  Common questions of law or fact predominate over questions affecting only individual members.

b.  The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

c.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## VII.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Rest Period Violation Class, Six Year Statute of Limitations; Rest Period Violation Penalty Class, Three Year Statute of Limitations)

### 51.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

\\\

\\\

Page 13 -Class Action Allegation Complaint

Exhibit 1
Page 13 of 23

52.

ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted paid rest break of not less than ten (10) minutes for each period of four hours, or the better part thereof worked.

53.

AutoZone failed to provide Plaintiff and all other similarly situated class members an uninterrupted paid rest break of not less than ten (10) minutes for each period of fours hours. Defendant regularly failed to provide all rest periods to its Oregon employees when and as required by ORS 653.261 and OAR 839-020-0050.

54.

AutoZone failed to pay Plaintiff Migis and Rest Period Class members for those reset periods not provided when and as required within six years before the filing of this complaint.

55.

All wages due for AutoZone's failure to provide appropriate rest periods to Plaintiff Migis and class members were required to have been paid on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

56.

Those class members who did not receive their appropriate rest period in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

57.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to provide appropriate rest periods as required within six years before the filing of the complaint. Those class members who did not receive their appropriate rest periods in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as

Page 14 -Class Action Allegation Complaint

Exhibit ___1___
Page __14__ of _23_

1    calculated by ORS 652.150.

2                      58.

3        Plaintiff Migis and all class members seek unpaid wages for the six year before the

4    filing of this complaint, plus penalty wages pursuant to ORS 653.055 for all violations which

5    occurred in the three years before the filing of this complaint, plus costs, disbursements and

6    attorneys fees pursuant to ORS 653.055(4) and 652.200(2).

7

8                    **SECOND CLAIM FOR RELIEF**

     ( Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;
9            Unpaid Meal Period Penalty Class, Three year Statute of Limitations)

10                      59.

11        Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12                      60.

13        ORS 653.261 provides for minimum employment conditions to be established by the

14    Commissioner of the Oregon Bureau of Labor and Industries.  OAR 839-020-0050 requires

15    that employees, whose work period is 6 hours or more, receive an uninterrupted meal period

16    of not less than 30 minutes.

17                      61.

18        OAR 839-020-0050(1) allows an employer to deduct time from an employee for meal

19    periods which are uninterrupted and not less than 30 minutes in length during a 6 hour work

20    period.

21                      62.

22        AutoZone failed to provide Plaintiff Migis and other class members with

23    uninterrupted meal periods of at least 30 minutes as required by OAR 839-020-0050(a)(1)(A),

24    and Defendant violated ORS 653.261, OAR 839-020-0050 and ORS 653.055.  Defendant

25    wrongfully deducted time and consequently wages from Plaintiff and Meal Period Class

26    members for meal periods that were interrupted by work or were less than 30 minutes long.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331


Exhibit 1
Page 15 of 23

63.

As a result of Defendant's failure to provide full 30 minute uninterrupted meal periods as required, and by failing to pay wages for meal periods that did not meet the requirements of OAR 839-020-0050 (1)(a)(B), Plaintiff Migis and meal period class members are entitled to recover unpaid wages, within the six year period before the filing of this complaint.

64.

Plaintiff Migis and those class members who in the three years before the filing of this complaint were not paid for a full 30 minutes of wages for meal periods that were interrupted or were less than 30 minutes long, are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

65.

Plaintiff Migis and class members seek payment of wages deducted for "meal periods" which failed to meet the requirements of OAR 839-020-0050 within the six years of the filing of this complaint. In addition, Plaintiff Migis and class members seek penalty wages pursuant to ORS 653.055, and ORS 652.150 for Defendants wrongful deduction for meal periods that failed to meet the requirements of OAR 839-020-0050, for a period of three years from the filing of this action.

66.

Plaintiff Migis and class members also seek payment of their costs, disbursements, and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### THIRD CLAIM FOR RELIEF

(Unpaid Wage Claim; Six Year Statute of Limitations
Unpaid Wages on Pay Day Claim; Three Year Statute of Limitations)

67.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

Page 16 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 1
Page 16 of 23

68.

During the six year statute of limitations period, Plaintiff and similarly situated class members worked time for Defendant before and after their scheduled shifts, during their meal periods, and during their rest periods all of which was not recorded on the time clock. ("Off the Clock Time").

69.

By failing to record all the time worked by Plaintiff and Class Members, AutoZone failed to pay Plaintiff and other similarly situated class members for this time they worked off-the-clock.

70.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff and other similarly situated class members to perform work for the benefit of Defendant as set out in Plaintiff's Third and Fourth claims for relief which are incorporated herein by reference.

71.

AutoZone was required to pay Plaintiff Migis and class members for all hours worked on their next regularly scheduled payday under ORS 652.120 and ORS 653.010.

72.

AutoZone failed and refused to pay Plaintiff Migis and class members all off the clock time on payday, and those off the clock time wages remain due and unpaid.

73.

Plaintiff Migis and similarly situated class members seek unpaid wages for the six years before the commencement of this action, and Plaintiff's costs disbursements and attorneys fees pursuant to ORS 652.200(2).

Page 17 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331


Exhibit 1
Page 17 of 23

74.

All wages due for AutoZone's failure to pay Plaintiff Migis and class members all off the clock time on payday on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

75.

Those class members who did not receive their appropriate pay for all of the off the clock time in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

76.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to pay all wages due for off the clock time as required within six years before the filing of the complaint. Those class members who did not receive all wages due for off the clock time in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as calculated by ORS 652.150.

**FOURTH CLAIM FOR RELIEF**

(State Minimum Wage Claim, Civil Penalty; Six Year Statute of Limitations for Minimum Wages; Three Year Statute of Limitations for Penalties)

77.

Plaintiff Migis incorporates all preceding paragraphs as though fully set forth herein.

78.

At all times material herein, Plaintiff Migis and minimum wage class members were employed by AutoZone.

79.

During the statutory period set out above, Oregon required that all employees working in Oregon were paid at an hourly rate for all hours worked not less than the minimum wage as set by ORS 653.025.

Page 18 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331



Exhibit 1
Page 18 of 23

1                                    80.

2       During the course of Plaintiff Migis' employment, Defendant allowed, suffered and

3   permitted Plaintiff Migis and other similarly situated class members to perform work for the

4   benefit of AutoZone.

5                                    81.

6       Plaintiff Migis and other similarly situated class members performed work as set out

7   in Plaintiff's Third, Fourth and Fifth claims for relief which are incorporated herein by

8   reference.

9                                    82.

10      Pursuant to ORS 653.025, AutoZone was required to pay Plaintiff Migis and class

11  members at the then prevailing State of Oregon minimum wage rate for hours worked.

12                                   83.

13      AutoZone failed and refused to pay Plaintiff Migis and class members at the State of

14  Oregon minimum wage rates for all hours worked when those wages were due, and there

15  remains due and owing minimum wages in an amount to be determined.

16                                   84.

17      By failing to compensate Plaintiff Migis and class members for missed rest periods

18  and wrongfully deducting wages for interrupted meal periods shorter than 30 minutes,

19  AutoZone failed to compensate class members at the minimum wage rate for all hours

20  worked.

21                                   85.

22      Because of AutoZone's failure to pay Plaintiff Migis and minimum wage class

23  members at the then prevailing minimum wage rate for all hours worked, when those wages

24  were due, Plaintiff Migis and class members are entitled to unpaid minimum wages for the six

25  year period before the filing of this complaint, plus a civil penalty under ORS 653.055 as

26  computed by ORS 652.150 for those violations occurring within the three year period before

Page 19 -Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit             1
Page    19   of   23

1 | the commencement of this action.

2 | 86.

3 | Plaintiff Migis and class members have been required to bring this action to recover

4 | minimum wage earnings and a civil penalty pursuant to ORS 653.055(4) and ORS

5 | 652.200(2).

6 | 87.

7 | Plaintiff Migis and class members seek as damages, minimum wages in an amount to

8 | be determined plus penalty wages as provided by ORS 653.055 and ORS 652.150,plus costs,

9 | disbursements and attorneys fees pursuant to ORS 653.055 and ORS 652.200(2).

10 | **FIFTH CLAIM FOR RELIEF**

11 | (State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)

12 | 88.

13 | Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

14 | 89.

15 | During the course of Plaintiff's employment within the 2 year period before the

16 | commencement of this action, Defendant allowed, suffered and permitted Plaintiff and

17 | overtime class members to work in excess of 40 hours per week.

18 | 90.

19 | During the course of Plaintiff's employement, Defendant allowed, suffered and

20 | permitted Plaintiff and class members to work hours as set out in Plaintiff's **First, Second,**

21 | **and Fifth** claims for relief, incorporated herein by reference.

22 | 91.

23 | Plaintiff Migis and similarly situated class members also allege that they are entitled to

24 | be compensated for rest periods not received and for those wages deducted for meal periods

25 | less than 30 minutes in length or were interrupted, as set out in Plaintiff's **First and Second**

26 | claims for relief which are incorporated herein by reference.

Page 20 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331


Exhibit      1
Page 20 of 23

1          92.

2          AutoZone was required to pay Plaintiff Migis and overtime class members, 1 ½ times

3     their regular pay for all hours worked in excess of 40 hours per week.

4          93.

5          When Plaintiff Migis and class members were not paid for hours worked as set out in

6     the First, Second, and Fifth claims for relief as plead herein and such failure to pay for all

7     hours worked during work weeks in which Plaintiff and class members worked at or near 40

8     hours during the work week, AutoZone failed to pay all hours worked in excess of 40 hours

9     per week, and further failed to pay premium wages as required by OAR 839-020-0030 and

10    ORS 653.261.

11          94.

12         AutoZone's failure to pay Plaintiff Migis and overtime class members for all hours

13    worked in excess of 40 hours per week was willful, and there remains due and unpaid wages

14    and premium wages in amounts to be determined.

15          95.

16         Plaintiff Migis, on his behalf, and on behalf of all overtime class members seeks as

17    damages overtime wages in amounts to be determined, plus civil penalty wages pursuant to

18    ORS 653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorneys' fees pursuant

19    to ORS 653.055(4) and ORS 652.200(2).

20                         **SIXTH CLAIM FOR RELIEF**
21                    (ORS 652.140 Late Payment, Penalty Wages)

22          96.

23         Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24          97.

25         Plaintiff and those members of the late pay class whose employment with AutoZone

26    ended within the three years prior to the filing of this action.

Page 21 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit     1
Page 21 of 23

1        98.

2        At the time Plaintiff's and late pay class members' employment ended, AutoZone

3    failed to pay Plaintiff and late pay class members, all wages when due, as required by ORS

4    652.140.

5        99.

6        AutoZone's failure to pay Plaintiff's and late pay class members' wages when due was

7    willful, and continued for a period of time to be determined after discovery is complete.

8        100.

9        Because of AutoZone's willful failure to immediately make payment of Plaintiff's and

10    late pay class members' wages when due, Plaintiff and late pay class members are due penalty

11    wages under ORS 652.150, for the continuation of Plaintiff's and late pay class members'

12    wages for up to 30 days, in amounts to be determined after discovery.

13        101.

14        Plaintiff has been required to bring this action on his behalf and on behalf of late pay

15    class members, to recover penalty wages as provided by ORS 652.150.

16        102.

17        Because of AutoZone's failure to pay Plaintiff's and late pay class members' wages

18    within 48 hours after those wages were due and payable, Plaintiff and late pay class members

19    are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS

20    652.200(2).

21        103.

22        Plaintiff seeks as damages for himself and all late pay class members whose

23    employment ended within three years prior to the filing of this action and who were not paid

24    all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus

25    costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

26

Page 22 - Class Action Allegation Complaint

Exhibit ___1___
Page __22__ of __23__

1

<div align="center">

**PRAYER FOR RELIEF**

</div>

2     **WHEREFORE**; Plaintiff and members of each class request the Court award such

3  damages as set forth above for unpaid wages, overtime wages, minimum wages, and benefits

4  and penalties; award Plaintiff his costs, disbursements and attorney fees; order AutoZone to

5  pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this

6  action; and order such further or alternative relief in favor of Plaintiff and all class members

7  as the Court deems appropriate.

8

9          DATED:  November 14, 2007

10

11          **BAILEY PINNEY & ASSOCIATES, LLC**

12

13

14          JAMES DANA PINNEY, OSB 75308

              A. E. BAILEY, OSB 87157

15          Of Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

Page 23 - Class Action Allegation Complaint

<div align="center">

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

</div>



Exhibit    1
Page 23 of 23

# EXHIBIT 2

1
2
3
4
5
6

## CIRCUIT COURT OF OREGON

7

## COUNTY OF MULTNOMAH

8

**RICHARD JOANT and BERT YAMAOKO,**
9
individually, and on behalf of all others
similarly situated,

No. **0503-02795**

10
                  **Plaintiffs,**

**CLASS ACTION ALLEGATION
COMPLAINT**
(Wage Claim, Overtime Wage Claim,
State Minimum Wage Claim, Contract
Claim)

11
   **vs.**

12

13
**AUTOZONE, INC., a Foreign corporation,**

**JURY TRIAL DEMANDED**

14
                 **Defendant.**

**NOT SUBJECT TO
MANDATORY
ARBITRATION**

15
16

## I.    PRELIMINARY STATEMENT

17
1.

18
This is an action to recover unpaid wages, overtime wages, and penalty wages for all

19
current and former employees of Defendant, **AutoZone, Inc..** (hereafter, "AutoZone" or

20
"Defendant") who worked for AutoZone within Oregon.

21
2.

22
AutoZone suffered and permitted its hourly employees to perform work for AutoZone

23
for which AutoZone failed and refused to pay at their regular rate of pay.

24
3.

25
AutoZone suffered and permitted Plaintiffs and other similarly situated class members

26
to perform work in excess of 40 hours per week for AutoZone, for which it did not

Page 1 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES.LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660

Exhibit 2
Page 1 of 8

1  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

2  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

3  653.261(1), OAR 839-020-0030.

4.

5  AutoZone failed to provide Plaintiffs and other similarly situated class members

6  appropriate rest and meal periods as required by ORS 653.261(1), OAR 839-020-0050

7  entitling Plaintiffs and class members to penalty wages pursuant to ORS 653.055.

5.

9  AutoZone failed to pay Plaintiffs and other similarly situated class members whose

10  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiffs

11  and all other similarly situated former employees in the class to penalty wages pursuant to

12  ORS 652.150.

13  **II.    JURISDICTION AND VENUE**

14  6.

15  Defendant, at all material times herein, was doing business as "AutoZone, Inc.", a

16  foreign corporation, in the State of Oregon.

17  **III.    PARTIES**

18  7.

19  At all material times, Plaintiffs and all others similarly situated are current and past

20  employees of Defendant, who worked in the State of Oregon, and are subject to Oregon wage

21  and hour provisions.

22  **IV.    COMMON ALLEGATIONS**

23  8.

24  The conduct at issue in this case affected Plaintiffs and all purported class members.

25  Common questions of fact and law exist as to all class members and predominate over any

26  questions that affect only individual class members.

Page 2 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 2 of 8

9.

1     Based on information and belief, Plaintiffs anticipate that class has no less than 30
2     members, and that number will increase depending upon employee turnover.

10.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members
to perform work for Defendant for which Defendant failed and refused to pay at their regular
rate of pay.

11.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members
to perform work for AutoZone in excess of 40 per week, for which it did not compensate
them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

12.

AutoZone has failed to provide Plaintiffs and other similarly situated class members
appropriate rest periods.  AutoZone has failed to pay Plaintiffs and other similarly situated
class members for rest periods not provided.

13.

AutoZone has failed to provide Plaintiffs and other similarly situated class members
appropriate meal periods.   AutoZone has failed to pay Plaintiffs and other similarly situated
class member for meal periods not provided.

14.

AutoZone failed to pay Plaintiffs, and other similarly situated individuals whose
employment has ended, all earned wages, when those wages were due under ORS 652.140.

**V.    COMMON ALLEGATIONS REGARDING THE CONTRACT**

15.

AutoZone created contracts of employment between itself and the employees who it
employed.

Page 3 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 3 of 8

16.

AutoZone offered employment to its employees under terms as set out below including but not limited to the payment of wages, of the payment of not less the then applicable minimum wage rate for all hours worked, the providing of rest and meal periods.

17.

Inherent in the contracts of employments are requirements set out in Oregon law regarding payment of wages and working conditions, which includes regulations regarding rest and meal periods.

18.

Each of the employees of AutoZone accepted the contracts of employment by performing work for the benefit of, and at the request of AutoZone.

19.

The consideration for the contracts was AutoZone's promise to pay wages and benefits, and the performance of work by the employees.

20.

By performing work for AutoZone, Plaintiffs have met all conditions precedent to the enforcement of the contract.

21.

AutoZone breached the contract of employment by failing to provide rest and meal periods, and by further failing to pay all wages for work performed under the terms of the contract.

22.

Plaintiffs incurred damages by AutoZone's breach of contract. The damages are un-paid wages, overtime wages, unprovided rest period wages, unprovided meal period wages and penalty wages as fully set forth herein which AutoZone was required to pay class members.

Page 4 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit 2
Page 4 of 8

## VI.    CATEGORIES OF CLAIMS

### 23.
### (Unpaid Wages)

AutoZone failed to pay Plaintiffs, and other similarly situated class members, all their wages earned. As a result those wages remain due and unpaid. Plaintiffs, and other similarly situated class members, seek unpaid wages for the 6 year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 24.
### (Overtime Claims)

AutoZone allowed, suffered and permitted Plaintiffs and all similarly situated overtime class members to perform work in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiffs and class members who were not paid all overtime wages for the two year period prior to the filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

### 25.
### (Unpaid Rest Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free rest periods as required by ORS 653.261(1), OAR 839-020-0050. As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not receive rest periods as required, are entitled to wages for those unpaid rest periods for the six year period prior to the filing of this class action lawsuit, and penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 26.
### (Unpaid Meal Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free meal periods when required by ORS 653.261(1), OAR 839-020-0050. As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not

Page 5 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit 2
Page 5 of 8

1  receive meal periods as required, are entitled to wages for those unpaid meal periods for the

2  six year period prior to the filing of this class action lawsuit, and penalty wages as provided by

3  ORS 653.055 for those violations occurring within the three year period prior to the filing of

4  this complaint.

5                                    27.
                         (Rest Period Contract Claim)

6
7      Within the six year statutory period, Plaintiffs and class members entered into

   contracts of employment. Defendant breached those contracts by failing to provide
8
   appropriate rest periods as required by Oregon law and by failing to compensate employees
9
   for all hours worked as required by Oregon law. As a result of AutoZone's conduct, Plaintiffs
10
   and similarly situated class members are entitled to payment of those wages for the six year
11
   period prior to the filing of this complaint, plus penalty wages as provided by ORS 653.055
12
   for those violations occurring within the three year period prior to the filing of this complaint.
13
   (Ex. 1).
14
                                     28.
15                       (Meal Period Contract Claim)

16     Within the six year statutory period, Plaintiffs and class members entered into

17  contracts of employment. Defendant breached those contracts by failing to provide

18  appropriate meal periods as required by contract and Oregon law and by failing to compensate

19  employees for all hours worked as required by contract and Oregon law. As a result of

20  AutoZone's conduct, Plaintiffs and similarly situated class members are entitled to payment

21  of those wages for the six year period prior to the filing of this complaint, plus penalty wages

22  as provided by ORS 653.055 for those violations occurring within the three year period prior

23  to the filing of this complaint.

24  /////

25  /////

26  /////

Page 6 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit 2
Page 6 of 8

1

29.
(Late Payment of Wages upon Termination)

2

3

Within the three year period prior to the filing of this complaint, Defendant willfully

4

failed to pay all wages to Plaintiffs, and other former employees, upon termination of their

employment, when those wages when due, as required by ORS 652.140, which entitles

5

Plaintiffs and other former employees to penalty wages as provided by ORS 652.150.

6

30.
(Breach of Duty of Good Faith and Fair Dealing)

7

8

Within the six year statutory period, Plaintiffs and good faith class members entered

9

into contracts of employment. The duty of good faith and fair dealing is a term of every

10

contract. AutoZone breached the duty of good faith and fair dealing by failing to pay all

11

wages and failing to provide rest and meal periods as required under the contract of

12

employment and Oregon law.

13

**VII.    CLASS ALLEGATION RELATING TO
RULE 32 CLASS**

14

15

31.

**DEFINITION OF CLASS**

16

Plaintiffs seek class certification as follows, pursuant to ORCP 32.

17

18

32.
(Unpaid Wages Class)

19

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

20

Oregon, within the six year period prior to the filing of this complaint, and were not paid all

21

their earned wages when due. (653.055 Penalty Wages).

22

33.
(Overtime Class)

23

24

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

Oregon, within the two year period prior to the filing of this complaint, and were not paid at 1

25

½ times their regular hourly rate for all hours worked in excess of 40 hours per week.

26

Page 7 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 7 of 8

1

**34.**
**(Unpaid Rest Period Class)**

2

3

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

4

Oregon within the six year period prior to the filing of this complaint, and did not receive

5

appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050.

6

**35.**
**(Unpaid Rest Period Penalty Class)**

7

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

8

Oregon within the three year period prior to the filing of this complaint, and did not receive

9

appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS

10

653.055 Penalty Wages).

11

**36.**
**(Unpaid Meal Period Class)**

12

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

13

14

Oregon within the six year period prior to the filing of this complaint, and did not receive

15

appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050.

16

**37.**
**(Unpaid Meal Period Penalty Class)**

17

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in

18

Oregon within the three year period prior to the filing of this complaint, and did not receive

19

appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS

20

653.055 Penalty Wages).

21

**38.**
**(Rest Period Contract Claim Class)**

22

23

For Plaintiffs, and all similarly situated class members, who worked for Defendant in

24

Oregon and who were affected by Defendant's failure to provide appropriate rest periods.

/////

25

/////

26

Page 8 –  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit  2
Page  8  of  8

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2007, I served a full, true, and correct copy of the foregoing **DECLARATION OF DOUGLAS S. PARKER IN SUPPORT OF MOTION TO DISMISS AND MEMORANDUM IN SUPPORT:**

- ☐ By delivery via messenger, or otherwise by hand,
- ☒ By facsimile,
- ☐ By e-mail,
- ☒ By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By ___Laura M Lucero___
Laura Lucero

PAGE 3 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF MOTION TO DISMISS AND MEMORANDUM
IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

No. 0711-13531

         Plaintiff,

**SLR 5.015(8) CERTIFICATE**

   vs.

AUTOZONE INC., a Nevada Corporation,

         Defendant.

    Pursuant to ORCP 7 C(2) and ORCP 15A Defendant's first appearance is due December 26, 2007. Defendant was unable to schedule the Motion Praecipe in this matter due to schedule conflicts of counsel.

    Defendant will call the Court again Monday, December 31, 2007 to receive dates for scheduling the Motion Praecipe and will immediately file the same.

Dated: December 26, 2007

_____
Douglas S. Parker OSB No.82101

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2007, I served a full, true, and correct copy of the foregoing **SLR 5.015(8) CERTIFICATE**:

|  | ☐ | By delivery via messenger, or otherwise by hand, |
|--|---|---|
|  | ☒ | By facsimile, |
|  | ☐ | By e-mail, |
|  | ☒ | By mailing same, postage paid, |

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By ___Laura M Lucero___
Laura Lucero

Firmwide:83904549.4 013306.2124

PAGE 2 – **SLR 5.015(8) CERTIFICATE**

1
2
3
4
5              **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
6                    **FOR THE COUNTY OF MULTNOMAH**
7
8
9    MICHAEL MIGIS,
10                              Plaintiff,          No. 0711-13531
11          v.                                      PLAINTIFF'S RESPONSE TO
                                                    DEFENDANT'S RULE 21 MOTION
12   AUTOZONE, INC., a Foreign Corporation,         TO DISMISS
13                              Defendant.

14          Defendant asks the court to dismiss this case because *Joarnt, et al. v. AutoZone, Inc.*

15   is "a materially identical case." Defendant's Memo, p. 1. Defendant relies on ORCP 21A(3),

16   which permits dismissal if another action is pending between the same parties for the same

17   cause.   But that is not true here, and the court should deny defendant's motion because it does

18   not meet the requirements of ORCP 21A(3).

19          Defendant accentuates the similarities between the cases and ignores the differences.

20   ORCP 21A(3) does not permit the court to take such a discriminating view. Dismissal is

21   appropriate only if the parties and the cause are the same. And here they are not. The named

22   plaintiffs in each case are different.  The putative class members in each case are different,

23   although some people may be members of both classes.  The issues in each case are

24   substantially similar, but the claims are different because the class periods are different.  More

25   than two-and-a-half years elapsed after *Joarnt* was filed before plaintiff filed this action.

26   Persons who would be entitled to recover under *Joarnt* and persons who would be entitled to

Page 1 -        Plaintiff's Response to Defendant's Rule 21 Motion to Dismiss

1  recover under *Migis,* therefore, are not necessarily the same people.  Moreover, putative class

2  members are not "parties."  Thus, whether some class members might be covered by both

3  suits is irrelevant to an analysis under ORCP 21A(3).  It requires that the **parties** be the same.

4  Defendant does not explain why the court can ignore the obvious fact that the named plaintiffs

5  in these two cases are not the same person.

6       In addition to glossing over the requirement that the parties be the same parties,

7  defendant attempts to convince the court by arguing a point that is not at issue.  Defendant

8  relies heavily on *Beetham v. Georgia-Pacific Corp.*, 87 Or App 592, 595 (1987) for the

9  premise that a case on which the merits remain in dispute at some judicial level is necessarily

10  pending.  Def's Memo, p. 3.  Plaintiffs do not dispute that holding, but *Beetham* is not helpful

11  to the court's analysis under ORCP 21A(3) because whether *Joarnt* is pending is irrelevant.

12  The question is whether *Joarnt* and *Migis* have the same parties and the same claims.

13  Moreover, the facts in *Beetham* differ from the facts here in significant detail.  In *Beetham*, the

14  plaintiffs filed a lawsuit in federal district court that contained state law claims.  The plaintiffs

15  later filed those same state law claims in state court and then appealed the federal action,

16  including the dismissal of the state law claims.  In  *Beetham*, unlike here, the plaintiffs and the

17  defendant in each case were the same.

18       ORCP 21A(3) has two requirements – the same parties for the same cause –  neither of

19  which is met here.  The parties are not the same, and the causes are not the same.  The court

20  must deny defendant's motion to dismiss.

21

22                DATED: January 4, 2008.

23

24

25                A. E. BUD BAILEY, OSB 87157
                  Attorney for Plaintiff

26

Page 2 -       Plaintiff's Response to Defendant's Rule 21 Motion to Dismiss

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiff's Response to Defendant's Rule 21 Motion to Dismiss** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:


[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.


[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.



DATED:    January 4, 2008


A. E. BUD BAILEY, OSB 87157
Attorney for Plaintiff

```
*************** -COMM. JOURN.  - ****************** DATE JAN-04 .008 ***** TIME 15:16 ********


     MODE = MEMORY TRANSMISSION                    START=JAN-04 15:14      END=JAN-04 15:16

     FILE NO.=719

STN    COMM.        ONE-TOUCH/       STATION NAME/EMAIL ADDRESS/TELEPHONE NO.      PAGES      DURATION
NO.                 ABBR NO.

001     OK          ā                12064476965                                  006/006    00:01:43



                                                            -BAILEY PINNEY                    -

***** UF-8000 v2 ****************** -3605673331         - ***** -                       - *********
```

## BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax: 360-567-3331

MT

**January 4, 2008**

PERSONAL AND CONFIDENTIAL

TO:        Ms. Leigh Ann Tift

FAX NO.    (206) 447-6965

Number of Pages (including cover page): 6

REGARDING:

Migis v. AutoZone

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:        ORIGINAL DOCUMENTS
                 Regular mail

NOTICE TO RECIPIENT
The Information contained in this facsimile is Intended only for the use of the individual or entity
named above and may contain attorney privileged information. If you are not the intended recipient,
you are hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify me by
telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

1

2

3

4

5                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                         FOR THE COUNTY OF MULTNOMAH

7

8

|  |  |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>Defendant. | No. 0711-13531<br><br>**DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY** |

15

16          **<u>CERTIFICATE OF COMPLIANCE PURSUANT TO UTCR 5.010</u>**

17          Before filing the following motions, counsel for Defendant attempted to confer in good faith

18    to resolve the issues presented in this motion.  However, Plaintiff's counsel did not respond to

19    Defendant's request for a conference.  See, Declaration of Leigh Ann Tift ¶ 2.

20                                    **<u>MOTION</u>**

21          Defendant AutoZone Inc. ("AutoZone"), pursuant to ORCP 36C, moves for a protective

22    order that temporarily stays all discovery pending resolution of its Motion to Dismiss.  This motion

23    is supported by the Declaration of Leigh Ann Tift and the Memorandum in Support of Defendant's

24    Motion for a Temporary Stay of Discovery.

25

26

---

PAGE 1 – DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

1

Dated: January 9th, 2008

2

3

_____

4

Leigh Ann Tift OSB No.54782
LITTLER MENDELSON
A Professional Corporation

5

6

Attorneys for Defendant
Autozone Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on January _____, I served a full, true, and correct copy of the foregoing

3

**DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**:

4

5    ☒    By delivery via messenger, or otherwise by hand,

6    ☐    By facsimile,

7    ☐    By e-mail,

8    ☐    By mailing same, postage paid,

9    addressed to:

10
11    Bailey Pinney & Associates LLC
      Attorneys at Law
      1498 SE Tech Center Place
12    Suite 290
      Vancouver, WA  98683
13    Fax (360) 567-3331

14    Of Attorneys for Plaintiff

15

16

17    By _____

18              Laura Lucero

19

20

21

22

23

24

25

26

PAGE 3 – DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

1
2
3
4
5          IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                FOR THE COUNTY OF MULTNOMAH

7
8
9    MICHAEL MIGIS, individually, and on        No. 0711-13531
     behalf of all other persons similarly
10   situated,                                  **DECLARATION OF LEIGH ANN TIFT IN**
                                                **SUPPORT OF DEFENDANT'S MOTION**
11              Plaintiff,                       **FOR A TEMPORARY STAY OF**
                                                **DISCOVERY**
12        vs.

13   AUTOZONE INC., a Nevada
     Corporation,
14
                Defendant.
15

16        I, Leigh Ann Tift, hereby declare as follows:

17        1.    I am the attorney representing Defendant AutoZone Inc. in the above-captioned

18   matter, and I make this declaration in support of Defendant's Motion for a Temporary Stay of

19   Discovery.  I have personal knowledge of the matters related herein.

20        2.    I attempted to confer with plaintiff's counsel regarding the issue raised in Defendant's

21   Motion For a Temporary Stay of Discovery.  Specifically, on January 8, 2008, I left a very detailed

22   message with Plaintiff's counsel regarding the issues raised in Defendant's motion.  However,

23   Plaintiff's counsel has not returned my telephone call.

24        3.    Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Complaint.

25        4.    Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Set of

26   Requests for Production of Documents.

                                          1

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    5.    Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Second Set of

2    Requests for Production of Documents.

3    6.    Attached hereto as Exhibit 4 is a true and correct copy of the Complaint in *Joarnt, et*

4    *al. v. Autozone Inc.*

5    I declare that the above statements are true to the best of my knowledge and belief, and that I

6    understand that it is made for use as evidence in court and is subject to penalty for perjury.

7    Dated: January 9, 2008

8

9    _____
     Leigh Ann Tift OSB No.54732

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                2

PAGE 2 – DECLARATION OF LEIGH ANN TIFT IN
SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, I served a full, true, and correct copy of the foregoing

**DECLARATION OF LEIGH ANN TIFT IN SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**:

☒    By delivery via messenger, or otherwise by hand,

☐    By facsimile,

☐    By e-mail,

☐    By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____
Laura Lucero

3

PAGE 3 – DECLARATION OF LEIGH ANN TIFT IN
SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,,

                Plaintiff,

      vs.

AUTOZONE INC., a Nevada
Corporation,,

                Defendant.

No. 0711-13531

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR A
TEMPORARY STAY OF DISCOVERY**

## I.    INTRODUCTION

Defendant AutoZone Inc. ("AutoZone") requests that the Court enter a protective order

pursuant to Oregon Rule of Civil Procedure 36C temporarily staying discovery in this matter

pending AutoZone's motion to dismiss Plaintiff's claims against it.

## II.    STATEMENT OF FACTS

Plaintiff filed his complaint on November 16, 2007.  Declaration of Leigh Ann Tift ("Tift

Decl.") Exhibit 1 (Complaint).  At that time, Plaintiff also served his First Set of Requests for

Production of Documents.  *Id.* at Exhibit 2.  On November 30, 2007, Plaintiff served his Second Set

of Requests for Production of Documents.  *Id.* at Exhibit 3.  However, in March 2005, almost three

PAGE 1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A TEMPORARY STAY OF DISCOVERY

1   years before Plaintiff filed this action, a materially identical class action was filed with this Court by

2   named plaintiffs Richard Joarnt and Bert Yamaoko.  *Id.* at Exhibit 4 (Joarnt Action).  As discussed at

3   length in AutoZone's Memorandum in Support of Defendant's Motion to Dismiss, the Joarnt Action

4   involves substantially the same parties and the same claims as in this action.  As a result, on

5   December 26, 2007, AutoZone moved pursuant to Oregon Rule of Civil Procedure 21A(3) for

6   dismissal of the instant Complaint because there is another action pending between the same parties

7   and for the same cause.

8

9   Given the pendency of AutoZone's Motion to Dismiss, and for the reasons discussed below,

10  this Court should enter an order staying discovery in this case.

## III.    ARGUMENT AND AUTHORITY

12  ORCP 36C provides that a court may, for good cause shown, order "that the discovery not be

13  had" or "that the discovery may be had only on specified terms and conditions."   Although Oregon

14  decisions discussing the context of a temporary stay of discovery pending a motion to dismiss were

15  not found, a variety of federal authorities support the relief that AutoZone is requesting here.

17  In the context of federal decisions applicable here, it is well established that a stay of

18  discovery is warranted when a party has filed a motion to dismiss.[1]  *See Anderson v. Creighton*, 483

19  U.S. 635, 646 n.6 (1987) (threshold issue of qualified immunity should be determined before

20  allowing discovery); *Alaska Cargo Transp. Inc. v. Alaska R. R. Corp.*, 5 F.3d 378, 383 (9th Cir.

21  1993) (stay of discovery is appropriate when discovery sought is not relevant to issue of subject

---

[1] Fed. R. Civ. P. 26(c) contains standards that are similar to ORCP 36C insofar as the federal rule provides that a motion to stay discovery may be granted upon a showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

PAGE 2 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A TEMPORARY STAY OF DISCOVERY

1    matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery is only

2    appropriate where there are factual issues raised by Fed. R. Civ. P. 12(b) motion); *Rae v. Union

3    Bank*, 725 F.2d 478 (9th Cir. 1984) (district court did not err in staying discovery where there were

4    no factual issues raised by the 12(b) motion); *Ellingson Timber Co. v. Great Northern Railway Co.*,

5    424 F.2d 497, 499 (9th Cir. 1970) (stay of discovery permits "deferral of costly and potentially

6    dispositive preliminary issues.").

7

8         Notably, none of the discovery requests already served by Plaintiff are relevant to the issue

9    raised in AutoZone's Motion to Dismiss; rather, they are directed toward the merits of Plaintiff's

10   case.  As discussed at length in AutoZone's Motion to Dismiss, Plaintiff's Complaint is barred

11   because the Joarnt Action involves the same parties and the same claims.  Until the Court determines

12   whether Plaintiff can even proceed with his claims, AutoZone requests that the Court stay discovery

13   to reduce the burden and expense of this meritless litigation prior to dismissal.  As the discovery

14   cutoff has not yet been set, Plaintiff will not be prejudiced if discovery is stayed until resolution of

15   the pending Motion to Dismiss.  Further, if AutoZone's Motion to Dismiss is granted, there will be

16   no need for discovery at all.  In that event, AutoZone will have been spared the burden and expense

17   of unnecessary discovery.  As one district court explained, which granted a stay of discovery, the

18   merits discovery:

19

20            would place a burden upon Defendant which far exceeds any benefit Plaintiff
             would derive.  Should Defendant prevail on its motion to dismiss, any effort
21            expended in responding to merits-related discovery would prove to be a waste of
             both parties' time and resources.  Should Defendant's motion be denied, however,
22            Plaintiff will still have ample time and opportunity to conduct discovery on the
             merits.
23

24   *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001).  Accordingly, a

25   stay of discovery in this case pending a ruling on AutoZone's Motion to Dismiss is appropriate.

26

---

PAGE 3 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A TEMPORARY STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1

### IV.   CONCLUSION

2    Based on the foregoing, AutoZone respectfully requests that the Court grant its request for a

3

protective order and temporarily stay discovery pending a ruling on AutoZone's Motion to Dismiss.

4

5

6    Dated: January ___9___$^{m}$___, 2008

7

8    Leigh Ann Tift OSB No. 54732
9    LITTLER MENDELSON
     A Professional Corporation

10
     Attorneys for Defendant
11   Autozone Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 4 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A TEMPORARY STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on January ____, 2008, I served a full, true, and correct copy of the

3   foregoing:

4   **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY**

5   **STAY OF DISCOVERY**:

6

7               ☒          By delivery via messenger, or otherwise by hand,

8               ☐          By facsimile,

9               ☐          By e-mail,

10              ☐          By mailing same, postage paid,

11  addressed to:

12

13              Bailey Pinney & Associates LLC
                Attorneys at Law
14              1498 SE Tech Center Place
                Suite 290
                Vancouver, WA  98683
15              Fax (360) 567-3331

16                            Of Attorneys for Plaintiff

17

18

19
                        By _____
20                             Laura Lucero

21

22

23

24

25

26

PAGE 5 – MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A TEMPORARY STAY OF DISCOVERY

FILE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

            Plaintiff,

   vs.

AUTOZONE INC., a Nevada Corporation,

            Defendant.

No. 0711-13531

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff Michael Migis argues that dismissal of his claims under ORCP 21A(3) is inappropriate because he believes that (1) the rule requires the parties to be identical and (2) his claims, although identical to those asserted in *Joarnt, et al. v. Autozone, Inc.*, are different because they cover different (but overlapping) time periods.

However, there is simply no dispute that both the Joarnt Action and the case at bar involve claims against AutoZone alleging the same kinds of violations of Oregon's wage and hour laws and seeking to recover unpaid wages, overtime wages, minimum wages, and penalty wages for all current and former employees of AutoZone.  Plaintiff, who also is a putative class member in the Joarnt Action, seeks to represent a statewide class of the *same* former and current employees that are involved in the Joarnt Action.  Because the two actions are materially identical, this Court should dismiss this action without prejudice.

PAGE 1 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## II.   ARGUMENT AND AUTHORITY

**A.   Oregon Law Requires Dismissal of this Action Because it Involves the Same Parties and the Same Claims as the Joarnt Action**

Oregon Rule of Civil Procedure 21A(3) requires dismissal of a complaint if there is "another action *pending* between the same parties for the same cause[.]" *Beetham v. Georgia-Pacific Corp.*, 87 Or. App. 592, 595 (1987) (emphasis in original). Before ORCP 21A(3), Oregon courts analyzed this particular issue under the common law defense of abatement. *See Smith v. Morris*, 112 Or. App. 217, 218 (1992) (nothing that ORCP 21A(3) replaced the defense of abatement). The underlying purpose behind the defense is to "prevent the defendant from being harassed by the pendency 'at the same time of two actions based on the same cause of action, at the instance of the same plaintiff, who has a complete remedy by one of them[.]" *Lee v. Mitchell*, 152 Or. App. 159, 163-64 (1998). According to ORCP 21A(3), the only issue before this court is whether there is another action pending (1) for the same cause and (2) between the same parties. There is simply no dispute that AutoZone has met this burden.

### 1.   Plaintiff's lawsuit and the Joarnt Action are for the same cause.

As an initial matter, Plaintiff is only willing to concede that the "issues in each case are substantially similar." Response at 1. This is incorrect. Rather, the issues are *identical*. Specifically, Plaintiff and the named plaintiffs in the Joarnt Action claim that AutoZone allegedly:

- Failed to pay for all hours worked. Exhibit 1 at ¶¶ 3 and 9; Exhibit 2 at ¶ 2.[1]

- Failed to provide employees with meal and rest periods. Exhibit 1 at ¶¶ 4-8; Exhibit 2 at ¶ 4.

---

[1] Exhibits 1 and 2 are attached to the Declaration of Douglas S. Parker, which was filed with AutoZone's initial motion.

PAGE 2 – REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

•    Failed to pay overtime in excess of 40 hours in a work week. Exhibit 1 at ¶ 10; Exhibit 2 at ¶ 3.

•    Failed to pay individuals no longer working for AutoZone all wages allegedly due as of the date on which their employment was terminated. Exhibit 1 at ¶ 11; Exhibit 2 at ¶ 5.

Plaintiff Migis' argument that the claims in this lawsuit are different from those in *Joarnt* are baseless—the claims asserted in this case are substantively identical.

### 2.    The parties in Plaintiff's lawsuit and in the Joarnt Action are the same

Plaintiff claims that the parties in his lawsuit and in the Joarnt Action are not the same because "the named plaintiffs in these two cases are not the same person," but provides absolutely no authority for the idea that this somehow makes a difference. Plaintiff seeks to represent himself and "all others similarly situated ... [who] are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions." Exhibit 1 at ¶ 14. The named plaintiffs in the Joarnt Action seek to represent the same group of people. Exhibit 2 at ¶ 7.

Moreover, there is nothing in Oregon law to suggest that "same parties" for purposes of ORCP 21A(3) or common law abatement means that the parties must identical. Plaintiff likely knows this to be true given his failure to provide any authority to support his argument in this regard. In fact, in analyzing the "same parties" aspect of an abatement defense, the Oregon Supreme Court held that it is not "necessary that the parties should be *identical* in both suits" because "the term 'parties' includes privies." *Crane v. Larsen*, 15 Or. 345, 349 (1887) (emphasis added).

Although Plaintiff may object to the age of the *Crane* decision, it does not appear that any Oregon appellate court has since reconsidered whether "same parties" means "identical parties." As a result, *Crane* remains good authority. Moreover, *Crane* is in accord with the decisions of other state courts who analyzed this exact issue: "same parties" does not mean "identical parties." *See*

---

PAGE 3 – REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

*May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 247, 710 N.E.2d 460 (1999) ("'Same parties' does not mean that the parties to both litigations have to be identical, for even if the litigants differ in name or number, the 'same parties' requirement is met if the litigants' interests are sufficiently similar."); *Kapoor v. Fujisawa Pharmaceutical Co., Ltd.*, 298 Ill. App. 3d 780, 786, 699 N.E.2d 1095 (1998) ("Neither the parties nor the cause need be identical to the prior pending suit.") (quoting *Forsberg v. City of Chicago*, 151 Ill. App. 3d 354, 372, 502 N.E.2d 283 (1987)); *J.D. Candler Roofing Co., Inc. v. Dickson*, 149 Mich. App. 593, 600, 386 N.W.2d 605 (1986) ("[C]omplete identity of parties [is] not necessary to invoke the doctrine of former suit pending.").

Plaintiff's final argument against a finding that the class he seeks to represent and the putative class in the *Joarnt* Action are the same is based solely on the lapse of time between the filing of the *Joarnt* Action and this action. From this, Plaintiff speculates that the "[p]ersons who would be entitled to recover under *Joarnt* and persons who be entitled to recover under *Migis*, therefore, are not necessarily the same people." Response at 1-2. But herein lies the problem. A lot of people are subject to both cases and Migis offers no authority about how to protect them, and defendant, from the high potential of inconsistent rulings in the two cases.[2] The *Joarnt* matter is still pending in this Court (albeit Plaintiffs requested and received authority from Judge Kantor to file an interlocutory appeal as to some issues) and would necessarily, if certified as a class action, adjudicate the rights of all now putative class members, i.e., all current and former employees of AutoZone.[3]

---

[2] For instance, if this is all about giving the named plaintiffs in Migis some control of the action in *Joarnt*, presumably, class counsel (same in both cases) need only file a motion to that effect after the Court of Appeals deals with the interlocutory issues in *Joarnt*.

[3] Certainly the interlocutory issues in *Joarnt* will be no different in the *Migis* case, meaning nothing is gained on that score by filing the new lawsuit.

PAGE 4 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1    The reality is that even though the named plaintiffs are different, it is undisputed that the

2    interests that they are pursuing and the putative class members that they seek to represent are

3    identical.[4] Moreover, both actions seek the same remedies from the same defendant for the same

4    alleged violations of Oregon state law.  The instant action should be dismissed.

5    **B.**    **The "First to File" Rule Should Also Persuade this Court that Dismissal of the Instant**

6    **Action is Appropriate**

7    In his Response, Plaintiff completely ignores AutoZone's argument that the "first to file" rule

8    used in the federal system is equally persuasive for interpreting Oregon's prohibition against claims

9    involving the same parties and claims proceeding on dual tracks.  As discussed, the "first to file" rule

10   allows a federal district court to "decline jurisdiction over an action when a complaint involving the

11   same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v.*

12   *Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of California v.*

13   *United States Dep't of Army*, 611 F.2d 738 (9th Cir. 1979)).  "Exact parallelism between the two

14   actions need not exist; it is enough if the parties and issues in the two actions are 'substantially

15   similar.'" *Walker v. Progressive Casualty Insurance Company*, No. C03-656R, 2003 WL 21056704,

16   at *2 (W.D. Wash. 2003) (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).

17

18   The federal analysis is that the parties and claims in this action are significantly similar to the

19   parties and claims in the previously filed Joarnt Action so as to require their dismissal.  In particular:

20

21        •    The Joarnt Action and Plaintiff's lawsuit involve a state-wide class of
          AutoZone employees.

22

23        •    AutoZone is a defendant in both actions.

24   _____

     [4] Although plaintiffs in this case and in *Joarnt* have specifically stated that damages are for the
25   statutory time periods preceding each suit, plaintiffs including in *Joarnt* also were obligated to have
     pursued all claims that could have been brought against Autozone. *Drews v. EBI Companies*, 310
26   Or 136, 140 (1990).  Regardless, Autozone relies on their claims as now stated in its argument
     herein.

PAGE 5 – REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

- Both cases involve claims for alleged failures to (1) compensate employees for all hours worked, (2) provide meal and rest periods to employees, (3) compensate employees for overtime worked in excess of 40, and (4) compensate employees no longer working for AutoZone for alleged amounts due.

In fact, Plaintiff's argument that the parties are not the same because of the two-year difference between the lawsuits has been squarely rejected a by federal district court faced with the same issue. In *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005), former management employees filed a putative collective action against Abercrombie alleging a variety of violations under the Fair Labor Standards Act ("FLSA"). However, pending in a different jurisdiction was a similar action brought by a different manager for the same company. *Id.* Fuller claimed that the "first to file" rule should not apply by arguing that the "representative plaintiffs are different." *Id.* at 689. The district court rejected this argument and found that although "the named plaintiffs are different individuals, all are former Abercrombie employees who worked as managers-in-training and assistant managers." *Id.* In fact, according to the district court, "the named plaintiffs are effectively identical." *Id.* Relevant to Plaintiff's claim here that the two-year delay somehow warrants denial of AutoZone's motion is the following analysis from the *Fuller* court:

> The Court notes that Fuller's contentions – that the named plaintiffs are different individuals and that, due to the opt-in feature of the collective action under 29 U.S.C. § 216(b), *the collective classes in each action will be different* – are correct. Nonetheless, the Court finds that neither warrants the conclusion that the parties are not substantially similar. Importantly, for the actions to be duplicative, the parties need not be identical; they need only substantially overlap. *Here, the named plaintiffs and the collective classes substantially overlap.* ... Further, both actions seek to certify the same collective classes. *That the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance.*

*Id.* at 689-90 (emphasis added).

PAGE 6 – REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.    CONCLUSION

Plaintiff should not be permitted to pursue substantially identical claims involving the same parties on two separate tracks.  The cause of action Plaintiff seeks to assert in this case is already pending before another Oregon court.  Certainly in this case, and in the interests of judicial economy, dismissal of this action would prevent two Oregon state courts from having to hear and resolve the same issues, and avoid inconsistent results, the risk of conflicting judgments were both actions allowed to proceed simultaneously demonstrates that this duplicative litigation is completely inappropriate.  This action should be dismissed.

Dated:  January 14, 2008

Douglas S. Parker OSB No. 82101
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
Autozone Inc.

PAGE 7 – REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

I hereby ce[rtify that ... true] and correct copy of the

foregoing **MEMO**[RANDUM IN SUPPORT OF DEFENDANT'S M]**OTION TO DISMISS**:

addressed to:

By _Laura M Lucero_
Laura Lucero

84035774.1 013306.2124

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1
2
3
4
5

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

6

7   **MICHAEL MIGIS**, individually, and on
behalf of all other persons similarly situated,

8                           Plaintiff,

9

10     v.

11

12   **AUTOZONE, INC.**, a Nevada corporation,

13                           Defendant.

14

**Case No.  0711-13531**

PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR A
TEMPORARY STAY OF DISCOVERY

Date:   February 14, 2008
Time:   9:00 a.m.
The Hon. Jerome LaBarre

15                           **I.  INTRODUCTION**

16        PLAINTIFF MIGIS hereby submits this *Response* to Defendant AutoZone's ORCP 36C

17   *Motion* to stay discovery.  Because Defendant unilaterally has withheld discovery from Plaintiff,

18   Plaintiff requests an order pursuant to ORCP 36C that AutoZone fully respond to Plaintiff's First

19   and Second sets of discovery requests within seven (7) business days of February 14, 2008.

20        Moreover, pursuant to ORCP 45C, Plaintiff requests that the Court strike Defendant's

21   objections to Plaintiff's Requests For Admission and deem those matters admitted.

22        Plaintiff supports this *Response* with the *Declaration of Chey K. Powelson* ("*Decl.*

23   *Powelson*").

24   ///

25   ///

26

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## II. POINTS & AUTHORITIES

**A.    Overview**

    1.    Requests For Production

        AutoZone fails to show good cause as to why it should not have to respond to Plaintiff's Requests for Production.  Oregon case law is clear: when a person seeking a protective order claims potential harm (e.g., undue burden or expense), such harm must be "significant, not a mere trifle." *Citizens' Util. Bd. v. Oregon Pub. Util. Comm'n*, 128 Or App 650, 658 (1994). "Broad allegations of harm unsubstantiated by specific examples or articulated reasoning do not satisfy the good cause requirement." *Id.*

        If a party's motion for a protective order "is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery." ORCP 36C.  Plaintiff therefore requests an order for immediate production of the information requested in his First and Second sets of discovery.

    2.    Requests For Admissions

        AutoZone failed to admit or deny Plaintiff's Requests For Admission. *Decl. Powelson*, Ex. B. ORCP 45B requires that a matter is admitted unless a party responding to requests for admission make a written answer or "objection addressed to the matter[.]"  The purpose of requests for admissions "is to expedite trial by establishing certain material facts as true...thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).  "Unless the court determines that an answer does not comply with the requirements of [ORCP 45], it may order either that the matter is admitted or that an amended answer be served." ORCP 45C.

        In order to expedite this case, narrow the issues for trial, and prevent prejudice to Plaintiff, Plaintiff requests an order that Defendant's failure to properly object is a constructive admission to the matter in each Request.

Page 2 -    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
            FOR A TEMPORARY STAY OF DISCOVERY

1 **B.    "Good Cause" for Withholding Discovery**

2       Although "discovery may in a proper case be stayed pending the outcome of a motion to

3 dismiss, 'the issuance of a stay is by no means automatic.'" *Spencer Trask Software and*

4 *Information Svcs, LLC v. RPost Int'l Ltd*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (cite omitted).

5 "'Had the Federal Rules contemplated that a motion to dismiss...would stay discovery, the Rules

6 would contain a provision for that effect.   In fact, such a notion is directly at odds with the need

7 for expeditious resolution of litigation.'" *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598,

8 600-01 (C.D.Cal. 1995) (cite omitted).[1]   Neither ORCP 21 nor ORCP 36 provides for an

9 automatic stay of discovery pending resolution of an ORCP 21A(3) motion.

10      A defendant is *not* entitled to a stay of discovery when it does "no more than...argue in

11 conclusory fashion that its motion to dismiss will succeed.   This 'idle speculation does not

12 satisfy...[the] good cause requirement....'" *Skellerup Indus.* 600 (cite omitted).   This is consistent

13 with Oregon case law requiring articulated reasoning and specific examples showing good cause.

14      When a motion to dismiss is pending and the moving party also requests a stay for

15 discovery, a court should consider all the facts and circumstances of the case, including: (1) the

16 **strength** of the motion to dismiss; (2) the **scope** of the requests and the **burden** of responding

17 to them; and (3) the **prejudice** that would result to the non-moving party as a result of the stay.

18 *Spencer Trask*, 206 F.R.D. at 368.   See also *Hachette Distribution, Inc. v. Hudson County News*

19 *Co.*, 136 F.R.D. 356, 358-59 (E.D.N.Y. 1991) (Court denying defendant's motion for stay, and

20 stating that "a case-by-case analysis is required, since such an inquiry is necessarily fact-specific

21 and depends on the particular circumstances and posture of each case"); and *Skellerup Indus.*, 163

22 F.R.D. at 600-01 (Court denying defendant's motion for protective order because defendant failed

23 to make a "strong showing").

24

25

26      [1]      "In interpreting the [Oregon] rules of civil procedure, context may include the federal
counterparts of the Oregon rules." *Stevens v. Czerniak*, 336 Or 392, 401 (2004).

Page 3 -    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
            FOR A TEMPORARY STAY OF DISCOVERY

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1        1.    <u>Strength of the Motion to Dismiss</u>

2        As set forth in Plaintiff's *Response* to Defendant's *Motion to Dismiss*, the validity of that

3    *Motion* is questionable because: there are different parties, the putative class members and class

4    periods are different, and a substantial amount of time has elapsed between the filing of *Joarnt*

5    *v. AutoZone* in March 2005 and the *Migis* case in November 2007.  See also *Mursener v. Forte*,

6    186 Or 253, 275 (1949); and *Smith v. Morris*, 112 Or App 217, 218 (1992).[2]

7        2.    <u>Scope of the Discovery Requests  /  Burden of Responding</u>

8        Plaintiff filed this suit on November 16, 2007 and simultaneously served a First Set of

9    discovery requests (including Requests For Admission).  There is no dispute that Plaintiff's First

10   Set of discovery requests are narrowly tailored; they primarily request information (stored in

11   electronic format) limited to a time period of "12 months preceding the filing of this lawsuit."

12   See *Declaration of Leigh Ann Tift*, Ex. 2.[3]

13       But Defendant objected to those requests for production and admission due to the pending

14   motion to dismiss and motion to stay.  *Decl. Powelson*, Ex. B (Defendant has not responded to

15   Plaintiff's Second Set of discovery).

16       Significantly, Defendant failed to object that the requests were overly broad or unduly

17   burdensome.  *Decl. Powelson*, Ex. B.  Although that is the type of harm ORCP 36C should

18   prevent – and a substantial factor when considering whether to order discovery in light of a

19   pending motion to dismiss – a protective order is appropriate only upon the showing of good

20   cause.  Defendant fails to establish good cause, offering instead only idle speculation that its

21   *Motion to Dismiss* will prevail.

22   ///

23

24       [2]    Nonetheless, it appears that by arguing the two lawsuits are "the same," Defendant concedes certain ORCP 32 elements, such as commonality, typicality, and that common questions of law

25   or fact predominate over individual considerations.

26       [3]    This also means the requests do not overlap with discovery sought in the *Joarnt* action.

Page 4 -    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
             FOR A TEMPORARY STAY OF DISCOVERY

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

3.    Prejudice to Non-Moving Party

A stay of discovery would prejudice Plaintiff for a number of reasons. First, if, after hearing the Motion to Dismiss on February 7, the Court takes (or has taken) that matter under advisement, Plaintiff will be unable to expeditiously pursue discovery supporting his and the putative class members' claims. This point becomes all the more relevant in light of the Multnomah County Circuit Court's preference that civil cases go to trial very close to one year after filing. Plaintiff served Defendant with the discovery requests, including requests for admissions, over two months ago. Additional delay by Defendants will prejudice Plaintiff; he will not be able to, as the putative class representative, exercise his personal stake (an independent, procedural right) in seeking class certification. See e.g., *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-04 (1980).

As a collateral issue, it is also important for Plaintiff Migis to obtain the requested discovery at this time, especially relating to himself in an individual capacity, prior to any possible destruction of the information by Defendant AutoZone. One of Defendant's counsel in this case (Ms. Leigh Ann Tift of Littler Mendelson) was also defending the *Joarnt* action. Prior to the stay of *Joarnt* on appeal, however, AutoZone's counsel admitted on the record to Judge Kantor that, *inter alia*, even after the lawsuit was filed in 2005, AutoZone destroyed boxes containing potentially discoverable information. *Decl. Powelson*, Ex. A.

Due to Defendant AutoZone's track record of failing to preserve discovery, the more time that passes before Defendant is required to produce information in this case, the higher the likelihood the information will, absent a Court order, cease to exist.[4]

---

[4]    This will also occur if the Court dismisses this action without prejudice for Plaintiff to re-file at some later but undetermined date, in the interim more information could be lost. If the Court takes (or has taken) the *Motion to Dismiss* under advisement, then Plaintiff respectfully requests a temporary Court order that Defendant, to the extent not already done so, preserve all potentially discoverable information relating to all reasonably foreseeable claims and defenses in this lawsuit.

Page 5 -    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR A TEMPORARY STAY OF DISCOVERY

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    Finally, the requested information in this case will further support Plaintiff's contention

2    that the *Joarnt* action and this action clearly are not identical.

3

4                              **III. CONCLUSION**

5    For the foregoing reasons, Plaintiff requests an order pursuant to ORCP 36C that

6    Defendant AutoZone fully respond to Plaintiff's First and Second sets of discovery requests

7    within seven (7) business days of February 14, 2008.

8    Plaintiff further requests an order striking Defendant's objections to Plaintiff's Requests

9    For Admission and deem those matters admitted.[5]

10

11

12    DATED this ___24___ day of January 2008.

13

14    _____

15    CHEY K. POWELSON, OSB No. 03551
      R. BRADLEY GRIFFIN, OSB No. 072390
16    Of Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25    _____

26    [5]    In the alternative, Plaintiff requests an order that Defendant serves amended responses
      to the RFAs within five (5) business days of February 14, 2008.

Page 6 -    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
            FOR A TEMPORARY STAY OF DISCOVERY

## · CERTIFICATE OF SERVICE ·

I hereby certify that I served the foregoing **Plaintiff's Response to Defendant's Motion for a Temporary Stay of Discovery** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:

[X]  by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]  by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    January 24, 2008

_____
CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

1
2
3
4
5
6

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

7

**MICHAEL MIGIS**, individually, and on
behalf of all other persons similarly situated,

8

9                    Plaintiff,

**Case No. 0711-13531**

10

v.

DECLARATION OF CHEY K. POWELSON
SUPPORTING PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO STAY
DISCOVERY

11

12

**AUTOZONE, INC.**, a Nevada corporation,

13

14                    Defendant.

15

16        I, Chey K. Powelson, hereby declare as follows:

17        1.        I am one of the attorneys for the named Plaintiff. I am competent to testify in this

18                  matter, and base this declaration upon my own personal knowledge and/or the

19                  litigation files my firm maintains for this action.

20        2.        Attached hereto as **Exhibit A** is a true and correct portion of the transcript

21                  memorializing a January 27, 2006 hearing before the Hon. Henry Kantor of the

22                  Multnomah Co. Circuit Court regarding the *Joarnt v. AutoZone* matter. During

23                  that hearing, one of Defendant's counsel, Ms. Leigh Ann Tift, conceded to the

24                  Court that boxes of potentially discoverable information created by AutoZone

25                  were "not...retained" prior to November 2005. The *Joarnt* action was filed in

26

Page 1 -    Declaration of Chey K. Powelson Supporting Plaintiff's Response
            to Defendant's Motion to Stay Discovery

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  March 2005.

2  3.  Attached hereto as **Exhibit B** is a true and correct copy of Defendant's objections

3    to Plaintiff's First Set of Requests for Production and Admission. Upon

4    information and belief, Defendant has not responded in any way to Plaintiff's

5    Second Set of discovery requests. Those responses were due on or about January

6    11, 2008.

7

8  I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST

9  OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

10  FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR

11  PERJURY.

12

13  Dated this _24th_ day of January 2008 in Vancouver, Washington.

14

15  _____

16  CHEY K. POWELSON, OSB 03551
    Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

Page 2 -  Declaration of Chey K. Powelson Supporting Plaintiff's Response
    to Defendant's Motion to Stay Discovery

# PLAINTIFF'S EXHIBIT A

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY**

```
 1          IN THE CIRCUIT COURT OF THE STATE OF OREGON
 2                  FOR THE COUNTY OF MULTNOMAH
 3
 4     RICHARD JOARNT and BERT    )
       YAMAOKA, individually and )
 5     on behalf of All Persons  )
       similarly situated,       )
 6                    Plaintiffs,)
                vs.              )No. 0503-02795
 7                               )
       AUTOZONE, INC., a         )
 8     Foreign Corporation,      )
                    Defendant. )
 9
10              Transcript of Proceedings
11
12
13          BE IT REMEMBERED THAT on the 27th
14     day of January, 2006, the above-entitled matter
15     came on for audio recorded hearing before the
16     HONORABLE HENRY KANTOR, a Circuit Court Judge.
17
18
19
20
21
                    DEBORAH L. COOK
22                 COURT REPORTING
                1102 N. Springbrook Road
23                  Suite 136
                Newberg, Oregon  97132
24                 (503) 537-0339
              deb@cookcourtreporting.com
25
```

EXHIBIT _A_
Page _1-4_




Page 31

1   defense as to any additional oral argument they

2   would like to make.

3        MS. TIFT:   Your Honor, probably this motion

4   is that what they are requiring Auto Zone to do is

5   to keep everything, knowing that "everything" is a

6   category that is too big.

7        They have looked at these documents, and

8   they are saying they need to be retained.   And when

9   they did go through each month, they pulled out two

10  pieces of paper.   And those two pieces of paper are

11  absolutely redundant to the other things they have

12  asked for.   In any event, we're keeping it all now,

13  so --

14       THE COURT:   Where is it?

15       MS. TIFT:   Pardon me?

16       THE COURT:   Where are the boxes?

17       MS. TIFT:   The boxes are retained at each

18  store.

19       THE COURT:   What about the boxes that were

20  previously shipped?

21       MS. TIFT:   The boxes that were previously

22  shipped went to California.   And they have not been

23  retained.

24       THE COURT:   None?   Not even the ones that

25  were shipped somewhat recently?



EXHIBIT A
Page 2-4

Page 32

1          MS. TIFT:  There haven't been any recent

2     shipments.

3          THE COURT:  When was the last shipment?

4          MS. TIFT:  As I understand it, October of

5     2005.

6          THE COURT:  So a box that was shipped in

7     2005 was immediately destroyed?

8          MS. TIFT:  That's my understanding.  But,

9     Your Honor, you have to understand that most of

10    that stuff they have gone through.  This stuff --

11    most of the stuff that was destroyed doesn't relate

12    at all to this case.

13          THE COURT:  But you don't get to make that

14    determination, Ms. Tift.  Yeah, it's true in one

15    box maybe they only found two documents.  In Box 34

16    they might find 100.  You never know.  Just because

17    they decided in a particular box as they are going

18    through, that they only needed a few documents

19    doesn't mean they don't get to go through the

20    boxes.

21          MS. TIFT:  But they didn't ask to go through

22    the boxes.  That's the other thing, you sort of

23    jump ahead here.  They haven't really shown you a

24    discovery request where they said, show me

25    everything you have in the boxes.

EXHIBIT _A_
Page _2-4_

Page 61

STATE OF OREGON      )

                     ) ss.

COUNTY OF YAMHILL)

        I, Deborah L. Cook, RPR, a Certified Shorthand
Reporter, CSR in and for the State of Oregon and
Washington, hereby certify that at said time and place
I reported in stenotype all testimony adduced and
other oral proceedings had in the foregoing hearing
from audio recording; that thereafter my notes were
transcribed via computer-aided transcription by me
personally; and that the foregoing transcript
contains, to the best of my ability based on the sound
quality of said audio recording, a true and correct
record of such testimony adduced and other oral
proceedings had and of the whole thereof.

        Witness my hand and seal at Dundee, Oregon,
this 1st day of February, 2006.



DEBORAH L. COOK, RPR
Certified Shorthand Reporter
OREGON CSR #04-0389
CALIFORNIA CSR #12886
WASHINGTON CSR #2992

EXHIBIT  A
Page 4-4

# PLAINTIFF'S EXHIBIT B

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY**

# TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,, | No. 0711-13531 |
| Plaintiff, | **_DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS_** |
| vs. | |
| AUTOZONE INC., a Nevada Corporation,, | |
| Defendant. | |

Defendant AutoZone, Inc. ("Defendant") hereby submits its objections to Plaintiff's First Set of Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following objections apply generally to all of Plaintiff's discovery requests in this lawsuit:

(a)    <u>Objections to Scope of Discovery Requests</u>.  Defendant objects to all discovery requests to the extent they purport to require any actions not required by the Oregon Rules of Civil Procedure, the Uniform Trial Court Rules, or any local rules.  Without limiting the generality of this objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to lead to the discovery of admissible  evidence, and/or (3) purport to impose a duty of supplementation greater than that imposed by the Oregon Rules of Civil Procedure.

EXHIBIT _B_

Page _1-14_

PAGE 1 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    (b)    <u>Privilege and Trial Preparation Materials</u>. Defendant objects to all discovery requests

2    to the extent they call for information or documents that fall within any relevant privilege (including

3    without limitation the attorney-client privilege), that are within the work product doctrine, or that

4    constitute trial preparation materials.

5    (c)    <u>No Waiver</u>. Nothing set forth in Defendant's specific objections, general objections

6    or responses is intended as or should be construed as a waiver of these general objections, or of any

7    specific objections set forth.

8    (d)    <u>Reservation of Rights</u>. Defendant reserves the right to move later for a protective

9    order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's

10   objections by agreement.

11   (e)    <u>Publicly Available Documents</u>. Defendant objects to producing publicly available

12   documents (including without limitation court records) that are, due to their public availability,

13   equally available to the requesting party.

14   (f)    <u>Pending Motion to Dismiss and Motion to Stay</u>. Defendant objects to responding to

15   these requests in their entirety in light of Defendant's Motion to Dismiss and Motion to Stay

16   Discovery, both of which are currently pending before the Court. If this matter survives Defendant's

17   Motion to Dismiss or if Defendant's Motion to Stay Discovery is not granted, Defendant will

18   supplement its responses to these requests. However, nothing in these responses, including

19   Defendant's refusal to respond, should be construed as an admission to the substance of any

20   particular request for admission.

21   (g)    <u>Non-conformance with ORCP 45A</u>. Defendant objects to all requests for admission

22   contained in these discovery requests insofar as (1) they are not included in a separate document and

23   (2) they do not include the "notice" language contained in ORCP 45A that is required to be included

24   in any and all requests for admission.

EXHIBIT __B__

Page __2 - 14__

25

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1   Defendant's response to each request specifically incorporates these General Objections by

2   this reference.

3   <div align="center">**SPECIFIC OBJECTIONS AND RESPONSES**</div>

4   **REQUEST FOR ADMISSION NO. 1**:   Admit that Defendant failed to pay all wages

5   earned and unpaid by the end of the first business day after termination, to at least one involuntarily

6   terminated employee within the 12 months preceding the date of the filing of this lawsuit.

7   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

8   forth herein. Defendant also objects to responding to this request in its entirety in light of

9   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11   Stay Discovery is not granted, Defendant will supplement its response to this request. However,

12   nothing in this response, including Defendant's refusal to respond, should be construed as an

13   admission to the substance of this particular request for admission.

14   **REQUEST FOR PRODUCTION NO. 1**: If Defendant admits RFA No. 1, produce all

15   documents and electronically stored information for all involuntarily terminated employees to whom

16   Defendant failed to pay all wages earned and unpaid by the end of the first business day after

17   termination, within the referenced time period. Produce documents and electronically stored

18   information in electronic format. If electronic format is not available, produce in original format.

19   This request includes, but is not limited to, Documents and Electronic Data as defined above.

20   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set forth

21   herein. Defendant also objects to responding to this request in its entirety in light of Defendant's

22   Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending before the

23   Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to Stay

24   Discovery is not granted, Defendant will supplement its response to this request.

EXHIBIT _B_

Page _3-14_

25

26

---

PAGE 3 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 2**: If Defendant denies RFA No. 1, produce all

2    documents and electronically stored information for all involuntarily terminated employees within

3    the referenced time period which Defendant relies upon to support its denial. Produce documents

4    and records in electronic format. If electronic format is unavailable, produce in original format.

5    This request includes, but is not limited to, Documents and Electronic Data as defined above.

6    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

7    forth herein. Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10   Stay Discovery is not granted, Defendant will supplement its response to this request.

11   **REQUEST FOR ADMISSION NO. 2**:    Admit that Defendant failed to immediately pay

12   all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of their

13   intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

14   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

15   forth herein. Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request. However,

19   nothing in this response, including Defendant's refusal to respond, should be construed as an

20   admission to the substance of this particular request for admission.

21   **REQUEST FOR PRODUCTION NO. 3**: If Defendant admits RFA No. 2, produce all

22   documents and electronically stored information for all employees who gave not less than 48 hours'

23   notice of their intention to quit, to whom Defendant failed to pay all wages earned and unpaid

24   immediately at the time of quitting, within the referenced time period. Produce documents and

25   electronically stored information in electronic format. If electronic format is unavailable, produce in

26

EXHIBIT _B_

Page _4-14_

PAGE 4 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1     original format.  This request includes, but is not limited to, Documents and Electronic Data as

2     defined above.

3         **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

4     forth herein.  Defendant also objects to responding to this request in its entirety in light of

5     Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6     before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7     Stay Discovery is not granted, Defendant will supplement its response to this request.

8         **REQUEST FOR PRODUCTION NO. 4**:  If Defendant denies RFA No. 2, produce all

9     documents and electronically stored information for all employees who gave not less than 48 hours'

10    notice of their intention to quit, within the referenced time period which Defendant relies upon to

11    support its denial.  Produce documents and electronically stored information in electronic format.  If

12    electronic format is unavailable, produce in original format.  This request includes, but is not limited

13    to, Documents and Electronic Data as defined above.

14         **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

15    forth herein.  Defendant also objects to responding to this request in its entirety in light of

16    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18    Stay Discovery is not granted, Defendant will supplement its response to this request.

19         **REQUEST FOR ADMISSION NO. 3**:  Admit that Defendant failed to pay all wages

20    earned and unpaid within five business days after at least one employee quit without giving 48 hours'

21    notice, within the 12 months preceding the date of the filing of this lawsuit.

22         **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

23    forth herein.  Defendant also objects to responding to this request in its entirety in light of

24    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

25    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

26

EXHIBIT _B_

Page _5-14_

---

PAGE 5 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1  Stay Discovery is not granted, Defendant will supplement its response to this request. However,

2  nothing in this response, including Defendant's refusal to respond, should be construed as an

3  admission to the substance of this particular request for admission.

4  **REQUEST FOR PRODUCTION NO. 5**: If Defendant admits RFA No. 3, produce all

5  documents and electronically stored information for all employees who quit, to whom Defendant

6  failed to pay all wages earned and unpaid within five business days, within the referenced time

7  period. Produce documents and electronically stored information in electronic format. If electronic

8  format is unavailable, produce in original format. This request includes, but is not limited to,

9  Documents and Electronic Data as defined above.

10  **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

11  forth herein. Defendant also objects to responding to this request in its entirety in light of

12  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

13  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

14  Stay Discovery is not granted, Defendant will supplement its response to this request.

15  **REQUEST FOR PRODUCTION NO. 6**: If Defendant denies RFA No. 3, produce all

16  documents and electronically stored information for all employees who quit without notice within

17  the referenced time period which Defendant relies upon to support its denial. Produce documents

18  and electronically stored information in electronic format. If electronic format is unavailable,

19  produce in original format. This request includes, but is not limited to, Documents and Electronic

20  Data as defined above.

21  **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

22  forth herein. Defendant also objects to responding to this request in its entirety in light of

23  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25  Stay Discovery is not granted, Defendant will supplement its response to this request. EXHIBIT _B_

26  Page _6-14_

---

PAGE 6 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 7**:  Produce all employment agreements, contracts,

2    covenants and addendums between Plaintiff and Defendant.  This request includes but is not limited

3    to correspondence stored on electronic disks, recording tapes, and computer banks.

4    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

5    forth herein.  Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9    **REQUEST FOR PRODUCTION NO. 8**:  Produce all correspondence wherein Plaintiff's

10   name is mentioned, including all letters, e-mail correspondence, and correspondence stored on any

11   data compilations from which information can be obtained or translated, if necessary, by Defendant

12   through detection devices into reasonably usable form.  This request includes but is not limited to

13   correspondence stored on electronic disks, recording tapes, and computer banks.

14   **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

15   forth herein.  Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request.

19   **REQUEST FOR PRODUCTION NO. 9**:  Produce all interoffice memorandum wherein

20   Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

21   memorandum stored on any data compilations from which information can be obtained or translated,

22   if necessary, by Defendant through detection devices into reasonably usable form.  This request

23   includes but is not limited to correspondence stored on electronic disks, recording tapes, and

24   computer banks.

25   / / /

26

EXHIBIT _B_
Page _7-14_

PAGE 7 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

2    forth herein.  Defendant also objects to responding to this request in its entirety in light of

3    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

4    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

5    Stay Discovery is not granted, Defendant will supplement its response to this request.

6    **REQUEST FOR PRODUCTION NO. 10**: Produce all application forms, resumes or other

7    such documents and electronically stored information submitted by Plaintiff to Defendant.

8    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

9    forth herein.  Defendant also objects to responding to this request in its entirety in light of

10    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

11    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

12    Stay Discovery is not granted, Defendant will supplement its response to this request.

13    **REQUEST FOR PRODUCTION NO. 11**: Produce any and all documents and

14    electronically stored information, including correspondence, recordings, meetings, memos, notes,

15    discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the

16    subject of Plaintiff's wages or pay either individually or by inclusion in a larger group.  This request

17    includes but is not limited to correspondence stored on electronic disks, recording tapes, and

18    computer banks.

19    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

20    forth herein.  Defendant also objects to responding to this request in its entirety in light of

21    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23    Stay Discovery is not granted, Defendant will supplement its response to this request.

24    ///

25    ///

EXHIBIT __B__
Page __B - 14__

26

---

PAGE 8 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    **REQUEST FOR PRODUCTION NO. 12**: Produce all documents and electronically stored

2    information contained in Plaintiff's personnel file and records, including all notes, notations, or other

3    entries or marks of any nature whatsoever and including the cover of the file.  This request includes

4    but is not limited to correspondence stored on electronic disks, recording tapes, and computer banks.

5    Defendant shall make explicit identification of the documents it produces responsive to this request.

6        **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

7    forth herein.  Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10    Stay Discovery is not granted, Defendant will supplement its response to this request.

11    **REQUEST FOR PRODUCTION NO. 13**: Produce all documents and electronically stored

12    information referencing Plaintiff's earnings individually or by inclusion in a larger group, including

13    all records, documents or internal correspondence between Plaintiff and any of Defendant's agents or

14    between any of Defendant's agents concerning or mentioning Plaintiff or Plaintiff's earnings, wages

15    or compensation.

16        **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

17    forth herein.  Defendant also objects to responding to this request in its entirety in light of

18    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

19    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

20    Stay Discovery is not granted, Defendant will supplement its response to this request.

21    **REQUEST FOR PRODUCTION NO. 14**: Produce all documents and electronically stored

22    information evidencing the hours Plaintiff worked or was expected to work individually or by

23    inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time records,

24    time cards, punch clock records, time sheets, work time schedules and any data compilations from

25    which information can be obtained or translated, if necessary, by Defendant through detection

26

EXHIBIT __B__

Page 9-14

PAGE 9 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    devices into reasonably usable form. This request includes but is not limited to correspondence

2    stored on electronic disks, recording tapes, and computer banks.

3    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

4    forth herein. Defendant also objects to responding to this request in its entirety in light of

5    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7    Stay Discovery is not granted, Defendant will supplement its response to this request.

8    **REQUEST FOR PRODUCTION NO. 15**: Produce all pay stubs, payroll worksheets, pay

9    checks and other such documents and electronically stored information prepared or used by

10   Defendant to calculate the amount of wages owed to Plaintiff. This request includes all the

11   requested data stored on electronic disks, recording tapes, and computer banks.

12   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

13   forth herein. Defendant also objects to responding to this request in its entirety in light of

14   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

15   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

16   Stay Discovery is not granted, Defendant will supplement its response to this request.

17   **REQUEST FOR PRODUCTION NO. 16**: Produce all of Defendant's employee manuals or

18   employee handbooks in place during the course of Plaintiff's employment with Defendant.

19   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

20   forth herein. Defendant also objects to responding to this request in its entirety in light of

21   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23   Stay Discovery is not granted, Defendant will supplement its response to this request.

24   ///

25   ///

26

EXHIBIT _3_
Page _10-14_

PAGE 10 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1  **REQUEST FOR PRODUCTION NO. 17**:  Produce all documents and electronically

2  stored information relating to Plaintiff's termination.  This request includes but is not limited to

3  correspondence stored on electronic disks, recording tapes, and computer banks.

4  **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

5  forth herein.  Defendant also objects to responding to this request in its entirety in light of

6  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7  before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8  Stay Discovery is not granted, Defendant will supplement its response to this request.

9  **REQUEST FOR PRODUCTION NO. 18**: Produce all documents and electronically stored

10  information Plaintiff filled out as a condition of his employment, including all federal tax forms.

11  This request includes but is not limited to correspondence stored on electronic disks, recording tapes,

12  and computer banks.

13  **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

14  forth herein.  Defendant also objects to responding to this request in its entirety in light of

15  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

16  before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

17  Stay Discovery is not granted, Defendant will supplement its response to this request.

18  **REQUEST FOR PRODUCTION NO. 19**: Produce all documents and electronically stored

19  information relating in any way to Plaintiff's performance, including any and all records of

20  performance evaluations performed, commendations, awards, testing, interviews, counseling,

21  accident or incident reports, disciplinary actions or any other record or any act or activity addressing

22  issues of Plaintiff's performance.

23  **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

24  forth herein.  Defendant also objects to responding to this request in its entirety in light of

25  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

Exhibit 2

Page 11-14

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2   Stay Discovery is not granted, Defendant will supplement its response to this request.

3      **REQUEST FOR PRODUCTION NO. 20**: Produce all documents and electronically stored

4   information relative to any and all complaints or grievances made against Defendant pursuant to the

5   Fair Labor Standards Act, Chapters 652 or 653 of the Oregon Revised Statutes and/or all of

6   Defendant's employees' formal and informal complaints or grievances requesting wages or disputing

7   amount of wages paid. This request includes all the complaints filed, the reports of the investigation,

8   the reports to any governmental agency, the reports by any governmental agency, the reports to any

9   arbitrator, mediator or judge, the findings or opinions of any arbitrator, mediator or judge and the

10   resolution of the issues that resulted in the complaints or grievances.

11      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

12   forth herein. Defendant also objects to responding to this request in its entirety in light of

13   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

14   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

15   Stay Discovery is not granted, Defendant will supplement its response to this request.

16      **REQUEST FOR PRODUCTION NO. 21**: Produce all documents and electronically stored

17   information relating to the organization and operation of the defendant's business, including

18   organizational charts, listings of officers and directors, annual reports, special shareholder reports,

19   informational brochures, filings with the secretary of state, and filings with the Security and

20   Exchange Commission.

21      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

22   forth herein. Defendant also objects to responding to this request in its entirety in light of

23   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25   Stay Discovery is not granted, Defendant will supplement its response to this request. EXHIBIT _B_

26   Page _12 - 14_

PAGE 12 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1    **REQUEST FOR PRODUCTION NO. 22**: Produce all documents and electronically stored

2    information pertaining to the orientation or any training received by Plaintiff or other employees

3    during the course of employment that related to Defendant's employment practices.

4    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

5    forth herein. Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9    **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically stored

10    information reflecting all communications made to any of Defendant's employee's and/or in response

11    to inquiries pertaining to the Plaintiff's employment relationship, work performance or other

12    employment-related circumstances.

13    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

14    forth herein. Defendant also objects to responding to this request in its entirety in light of

15    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

16    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

17    Stay Discovery is not granted, Defendant will supplement its response to this request.

18    **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically stored

19    information, which evidence the date on which any employee's employment terminated, in the year

20    proceeding this lawsuit. This request includes all documents fixed in any tangible medium of

21    expression, from which they can be perceived, reproduced, or otherwise communicated, either

22    directly or with the aid of a machine or device.

23    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

24    forth herein. Defendant also objects to responding to this request in its entirety in light of

25    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

Page 13-14

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2    Stay Discovery is not granted, Defendant will supplement its response to this request.

3        **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record, evidencing

4    the amount and date Defendant made payment of each employee's final wages, for each employee

5    whose employment has terminated within the year proceeding Plaintiff's termination. This request

6    includes all documents and electronically stored information.

7        **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

8    forth herein. Defendant also objects to responding to this request in its entirety in light of

9    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11   Stay Discovery is not granted, Defendant will supplement its response to this request.

12

13   Dated: January _10_, 2008

14

15                                     Douglas S. Parker OSB No. 82101
16                                     LITTLER MENDELSON
                                       A Professional Corporation

17                                     Attorneys for Defendant
18                                     Autozone Inc.

19

20

21

22

23

24                                     

25

26

---

PAGE 14 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Declaration of Chey K. Powelson Supporting Plaintiff's Response to Defendant's Motion for a Temporary Stay of Discovery** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    January 24, 2008

_____
CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

1
2
3
4
5          IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                  FOR THE COUNTY OF MULTNOMAH

7
8
| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>                    Defendant. | No. 0711-13531<br><br>**SECOND DECLARATION OF LEIGH ANN TIFT IN SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY** |

16      I, Leigh Ann Tift, hereby declare as follows:

17      1.      I am an attorney representing Defendant AutoZone Inc. in the above-captioned

18   matter, and I make this declaration in support of Defendant's Reply to Plaintiff's Opposition to the

19   Motion for a Temporary Stay of Discovery. I have personal knowledge of the matters related herein.

20      2.      On January 27, 2006, I was present at a hearing in the Multnomah County Circuit

21   Court before Judge Kantor during which the Court expressly stayed discovery in the *Joarnt v.*

22   *AutoZone* matter because Plaintiffs' counsel wished to appeal Judge Kantor's pre-trial ruling

23   dismissing Plaintiff's claims for rest and meal break violations. A true and correct copy of an

24   excerpt of the transcript of that hearing is attached for the Court's review.

25      I declare that the above statements are true to the best of my knowledge and belief, and that I

26   understand that it is made for use as evidence in court and is subject to penalty for perjury.

                                                      1

1

2    Dated:  February 5, 2008

3

4    Leigh Ann Tift OSB No.54732

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

Page 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH


RICHARD JOARNT and BERT    )
YAMAOKA, individually and )
on behalf of All Persons  )
similarly situated,       )
            Plaintiffs,)
        vs.               )No. 0503-02795
                          )
AUTOZONE, INC., a         )
Foreign Corporation,      )
            Defendant. )


Transcript of Proceedings



        BE IT REMEMBERED THAT on the 27th

day of January, 2006, the above-entitled matter

came on for audio recorded hearing before the

HONORABLE HENRY KANTOR, a Circuit Court Judge.



                DEBORAH L. COOK
                COURT REPORTING
            1102 N. Springbrook Road
                  Suite 136
              Newberg, Oregon  97132
                (503) 537-0339
            deb@cookcourtreporting.com

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Page 54

1  Oregon had a more efficient way of dealing with
2  these kinds of issues. In California there's a way
3  to take sort of a mid-case interlocutory appeal,
4  and get it advanced on the appellate docket. That
5  doesn't exist in Oregon.
6       In the Shay case, which is one of the few
7  cases where this statute is actually discussed, it
8  was a little embarrassing to have to wait for so
9  long for the decision. Plus then there was a
10 petition to review six to eight months before it
11 was denied.
12      So ultimately the bottom line is that I'm
13 not persuaded that the nature of the dispute or the
14 disagreement among trial judges is such that this
15 means this case should not go forward.
16      If the plaintiffs decide they do not want to
17 go forward on the case whatsoever, and have this
18 issue decided, I would be much more inclined. But
19 if I allow the motion under that kind of condition,
20 I am going to stop the case. There's not going to
21 be any more discovery.
22      Investigate all you wish, any way you want.
23 But there won't be any discovery. The case will be
24 stopped, because who knows what the case will be
25 when it comes back. So I am not going to have the

Page 55

1  parties engage in discovery when they don't know
2  what the claims for relief are. What do you want?
3       MR. BAILEY: We want to take the case up.
4       THE COURT: And you are willing to let the
5  case sit?
6       MR. BAILEY: The issue -- we're going to
7  investigate. We have got -- I mean, we're going to
8  continue to build our case.
9       THE COURT: But you can't take a deposition.
10 You can't issue a discovery request. You can't
11 review their documents that you don't already have.
12      MR. BAILEY: As long as you have them
13 preserved, then we want to take the case up.
14      THE COURT: Under that scenario, do you
15 really care? Just as soon that way. That way you
16 get the issue decided. You don't have to face
17 trial, you don't have to face anything.
18      MS. TIFT: So claims 1 and 2 are stayed?
19      THE COURT: Whatever is left in the case.
20 Is that all that is left? I can't remember. Yeah,
21 the entire case would be stayed.
22      MR. BAILEY: I think that's the late pay. I
23 think the claims left are late pay, and off the
24 clock.
25      THE COURT: And any additional claims you

Page 56

1  would want to include with your new notice, which
2  by the way, you have to figure out how to figure
3  out how to solve your statute of limitations issue
4  on that. You may have to file another case.
5       MR. BAILEY: That's always an alternative.
6       THE COURT: The odds are that would probably
7  get stayed, too, because then they would get
8  consolidated.
9       MR. BAILEY: Well, unless we don't bring any
10 kind of -- the claim having to do with the
11 misclassifications of the store managers may not
12 fit entirely with the claims of nonstore managers
13 that were already hourly anyway. It's kind of a
14 different circumstance.
15      So we haven't determined yet how or where
16 we're going to bring that action. But I don't find
17 that as an impediment, is what I am saying.
18      THE COURT: So given all of that, does the
19 defense still really oppose the motion? That way
20 it sort of --
21      MS. TIFT: We don't.
22      THE COURT: It begins to make sense under
23 that scenario, because it would be a different
24 case. I appreciate -- I could have you go -- deny
25 the motion and go forward, but then you also

Page 57

1  wouldn't know what would actually happen at the
2  end. This way you would know.
3       I don't suppose there's any other issues we
4  can get certified at the same time, and get it all
5  resolved. Do you agree on the way they phrased the
6  questions?
7       MS. TIFT: We would like to submit
8  something, Your Honor.
9       THE COURT: And I just was talking to Judge
10 Wilson in a totally unrelated type of class action
11 that she's dealing with, and she's facing the same
12 kind of concerns about certifying questions.
13      And what she decided after talking to me,
14 and I think what I want to decide here, now that we
15 know what we're going to do, I want to take a fresh
16 look about how you would articulate the questions
17 and discuss it.
18      If you can't agree, send them to me. I will
19 decide which questions to certify, or I will
20 rewrite them. You do understand, of course, that
21 the Court of Appeals gets to rewrite them if they
22 don't like them the way they are phrased. Of
23 course, if the Court of Appeals denies -- I mean,
24 this is step one. The Court of Appeals still has
25 to say yes. If they say no, we come back, we undo

15 (Pages 54 to 57)

Page 58

1  the stay, and get going again. If they say yes,
2  then it goes on.
3      So under the circumstances where the parties
4  are agreeing, not happily, but agreeing that a full
5  stay happens, then that's what we will do, which
6  includes all discovery, including what we have all
7  been just talking about.
8      So everything would get stayed, and it goes
9  up on appeal so nobody is spending money on a case
10  that may turn out to be significantly different
11  than what the plaintiffs are hoping it is now. Or
12  either way, because it may be you won't want that
13  discovery if it turns out you have a smaller case.
14  Who knows?
15      So we will stop everything. My orders that
16  I issued, I will sign an order to that effect. It
17  will be my order on the case. But further work on
18  it is stayed.
19      MR. BAILEY: Your Honor, to be real clear,
20  the 10-day rule for the submission of a complaint
21  that comports with the order that strikes the
22  various claims that we have, that is stayed. We
23  don't have to amend our complaint at this time, but
24  we will do everything after we start back up.
25      THE COURT: The entire case is stayed.

Page 59

1  Parties are free to do things that the Court
2  doesn't get involved in, as long as they are
3  appropriate and ethical.
4      Obviously, I retain such jurisdiction over
5  the case as to protect the integrity of the class
6  action, but no work is to be done on the case
7  unless there's some sort of emergency.
8      That will get rid of your trial date, as
9  well. You won't need to talk to Judge Koch,
10  because I am staying the case.
11      MR. BAILEY: Do we need to talk to him?
12      THE COURT: I will let them know. I will
13  let his staff know that this trial date should be
14  taken off, because the case has been stayed. But
15  the order might take a while before we get it
16  issued.
17      So I want the order to set out -- or to send
18  me a proposed order or two that sets out exactly
19  the issues to be certified. Because it's really, I
20  think -- I can't remember. Is it the decision that
21  is certified, or the issue that is certified?
22      MR. BAILEY: The issue.
23      THE COURT: So it doesn't have to be in the
24  prior order. We don't have to give them the order.
25      So meanwhile, I want to get that other order

Page 60

1  signed. And I think that covers it.
2      Well, you will all be talking to each other
3  through the Court of Appeals after we get these
4  orders done. My guess is it's going to take a
5  while even to get an answer from them as to whether
6  they are willing to accept it, and we'll take it
7  from there.
8      MR. BAILEY: Thank you.
9      MS. TIFT: Thank you.
10      THE COURT: Thank you.
11          ENDING TIME: 10:05 A.M.

Page 61

1  STATE OF OREGON )
2              ) ss.
3  COUNTY OF YAMHILL)
4      I, Deborah L. Cook, RPR, a Certified Shorthand
5  Reporter, CSR in and for the State of Oregon and
6  Washington, hereby certify that at said time and place
7  I reported in stenotype all testimony adduced and
8  other oral proceedings had in the foregoing hearing
9  from audio recording; that thereafter my notes were
10  transcribed via computer-aided transcription by me
11  personally; and that the foregoing transcript
12  contains, to the best of my ability based on the sound
13  quality of said audio recording, a true and correct
14  record of such testimony adduced and other oral
15  proceedings had and of the whole thereof.
16      Witness my hand and seal at Dundee, Oregon,
17  this 1st day of February, 2006.
18
19
20
                    _____
21                    DEBORAH L. COOK, RPR
                    Certified Shorthand Reporter
22                    OREGON CSR #04-0389
                    CALIFORNIA CSR #12886
                    WASHINGTON CSR #2992
23
24
25

16  (Pages 58 to 61)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, I served a full, true, and correct copy of the foregoing **SECOND DECLARATION OF LEIGH ANN TIFT IN SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**:

☐　　By delivery via messenger, or otherwise by hand,

☒　　By facsimile,

☐　　By e-mail,

☒　　By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By ___Laura M Lucero___
　　　Laura Lucero

3

PAGE 3 – 2ND DECL. OF LEIGH ANN TIFT IN
SUPPORT OF DEFENDANT'S MOTION FOR A TEMPORARY
STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457



# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

## FACSIMILE COVER SHEET

### February 5, 2008

To:   Bailey Pinney & Associates, LLC   Fax:   360-567-3331   Phone:   360-567-2551

Fax #(s) verified before sending (initial):

From:   Laura M. Lucero   Fax:   Phone:   503.889.8879

Length, including this cover letter:   **12**   Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

Please see attached Defendant's Reply to Opposition to Motion for Temporary Stay of Discovery and Declaration in support.

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _013306.2124_   User Number: _9753_

# HP LaserJet M4345 MFP Series

## Fax Call Report

Page 1



### Fax Header Information

LITTLER MENDELSON P.C.
(502) 226-2791
Feb-05-2008 02:48 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 655 | Feb-05-2008 02:45 PM | Send | 13605673331 | 2:41 | 12 | Success |

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>    Defendant. | No. 0711-13531<br><br>**DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR A TEMPORARY STAY OF DISCOVERY** |

## ARGUMENT

  Defendant, AutoZone Inc. ("AutoZone"), has a motion pending before this Court seeking dismissal of the claims asserted in this lawsuit because they are materially identical case to the claims asserted in *Joarnt, et al. v. Autozone, Inc.*, ("*Joarnt* Action"), filed by the Bailey Pinney firm in March 2005.  Notably, all discovery in the *Joarnt* matter has been stayed by Judge Kantor.  *See*, excerpt of transcript of January 26, 2006 hearing before Judge Kantor, pg 54:16-55:11, Ex. 1 to Decl. of Tift.

  Here, AutoZone's request is modest—the company simply wishes to stay discovery in the *Migis* case pending resolution of its motion to dismiss.  If this Court finds that the *Migis* matter is precluded or should be dismissed on the basis of Oregon Rule of Civil Procedure 21A(3) (dismissal is required if there is "another action *pending* between the same parties for the same cause"),

Littler Mendelson, PC<br>1750 SW Harbor Way, Suite 450<br>Portland, OR  97201<br>Phone: 503-221-0309 Fax: 503-242-2457

1    AutoZone should not be put to the burden and expense of providing discovery. This is especially

2    true in that discovery is stayed in *Joarnt*, the first filed case by ex-AutoZone hourly employees who

3    contend that AutoZone violated Oregon wage and hour regulations, and Plaintiff's counsel should

4    not be permitted to do indirectly what it is proscribed from doing directly.

5        In response to AutoZone's motion for a discovery stay, Plaintiff contends that AutoZone has

6    not met its burden of showing "significant harm," relying upon *Utility Board v. Public Utility*

7    *Commission*, 128 Or. App. 650, 877 P2d 116, *rev den.* 320 Or. 272 (1994). The case cited is

8    inapposite. AutoZone is not contending that any specific information sought by Plaintiff is a

9    protectable trade secret, which was the question in the *Public Utility Commission* case, only that

10   discovery should be stayed pending the motion to dismiss. Therefore, ORCP 36C sets out the

11   standard to be applied—that is, "for good cause shown," the court "may make *any order which*

12   *justice requires* to protect a party or person from annoyance, embarrassment, oppression, or undue

13   burden or expense." As noted in its Motion to Dismiss, AutoZone is asking the Court to find that the

14   entire *Migis* lawsuit should be stayed on the grounds that "The underlying purpose [of a Rule

15   21(A)(3) motion] is to "prevent the defendant from being harassed by the pendency at the same time

16   of two actions based on the same cause of action, at the instance of the same plaintiff, who has a

17   complete remedy by one of them[.]" *Lee v. Mitchell*, 152 Or. App. 159, 163-64 (1998). If

18   Defendant's motion is successful, *Migis* in its entirety will be dismissed and/or joined with the

19   *Joarnt* lawsuit, and the discovery demanded by Plaintiff will be for naught (or in direct contradiction

20   to Judge Kantor's stay in *Joarnt*.)

21       Further, AutoZone's motion for a temporary stay of discovery is not brought for the purpose

22   of delay nor any other improper purpose. Beyond vague allegations relating to the *Joarnt* case,

23   Plaintiff has not articulated any harm from the temporary stay. In fact, the *Migis* lawsuit has been

24   pending for barely two months. There is no trial date set, no date set for consideration of class

25   certification, and, in short, no need for immediate discovery.

26

PAGE 2 – DEFENDANT'S REPLY TO OPP. TO MTN FOR TEMP.
STAY OF DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1       AutoZone respectfully requests that the Court grant the Temporary Stay of Discovery

2 pending resolution of AutoZone's Motion to Dismiss.[1]

3 Dated: February 5, 2008

4

5                           Leigh Ann Tift OSB No.54732

6                           LITTLER MENDELSON
                          A Professional Corporation

7                           Attorneys for Defendant
                          Autozone Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [1] Plaintiff will no doubt object to this reply as untimely. However, Plaintiff's counsel served only AutoZone's Seattle
counsel, not the Portland office. Transmittal of the Opposition was delayed, and AutoZone respectfully requests that the

26 Court consider this brief reply.

PAGE 3 – DEFENDANT'S REPLY TO OPP. TO MTN FOR TEMP.
STAY OF DISCOVERY

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on February 5, 2008 I served a full, true, and correct copy of the

3

foregoing **DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**:

4

5      ☐    By delivery via messenger, or otherwise by hand,

6      ☒    By facsimile,

7      ☐    By e-mail,

8      ☒    By mailing same, postage paid,

9 addressed to:

10
11        Bailey Pinney & Associates LLC
       Attorneys at Law
12        1498 SE Tech Center Place
       Suite 290
       Vancouver, WA  98683
13        Fax (360) 567-3331

14              Of Attorneys for Plaintiff

15

16

17        By  *Laura M Lucero*

18           Laura Lucero

19 Firmwide:84226412.1 013306.2124

20

21

22

23

24

25

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

FILED

ENTERED

FEB 2 6 2008

IN REGISTER NK

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

Plaintiff,

vs.

AUTOZONE INC., a Nevada Corporation,

Defendant.

No. 0711-13531

**DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS AND MEMORANDUM IN SUPPORT**

## I.    CERTIFICATE OF COMPLIANCE PURSUANT TO UTCR 5.010

Before filing the following motion, counsel for Defendant AutoZone, Inc. ("AutoZone") attempted to confer in good faith with Plaintiff's counsel to resolve the issues presented in this motion. *See* Declaration of Douglas S. Parker in Support of Defendant's Motion to Consolidate and Stay Proceedings at ¶ 2.

## II.    INTRODUCTION

AutoZone, pursuant to ORCP 53 A, moves to consolidate Plaintiff's Complaint with another action, *Joarnt v. Autozone Inc.*, because both actions involve common questions of law and fact and are currently pending before this Court. Not only was consolidation contemplated by judge Kantor in the *Joarnt* case, it will enable the Court to resolve the claims of the parties in a manner that is

most efficient for the parties and for the Court.  This motion is supported by the Declaration of

Douglas S. Parker ("Parker Decl.").

### III.    STATEMENT OF FACTS

**A.    The *Migis* Action**

Plaintiff Michael Migis filed the instant lawsuit in this Court on November 16, 2007.  A copy

of the Complaint in this action is attached to the Parker Decl. as Exhibit 1.  Plaintiff filed the action

for himself individually and as a putative statewide class action.  The putative class is defined as "all

others similarly situated . . . [who] are current and past employees of AutoZone, who worked in the

State of Oregon, and are subject to Oregon wage and hour provisions."  Parker Decl. Exhibit 1 at ¶

14.  Plaintiff asserted the following claims here under Oregon state law:  (1) failure to pay for all

hours worked, *id.* at ¶¶ 3 and 9; (2) failure to provide employees with meal and rest periods, *id.* at ¶¶

4-8; (3) failure to pay overtime in excess of 40 hours in a work week, *id.* at ¶ 10; and (4) failure to

pay individuals no longer working for AutoZone all wages allegedly due as of the date on which

their employment was terminated, *id.* at ¶ 11.

**B.    The *Joarnt* Action**

A materially identical class action has been before this Court since March 2005.  A copy of

the complaint entitled *Joarnt et al. v. AutoZone, Inc.*, ("Joarnt Action") is attached to the Parker

Decl. as Exhibit 2.  The Joarnt Action involves substantially the same parties and identical claims as

in this action.  Specifically, the putative class as defined in the Joarnt Action consists of Plaintiffs

Joarnt and Yamaoko "and all others similarly situated [who] are current and past employees of

[AutoZone] who worked in the State of Oregon, and are subject to Oregon wage and hour

provisions."  *Id.* at Exhibit 2, ¶ 7.  The very same law firm represents the plaintiffs in both cases.  *Id.*

PAGE 2 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    at Exhibits 1 and 2. The Joarnt Action, therefore, seeks to represent, on a statewide basis, the same

2    the former and current employees that Plaintiff now seeks to represent in the case at bar. The Joarnt

3    Action also seeks to recover from the same defendant as in this action, namely AutoZone.

4            There is simply no dispute that the claims at issue in the Joarnt Action are identical to the

5    claims asserted in the instant case. Specifically, the Joarnt Action asserted the following claims

6    under Oregon state law: (1) failure to pay for all hours worked, *id.* at Exhibit 2, ¶ 2; (2) failure to

7    provide employees with meal and rest periods, *id.* at ¶ 4; (3) failure to pay overtime in excess of 40

8    hours in a work week, *id.* at ¶ 3; and (4) failure to pay individuals no longer working for AutoZone

9    all wages allegedly due as of the date on which their employment was terminated, *id.* at ¶ 5. The

10   claims asserted in the Joarnt Action are based on the same facts and occurrences as in the instant

11   action and seek the same remedies.

12

13   **C.    The *Joarnt* Action Has Been Stayed**

14           On January 27, 2006, Judge Kantor dismissed the claims for rest and meal break violations in

15   the Joarnt Action. Parker Decl. Exhibit 3. In light of his ruling, the class representatives in the

16   Joarnt Action indicated that they intended to appeal Judge Kantor's dismissal of their rest and meal

17   break claims. Accordingly, Judge Kantor stayed discovery on the remaining claims in that case,

18   informing Joarnt's counsel:

19           THE COURT: But you can't take a deposition. You can't issue a discovery
             request. You can't review their documents that you don't already have.

20
21   Parker Decl. Exhibit 3 at 55:9-11. Judge Kantor further opined that if Joarnt's counsel intended to

22   file another lawsuit for the purpose of preserving statute of limitations issues, "[t]he odds are that

23   would probably get stayed, too, because then they would get consolidated." *Id.* at 56:6-8. The

24

25

26

PAGE 3 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1   Joarnt Action is currently pending before the Oregon Court of Appeals and all discovery in the that

2   matter is subject to the stay entered by Judge Kantor.

3                      IV.    ARGUMENT AND AUTHORITY

4   A.    The *Migis* Action and the *Joarnt* Action Should Be Consolidated

5           The Court has broad discretion to consolidate related cases where appropriate.  ORCP 53 A

6   provides:

7
8           Upon motion of any party, ***when more than one action involving a common
            question of law or fact is pending before the court,*** the court may order a joint
9           hearing or trial of any or all of the matters in issue in such actions; the court may
            order all such actions consolidated; and it may make such orders concerning
10          proceedings therein as may tend to avoid unnecessary costs or delay.

11  (emphasis added).  In *Atkeson v. Cupp*, 68 Or. App. 196 (1984), the Court of Appeals analyzed the

12  propriety of consolidating 63 habeas corpus petitions into three petitions.  The Court of Appeals

13  upheld consolidation because "[t]he 63 petitions were identical, the same attorney was appointed to

14  represent all the prisoners and the issues and necessary discovery would be the same or nearly the

15  same in each case." *Id.* at 198.  The Court of Appeals further noted the absence of any prejudice to

16  the prisoners for the consolidation and, in fact, commented that "we are unable to conceive of any

17  possible prejudice, at least at this point in the proceedings." *Id.*

18          Likewise, federal courts have allowed such consolidation when more than one lawsuit is

19  pending that involves the same parties and the same claims, as is the case here.[1] *See Jones v. Qwest*

20  *Communications Int'l, Inc.*, 2007 WL 4179385, at *3 (D. Minn. 2007) (consolidating two wage and

---

[1] Federal decisions are persuasive because Fed. R. Civ. P. 42(a) is virtually identical to ORCP 53 A. *See* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").

PAGE 4 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

1   hour lawsuits, one of which had been conditionally certified, because the lawsuits involved

2   "identical questions of law and fact regarding whether Qwest violated the FLSA," consolidation

3   would "prevent duplicative discovery and motion practice," and consolidation posed no prejudice to

4   the plaintiffs); *Burns v. Horry County*, 2006 WL 20409, at *1 (D.S.C. 2006) (holding that

5   consolidation of multiple wage and hour lawsuits was appropriate where the case involved "party

6   plaintiffs who worked for the same employer defendant, had similar duties, and who are expected to

7   present the same witnesses and legal issues for resolution").

8

9           The Migis Action and the Joarnt Action have overlapping facts and legal issues, and are very

10  closely related, if not identical, to each other.  Specifically, the parties in the Joarnt Action and in

11  this case are the same.  Both the Joarnt Action and this case seek damages on behalf of "current and

12  past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage

13  and hour provisions."  Parker Decl. Exhibit 1 at ¶ 14 (Migis Action) and Exhibit 2 at ¶ 7 (Joarnt

14  Action).  The only difference between the two cases is that each purports to cover different but

15  greatly overlapping time periods and each identifies different class representatives, but all of whom

16  are admittedly "current" or "past employees of" AutoZone. *Id.* at Exhibit 1 at ¶ 14 (Migis Action)

17  and Exhibit 2 at ¶ 7 (Joarnt Action).  However, this is merely a difference in form, but not substance.

18  The reality is that even though the named plaintiffs are different, it is undisputed that the interests

19  that they are pursuing and the putative class members that they seek to represent are identical.

20

21          Moreover, both actions seek the same remedies from the same defendant for the same alleged

22

23  violations of Oregon state law.  Consolidation would prevent two Oregon state courts from having to

24  hear and resolve the same issues, and unnecessarily duplicate their efforts.  Further, AutoZone would

25  not be needlessly burdened by the duplicative costs of simultaneous litigation, by not having to

26

---

PAGE 5 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1  attend numerous depositions twice, not having to produce thousands of documents twice, and not

2  having to brief the pertinent issues twice.

3         Finally, there is a very real risk of conflicting judgments were this action and the Joarnt

4  Action allowed to proceed simultaneously. This Court may determine that AutoZone's employees

5  were not properly compensated under Oregon's wage and hour laws while the state court in the

6  Joarnt Action may come to the completely opposite conclusion. Or this Court may find that the

7  instant action should not be certified as a class action while the court in the Joarnt Action may hold

8  otherwise. Or this Court may find that the Migis Action can maintain a lawsuit against AutoZone

9  for rest and meal break violations, which would be at considerable odds with Judge Kantor's January

10 27, 2006 ruling that the Joarnt plaintiffs do not have a private right of action against AutoZone for

11 such claims.

12        In sum, because the key factual issues in these cases significantly overlap, resolution of the

13 legal issues will require application of similar legal standards and analysis. Moreover, judicial

14 economy and efficiency will be served by having both cases decided in the same action.

15 Consolidating the two cases in this Court will promote efficiency, prevent confusion, and will avoid

16 the potential of multiple deadlines or inconsistent results. In addition, the same lawyers and law firm

17 represent the two potential classes in both actions, and thus, the class representatives and putative

18 class members will not be prejudiced by the consolidation.

19 **B.    The *Migis* Action Should Be Stayed Until the Court of Appeals Resolves the Appeal in the *Joarnt* Action**

20        As noted above, all proceedings, including discovery, have been stayed in the Joarnt Action

21 because the class representatives in that matter filed an appeal with the Court of Appeals. Because

22 consolidation of the Migis Action with the Joarnt Action is appropriate, this Court should also stay

PAGE 6 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1   all proceedings, including discovery, in the Migis Action until the Court of Appeals resolves the

2   appeal in the Joarnt Action.  This is precisely what Judge Kantor anticipated when he notified

3   counsel in the Joarnt Action that a newly filed action "would probably get stayed, too, because then

4   they would get consolidated."  Essentially, the Migis class representatives and their counsel should

5   not be allowed to avoid the Stay order entered by Judge Kantor, merely by filing an new lawsuit.

6

7                              **V.    <u>CONCLUSION</u>**

8        For the foregoing reasons, AutoZone requests that this Court consolidate the instant action

9   with the Joarnt Action that is already pending before this Court.  AutoZone further requests that the

10  Court stay all proceedings in the instant case until the Court of Appeals resolves the appeal in the

11  Joarnt Action.

12

13  Dated: February _20_, 2008

14

15                                        Douglas S. Parker, OSB No. 821017
                                          LITTLER MENDELSON
16                                        A Professional Corporation

17                                        Attorneys for Defendant
                                          Autozone Inc.
18

19

20

21

22

23

24

25

26

---

PAGE 7 – DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
PROCEEDINGS AND MEMORANDUM IN SUPPORT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

## CERTIFICATE OF SERVICE

I hereby certify that on February __20__, 2008 I served a full, true, and correct copy of the foregoing **DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS AND MEMORANDUM IN SUPPORT:**

☐    By delivery via messenger, or otherwise by hand,

☐    By facsimile,

☐    By e-mail,

☐    By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By _Laura M. Lucero_
Laura Lucero

Firmwide:84285098.1 013306.2124



ENTERED
FEB 2 6 2008
IN REGISTER BY SLF

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 FEB 25 PM 2:37

FILED

1
2
3
4
5
6    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
7    **FOR THE COUNTY OF MULTNOMAH**
8
9    **MICHAEL MIGIS,** *et al.,*                    Case No. **0711-13531**
10                         Plaintiff,
11        v.                                **DECLARATION OF CHEY K.**
                                            **POWELSON SUPPORTING**
12                                          **PLAINTIFF'S FIRST MOTION**
                                            **FOR AN ORDER COMPELLING**
13    **AUTOZONE, INC.,**                    **DISCOVERY**
14                         Defendant.
15
16
17    I, Chey K. Powelson, hereby declare as follows:
18    1.    I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,
19          and base the contents of this declaration on my own personal knowledge and/or the
20          litigation files and documents my firm maintains for this litigation.
21
22    2.    Between February 7 and February 12, 2008, I made multiple requests to Defendant's
23          counsel for conferring on Defendant's responses to Plaintiff's First and Second Sets
24          of Requests for Production (and Requests For Admission).   On February 12,
25          AutoZone counsel Douglas Parker agreed to confer, and on February 13 and 15 I
26

Page 1 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S**
            **FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    conferred with Mr. Parker via telephone, on Defendant's responses to Plaintiff's First

2    and Second set of discovery requests.  Attached hereto as **Exhibit A** is a true and

3    correct copy of a February 7 - 12 e-mail exchange between myself and opposing

4    counsel.  Attached hereto as **Exhibit B** is a true and correct copy of both a February

5    13 e-mail and its underlying attachment consisting of my contemporaneous follow-up

6    letter to the parties' telephonic discovery conference that day.  Attached hereto as

7    **Exhibit C** is a true and correct copy of both a February 15 e-mail exchange between

8    myself and opposing counsel, and that e-mail's underlying attachment consisting of

9    my contemporaneous follow-up letter to the parties' telephonic discovery conference

10   that day.

11

12   3.   Attached hereto as **Exhibit D** is a true and correct copy of Defendant counsel Leigh

13        Ann Tift's February 20, 2008 letter submitted in response to the parties' discovery

14        conferences and Plaintiff's follow-up letters referenced in ¶ 2, above.  Defendant had

15        committed to responding by the February 20 date with whether and to what extent

16        Defendant would produce the information requested.  Attached hereto as **Exhibit E**

17        is a true and correct copy of my February 20, 2008 e-mail to opposing counsel, in

18        response to Defendant's February 20 letter.  In that e-mail I asked for Defendant's

19        availability for a hearing on a motion to compel.  After February 20, I again asked for

20        Defendant counsels' availability; on February 21, an assistant to Mr. Parker advised

21        he was not available for the hearing times for which the Court was available in the

22        normal course (March 26 - 27).  Upon being notified that Plaintiff would be moving

23        for the Motion to Compel on an expedited basis, Defendant's counsels' objected on

24        the grounds that the parties had not adequately conferred.

25

26

Page 2 -      **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S
              FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

4.  Upon information and belief, the last day Plaintiff Migis worked for AutoZone, as a Parts Sales Manager paid on an hourly basis, was February 4, 2006, and he appears to have quit via telephone on February 7, 2006. Mr. Migis did not receive his final, regular paycheck for time worked through February 4, until February 27, 2006.

5.  Attached hereto as **Exhibit F** is a true and correct copy of Defendant AutoZone's responses (objections) to Plaintiff's First Set of requests for production and requests for admission. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Second Set of Requests For Production, to which Defendant AutoZone has in no way responded as of today's date to those Requests.

6.  Attached hereto as **Exhibit H** is a true and correct copy of Judge LaBarre's February 19, 2008 Order denying Defendant's ORCP 21A(3) Motion to Dismiss and Motion for Temporary Stay of Discovery.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated February 22, 2008 at Vancouver, Washington.

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

Page 3 -  **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

# PLAINTIFF'S EXHIBIT A

## Chey Powelson

| | |
|---|---|
| **From:** | Parker, Douglas S. [DParker@littler.com] |
| **Sent:** | Tuesday, February 12, 2008 5:45 PM |
| **To:** | Chey Powelson; Tift, Leigh Ann C. |
| **Cc:** | Brad Griffin; Megan Treseder; Bud Bailey |
| **Subject:** | RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information |

Sorry, I was out when you called. Please call me in the morning. I have now had an opportunity to review what Judge Kantor said in the Joarnt case when he stayed discovery and as he expressly contemplated consolidation of a new case with Joarnt, I intend to move in that direction, coupled with seeking an extension of the stay in that case to Migis. It would not make sense for the stay affecting the very same class to be avoided simply by filing another suit. Please be prepared to discuss when you call tomorrow.

Thanks,

Doug Parker

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, February 12, 2008 4:36 PM
**To:** Parker, Douglas S.; Tift, Leigh Ann C.
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Mr. Parker:

I just left you a voicemail re: the need to confer on discovery issues. Please call. Thanks.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Monday, February 11, 2008 3:46 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Please advise whether anyone on Defendant's side is available and willing to confer on Plaintiff's discovery requests/RFAs. Thanks again.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Thursday, February 07, 2008 2:00 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

EXHIBIT A
Page 1 of 3

Defendant has not yet responded to my January 29 e-mail (below); please confirm that AutoZone has taken steps to preserve potentially discoverable/admissible information in the above-referenced action.

Please also advise as to your availability to confer on Plaintiff's discovery requests/RFAs by the end of the day this upcoming Monday.  Thanks in advance.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Tuesday, January 29, 2008 4:07 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please confirm that AutoZone has taken steps to preserve potentially admissible information in the above-referenced action.  Thank you.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Thursday, January 24, 2008 1:17 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please see attached letter.  Thank you.

**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA  98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is str

2/18/2008

EXHIBIT _A_
Page _203_

Page 3 of 3

prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.co

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT _A_
Page _3 of 3_

# PLAINTIFF'S EXHIBIT
# B

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Wednesday, February 13, 2008 3:40 PM |
| **To:** | 'Parker, Douglas S.' |
| **Cc:** | Bud Bailey; Brad Griffin |
| **Subject:** | RE: Pending Issues |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | To D. Parker_Attempted Conferral_02-13-2008.pdf |

1:00 p.m. on Friday will work.  In the mean time, attached is my follow-up letter to today's conference.

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Wednesday, February 13, 2008 2:37 PM
**To:** Chey Powelson
**Subject:** Pending Issues

Chey -- everyone I need to talk to about discovery, motions, etc is out of pocket so I cannot get back to you this afternoon.  I suggest we pick a time on Friday to hopefully both have a better informed conversation about discovery and our intention to file a motion to consolidate.

Thanks,

Doug
----

```
To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com
```

EXHIBIT *B*
Page *1 of 4*



# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail:  CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

February 13, 2008

**_VIA FAX & E-MAIL:  (206) 447-6965_**

Douglas Parker
Littler Mendelson
dparker@littler.com

> **_Re:_**     **_Migis v. AutoZone, Inc._**
> Multnomah County Circuit Court No. 0711-13531
> Follow up to Today's Conferral (Motion to Consolidate; Proposed Order;
> Plaintiff's Discovery Requests)

Mr. Parker:

It was unfortunate that our telephone conference this morning did not turn out better than it did, wherein you: (1) requested that by 4:00 p.m. today Plaintiff provide any additional arguments as to why a motion for consolidation by Defendant of the _Joarnt_ and _Migis_ cases would not be appropriate; and (2) initially refused to provide any discovery in response to Plaintiff's outstanding discovery requests until the Court rules on that motion.

*Motion for Consolidation and Stay of Discovery*

You represented you had Oregon case law supporting Defendant's position that consolidation is appropriate, but we did not talk about what specific cases apply.  And while I conceded that Plaintiff's Response to Defendant's prior Motion to Dismiss recognized overlapping classes, I took issue with your February 13, 2008 e-mail (and prior Motion to Dismiss) claiming that the _Joarnt_ and _Migis_ actions are "the very same class."  That Mr. Migis terminated employment in February 2006 and filed this suit in November 2007 to include a claim for late payment of final wages, and _Joarnt_ was filed in March 2005, are facts clearly showing these are not the "very same class."  See also Plaintiff's Response to Defendant's Motion to Dismiss.

I noted that Defendant should have included a  request for consolidation and stay of proceedings in its ORCP 21A(3) Motion to Dismiss.  ORCP 21A provides, in part, "If the court grants the motion to dismiss on the basis of defense (3), the court may...stay the proceeding...."  Thus, it is arguable that the stay proceeding issue was already before the Court on February 7, as well as the narrower issues that Defendant presented in its Motion for a Stay of Discovery.

///

EXHIBIT _B_
Page _204_

**Douglas Parker** – *Migis v. AutoZone* – Conferral (Consolidation; Proposed Order; Plaintiff's Discovery Requests)
13 February 2008
Page 2

Since the Court denied both Motions, Defendant cannot now take a second (or third) bite at the procedural apple. This is why during our conversation I also attempted to refer you to ORCP 21 sections F and G, which, when read in the context of 21A, supports the notion that denial of the Defendant's prior two motions (which you wryly noted were not decided on the merits) became the law of the case on the issue of "another action pending." Unfortunately, by that point in the conversation you'd put me on speaker phone and sounded pre-occupied with other tasks, making it difficult to confer.

Plaintiff's position is that AutoZone seeks to do an end run around Judge LaBarre's ruling by filing another motion addressing the same issues. As I understand from your e-mail of this afternoon, however, we will further discuss these issues on Friday.

*Proposed Order on Judge LaBarre's February 7, 2008 Ruling*

During our phone conversation, you represented you had not yet looked at the Proposed Order from the February 7 hearing that I sent you last Friday. I then read the Proposed Order to you over the phone, and you have now sent me a draft Proposed Order which I will review and respond to shortly, or by Friday.

*Plaintiff Migis's Discovery Requests*

I attempted to confer with you on Plaintiff's First and Second sets of discovery requests to Defendant, in that I asked whether Defendant will produce the requested information.

Your initial position during the conference was that AutoZone "will not produce any discovery until the Court rules on a consolidation motion." Your rationale for that position consisted of the following: **(a)** there should not have been another suit (*Migis*) filed (see your 02-13-2008 e-mail–although I pointed out that in a *Joarnt* hearing transcript (01-27-2006) the Court stated, "You may have to file another case"); and **(b)** the *Joarnt* Court clearly intended a stay of discovery to apply to any subsequent cases.

To the contrary, there is no *Joarnt* Court order to that effect, and the *Joarnt* Court's comments are reasoned speculation only.

A stay of discovery (especially in what would now be a second request for such relief) is also improper because, as I explained on the phone, many of Plaintiff's discovery requests in the First and Second sets of discovery seek information from the period of time between the late-November 2007 filing of this case and the March 2005 filing of the *Joarnt* action, or otherwise from the time period of November 2006 to November 2007. (We also discussed how the late pay claim affects this issue.)

Although I also asserted this same argument in Plaintiff's Response to Defendant's Motion for a Stay of Discovery (at p. 4), you represented you had not read that briefing yet, and you need some time

**Douglas Parker** – *Migis v. AutoZone* – Conferral (Consolidation; Proposed Order; Plaintiff's Discovery Requests)
13 February 2008
Page 3

to check with your client and decide whether to produce responsive information. We are to further confer on this issue on Friday, February 15.

I advised during the phone conference that Plaintiff will deem the First Requests For Admission as admitted because Defendant failed to, at the very least and pursuant to ORCP 45, object to the issues in the Requests. See also Plaintiff's Response to Defendant's Motion for a Stay of Discovery. Moreover, those Requests relate to a time frame not covered by the *Joarnt* action.

I also noted during our conference that since the Court denied Defendant's ORCP 36C Motion for a Stay of Discovery on the grounds that it was improperly filed, then Plaintiff's position is that the 36C Motion was, *inter alia*, void (and not pending), meaning that the provisions of ORCP 46D do not protect Defendant from having failed to respond to discovery. In other words, Defendant waived its objections to the Second Set of Discovery requests.

Finally, I expect that any future phone conferences between us are considerably more amicable, and that each party is equally-committed to conferring in good faith.

Sincerely,

/s/

Chey K. Powelson
Attorney at Law

EXHIBIT B
Page 404

# PLAINTIFF'S EXHIBIT
# C

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Friday, February 15, 2008 6:05 PM |
| **To:** | 'Parker, Douglas S.' |
| **Cc:** | Tift, Leigh Ann C.; Bud Bailey; Brad Griffin |
| **Subject:** | RE: Response by Wed. |
| **Attachments:** | To D. Parker_2nd Conferral_02-15-2008.pdf |

Letter attached.

---

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Friday, February 15, 2008 4:47 PM
**To:** Chey Powelson
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

I certainly hope that we would strive to get a joint session on both parties' motions given their significant connection.

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Friday, February 15, 2008 4:10 PM
**To:** Parker, Douglas S.
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

March 20th is no longer available on LaBarre's calendar, so Tuesday morning we'll call for additional dates.

---

**From:** Chey Powelson
**Sent:** Friday, February 15, 2008 3:14 PM
**To:** 'Parker, Douglas S.'
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

Thanks. I'll send a follow-up letter this afternoon re: what I think we discussed, and copy Ms. Tift with it.

As I speculated on the phone, however, it turns out Judge LaBarre does not have enough time to hear both a motion to compel (undetermined yet as to scope or number of issues), and a motion for consolidation--he only has half an hour total for March 20 at 9:00. Moreover, Bud is not available the week of March 24th to argue the consolidation issues (note that while I cannot stipulate that it is proper for Defendant to file a motion to consolidate, I realize that Defendant will file it nonetheless; Plaintiff's arguments are as Mr. Bailey described last Thursday in that telephone conference, and as I set forth in our February 13 phone conference and my follow up letter the same day—I have yet to look at the Oregon cases you told me by name on the phone earlier this afternoon).

EXHIBIT *C*

Page *18 6*

Therefore, today before 5:00 p.m. we may reserve that March 20 date for a motion to compel (I'll let you know immediately if we do), the scope of which will no doubt be influenced by the supplementation/commitments Defendant provides by next Wednesday. The motion would not be filed until Thursday or Friday of next week. My follow-up letter to today's conference will follow shortly.

Chey Powelson

---

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Friday, February 15, 2008 2:56 PM
**To:** Chey Powelson
**Cc:** Tift, Leigh Ann C.
**Subject:** Response by Wed.

Leigh Ann is on board to get back to you on what we have discussed this afternoon.

Doug

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str

2/18/2008

EXHIBIT $\underline{C}$
Page $\underline{286}$

prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com



2/18/2008

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

**CHEY POWELSON**
  Telephone  (360) 567-2551
  Facsimile    (360) 567-3331
  e-mail:  CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

February 15, 2008

### VIA E-MAIL ONLY

Mr. Doug Parker
Littler Mendelson
dparker@littler.com

> **Re:**   ***Migis v. AutoZone, Inc.***
> Multnomah County Circuit Court No. 0711-13531
> Follow up to the Parties' Second Conferral (Motion to Consolidate; Plaintiff's
> Discovery Requests)

Mr. Parker:

This afternoon we again discussed Defendant's anticipated motion to consolidate and Defendant's responses or obligations relating to Plaintiff's outstanding discovery requests. Defendant has committed that Ms. Tift from Defendant's Seattle office will get back to me by Wednesday, February 20, via either e-mail or fax regarding the issues we conferred on today, which I set forth below.

*Defendant's Motion for Consolidation and Stay of Discovery*

We agreed to disagree whether it is appropriate for Defendant to file a motion for consolidation, although you referred me to three Oregon cases discussing ORCP 53. And although Plaintiff cannot stipulate that it is proper to file that motion, since Defendant is committed to doing so we also discussed the timing of that motion in relation to Plaintiff's need for discovery in this case. You did acknowledge the default "one year to trial" requirement in Multnomah Co. Circuit Court by the Presiding Judge, and in turn I expressed the need for Plaintiff to pursue discovery through a motion to compel (subject to any commitments and/or actual document production by Defendant next Wednesday).

Without any motion to compel on those issues we are unable to reach agreement, this case could very well be six months old before Plaintiff's counsel obtains any documents pertaining to our own client; Plaintiff cannot wait at least five weeks after a hearing on a motion to consolidate, before obtaining a ruling on any discovery matter. We are now almost into the fourth month of this case since filing.

(After the conference we attempted to reserve March 20 for hearing in front of Judge LaBarre for both a motion to compel and Defendant's motion for consolidation, but there was not enough time for oral argument on both motions.)

EXHIBIT  *C*
Page  *486*

**Doug Parker** – *Migis v. AutoZone* – Second Conferral (Consolidation; Plaintiff's Discovery Requests)
15 February 2008
Page 2

*AutoZone's Litigation Hold / Preservation Efforts*

You confirmed, in response to my request for litigation hold letter and follow up e-mail inquiries regarding the same, there is a litigation hold in place.

*Plaintiff Migis's Discovery Requests*

As an initial matter, you committed to producing Mr. Migis's personnel file *post-haste*. At some point during the conference I mentioned that Defendant in it's objections/responses to the First Set of requests commit to supplementing its responses once the Motion to Dismiss and Motion to Stay were heard.

I also identified from Plaintiff's First Set of Discovery Requests, **RFP Nos. 7-19** (16, to the extent the handbook has changed since the *Joarnt* filing), **22 and 23** as pertaining directly to the named Plaintiff, and noted that Defendant should strive to produce this information.

With respect to the other Requests in the First Set, some of those are contingent on Defendant's responses to the Requests For Admission; which Plaintiff believes should be deemed admitted (as mentioned also this past Wednesday), but to which Defendant wants to provide supplemental responses only referencing the Motion for Consolidation. A motion to determine the sufficiency of those responses to the Requests for Admission may be appropriately combined with a motion to compel.

Otherwise, in regards to those remaining Requests for Production in the First Set, as well as any in the Second Set <u>not</u> pertaining to the named Plaintiff, I asked (as I did this past Wednesday) whether Defendant would for now produce information at least for that time period after the *Joarnt* filing. If any request in the First or Second set pertain to the Plaintiff individually, then the scope of those requests should not be limited to only after the *Joarnt* filing, but rather for Mr. Migis's entire period of employment.

I again emphasized Plaintiff's position that since Defendant's Motion to Stay Discovery was, in retrospect, improperly filed and therefore void in the first instance, the safe harbor provision of ORCP 46D does not apply, and Defendant has waived its objections to those Second Set of Requests.

As mentioned today, I believe that Defendant should produce documents responsive to **RFP No. 3** from the Second Set of discovery requests since, just as in the First Set of requests, it pertains directly to Plaintiff's employment. Please also note that this rationale would also apply to **RFP Nos. 5-8** in the Second Set (**RFP Nos. 1 and 2** do overlap, time-wise, with the *Joarnt* action, but you committed generally–as you did this past Wednesday–to determining whether Defendant will produce requested discovery for the "gap" of time between the *Joarnt* filing and *Migis* filing (I noted that some of the requests reference a time period to include "up to present")).

EXHIBIT *C*
Page 586

**Doug Parker** – *Migis v. AutoZone* – Second Conferral (Consolidation; Plaintiff's Discovery Requests)
15 February 2008
Page 3

Despite admitting you're still getting up to speed with how AutoZone manages its information, you committed to immediately checking into these issues (also to include to what extent AutoZone can produce the information without burden, though I note that–and as set forth in Plaintiff's Response to Defendant's Motion for a Temporary Stay of Discovery–Defendant did not object to the First Set of Requests on the grounds that they were unduly burdensome or overly broad).

Because you will be out of town or otherwise pre-occupied with depositions all next week, Ms. Tift is to get back to me on Wednesday, February 20 by fax or e-mail with Defendant's final position on these issues.

Thank you for your time and attention to this matter.

                                        Sincerely,

                                        /s/

                                        Chey K. Powelson
                                        Attorney at Law


cc: Ms. Leigh Ann Tift (via e-mail)

EXHIBIT _C_
Page _606_

# PLAINTIFF'S EXHIBIT
# D



**LITTLER MENDELSON**®
A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

February 20, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

DISTRICT OF
COLUMBIA

FLORIDA

**VIA E-MAIL ONLY**

GEORGIA

Chey K. Powelson
BAILEY, PINNEY & ASSOCIATES, LLC
CPowelson@wagelawyer.com

Re:     Migis v. AutoZone, Inc.
Multnomah County Circuit Court No. 0711-13531
Follow Up to the Parties' Second Conferral (Motion to Consolidate;
Plaintiff's Discovery Requests)

ILLINOIS

MASSACHUSETTS

Dear Mr. Powelson:

We believe that Judge Kantor's stay of discovery was very clear, as was Mr. Bailey's
agreement to the stay.  However, we will produce Mr. Migis' employment records and have
requested copies of all pay records for the time he was employed in Oregon.

MINNESOTA

NEVADA

Sincerely,

NEW JERSEY

Leigh Ann Tift

NEW YORK

LAT:sls

cc:     Douglas Parker
Jennifer Mora

NORTH CAROLINA

Firmwide:84338850.1 013306.2124

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

**EXHIBIT** _b_
**Page** _196_

# PLAINTIFF'S EXHIBIT E

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Wednesday, February 20, 2008 5:43 PM |
| **To:** | Parker, Douglas S.; Tift, Leigh Ann C. |
| **Cc:** | Mora, Jennifer L.; 'Lucero, Laura M.'; 'sstevens@littler.com'; Bud Bailey; Brad Griffin; Megan Treseder |
| **Subject:** | RE: Migis V. AutoZone, Inc. |

Thank you for the letter regarding anticipated document production. However, it does not address several of the issues contained in my follow up letters to our discovery conferences, as well as recent e-mail exchanges with your office.

I understood during our phone conferences that Defendant would be supplementing its responses, and/or taking a final position on the issues discussed. Due to the absence of information on those issues in Defendant's letter, it appears the parties are done conferring, and that:

(1) Defendant will not produce any discovery requested (regarding information not directly and personally relating to the named Plaintiff Migis) at least from the period of time between the day after the Joarnt filing, up to present; and

(2) Defendant will not, generally, supplement its discovery responses to the First Set of Requests for Production and Requests for Admission.

Due to the severe delay in document production up to this point in the case, Plaintiff will have to move to compel production of information not directly relating to Plaintiff Migis, and to determine the sufficiency of Defendant's objections to the Requests For Admission. Per my e-mail of yesterday morning, please advise as to your availability for a hearing on motion to compel.

Moreover, please advise by this Monday, February 25, a date certain when Defendant will "produce Mr. Migis' employment records...and all pay records for the time he was employed in Oregon." (I assume that "employment records" includes but are not limited to his personnel file.)

Thanks for your time and attention to these matters.

Chey Powelson

---

**From:** Stevens, Savanna L. [mailto:SStevens@littler.com]
**Sent:** Wednesday, February 20, 2008 4:41 PM
**To:** Chey Powelson
**Cc:** Parker, Douglas S.; Mora, Jennifer L.
**Subject:** Migis V. AutoZone, Inc.

Please see attached.

**Savanna L. Stevens**
Legal Assistant to James Zissler and Leigh Ann Tift
Littler Mendelson - Seattle
701 Fifth Avenue, Suite 6500
Seattle WA 98101.7097
*Telephone 206.381.4932 Fax 206.447.6965*



EXHIBIT E
Page 182

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com



EXHIBIT  E
Page 202

# PLAINTIFF'S EXHIBIT
# F

# TRUE COPY

1

2     IN THE CIRCUIT COURT OF THE STATE OF OREGON

3     FOR THE COUNTY OF MULTNOMAH

4

5

| | |
|---|---|
| 6    MICHAEL MIGIS, individually, and on<br>behalf of all other persons similarly<br>7    situated,, | No. 0711-13531 |
| 8                    Plaintiff, | ***DEFENDANT'S OBJECTIONS TO<br>PLAINTIFF'S FIRST SET OF REQUESTS<br>FOR PRODUCTION OF DOCUMENTS*** |
| 9    vs. | |
| 10    AUTOZONE INC., a Nevada<br>Corporation,, | |
| 11                    Defendant. | |
| 12 | |

13

14     Defendant AutoZone, Inc. ("Defendant") hereby submits its objections to Plaintiff's First Set

15     of Requests for Production of Documents as follows:

16                              **GENERAL OBJECTIONS**

17           The following objections apply generally to all of Plaintiff's discovery requests in this

18     lawsuit:

19           (a)      <u>Objections to Scope of Discovery Requests</u>.  Defendant objects to all discovery

20     requests to the extent they purport to require any actions not required by the Oregon Rules of Civil

21     Procedure, the Uniform Trial Court Rules, or any local rules.  Without limiting the generality of this

22     objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope

23     of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to

24     lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation

25     greater than that imposed by the Oregon Rules of Civil Procedure.

26

---

PAGE 1 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT F
Page 1 of 7

1       (b)    <u>Privilege and Trial Preparation Materials</u>. Defendant objects to all discovery requests

2 to the extent they call for information or documents that fall within any relevant privilege (including

3 without limitation the attorney-client privilege), that are within the work product doctrine, or that

4 constitute trial preparation materials.

5       (c)    <u>No Waiver</u>. Nothing set forth in Defendant's specific objections, general objections

6 or responses is intended as or should be construed as a waiver of these general objections, or of any

7 specific objections set forth.

8       (d)    <u>Reservation of Rights</u>. Defendant reserves the right to move later for a protective

9 order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's

10 objections by agreement.

11       (e)    <u>Publicly Available Documents</u>. Defendant objects to producing publicly available

12 documents (including without limitation court records) that are, due to their public availability,

13 equally available to the requesting party.

14       (f)    <u>Pending Motion to Dismiss and Motion to Stay</u>. Defendant objects to responding to

15 these requests in their entirety in light of Defendant's Motion to Dismiss and Motion to Stay

16 Discovery, both of which are currently pending before the Court. If this matter survives Defendant's

17 Motion to Dismiss or if Defendant's Motion to Stay Discovery is not granted, Defendant will

18 supplement its responses to these requests. However, nothing in these responses, including

19 Defendant's refusal to respond, should be construed as an admission to the substance of any

20 particular request for admission.

21       (g)    <u>Non-conformance with ORCP 45A</u>. Defendant objects to all requests for admission

22 contained in these discovery requests insofar as (1) they are not included in a separate document and

23 (2) they do not include the "notice" language contained in ORCP 45A that is required to be included

24 in any and all requests for admission.

25

26

PAGE 2 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-0009

EXHIBIT E

Page 2 of 17

1        Defendant's response to each request specifically incorporates these General Objections by

2    this reference.

3                **SPECIFIC OBJECTIONS AND RESPONSES**

4        **REQUEST FOR ADMISSION NO. 1**:    Admit that Defendant failed to pay all wages

5    earned and unpaid by the end of the first business day after termination, to at least one involuntarily

6    terminated employee within the 12 months preceding the date of the filing of this lawsuit.

7        **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

8    forth herein.  Defendant also objects to responding to this request in its entirety in light of

9    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11   Stay Discovery is not granted, Defendant will supplement its response to this request.  However,

12   nothing in this response, including Defendant's refusal to respond, should be construed as an

13   admission to the substance of this particular request for admission.

14      **REQUEST FOR PRODUCTION NO. 1**:  If Defendant admits RFA No. 1, produce all

15   documents and electronically stored information for all involuntarily terminated employees to whom

16   Defendant failed to pay all wages earned and unpaid by the end of the first business day after

17   termination, within the referenced time period.  Produce documents and electronically stored

18   information in electronic format.  If electronic format is not available, produce in original format.

19   This request includes, but is not limited to, Documents and Electronic Data as defined above.

20   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set forth

21   herein.  Defendant also objects to responding to this request in its entirety in light of Defendant's

22   Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending before the

23   Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to Stay

24   Discovery is not granted, Defendant will supplement its response to this request.

25

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax 503-242-2457

EXHIBIT

Page 3 of 11

1    **REQUEST FOR PRODUCTION NO. 2:**  If Defendant denies RFA No. 1, produce all

2    documents and electronically stored information for all involuntarily terminated employees within

3    the referenced time period which Defendant relies upon to support its denial.  Produce documents

4    and records in electronic format.  If electronic format is unavailable, produce in original format.

5    This request includes, but is not limited to, Documents and Electronic Data as defined above.

6        **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

7    forth herein.  Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10    Stay Discovery is not granted, Defendant will supplement its response to this request.

11    **REQUEST FOR ADMISSION NO. 2:**    Admit that Defendant failed to immediately pay

12    all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of their

13    intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

14        **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

15    forth herein.  Defendant also objects to responding to this request in its entirety in light of

16    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18    Stay Discovery is not granted, Defendant will supplement its response to this request.  However,

19    nothing in this response, including Defendant's refusal to respond, should be construed as an

20    admission to the substance of this particular request for admission.

21    **REQUEST FOR PRODUCTION NO. 3:**  If Defendant admits RFA No. 2, produce all

22    documents and electronically stored information for all employees who gave not less than 48 hours'

23    notice of their intention to quit, to whom Defendant failed to pay all wages earned and unpaid

24    immediately at the time of quitting, within the referenced time period.  Produce documents and

25    electronically stored information in electronic format.  If electronic format is unavailable, produce in

26

PAGE 4 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 47200
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT F
Page 401

1    original format. This request includes, but is not limited to, Documents and Electronic Data as

2    defined above.

3        **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

4    forth herein. Defendant also objects to responding to this request in its entirety in light of

5    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7    Stay Discovery is not granted, Defendant will supplement its response to this request.

8        **REQUEST FOR PRODUCTION NO. 4:**   If Defendant denies RFA No. 2, produce all

9    documents and electronically stored information for all employees who gave not less than 48 hours'

10   notice of their intention to quit, within the referenced time period which Defendant relies upon to

11   support its denial. Produce documents and electronically stored information in electronic format. If

12   electronic format is unavailable, produce in original format. This request includes, but is not limited

13   to, Documents and Electronic Data as defined above.

14       **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

15   forth herein. Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request.

19       **REQUEST FOR ADMISSION NO. 3:**     Admit that Defendant failed to pay all wages

20   earned and unpaid within five business days after at least one employee quit without giving 48 hours'

21   notice, within the 12 months preceding the date of the filing of this lawsuit.

22       **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

23   forth herein. Defendant also objects to responding to this request in its entirety in light of

24   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

25   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

26

PAGE 5 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT _E_
Page 5 of 1

1    Stay Discovery is not granted, Defendant will supplement its response to this request. However,

2    nothing in this response, including Defendant's refusal to respond, should be construed as an

3    admission to the substance of this particular request for admission.

4          **REQUEST FOR PRODUCTION NO. 5**:  If Defendant admits RFA No. 3, produce all

5    documents and electronically stored information for all employees who quit, to whom Defendant

6    failed to pay all wages earned and unpaid within five business days, within the referenced time

7    period.  Produce documents and electronically stored information in electronic format.  If electronic

8    format is unavailable, produce in original format.  This request includes, but is not limited to,

9    Documents and Electronic Data as defined above.

10         **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

11   forth herein.  Defendant also objects to responding to this request in its entirety in light of

12   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

13   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

14   Stay Discovery is not granted, Defendant will supplement its response to this request.

15         **REQUEST FOR PRODUCTION NO. 6**:  If Defendant denies RFA No. 3, produce all

16   documents and electronically stored information for all employees who quit without notice within

17   the referenced time period which Defendant relies upon to support its denial.  Produce documents

18   and electronically stored information in electronic format.  If electronic format is unavailable,

19   produce in original format.  This request includes, but is not limited to, Documents and Electronic

20   Data as defined above.

21         **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

22   forth herein.  Defendant also objects to responding to this request in its entirety in light of

23   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25   Stay Discovery is not granted, Defendant will supplement its response to this request.

26

PAGE 6 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 621

1    **REQUEST FOR PRODUCTION NO. 7:**  Produce all employment agreements, contracts,

2    covenants and addendums between Plaintiff and Defendant.  This request includes but is not limited

3    to correspondence stored on electronic disks, recording tapes, and computer banks.

4       **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

5    forth herein.  Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9       **REQUEST FOR PRODUCTION NO. 8:**  Produce all correspondence wherein Plaintiff's

10   name is mentioned, including all letters, e-mail correspondence, and correspondence stored on any

11   data compilations from which information can be obtained or translated, if necessary, by Defendant

12   through detection devices into reasonably usable form.  This request includes but is not limited to

13   correspondence stored on electronic disks, recording tapes, and computer banks.

14      **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

15   forth herein.  Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request.

19      **REQUEST FOR PRODUCTION NO. 9:**  Produce all interoffice memorandum wherein

20   Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

21   memorandum stored on any data compilations from which information can be obtained or translated,

22   if necessary, by Defendant through detection devices into reasonably usable form.  This request

23   includes but is not limited to correspondence stored on electronic disks, recording tapes, and

24   computer banks.

25   / / /

26

PAGE 7 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 7 of 11

1    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

2    forth herein. Defendant also objects to responding to this request in its entirety in light of

3    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

4    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

5    Stay Discovery is not granted, Defendant will supplement its response to this request.

6        **REQUEST FOR PRODUCTION NO. 10**: Produce all application forms, resumes or other

7    such documents and electronically stored information submitted by Plaintiff to Defendant.

8        **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

9    forth herein. Defendant also objects to responding to this request in its entirety in light of

10   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

11   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

12   Stay Discovery is not granted, Defendant will supplement its response to this request.

13       **REQUEST FOR PRODUCTION NO. 11**: Produce any and all documents and

14   electronically stored information, including correspondence, recordings, meetings, memos, notes,

15   discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the

16   subject of Plaintiff's wages or pay either individually or by inclusion in a larger group. This request

17   includes but is not limited to correspondence stored on electronic disks, recording tapes, and

18   computer banks.

19       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

20   forth herein. Defendant also objects to responding to this request in its entirety in light of

21   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23   Stay Discovery is not granted, Defendant will supplement its response to this request.

24   ///

25   ///

26

PAGE 8 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 21

1    **REQUEST FOR PRODUCTION NO. 12**: Produce all documents and electronically stored

2    information contained in Plaintiff's personnel file and records, including all notes, notations, or other

3    entries or marks of any nature whatsoever and including the cover of the file. This request includes

4    but is not limited to correspondence stored on electronic disks, recording tapes, and computer banks.

5    Defendant shall make explicit identification of the documents it produces responsive to this request.

6    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

7    forth herein. Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10   Stay Discovery is not granted, Defendant will supplement its response to this request.

11   **REQUEST FOR PRODUCTION NO. 13**: Produce all documents and electronically stored

12   information referencing Plaintiff's earnings individually or by inclusion in a larger group, including

13   all records, documents or internal correspondence between Plaintiff and any of Defendant's agents or

14   between any of Defendant's agents concerning or mentioning Plaintiff or Plaintiff's earnings, wages

15   or compensation.

16   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

17   forth herein. Defendant also objects to responding to this request in its entirety in light of

18   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

19   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

20   Stay Discovery is not granted, Defendant will supplement its response to this request.

21   **REQUEST FOR PRODUCTION NO. 14**: Produce all documents and electronically stored

22   information evidencing the hours Plaintiff worked or was expected to work individually or by

23   inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time records,

24   time cards, punch clock records, time sheets, work time schedules and any data compilations from

25   which information can be obtained or translated, if necessary, by Defendant through detection

26

PAGE 9 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-8447

EXHIBIT F
Page 7 of 17

1  devices into reasonably usable form. This request includes but is not limited to correspondence

2  stored on electronic disks, recording tapes, and computer banks.

3      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

4  forth herein. Defendant also objects to responding to this request in its entirety in light of

5  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7  Stay Discovery is not granted, Defendant will supplement its response to this request.

8      **REQUEST FOR PRODUCTION NO. 15**: Produce all pay stubs, payroll worksheets, pay

9  checks and other such documents and electronically stored information prepared or used by

10  Defendant to calculate the amount of wages owed to Plaintiff. This request includes all the

11  requested data stored on electronic disks, recording tapes, and computer banks.

12      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

13  forth herein. Defendant also objects to responding to this request in its entirety in light of

14  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

15  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

16  Stay Discovery is not granted, Defendant will supplement its response to this request.

17      **REQUEST FOR PRODUCTION NO. 16**: Produce all of Defendant's employee manuals or

18  employee handbooks in place during the course of Plaintiff's employment with Defendant.

19      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

20  forth herein. Defendant also objects to responding to this request in its entirety in light of

21  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23  Stay Discovery is not granted, Defendant will supplement its response to this request.

24  ///

25  ///

26

PAGE 10 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2372

EXHIBIT E
Page 10

1    **REQUEST FOR PRODUCTION NO. 17**:   Produce all documents and electronically

2    stored information relating to Plaintiff's termination.  This request includes but is not limited to

3    correspondence stored on electronic disks, recording tapes, and computer banks.

4        **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

5    forth herein.  Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9        **REQUEST FOR PRODUCTION NO. 18**: Produce all documents and electronically stored

10   information Plaintiff filled out as a condition of his employment, including all federal tax forms.

11   This request includes but is not limited to correspondence stored on electronic disks, recording tapes,

12   and computer banks.

13       **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

14   forth herein.  Defendant also objects to responding to this request in its entirety in light of

15   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

16   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

17   Stay Discovery is not granted, Defendant will supplement its response to this request.

18       **REQUEST FOR PRODUCTION NO. 19**: Produce all documents and electronically stored

19   information relating in any way to Plaintiff's performance, including any and all records of

20   performance evaluations performed, commendations, awards, testing, interviews, counseling,

21   accident or incident reports, disciplinary actions or any other record or any act or activity addressing

22   issues of Plaintiff's performance.

23       **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

24   forth herein.  Defendant also objects to responding to this request in its entirety in light of

25   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-1926

EXHIBIT E
Page 11

1  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2  Stay Discovery is not granted, Defendant will supplement its response to this request.

3  **REQUEST FOR PRODUCTION NO. 20**: Produce all documents and electronically stored

4  information relative to any and all complaints or grievances made against Defendant pursuant to the

5  Fair Labor Standards Act, Chapters 652 or 653 of the Oregon Revised Statutes and/or all of

6  Defendant's employees' formal and informal complaints or grievances requesting wages or disputing

7  amount of wages paid. This request includes all the complaints filed, the reports of the investigation,

8  the reports to any governmental agency, the reports by any governmental agency, the reports to any

9  arbitrator, mediator or judge, the findings or opinions of any arbitrator, mediator or judge and the

10  resolution of the issues that resulted in the complaints or grievances.

11  **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

12  forth herein. Defendant also objects to responding to this request in its entirety in light of

13  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

14  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

15  Stay Discovery is not granted, Defendant will supplement its response to this request.

16  **REQUEST FOR PRODUCTION NO. 21**: Produce all documents and electronically stored

17  information relating to the organization and operation of the defendant's business, including

18  organizational charts, listings of officers and directors, annual reports, special shareholder reports,

19  informational brochures, filings with the secretary of state, and filings with the Security and

20  Exchange Commission.

21  **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

22  forth herein. Defendant also objects to responding to this request in its entirety in light of

23  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25  Stay Discovery is not granted, Defendant will supplement its response to this request.

26

PAGE 12 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 120

1    **REQUEST FOR PRODUCTION NO. 22**: Produce all documents and electronically stored

2    information pertaining to the orientation or any training received by Plaintiff or other employees

3    during the course of employment that related to Defendant's employment practices.

4    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

5    forth herein. Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9    **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically stored

10   information reflecting all communications made to any of Defendant's employee's and/or in response

11   to inquiries pertaining to the Plaintiff's employment relationship, work performance or other

12   employment-related circumstances.

13   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

14   forth herein. Defendant also objects to responding to this request in its entirety in light of

15   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

16   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

17   Stay Discovery is not granted, Defendant will supplement its response to this request.

18   **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically stored

19   information, which evidence the date on which any employee's employment terminated, in the year

20   proceeding this lawsuit. This request includes all documents fixed in any tangible medium of

21   expression, from which they can be perceived, reproduced, or otherwise communicated, either

22   directly or with the aid of a machine or device.

23   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

24   forth herein. Defendant also objects to responding to this request in its entirety in light of

25   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

PAGE 13 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-8621

EXHIBIT F
Page 301

1  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2  Stay Discovery is not granted, Defendant will supplement its response to this request.

3       **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record, evidencing

4  the amount and date Defendant made payment of each employee's final wages, for each employee

5  whose employment has terminated within the year proceeding Plaintiff's termination. This request

6  includes all documents and electronically stored information.

7       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

8  forth herein. Defendant also objects to responding to this request in its entirety in light of

9  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11  Stay Discovery is not granted, Defendant will supplement its response to this request.

12

13  Dated: January _10_, 2008

14

15                              Douglas S. Parker OSB No.82101

16                              LITTLER MENDELSON
                                A Professional Corporation

17

18                              Attorneys for Defendant
                            Autozone Inc.

19

20

21

22

23

24

25

26

PAGE 14 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-7

EXHIBIT E
Page 14

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on January 10, 2008, I served a full, true, and correct copy of the

3    foregoing **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS**

4    **FOR PRODUCTION OF DOCUMENTS**:

5

6              ☐        By delivery via messenger, or otherwise by hand,

7              ☒        By facsimile,

8              ☐        By e-mail,

9              ☒        By mailing same, postage paid,

10   addressed to:

11
                        Bailey Pinney & Associates LLC
12                      Attorneys at Law
                        1498 SE Tech Center Place
13                      Suite 290
                        Vancouver, WA  98683
14                      Fax (360) 567-3331

15                          Of Attorneys for Plaintiff

16

17

18                      By _____
19                         Laura Lucero

20

21

22

23

24

25

26

PAGE 15 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-3467

EXHIBIT F

Page 15 of 1



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

January 10, 2008

Laura M. Lucero
Direct: 503.889.8879
llucero@littler.com

Circuit Court Clerk
Multnomah County Courthouse
1021 SW Fourth Avenue
Portland, OR 97204

Re:    Michael Migis v. Autozone, Inc.
       Multnomah County Circuit Court Case No. 0711-13531

Dear Sir or Madam:

Enclosed please find for filing Defendant's Objections to Plaintiff's First Set of Requests for Production of Documents, along with our confirmation card.

Sincerely,

Laura M. Lucero

LML/lml
Enclosure
cc:    Bailey Pinney & Associates

*Firmwide:84031381.1 013306.2124*

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
1750 SW Harbor Way, Suite 450, Portland, Oregon 97201  Tel: 503.221.0309 Fax: 503.242.2457 www.littler.com

EXHIBIT F
Page 16 of 17





UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.92⁰
C002170528   JAN 10 2008
MAILED FROM ZIP CODE 97201



RECEIVED
BY
JAN 14 2008



**LITTLER MENDELSON** ®
A PROFESSIONAL CORPORATION

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290
Vancouver, WA  98683

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
1750 SW Harbor Way, Suite 450, Portland, Oregon 97201

EXHIBIT F
Page 1 of 1

# PLAINTIFF'S EXHIBIT
# G



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
.23
24
25
26

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS,

                        Plaintiff,

    v.

AUTOZONE, INC.,

                      Defendant.

No. 0711-13531

**PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

**TO:    Defendant Autozone, Inc., via its attorney Leigh Ann Tift**

    Plaintiff hereby requests that Defendant make the following documents, as requested in

Exhibit "A", available for inspection and copying at the time, date and place set forth below:

                                  <u>**TIME, DATE AND PLACE FOR PRODUCTION**</u>

**TIME:**      10:00 AM

**DATE:**     January 11, 2008

**PLACE:**    Bailey Pinney & Associates LLC
              1498 SE Tech Center Place, Suite 290
              Vancouver, WA 98683

Page - 1    Plaintiff's Second Set of Requests For Production of Documents

EXHIBIT G
Page 1969

## DEFINITIONS

a.    "Documents" as used in this request means:  (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof.    (2) all writings, contracts, agreements, correspondence, papers,  memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books, logs, schedules,  (4) all photographs, plans, specifications, tangible things, manuals, promotional material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries,  (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

b.    "Electronic Data" as used in this request includes information from Defendant's computer systems, removable electronic media and other locations.  This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm or security logs or records, video security or other tapes or recordings, contact manager

Page  - 2       Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT  G
Page 209

1  information, internet usage files, backup files and tapes, image files, and network access

2  information. This also includes data on personal, home or laptop computers of personnel

3  containing potentially discoverable information. With respect to all of the above, produce the

4  data in native file format with any metadata intact.

5    c.  Produce all non-identical copies of all responsive documents including copies that

6  bear marks, notations or changes not present on the original.

7    d.  If any documents are withheld on grounds of attorney/client privilege or attorney

8  work produce privilege, identify the author, each recipient thereof, the nature of the document and

9  the basis upon which the privilege is asserted.

10    e.  If any document requested was, but no longer is in the possession, custody, or

11  control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been

12  destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been

13  otherwise disposed of. For each such instance, explain the circumstances surrounding such

14  disposition, give the date or approximate date thereof, and the names and last known home and

15  business addresses of these persons with knowledge of such circumstances.

16    f.  "Defendant" as used herein refers to all parties named in this action, and all agents,

17  employees or other persons with an interest in any party.

18    g.  These requests for production are continuing and, in the event you discover further

19  information that is responsive to them, you are to supplement your answers. If

20  you fail to supplement this answer in a reasonable fashion, requestor will move the court for an

21  order excluding from evidence at trial any matter which is responsive and not furnished.

22    h.  "Plaintiff" as used herein refers to each and every person who is expressly listed

23  in the caption of the class action complaint.

24

25

26

Page - 3  Plaintiff's Second Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT 
Page

1

## EXHIBIT "A"

2 **Request For Production No. 1:**    Produce all documents containing or referencing

3 Defendant's transportation and driving policies and/or procedures relating to the operation of

4 Defendant's vehicles by Defendant's Oregon employee's and/or the operation of employees' own

5 vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal

6 course of conduct and for the benefit of Defendant.  This request includes all documents

7 applicable to its Oregon employees, whether or not specifically mentioned, over the time period

8 six years prior to the filing of the complaint in this matter.

9    **Response:**

10

11 **Request For Production No. 2:**    Produce all documents containing or referencing

12 Defendant's mileage reimbursement policy and/or procedure in regards to the operation of

13 Defendant's employees' use of their own vehicles during scheduled work hours, as part of

14 employee's job duties, assignment and/or normal course of conduct and for the benefit of

15 Defendant.  This request includes all documents applicable to its Oregon employees, whether or

16 not specifically mentioned, over the time period six years prior to the filing of the complaint in

17 this matter.

18    **Response:**

19

20

21 **Request For Production No. 3:**    Produce all documents containing or referencing

22 Defendant's daily merchandise and/or parts delivery and pick-up schedule in place during the

23 course of Plaintiff's employment with Defendant for all Defendant Stores where Plaintiff worked

24 and delivered.

25    **Response:**

26

Page - 4      Plaintiff's Second Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT G
Page 4 of 9

1    **Request For Production No. 4:**    Produce all documents and reports reflecting dates and

2    times when any AutoZone employees working in the State of Oregon missed their meal periods,

3    for the period of time from three (3) years prior to the filing of the Complaint, up to present. This

4    Request includes any and all, if applicable, "Missed Lunch Reports" and "Lunch Variance

5    Reports."

6        **Response:**

7

8    **Request For Production No. 5:**    Produce all "Weekly Schedule" reports referencing

9    Plaintiff's work schedule, both approved and unapproved, for the period of time from three (3)

10    years prior to the filing of the Complaint, up to present.

11        **Response:**

12

13    **Request For Production No. 6:**    Produce all documents and reports reflecting any weekly

14    summarization of hours worked by Plaintiff, whether individually or by inclusion in a larger

15    group, for the period of time from three (3) years prior to the filing of the Complaint, up to

16    present.

17        **Response:**

18

19

20    **Request For Production No. 7:**    Produce all documents or records such as security logs, or

21    records, identifying when a security system in any AutoZone store in which Plaintiff worked was

22    activated and/or deactivated during Plaintiff's employment period.

23        **Response:**

24

25

26

Page – 5        Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT $G$
Page $5$ of $9$

1   **Request For Production No. 8:**   Produce all documents that identify, or which record or can

2   be used to identify, the names of the persons activating and/or deactivating security systems at

3   stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

4     **Response:**

5

6

7

8

9     DATED: November 23, 2007.

10

11   By <u>Susan C. Nelson</u>

12     SUSAN C. NELSON,  WSB 35637
      Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page - 6     Plaintiff's Second Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT G
Page 689

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiff's Second Set of Requests for Production of Documents** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:

[X]     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]     by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    November 30, 2007

SUSAN C. NELSON, WSB 35637
Of Attorneys for Plaintiff

EXHIBIT G
Page 187

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

MEGAN TRESEDER
TELEPHONE  (360) 567-2551
FACSIMILE   (360) 567-3331
E-MAIL: Megan@wagelawyer.com

November 30, 2007

**_VIA FAX AND MAIL:    (206) 447-6965_**

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

>       Re:    ***Michael Migis vs. AutoZone, Inc.***
>              ***Court No.  0711-13531***

Dear Ms. Tift:

Enclosed please find Plaintiff's Second Set of Requests for Production in the above-referenced case.

Thank you for your attention to this matter.

Sincerely yours,

Megan Treseder
Legal Assistant

Enclosure

```
*************** -COMM. JOURNAL- ****************** DATE NOV-30-2007 **** TIME 09:51 ********

    MODE = MEMORY TRANSMISSION              START=NOV-30 09:49    END=NOV-30 09:51

    FILE NO.=503

 STN   COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
 NO.            ABBR NO.

 001   OK       ¤            12064476965                                 009/009   00:02:02
```

                                          -BAILEY PINNEY              -

```
**** UF-8000 V2 ****************** -3605673331    - **** -             - ********
```

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

Tele: 1-800-887-8351
Fax:  360-567-3331

MT

November 30, 2007

## PERSONAL AND CONFIDENTIAL

TO:        Ms. Leigh Ann Tift

FAX NO.    (206) 447-6965

Number of Pages (including cover page): 9

REGARDING:

*Migis v. AutoZone - Plaintiff's Second Set of Requests for Production*

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:        ORIGINAL DOCUMENTS
                 Regular mail

## NOTICE TO RECIPIENT

The information contained in this facsimile is intended only for the use of the individual or entity
named above and may contain attorney privileged information. If you are not the intended recipient,
you are hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify me by
telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

EXHIBIT
Page 909

# PLAINTIFF'S EXHIBIT
# H

1

2

3

4

5

6    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**
7

8    MICHAEL MIGIS, *et al.*,                    Case No.  0711-13531

9                           Plaintiff,

10                                                **ORDER DENYING DEFENDANT'S**
                                                 **ORCP 21A(3) MOTION TO DISMISS**
11   v.                                          **& MOTION TO STAY DISCOVERY**

     AUTOZONE, INC.,

12                           Defendant.          [PROPOSED]

13

14        **THIS MATTER** having come before the Court for hearing on February 7, 2008, and the

15   Court having reviewed the file, and being fully advised of the premise thereof; the Court hereby

16   ORDERS that Defendant's ORCP 21A(3) Motion to Dismiss, and Defendant's Motion for a

17   Temporary Stay of Discovery, are both DENIED based on UTCR 5.010 violations.

18

19

20   DATED on this ____ day of _____ 2008.

21

22   THE HON. JEROME LaBARRE
     MULTNOMAH CO. CIRCUIT COURT
23

24   ///

25   ///

26   ///

Page 1 -    ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY



EXHIBIT A
Page 1 of 2

1    APPROVED AS TO FORM:

2

3    _____/s/_____
     A.B. "BUD" BAILEY, OSB 87157
4    CHEY POWELSON, OSB 03551
     Attorneys for Plaintiffs
5

6

7    _____/s/_____
     DOUGLAS S. PARKER, OSB 82101
8    Attorney for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -        ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY

EXHIBIT __A__
Page __2 of 2__

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Declaration of Chey K. Powelson in Support of Plaintiff's First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission upon:**

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    February 22, 2008

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

08 FEB 20  PM 3:27

FILED

ENTERED
FEB 26 2008
IN REGISTER BY EG

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, *et al.*,

        Plaintiff,

    v.

AUTOZONE, INC.,

        Defendant.

Case No.  0711-13531

ORDER DENYING DEFENDANT'S
ORCP 21A(3) MOTION TO DISMISS
& MOTION TO STAY DISCOVERY

[PROPOSED]

THIS MATTER having come before the Court for hearing on February 7, 2008, and the
Court having reviewed the file, and being fully advised of the premise thereof; the Court hereby
ORDERS that Defendant's ORCP 21A(3) Motion to Dismiss, and Defendant's Motion for a
Temporary Stay of Discovery, are both DENIED based on UTCR 5.010 violations.

DATED on this 19th day of February 2008.

THE HON. JEROME LaBARRE
MULTNOMAH CO. CIRCUIT COURT

///
///
///

Page 1 -     ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

APPROVED AS TO FORM:

_____/s/_____
A.E. "BUD" BAILEY, OSB 87157
CHEY POWELSON, OSB 03551
Attorneys for Plaintiffs

_____/s/_____
DOUGLAS S. PARKER, OSB 82101
Attorney for Defendant

Page 2 -        ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

|  |  |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE, INC.,<br><br>Defendant. | Case No. **0711-13531**<br><br>**PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**REQUEST FOR ORAL ARGUMENT:** Pursuant to UTCR 5.050, Plaintiff estimates the time needed for oral argument to be 15 minutes. Court reporter services are not required.

**UTCR 5.010 CERTIFICATION OF COMPLIANCE:** Plaintiff's attorney Chey K. Powelson certifies he made multiple, good faith efforts to confer with opposing counsel to resolve the issues in dispute, and that such efforts included e-mails to opposing counsel requesting to confer, conducting two telephone conferences with Defendant's counsel on February 13 and February 15, 2008, and sending Defendant follow-up correspondence confirming opposing counsel's position on these matters. Unfortunately, the parties are unable to resolve the disputes

Page 1 - PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

1 │ herein without Court intervention. See *Declaration of Chey K. Powelson* ("*Powelson Decl.*"),

2 │ ¶¶ 2 - 3, and Exs. A - E.

3 │      PLAINTIFF MICHAEL MIGIS, through his attorneys, moves this Court for an order:

4 │      (1)  Compelling Defendant AutoZone to, within five (5) business days of hearing on

5 │          this matter, produce documents in response to Plaintiff's First and Second sets

6 │          of discovery requests; and

7 │      (2)  For an order determining that Defendant's responses to Plaintiff's First Requests

8 │          for Admission are insufficient, and that either those matters are admitted, or

9 │          Defendant submit amended responses within five (5) business days of hearing on

10 │          this matter.

11 │         **I. PROCEDURAL & FACTUAL BACKGROUND**

12 │ **A.    Filing of the Case**

13 │      Plaintiff Michael Migis is the putative class action representative for this case, which he

14 │ filed on November 16, 2007 on behalf of himself and all current and former Oregon AutoZone

15 │ employees having various claims against Defendant, including unpaid, overtime, and penalty

16 │ wages deriving from violations of, for example, Oregon law regarding rest and meal periods, and

17 │ timely payment of wages upon termination from employment. The relevant claims period for this

18 │ case (depending on the claim alleged) is anywhere from three (3) to six (6) years from the date

19 │ of filing.

20 │      On March 17, 2005, two other former AutoZone employees, as putative class

21 │ representatives, had filed a similar cause of action in Multnomah Co. Circuit Court (*Joarnt, et*

22 │ *al. v. AutoZone*, Case No. 0503-02795). That court ordered the case stayed pending resolution

23 │ of certain issues on appeal. Although Plaintiff Migis worked for AutoZone during the *Joarnt*

24 │ claims period, some of his claims, including a late payment of wages upon termination, did not

25 │ exist as of the *Joarnt* filing and are therefore not part of the *Joarnt* action. This case also includes

26 │

Page 2 -     **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1   additional claims not present in *Joarnt*.

2   **B.    Plaintiff's Employment History with Defendant AutoZone**

3   Plaintiff Migis worked for AutoZone in the Portland, Oregon area as a Parts Sales

4   Manager, paid on an hourly basis. The last day Migis worked for AutoZone was on or about

5   February 4, 2006. On February 7, 2006 he informed AutoZone that he quit employment, effective

6   that day. Unfortunately, AutoZone did not "terminate" Mr. Migis out of its computerized system

7   until approximately February 15, 2006; and he did not receive his final, regular paycheck (for

8   time worked through February 4) until February 27, 2006. *Powelson Decl.*, ¶ 4. On those facts

9   Plaintiff alleges a "late pay" in violation of Oregon law.

10   **C.    Plaintiff's Discovery Requests and Defendant's Refusal to Produce Information**

11   Plaintiff served his First Set of Discovery Requests (including three Requests For

12   Admission) in November 2007; those Requests seek information not only pertaining to Mr.

13   Migis, but also to putative class member (AutoZone employees) records created in the year

14   preceding the filing of this suit. Defendant timely served objections to those Requests on January

15   10, 2008, stating:

16   > Defendant incorporates by reference its General Objections as though fully set
17   > forth herein. Defendant also objects to responding to this request in its entirety
     > in light of Defendant's Motion to Dismiss and Motion to Stay Discovery, both of
18   > which are currently pending before the Court. *If this matter survives* Defendant's
     > Motion to Dismiss or if Defendant's Motion to Stay Discovery is not granted,
19   > ***Defendant will supplement its response to this request.***

20   *Powelson Decl.*, Ex. F (emphases added).

21   As for responding to Plaintiff's three Requests For Admission, Defendant made the same
22   objection as above, and further stated that "nothing in this response, including Defendant's
23   refusal to response, should be construed as an admission to the substance of this particular request
24   for admission." *Powelson Decl.*, Ex. F.

25   ///

26

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1           Defendant's responses to Plaintiff's Second Set of Requests (see *Powelson Decl.*, Ex. G)

2    were due on or about January 11, 2008; however, Defendant did not respond or object to those

3    Requests, but instead appears to have relied on the sufficiency of its Motion for a Temporary Stay

4    of Discovery (and for protective order pursuant to ORCP 36C).

5           On February 7, 2008, the Honorable Jerome LaBarre denied Defendant's Motion for a

6    Temporary Stay, on the grounds that the Motion violated UTCR 5.010 (failure to confer or

7    attempt to confer in good faith prior to filing). *Powelson Decl.*, Ex. H. At the same time the

8    Judge LaBarre also denied Defendant's ORCP 21A(3) Motion to Dismiss[1] for the same reason.

9    *Id.*

10          Following the Court's February 7, 2008 denial of Defendant's Motions, over the next

11   several days Plaintiff made multiple requests to confer with opposing on Plaintiff's discovery

12   requests. AutoZone's counsel, Douglas Parker, replied on February 12 by stating Defendant

13   intended to file a motion for consolidation with the *Joarnt* case, and for an extension of the stay

14   effected in *Joarnt. Powelson Decl.*, Ex. A.

15          The parties' next two discovery conferences failed to yield much in the way of actual

16   document production, as well as a disagreement whether a motion to consolidate would be

17   appropriate, given the subject matter in Defendant's prior but-already-denied motions.

18          In an attempt to find some middle ground in resolving the discovery issues, Plaintiff's

19   counsel noted that (a) if a Request pertained to information directly relating to Mr. Migis, then

20   Defendant should produce all information regardless of whether it overlaps with the *Joarnt* time

21   period; (b) but if the Request is not specific to Migis but overlaps with the *Joarnt* time period,

22

23

24       [1]    "[T]hat there is another action pending between the same parties for the same cause[.]"

25   Rule 21A further provides, "If the court grants a motion to dismiss on the basis of defense (3), the court may...stay the proceeding...." In the Rule 21A(3) Motion to Dismiss, however, AutoZone did not request

26   a stay of the proceedings, but instead asked only for dismissal of the suit.

Page 4 -    **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1 | then Defendant should, for now,[2] produce the information from the day after the *Joarnt* filing

2 | date. *Powelson Decl.*, Ex. C.

3 | During the discovery conference, Defendant's counsel only committed to producing Mr.

4 | Migis's personnel file and otherwise immediately determining whether AutoZone would produce

5 | certain information, and what burden such production would impose. See *Powelson Decl.*, Exs.

6 | B - C.[3]

7 | However, by February 20 – the date by which the parties agreed Defendant would provide

8 | its final position on the issues discussed in the discovery conferences – Defendant offered only

9 | a two sentence letter, vaguely stating that AutoZone would "produce Mr. Migis' employment

10 | records and have requested copies of all pay records for the time he was employed in Oregon."

11 | *Powelson Decl.*, Ex. D.  Plaintiff therefore files this Motion for information sought in the

12 | discovery requests not specifically relating to his own employment records.[4]

13 | <div align="center">**II. POINTS & AUTHORITIES**</div>

14 | **A.    Overview**

15 | Plaintiff respectfully request that the Court grant this Motion because Defendant

16 | AutoZone: (a) refuses to produce the requested information; and (b) failed to sufficiently respond

17 | to Plaintiff's Requests For Admission.  See ORCP 43, 45 and 46.

18 | Defendant continues to withhold discovery, based on the rationale that it would file (and

19 | now has filed) another motion asking for, *inter alia*, the same relief that was at issue in its first

20 |

21 | [2]    Until this Court's ruling on Defendant's motion to consolidate and extension of a stay

22 | for discovery–a motion that Plaintiff objects to as not being appropriate.

23 | [3]    Again, Defendant's responses to Plaintiff's First Set of Discovery did not include an

objection that the discovery sought was overly broad or that production was unduly burdensome.

24 | *Powelson Decl.*, Ex. F.  The Court should therefore consider those objections waived.

25 | [4]    This should not be construed as a waiver for Plaintiff to bring another motion to compel,

if necessary, on those requests relating to Mr. Migis, since Defendant has yet to produce any information,

26 | and did not indicate which document requests the anticipated production would be in response to.

Page 5 -       **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1  two motions Judge LaBarre already denied: a halt of the entire case and discovery.  But as

2  Plaintiff asserted in opposition to AutoZone's prior Motion to Dismiss, the *Joarnt* and *Migis*

3  actions are not identical lawsuits: the putative class members in each case are different (although

4  some people may be members of both classes), and the issues in each case are substantially

5  similar but the claims are different because the class periods are different.[5]

6         Moreover, the First Set of discovery requests at issue in this Motion relate to a narrow

7  time period outside the *Joarnt* action (Defendant has failed to respond or object to the Second

8  Set). Despite this, AutoZone has unnecessarily and intentionally delayed document production.

9  By the date of hearing on this matter (if in the normal course), the case will be into its fourth

10  month with little or no document production; an unenviable position given Multnomah County's

11  one-year to trial default requirement.  This lack of document production becomes even more

12  important in the context that this is a putative class action, and Plaintiff must be given enough

13  time to obtain discovery and move for class certification.

14         "The party upon whom a request [for production] has been served shall comply with the

15  request, unless the request is objected to with a statement of reasons for each objection before the

16  time specified in the request for inspection and performing the related acts." ORCP 43B. A party

17  has a duty to respond to discovery requests so as to prevent undue delay to the truth-seeking

18  process. See ORCP 1. It is improper to make frivolous objections to a discovery requests, for

19  the sole purpose of delaying and obstructing a proceeding. *In re Conduct of Skagen*, 342 Or 183,

20  212 (2006) (in context of disciplinary proceeding).

21         "The party submitting the request [for production] may move for an order under Rule 46

22  A with respect to any objection to or other failure to respond to the request or any part thereof...."

23  ORCP 43B. "[I]f a party in response to a request for inspection submitted under Rule 43 fails to

24

25  _____

       [5]        By this reference Plaintiff incorporates Plaintiff's Response to Defendant's ORCP

26  21A(3) Motion to Dismiss, as well as Plaintiff's Response to Defendant's Motion for a Temporary Stay
    of Discovery.

Page 6 -      **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1   permit inspection as requested, the discovering party may move for an order compelling discovery

2   in accordance with the request." ORCP 46A(2). "The party resisting production bears the burden

3   of persuasion." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642 (D.Az. 2005) (cite omitted).

4   "[A]n evasive or incomplete answer is to be treated as a failure to answer. ORCP 46A(3).

5   **B.      Plaintiff's Requests For Admission and First Set of Requests For Production**

6           **1.      Requests For Admission**

7           During the discovery conferences and in follow-up correspondence, Plaintiff notified

8   Defendant's counsel that, due to the nature of AutoZone's responses to Plaintiff's Requests for

9   Admission, Plaintiff would consider those matters admitted, and would otherwise move the Court

10  for a determination of the sufficiency of the responses. Defendant has not seriously contested this

11  issue prior to filing of this Motion.

12          Defendant's "objections" to Plaintiff's Requests For Admission Nos. **1 - 3** are improper

13  or evasive, in that they do not object to the matter per se, but rather defer to the previously filed

14  and denied Motions to dismiss and to stay discovery. *Powelson Decl.*, Ex. F. Pursuant to ORCP

15  45C[6] the Court should find those responses insufficient, and either deem those Requests admitted,

16  or order Defendant to serve amended responses within five (5) business days of the date of

17  hearing on this matter.

18          **2.      Requests for Production**

19          Although contingent upon whether Defendant admitted or denied Requests For Admission

20  Nos. 1 - 3, Plaintiff's **First Set of Request for Production Nos. 1 - 6** are limited to AutoZone

21  employee (i.e., putative class member) claim information for a time period of "12 months

22  preceding the filing of this lawsuit." See *Powelson Decl.*, Ex. F. Defendant objected only with

23  references to its prior two Motions, and committed to supplementing its responses should this

24  case survive those Motions. *Id.*

25  _____

26          [6]      "Unless the court determines that an answer does not comply with the requirements of
    [ORCP 45], it may order either that the matter is admitted or that an amended answer be served."

Page 7 -      **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1    During the subsequent discovery conferences, Plaintiff's counsel asked whether

2    Defendant would produce any of this requested information that does not fall within the *Joarnt*

3    timeframe. Defendant instead chose to file its Motion for Consolidation, again claiming just as

4    it did in its Motion to Dismiss that these lawsuits are "identical," but simultaneously casting a

5    blind eye to that gap of time between the *Joarnt* and *Migis* filings.

6        The Court should order Defendant to produce all documents responsive to Plaintiff's First

7    Set of Requests For Production, Nos. **1 - 6**.

8    **C.     Plaintiff's Second Set of Requests For Production**

9        AutoZone did not timely respond and/or object to this Second set of discovery requests.

10   Rather, Defendant appears to have tried to rely solely on the safe harbor provision of ORCP 46D,

11   which permits a party to, instead of responding, file a motion for protective order prior to the due

12   date for responding.

13       This pre-supposes the pending motion is valid—that counsel filing the motion complied

14   with UTCR 5.010. If the requirements of that UTCR are not met, a court does not have discretion

15   to grant the motion. See e.g., *Anderson v. State Farm Mut. Auto Ins. Co.*, 2008 Or App LEXIS

16   130, *2 - 8 (February 6, 2008), which Judge LaBarre relied upon in denying Defendant's prior

17   two Motions.

18       In this case, Defendant's Motion for a temporary stay of discovery was essentially void

19   because AutoZone violated UTCR 5.010 prior to filing—the Court did not have any discretion

20   to grant the Motion, and Defendant should have known this. The ORCP 46D safe harbor

21   provision should not apply; Defendant has waived any objections to Plaintiff's Second Set of

22   Requests for Production. As of the date of this Motion, Defendant has still not responded to

23   those discovery requests, and has refused to produce information limited to, at the very least, the

24   time frame after the *Joarnt* filing (until the Motion for Consolidation is ruled on).

25       In the absence of Defendant's refusal to consider producing information relating to the

26   proposed shorter time period, and in light of Defendant's complete failure to object or respond

Page 8 -    **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1    to Plaintiff's Second Set of Discovery Requests, this Court should order Defendant to produce

2    all information sought in those Requests.

3

4                            **III. CONCLUSION**

5          Plaintiff respectfully requests the Court grant all relief requested herein.

6

7

8    DATED this 22nd day of February 2008.

9

10    _____

       A.E. "BUD" BAILEY, OSB 87157

11   CHEY POWELSON, OSB 03551

       Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 9 -       **PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Plaintiff's First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission** upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:


[X]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.


DATED:    February 22, 2008


CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

1

2

3

4

5

6                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

7                         FOR THE COUNTY OF MULTNOMAH

8

9    **MICHAEL MIGIS**, *et al.*,              Case No. 0711-13531

10                       Plaintiff,

11       v.                                   **DECLARATION OF CHEY K.
                                              POWELSON SUPPORTING
12                                            PLAINTIFF'S FIRST MOTION
                                              FOR AN ORDER COMPELLING
13   **AUTOZONE, INC.**,                      DISCOVERY**

14                       Defendant.

15

16

17   I, Chey K. Powelson, hereby declare as follows:

18   1.   I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,

19        and base the contents of this declaration on my own personal knowledge and/or the

20        litigation files and documents my firm maintains for this litigation.

21

22   2.   Between February 7 and February 12, 2008, I made multiple requests to Defendant's

23        counsel for conferring on Defendant's responses to Plaintiff's First and Second Sets

24        of Requests for Production (and Requests For Admission).   On February 12,

25        AutoZone counsel Douglas Parker agreed to confer, and on February 13 and 15 I

26

Page 1 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S
            FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

1    conferred with Mr. Parker via telephone, on Defendant's responses to Plaintiff's First

2    and Second set of discovery requests.  Attached hereto as **Exhibit A** is a true and

3    correct copy of a February 7 - 12 e-mail exchange between myself and opposing

4    counsel. Attached hereto as **Exhibit B** is a true and correct copy of both a February

5    13 e-mail and its underlying attachment consisting of my contemporaneous follow-up

6    letter to the parties' telephonic discovery conference that day.  Attached hereto as

7    **Exhibit C** is a true and correct copy of both a February 15 e-mail exchange between

8    myself and opposing counsel, and that e-mail's underlying attachment consisting of

9    my contemporaneous follow-up letter to the parties' telephonic discovery conference

10   that day.

11

12   3.   Attached hereto as **Exhibit D** is a true and correct copy of Defendant counsel Leigh

13        Ann Tift's February 20, 2008 letter submitted in response to the parties' discovery

14        conferences and Plaintiff's follow-up letters referenced in ¶ 2, above. Defendant had

15        committed to responding by the February 20 date with whether and to what extent

16        Defendant would produce the information requested. Attached hereto as **Exhibit E**

17        is a true and correct copy of my February 20, 2008 e-mail to opposing counsel, in

18        response to Defendant's February 20 letter.  In that e-mail I asked for Defendant's

19        availability for a hearing on a motion to compel. After February 20, I again asked for

20        Defendant counsels' availability; on February 21, an assistant to Mr. Parker advised

21        he was not available for the hearing times for which the Court was available in the

22        normal course (March 26 - 27). Upon being notified that Plaintiff would be moving

23        for the Motion to Compel on an expedited basis, Defendant's counsels' objected on

24        the grounds that the parties had not adequately conferred.

25

26

Page 2 -   **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S**
           **FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

4.    Upon information and belief, the last day Plaintiff Migis worked for AutoZone, as a Parts Sales Manager paid on an hourly basis, was February 4, 2006, and he appears to have quit via telephone on February 7, 2006. Mr. Migis did not receive his final, regular paycheck for time worked through February 4, until February 27, 2006.

5.    Attached hereto as **Exhibit F** is a true and correct copy of Defendant AutoZone's responses (objections) to Plaintiff's First Set of requests for production and requests for admission. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Second Set of Requests For Production, to which Defendant AutoZone has in no way responded as of today's date to those Requests.

6.    Attached hereto as **Exhibit H** is a true and correct copy of Judge LaBarre's February 19, 2008 Order denying Defendant's ORCP 21A(3) Motion to Dismiss and Motion for Temporary Stay of Discovery.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated February 22, 2008 at Vancouver, Washington.

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

Page 3 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

# PLAINTIFF'S EXHIBIT
# A

## Chey Powelson

| | |
|---|---|
| **From:** | Parker, Douglas S. [DParker@littler.com] |
| **Sent:** | Tuesday, February 12, 2008 5:45 PM |
| **To:** | Chey Powelson; Tift, Leigh Ann C. |
| **Cc:** | Brad Griffin; Megan Treseder; Bud Bailey |
| **Subject:** | RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information |

Sorry, I was out when you called. Please call me in the morning. I have now had an opportunity to review what Judge Kantor said in the Joarnt case when he stayed discovery and as he expressly contemplated consolidation of a new case with Joarnt, I intend to move in that direction, coupled with seeking an extension of the stay in that case to Migis. It would not make sense for the stay affecting the very same class to be avoided simply by filing another suit. Please be prepared to discuss when you call tomorrow.

Thanks,

Doug Parker

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, February 12, 2008 4:36 PM
**To:** Parker, Douglas S.; Tift, Leigh Ann C.
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Mr. Parker:

I just left you a voicemail re: the need to confer on discovery issues. Please call. Thanks.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Monday, February 11, 2008 3:46 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Please advise whether anyone on Defendant's side is available and willing to confer on Plaintiff's discovery requests/RFAs. Thanks again.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Thursday, February 07, 2008 2:00 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

EXHIBIT __A__
Page __1 of 3__

2/18/2008

Defendant has not yet responded to my January 29 e-mail (below); please confirm that AutoZone has taken steps to preserve potentially discoverable/admissible information in the above-referenced action.

Please also advise as to your availability to confer on Plaintiff's discovery requests/RFAs by the end of the day this upcoming Monday. Thanks in advance.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Tuesday, January 29, 2008 4:07 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please confirm that AutoZone has taken steps to preserve potentially admissible information in the above-referenced action. Thank you.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Thursday, January 24, 2008 1:17 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please see attached letter. Thank you.

**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA  98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str

EXHIBIT $\underline{A}$


prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

# PLAINTIFF'S EXHIBIT
# B

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Wednesday, February 13, 2008 3:40 PM |
| **To:** | 'Parker, Douglas S.' |
| **Cc:** | Bud Bailey; Brad Griffin |
| **Subject:** | RE: Pending Issues |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | To D. Parker_Attempted Conferral_02-13-2008.pdf |

1:00 p.m. on Friday will work. In the mean time, attached is my follow-up letter to today's conference.

---

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Wednesday, February 13, 2008 2:37 PM
**To:** Chey Powelson
**Subject:** Pending Issues

Chey -- everyone I need to talk to about discovery, motions, etc is out of pocket so I cannot get back to you this afternoon. I suggest we pick a time on Friday to hopefully both have a better informed conversation about discovery and our intention to file a motion to consolidate.

Thanks,

Doug
----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT β
Page 1 of 4



2/18/2008

# BAILEY, PINNEY & ASSOCIATES, LLC

**Attorneys at Law**
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail: CPowelson@wagelawyer.com

\* Washington License WSBA 34593
\* Oregon License OSB 03551

February 13, 2008

## VIA FAX & E-MAIL:  (206) 447-6965

Douglas Parker
Littler Mendelson
dparker@littler.com

> **Re:**   **_Migis v. AutoZone, Inc._**
> Multnomah County Circuit Court No. 0711-13531
> Follow up to Today's Conferral (Motion to Consolidate; Proposed Order;
> Plaintiff's Discovery Requests)

Mr. Parker:

It was unfortunate that our telephone conference this morning did not turn out better than it did, wherein you: (1) requested that by 4:00 p.m. today Plaintiff provide any additional arguments as to why a motion for consolidation by Defendant of the *Joarnt* and *Migis* cases would not be appropriate; and (2) initially refused to provide any discovery in response to Plaintiff's outstanding discovery requests until the Court rules on that motion.

### Motion for Consolidation and Stay of Discovery

You represented you had Oregon case law supporting Defendant's position that consolidation is appropriate, but we did not talk about what specific cases apply.  And while I conceded that Plaintiff's Response to Defendant's prior Motion to Dismiss recognized overlapping classes, I took issue with your February 13, 2008 e-mail (and prior Motion to Dismiss) claiming that the *Joarnt* and *Migis* actions are "the very same class."  That Mr. Migis terminated employment in February 2006 and filed this suit in November 2007 to include a claim for late payment of final wages, and *Joarnt* was filed in March 2005, are facts clearly showing these are not the "very same class."  See also Plaintiff's Response to Defendant's Motion to Dismiss.

I noted that Defendant should have included a  request for consolidation and stay of proceedings in its ORCP 21A(3) Motion to Dismiss.  ORCP 21A provides, in part, "If the court grants the motion to dismiss on the basis of defense (3), the court may...stay the proceeding...."  Thus, it is arguable that the stay proceeding issue was already before the Court on February 7, as well as the narrower issues that Defendant presented in its Motion for a Stay of Discovery.

///

EXHIBIT  *B*
Page 284

**Douglas Parker** – *Migis v. AutoZone* – Conferral (Consolidation; Proposed Order; Plaintiff's Discovery Requests)
13 February 2008
Page 2

Since the Court denied both Motions, Defendant cannot now take a second (or third) bite at the procedural apple. This is why during our conversation I also attempted to refer you to ORCP 21 sections F and G, which, when read in the context of 21A, supports the notion that denial of the Defendant's prior two motions (which you wryly noted were not decided on the merits) became the law of the case on the issue of "another action pending." Unfortunately, by that point in the conversation you'd put me on speaker phone and sounded pre-occupied with other tasks, making it difficult to confer.

Plaintiff's position is that AutoZone seeks to do an end run around Judge LaBarre's ruling by filing another motion addressing the same issues. As I understand from your e-mail of this afternoon, however, we will further discuss these issues on Friday.

*Proposed Order on Judge LaBarre's February 7, 2008 Ruling*

During our phone conversation, you represented you had not yet looked at the Proposed Order from the February 7 hearing that I sent you last Friday. I then read the Proposed Order to you over the phone, and you have now sent me a draft Proposed Order which I will review and respond to shortly, or by Friday.

*Plaintiff Migis's Discovery Requests*

I attempted to confer with you on Plaintiff's First and Second sets of discovery requests to Defendant, in that I asked whether Defendant will produce the requested information.

Your initial position during the conference was that AutoZone "will not produce any discovery until the Court rules on a consolidation motion." Your rationale for that position consisted of the following: **(a)** there should not have been another suit (*Migis*) filed (see your 02-13-2008 e-mail–although I pointed out that in a *Joarnt* hearing transcript (01-27-2006) the Court stated, "You may have to file another case"); and **(b)** the *Joarnt* Court clearly intended a stay of discovery to apply to any subsequent cases.

To the contrary, there is no *Joarnt* Court order to that effect, and the *Joarnt* Court's comments are reasoned speculation only.

A stay of discovery (especially in what would now be a second request for such relief) is also improper because, as I explained on the phone, many of Plaintiff's discovery requests in the First and Second sets of discovery seek information from the period of time between the late-November 2007 filing of this case and the March 2005 filing of the *Joarnt* action, or otherwise from the time period of November 2006 to November 2007. (We also discussed how the late pay claim affects this issue.)

Although I also asserted this same argument in Plaintiff's Response to Defendant's Motion for a Stay of Discovery (at p. 4), you represented you had not read that briefing yet, and you need some time

**Douglas Parker** – *Migis v. AutoZone* – Conferral (Consolidation; Proposed Order; Plaintiff's Discovery Requests)
13 February 2008
Page 3

to check with your client and decide whether to produce responsive information. We are to further confer on this issue on Friday, February 15.

I advised during the phone conference that Plaintiff will deem the First Requests For Admission as admitted because Defendant failed to, at the very least and pursuant to ORCP 45, object to the issues in the Requests. See also Plaintiff's Response to Defendant's Motion for a Stay of Discovery. Moreover, those Requests relate to a time frame not covered by the *Joarnt* action.

I also noted during our conference that since the Court denied Defendant's ORCP 36C Motion for a Stay of Discovery on the grounds that it was improperly filed, then Plaintiff's position is that the 36C Motion was, *inter alia*, void (and not pending), meaning that the provisions of ORCP 46D do not protect Defendant from having failed to respond to discovery. In other words, Defendant waived its objections to the Second Set of Discovery requests.

Finally, I expect that any future phone conferences between us are considerably more amicable, and that each party is equally-committed to conferring in good faith.

<div style="margin-left: 40%;">

Sincerely,

/s/

Chey K. Powelson
Attorney at Law

</div>

EXHIBIT _B_
Page _4 of 4_

# PLAINTIFF'S EXHIBIT
# C

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Friday, February 15, 2008 6:05 PM |
| **To:** | 'Parker, Douglas S.' |
| **Cc:** | Tift, Leigh Ann C.; Bud Bailey; Brad Griffin |
| **Subject:** | RE: Response by Wed. |
| **Attachments:** | To D. Parker_2nd Conferral_02-15-2008.pdf |

Letter attached.

---

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Friday, February 15, 2008 4:47 PM
**To:** Chey Powelson
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

I certainly hope that we would strive to get a joint session on both parties' motions given their significant connection.

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Friday, February 15, 2008 4:10 PM
**To:** Parker, Douglas S.
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

March 20th is no longer available on LaBarre's calendar, so Tuesday morning we'll call for additional dates.

---

**From:** Chey Powelson
**Sent:** Friday, February 15, 2008 3:14 PM
**To:** 'Parker, Douglas S.'
**Cc:** Tift, Leigh Ann C.; Bud Bailey; Brad Griffin
**Subject:** RE: Response by Wed.

Thanks. I'll send a follow-up letter this afternoon re: what I think we discussed, and copy Ms. Tift with it.

As I speculated on the phone, however, it turns out Judge LaBarre does not have enough time to hear both a motion to compel (undetermined yet as to scope or number of issues), and a motion for consolidation—he only has half an hour total for March 20 at 9:00. Moreover, Bud is not available the week of March 24th to argue the consolidation issues (note that while I cannot stipulate that it is proper for Defendant to file a motion to consolidate, I realize that Defendant will file it nonetheless; Plaintiff's arguments are as Mr. Bailey described last Thursday in that telephone conference, and as I set forth in our February 13 phone conference and my follow up letter the same day—I have yet to look at the Oregon cases you told me by name on the phone earlier this afternoon).

EXHIBIT _C_

Page 186 b

2/18/2008

Therefore, today before 5:00 p.m. we may reserve that March 20 date for a motion to compel (I'll let you know immediately if we do), the scope of which will no doubt be influenced by the supplementation/commitments Defendant provides by next Wednesday. The motion would not be filed until Thursday or Friday of next week. My follow-up letter to today's conference will follow shortly.

Chey Powelson

**From:** Parker, Douglas S. [mailto:DParker@littler.com]
**Sent:** Friday, February 15, 2008 2:56 PM
**To:** Chey Powelson
**Cc:** Tift, Leigh Ann C.
**Subject:** Response by Wed.

Leigh Ann is on board to get back to you on what we have discussed this afternoon.

Doug

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str

EXHIBIT *C*

prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.co

Littler Mendelson, P.C.
http://www.littler.com



EXHIBIT _C_
Page _306_

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
### 1498 SE TECH CENTER PLACE, SUITE 290
### VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail: CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

February 15, 2008

## *VIA E-MAIL ONLY*

Mr. Doug Parker
Littler Mendelson
dparker@littler.com

> **Re:**  *Migis v. AutoZone, Inc.*
> Multnomah County Circuit Court No. 0711-13531
> Follow up to the Parties' Second Conferral (Motion to Consolidate; Plaintiff's Discovery Requests)

Mr. Parker:

This afternoon we again discussed Defendant's anticipated motion to consolidate and Defendant's responses or obligations relating to Plaintiff's outstanding discovery requests.   Defendant has committed that Ms. Tift from Defendant's Seattle office will get back to me by Wednesday, February 20, via either e-mail or fax regarding the issues we conferred on today, which I set forth below.

*Defendant's Motion for Consolidation and Stay of Discovery*

We agreed to disagree whether it is appropriate for Defendant to file a motion for consolidation, although you referred me to three Oregon cases discussing ORCP 53.  And although Plaintiff cannot stipulate that it is proper to file that motion, since Defendant is committed to doing so we also discussed the timing of that motion in relation to Plaintiff's need for discovery in this case.  You did acknowledge the default "one year to trial" requirement in Multnomah Co. Circuit Court by the Presiding Judge, and in turn I expressed the need for Plaintiff to pursue discovery through a motion to compel (subject to any commitments and/or actual document production by Defendant next Wednesday).

Without any motion to compel on those issues we are unable to reach agreement, this case could very well be six months old before Plaintiff's counsel obtains any documents pertaining to our own client; Plaintiff cannot wait at least five weeks after a hearing on a motion to consolidate, before obtaining a ruling on any discovery matter.  We are now almost into the fourth month of this case since filing.

(After the conference we attempted to reserve March 20 for hearing in front of Judge LaBarre for both a motion to compel and Defendant's motion for consolidation, but there was not enough time for oral argument on both motions.)

EXHIBIT _C_
Page _466_

**Doug Parker** – *Migis v. AutoZone* – Second Conferral (Consolidation; Plaintiff's Discovery Requests)
15 February 2008
Page 2

*AutoZone's Litigation Hold / Preservation Efforts*

You confirmed, in response to my request for litigation hold letter and follow up e-mail inquiries regarding the same, there is a litigation hold in place.

*Plaintiff Migis's Discovery Requests*

As an initial matter, you committed to producing Mr. Migis's personnel file *post-haste*. At some point during the conference I mentioned that Defendant in it's objections/responses to the First Set of requests commit to supplementing its responses once the Motion to Dismiss and Motion to Stay were heard.

I also identified from Plaintiff's First Set of Discovery Requests, **RFP Nos. 7-19** (16, to the extent the handbook has changed since the *Joarnt* filing), **22 and 23** as pertaining directly to the named Plaintiff, and noted that Defendant should strive to produce this information.

With respect to the other Requests in the First Set, some of those are contingent on Defendant's responses to the Requests For Admission; which Plaintiff believes should be deemed admitted (as mentioned also this past Wednesday), but to which Defendant wants to provide supplemental responses only referencing the Motion for Consolidation. A motion to determine the sufficiency of those responses to the Requests for Admission may be appropriately combined with a motion to compel.

Otherwise, in regards to those remaining Requests for Production in the First Set, as well as any in the Second Set not pertaining to the named Plaintiff, I asked (as I did this past Wednesday) whether Defendant would for now produce information at least for that time period after the *Joarnt* filing. If any request in the First or Second set pertain to the Plaintiff individually, then the scope of those requests should not be limited to only after the *Joarnt* filing, but rather for Mr. Migis's entire period of employment.

I again emphasized Plaintiff's position that since Defendant's Motion to Stay Discovery was, in retrospect, improperly filed and therefore void in the first instance, the safe harbor provision of ORCP 46D does not apply, and Defendant has waived its objections to those Second Set of Requests.

As mentioned today, I believe that Defendant should produce documents responsive to **RFP No. 3** from the Second Set of discovery requests since, just as in the First Set of requests, it pertains directly to Plaintiff's employment. Please also note that this rationale would also apply to **RFP Nos. 5-8** in the Second Set (**RFP Nos. 1 and 2** do overlap, time-wise, with the *Joarnt* action, but you committed generally–as you did this past Wednesday–to determining whether Defendant will produce requested discovery for the "gap" of time between the *Joarnt* filing and *Migis* filing (I noted that some of the requests reference a time period to include "up to present")).

EXHIBIT _C_
Page 5 of 6

**Doug Parker** – *Migis v. AutoZone* – Second Conferral (Consolidation; Plaintiff's Discovery Requests)
15 February 2008
Page 3

Despite admitting you're still getting up to speed with how AutoZone manages its information, you committed to immediately checking into these issues (also to include to what extent AutoZone can produce the information without burden, though I note that–and as set forth in Plaintiff's Response to Defendant's Motion for a Temporary Stay of Discovery–Defendant did not object to the First Set of Requests on the grounds that they were unduly burdensome or overly broad).

Because you will be out of town or otherwise pre-occupied with depositions all next week, Ms. Tift is to get back to me on Wednesday, February 20 by fax or e-mail with Defendant's final position on these issues.

Thank you for your time and attention to this matter.

> Sincerely,
>
> /s/
>
> Chey K. Powelson
> Attorney at Law

cc: Ms. Leigh Ann Tift (via e-mail)

EXHIBIT _C_
Page _606_

# PLAINTIFF'S EXHIBIT
# D



## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

February 20, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

### VIA E-MAIL ONLY

Chey K. Powelson
BAILEY, PINNEY & ASSOCIATES, LLC
CPowelson@wagelawyer.com

> Re:   Migis v. AutoZone, Inc.
>        Multnomah County Circuit Court No. 0711-13531
>        Follow Up to the Parties' Second Conferral (Motion to Consolidate;
>        Plaintiff's Discovery Requests)

Dear Mr. Powelson:

We believe that Judge Kantor's stay of discovery was very clear, as was Mr. Bailey's
agreement to the stay. However, we will produce Mr. Migis' employment records and have
requested copies of all pay records for the time he was employed in Oregon.

Sincerely,

Leigh Ann Tift

LAT:sls

cc:   Douglas Parker
       Jennifer Mora

Firmwide:84338850.1 013306.2124

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

Bank of America Tower, 701 Fifth Avenue, Suite 6500, Seattle, Washington 98104.7097  Tel: 206.623.3300 Fax: 206.447.6965 www.littler.com

EXHIBIT b

# PLAINTIFF'S EXHIBIT E

## Chey Powelson

**From:** Chey Powelson
**Sent:** Wednesday, February 20, 2008 5:43 PM
**To:** Parker, Douglas S.; Tift, Leigh Ann C.
**Cc:** Mora, Jennifer L.; 'Lucero, Laura M.'; 'sstevens@littler.com'; Bud Bailey; Brad Griffin; Megan Treseder
**Subject:** RE: Migis V. AutoZone, Inc.

Thank you for the letter regarding anticipated document production. However, it does not address several of the issues contained in my follow up letters to our discovery conferences, as well as recent e-mail exchanges with your office.

I understood during our phone conferences that Defendant would be supplementing its responses, and/or taking a final position on the issues discussed. Due to the absence of information on those issues in Defendant's letter, it appears the parties are done conferring, and that:

(1) Defendant will not produce any discovery requested (regarding information not directly and personally relating to the named Plaintiff Migis) at least from the period of time between the day after the Joarnt filing, up to present; and

(2) Defendant will not, generally, supplement its discovery responses to the First Set of Requests for Production and Requests for Admission.

Due to the severe delay in document production up to this point in the case, Plaintiff will have to move to compel production of information not directly relating to Plaintiff Migis, and to determine the sufficiency of Defendant's objections to the Requests For Admission. Per my e-mail of yesterday morning, please advise as to your availability for a hearing on motion to compel.

Moreover, please advise by this Monday, February 25, a date certain when Defendant will "produce Mr. Migis' employment records…and all pay records for the time he was employed in Oregon." (I assume that "employment records" includes but are not limited to his personnel file.)

Thanks for your time and attention to these matters.

Chey Powelson

---

**From:** Stevens, Savanna L. [mailto:SStevens@littler.com]
**Sent:** Wednesday, February 20, 2008 4:41 PM
**To:** Chey Powelson
**Cc:** Parker, Douglas S.; Mora, Jennifer L.
**Subject:** Migis V. AutoZone, Inc.

Please see attached.

**Savanna L. Stevens**
Legal Assistant to James Zissler and Leigh Ann Tift
Littler Mendelson - Seattle
701 Fifth Avenue, Suite 6500
Seattle WA 98101.7097
Telephone 206.381.4932 Fax 206.447.6965



EXHIBIT E
Page 182

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is strictly
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT __E__
Page _2 of 2_

# PLAINTIFF'S EXHIBIT
# F

# TRUE COPY

1

2              IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                    FOR THE COUNTY OF MULTNOMAH

4

5

6    MICHAEL MIGIS, individually, and on        No. 0711-13531
     behalf of all other persons similarly
7    situated,,                                 **DEFENDANT'S OBJECTIONS TO**
                                                **PLAINTIFF'S FIRST SET OF REQUESTS**
8                        Plaintiff,             **FOR PRODUCTION OF DOCUMENTS**

9         vs.

10   AUTOZONE INC., a Nevada
     Corporation,,
11
                         Defendant.
12

13   .

14        Defendant AutoZone, Inc. ("Defendant") hereby submits its objections to Plaintiff's First Set

15   of Requests for Production of Documents as follows:

16                            **GENERAL OBJECTIONS**

17        The following objections apply generally to all of Plaintiff's discovery requests in this

18   lawsuit:

19        (a)     Objections to Scope of Discovery Requests. Defendant objects to all discovery

20   requests to the extent they purport to require any actions not required by the Oregon Rules of Civil

21   Procedure, the Uniform Trial Court Rules, or any local rules. Without limiting the generality of this

22   objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope

23   of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to

24   lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation

25   greater than that imposed by the Oregon Rules of Civil Procedure.

26

---

PAGE 1 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT F

1    (b)    <u>Privilege and Trial Preparation Materials.</u> Defendant objects to all discovery requests

2 to the extent they call for information or documents that fall within any relevant privilege (including

3 without limitation the attorney-client privilege), that are within the work product doctrine, or that

4 constitute trial preparation materials.

5    (c)    <u>No Waiver.</u> Nothing set forth in Defendant's specific objections, general objections

6 or responses is intended as or should be construed as a waiver of these general objections, or of any

7 specific objections set forth.

8    (d)    <u>Reservation of Rights.</u> Defendant reserves the right to move later for a protective

9 order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's

10 objections by agreement.

11    (e)    <u>Publicly Available Documents.</u> Defendant objects to producing publicly available

12 documents (including without limitation court records) that are, due to their public availability,

13 equally available to the requesting party.

14    (f) ·    <u>Pending Motion to Dismiss and Motion to Stay.</u> Defendant objects to responding to

15 these requests in their entirety in light of Defendant's Motion to Dismiss and Motion to Stay

16 Discovery, both of which are currently pending before the Court. If this matter survives Defendant's

17 Motion to Dismiss or if Defendant's Motion to Stay Discovery is not granted, Defendant will

18 supplement its responses to these requests. However, nothing in these responses, including

19 Defendant's refusal to respond, should be construed as an admission to the substance of any

20 particular request for admission.

21    (g)    <u>Non-conformance with ORCP 45A.</u> Defendant objects to all requests for admission

22 contained in these discovery requests insofar as (1) they are not included in a separate document and

23 (2) they do not include the "notice" language contained in ORCP 45A that is required to be included

24 in any and all requests for admission.

25

26

PAGE 2 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone 503-221-0309 Fax

EXHIBIT E

1    Defendant's response to each request specifically incorporates these General Objections by

2    this reference.

3                        **SPECIFIC OBJECTIONS AND RESPONSES**

4    **REQUEST FOR ADMISSION NO. 1:**    Admit that Defendant failed to pay all wages

5    earned and unpaid by the end of the first business day after termination, to at least one involuntarily

6    terminated employee within the 12 months preceding the date of the filing of this lawsuit.

7    **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

8    forth herein. Defendant also objects to responding to this request in its entirety in light of

9    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11   Stay Discovery is not granted, Defendant will supplement its response to this request. However,

12   nothing in this response, including Defendant's refusal to respond, should be construed as an

13   admission to the substance of this particular request for admission.

14   **REQUEST FOR PRODUCTION NO. 1:** If Defendant admits RFA No. 1, produce all

15   documents and electronically stored information for all involuntarily terminated employees to whom

16   Defendant failed to pay all wages earned and unpaid by the end of the first business day after

17   termination, within the referenced time period. Produce documents and electronically stored

18   information in electronic format. If electronic format is not available, produce in original format.

19   This request includes, but is not limited to, Documents and Electronic Data as defined above.

20   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set forth

21   herein. Defendant also objects to responding to this request in its entirety in light of Defendant's

22   Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending before the

23   Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to Stay

24   Discovery is not granted, Defendant will supplement its response to this request.

25

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax 503-242-3457

1    **REQUEST FOR PRODUCTION NO. 2:** If Defendant denies RFA No. 1, produce all

2    documents and electronically stored information for all involuntarily terminated employees within

3    the referenced time period which Defendant relies upon to support its denial. Produce documents

4    and records in electronic format. If electronic format is unavailable, produce in original format.

5    This request includes, but is not limited to, Documents and Electronic Data as defined above.

6    **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

7    forth herein. Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10   Stay Discovery is not granted, Defendant will supplement its response to this request.

11   **REQUEST FOR ADMISSION NO. 2:** Admit that Defendant failed to immediately pay

12   all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of their

13   intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

14   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

15   forth herein. Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request. However,

19   nothing in this response, including Defendant's refusal to respond, should be construed as an

20   admission to the substance of this particular request for admission.

21   **REQUEST FOR PRODUCTION NO. 3:** If Defendant admits RFA No. 2, produce all

22   documents and electronically stored information for all employees who gave not less than 48 hours'

23   notice of their intention to quit, to whom Defendant failed to pay all wages earned and unpaid

24   immediately at the time of quitting, within the referenced time period. Produce documents and

25   electronically stored information in electronic format. If electronic format is unavailable, produce in

26

PAGE 4 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-7440

EXHIBIT
F
Page 4 of 17

1    original format. This request includes, but is not limited to, Documents and Electronic Data as

2    defined above.

3        **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

4    forth herein. Defendant also objects to responding to this request in its entirety in light of

5    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7    Stay Discovery is not granted, Defendant will supplement its response to this request.

8        **REQUEST FOR PRODUCTION NO. 4**: If Defendant denies RFA No. 2, produce all

9    documents and electronically stored information for all employees who gave not less than 48 hours'

10   notice of their intention to quit, within the referenced time period which Defendant relies upon to

11   support its denial. Produce documents and electronically stored information in electronic format. If

12   electronic format is unavailable, produce in original format. This request includes, but is not limited

13   to, Documents and Electronic Data as defined above.

14       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

15   forth herein. Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request.

19       **REQUEST FOR ADMISSION NO. 3**:      Admit that Defendant failed to pay all wages

20   earned and unpaid within five business days after at least one employee quit without giving 48 hours'

21   notice, within the 12 months preceding the date of the filing of this lawsuit.

22       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

23   forth herein. Defendant also objects to responding to this request in its entirety in light of

24   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

25   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

26

PAGE 5 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-0100

EXHIBIT E
Page 5 of 17

1   Stay Discovery is not granted, Defendant will supplement its response to this request. However,

2   nothing in this response, including Defendant's refusal to respond, should be construed as an

3   admission to the substance of this particular request for admission.

4       **REQUEST FOR PRODUCTION NO. 5**:  If Defendant admits RFA No. 3, produce all

5   documents and electronically stored information for all employees who quit, to whom Defendant

6   failed to pay all wages earned and unpaid within five business days, within the referenced time

7   period. Produce documents and electronically stored information in electronic format. If electronic

8   format is unavailable, produce in original format. This request includes, but is not limited to,

9   Documents and Electronic Data as defined above.

10      **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

11  forth herein. Defendant also objects to responding to this request in its entirety in light of

12  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

13  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

14  Stay Discovery is not granted, Defendant will supplement its response to this request.

15      **REQUEST FOR PRODUCTION NO. 6**:  If Defendant denies RFA No. 3, produce all

16  documents and electronically stored information for all employees who quit without notice within

17  the referenced time period which Defendant relies upon to support its denial. Produce documents

18  and electronically stored information in electronic format. If electronic format is unavailable,

19  produce in original format. This request includes, but is not limited to, Documents and Electronic

20  Data as defined above.

21      **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

22  forth herein. Defendant also objects to responding to this request in its entirety in light of

23  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25  Stay Discovery is not granted, Defendant will supplement its response to this request.

26

PAGE 6 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 6 of 17

1    **REQUEST FOR PRODUCTION NO. 7:**   Produce all employment agreements, contracts,

2    covenants and addendums between Plaintiff and Defendant. This request includes but is not limited

3    to correspondence stored on electronic disks, recording tapes, and computer banks.

4        **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

5    forth herein. Defendant also objects to responding to this request in its entirety in light of

6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9        **REQUEST FOR PRODUCTION NO. 8:**   Produce all correspondence wherein Plaintiff's

10   name is mentioned, including all letters, e-mail correspondence, and correspondence stored on any

11   data compilations from which information can be obtained or translated, if necessary, by Defendant

12   through detection devices into reasonably usable form. This request includes but is not limited to

13   correspondence stored on electronic disks, recording tapes, and computer banks.

14       **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

15   forth herein. Defendant also objects to responding to this request in its entirety in light of

16   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

17   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

18   Stay Discovery is not granted, Defendant will supplement its response to this request.

19       **REQUEST FOR PRODUCTION NO. 9:**   Produce all interoffice memorandum wherein

20   Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

21   memorandum stored on any data compilations from which information can be obtained or translated,

22   if necessary, by Defendant through detection devices into reasonably usable form. This request

23   includes but is not limited to correspondence stored on electronic disks, recording tapes, and

24   computer banks.

25   ///

26

PAGE 7 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E
Page 7 of 17

1    **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

2    forth herein. Defendant also objects to responding to this request in its entirety in light of

3    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

4    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

5    Stay Discovery is not granted, Defendant will supplement its response to this request.

6    **REQUEST FOR PRODUCTION NO. 10:** Produce all application forms, resumes or other

7    such documents and electronically stored information submitted by Plaintiff to Defendant.

8    **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

9    forth herein. Defendant also objects to responding to this request in its entirety in light of

10   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

11   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

12   Stay Discovery is not granted, Defendant will supplement its response to this request.

13   **REQUEST FOR PRODUCTION NO. 11:** Produce any and all documents and

14   electronically stored information, including correspondence, recordings, meetings, memos, notes,

15   discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the

16   subject of Plaintiff's wages or pay either individually or by inclusion in a larger group. This request

17   includes but is not limited to correspondence stored on electronic disks, recording tapes, and

18   computer banks.

19   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

20   forth herein. Defendant also objects to responding to this request in its entirety in light of

21   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23   Stay Discovery is not granted, Defendant will supplement its response to this request.

24   ///

25   ///

26

EXHIBIT E
Page 219

1    **REQUEST FOR PRODUCTION NO. 12:** Produce all documents and electronically stored

2    information contained in Plaintiff's personnel file and records, including all notes, notations, or other

3    entries or marks of any nature whatsoever and including the cover of the file. This request includes

4    but is not limited to correspondence stored on electronic disks, recording tapes, and computer banks.

5    Defendant shall make explicit identification of the documents it produces responsive to this request.

6    **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

7    forth herein. Defendant also objects to responding to this request in its entirety in light of

8    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

9    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

10   Stay Discovery is not granted, Defendant will supplement its response to this request.

11   **REQUEST FOR PRODUCTION NO. 13:** Produce all documents and electronically stored

12   information referencing Plaintiff's earnings individually or by inclusion in a larger group, including

13   all records, documents or internal correspondence between Plaintiff and any of Defendant's agents or

14   between any of Defendant's agents concerning or mentioning Plaintiff or Plaintiff's earnings, wages

15   or compensation.

16   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

17   forth herein. Defendant also objects to responding to this request in its entirety in light of

18   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

19   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

20   Stay Discovery is not granted, Defendant will supplement its response to this request.

21   **REQUEST FOR PRODUCTION NO. 14:** Produce all documents and electronically stored

22   information evidencing the hours Plaintiff worked or was expected to work individually or by

23   inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time records,

24   time cards, punch clock records, time sheets, work time schedules and any data compilations from

25   which information can be obtained or translated, if necessary, by Defendant through detection

26

---

PAGE 9 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT
E

Page 40 17

1   devices into reasonably usable form. This request includes but is not limited to correspondence

2   stored on electronic disks, recording tapes, and computer banks.

3       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

4   forth herein. Defendant also objects to responding to this request in its entirety in light of

5   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

6   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

7   Stay Discovery is not granted, Defendant will supplement its response to this request.

8       **REQUEST FOR PRODUCTION NO. 15**: Produce all pay stubs, payroll worksheets, pay

9   checks and other such documents and electronically stored information prepared or used by

10  Defendant to calculate the amount of wages owed to Plaintiff. This request includes all the

11  requested data stored on electronic disks, recording tapes, and computer banks.

12      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

13  forth herein. Defendant also objects to responding to this request in its entirety in light of

14  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

15  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

16  Stay Discovery is not granted, Defendant will supplement its response to this request.

17      **REQUEST FOR PRODUCTION NO. 16**: Produce all of Defendant's employee manuals or

18  employee handbooks in place during the course of Plaintiff's employment with Defendant.

19      **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

20  forth herein. Defendant also objects to responding to this request in its entirety in light of

21  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

22  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

23  Stay Discovery is not granted, Defendant will supplement its response to this request.

24  ///

25  ///

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT E

1   **REQUEST FOR PRODUCTION NO. 17:** Produce all documents and electronically

2 stored information relating to Plaintiff's termination. This request includes but is not limited to

3 correspondence stored on electronic disks, recording tapes, and computer banks.

4   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

5 forth herein. Defendant also objects to responding to this request in its entirety in light of

6 Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

7 before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

8 Stay Discovery is not granted, Defendant will supplement its response to this request.

9   **REQUEST FOR PRODUCTION NO. 18:** Produce all documents and electronically stored

10 information Plaintiff filled out as a condition of his employment, including all federal tax forms.

11 This request includes but is not limited to correspondence stored on electronic disks, recording tapes,

12 and computer banks.

13   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

14 forth herein. Defendant also objects to responding to this request in its entirety in light of

15 Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

16 before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

17 Stay Discovery is not granted, Defendant will supplement its response to this request.

18   **REQUEST FOR PRODUCTION NO. 19:** Produce all documents and electronically stored

19 information relating in any way to Plaintiff's performance, including any and all records of

20 performance evaluations performed, commendations, awards, testing, interviews, counseling,

21 accident or incident reports, disciplinary actions or any other record or any act or activity addressing

22 issues of Plaintiff's performance.

23   **RESPONSE:** Defendant incorporates by reference its General Objections as though fully set

24 forth herein. Defendant also objects to responding to this request in its entirety in light of

25 Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

PAGE 11 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-5267

EXHIBIT E

1    before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2    Stay Discovery is not granted, Defendant will supplement its response to this request.

3        **REQUEST FOR PRODUCTION NO. 20**: Produce all documents and electronically stored

4    information relative to any and all complaints or grievances made against Defendant pursuant to the

5    Fair Labor Standards Act, Chapters 652 or 653 of the Oregon Revised Statutes and/or all of

6    Defendant's employees' formal and informal complaints or grievances requesting wages or disputing

7    amount of wages paid. This request includes all the complaints filed, the reports of the investigation,

8    the reports to any governmental agency, the reports by any governmental agency, the reports to any

9    arbitrator, mediator or judge, the findings or opinions of any arbitrator, mediator or judge and the

10   resolution of the issues that resulted in the complaints or grievances.

11       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

12   forth herein. Defendant also objects to responding to this request in its entirety in light of

13   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

14   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

15   Stay Discovery is not granted, Defendant will supplement its response to this request.

16       **REQUEST FOR PRODUCTION NO. 21**: Produce all documents and electronically stored

17   information relating to the organization and operation of the defendant's business, including

18   organizational charts, listings of officers and directors, annual reports, special shareholder reports,

19   informational brochures, filings with the secretary of state, and filings with the Security and

20   Exchange Commission.

21       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

22   forth herein. Defendant also objects to responding to this request in its entirety in light of

23   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

24   before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

25   Stay Discovery is not granted, Defendant will supplement its response to this request.

26

PAGE 12 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2452

EXHIBIT

1    **REQUEST FOR PRODUCTION NO. 22**: Produce all documents and electronically stored
2    information pertaining to the orientation or any training received by Plaintiff or other employees
3    during the course of employment that related to Defendant's employment practices.

4    **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set
5    forth herein.  Defendant also objects to responding to this request in its entirety in light of
6    Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending
7    before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to
8    Stay Discovery is not granted, Defendant will supplement its response to this request.

9    **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically stored
10   information reflecting all communications made to any of Defendant's employee's and/or in response
11   to inquiries pertaining to the Plaintiff's employment relationship, work performance or other
12   employment-related circumstances.

13   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set
14   forth herein.  Defendant also objects to responding to this request in its entirety in light of
15   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending
16   before the Court.  If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to
17   Stay Discovery is not granted, Defendant will supplement its response to this request.

18   **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically stored
19   information, which evidence the date on which any employee's employment terminated, in the year
20   proceeding this lawsuit.  This request includes all documents fixed in any tangible medium of
21   expression, from which they can be perceived, reproduced, or otherwise communicated, either
22   directly or with the aid of a machine or device.

23   **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set
24   forth herein.  Defendant also objects to responding to this request in its entirety in light of
25   Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

26

PAGE 13 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT F

1  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

2  Stay Discovery is not granted, Defendant will supplement its response to this request.

3       **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record, evidencing

4  the amount and date Defendant made payment of each employee's final wages, for each employee

5  whose employment has terminated within the year proceeding Plaintiff's termination. This request

6  includes all documents and electronically stored information.

7       **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

8  forth herein. Defendant also objects to responding to this request in its entirety in light of

9  Defendant's Motion to Dismiss and Motion to Stay Discovery, both of which are currently pending

10  before the Court. If this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to

11  Stay Discovery is not granted, Defendant will supplement its response to this request.

12

13  Dated: January _10_, 2008

14

15  Douglas S. Parker OSB No.82101

16  LITTLER MENDELSON
      A Professional Corporation

17        Attorneys for Defendant

18        Autozone Inc.

19

20

21

22

23

24

25

26

PAGE 14 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2697

EXHIBIT E
Page 14 of 17

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2008, I served a full, true, and correct copy of the

foregoing **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS**

**FOR PRODUCTION OF DOCUMENTS:**

- ☐        By delivery via messenger, or otherwise by hand,
- ☒        By facsimile,
- ☐        By e-mail,
- ☒        By mailing same, postage paid,

addressed to:

> Bailey Pinney & Associates LLC
> Attorneys at Law
> 1498 SE Tech Center Place
> Suite 290
> Vancouver, WA  98683
> Fax (360) 567-3331

> Of Attorneys for Plaintiff

By ___Laura M Lucero___
         Laura Lucero

PAGE 15 – DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-224-7411

EXHIBIT F
Page 15 of 17

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

January 10, 2008

Laura M. Lucero
Direct: 503.889.8879
llucero@littler.com

Circuit Court Clerk
Multnomah County Courthouse
1021 SW Fourth Avenue
Portland, OR 97204

Re:   Michael Migis v. Autozone, Inc.
      Multnomah County Circuit Court Case No. 0711-13531

Dear Sir or Madam:

Enclosed please find for filing Defendant's Objections to Plaintiff's First Set of Requests for Production of Documents, along with our confirmation card.

Sincerely,

Laura M. Lucero

LML/lml
Enclosure
cc:   Bailey Pinney & Associates

Firmwide:84051381.1 013306.2124

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM
1750 SW Harbor Way, Suite 450, Portland, Oregon 97201  Tel: 503.221.0309 Fax: 503.242.2457  www.littler.com

EXHIBIT E
Page 16 of 17

Case 3:09-cv-00551-KI    Document 26    Filed 06/25/09    Page 330 of 500




02 1P          $ 000.92
C002170826    JAN 10 2008
MAILED FROM ZIP CODE 97201



LITTLER MENDELSON ®
A PROFESSIONAL CORPORATION



RECEIVED
JAN 14 2008
BY

Ilitlilitilitiliilliilllltliillil
Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683



THE NATIONAL EMPLOYMENT & LABOR LAW FIRM
1750 SW Harbor Way, Suite 450, Portland, Oregon 97201

EXHIBIT _F_
Page _17 of 17_

# PLAINTIFF'S EXHIBIT
# G

1
2
3
4
5
6
7
## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH
8
9   MICHAEL MIGIS,

10                              Plaintiff,        No. 0711-13531

11          v.                                    **PLAINTIFF'S SECOND SET OF**
                                                  **REQUESTS FOR PRODUCTION**
12   AUTOZONE, INC.,                              **OF DOCUMENTS**

13                              Defendant.

14

15   **TO:   Defendant Autozone, Inc., via its attorney Leigh Ann Tift**

16          Plaintiff hereby requests that Defendant make the following documents, as requested in

17   Exhibit "A", available for inspection and copying at the time, date and place set forth below:

18

19                   **TIME, DATE AND PLACE FOR PRODUCTION**

20   **TIME:**     10:00 AM

21   **DATE:**     January 11, 2008

22   **PLACE:**    Bailey Pinney & Associates LLC
                   1498 SE Tech Center Place, Suite 290
23                 Vancouver, WA 98683

24

25

26

Page - 1      Plaintiff's Second Set of Requests For Production of Documents

EXHIBIT $G$
Page 189

## DEFINITIONS

a.  "Documents" as used in this request means: (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof. (2) all writings, contracts, agreements, correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books, logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals, promotional material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

b.  "Electronic Data" as used in this request includes information from Defendant's computer systems, removable electronic media and other locations. This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm or security logs or records, video security or other tapes or recordings, contact manager

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT G
Page 2009

1    information, internet usage files, backup files and tapes, image files, and network access

2    information. This also includes data on personal, home or laptop computers of personnel

3    containing potentially discoverable information. With respect to all of the above, produce the

4    data in native file format with any metadata intact.

5         c.     Produce all non-identical copies of all responsive documents including copies that

6    bear marks, notations or changes not present on the original.

7         d.     If any documents are withheld on grounds of attorney/client privilege or attorney

8    work produce privilege, identify the author, each recipient thereof, the nature of the document and

9    the basis upon which the privilege is asserted.

10        e.     If any document requested was, but no longer is in the possession, custody, or

11    control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been

12    destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been

13    otherwise disposed of. For each such instance, explain the circumstances surrounding such

14    disposition, give the date or approximate date thereof, and the names and last known home and

15    business addresses of those persons with knowledge of such circumstances.

16        f.     "Defendant" as used herein refers to all parties named in this action, and all agents,

17    employees or other persons with an interest in any party.

18        g.     These requests for production are continuing and, in the event you discover further

19    information that is responsive to them, you are to supplement your answers. If

20    you fail to supplement this answer in a reasonable fashion, requestor will move the court for an

21    order excluding from evidence at trial any matter which is responsive and not furnished.

22        h.     "Plaintiff" as used herein refers to each and every person who is expressly listed

23    in the caption of the class action complaint.

24

25

26

Page - 3     Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT  G
Page 389

## EXHIBIT "A"

**Request For Production No. 1:**    Produce all documents containing or referencing Defendant's transportation and driving policies and/or procedures relating to the operation of Defendant's vehicles by Defendant's Oregon employee's and/or the operation of employees' own vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal course of conduct and for the benefit of Defendant.    This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period six years prior to the filing of the complaint in this matter.

    **Response:**

**Request For Production No. 2:**    Produce all documents containing or referencing Defendant's mileage reimbursement policy and/or procedure in regards to the operation of Defendant's employees' use of their own vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal course of conduct and for the benefit of Defendant. This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period six years prior to the filing of the complaint in this matter.

    **Response:**

**Request For Production No. 3:**    Produce all documents containing or referencing Defendant's daily merchandise and/or parts delivery and pick-up schedule in place during the course of Plaintiff's employment with Defendant for all Defendant Stores where Plaintiff worked and delivered.

    **Response:**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 ▶ Vancouver, Washington 98683
(360) 567-2551 ▪ Fax (360) 567-3331

EXHIBIT G
Page 401

1   **Request For Production No. 4:**     Produce all documents and reports reflecting dates and

2   times when any AutoZone employees working in the State of Oregon missed their meal periods,

3   for the period of time from three (3) years prior to the filing of the Complaint, up to present. This

4   Request includes any and all, if applicable, "Missed Lunch Reports" and "Lunch Variance

5   Reports."

6      **Response:**

7

8   **Request For Production No. 5:**     Produce all "Weekly Schedule" reports referencing

9   Plaintiff's work schedule, both approved and unapproved, for the period of time from three (3)

10   years prior to the filing of the Complaint, up to present.

11      **Response:**

12

13   **Request For Production No. 6:**     Produce all documents and reports reflecting any weekly

14   summarization of hours worked by Plaintiff, whether individually or by inclusion in a larger

15   group, for the period of time from three (3) years prior to the filing of the Complaint, up to

16   present.

17      **Response:**

18

19

20   **Request For Production No. 7:**     Produce all documents or records such as security logs, or

21   records, identifying when a security system in any AutoZone store in which Plaintiff worked was

22   activated and/or deactivated during Plaintiff's employment period.

23      **Response:**

24

25

26

Page - 5      Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT G
Page 58 of 9

1    **Request For Production No. 8:**    Produce all documents that identify, or which record or can

2    be used to identify, the names of the persons activating and/or deactivating security systems at

3    stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

4        **Response:**

5

6

7

8

9                DATED: November 23, 2007.

10

11            By ~Susan C. Nelson~

12                SUSAN C. NELSON,  WSB 35637
                 Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page - 6       Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT G
Page 689

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiff's Second Set of Requests for Production of Documents** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    November 30, 2007

SUSAN C. NELSON, WSB 35637
Of Attorneys for Plaintiff

EXHIBIT G
Page 181

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**MEGAN TRESEDER**
TELEPHONE (360) 567-2551
FACSIMILE (360) 567-3331
E-MAIL: Megan@wagelawyer.com

November 30, 2007

**_VIA FAX AND MAIL:_   _(206) 447-6965_**

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

> **Re:**  **_Michael Migis vs. AutoZone, Inc._**
> **_Court No. 0711-13531_**

Dear Ms. Tift:

Enclosed please find Plaintiff's Second Set of Requests for Production in the above-referenced case.

Thank you for your attention to this matter.

Sincerely yours,

Megan Treseder
Legal Assistant

Enclosure

************** -COMM. JOURNAL- ****************** DATE NOV-30-2007 ***** TIME 09:51 ********

      MODE = MEMORY TRANSMISSION              START=NOV-30 09:49      END=NOV-30 09:51

      FILE NO.=503

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|---------------------|------------------------------------------|-------|----------|
| 001     | OK    | s                   | 12064476965                              | 009/009 | 00:02:02 |

                                                      -BAILEY PINNEY        -

***** UF-8000 V2 ****************** -3605673331    - ***** -              - *********

                        BAILEY, PINNEY & ASSOCIATES, LLC
                                  Attorneys at Law
                        1498 SE TECH CENTER PLACE, SUITE 390
                                VANCOUVER, WA 98683
                                                        Tel: 1-800-887-8251
                                                        Fax: 360-567-3331

          MT

                              November 30, 2007

                          PERSONAL AND CONFIDENTIAL

          TO:        Ms. Leigh Ann Tift
          FAX NO.    (206) 447-6965
          Number of Pages (including cover page): 9

          REGARDING:

              Migis v. AutoZone - Plaintiff's Second Set of Requests for Production

          IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

          COMMENTS:          ORIGINAL DOCUMENTS
                             Regular mail

                              NOTICE TO RECIPIENT
          The information contained in this facsimile is intended only for the use of the individual or entity
          named above and may contain attorney privileged information. If you are not the intended recipient,
          you are hereby notified that any dissemination, distribution or copy of this communication is strictly
          prohibited. If you have received this communication in error, please immediately notify me by
          telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

                                                        EXHIBIT  G
                                                        Page  909

# PLAINTIFF'S EXHIBIT
# H

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, *et al.*,                    Case No.  0711-13531

                 Plaintiff,

                                            ORDER DENYING DEFENDANT'S
        v.                                  ORCP 21A(3) MOTION TO DISMISS
                                            & MOTION TO STAY DISCOVERY
AUTOZONE, INC.,

                 Defendant.                 [PROPOSED]

THIS MATTER having come before the Court for hearing on February 7, 2008, and the

Court having reviewed the file, and being fully advised of the premise thereof, the Court hereby

ORDERS that Defendant's ORCP 21A(3) Motion to Dismiss, and Defendant's Motion for a

Temporary Stay of Discovery, are both DENIED based on UTCR 5.010 violations.

DATED on this 1 th day of February 2008.

THE HON. JEROME LaBARRE
MULTNOMAH CO. CIRCUIT COURT

///
///
///

Page 1 -      ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY

EXHIBIT A
Page 1 of 2



1

APPROVED AS TO FORM:

2

3      /s/
       A.E. "BUD" BAILEY, OSB 87157
4      CHEY POWELSON, OSB 03551
       Attorneys for Plaintiffs

5

6

7      /s/
       DOUGLAS S. PARKER, OSB 82101
8      Attorney for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -      ORDER ON DEFENDANT'S ORCP 21A(3) MOTION TO DISMISS & MOTION TO STAY DISCOVERY

EXHIBIT  A
Page  282

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Declaration of Chey K. Powelson in Support of Plaintiff's First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission upon:**

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]     by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:     February 22, 2008

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

PAID

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY
'08 FEB 29 PM 4: 39
FILED

ENTERED
MAR - 4 2008
IN REGISTER BY SLF

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated, | No. 0711-13531 |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION** |
| vs. | |
| AUTOZONE INC., a Nevada Corporation, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Michael Migis ("Plaintiff Migis") is a putative class member in *Joarnt et al. v. AutoZone, Inc.* ("Joarnt Action"), a virtually identical class action that Plaintiff Migis' counsel filed against AutoZone, Inc., ("AutoZone") and on behalf of the same individuals that Plaintiff Migis seeks to represent here.  After Judge Kantor dismissed the meal and rest period claims in the Joarnt Action, he expressly ordered the Joarnt Action's class representatives and attorneys to cease all discovery efforts during the pendency of their appeal to the Oregon Court of Appeals of Judge Kantor's dismissal of the meal and rest period claims.

In an effort to sidestep Judge Kantor's order staying discovery on the claims in the Joarnt Action – which, notably, Plaintiff's counsel, Mr. Bailey, expressly agreed to at the time – counsel for the Joarnt Action found another class representative (Plaintiff Migis), filed a new lawsuit ("Migis Action") that is virtually identical to the Joarnt Action, and has issued discovery requests virtually

PAGE 1 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST MOTION FOR ORDER COMPELLING DISCOVERY, & DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

identical to those that were propounded in Joarnt.  It is clear that counsel is attempting to take a second bite at the proverbial apple, which should simply not be permitted by this Court.

## II.    FACTS

### A.    The Migis Action

Plaintiff Migis filed the instant lawsuit against AutoZone in this Court on November 16, 2007.  *See* Declaration of Douglas S. Parker ("Parker Decl.") at Exhibit 1.  Plaintiff Migis filed the action for himself individually and as a putative statewide class action on behalf of all other Oregon AutoZone employees.  The putative class is defined as "all others similarly situated ... [who] are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions." *Id.* at Exhibit 1 ¶ 14.  Plaintiff Migis asserted the following claims under Oregon wage and hour law:

- failure to pay for all hours worked, *id.* at ¶¶ 3 and 9;

- failure to provide employees with meal and rest periods, *id.* at ¶¶ 4-8;

- failure to pay overtime in excess of 40 hours in a work week, *id.* at ¶ 10; and

- failure to pay individuals no longer working for AutoZone all wages allegedly due as of the date on which their employment was terminated, *id.* at ¶ 11.

### B.    The Joarnt Action

The Joarnt Action is a materially identical class action that has been pending before this Court since March 2005.  *Id.* at Exhibit 2.  The Joarnt Action involves substantially the same parties and identical claims as in the Migis Action.  In fact, Plaintiff Migis is a putative class member in the Joarnt Action.  The class defined in the Joarnt Action pleadings consists of the named class representatives "and all others similarly situated [who] are current and past employees of [AutoZone] who worked in the State of Oregon, and are subject to Oregon wage and hour

PAGE 2 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST
MOTION FOR ORDER COMPELLING DISCOVERY, &
DETERMINING THE SUFFICIENCY OF DEFENDANT'S
RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

provisions." *Id.* at Exhibit 2 ¶ 7. The very same law firm represents the plaintiffs in both cases. *Id.* at Exhibits 1 and 2. The Joarnt Action, therefore, seeks to represent, on a statewide basis, the same former and current employees that Plaintiff Migis now seeks to represent in the case at bar.

The claims at issue in the Joarnt Action are identical to the claims asserted in the instant case. Specifically, the Joarnt Action asserted the following claims under Oregon wage and hour law:

- failure to pay for all hours worked, *id.* at Exhibit 2, ¶ 2;

- failure to provide employees with meal and rest periods, *id.* at ¶ 4;

- failure to pay overtime in excess of 40 hours in a work week, *id.* at ¶ 3; and

- failure to pay individuals no longer working for AutoZone all wages allegedly due as of the date on which their employment was terminated, *id.* at ¶ 5.

Moreover, the claims asserted in the Joarnt Action are based on the same facts and occurrences as in the instant action and seek the same remedies. Additionally, the time periods that they cover substantially overlap.

**C.  The Joarnt Action Has Been Stayed Pending Appeal and Additional Discovery is Expressly Prohibited**

On January 27, 2006, Judge Kantor dismissed the claims for rest and meal break violations in the Joarnt Action. *Id.* at Exhibit 3. In light of his ruling, the class representatives in the Joarnt Action indicated that they intended to appeal Judge Kantor's dismissal of their rest and meal break claims. Accordingly, Judge Kantor informed Joarnt's counsel of the following:

> THE COURT: But you can't take a deposition. You can't issue a discovery request. You can't review their documents that you don't already have.

*Id.* at 55:9-11. Judge Kantor further told Joarnt's counsel that if they intended to file another lawsuit for the purpose of preserving statute of limitations issues, "[t]he odds are that would probably get stayed, too, because then they would get consolidated." *Id.* at 56:6-8.

---

PAGE 3 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST
MOTION FOR ORDER COMPELLING DISCOVERY, &
DETERMINING THE SUFFICIENCY OF DEFENDANT'S
RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    Critical to AutoZone's position in this discovery dispute are statements that Plaintiff Migis'

2  counsel made during that hearing regarding his desire for additional discovery, which confirms that

3  Plaintiff Migis and his counsel have developed what they appear to believe is a method of

4  completely thwarting Judge Kantor's absolute prohibition against additional discovery.  Specifically:

5

6       THE COURT:  So if I were to grant your motion, would you stop in your tracks
        on this case, and work on the appeal, or would you want to continue to work on
7       this case and not have a stay?

8       MR. BAILEY:  Here's the balance, the balancing approach we believe would be
        appropriate.  We would want the case stayed for purposes of trial.
9
        Because as the Court knows, in class action cases, the longer you go without
10      doing your continued investigation and your discovery, the harder it is to keep
        track of those people who would be necessary to make claims and so forth.  So we
11      would like to go ahead and continue the investigative process that would allow us
        to – with the claims that are still in play, to do that, to get that information.  That
12      investigation should go on.

13  *Id.* at Exhibit 3, 48:10-49:2.  Plaintiff Migis' counsel further added:

14
        Our compromise is, let's take it up, do one trial after the thing is over, but in the
15      meantime go ahead and do the discovery that would preserve the evidence that
        would go to trial when it actually occurs, and not try to do that two and a half
16      years from now, if that's how long it takes.

17  *Id.* at 52:12-17.

18
        Not surprisingly, Judge Kantor disagreed:
19
        If the plaintiffs decide they do not want to go forward on the case whatsoever, and
20      have this issue decided, I would be much more inclined.  But if I allow the motion
        under that kind of condition, I am going to stop the case.  There's not going to be
21      any discovery.

22      Investigate all you wish, any way you want.  But there won't be any discovery.
23      The case will be stopped, because who knows what the case will be when it
        comes back.  So I am not going to have the parties engage in discovery when they
24      don't know what the claims for relief are.

25

26

PAGE 4 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST
MOTION FOR ORDER COMPELLING DISCOVERY, &
DETERMINING THE SUFFICIENCY OF DEFENDANT'S
RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    *Id.* at 54:16-55:2. In response, counsel made the decision to stay the action and pursue the appeal.

2    Although it is true that Judge Kantor gave counsel the green light to "[i]nvestigate all you wish, any

3    way you want," that is not license for finding another class representative, filing a new lawsuit, and

4    reigniting discovery of the very same issues that are stayed in *Joarnt*. But, that is precisely what

5    they are trying to accomplish here.

6

7    **D.    Plaintiff Migis' Discovery Requests**

8          When Plaintiff Migis filed his Complaint, he also served on AutoZone his First Set of

9    Requests for Production of Documents, which also included Requests for Admission. *Id.* at Exhibit

10   4. On November 30, 2007, Plaintiff Migis also served his Second Set of Requests for Production of

11   Documents. *Id.* at Exhibit 5.

12         The similarities between the Joarnt discovery requests and the Migis discovery requests

13   cannot be ignored. For example, after setting out discovery requests that pertain specifically to

14   Migis (which, in any event, are precise duplications of the requests by Plaintiff's Joarnt and

15   Yamaoka, with the exception of the three Requests for Admission), Plaintiff makes broad, general

16   requests that relate to all AutoZone employees that are exactly the same as requests propounded in

17   Joarnt. *See*, Migis RFP 16 v. Joarnt RFP 12 (First RFP's); Migis RFP 20 v. Joarnt RFP 18 (First

18   RFP's); Migis RFP 21 v. Joarnt RFP 19 (First RFP's); Migis RFP 24 v. Joarnt RFP 24 (First RFP's);

19   Migis RFP 25 v. Joarnt RFP 26 (First RFP's); Migis RFP 1 (2nd RFP's) v. Joarnt RFP 6 (3rd RFP's);

20   Migis RFP 2 (2nd RFP's) v. Joarnt RFP 8 (3rd RFP's); Migis RFP 3 (2nd RFP's) v. Joarnt RFP 9 (3rd

21   RFP's); Migis RFP 4 (2nd RFP's) v. Joarnt RFP 7 (4th RFP's); Migis RFP 5 v. Joarnt RFP 11 (3rd

22   RFP's); Migis RFP 6 (2nd RFP's) v. Joarnt RFP 9 (4th RFP's); Migis RFP 7 v. Joarnt RFP 11 (4th

23   RFP's) and Migis RFP 8 v. Joarnt RFP 12 (4th RFP's). *See*, Exhibits 6, 7, and 8 to the Parker Decl.

24

25

26

PAGE 5 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST
MOTION FOR ORDER COMPELLING DISCOVERY, &
DETERMINING THE SUFFICIENCY OF DEFENDANT'S
RESPONSES TO PLAINTIFF'S RFA

1    In spite of the discovery stay ordered by Judge Kantor, AutoZone has provided Plaintiff

2    Migis with his personnel records and has requested copies of all pay records for the time that he was

3    employed in Oregon.  Parker Decl. at ¶ 10.  However, AutoZone strenuously objects to providing

4    additional discovery in the Migis Action as the Requests made in this case are precisely the same as

5    are subject to Judge Kantor's order staying discovery.

6
7                           **III.    ARGUMENT**

8    **A.    Plaintiff Migis' Requests for Admission Are Not Deemed Admitted and AutoZone Has
         Not Waived Its Objections to the Requests for Admission**

9        In insisting that his requests for admission be deemed admitted, Plaintiff Migis apparently

10   overlooks his failure to have complied with ORCP 45 A, which expressly states in pertinent part:

11
12           The request for admissions shall be preceded by the following statement printed
             in capital letters of the type size in which the request is printed:  "FAILURE TO
13           SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME
             ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE
14           FOLLOWING REQUESTS."

15   (emphasis added).  Nowhere in Plaintiff Migis' First Request for Admission can this language be

16   found.  And although Plaintiff Migis claims that he "would consider those matters admitted" and that

17   AutoZone "has not seriously contested this issue prior to the filing of this Motion," it appears that

18   Plaintiff Migis has also failed to read AutoZone's objections to the Requests for Admission on the

19   grounds that "they do not include the 'notice' language contained in ORCP 45 A that is required to be

20   included in any and all requests for admission."  Plaintiff's Response at 7 and Exhibit F at 2.  Having

21   failed to comply with ORCP 45 A in this regard, Plaintiff Migis cannot possibly claim that any of his

22   defective admission requests have been admitted or that AutoZone has waived any of its objections

23   to the same requests.  Regardless, the objections  to Plaintiffs' Requests for Admission were timely

24
25
26
     PAGE 6 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST                    Littler Mendelson, PC
     MOTION FOR ORDER COMPELLING DISCOVERY, &                           1750 SW Harbor Way, Suite 450
     DETERMINING THE SUFFICIENCY OF DEFENDANT'S                              Portland, OR  97201
     RESPONSES TO PLAINTIFF'S RFA                                 Phone: 503-221-0309 Fax: 503-242-2457

1   and sufficiently detailed to preserve AutoZone's position.  Accordingly, Plaintiff's Motion should be

2   denied.

3   **B.    AutoZone Has Not Waived Any of Its Objections to Plaintiff Migis' First and Second**

4        **Requests for Production**

5        Plaintiff Migis claims that AutoZone has waived its objections by stating that AutoZone

6   "appears to have tried to rely solely on the safe harbor provision of ORCP 46D" and that the "safe

7   harbor provision should not apply."  Plaintiff's Motion at 8.  Plaintiff Migis is flat wrong.

8        First, there is nothing in the Oregon Rules of Civil Procedure that suggests that a party

9   waives its objections to discovery requests if they are not made in a timely manner.  Moreover,

10  although Plaintiff Migis speculates that AutoZone was allegedly relying on the safe harbor provision

11  of ORCP 46 D, AutoZone did no such thing.  In fact, that rule does not even apply to anything that

12  Plaintiff Migis is seeking to compel here.  Rather, ORCP 46 D applies to individuals who are

13  "designated under Rule 39 C(6) or 40 A to testify on behalf of a party" *and* who "fail[ ] (1) to appear

14  before the officer who is to take the deposition of that party or person, ... or (2) to comply with or

15  serve objections to a request for production or inspection submitted under Rule 43."

16

17       Because the instant motion does not involve an individual "designated under Rule 39 C(6) or

18  40 A to testify on behalf of a party," Plaintiff Migis' reference to ORCP 46 D is misplaced.  And

19  although Migis quibbles about verbiage, it is beyond cavil that AutoZone expressly included a

20  general objection that objected to "all discovery requests to the extent that [the discovery requests]...

21  go beyond the scope of discovery provided by the Oregon Rules of Civil Procedure."  This

22  objection, subsequently more fleshed out, necessarily encompasses objections that Plaintiff's

23  requests are overbroad and burdensome.   There being no other authority to support Plaintiff Migis's

24  argument that AutoZone has waived its objections, the motion should be denied.

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

**C.    Plaintiff Migis's Discovery Requests Were Propounded Solely to Evade Judge Kantor's Complete Stay of Discovery in the Joarnt Action**

Plaintiff Migis and his counsel are fully aware that they would be absolutely prohibited from propounding any of this discovery in the Joarnt Action or demanding supplementation of responses. However, they apparently hope that by filing serial lawsuits seeking the same relief for the same parties they can achieve indirectly what they could not obtain by direct means.  AutoZone asks that this Court carefully review the complaint filed in the Migis Action (Parker Decl. Exhibit 1) and the Joarnt Action (*id.* at Exhibit 2), and then compare the substance of the discovery in Migis with the requests in Joarnt and note the glaring similarities between the two cases.

The Migis Action and the Joarnt Action have overlapping facts and legal issues, and are very closely related, if not identical, to each other.  Both cases involve claims for alleged failures to

- compensate employees for all hours worked, *id.* at Exhibit 1 ¶¶ 3 and 9 (Migis Action) and Exhibit 2 ¶ 2 (Joarnt Action);

- provide meal and rest periods to employees, *id.* at Exhibit 1 ¶¶ 4-8 (Migis Action) and Exhibit 2 ¶ 4 (Joarnt Action);

- compensate employees for overtime hours worked in excess of 40, *id.* at Exhibit 1 ¶ 10 (Migis Action) and Exhibit 2 ¶ 3 (Joarnt Action); and

- compensate employees no longer working for AutoZone for alleged amounts due, *id.* at Exhibit 1 ¶ 11 (Migis Action) and Exhibit 2 ¶ 5 (Joarnt Action).[1]

---

[1] Although Plaintiff claims in his Motion at 2-3 that the Migis Action "also includes additional claims not present in *Joarnt*," AutoZone has been unable to note any differences, except for the different time periods, between the Joarnt Action and the instant case.  The only difference that Plaintiff Migis pointed to in his Motion is his contention that his "late payment of wages upon termination [claim] ... did not exist as of the *Joarnt* filing and are therefore not part of the *Joarnt* action."  Plaintiff's Motion at 2.  This argument is hardly persuasive.  Plaintiff Migis is a potential class member and the Joarnt Action expressly included a "late payment of wages upon termination claim."  Further, what Plaintiff Migis fails to tell this Court is that the Joarnt Action appears to include *more* claims than the Migis Action, such as a good faith and fair dealing claim and contractually based meal and rest period claims, which have not been alleged in the Migis Action.  Otherwise, the cases are identical and the time periods they cover substantially overlap.

PAGE 8 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST MOTION FOR ORDER COMPELLING DISCOVERY, & DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1   Other than the overlapping time frames, the only difference between the two cases is that

2   each identifies different class representatives, none of whom are actually still employed by

3   AutoZone.[2]  However, the reality is that even though the named plaintiffs are different, it is

4   undisputed that the interests that they are pursuing and the putative class members that they seek to

5   represent are identical, except for, again, the overlapping, time periods.  In fact, Plaintiff Migis is a

6   member of the putative class of employees who are in the Joarnt Action and he therefore is subject to

7   Judge Kantor's order staying discovery, and class counsel are the same and also subject to that order.

8   Because Plaintiff Migis cannot explain how this lawsuit is materially different from Joarnt, a fair

9   assumption is that the second lawsuit is motivated only to evade Judge Kantor's admonition to

10  Plaintiff Migis's counsel that they "can't issue a discovery request" and "can't review [AutoZone's]

11  documents that [Plaintiff Migis's counsel doesn't] already have."  *See* Parker Decl. Ex. 3 at 55:10-11.

12  **D.    Plaintiff Migis's Discovery Requests Are Overbroad**

13          Plaintiff Migis' discovery requests seeking personal and personnel information about vast

14  numbers of AutoZone employees at the commencement of a *possible* class action are overbroad,

15  burdensome and unduly invasive of the privacy of nonparties.  That is particularly true here, where

16  the Joarnt Plaintiffs never even attempted to certify a class in Joarnt after a year of ongoing litigation

17  and despite having the benefit of a large amount of discovery from AutoZone.  In fact, the Joarnt

18  Plaintiffs vigorously resisted AutoZone's efforts to have the issue of certification heard by Judge

19  Kantor.

20          Courts have repeatedly limited pre-certification discovery in order to prevent overreaching

21  and abuse in the class action context.  *See Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985)

---

[2]  Migis quit his job at AutoZone on February 10, 2006—a mere two weeks after Judge Kantor
stayed discovery in Joarnt.

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1  (refusing class-wide discovery where plaintiff failed to show discovery is likely to substantiate class

2  action allegations); *D'Anna v. M/A-COM, Inc.* 903 F. Supp. 889, 894 (D. Md. 1995) ("[a]n employer

3  [in class context] should not be unduly burdened by a frivolous fishing expedition conducted by

4  plaintiff at the employer's expense."); *Shushan v. University of Colo.*, 132 F.R.D. 263, 268 (D. Colo.

5  1990) (rejecting "the extraordinary assertion that an aggrieved party can file a complaint, claiming to

6

7  represent a class whose preliminary scope is defined by him, and by that act alone obtain a court

8  order which conditionally determines the parameters of the potential class and requires discovery

9  concerning the members of that class"). *See also*, *Newman v. Checkrite Cal., Inc.*, 1996 WL

10  1118092, at *10 (E.D. Cal. 1996) (refusing discovery addressed to the putative class definition; such

11  discovery was premature since class had not been certified); *Duval v. Gleason* , 1991 WL 214251

12  (N.D. Cal. 1991) (refusing pre-certification discovery directed to absent class members where the

13  discovery was "not likely to resolve the issues central to class certification, and would be expensive

14

15  and intrusive to the class members").

16                          **IV.    CONCLUSION**

17        AutoZone respectfully requests that this Court deny Plaintiff's Motion.

18  Dated:  February 29, 2008

19

20

21        Douglas S. Parker OSB No. 821017

22

23

24

25

26

PAGE 10 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S 1ST
MOTION FOR ORDER COMPELLING DISCOVERY, &
DETERMINING THE SUFFICIENCY OF DEFENDANT'S
RESPONSES TO PLAINTIFF'S RFA

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I served a full, true, and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION:**

☐    By delivery via messenger, or otherwise by hand,

☒    By facsimile,

☐    By e-mail,

☒    By mailing same, postage paid,

addressed to:

        Bailey Pinney & Associates LLC
        Attorneys at Law
        1498 SE Tech Center Place
        Suite 290
        Vancouver, WA  98683
        Fax (360) 567-3331

        Of Attorneys for Plaintiff

By _Laura M. Lucero_____
        Laura Lucero

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 FEB 29 PM 4: 40

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

|  |  |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOZONE INC., a Nevada Corporation,<br><br>Defendant. | No. 0711-13531<br><br>**DECLARATION OF DOUGLAS S. PARKER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**<br><br>ENTERED<br>MAR - 4 2008<br>IN REGISTER BY SLF |

I, Douglas S. Parker, hereby declare as follows:

1.      I am the attorney representing Defendant AutoZone Inc. in the above-captioned

matter, and I make this declaration in support of Defendant's Opposition to Plaintiff's First Motion

for an Order Compelling Discovery.  I have personal knowledge of the matters related herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Complaint.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Complaint in *Joarnt, et*

*al. v. AutoZone, Inc.*

4.      Attached hereto as Exhibit 3 is a true and correct copy of a transcript from a hearing

in *Joarnt, et al. v. AutoZone, Inc.* before Judge Kantor, which was held on January 27, 2006.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff Migis' First Set of

Requests for Production of Documents.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff Migis' Second Set

of Requests for Production of Documents.

PAGE 1 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST
MOTION FOR AN ORDER COMPELLING DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1       7.    Attached hereto as Exhibit 6 is a true and correct copy of Plaintiffs Joarnt's and

2  Yamaoko's First Request for Production of Documents in the Joarnt Action.

3       8.    Attached hereto as Exhibit 7 is a true and correct copy of Plaintiffs Joarnt's and

4  Yamaoko's Third Request for Production of Documents in the Joarnt Action.

5       9.    Attached hereto as Exhibit 8 is a true and correct copy of Plaintiffs Joarnt's and

6  Yamaoko's Fourth Request for Production of Documents in the Joarnt Action.

7      10.    On February 28, 2008, my office mailed to Plaintiff Migis' counsel a copy of Plaintiff

8  Migis' personnel records.  We have requested copies of all of Plaintiff Migis' pay records for the

9  time that he was employed in Oregon and will produce those to Plaintiff Migis as soon as they

10  become available.

11      I declare that the above statements are true to the best of my knowledge and belief, and that I

12  understand that it is made for use as evidence in court and is subject to penalty for perjury.

13  Dated:  February 29, 2008

14                   Douglas S. Parker OSB No. 821017

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST
MOTION FOR AN ORDER COMPELLING DISCOVERY

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

ENTERED

NOV 16 2007

IN REGISTER BY LR

FILED

07 NOV 16  AM 8: 59

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

13531

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,

                    Plaintiff,

    vs.

AUTOZONE INC., a Nevada Corporation,

                    Defendant.

No. 0711-13531

CLASS ACTION ALLEGATION COMPLAINT

JURY TRIAL DEMANDED

NOT SUBJECT TO MANDATORY ARBITRATION. THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS

## I.    PRELIMINARY STATEMENT

1.

Plaintiff files this action to recover unpaid wages, overtime wages, minimum wages and penalty wages for all current and former employees of Defendant, **AutoZone Inc.** (hereafter "AutoZone") who worked for AutoZone within Oregon in the six year period before the commencement of this action.

2.

AutoZone is a Nevada corporation with annual sales of $5.9 billion. AutoZone is the leading specialty retailer of automotive parts and accessories, with 3,881 stores in the continental United States. Each of its stores carries an extensive product line for cars, sport utility vehicles, vans and light trucks, including new and re-manufactured automotive hard parts, maintenance items, accessories and non-automotive products. AutoZone operates 24 stores in Oregon.

Page 1 - Class Action Allegation Complaint

Exhibit ___1___
Page ___1___ of _23_

3.

Autozone suffered and permitted its hourly employees to perform work for Defendant for which it failed and refused to pay at their regular rate of pay.

4.

Oregon law requires an employer to provide each hourly employee with appropriate meal periods and appropriate rest periods.

5.

An appropriate rest period is a period of rest of not less than 10 uninterrupted minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employees pay, and is separate from meal periods.

6.

AutoZone failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261(1), OAR 839-020-0050 entitling Plaintiff and class members to those wages improperly deducted plus penalty wages pursuant to ORS 653.055.

7.

Oregon law requires employers to provide employees an appropriate meal period which is uninterrupted for not less than 30 minutes. OAR 839-020-0050(1). If the meal period is interrupted by work or is less than 30 minutes in length the employer may not deduct any portion of the meal period from the employee's wages. OAR 839-020-0050(1)(a)(A)-(B).

8.

AutoZone failed to provide Plaintiff and other similarly situated class members with meal periods of at least 30 uninterrupted minutes as required by ORS 653.261(1) and OAR 839-020-0050. AutoZone wrongfully deducted time and failed to pay Plaintiff and those similarly situated, for meal periods taken that were interrupted by work or were less than 30 minutes long. As a result, Plaintiff and class members are entitled to those wages improperly

Page 2 - Class Action Allegation Complaint

Exhibit ___1___
Page _2_ of _23_

1  deducted for meal periods that were interrupted or were less than 30 minutes long, plus

2  penalty wages pursuant to ORS 653.055.

3                9.

4       AutoZone suffered and permitted Plaintiff and similarly situated class members to

5  work hours for which it did not compensate them at the minimum rate of pay for all hours

6  worked when those wages were due.  In so doing, AutoZone violated the requirements of

7  ORS 653.025, and OAR 839-020-0010.

8                10.

9       AutoZone suffered and permitted Plaintiff and other similarly situated class members

10  to perform work for AutoZone in excess of 40 hours per week, for which it did not

11  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

12  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

13  653.261(1), OAR 839-020-0030.

14                11.

15       AutoZone failed to pay Plaintiff and other similarly situated class members whose

16  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiff

17  and all other similarly situated former employees in the class to penalty wages pursuant to

18  ORS 652.150.

19       **II.**    **JURISDICTION AND VENUE**

20                12.

21       The aggregate total of the claims pled herein do not exceed five million dollars.

22                13.

23       AutoZone, a Nevada Corporation, at all material times herein, was doing business as

24  "AutoZone Inc." in the State of Oregon.

25  \\\

26  \\\

Page 3 -  Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ____1____
Page __3__ of __23__

## III.   PARTIES

### 14.

At all material times, Plaintiff and all others similarly situated class members are current and past employees of AutoZone, who worked in the State of Oregon, and are subject to Oregon wage and hour provisions.

### 15.

Plaintiff, at the time of filing this Complaint, is an individual who resides the State of Oregon and who is a citizen of the State of Oregon.

### 16.

AutoZone, Inc. is a company organized and existing under the laws of Nevada, with its principal place of business in Tennessee.

## IV.   COMMON ALLEGATIONS

### 17.

The conduct at issue in this case affected Plaintiff and all purported class members. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members.

### 18.

Based on information and belief, AutoZone has at least 26 stores in Oregon (7 listed in Portland). The members of the class exceeds 30 members, and that number will increase depending upon employee turnover.

### 19.

AutoZone permitted Plaintiff and other similarly situated class members to work segments of four hours or more without any periods of rest. AutoZone has failed to provide Plaintiff and other similarly situated class members appropriate rest periods as required by ORS 653.261 and OAR 839-020-0050. AutoZone has failed to pay Plaintiff and other similarly situated class members the wages owed for rest periods it failed to provide.

Page 4 -  Class Action Allegation Complaint

Exhibit ____1____
Page __4__ of _23_

20.

AutoZone failed to provide Plaintiff and other similarly situated class members, meal periods of at least 30 uninterrupted minutes as required by ORS 653.261 and OAR 839-020-0050.

21.

Because AutoZone required Plaintiff and others similarly situated to work through their appropriate rest and meal periods and forced them to work "off the clock," Plaintiff, and others similarly situated, worked hours for which AutoZone did not compensate them at the minimum rate of pay.  In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and others similarly situated minimum wages and liquidated damages for the uncompensated work.

22.

Because AutoZone failed to provide rest and meal periods and forced employees to work "off the clock," Plaintiff and others similarly situated worked hours for which AutoZone did not compensate them at the premium rate of pay for all hours worked over 40 hours per week.  In so doing, AutoZone violated the requirements of Oregon law and owes Plaintiff and others similarly situated, overtime wages for uncompensated work.

23.

AutoZone suffered, permitted, and allowed Plaintiff and others similarly situated to perform work for the benefit of AutoZone while "off the clock" and without compensation in violation of Oregon law.

24.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to work hours for which it did not compensate them at the then prevailing minimum wage rate for all hours worked, when those wages were due.

Page 5 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page __5__ of _23_

25.

AutoZone suffered and permitted Plaintiff Migis and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

26.

Because of AutoZone's wage and hour violations as set forth above, AutoZone was unjustly enriched. AutoZone requested by words and/or conduct that Plaintiff and others similarly situated, provide services without pay and without receiving their mandatory rest and meal periods. AutoZone has benefitted from these violations.

27.

AutoZone also benefitted from uncompensated "off the clock" work performed before and/or after shifts by Plaintiff and others similarly situated. Plaintiff and others similarly situated performed services as AutoZone requested. AutoZone has not paid for the services Plaintiff and others similarly situated performed. Plaintiff and others similarly situated seek the reasonable value of the services that were provided to AutoZone.

28.

AutoZone failed to pay Plaintiff, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

29.

AutoZone's actions in failing to pay wages, including minimum wage and overtime, failing to provide meal and rest periods, and failing to pay all monies due and earned upon termination of employment pursuant to Oregon law, was willful.

30.

AutoZone's actions, detailed herein, were part of a corporate practice which affected all employees who worked for AutoZone. As a direct and proximate result of AutoZone's

Page 6 - Class Action Allegation Complaint

Exhibit ___1___
Page __6__ of 23

1  illegal practices, Plaintiff and others similarly situated (1) were required and permitted to

2  work through rest and meal periods that are required by Oregon law, (2) were not

3  compensated for the unprovided rest and meal periods, (3) were not compensated for the time

4  they worked "off the clock," (4) were not paid their wages on time.  Plaintiff and other

5  similarly situated employees are entitled to recover wages for the unprovided rest and meal

6  periods including, but not limited to, wages, statutory wages, minimum wages, and overtime

7  and/or premium wages pursuant to Oregon law.  Plaintiff and others similarly situated are

8  entitled to request injunctive relief.  Also, Plaintiff and other similarly situated employees are

9  entitled to recover appropriate reasonable attorneys' fees, costs and interest.

10  ## V.    CATEGORIES OF CLAIMS

11  ### 31.
    ### (Rest Period Violations)

12

13      AutoZone failed to provide Plaintiff and similarly situated class members duty free

    rest periods as required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's
14
    conduct, Plaintiff and other similarly situated class members, who did not receive rest periods
15
    as required, are entitled to wages for those unprovided rest periods for the six year period
16
    before the filing of this class action lawsuit, plus penalty wages, as provided by ORS 653.055,
17
    for those violations occurring within the three year period before the filing of this complaint.
18
19  ### 32.
    ### ( Unpaid Meal Periods)

20      AutoZone failed to provide Plaintiff and similarly situated class members 30 minute

21  uninterrupted meal periods as required ORS 653.261(1), OAR 839-020-0050.  AutoZone

22  failed to pay wages to its employees for meal periods of less than 30 minutes in length.  As a

23  result, Plaintiff and other similarly situated class members are entitled to wages for the

24  unprovided meal period violations, for the six year period before the filing of this class action

25  lawsuit, plus penalty wages as provided by ORS 653.055 for those unprovided meal period

26  violations occurring within the three year period before the filing of this complaint.

Page 7 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page _7_ of _23_

**33.**
**(Unpaid Wages)**

AutoZone failed to pay Plaintiff, and similarly situated class members, all their wages earned. As a result, those wages remain due and unpaid. Plaintiff, and similarly situated class members, seek unpaid wages for the six year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring with the three year period before the date of filing of this complaint.

**34.**
**(Minimum Wage)**

AutoZone failed to pay Plaintiff and all similarly situated minimum wage class members, minimum wages for all hours worked. As a result, Plaintiff and all similarly situated Minimum Wage class members, who were not paid all minimum wages, are entitled to unpaid minimum wages, plus 30 days of penalty wages for those violations occurring within the three year period before the commencement of this action.

**35.**
**(Overtime Claims)**

AutoZone allowed, suffered and permitted Plaintiff and all similarly situated overtime class members to perform work in in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiff and similarly situated overtime class members who were not paid all overtime wages for the two year period before the date of filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

**36.**
**(Late Payment of Wages upon Termination)**

Within the three years prior to the filing of this complaint, AutoZone willfully failed to pay all wages to Plaintiff, and other former employees, upon termination of their employment, when those wages were due, as required by ORS 652.140, which entitles Plaintiff, and other former employees to penalty wages as provided by ORS 652.150.

Page 8 - Class Action Allegation Complaint

Exhibit ___i___
Page 8 of 23

## VI.    CLASS ALLEGATION RELATING TO RULE 32 CLASS
### DEFINITION OF CLASS

### 37.

Plaintiff seek class certification as follows, pursuant to ORCP 32.

### 38.
### (Rest Period Violations Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the six year period before the filing of this complaint, and were not paid wages for rest periods which were not received as required by ORS 653.261(1) and OAR 839-020-0050.

### 39.
### (UnPaid Meal Period Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the six year period before the filing of this complaint, from whom AutoZone deducted wages from the class members' wages for meal periods of less than 30 minutes in length.

### 40.
### (Unpaid Wages Class)

For Plaintiff and all similarly situated class members who worked for AutoZone, in Oregon, within six year period before the filing of this complaint, and were not paid all wages due.

### 41.
### (Minimum Wage Class)

For Plaintiff and all similarly situated class members who worked for AutoZone in Oregon, within the three year period before the filing of this complaint, and were paid at a rate less than the minimum wage rate then in effect for all hours worked.

### 42.

Page 9 -  Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page __9__ of __23__

1                                 (Overtime Class)

2         For Plaintiff and all similarly situated class members who worked for AutoZone in

3 Oregon, within two year period before the filing of this complaint, and were not paid at 1 ½

4 times their regular hourly rate for all hours worked in excess of 40 hours per week.

5                                     43.
                             ( Late Payment Class)

6

7         For Plaintiff and all similarly situated class members whose employment with the

8 AutoZone ended within three year period before the filing of this action and who did not

9 receive all wages when due as required by ORS 652.140.

10                           **ORCP 32H NOTICE**

11                                   44.

12         On or about March 28, 2007, Plaintiff, on behalf of themselves and all current and

13 former AutoZone employees, pursuant to ORCP 32H, gave a pre-litigation notice to

14 AutoZone and demanded that AutoZone immediately cure its failure to pay wages as required

15 by Oregon law, and pay all amounts due within 30 days after notice.

16                                   45.

17         Despite Plaintiff' request that AutoZone cure, AutoZone has failed and refused to cure

18 its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated class

19 members all unpaid wages.  AutoZone has also failed and refused to pay Plaintiff and all

20 similarly situated class members all penalty wages due.  Those wages and penalty wages

21 remain due and unpaid.

22                          **NUMEROSITY**
                               46.

23         Based on information and belief, the members of the State wage and hour class

24 exceeds 30 persons.  Plaintiff expects this number to increase, depending upon the turnover

25 rate for employees over the last three years.

26

Page 10 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit____1____

____ 10  of 23

## QUESTIONS OF LAW AND FACT

### 47.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former AutoZone employees. Common questions include:

a   Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

b   Whether AutoZone suffered and permitted Plaintiff and overtime class members to work over 40 hours per week.

c   Whether AutoZone failed to pay Plaintiff and overtime class members at the overtime rate for all hours worked over 40 per week.

d   Whether AutoZone suffered and permitted Plaintiff and minimum wage class members to perform work, for which it failed to pay all minimum wages when due.

e   Whether, when an employee's time records reflect that the employee worked a shift of sufficient length entitling the employee to a paid rest period under OAR 839-020-0050, the employee's time records show no paid rest period as required by 839-020-0050.

f   Whether any failure to pay for such a period is "willful" for purposes of ORS 652.150.

g   Whether, when an employee's time records reflect that the employee worked a shift of sufficient length to entitle the employee to a meal period under OAR 839-020-0050(1)(a), the employee's time records show an uncompensated period of time less than 30 minutes, that period amounts to lost wages from the improper deduction within the meaning of OAR 839-020-0050(1)(a) for which the employee is entitled to pay.

Page 11 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit    1
11 of 23

1    h    Whether any failure to pay for such a period is "willful" for purposes of ORS

2         652.150.

3    i    Whether Oregon law provides time lines when AutoZone must pay final wages

4         to its former employees.

5    j    Whether AutoZone failed to pay Plaintiff and similarly situated class members

6         all wages after termination of their employemnt when those wages were due.

7    k    Whether AutoZone's failure to timely pay final wages to Plaintiff and other

8         former employees was willful.

9    l    Whether Plaintiff and class members are entitled to attorney fees under ORS

10        652.200 and/or ORS 653.055.

11   m    Which remedies are available for the violations of State wage and  hour laws.

12                                **TYPICALITY**

13                                    48.

14   The claims of the named Plaintiff are typical of the claims of the members of the wage

15   and hour class in that:

16   a.    Plaintiff is a member of each class.

17   b.    Plaintiff's claims stem from the same practice or course of conduct that forms

18        the basis of each class.

19   c.    Plaintiff's claims are based upon the same legal and remedial theories as those

20        of the class and involve similar factual circumstances.

21   d.    There is no antagonism between the interests of the named  Plaintiff and absent

22        class members.

23   e.    The injuries which Plaintiff suffered are similar to the injuries which class

24        members have suffered.

25

26

Page 12 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
12 of 23

1

## REPRESENTATION BY PLAINTIFF

2

### 49.

3

The named Plaintiff will fairly and adequately represent the class in that:

4    a.    There is no conflict between his claims and those of other class and subclass

5    members.

6    b.    Plaintiff has retained counsel who are skilled and experienced in wage and

7    hour cases and in class actions and who will vigorously prosecute this

8    litigation.

9    c.    Plaintiff's claims are typical of the claims of class members.

10

### 50.

11

Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

12    a.    Common questions of law or fact predominate over questions affecting only

13    individual members.

14    b.    The forum is convenient to the parties, class members, and potential witnesses;

15    the class is specifically identifiable to facilitate provision of adequate notice;

16    and there will be no significant problems managing this case as a class action.

17    c.    A class action is superior to other available methods for the fair and efficient

18    adjudication of this controversy because individual class members have

19    minimal interest in controlling the prosecution of separate actions.

20

### VII.    CLAIMS FOR RELIEF

21

### FIRST CLAIM FOR RELIEF

22

(Rest Period Violation Class, Six Year Statute of Limitations; Rest Period Violation Penalty
Class, Three Year Statute of Limitations)

23

### 51.

24

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25    \\\

26    \\\

Page 13 - Class Action Allegation Complaint

Exhibit___1___
Page 13 of 23

<center>52.</center>

ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted paid rest break of not less than ten (10) minutes for each period of four hours, or the better part thereof worked.

<center>53.</center>

AutoZone failed to provide Plaintiff and all other similarly situated class members an uninterrupted paid rest break of not less than ten (10) minutes for each period of fours hours. Defendant regularly failed to provide all rest periods to its Oregon employees when and as required by ORS 653.261 and OAR 839-020-0050.

<center>54.</center>

AutoZone failed to pay Plaintiff Migis and Rest Period Class members for those reset periods not provided when and as required within six years before the filing of this complaint.

<center>55.</center>

All wages due for AutoZone's failure to provide appropriate rest periods to Plaintiff Migis and class members were required to have been paid on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

<center>56.</center>

Those class members who did not receive their appropriate rest period in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

<center>57.</center>

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to provide appropriate rest periods as required within six years before the filing of the complaint. Those class members who did not receive their appropriate rest periods in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as

Page 14 - Class Action Allegation Complaint

Exhibit 1
14 of 23

1  calculated by ORS 652.150.

2                                    58.

3      Plaintiff Migis and all class members seek unpaid wages for the six year before the

4  filing of this complaint, plus penalty wages pursuant to ORS 653.055 for all violations which

5  occurred in the three years before the filing of this complaint, plus costs, disbursements and

6  attorneys fees pursuant to ORS 653.055(4) and 652.200(2).

7
                          **SECOND CLAIM FOR RELIEF**
8
       ( Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;
9             Unpaid Meal Period Penalty Class, Three year Statute of Limitations)

10                                   59.

11     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12                                   60.

13     ORS 653.261 provides for minimum employment conditions to be established by the

14  Commissioner of the Oregon Bureau of Labor and Industries.  OAR 839-020-0050 requires

15  that employees, whose work period is 6 hours or more, receive an uninterrupted meal period

16  of not less than 30 minutes.

17                                   61.

18     OAR 839-020-0050(1) allows an employer to deduct time from an employee for meal

19  periods which are uninterrupted and not less than 30 minutes in length during a 6 hour work

20  period.

21                                   62.

22     AutoZone failed to provide Plaintiff Migis and other class members with

23  uninterrupted meal periods of at least 30 minutes as required by OAR 839-020-0050(a)(1)(A),

24  and Defendant violated ORS 653.261, OAR 839-020-0050 and ORS 653.055.  Defendant

25  wrongfully deducted time and consequently wages from Plaintiff and Meal Period Class

26  members for meal periods that were interrupted by work or were less than 30 minutes long.

Page 15 - Class Action Allegation Complaint

Exhibit ___1___
Page 15 of 23

63.

As a result of Defendant's failure to provide full 30 minute uninterrupted meal periods as required, and by failing to pay wages for meal periods that did not meet the requirements of OAR 839-020-0050 (1)(a)(B), Plaintiff Migis and meal period class members are entitled to recover unpaid wages, within the six year period before the filing of this complaint.

64.

Plaintiff Migis and those class members who in the three years before the filing of this complaint were not paid for a full 30 minutes of wages for meal periods that were interrupted or were less than 30 minutes long, are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

65.

Plaintiff Migis and class members seek payment of wages deducted for "meal periods" which failed to meet the requirements of OAR 839-020-0050 within the six years of the filing of this complaint.  In addition, Plaintiff Migis and class members seek penalty wages pursuant to ORS 653.055, and ORS 652.150 for Defendants wrongful deduction for meal periods that failed to meet the requirements of OAR 839-020-0050, for a period of three years from the filing of this action.

66.

Plaintiff Migis and class members also seek payment of their costs, disbursements, and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### THIRD CLAIM FOR RELIEF

(Unpaid Wage Claim; Six Year Statute of Limitations)
Unpaid Wages on Pay Day Claim; Three Year Statute of Limitations)

67.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

Page 16 - Class Action Allegation Complaint

Exhibit ___1___
Page 16 of 23

68.

During the six year statute of limitations period, Plaintiff and similarly situated class members worked time for Defendant before and after their scheduled shifts, during their meal periods, and during their rest periods all of which was not recorded on the time clock. ("Off the Clock Time").

69.

By failing to record all the time worked by Plaintiff and Class Members, AutoZone failed to pay Plaintiff and other similarly situated class members for this time they worked off-the-clock.

70.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff and other similarly situated class members to perform work for the benefit of Defendant as set out in Plaintiff's Third and Fourth claims for relief which are incorporated herein by reference.

71.

AutoZone was required to pay Plaintiff Migis and class members for all hours worked on their next regularly scheduled payday under ORS 652.120 and ORS 653.010.

72.

AutoZone failed and refused to pay Plaintiff Migis and class members all off the clock time on payday, and those off the clock time wages remain due and unpaid.

73.

Plaintiff Migis and similarly situated class members seek unpaid wages for the six years before the commencement of this action, and Plaintiff's costs disbursements and attorneys fees pursuant to ORS 652.200(2).

Page 17 - Class Action Allegation Complaint

Exhibit____1
Page 17 of 23

74.

All wages due for AutoZone's failure to pay Plaintiff Migis and class members all off the clock time on payday on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

75.

Those class members who did not receive their appropriate pay for all of the off the clock time in the past three years (violation occurred in the three years before the filing of the complaint) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

76.

Plaintiff Migis and class members seek unpaid wages for Defendant's failure to pay all wages due for off the clock time as required within six years before the filing of the complaint. Those class members who did not receive all wages due for off the clock time in the three years before the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as calculated by ORS 652.150.

**FOURTH CLAIM FOR RELIEF**

(State Minimum Wage Claim, Civil Penalty; Six Year Statute of Limitations for Minimum Wages; Three Year Statute of Limitations for Penalties)

77.

Plaintiff Migis incorporates all preceding paragraphs as though fully set forth herein.

78.

At all times material herein, Plaintiff Migis and minimum wage class members were employed by AutoZone.

79.

During the statutory period set out above, Oregon required that all employees working in Oregon were paid at an hourly rate for all hours worked not less than the minimum wage as set by ORS 653.025.

Page 18 - Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page 18 of 23

80.

During the course of Plaintiff Migis' employment, Defendant allowed, suffered and permitted Plaintiff Migis and other similarly situated class members to perform work for the benefit of AutoZone.

81.

Plaintiff Migis and other similarly situated class members performed work as set out in Plaintiff's Third, Fourth and Fifth claims for relief which are incorporated herein by reference.

82.

Pursuant to ORS 653.025, AutoZone was required to pay Plaintiff Migis and class members at the then prevailing State of Oregon minimum wage rate for hours worked.

83.

AutoZone failed and refused to pay Plaintiff Migis and class members at the State of Oregon minimum wage rates for all hours worked when those wages were due, and there remains due and owing minimum wages in an amount to be determined.

84.

By failing to compensate Plaintiff Migis and class members for missed rest periods and wrongfully deducting wages for interrupted meal periods shorter than 30 minutes, AutoZone failed to compensate class members at the minimum wage rate for all hours worked.

85.

Because of AutoZone's failure to pay Plaintiff Migis and minimum wage class members at the then prevailing minimum wage rate for all hours worked, when those wages were due, Plaintiff Migis and class members are entitled to unpaid minimum wages for the six year period before the filing of this complaint, plus a civil penalty under ORS 653.055 as computed by ORS 652.150 for those violations occurring within the three year period before

Page 19 - Class Action Allegation Complaint

Exhibit _____ 1
Page 19 of 23

1    the commencement of this action.

2                                    86.

3        Plaintiff Migis and class members have been required to bring this action to recover

4    minimum wage earnings and a civil penalty pursuant to ORS 653.055(4) and ORS

5    652.200(2).

6                                    87.

7        Plaintiff Migis and class members seek as damages, minimum wages in an amount to

8    be determined plus penalty wages as provided by ORS 653.055 and ORS 652.150,plus costs,

9    disbursements and attorneys fees pursuant to ORS 653.055 and ORS 652.200(2).

10
                        **FIFTH CLAIM FOR RELIEF**
11
             (State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)
12
                                    88.
13
         Plaintiff incorporates all preceding paragraphs as though fully set forth herein.
14
                                    89.
15
         During the course of Plaintiff's employment within the 2 year period before the
16
     commencement of this action, Defendant allowed, suffered and permitted Plaintiff and
17
     overtime class members to work in excess of 40 hours per week.
18
                                    90.
19
         During the course of Plaintiff's employement, Defendant allowed, suffered and
20
     permitted Plaintiff and class members to work hours as set out in Plaintiff's **First, Second,**
21
     **and Fifth** claims for relief, incorporated herein by reference.
22
                                    91.
23
         Plaintiff Migis and similarly situated class members also allege that they are entitled to
24
     be compensated for rest periods not received and for those wages deducted for meal periods
25
     less than 30 minutes in length or were interrupted, as set out in Plaintiff's **First and Second**
26
     claims for relief which are incorporated herein by reference.

Page 20 - Class Action Allegation Complaint

Exhibit ___1___
___20___ of ___23___

92.

AutoZone was required to pay Plaintiff Migis and overtime class members, 1 ½ times their regular pay for all hours worked in excess of 40 hours per week.

93.

When Plaintiff Migis and class members were not paid for hours worked as set out in the First, Second, and Fifth claims for relief as plead herein and such failure to pay for all hours worked during work weeks in which Plaintiff and class members worked at or near 40 hours during the work week, AutoZone failed to pay all hours worked in excess of 40 hours per week, and further failed to pay premium wages as required by OAR 839-020-0030 and ORS 653.261.

94.

AutoZone's failure to pay Plaintiff Migis and overtime class members for all hours worked in excess of 40 hours per week was willful, and there remains due and unpaid wages and premium wages in amounts to be determined.

95.

Plaintiff Migis, on his behalf, and on behalf of all overtime class members seeks as damages overtime wages in amounts to be determined, plus civil penalty wages pursuant to ORS 653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorneys' fees pursuant to ORS 653.055(4) and ORS 652.200(2).

**SIXTH CLAIM FOR RELIEF**
(ORS 652.140 Late Payment, Penalty Wages)

96.

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

97.

Plaintiff and those members of the late pay class whose employment with AutoZone ended within the three years prior to the filing of this action.

Page 21 -Class Action Allegation Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 280 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1
Page 21 of 23

1                                   98.

2       At the time Plaintiff's and late pay class members' employment ended, AutoZone

3   failed to pay Plaintiff and late pay class members, all wages when due, as required by ORS

4   652.140.

5                                   99.

6       AutoZone's failure to pay Plaintiff's and late pay class members' wages when due was

7   willful, and continued for a period of time to be determined after discovery is complete.

8                                   100.

9       Because of AutoZone's willful failure to immediately make payment of Plaintiff's and

10  late pay class members' wages when due, Plaintiff and late pay class members are due penalty

11  wages under ORS 652.150, for the continuation of Plaintiff's and late pay class members'

12  wages for up to 30 days, in amounts to be determined after discovery.

13                                  101.

14      Plaintiff has been required to bring this action on his behalf and on behalf of late pay

15  class members, to recover penalty wages as provided by ORS 652.150.

16                                  102.

17      Because of AutoZone's failure to pay Plaintiff's and late pay class members' wages

18  within 48 hours after those wages were due and payable, Plaintiff and late pay class members

19  are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS

20  652.200(2).

21                                  103.

22      Plaintiff seeks as damages for himself and all late pay class members whose

23  employment ended within three years prior to the filing of this action and who were not paid

24  all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus

25  costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

26

Page 22 - Class Action Allegation Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___1___
Page 22 of 23

## PRAYER FOR RELIEF

**WHEREFORE;** Plaintiff and members of each class request the Court award such damages as set forth above for unpaid wages, overtime wages, minimum wages, and benefits and penalties; award Plaintiff his costs, disbursements and attorney fees; order AutoZone to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this action; and order such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

DATED:  November 14, 2007

BAILEY PINNEY & ASSOCIATES, LLC

JAMES DANA PINNEY, OSB 75308
A. E. BAILEY, OSB 87157
Of Attorneys for Plaintiff

Page 23 - Class Action Allegation Complaint

Exhibit ___1___
Page 23 of 23

CIRCUIT COURT OF OREGON

COUNTY OF MULTNOMAH

RICHARD JOANT and BERT YAMAOKO, individually, and on behalf of all others similarly situated,

                      Plaintiffs,

vs.

AUTOZONE, INC., a Foreign corporation,

                      Defendant.

No. **0503-02795**

CLASS ACTION ALLEGATION COMPLAINT
(Wage Claim, Overtime Wage Claim, State Minimum Wage Claim, Contract Claim)

JURY TRIAL DEMANDED

NOT SUBJECT TO MANDATORY ARBITRATION

## I.    PRELIMINARY STATEMENT

1.

This is an action to recover unpaid wages, overtime wages, and penalty wages for all current and former employees of Defendant, AutoZone, Inc.. (hereafter, "AutoZone" or "Defendant") who worked for AutoZone within Oregon.

2.

AutoZone suffered and permitted its hourly employees to perform work for AutoZone for which AutoZone failed and refused to pay at their regular rate of pay.

3.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work in excess of 40 hours per week for AutoZone, for which it did not

Page 1 -   Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES, LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ____2____

Page __1__ of _26_

1  compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In

2  so doing, AutoZone is liable for the unpaid wages and civil penalty wages pursuant to ORS

3  653.261(1), OAR 839-020-0030.

4                                          4.

5      AutoZone failed to provide Plaintiffs and other similarly situated class members

6  appropriate rest and meal periods as required by ORS 653.261(1), OAR 839-020-0050

7  entitling Plaintiffs and class members to penalty wages pursuant to ORS 653.055.

8                                          5.

9      AutoZone failed to pay Plaintiffs and other similarly situated class members whose

10  employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiffs

11  and all other similarly situated former employees in the class to penalty wages pursuant to

12  ORS 652.150.

13              II.    JURISDICTION AND VENUE

14                                          6.

15      Defendant, at all material times herein, was doing business as "AutoZone, Inc.", a

16  foreign corporation, in the State of Oregon.

17                   III.    PARTIES

18                                          7.

19      At all material times, Plaintiffs and all others similarly situated are current and past

20  employees of Defendant, who worked in the State of Oregon, and are subject to Oregon wage

21  and hour provisions.

22              IV.    COMMON ALLEGATIONS

23                                          8.

24      The conduct at issue in this case affected Plaintiffs and all purported class members.

25  Common questions of fact and law exist as to all class members and predominate over any

26  questions that affect only individual class members.

Page 2 –  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit    2
Page    2    of   26

9.

Based on information and belief, Plaintiffs anticipate that class has no less than 30 members, and that number will increase depending upon employee turnover.

10.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work for Defendant for which Defendant failed and refused to pay at their regular rate of pay.

11.

AutoZone suffered and permitted Plaintiffs and other similarly situated class members to perform work for AutoZone in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

12.

AutoZone has failed to provide Plaintiffs and other similarly situated class members appropriate rest periods. AutoZone has failed to pay Plaintiffs and other similarly situated class members for rest periods not provided.

13.

AutoZone has failed to provide Plaintiffs and other similarly situated class members appropriate meal periods. AutoZone has failed to pay Plaintiffs and other similarly situated class member for meal periods not provided.

14.

AutoZone failed to pay Plaintiffs, and other similarly situated individuals whose employment has ended, all earned wages, when those wages were due under ORS 652.140.

V.    COMMON ALLEGATIONS REGARDING THE CONTRACT

15.

AutoZone created contracts of employment between itself and the employees who it employed.

Page 3 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit ___2___
Page __3__ of _26_

16.

AutoZone offered employment to its employees under terms as set out below including but not limited to the payment of wages, of the payment of not less the then applicable minimum wage rate for all hours worked, the providing of rest and meal periods.

17.

Inherent in the contracts of employments are requirements set out in Oregon law regarding payment of wages and working conditions, which includes regulations regarding rest and meal periods.

18.

Each of the employees of AutoZone accepted the contracts of employment by performing work for the benefit of, and at the request of AutoZone.

19.

The consideration for the contracts was AutoZone's promise to pay wages and benefits, and the performance of work by the employees.

20.

By performing work for AutoZone, Plaintiffs have met all conditions precedent to the enforcement of the contract.

21.

AutoZone breached the contract of employment by failing to provide rest and meal periods, and by further failing to pay all wages for work performed under the terms of the contract.

22.

Plaintiffs incurred damages by AutoZone's breach of contract. The damages are un-paid wages, overtime wages, unprovided rest period wages, unprovided meal period wages and penalty wages as fully set forth herein which AutoZone was required to pay class members.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit    2
Page    4    of 216

## VI.    CATEGORIES OF CLAIMS

### 23.
### (Unpaid Wages)

AutoZone failed to pay Plaintiffs, and other similarly situated class members, all their wages earned.  As a result those wages remain due and unpaid.  Plaintiffs, and other similarly situated class members, seek unpaid wages for the 6 year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 24.
### (Overtime Claims)

AutoZone allowed, suffered and permitted Plaintiffs and all similarly situated overtime class members to perform work in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate.  As a result, Plaintiffs and class members who were not paid all overtime wages for the two year period prior to the filing of this lawsuit, are entitled to unpaid overtime wages, plus 30 days of penalty wages.

### 25.
### (Unpaid Rest Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free rest periods as required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not receive rest periods as required, are entitled to wages for those unpaid rest periods for the six year period prior to the filing of this class action lawsuit, and penalty wages as provided by ORS 653.055 for those violations occurring within the three year period prior to the filing of this complaint.

### 26.
### (Unpaid Meal Periods)

AutoZone failed to provide Plaintiffs and similarly situated class members duty free meal periods when required by ORS 653.261(1), OAR 839-020-0050.  As a result of AutoZone's conduct, Plaintiffs and other similarly situated class members, who did not

Page 5 -  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit  2
Page  5  of 26

1   receive meal periods as required, are entitled to wages for those unpaid meal periods for the

2   six year period prior to the filing of this class action lawsuit, and penalty wages as provided by

3   ORS 653.055 for those violations occurring within the three year period prior to the filing of

4   this complaint.

### 27.
### (Rest Period Contract Claim)

6

7        Within the six year statutory period, Plaintiffs and class members entered into

8   contracts of employment. Defendant breached those contracts by failing to provide

9   appropriate rest periods as required by Oregon law and by failing to compensate employees

10  for all hours worked as required by Oregon law. As a result of AutoZone's conduct, Plaintiffs

11  and similarly situated class members are entitled to payment of those wages for the six year

12  period prior to the filing of this complaint, plus penalty wages as provided by ORS 653.055

13  for those violations occurring within the three year period prior to the filing of this complaint.

14  (Ex. 1).

### 28.
### (Meal Period Contract Claim)

16       Within the six year statutory period, Plaintiffs and class members entered into

17  contracts of employment. Defendant breached those contracts by failing to provide

18  appropriate meal periods as required by contract and Oregon law and by failing to compensate

19  employees for all hours worked as required by contract and Oregon law. As a result of

20  AutoZone's conduct, Plaintiffs and similarly situated class members are entitled to payment

21  of those wages for the six year period prior to the filing of this complaint, plus penalty wages

22  as provided by ORS 653.055 for those violations occurring within the three year period prior

23  to the filing of this complaint.

24  /////

25  /////

26  /////

Page 6 –  Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit __2__
Page __6__ of __26__

**29.**

**(Late Payment of Wages upon Termination)**

Within the three year period prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiffs, and other former employees, upon termination of their employment, when those wages when due, as required by ORS 652.140, which entitles Plaintiffs and other former employees to penalty wages as provided by ORS 652.150.

**30.**

**(Breach of Duty of Good Faith and Fair Dealing)**

Within the six year statutory period, Plaintiffs and good faith class members entered into contracts of employment. The duty of good faith and fair dealing is a term of every contract. AutoZone breached the duty of good faith and fair dealing by failing to pay all wages and failing to provide rest and meal periods as required under the contract of employment and Oregon law.

**VII.    CLASS ALLEGATION RELATING TO RULE 32 CLASS**

**31.**

**DEFINITION OF CLASS**

Plaintiffs seek class certification as follows, pursuant to ORCP 32.

**32.**

**(Unpaid Wages Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon, within the six year period prior to the filing of this complaint, and were not paid all their earned wages when due. (653.055 Penalty Wages).

**33.**

**(Overtime Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon, within the two year period prior to the filing of this complaint, and were not paid at 1 ½ times their regular hourly rate for all hours worked in excess of 40 hours per week.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit  2
Page  7  of  26

**34.**
**(Unpaid Rest Period Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the six year period prior to the filing of this complaint, and did not receive appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050.

**35.**
**(Unpaid Rest Period Penalty Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the three year period prior to the filing of this complaint, and did not receive appropriate rest periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS 653.055 Penalty Wages).

**36.**
**(Unpaid Meal Period Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the six year period prior to the filing of this complaint, and did not receive appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050.

**37.**
**(Unpaid Meal Period Penalty Class)**

For Plaintiffs, and all similarly situated class members, who worked for AutoZone in Oregon within the three year period prior to the filing of this complaint, and did not receive appropriate meal periods as required by ORS 653.261(1) and OAR 839-020-0050. (ORS 653.055 Penalty Wages).

**38.**
**(Rest Period Contract Claim Class)**

For Plaintiffs, and all similarly situated class members, who worked for Defendant in Oregon and who were affected by Defendant's failure to provide appropriate rest periods.

/////
/////

Page 8 - Class Action Allegation Complaint (Wage Claim; Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 667-3331

Exhibit 2
Page 8 of 26

39.

(Meal Period Contract Claim Class)

For Plaintiffs, and all similarly situated class members, who worked for Defendant in Oregon and who were affected by Defendant's failure to provide appropriate meal periods.

39.

(Late Payment Class)

For Plaintiffs, and all similarly situated class members, whose employment with the Defendant ended within the three year period prior to the filing of this action and who did not receive all wages when due as required by ORS 652.140.

40.

(Good Faith Class)

For Plaintiffs, and all similarly situated class members, who contracted with Defendant in Oregon regarding their employment, and who Defendant breached the duty of good faith and fair dealing by failing to pay all wages, provide or timely provide rest and meal periods within the six year statute of limitations period.

41.

**ORCP 32H NOTICE**

On or about December 29, 2004, Plaintiffs, on behalf of themselves and all former AutoZone employees, pursuant to ORCP 32H, gave a pre-litigation notice to AutoZone and demanded that AutoZone immediately cure as to the class its failure to pay wages as required by Oregon law, and pay all amounts due within 30 days after notice.

42.

Despite Plaintiffs' request that AutoZone cure, AutoZone has failed and refused to cure its unlawful conduct, and has failed and refused to pay all similarly situated class members all unpaid wages. AutoZone has also failed and refused to pay Plaintiffs and all similarly situated class members all penalty wages due. Those wages and penalty wages remain due and unpaid.

Page 9 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 9 of 26

43.

## NUMEROSITY

Based on information and belief, the members of the State wage and hour class exceeds 30 persons. Plaintiffs expect this number to increase, depending upon the turnover rate for employees over the last six years.

44.

## QUESTIONS OF LAW AND FACT

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former AutoZone employees. Common questions include:

    a    Whether Plaintiffs and class members are subject to Oregon State wage and hour statutes.

    b    Whether Plaintiffs and class member entered into contracts of employment with Defendant.

    c    Whether the alleged contracts of employment include terms incorporating OAR 839-020-0050 regarding rest and meal periods.

    d    Whether AutoZone suffered and permitted overtime class members to work over 40 hours per week.

    e    Whether AutoZone failed to pay overtime class members at 1 and ½ times their regular hourly rate for all hours worked over 40 per week.

    f    Whether AutoZone failed to provide class members rest periods as required by contract and Oregon law.

    g    Whether AutoZone failed to provide class members meal periods as required by contract and Oregon law.

    h    Whether Oregon law provides time lines when AutoZone must pay final wages to its former employees.

Page 10 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 10 of 26

i    Whether AutoZone failed to pay Plaintiffs and similarly situated class members all wages after termination of their employment when those wages were due.

j    Whether AutoZone's failure to timely pay final wages to Plaintiffs and other former employees was wilful.

k    Whether AutoZone's violations of State wage and hour laws constitute breaches of the contracts of employment between AutoZone and Plaintiffs, and all similarly situated class members.

l    Whether Plaintiffs and class members are entitled to attorney fees under ORS 652.200 and/or ORS 653.055.

m    Which remedies are available for the violations of State wage and hour laws.

45.

**TYPICALITY**

The claims of the named Plaintiffs are typical of the claims of the members of the wage and hour class in that:

a.    Plaintiffs are members of each class.

c.    Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class.

d.    Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances. (See ¶44).

e.    There is no antagonism between the interests of the named Plaintiffs and absent class members.

f.    The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

/////
/////

Page 11 – Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit    2
Page    11    of    26

1

46.

2

## REPRESENTATION BY PLAINTIFF

3

The named Plaintiffs will fairly and adequately represent the class in that:

4

a.   There is no conflict between their claims and those of other class and subclass

5

members.

6

b.   Plaintiffs have retained counsel who are skilled and experienced in wage and

7

hour cases and in class actions and who will vigorously prosecute this

8

litigation.

9

c.   Plaintiffs' claims are typical of the claims of class members.  (See ¶¶44–45).

10

47.

11

Certification of Plaintiffs' claims pursuant to ORCP 32 is appropriate because:

12

a.   Common questions of law or fact predominate over questions affecting only

13

individual members. (See ¶¶44–45).

14

b.   The forum is convenient to the parties, class members, and potential witnesses;

15

the class is specifically identifiable to facilitate provision of adequate notice;

16

and there will be no significant problems managing this case as a class action.

17

c.   A class action is superior to other available methods for the fair and efficient

18

adjudication of this controversy because individual class members have

19

minimal interest in controlling the prosecution of separate actions.

20

21

## VIII.   CLAIMS FOR RELIEF

22

### FIRST CLAIM FOR RELIEF

(Unpaid Wage Claim; Six Year Statute of Limitations; Three Year Statute of Limitations for

23

Penalties)

24

48.

25

Plaintiffs incorporate the allegations contained in paragraphs 1-47 as though fully set

26

forth herein.

Page 12 –Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit   ∂
Page 12 of 26

49.

During the six year statute of limitations period, Plaintiffs and similarly situated class members worked time for Defendant during their meal periods, and during their rest periods all of which was not recorded on the time clock.

50.

By failing to record all the time worked by Plaintiffs and Class Members, AutoZone failed to pay Plaintiffs and other similarly situated class members for this time they worked.

51.

During the course of Plaintiffs' employment, Defendant allowed, suffered and permitted Plaintiffs and other similarly situated class members to perform work for the benefit of Defendant as set out in Plaintiffs Second, Third and Fourth claims for relief which are incorporated herein by reference.

52.

AutoZone was required to pay Plaintiffs and class members for all hours worked on their next regularly scheduled payday under ORS 652.120 and ORS 653.010.

53.

AutoZone failed and refused to pay Plaintiffs and class members for all the time they worked on payday, and those wages remain due and unpaid.

54.

Plaintiffs and similarly situated class members seek unpaid wages for the six years prior to filing of this complaint, plus penalty wages pursuant to ORS 653.055 for those wages due within the three year period prior to filing of this complaint, plus Plaintiffs' costs disbursements and attorney fees pursuant to ORS 652.200(2).

/////

/////

/////

Page 13 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2

Page 13 of 26

## SECOND CLAIM FOR RELIEF
(State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)

55.

Plaintiffs incorporate the allegations contained in paragraphs 1-54 as though fully set forth herein.

56.

Within the 2 year period prior to the filing of this complaint, Defendant allowed, suffered and permitted Plaintiffs and overtime class members to work in excess of 40 hours per week.

57.

During the course of Plaintiffs' employment, Defendant allowed, suffered and permitted Plaintiffs and class members to work hours as set out in Plaintiffs' First, Third and Fourth claims for relief, incorporated herein by reference.

58.

Defendant was required to pay Plaintiffs and class members 1 ½ times their regular pay for all hours worked in excess of 40 hours per week.

59.

When Plaintiffs and class members worked hours as set out in the First, Third and Fourth claims for relief as plead herein, but were not paid, and worked at or near 40 hours in a single work week, AutoZone failed to pay all hours worked in excess of 40 hours per week, and further failed to pay premium wages as required by OAR 839-020-0030 and ORS 653.261.

60.

Defendant's behavior in failing to pay Plaintiffs and class members for all hours worked in excess of 40 hours per week was willful, and there remains due and unpaid overtime wages in amounts to be determined.

Page 14 -Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit ___2___
Page __14__ of _26_

1        61.

2        Plaintiffs, on their own behalf, and on behalf of all class members, seek as damages

3    overtime wages in an amount to be determined, plus civil penalty wages pursuant to ORS

4    653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorney fees pursuant to ORS

5    653.055(4) and ORS 652.200(2).

6                        **THIRD CLAIM FOR RELIEF**
         (Failure to pay Rest Periods; Unpaid Rest Period Class Six, Year Statute of Limitations;
7             Unpaid Rest Period Penalty Class, Three Year Statute of Limitations)

8        62.

9        Plaintiffs incorporate the allegations contained in paragraphs 1- 61 as though fully set

10   forth herein.

11       63.

12       ORS 653.261 provides for minimum employment conditions to be established by the

13   Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires

14   that employees receive a paid rest period of not less than ten (10) minutes for each period of

15   four hours, or the better part thereof worked.

16       64.

17       AutoZone had a pattern and practice of failing to provide appropriate rest periods to its

18   employees.

19       65.

20       Defendant failed to provide Plaintiffs and all other class members uninterrupted rest

21   periods of not less that 10 minutes when and as required all in violation of ORS 653,261,

22   ORS 653.055 and OAR 839-020-0050. Defendant further failed to pay Plaintiffs and Rest

23   Period Class members for those rest periods not provided within the six year period prior to

24   the filing of this complaint.

25   /////

26   /////

Page 15 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit _2_
Page _15_ of _26_

66.

All wages due for AutoZone's failure to provide appropriate rest periods to Plaintiffs and class members were required to have been paid on the next regularly scheduled payday pursuant to ORS 652.120 and ORS 653.010.

67.

For those class members who did not receive their appropriate rest period in the past three years (violation occurred in past three years) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

68.

Plaintiffs, and class members seek unpaid wages for Defendant's failure to provide appropriate rest periods as required within the six year period prior to the filing of this complaint. For those class members who did not receive their appropriate rest period in the three years prior to the filing of this complaint are also due penalty wages pursuant to ORS 653.055 as calculated by ORS 652.150.

69.

The Plaintiffs and all class members seek unpaid wages for six years prior to the filing of this complaint, plus a penalty wages pursuant to ORS 653.055 for all violations which occurred in the three years prior to the filing of this complaint, plus costs, disbursements, and attorney fees to each class pursuant to ORS 653.055(4) and ORS 652.200(2).

**FOURTH CLAIM FOR RELIEF**
(Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;
Unpaid Meal Period Penalty Class, Three year Statute of Limitations)

70.

Plaintiffs incorporate the allegations contained in paragraphs 1- 69 as though fully set forth herein.

/////

Page 16 -Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit __2__
Page __16__ of __26__

71.

ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted meal period of not less than 30 minutes for each shift of six hours or more.

72.

Defendant failed to provide Plaintiffs and other class members with uninterrupted meal periods of not less that 30 minutes as required, and in violation of ORS 653.261, OAR 839-020-0050 and ORS 653.055 and failed to pay Plaintiffs and Meal Period Class members for those meal periods not provided.

73.

Defendant regularly deducted thirty minutes of pay from its employees despite failing to relieve its employees from all duties for a thirty minute period.

74.

As a result of Defendant's failure to provide meal periods as required, Plaintiffs and meal period class members are entitled to recover wages for those meal periods, in which they were not relieved of all duties, within the six year period prior to the filing of this complaint.

75.

For those class members who did not receive their required uninterrupted Meal period in the past three years (violation occurred in past three years) are also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.

76.

Plaintiffs and class members, seek payment of wages for meal periods not provided by Defendant within six years of the filing of this complaint. In addition, Plaintiffs and Class Members seek penalty wages pursuant to ORS 653.055, and ORS 652.150 for defendant's

/////

Page 17 –Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law,
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit 2
Page 17 of 26

1    failure to provide meal periods as required by OAR 839-020-0050, for the three year period

2    prior to the filing of this action.

<p align="center">77.</p>

4    The Plaintiffs and class members also seek payment of their costs, disbursements, and

5    attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

<p align="center">**FIFTH CLAIM FOR RELIEF**
(Contract Claim for Rest Periods; Six Year Statute of Limitations, Rest Period Class)</p>

<p align="center">78.</p>

8    Plaintiffs incorporate the allegations contained in paragraphs 1-77 as though fully set

9    forth herein.

<p align="center">79.</p>

11    AutoZone offered, and plaintiffs and other similarly situated rest period class members

12    accepted employment with AutoZone creating a contract of employment.

<p align="center">80.</p>

14    The consideration for each contract of employment was the payment of wages as

15    agreed upon by AutoZone and the class members.

<p align="center">81.</p>

17    Inherent in every contract of employment are the terms and conditions of employment

18    guaranteed by Oregon wage and hour laws.

<p align="center">82.</p>

20    Plaintiffs and rest period class members, by accepting employment and working for

21    AutoZone, performed all conditions precedent to performance by AutoZone, including

22    complying with, and payment for, all employment conditions, including rest periods, as

23    established in law.

24    /////

25    /////

Page 18 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit 2
Page 18 of 21

83.

1    AutoZone had a pattern and practice of failing to provide appropriate rest periods to its

2    employees.

84.

3    AutoZone breached the contracts of employment by failing to pay Plaintiffs and class

4    members for those rest periods inappropriately provided.

85.

5    AutoZone breached the contract of employment with Plaintiffs and each similarly

6    situated rest period class member who were not provided their appropriate rest periods.

86.

7    Plaintiffs and class members were damaged by AutoZone's breach in that each were

8    entitled to 10 minutes of paid rest time for each rest period AutoZone was required to provide.

9    This 10 minutes of pay for each rest period not provided by AutoZone remains due and

10   owing.

87.

11   Plaintiffs and all class members seek to recover wages for each rest period which

12   AutoZone failed to provide in the six year statute of limitations period.

88.

13   In addition, Plaintiffs and class members seek civil penalty wages pursuant to ORS

14   653.055 for AutoZone's failure to pay all wages on payday as required by ORS 652.120 and

15   ORS 653.010, for all violations occurring during the three year statute of limitations period,

16   plus Plaintiffs' costs, disbursements, and attorney fees pursuant to OR S653.055(4) and ORS

17   652.200(2).

/////

/////

/////

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit __2__
Page __19__ of __26__

## SIXTH CLAIM FOR RELIEF

(Contract Claim for Meal Periods; Six Year Statute of Limitations, Meal Period Class)

89.

Plaintiffs incorporate the allegations contained in paragraphs 1-88 as though fully set forth herein.

90.

AutoZone offered and Plaintiffs and other similarly situated meal period class members accepted employment with AutoZone creating a contract of employment.

91.

The consideration for each contract of employment was the payment of wages as agreed upon by AutoZone and the class members.

92.

Inherent in every contract of employment are the terms and conditions of employment guaranteed by Oregon wage and hour laws.

93.

Plaintiffs and class members, by accepting employment and working for AutoZone, performed all conditions precedent to performance by AutoZone, including complying with, and payment for, all employment conditions, including meal periods, as established in law.

94.

AutoZone breached the contract of employment with Plaintiffs and each class member by failing to provide required meal periods.

95.

Plaintiffs and class members were damaged by AutoZone's breach in that they worked time for which they should have been compensated, but were not compensated because of AutoZone's breach.

/////

Page 20 –Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)



Exhibit ___2___
Page 20 of 26

**96.**

Plaintiffs and all class members seek as damages, 30 minutes of wages for each meal period that AutoZone failed to provide and/or the meal period class members were not relieved of all duties, which occurred during the six year statute of limitations period.

**97.**

In addition, Plaintiffs and class members seek civil penalty wages pursuant to ORS 653.055 for AutoZone's failure to pay all wages on payday as required by ORS 652.120 and ORS 653.010, for all violations occurring during the three year statute of limitations period, plus Plaintiff's costs, disbursements, and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

**SEVENTH CLAIM FOR RELIEF**
(Contract Claim for Mis-Timed Meal Periods; Six Year Statute of Limitations, Meal Period Class)

**98.**

Plaintiffs incorporate the allegations contained in paragraphs 1-98 as though fully set forth herein.

**99.**

AutoZone offered and Plaintiffs and other similarly situated class members accepted employment with AutoZone.

**100.**

The consideration for each contract of employment was the payment of wages and benefits (work conditions as described above) as agreed upon by AutoZone and the class members.

**101.**

Inherent in every contract of employment are the terms and conditions of employment guaranteed by Oregon wage and hour laws:

/////

Page 21 –Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 21 of 26

**102.**

Plaintiffs and class members, by accepting employment and working for AutoZone, performed all conditions precedent to performance by AutoZone, including complying with, and payment for, all employment conditions, including what time meal periods were required to be provided during the shift, as established in law and contract.

**103.**

AutoZone breached the contract of employment with Plaintiffs and each similarly situated class member who was not provided their meal periods at the appropriate times, as set out in the contract and Oregon law.

**104.**

Plaintiffs Hawks and similarly situated class members were damaged by AutoZone's breach in that each worked longer sections of time without the contractually agreed upon meal periods, but was not compensated because of AutoZone's breach.

**105.**

Plaintiffs and all meal period class members seek to recover damages of payment of 30 minutes of wages for each meal period that AutoZone failed to timely provide.

**106.**

In addition, Plaintiffs and class members seek their costs, disbursements, and attorney fees pursuant to ORS 652.200(2).

**EIGHTH CLAIM FOR RELIEF**
(ORS 652.140 Late Payment, Penalty Wages)

**107.**

Plaintiffs incorporate the allegations contained in paragraphs 1- 106 as though fully set forth herein.

/////

/////

Page 22 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit ___2___
Page _22_ of _26_

108.

Plaintiff Joant quit his employment with Defendant, giving Defendant notice, on or about December 10, 2004.

109.

Defendant has failed and refused to pay all of Plaintiff Joant's wages which remain due and unpaid.

110.

Defendant terminated Plaintiff Yamaoko's employment with Defendant on or about October 21, 2004.

111.

Defendant has failed and refused to pay all of Plaintiff Yamaoko's wages which remain due and unpaid.

112.

Plaintiffs, and all members of the class were employed by Defendant, and their employment with Defendant ended within the three years prior to the filing of this action.

113.

At the time Plaintiffs' and class members' employment ended, Defendant failed to pay Plaintiffs and late pay class members all wages when due, as required by ORS 652.140.

114.

Defendant's failure to pay Plaintiffs' and class members' wages when due was willful, and continued for a period of time to be determined after discovery is complete.

115.

Because of Defendant's willful failure to immediately make payment of Plaintiffs' and class members' wages when due, Plaintiffs and class members are due penalty wages under ORS 652.150, for the continuation of Plaintiffs' and class members' wages for up to 30 days, in amounts to be determined after discovery.

Page 23 – Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660

Exhibit ___2___
Page 23 of 26

116.

Plaintiffs have been required to bring this action on behalf of themselves and on behalf of late pay class members, to recover penalty wages as provided by ORS 652.150.

117.

Because of Defendant's failure to pay Plaintiffs' and class members' wages within 48 hours of when the wages were due, and because Plaintiffs provided written notice of the wage claim, Plaintiffs and class members are entitled to recover their costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

118.

Plaintiffs seeks as damages, for themselves and all class members whose employment ended within the three year period prior to the filing of this action and who were not paid all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

### NINTH CLAIM FOR RELIEF
(Breach of the Duty of Good Faith and Fair Dealing)

119.

Plaintiffs incorporate the allegations contained in paragraphs 1-118 as though fully set forth herein.

120.

AutoZone offered and plaintiffs and other similarly situated class members accepted employment with AntoZone creating contracts of employment.

121.

The consideration for each contracts of employment was the payment of wages and employment conditions as agreed upon by AutoZone and the class members.

/////
/////

Page 24 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

Exhibit 2
Page 24 of 26

122.

Inherent in every contract of employment are the terms and condition of employment guaranteed by Oregon wage and hour laws.

123.

Plaintiffs and class members, by accepting employment and working for AutoZone, performed all conditions precedent to performance by AutoZone, including payment of all hours worked, payment of overtime wages, complying with, and payment for, all employment conditions, including rest and meal periods, as established by contract and Oregon law.

124.

Inherent in every contract is the duty of good faith and fair dealing.

125.

AutoZone breached the duty of good faith and fair dealing by knowingly failing to provide plaintiffs and class members their rest and meal periods, by failing to pay all wages, and overtime wages, and further by failing to timely pay those wages on payday and on termination.

126.

AutoZone breached the duty of good faith and fair dealing by failing to pay all wages, and overtime wages as required under the contract of employment and as required by Oregon Law.

127.

Plaintiffs and all class members were damaged by AutoZone's breach of the duty of good faith and fair dealing requirement, in that each worked time for which they should have been compensated, but were not compensated because of AutoZone's breach.

128.

Plaintiffs and all class members seek to recover their damages of payment of 10 minutes of wages for each rest period which AutoZone failed to provide, and 30 minutes of

Page 25 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington . 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___2___
Page _25_ of _26_

1    wages for each meal period in which they were not relieved of all duties, or was provided

2    outside the time period allowed by contract, plus payment of wages for all hours worked.

3    Plaintiffs also seek the time to be paid at 1 ½ times their regular hourly rate, if the time which

4    should have been paid under the class member's contract of employment.

### PRAYER FOR RELIEF

6    **WHEREFORE**; Plaintiffs and members of each class request the Court award such

7    damages as set forth above in unpaid wages, overtime wages, contract damages and penalties;

8    award Plaintiffs and class members their costs, disbursements and attorney fees; order

9    Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs

10   and class members as a result of this action; and order such further or alternative relief in

11   favor of Plaintiffs and all class members as the Court deems appropriate.

13   DATED:  March 16, 2005

14   **BAILEY PINNEY & ASSOCIATES, LLC**

17   DAVID A. SCHUCK, OSB 99356
     A. E. BAILEY, OSB 87157
     Attorneys for Plaintiff

Page 26 - Class Action Allegation Complaint (Wage Claim, Overtime Wage, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit __2__
Page 26 of 26

Page 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH


RICHARD JOARNT and BERT       )
YAMAOKA, individually and     )
on behalf of All Persons      )
similarly situated,           )
                 Plaintiffs,  )
          vs.                 )No. 0503-02795
                              )
AUTOZONE, INC., a             )
Foreign Corporation,          )
                 Defendant.   )


                 Transcript of Proceedings




               BE IT REMEMBERED THAT on the 27th

day of January, 2006, the above-entitled matter

came on for audio recorded hearing before the

HONORABLE HENRY KANTOR, a Circuit Court Judge.




                    DEBORAH L. COOK
                    COURT REPORTING
               1102 N. Springbrook Road
                       Suite 136
                Newberg, Oregon  97132
                    (503) 537-0339
              deb@cookcourtreporting.com

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit  3

Page  1  of  16

Page 2

1        APPEARANCES
2
3   For the Plaintiff:
4        MR. A.E. BUD BAILEY
5        MS. SHAUNA M. SJOSTROM
6        MR. CHEY POWELSON
7        Bailey Pinney & Associates
8        1298 SE Tech Center Place, #290
9        Vancouver, Washington  98683
10
11  For the Defendant:
12        MS. LEIGH ANN COLLINGS TIFT
13        Littler Mendelson
14        701 Fifth Avenue, Suite 6500
15        Seattle, Washington  98104
16
17        MS. LAURA LIEBMAN ALPERSON
18        Tonkon Torp
19        888 SW 5th, Suite #1600
20        Portland, Oregon  97204
21
22
23
24
25

Page 3

1        PROCEEDINGS
2   Friday, January 27, 2006 at 08:57 AM
3
4        THE COURT: Good morning, everyone. Please
5   have a seat. Let me please sign our court reporter
6   order. Okay.
7        Let's see, do you have everyone's
8   appearances?
9        COURT REPORTER: Yes, Your honor. Thank
10  you.
11        THE COURT: First order of business, I want
12  to tell you where things are on the order dispute
13  you had a few weeks ago, which I basically set
14  aside. I didn't pay much attention to it until I
15  was getting ready for the hearing today.
16        But here's what I am going to do. I don't
17  think either order, as submitted, was correct. I
18  am going to be using the defense proposed order,
19  and requiring you to make the following changes to
20  paragraph 4-A. I don't suppose you have it handy
21  with you?
22        MS. TIFT: No, Your Honor.
23        THE COURT: I have -- I will give you my
24  copy after it's done, but paragraph 4-A, everything
25  is okay until the sentence, "The Court does not

Page 4

1   require that the records be produced prior to the
2   date set for hearing defendant's motion to deny
3   class certification." That sentence is deleted.
4   That's not what I ordered.
5        And the second sentence is the protective
6   order sentence -- not the second. The last
7   sentence in the paragraph is the protective order
8   sentence, and I am going to let it read as follows.
9   And most of this first three lines are identical to
10  what was proposed.
11        "The Court further enters a protective order
12  in regard to the time records, limiting disclosure
13  of employee time records, including any personal
14  information, strictly for the prosecution or the
15  defense of this proceeding, and requiring that the
16  parties not publish such information" -- and I'm
17  adding the words, "to people not connected to this
18  lawsuit without prior permission of the Court."
19        And then I am changing the last phrase of
20  the sentence to read as follows: "And, if filing
21  such information, must do on so under seal unless
22  otherwise ordered by the Court."
23        The rest of the order is acceptable. And
24  when you submit a revised version of that
25  accordingly, I will sign it.

Page 5

1        So I am going to ask my clerk to give to the
2   defense the proposed order with my notes in case
3   you missed something, so you can give this to
4   Ms. Tift or --
5        MR. BAILEY: Your Honor, could we get a copy
6   of that, also?
7        MS. TIFT: I will make certain that they get
8   a copy.
9        THE COURT: Thank you. Okay. We have three
10  motions. I believe I will do the defense motion to
11  enjoin first. I have read all the papers in all of
12  your motions. And I do appreciate the e-mail
13  confirming what I was supposed to have. That's
14  what I had, and that was helpful. Every once in a
15  while I am surprised to find out that I don't have
16  something.
17        So I am ready to hear any additional
18  arguments that either side would like to make,
19  except on the application of ORCP 79. That is not
20  part of this motion proceeding. So I don't need to
21  hear anything about it. The defense goes first.
22        MS. LIEBMAN-ALPERSON: Briefly, as we have
23  already provided in our pleadings that we
24  submitted, this issue arose when the defense
25  discovered around December 20th that plaintiffs had

2 (Pages 2 to 5)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit _____3._____

Page __2__ of __16__

1  been sending the questionnaire and letter that we
2  submitted to the Court to district managers, store
3  managers, and nonrepresented hourly employees, as
4  well as the regional training manager.
5       Upon review of the communications, we first
6  contacted the plaintiffs and asked if they would
7  not use that letter and questionnaire, and not send
8  it to represented parties. And we went through the
9  concerns we had about the communications
10 themselves.
11      The plaintiffs took the position that they
12 were entitled to send those communications,
13 continued doing so, and in fact indicated they
14 would be sending a second round. We're not sure if
15 that has been sent or what that is.
16      We also asked the plaintiffs for a list of
17 whom they had contacted at Auto Zone, and they
18 refused to provide that and instead insisted that
19 we provide a list of who had been contacted.
20      At that point we then investigated, and
21 found out, as of this date, this is what we know:
22 that 61 employees have been contacted. Again, one
23 regional manager, four district managers, I believe
24 nine store managers, and the remainder of the 61
25 are store employees, hourly employees.

1       THE COURT: Well, the store managers are
2  hourly employees, too, aren't they?
3       MS. LIEBMAN-ALPERSON: No, they are not.
4       THE COURT: So they don't clock in and out?
5       MS. LIEBMAN-ALPERSON: They do not. They
6  are salaried employees. And I should preface that
7  all employees do have to work the register, in
8  essence, clock in and out. They have to key in
9  their ID number.
10      THE COURT: When they work the register, or
11 always, whether they work the register that
12 particular day or not?
13      MS. LIEBMAN-ALPERSON: Always.
14      THE COURT: So they do clock in and out.
15 Everyone who works at the store clocks in and out.
16      MS. LIEBMAN-ALPERSON: The store managers'
17 pay has no bearing whatsoever --
18      THE COURT: Their clocking in and out has
19 nothing to do with that?
20      MS. LIEBMAN-ALPERSON: Exactly, with their
21 wages. They are on a salary.
22      Auto Zone's position is, as we have briefed,
23 that the plaintiffs can't contact the represented
24 parties, the district managers and store managers,
25 under the Oregon Rules of Professional Conduct 4.2,

1  which has been construed in an ethics opinion.
2       I think there's been some confusion about
3  the numbering of the rule and the ethics opinion,
4  and that's been changed since the new rules of
5  Professional Conduct --
6       THE COURT: It's apparently going to be
7  changed again this year, so be ready for that.
8       MS. LIEBMAN-ALPERSON: So we're referring
9  now to the 2005 Rules. The opinion that is at
10 issue, the Oregon Formal Ethics Opinion 2005-80,
11 contemplates two circumstances under which a
12 corporate employee can be a represented party.
13      And the first circumstance is that the
14 employee is part of corporate management. We're
15 not going to be focusing on that test today. The
16 second test is if the employee's conduct is at
17 issue. And the opinion gives the example of
18 vicarious liability.
19      But the heart of that second test is whether
20 or not that employee's conduct is at issue in the
21 litigation. If it is, that employee is a
22 represented party.
23      And we pointed out, and I would like to
24 pause for a moment, in our brief, that this
25 approach that Oregon adopted is, for lack of a

1  better label, the middle of the road approach. And
2  that was outlined in a New York opinion that the
3  Oregon Formal Opinion cited. I believe it's Niesig
4  versus Team 1, 76 New York 2d 363.
5       And in adopting this middle of the road
6  approach, Oregon rejected two different approaches
7  on either end of the spectrum; that blanket
8  prohibition which says you can't talk to any
9  corporate employee, which is obviously quite
10 restrictive. And on the other end of the spectrum,
11 the position that plaintiffs have espoused is the
12 control group test where you can contact and have
13 ex parte communications with virtually anybody in
14 the corporation, with the exception of only the
15 highest level corporate management.
16      And Oregon rejected both approaches, and
17 moved towards the middle of the road approach.
18 Under that second test in the middle of the road
19 approach, when the plaintiffs seek to hold an
20 employee responsible, we feel in this case that's
21 exactly the issue. The plaintiffs are imputing the
22 managers' conduct to Auto Zone.
23      And as an example, plaintiffs have alleged
24 that they were forced to work off the clock, for
25 example, driving parts from one store to another

3 (Pages 6 to 9)

DEBORAH  COOK  COURT  REPORTING  -  (503)  537-0339
www.cookcourtreporting.com

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit ____3____

Page 3 of 16

Page 10

1  store, and they weren't paid for that time. And
2  Plaintiff Yamaoka testified, in fact, his managers
3  told him to work off the clock. And when he was an
4  acting store manager, he indeed did the same thing
5  and had employees work off the clock and drive
6  parts to the other store.
7       THE COURT: Right. But the plaintiffs'
8  theory is not that a specific manager made a bad
9  decision and did that. They are saying it's an
10  overall practice and procedure that the company
11  imposes either directly or -- actually, I don't
12  know, in this case indirectly, because there's lots
13  of ways pressure like that can be brought. They
14  are not asserting that any particular manager did
15  this decision on his or her own.
16      It may turn out that that is what the proof
17  is, but that's not their theory. Because if that's
18  the case they lose --
19      MS. LIEBMAN-ALPERSON: But, Your Honor, the
20  company couldn't act unless it was through the
21  managers having the employees perform the work off
22  the clock.
23      THE COURT: But the company directed them,
24  then it's the company's responsibility. Not the
25  manager that follows the company's directive.

Page 11

1       MS. LIEBMAN-ALPERSON: But the company acts
2  through its managers and corporate employees, and
3  that's our position.
4       THE COURT: They also act through their line
5  employees, but that doesn't mean anything.
6       MS. LIEBMAN-ALPERSON: And district managers
7  are, again, carrying out that company directive.
8  And the plaintiffs have absolutely imputed that
9  action to Auto Zone. And that's exactly what is
10  contemplated --
11      THE COURT: I just disagree. I think you
12  are just backwards on that. It's not that they are
13  saying it's Auto Zone's policy. Auto Zone did it.
14  Yeah, some people carry it out, but if they are
15  carrying it out on their own, then there's a
16  question about whether that's imputed.
17      But they are not asserting that. They are
18  saying they are carrying out what Auto Zone wants
19  them to do. So it's Auto Zone's policy.
20  Otherwise, it would make no sense.
21      That's why -- that is consistent with my
22  statement that the vicarious liability doesn't work
23  in wage and hour class action, because they would
24  never get a class certified. If that was the
25  situation where some rogue manager was not

Page 12

1  following company policy and forcing the employees
2  to do that, they might have a few individuals who
3  have claims. But that's not what this case is
4  about. That's not the way it's pled.
5       So it's not enough for you to say it's the
6  case. That's not the theory of the case. So it
7  doesn't work. Right? I mean, tell me how that is
8  wrong.
9       MS. LIEBMAN-ALPERSON: Your Honor, I think
10  there are a few things. One, the issue of policy,
11  there's no policy from the company saying you will
12  work off the clock. On the contrary, the policy
13  is, you will be paid for the hours and the work you
14  perform.
15      And as a result, where does that pattern or
16  practice come from if they are alleging it's across
17  the board? And then they have their plaintiff
18  saying, I was working off the clock. My manager
19  told me to do so. That pattern and practice has to
20  come from the district manager and store managers.
21      THE COURT: I don't think I am going to be
22  able to get through to you on that, except to tell
23  you that I disagree. If that's their theory, they
24  can't get a class certified so I don't think that's
25  what we're dealing with here at all.

Page 13

1       They are -- I don't think they are saying
2  it's a written policy. They are saying basically
3  the company is doing this with everyone or almost
4  everyone. Doesn't have to be 100 percent. If they
5  are not saying that, then they have no class.
6       MS. LIEBMAN-ALPERSON: But the company is
7  doing it out how? It is the managerial employees
8  who are the company and are doing that.
9       THE COURT: Well, of course, it's the same
10  as if there was an express policy. They are
11  following something that they are being led to
12  believe they must do. If that's not the case, then
13  this case is a very small case, and you don't need
14  to worry too much about it.
15      MS. LIEBMAN-ALPERSON: And I would like to
16  point out in the Niesig opinion, it expressly
17  recognizes that the reason for this test where you
18  are imputing the employees' conduct to the company
19  is precisely because corporations act through their
20  employees. And you don't sue the individual
21  manager. You sue the company. The company is
22  named as the defendant. But the action, the
23  wrongful conduct is from the managerial employees.
24      And I suggest the Niesig opinion, which the
25  Oregon Formal Opinion recognized, is the guiding

4  (Pages 10 to 13)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit   3
Page  4  of 16

Page 14

1    point on that.
2         In terms of the other allegations, the
3    allegation, for example, of failure to pay final
4    timely wages, the plaintiffs' counsel, David
5    Schuck, expressly said to Judge Bearden during a
6    discovery hearing on August 11 that the culprits in
7    not making sure the plaintiffs or other employees
8    had their timely final wages were the managers.
9    They were the ones who didn't give those final
10   checks.
11        And it could be because -- he hypothesized
12   they were angry, and kept the checks on their desk
13   and delayed giving it to them. But, again, it was
14   the action of the managers that result in the claim
15   for failure to pay final timely wages that
16   plaintiffs have alleged.
17        As a result, it's our position that
18   plaintiffs knew or should have reasonably known
19   that the store managers' and district managers'
20   conduct was at issue in this case, and would be
21   imputed to Auto Zone, and that they shouldn't have
22   contacted these managers directly.
23        The other point that plaintiffs tried to
24   make is that well, there might be now a new claim.
25   They have sent ORCP 32-H notice, which,

Page 15

1    incidentally, was received by Auto Zone after the
2    correspondence that was sent to the managers. And
3    in this notice they say they intend to bring a
4    claim for misclassification of district managers
5    and store managers.
6         And as a result, plaintiffs believe that
7    they can go ahead and get discovery and contact
8    these district and store managers. And our
9    response on that is this is not a claim at present
10   in the litigation. And as a result, they don't get
11   to go ahead and contact these individuals who are
12   represented parties prior to bringing that claim.
13   And further, they went ahead and did the contact
14   even before we got the notice, and should not have
15   done that.
16        And then finally, again, this hearing in
17   front of Judge Bearden seems to come up often for
18   both sides. And during that hearing the plaintiffs
19   expressed to Judge Bearden their desire to contact
20   class members. They did not say putative class
21   members, and certainly Judge Bearden did not
22   anticipate that they would be contacting potential
23   class members that are two steps removed. In other
24   words, we don't have this claim yet for
25   misclassification of managers, and they are going

Page 16

1    ahead and contacting these store managers and
2    district managers.
3         That's the first issue that we have asked
4    the Court to consider and to order that plaintiff
5    should not contact represented parties.
6         The second issue --
7         THE COURT: I want to be careful and make
8    sure you understand we have a total of 45 minutes,
9    and you have now used up about 15. So in terms of
10   the other motions, you are reducing your time
11   accordingly.
12        MS. LIEBMAN-ALPERSON: I will be very brief,
13   Your Honor. On this last point, this is the
14   contact with the hourly employees who we concede
15   are not represented parties, and we're not asking
16   for a blanket prohibition against the contact, but
17   rather our concern is the kind of contact. And we
18   have outlined for you the problems with the letter
19   and questionnaire being misleading, containing
20   misrepresentations about the case.
21        And our point is that plaintiffs do not have
22   the right to unfettered contact with putative class
23   members. They can't have contact that is injurious
24   or harmful to Auto Zone. And we would ask that the
25   Court first rule that they can't use the

Page 17

1    questionnaire and the letter they have already been
2    sending, and that any future contact would be
3    reviewed by the parties. And if we can't reach
4    agreement, the Court would look at that before it
5    goes out.
6         THE COURT: Anything else on this motion?
7         MS. LIEBMAN-ALPERSON: No.
8         THE COURT: I will hear from the plaintiffs.
9         MR. BAILEY: Thank you, Your Honor. Counsel
10   is asking that you enact a prior restraint on
11   speech. We have argued in our briefing to you the
12   Constitutional effect of that kind of request.
13        One of the issues, I think, that oftentimes
14   gets strained a bit in defendant's argument, this
15   issue about the conversations between class counsel
16   and defense counsel.
17        At the onset, after the information was sent
18   out to the individuals and people for whom we got a
19   mailing list out of the documents that were
20   provided by the defendant in this case, the contact
21   then -- we then said, why don't you give us a list
22   of the people that you believe you represent. So
23   that we know, out of the group of people that we
24   sent, those who you would claim are somehow
25   restricted. And that if we can reach some

5  (Pages 14 to 17)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit _____3____

Page 5 of 16

Page 18

1  agreement on those individuals, then we can deal
2  with that.
3       They refused to do that. That list that we
4  requested from them was basically in response to
5  their claim that we had sent out information to
6  folks they believe were represented. The issue of
7  representation becomes even more fuzzy when, in our
8  view, you look at the allegations and pleadings
9  that are being made by the defendant in its, kind
10  of, quasi defense.
11       They have claimed now, and I think in every
12  instance where we had oral argument, that there's
13  some kind of blame for what is going on, some kind
14  of liability that may transfer to managers and
15  store managers and district managers by vicarious
16  liability.
17       If, in fact, that's the case, then it would
18  seem to me that there's an absolute bar, because of
19  the conflict of interest between these lawyers and
20  those employees. You can't have employees that
21  you -- and represent the corporation if you are
22  going to turn to the Court and point to those folks
23  and say, they are the people responsible and,
24  therefore, have liability.
25       And I know, because I have talked to store

Page 19

1  managers, they have not been advised by the
2  corporation that their interests are being
3  proffered to this Court as possibly having
4  vicarious liability. They don't understand that
5  the corporation is taking issue with their actions,
6  and potentially claiming that they are the ones
7  that are responsible for any liability in this
8  case.
9       We don't believe that there is vicarious
10  liability. We think that's a red herring, as does
11  the Court, I think. But in any event, there is a
12  conflict of interest between the corporation as an
13  entity, and these individuals that they are now
14  seeking to keep anybody from talking to.
15       The second part of this is -- and they don't
16  claim, and I was happy to hear that they did not
17  claim, there's a corporate management issue.
18       The last issue is whether or not these
19  folks, as I said, have somehow been -- can be a
20  party to this case.
21       The case that they rely on out of New York
22  relies on a case out of Washington. And the
23  Washington case, we cited it in our brief. It's
24  very clear that those individuals that they would
25  seek to have us not speak with are not protected.

Page 20

1  They are not individuals who are represented. And
2  that's all I am going to say about that, because I
3  think it's been briefed ad nauseum.
4       The last part is that these are the same
5  folks who went to two nonexempt, obviously
6  individuals who are covered under the putative
7  class members -- and it would be class members in
8  this case -- and sought from them declarations to
9  use in support of contrary positions to the
10  plaintiffs' case.
11       And they did that in an in-person
12  discussion. And they found that there was nothing
13  untoward about going to those individuals and
14  seeking information from them.
15       This is a circumstance where we sent out the
16  questionnaires. I know why they don't like having
17  the questionnaires going out, because we have the
18  responses back. And the responses overwhelmingly
19  indicate that the violations that are alleged in
20  this case are correct.
21       THE COURT: Have you given them the answers?
22       MR. BAILEY: The results? Absolutely not.
23  That's work product at this point. But it will
24  show up eventually in this case.
25       THE COURT: I'm not sure it's work product

Page 21

1  when you have sent it out to all of these people.
2  I mean, that's a pretty -- and there's different
3  ways of getting information in a case: there's
4  discovery and there's investigation.
5       MR. BAILEY: That's correct.
6       THE COURT: Discovery is covered by the
7  discovery rules, and investigation is not covered
8  by the discovery rules, unless there's a specific
9  overlap of a specific kind of investigation that
10  fits in with the discovery.
11       But once you obtain, from third parties,
12  evidence, I am not sure you are going to --
13  evidence that you think you may want to use, I am
14  not sure that is protected. I don't think that is
15  necessarily protected under work product. You may
16  very well be subject to a discovery request
17  at this point.
18       MR. BAILEY: And I think at that point
19  we would brief it, and the Court would have to
20  decide on it. But our position is until such time
21  as we determine to use the information, then -- and
22  we have some individuals who have given us the
23  information and written right on it, "Please keep
24  my name quiet."
25       I mean, there's been some confidentiality

6 (Pages 18 to 21)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit 3

6 of 16

Page 22

1    issues with those kinds of things. So we --
2        THE COURT: Well, if you --
3        MR. BAILEY: -- protective order, even if
4    the Court made us provide it, that we would redact
5    some of this information because these employees
6    are current employees, and they fear for
7    retribution.
8        THE COURT: Have any of them, in their
9    answers, asked to have you as their lawyers?
10       MR. BAILEY: We didn't ask that question.
11       THE COURT: But I wonder if that came --
12       MR. BAILEY: We have had individuals
13   telephone us as a result of the questionnaires.
14   And in the discussion have indicated that they want
15   to be an active party, or an active part to this
16   lawsuit. We haven't requested, nor would we
17   solicit, an individual to have us represent them
18   outside of the class. We believe we are the
19   lawyers, because this is a putative class until
20   such time as we're not certified -- the class is
21   not certified. We have to act as though we do
22   represent them, and the Court has to treat it as a
23   class action.
24       THE COURT: You know there's no Oregon law
25   on that, right? You agree?

Page 23

1        MR. BAILEY: No. I don't agree. I believe
2    the Oregon courts are required to look to the
3    Federal rules to take a look and see what's
4    happening, and apply that in the district and the
5    circuit. And in the 9th Circuit, a class filed as
6    a class action, until such time as the class is not
7    certified through petitions, must be treated as a
8    class. And after it's not certified, for certain
9    matters it still has to be treated as a class. And
10   Oregon would ascribe to that.
11       And I don't know of any contrary law. I
12   don't know that there's a case contrary to that,
13   Your Honor. Sometimes we look around and we say --
14   and in a lot of our cases one of the issues is,
15   what law do you have to support that? And the
16   answer is, what law do you have that doesn't
17   support it, because there is no law. Oregon is
18   pretty much a babe in the woods in some of these
19   areas, and there is no law on those issues.
20       But unless the Court has some question about
21   it, the only question I have of the Court is at the
22   very outset, the Court indicated that this is not
23   governed under ORCP 79.
24       THE COURT: Right. I'm not viewing this
25   application as a request for a temporary

Page 24

1    restraining order under Rule 79. To that extent,
2    it would be close to satisfying it. This is an
3    application under Rule 32. That's how I am
4    treating it.
5        MR. BAILEY: And that would be the Court's
6    discretion on how to operate a class action?
7        THE COURT: Right. And I have a right to
8    control the party's conduct and class action Rule
9    32, I think, D or E, gives the trial court
10   significantly greater power to manage the case than
11   a regular case.
12       MR. BAILEY: That being the case, our only
13   argument, I suspect, with regard to how the Court
14   has to treat that is that the Court is bound by
15   those rules that would govern the freedom of speech
16   under the Constitutional issues that are there.
17   And the US Supreme Court has been pretty clear that
18   the Court must use -- it seems to be error to
19   engage in prior restraining unless there has been
20   some demonstrable showing of harm. And in this
21   particular case, the harm to the defendants is that
22   the people being contacted are advising us the
23   claim exists. I know they don't want to have that
24   said, but they can't stop it.
25       THE COURT: Thank you. The motion, as

Page 25

1    framed, is denied. I think the defense has an
2    incorrect view as to what the claim for relief is
3    in this case and, therefore, their analysis is not
4    helpful for the Court.
5        That does not mean that some modification of
6    what is going on shouldn't happen. But as I was
7    indicating before, there's two different ways to
8    get information, discovery and investigation. And
9    as far as I am concerned what the plaintiffs are
10   doing falls under investigation. And they are
11   entitled to conduct an investigation unless somehow
12   there is an ethical rule, or some other type of
13   rule that prohibits it.
14       There is no ethical rule that prohibits
15   contact with employees at the various stores.
16   There is no rule which gives the Court a direct
17   understanding of what happens for store managers or
18   even for district managers. That's really a case
19   by case basis. In this case I am going to conclude
20   that there is nothing wrong with contacting people
21   who have been line workers, even if now they happen
22   to be a store manager.
23       However, I am going to draw a line, based on
24   the information I have, that district managers are
25   a little bit different. The mere fact that

7  (Pages 22 to 25)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit    3

Page    7    of    16

**Page 26**

1 somebody is paid now by salary as compared to by
2 hours itself is not significant.
3 Should there be future desires by the
4 plaintiffs to contact people, they must disclose
5 that what they are asking about is the person's
6 experience as an hourly employee, not their
7 experience as a wage employee.
8 I appreciate that there may very well be at
9 some point a reclassification of district managers,
10 but at this point I am going to conclude that more
11 likely than not that falls into the area where
12 there's representation, because of the fact that in
13 this case so far the defense actually has provided
14 representation to the two district managers that
15 were deposed. I think they were district
16 managers --
17 MR. BAILEY: Actually, the question was
18 asked at deposition, do you represent those people
19 individually, and the answer was no, we represent
20 them through the corporation.
21 THE COURT: They are acting as the lawyer
22 there for the district manager.
23 MR. BAILEY: Just for clarification --
24 THE COURT: Why don't you let me finish my
25 ruling first.

**Page 27**

1 MR. BAILEY: Would you please identify -- I
2 think you confused -- you started off saying
3 managers were okay, and then confused that word
4 with district managers. We're talking about not
5 sending anything at all to district managers?
6 THE COURT: That's correct.
7 MR. BAILEY: We're going to need to know who
8 those folks are.
9 THE COURT: I know. I'm going to require
10 the defense to provide a list of the district
11 managers, and any higher up people from that who
12 they don't want the plaintiffs to contact. And
13 we're going to start off assuming that that list is
14 correct. If the plaintiffs believe it's incorrect
15 they can persuade the defense of that, or come to
16 Court to say that that list is wrong.
17 The defense is free to contact the people,
18 too, as part of their investigation, as far as I am
19 concerned. They cannot try to persuade them not to
20 participate in the class, and there's no
21 indication -- we will get to that in the next
22 motion, but this is meant to be an expression from
23 me that the parties may investigate to prosecute
24 and defend their claims and defenses. They are
25 entitled to do that.

**Page 28**

1 If they want to take a deposition, they have
2 to follow the discovery rules. They want a request
3 for production, they have do that right. But if
4 they want to just talk to people, it happens in
5 cases all the time. And that's fine. I'm not
6 going to conclude that there's anything false or
7 misleading about any of the requests for
8 information. You don't have to tell them
9 everything. You just have to be honest.
10 And there's nothing in there which is
11 dishonest in the letter or the survey. I'm not
12 going to opine at this point whether the survey is
13 sufficiently reliable or sufficiently
14 non-misleading so as to permit its use in evidence.
15 I'm not ready to reach that conclusion. But that's
16 up to the plaintiffs. If they want to take their
17 risks on the quality of the survey, they can do so.
18 But --
19 Counsel, if you could wait, please, to talk
20 while I am making my ruling. I'll give you a
21 chance to talk later, but otherwise you are not
22 hearing what I am ordering. Excuse me.
23 It makes sense in class actions for
24 plaintiffs to run their survey questions by the
25 defense, and try to solve problems so as to make

**Page 29**

1 them more likely useable in court later. Their
2 failure to do so is at their own risk. I have been
3 involved in cases where surveys turn out to be
4 admissible, and where surveys turned out to be
5 inadmissible because they weren't up to the quality
6 they must be to become admissible. I'm not ready
7 to say what this one is.
8 Okay. So I think that covers -- I am
9 denying the motion except as -- in its entirety
10 because of the way it's framed. But I am going to
11 restrict the plaintiffs from sending anything to
12 district managers or above. And if they send
13 anything to anybody else, they have to make it
14 clear that they are asking about their experiences
15 as wage employees.
16 MR. BAILEY: Your Honor, to be certain on
17 this, when we're talking about district managers,
18 you are talking about current district managers,
19 not former employees of the corporation?
20 THE COURT: District managers meaning they
21 are currently district managers. Higher up from
22 district managers, even if they are former, I would
23 be very careful about it, if I were you, because
24 that falls right into that very close line.
25 MR. BAILEY: Actually, I was involved in a

8 (Pages 26 to 29)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit 3
8 of 16

Page 30

1  class action litigation in 1990 where both parties,
2  the Barran Liebman and our firm, submitted to the
3  Bar a request to make a determination on former
4  individuals, including the president of the
5  corporation. And the Bar wrote an opinion letter
6  back and said if they are former employees, and
7  cannot adjust the grievances of the subject matter
8  of the claim, that they are not represented parties
9  and, therefore, can be contacted.
10  THE COURT: But that doesn't mean there
11  aren't restrictions on that contact. You can't go
12  into what might have been talked about between
13  lawyer and client representative.
14  MR. BAILEY: Certainly. But any kind of
15  privileged information that occurred during the
16  course of their employment would not be
17  appropriate. But beyond that, the prohibition
18  itself was found by the Bar not to be --
19  THE COURT: We need to move on to the
20  plaintiffs' motion to restrict the defense. Let me
21  hear anything you would like to say on that.
22  MR. BAILEY: Your Honor, you have a
23  briefing. If you have some questions, we don't
24  want to eat up the entire time on this issue.
25  THE COURT: Okay. Then I will hear from the

Page 31

1  defense as to any additional oral argument they
2  would like to make.
3  MS. TIFT: Your Honor, probably this motion
4  is that what they are requiring Auto Zone to do is
5  to keep everything, knowing that "everything" is a
6  category that is too big.
7  They have looked at these documents, and
8  they are saying they need to be retained. And when
9  they did go through each month, they pulled out two
10  pieces of paper. And those two pieces of paper are
11  absolutely redundant to the other things they have
12  asked for. In any event, we're keeping it all now,
13  so --
14  THE COURT: Where is it?
15  MS. TIFT: Pardon me?
16  THE COURT: Where are the boxes?
17  MS. TIFT: The boxes are retained at each
18  store.
19  THE COURT: What about the boxes that were
20  previously shipped?
21  MS. TIFT: The boxes that were previously
22  shipped went to California. And they have not been
23  retained.
24  THE COURT: None? Not even the ones that
25  were shipped somewhat recently?

Page 32

1  MS. TIFT: There haven't been any recent
2  shipments.
3  THE COURT: When was the last shipment?
4  MS. TIFT: As I understand it, October of
5  2005.
6  THE COURT: So a box that was shipped in
7  2005 was immediately destroyed?
8  MS. TIFT: That's my understanding. But,
9  Your Honor, you have to understand that most of
10  that stuff they have gone through. This stuff --
11  most of the stuff that was destroyed doesn't relate
12  at all to this case.
13  THE COURT: But you don't get to make that
14  determination, Ms. Tift. Yeah, it's true in one
15  box maybe they only found two documents. In Box 34
16  they might find 100. You never know. Just because
17  they decided in a particular box as they are going
18  through, that they only needed a few documents
19  doesn't mean they don't get to go through the
20  boxes.
21  MS. TIFT: But they didn't ask to go through
22  the boxes. That's the other thing, you sort of
23  jump ahead here. They haven't really shown you a
24  discovery request where they said, show me
25  everything you have in the boxes.

Page 33

1  The issue came up in depositions, and I
2  volunteered this. This is not a specific discovery
3  request. They asked for specific kinds of
4  documents. If we had them, I gave them. If I
5  didn't have them, I told them we didn't have them.
6  And then they kept going on about the period
7  boxes. So I said, fine, look, these things are not
8  what you think they are. They are not relevant.
9  Mostly they have to do with how many alarms got set
10  off, because they didn't take the magnetic thing
11  off the product. If you want to look at the period
12  boxes, come look at the period boxes. That's what
13  happened.
14  THE COURT: If they want to look at them
15  now, do you care?
16  MS. TIFT: They can look at them.
17  THE COURT: So they are at the various
18  stores, so we have to talk about how they are going
19  to go to look at them.
20  MS. TIFT: If they want to. But it's
21  singularly unproductive.
22  THE COURT: That's their choice. If they
23  want to be unproductive and take their time, that's
24  their choice.
25  So are these going to be boxes you want to

9 (Pages 30 to 33)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit ___3___
Page 9 of 16

Page 34

1  look at first, or are you going to let them go out
2  there and look at them at the store and copy what
3  they want?
4      MS. TIFT: I am -- I want you to understand
5  exactly what I am saying here, because this is
6  exactly how insignificant these are. They can go
7  look at them today -- actually, probably not today.
8      THE COURT: And they can copy every document
9  in there, right?
10     MS. TIFT: If they want to.
11     THE COURT: So then it's a question of --
12  and so for purposes into the future, let's say --
13     MS. TIFT: Can I go back --
14     THE COURT: -- once they copy them, then you
15  can get rid of them --
16     MS. TIFT: Can I go back? Can they copy
17  everything in there? I actually do have a problem
18  with that. There are customer credit card
19  receipts, which are a problem. They have lists of
20  commercial accounts that are delinquent. There are
21  commercial account information like who is -- there
22  is some stuff -- I really want to take that back,
23  because there's stuff in there that I would feel
24  would not be appropriately disclosed to the
25  plaintiffs' lawyers.

Page 35

1      THE COURT: All right. But you are not
2  going to break that out. You would just as soon
3  let them go through it, but not copy it and you
4  tell them that they can't have that?
5      MS. TIFT: Right. Right.
6      THE COURT: How many boxes are in existence
7  now, if you know?
8      MS. TIFT: November -- starting in November,
9  12 months back from November of 2005. So to
10  November of 2004, and then possibly some random --
11  we found random things that went back to 2003.
12     THE COURT: And each box from that -- in
13  that time period is still sitting in the store?
14     MS. TIFT: Yes.
15     THE COURT: Do the stores need them?
16     MS. TIFT: They do keep a year's worth of
17  stuff, because there are credit card receipts. And
18  if you return something, then they are trying to
19  find out if it's a pattern of somebody who gets
20  stuff, and then takes it back. They do use them.
21     THE COURT: Excuse me, one second.
22     Dave, it's after 9:30.
23     (Discussion off the record.)
24     THE COURT: So do you think they want to --
25  the ones they would have shipped by now, do you

Page 36

1  think they want them out of their stores?
2      MS. TIFT: There's a storage space concern,
3  yes.
4      THE COURT: I am just wondering if you don't
5  want to take them all and put them in a centralized
6  place, and let the plaintiffs look at them. That
7  might help the stores.
8      MS. TIFT: The 12 months -- they keep 12
9  months in the store for a reason.
10     THE COURT: But they are well past that now.
11     MS. TIFT: Some of them are. If that's what
12  you want, they will do that. The more -- the ones
13  that go farther back in time, if you want four
14  months of all the stores stored in a particular
15  place, I can arrange that.
16     THE COURT: I am wondering if it makes sense
17  to take them all to a centralized place, let the
18  plaintiffs look through them, and ship them back.
19  Then you don't have to worry about it. They can go
20  back to the stores, and they can destroy them if
21  they want. I am trying to think of a way that it
22  might actually benefit your client, once we get to
23  the assumption that they get to look at them that
24  way.
25     I am trying to think if that wouldn't be

Page 37

1  easier. Maybe not. Maybe all the shipments to and
2  fro are more difficult than leaving them where they
3  are, and dealing with storage issues.
4      MS. TIFT: I think maybe -- you know, we
5  will do what you want.
6      THE COURT: Which -- do you want to talk to
7  your clients and see what might be easier?
8      MS. TIFT: I think I probably should do
9  that.
10     THE COURT: Anything else about the
11  retention into the future? Do you have a problem
12  with that, even though you can't believe they want
13  it, and does it matter?
14     MS. TIFT: More importantly, I couldn't
15  foresee that's what they want. That's the problem.
16     THE COURT: We're not fighting about the
17  past. We're not necessarily past it. They
18  indicated that they want to bring it up in the
19  future. But at the moment we're dealing with what
20  they can look at now, and what they might be able
21  to look at into the future.
22     MS. TIFT: At this point in time I do not
23  understand -- no one has expressed to me that there
24  is a concern about storage problems in the store
25  right now. If that -- but I will check to see

10  (Pages 34 to 37)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit  3

10  of  16

## Page 38

1  whether or not they want to bring -- I think Ed
2  Rogers works out of a relatively big store.
3       And if they want to ship them to him,
4  especially the older things, or if they want to do
5  it at one store at a time so you can get them in
6  and get them out, I think there are more than 20
7  stores. So that's the problem also with the
8  central repository is where one store might be able
9  to manage 12 extra boxes, 12 times 22 starts to get
10  to be a lot of stuff, so that's the problem.
11       THE COURT: I am trying to think of what I
12  would like to do if I was a lawyer on either side
13  of this case. And I think I might want them all in
14  one place so they have some sense of -- rent a
15  storage place, or whatever. Plaintiffs get X
16  number of days to go through it all. They do it,
17  and then it's done. And then I am trying to think
18  of that. I'm not going to make you do that, but I
19  am trying to think that might be cheaper for
20  everybody. Might be.
21       MS. TIFT: I also want to point out -- and I
22  realize I am cutting into my time in a dangerous
23  fashion -- I had to make them come out and look at
24  these.
25       THE COURT: I know. I appreciate that.

## Page 39

1  That's not the way it's going to play out in the
2  future.
3       Any reply from plaintiffs?
4       MR. POWELSON: Just very briefly, Your
5  Honor, we have specifically requested in discovery
6  requests -- in Plaintiffs' Fourth Set, and attached
7  to Exhibit J is my declaration, where we ask
8  defendant to produce each period box, and all
9  documents contained within that period box for each
10  of the stores for the month of October 2004. I
11  don't know if you had a chance to make sense of
12  that --
13       THE COURT: I looked at it, and made a
14  little sense of it.
15       MR. POWELSON: I personally went to the
16  Hillsboro and Aloha stores to look through those
17  boxes, and the oldest box that was there from my
18  estimate went back to December of 2004. Now, we
19  made a specific discovery request for the contents
20  of --
21       THE COURT: Are you sure you want to spend a
22  lot of time on that when they have already agreed
23  to let you look at them?
24       MR. POWELSON: And I guess you did indicate,
25  Your Honor, or recognize that we have said we

## Page 40

1  probably will be back on this issue for spoliation
2  of the evidence for a lot of stuff. I would like
3  to point out, too, that, yeah, there are a lot of
4  Auto Zone stores, 22 in fact. And if I could make
5  a really quick example, let's assume --
6       THE COURT: Example of what? What are you
7  arguing about now so I know?
8       MR. POWELSON: Just of what may be in the
9  boxes, or --
10       THE COURT: Do you want to look at the
11  boxes? I don't care what's in the boxes. Do you
12  want to look at them? You get to look at them.
13       MR. POWELSON: Well, do you mind if I --
14  because when I did review the documents, there were
15  some serious disputes in which I mentioned, I see a
16  document and I would say, "That's responsive to the
17  X discovery request. I would like to have this
18  copied." And the defendant says, "No, you can't
19  have that, because those numbers are on some other
20  document and you are going to get that document."
21       THE COURT: You can make copies of any
22  documents in there that don't involve the kind of
23  confidential information that has nothing to do
24  with this case, credit card receipts from
25  customers, things that have nothing to do with the

## Page 41

1  case.
2       Now, if you reach a dispute over that, mark
3  the document, make a copy of it, and the Court will
4  decide. But you get to have a copy of everything
5  you want. If they object to it, and you can't work
6  it out between yourselves, bring it to the Court.
7  But be sensible. Don't take things that are
8  obvious, like customer credit card information.
9  There's no reason for a copy of that.
10       MR. POWELSON: I just wanted to be clear on
11  that. I didn't know if it was like a deposition
12  where you call a judge, and say we have this
13  dispute.
14       THE COURT: My sense is you better collect
15  all the documents you have a dispute over, and do
16  it at one time.
17       MR. POWELSON: Yeah, that seems logical.
18  Otherwise, I don't have anything.
19       THE COURT: There's another motion. I don't
20  know if you want to have any argument on that. Do
21  you want to add anything to the -- not allowing
22  defense to talk to people? We have touched on it
23  already, but --
24       MS. TIFT: The central problem here is they
25  have not been able to show if there's anything in

11 (Pages 38 to 41)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Page 42

1  those declarations that wasn't correct.  And I
2  dispute their characterization of the type of
3  conversation that went on.
4        THE COURT:  Who had them?  Was it you?
5        MS. TIFT:  One time it was.
6        THE COURT:  Who else?
7        MS. TIFT:  One time we were together, and
8  one time was Ms. Liebman-Alperson.  I simply said
9  show me how things work.  They say they don't
10 remember, but I did tell them what the lawsuit was
11 about.  They don't care, and what they told me was
12 accurate.  And that's exactly what they said at the
13 deposition.  That's the problem with this motion.
14 Thank you, Your Honor.
15       THE COURT:  Any more on that?
16       MR. BAILEY:  No, Your Honor.
17       THE COURT:  The plaintiffs' motion for
18 protective order is denied.  By no means am I
19 prepared to say that I would conclude, or certainly
20 would be surprised if any other judge would
21 conclude, that an affidavit procured by the defense
22 to support their case in any way constitutes a
23 waiver of the right to participate in a class
24 action if it, in fact, turns out that the
25 plaintiff, that that particular person has claims.

Page 43

1        The mere fact that they said this is the way
2  things went on, that may be that that's going to be
3  some good impeachment if they take a different
4  position later, but that is not an opt out.  It is
5  not a refusal to file a claim form.  And it is not
6  a statement that I will never file a claim form.
7        Maybe these people don't know what happened,
8  and they are wrong.  I can tell you in the Taco
9  Bell case quite a few people were surprised later
10 to find out they had claims.  They didn't believe
11 something happened a certain way, only it turned
12 out it did happen.  And ultimately everybody agreed
13 that it did happen.
14       So this is not to the prejudice of those two
15 people in any way if they have appropriate claims.
16 So that motion is denied.
17       On the preservation of the evidence, it
18 sounds like the defense agrees to preserve it.
19 They may not agree that it makes sense, but they
20 are willing to do so into the future.  And they are
21 willing to permit plaintiffs to have reasonable
22 access to the documents and to copy them.
23       If there's a dispute over them, the Court
24 will deal with it.  Hopefully that won't happen too
25 often, but it wouldn't shock me.

Page 44

1        All the requests for sanctions and fees are
2  denied.
3        Oh, one other thing.  The plaintiffs do not
4  have a right to demand that conferences for
5  discovery disputes and other disputes must be
6  subject to a court reporter.  You don't have the
7  right to demand it.  Might be a good idea, but if
8  the other side doesn't agree, there's no rule that
9  requires that.
10       If the plaintiffs insist upon that, and the
11 defendant declines, then the plaintiff will not be
12 able to successfully file a motion, because they
13 will not have conferred.  If the defense refuses to
14 confer at all, that's a different story.  And the
15 same goes each way.
16       I understand there's been a communication
17 problem.  And, yes, I want that to be improved.
18 But I am not going to allow one side to put
19 unreasonable demands, or at least demands that are
20 not permissible -- I am not going to say it's not
21 reasonable.  I think in many respects it might be,
22 but it's not required by law and the defense
23 doesn't have to do it.
24       Dave, quickly, what is happening?
25       COURT CLERK:  He's on hold.

Page 45

1        THE COURT:  Let's see, is Mr. Rachel here?
2  There's no -- all right.  Well, he will show up in
3  a couple of minutes or not.  That's a different
4  matter.
5        We're now going to turn to the motion to
6  certify.  I have read all the papers, and I am
7  ready to hear any additional argument, possibly a
8  very few minutes for it.
9        MR. BAILEY:  Thank you, Your Honor.  Does
10 the Court have any questions about the argument
11 that the plaintiffs made?
12       THE COURT:  No, I think I understand it.
13       MR. BAILEY:  We believe there is a
14 substantial question, and we think the proof of the
15 substantial question with regard to private right
16 of action for breaks and lunches lies in the
17 multitude of varying decisions within Multnomah
18 County.
19       That doesn't even take us outside of this
20 county to other courts where other courts are
21 allowing these same kinds of actions, and some
22 courts are denying them.  But it recognizes a mixed
23 bag.  And there's nothing that is going on, and
24 there's no appellate ruling here.
25       If you rely on two different states,

12  (Pages 42 to 45)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit  3
Page  12  of  16

**Page 46**

1   California and Washington, that are contiguous to
2   us, and you see what those courts are doing, and
3   what we see in.this particular jurisdiction -- we
4   have listed a whole host of cases that -- currently
5   we have two cases in Multnomah County that are
6   certified. Not only did they survive Rule 21
7   motions and summary judgment, but they are
8   certified as class actions for the same claims.
9       We have had a number of cases that have gone
10  forward that have survived the preliminary issues
11  having to do with the pleadings, been settled, and
12  we have listed those for you. And the judges
13  involved in the settlements have found that the
14  cases are fair and reasonable, and the settlements
15  are fair and reasonable.
16      THE COURT: But you understand that's fair
17  and reasonable to the plaintiffs?
18      MR. BAILEY: Fair and reasonable to
19  everybody.
20      THE COURT: That's not the standard, is it?
21      MR. BAILEY: Absolutely.
22      THE COURT: The defendant gets to pay
23  whatever they want to pay and settle whatever they
24  want to settle.
25      MR. BAILEY: Exactly. But if you read the

**Page 47**

1   Supreme Court's decisions, especially with the
2   Federal cases, the Supreme Court says there has to
3   be an independent analysis. And frankly, in our
4   firm, when we bring forward a settlement, that
5   settlement is supported by the documents that have
6   been -- and the discovery that is in there. And it
7   advises the court exactly what the claims are, and
8   what we're doing. And every court has looked at
9   those and said, I understand what is going on, and
10  I am certifying this action.
11      And the US Supreme Court, as well as the 9th
12  Circuit, has ruled that those certifications for
13  settlement purposes can be reviewed and overturned
14  if, in fact, it's wrong.
15      We don't think we're wrong. We think the
16  judges that have done this are right. There are
17  some judges, yourself being one of them, that have
18  said we don't have a private right of action, but
19  has to admit that there's no case law that would
20  say there's no private right of action because
21  there's no appellate decision.
22      We think this is ripe to go up. This is a
23  case where if we come back and try this case on the
24  remaining issues, that whatever the verdict is,
25  even if we prevail, the plaintiffs prevail, the

**Page 48**

1   verdict will change based on what happens at the
2   Court of Appeals, and we will be right back here
3   doing a damage determination.
4       And we think this is an issue that should go
5   up immediately. It will change the entire outcome
6   of this case or not, based on this ruling. And we
7   think it's a matter that should go up and
8   especially because of the diversity within this
9   courthouse itself.
10      THE COURT: So if I were to grant your
11  motion, would you stop in your tracks on this case,
12  and work on the appeal, or would you want to
13  continue to work on this case and not have a stay?
14      MR. BAILEY: Here's the balance, the
15  balancing approach we believe would be appropriate.
16  We would want the case stayed for purposes of
17  trial.
18      Because as the Court knows, in class action
19  cases, the longer you go without doing your
20  continued investigation and your discovery, the
21  harder it is to keep track of those people who
22  would be necessary to make claims and so forth. So
23  we would like to go ahead and continue the
24  investigative process that would allow us to --
25  with the claims that are still in play, to do that,

**Page 49**

1   to get that information. That investigation should
2   go on.
3       What we would see is a stay as to the trial
4   date, and have the trial date set immediately after
5   the Appellate Court rules.
6       THE COURT: Do you have a trial date?
7       MR. BAILEY: We have a trial date in this
8   matter that is -- we haven't filed a motion for
9   cert yet, and we will move the Court to allow us to
10  have some time, once we know what we're doing here,
11  to file our motion for cert.
12      THE COURT: So you don't have a current
13  trial date?
14      MR. BAILEY: I think -- I am sure that we
15  got one that has been set by the court.
16      THE COURT: My records show it's February
17  17th.
18      MR. BAILEY: And we will go before the Court
19  after today's hearing. We will go before the Court
20  to set that out to allow us to file either a motion
21  for certification on the remaining claims, and go
22  forward from there, or we will request the trial
23  court -- well, I think this Court can do it, is to
24  notify --
25      THE COURT: I don't know -- No. This case

13  (Pages 46 to 49)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit 3

13      16

Page 50

1  is not assigned to me for any purposes whatsoever.
2  I happen to be the motions judge. Presiding Court
3  will be in charge of this completely.
4       MR. BAILEY: What we anticipate -- the
5  history with Judge Koch is that when we go before
6  him, for all purposes, he's going to say, I'm going
7  to assign this case to Judge Kantor, because that's
8  what he has had. And we're in that stage with
9  class action where it's not going -- I'm not going
10 to call it a complex case, but still someone needs
11 to manage it, and you don't need to be coming back.
12      That needs to be taken care of, and we're
13 not concerned about that procedural effect. What
14 we're concerned about is if the Court grants this
15 interlocutory appeal and allows us to take this up,
16 it seems reasonably prudent not to try the case on
17 the remaining matters only to have to redo it two
18 years from now if, in fact -- or a year from now,
19 whatever the Court of Appeals actually rules, when
20 we get a ruling on this issue.
21      But to stay the case completely seems to be
22 inappropriate, also.
23      THE COURT: You realize it's probably closer
24 to three years than to one year before you'd get an
25 appellate rule that was final? There's no question

Page 51

1  there's no Oregon law directly on point here, so
2  the Court of Appeals is going to be your next stop,
3  not your final stop. There's going to be at least
4  a petition for review by the losing party.
5       MR. BAILEY: Perhaps.
6       THE COURT: In the Shay case it was two and
7  a half years before the Court of Appeals ruled. Is
8  this really what you want, because it could -- it
9  would effectively put this case in limbo land.
10      MR. BAILEY: The only other alternative
11 would be a request for a writ of mandamus, and I
12 have a case in California that came back yesterday
13 on an almost identical issue that went forward on a
14 writ. And the Supreme Court took it and pushed it
15 down. That's risky --
16      THE COURT: The Supreme Court in this case
17 has denied several writs from class action cases
18 trying to get around this question. And I'm not
19 saying you couldn't do it. I am just saying, I
20 know about five that they said, just one liners,
21 no, we don't want to do it.
22      MR. BAILEY: That's our anticipation is that
23 the Oregon Appeal route is more -- it's more
24 appropriate here to come and do a 19225 request
25 than it is to file a writ. And it's probably more

Page 52

1  successful.
2       The issue is to have the Court of Appeals
3  look at it. The question that the Court is really
4  grappling with, in my view, in terms of time frame
5  is do we do a trial, even if it's in six months.
6  We do the certification process, and then do the
7  trial on the class action only to have that portion
8  of the case sit for two years while it goes up
9  anyway. Because it is going to go up. That issue
10 is not going to be dropped by either party. So
11 it's a question of pay me now or pay me later.
12      Our compromise is, let's take it up, do one
13 trial after the thing is over, but in the meantime
14 go ahead and do the discovery that would preserve
15 the evidence that would go to the trial when it
16 actually occurs, and not try to do that two and a
17 half years from now, if that's how long it takes.
18      THE COURT: I am going to ask you to hold on
19 just a moment.
20         (Discussion off the record.)
21      THE COURT: Please continue, unless you are
22 done.
23      MR. BAILEY: I think the Court has a full
24 grasp of what we're trying to do. Unless the Court
25 has some question on something that I have not

Page 53

1  touched on --
2       THE COURT: Nothing else at the moment. Who
3  is going to respond?
4       MS. TIFT: Two things, Your Honor. I don't
5  believe the Court does have an adequate picture of
6  what is going on here. If there are independent
7  claims, there are claims that are independent from
8  the ones that they are purporting to take up on
9  appeal, then they need to say so. If they are
10 independent claims, we think those should proceed.
11      If there are -- if all of the claims are
12 pendent on this issue of rest and meal breaks, and
13 if they want an appeal, that's fine. But when it
14 appeals you can't continue to do discovery on
15 claims that have been dismissed. And that's
16 basically what I just heard here. They want to
17 do -- they want a three-year period of discovery,
18 and I am vehemently opposed to that.
19      THE COURT: That's not likely to happen.
20 That's not likely to happen. If this case goes up
21 on appeal, it's going to get stopped in its tracks.
22      MS. TIFT: Those are my only issues.
23      THE COURT: All right.
24      I have had to deal with this numerous times,
25 this issue, this type of request. I wish that

14  (Pages 50 to 53)

c79dc939-b2f4-4a8f-b9c0-fc4c8744db58

# 

**Page 54**

1  Oregon had a more efficient way of dealing with
2  these kinds of issues. In California there's a way
3  to take sort of a mid-case interlocutory appeal,
4  and get it advanced on the appellate docket. That
5  doesn't exist in Oregon.
6      In the Shay case, which is one of the few
7  cases where this statute is actually discussed, it
8  was a little embarrassing to have to wait for so
9  long for the decision. Plus then there was a
10 petition to review six to eight months before it
11 was denied.
12     So ultimately the bottom line is that I'm
13 not persuaded that the nature of the dispute or the
14 disagreement among trial judges is such that this
15 means this case should not go forward.
16     If the plaintiffs decide they do not want to
17 go forward on the case whatsoever, and have this
18 issue decided, I would be much more inclined. But
19 if I allow the motion under that kind of condition,
20 I am going to stop the case. There's not going to
21 be any more discovery.
22     Investigate all you wish, any way you want.
23 But there won't be any discovery. The case will be
24 stopped, because who knows what the case will be
25 when it comes back. So I am not going to have the

**Page 55**

1  parties engage in discovery when they don't know
2  what the claims for relief are. What do you want?
3      MR. BAILEY: We want to take the case up.
4      THE COURT: And you are willing to let the
5  case sit?
6      MR. BAILEY: The issue -- we're going to
7  investigate. We have got -- I mean, we're going to
8  continue to build our case.
9      THE COURT: But you can't take a deposition.
10 You can't issue a discovery request. You can't
11 review their documents that you don't already have.
12     MR. BAILEY: As long as you have them
13 preserved, then we want to take the case up.
14     THE COURT: Under that scenario, do you
15 really care? Just as soon that way. That way you
16 get the issue decided. You don't have to face
17 trial, you don't have to face anything.
18     MS. TIFT: So claims 1 and 2 are stayed?
19     THE COURT: Whatever is left in the case.
20 Is that all that is left? I can't remember. Yeah,
21 the entire case would be stayed.
22     MR. BAILEY: I think that's the late pay. I
23 think the claims left are late pay, and off the
24 clock.
25     THE COURT: And any additional claims you

**Page 56**

1  would want to include with your new notice, which
2  by the way, you have to figure out how to figure
3  out how to solve your statute of limitations issue
4  on that. You may have to file another case.
5      MR. BAILEY: That's always an alternative.
6      THE COURT: The odds are that would probably
7  get stayed, too, because then they would get
8  consolidated.
9      MR. BAILEY: Well, unless we don't bring any
10 kind of -- the claim having to do with the
11 misclassifications of the store managers may not
12 fit entirely with the claims of nonstore managers
13 that were already hourly anyway. It's kind of a
14 different circumstance.
15     So we haven't determined yet how or where
16 we're going to bring that action. But I don't find
17 that as an impediment, is what I am saying.
18     THE COURT: So given all of that, does the
19 defense still really oppose the motion? That way
20 it sort of --
21     MS. TIFT: We don't.
22     THE COURT: It begins to make sense under
23 that scenario, because it would be a different
24 case. I appreciate -- I could have you go -- deny
25 the motion and go forward, but then you also

**Page 57**

1  wouldn't know what would actually happen at the
2  end. This way you would know.
3      I don't suppose there's any other issues we
4  can get certified at the same time, and get it all
5  resolved. Do you agree on the way they phrased the
6  questions?
7      MS. TIFT: We would like to submit
8  something, Your Honor.
9      THE COURT: And I just was talking to Judge
10 Wilson in a totally unrelated type of class action
11 that she's dealing with, and she's facing the same
12 kind of concerns about certifying questions.
13     And what she decided after talking to me,
14 and I think what I want to decide here, now that we
15 know what we're going to do, I want to take a fresh
16 look about how you would articulate the questions
17 and discuss it.
18     If you can't agree, send them to me. I will
19 decide which questions to certify, or I will
20 rewrite them. You do understand, of course, that
21 the Court of Appeals gets to rewrite them if they
22 don't like them the way they are phrased. Of
23 course, if the Court of Appeals denies -- I mean,
24 this is step one. The Court of Appeals still has
25 to say yes. If they say no, we come back, we undo

15  (Pages 54 to 57)

DEBORAH COOK COURT REPORTING - (503) 537-0339
www.cookcourtreporting.com

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit   3
Page 15 of 16

Page 58

1  the stay, and get going again. If they say yes,
2  then it goes on.
3      So under the circumstances where the parties
4  are agreeing, not happily, but agreeing that a full
5  stay happens, then that's what we will do, which
6  includes all discovery, including what we have all
7  been just talking about.
8      So everything would get stayed, and it goes
9  up on appeal so nobody is spending money on a case
10 that may turn out to be significantly different
11 than what the plaintiffs are hoping it is now. Or
12 either way, because it may be you won't want that
13 discovery if it turns out you have a smaller case.
14 Who knows?
15     So we will stop everything. My orders that
16 I issued, I will sign an order to that effect. It
17 will be my order on the case. But further work on
18 it is stayed.
19     MR. BAILEY: Your Honor, to be real clear,
20 the 10-day rule for the submission of a complaint
21 that comports with the order that strikes the
22 various claims that we have, that is stayed. We
23 don't have to amend our complaint at this time, but
24 we will do everything after we start back up.
25     THE COURT: The entire case is stayed.

Page 59

1  Parties are free to do things that the Court
2  doesn't get involved in, as long as they are
3  appropriate and ethical.
4      Obviously, I retain such jurisdiction over
5  the case as to protect the integrity of the class
6  action, but no work is to be done on the case
7  unless there's some sort of emergency.
8      That will get rid of your trial date, as
9  well. You won't need to talk to Judge Koch,
10 because I am staying the case.
11     MR. BAILEY: Do we need to talk to him?
12     THE COURT: I will let them know. I will
13 let his staff know that this trial date should be
14 taken off, because the case has been stayed. But
15 the order might take a while before we get it
16 issued.
17     So I want the order to set out -- or to send
18 me a proposed order or two that sets out exactly
19 the issues to be certified. Because it's really, I
20 think -- I can't remember. Is it the decision that
21 is certified, or the issue that is certified?
22     MR. BAILEY: The issue.
23     THE COURT: So it doesn't have to be in the
24 prior order. We don't have to give them the order.
25     So meanwhile, I want to get that other order

Page 60

1  signed. And I think that covers it.
2      Well, you will all be talking to each other
3  through the Court of Appeals after we get these
4  orders done. My guess is it's going to take a
5  while even to get an answer from them as to whether
6  they are willing to accept it, and we'll take it
7  from there.
8      MR. BAILEY: Thank you.
9      MS. TIFT: Thank you.
10     THE COURT: Thank you.
11         ENDING TIME: 10:05 A.M.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 61

1  STATE OF OREGON )
2               ) ss.
3  COUNTY OF YAMHILL)
4      I, Deborah L. Cook, RPR, a Certified Shorthand
5  Reporter, CSR in and for the State of Oregon and
6  Washington, hereby certify that at said time and place
7  I reported in stenotype all testimony adduced and
8  other oral proceedings had in the foregoing hearing
9  from audio recording; that thereafter my notes were
10 transcribed via computer-aided transcription by me
11 personally; and that the foregoing transcript
12 contains, to the best of my ability based on the sound
13 quality of said audio recording, a true and correct
14 record of such testimony adduced and other oral
15 proceedings had and of the whole thereof.
16     Witness my hand and seal at Dundee, Oregon,
17 this 1st day of February, 2006.
18
19
20
21         DEBORAH L. COOK, RPR
           Certified Shorthand Reporter
           OREGON CSR #04-0389
22         CALIFORNIA CSR #12886
           WASHINGTON CSR #2992
23
24
25

16  (Pages 58 to 61)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit ___3___

Page _16_ of _16_

1
2
3
4
5
6
7            IN THE CIRCUIT COURT OF THE STATE OF OREGON
                 FOR THE COUNTY OF MULTNOMAH
8
9    MICHAEL MIGIS,
10                              Plaintiff,              No. 0711-13531
11         v.                                           PLAINTIFF'S FIRST SET OF
                                                        REQUESTS FOR PRODUCTION
12   AUTOZONE, INC.,                                    OF DOCUMENTS
13                              Defendant.
14
15   TO:  **Defendant Autozone, Inc., via his attorney Leigh Ann Tift**
16         Plaintiff hereby requests that Defendant make the following documents, as requested in
17   Exhibit "A", available for inspection and copying at the time, date and place set forth below:
18
19               **TIME, DATE AND PLACE FOR PRODUCTION**
20   **TIME:**      10:00 AM
21   **DATE:**      45 days from service of the Summons and Complaint
22   **PLACE:**     Bailey Pinney & Associates LLC
23                  1498 SE Tech Center Place, Suite 290
                    Vancouver, WA 98683
24
25
26

Page - 1      Plaintiff's First Set of Requests For Production of Documents

Exhibit ____4____
Page __1__ of _12_

## DEFINITIONS

a.    "Documents" as used in this request means:  (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof.   (2) all writings, contracts, agreements, correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books, logs, schedules,  (4) all photographs, plans, specifications, tangible things, manuals, promotional material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries,  (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

b.    "Electronic Data" as used in this request includes information from Defendant's computer systems, removable electronic media and other locations.  This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm or security logs or records, video security or other tapes or recordings, contact manager

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit _____4_____
Page _2_ of _13_

1   information, internet usage files, backup files and tapes, image files, and network access
2   information.  This also includes data on personal, home or laptop computers of personnel
3   containing potentially discoverable information.  With respect to all of the above, produce the
4   data in native file format with any metadata intact.

5        c.      Produce all non-identical copies of all responsive documents including copies that
6   bear marks, notations or changes not present on the original.

7        d.      If any documents are withheld on grounds of attorney/client privilege or attorney
8   work produce privilege, identify the author, each recipient thereof, the nature of the document and
9   the basis upon which the privilege is asserted.

10       e.      If any document requested was, but no longer is in the possession, custody, or
11  control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been
12  destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been
13  otherwise disposed of.  For each such instance, explain the circumstances surrounding such
14  disposition, give the date or approximate date thereof, and the names and last known home and
15  business addresses of these persons with knowledge of such circumstances.

16       f.      "Defendant" as used herein refers to all parties named in this action, and all agents,
17  employees or other persons with an interest in any party.

18       g.      These requests for production are continuing and, in the event you discover further
19  information that is responsive to them, you are to supplement your answers.  If
20  you fail to supplement this answer in a reasonable fashion, requestor will move the court for an
21  order excluding from evidence at trial any matter which is responsive and not furnished.

22       h.      "Plaintiff" as used herein refers to each and every person who is expressly listed
23  in the caption of the class action complaint.

24

25

26

Page  - 3        Plaintiff's First Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___4___
Page __3__ of __12__

1

**EXHIBIT "A"**

2    **REQUEST FOR ADMISSION NO. 1**: Admit that Defendant failed to pay all wages

3    earned and unpaid by the end of the first business day after termination, to at least one

4    involuntarily terminated employee within the 12 months preceding the date of the filing of this

5    lawsuit.

6    **RESPONSE:**

7

8

9    **REQUEST FOR PRODUCTION NO. 1**: If Defendant admits RFA No. 1, produce all

10    documents and electronically stored information for all involuntarily terminated employees to

11    whom Defendant failed to pay all wages earned and unpaid by the end of the first business day

12    after termination, within the referenced time period. Produce documents and electronically stored

13    information in electronic format. If electronic format is unavailable, produce in original format.

14    This request includes, but is not limited to, Documents and Electronic Data as defined above.

15    **RESPONSE:**

16

17

18    **REQUEST FOR PRODUCTION NO. 2**: If Defendant denies RFA No. 1, produce all

19    documents and electronically stored information for all involuntarily terminated employees within

20    the referenced time period which Defendant relies upon to support its denial. Produce documents

21    and records in electronic format. If electronic format is unavailable, produce in original format.

22    This request includes, but is not limited to, Documents and Electronic Data as defined above.

23    **RESPONSE:**

24

25

26

Page - 4       Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___4___
Page _4_ of _12_

1    **REQUEST FOR ADMISSION NO. 2**: Admit that Defendant failed to immediately pay
2    all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of
3    their intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

4    **RESPONSE:**

5

6

7    **REQUEST FOR PRODUCTION NO. 3**: If Defendant admits RFA No. 2, produce all
8    documents and electronically stored information for all employees who gave not less than 48
9    hours' notice of their intention to quit, to whom Defendant failed to pay all wages earned and
10   unpaid immediately at the time of quitting, within the referenced time period.   Produce
11   documents and electronically stored information in electronic format. If electronic format is
12   unavailable, produce in original format. This request includes, but is not limited to, Documents
13   and Electronic Data as defined above.

14   **RESPONSE:**

15

16

17   **REQUEST FOR PRODUCTION NO. 4**: If Defendant denies RFA No. 2, produce all
18   documents and electronically stored information for all employees who gave not less than 48
19   hours' notice of their intention to quit, within the referenced time period which Defendant relies
20   upon to support its denial. Produce documents and electronically stored information in electronic
21   format. If electronic format is unavailable, produce in original format. This request includes, but
22   is not limited to, Documents and Electronic Data as defined above.

23   **RESPONSE:**

24

25

26

Page - 5        Plaintiff's First Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit___4___
Page__5__ of _12_

1    **REQUEST FOR ADMISSION NO. 3**: Admit that Defendant failed to pay all wages

2    earned and unpaid within five business days after at least one employee quit without giving 48

3    hours' notice, within the 12 months preceding the date of the filing of this lawsuit.

4    **RESPONSE:**

5

6

7    **REQUEST FOR PRODUCTION NO. 5**: If Defendant admits RFA No. 3, produce all

8    documents and electronically stored information for all employees who quit, to whom Defendant

9    failed to pay all wages earned and unpaid within five business days, within the referenced time

10   period. Produce documents and electronically stored information in electronic format. If

11   electronic format is unavailable, produce in original format. This request includes, but is not

12   limited to, Documents and Electronic Data as defined above.

13   **RESPONSE:**

14

15

16   **REQUEST FOR PRODUCTION NO. 6**: If Defendant denies RFA No. 3, produce all

17   documents and electronically stored information for all employees who quit without notice within

18   the referenced time period which Defendant relies upon to support its denial. Produce documents

19   and electronically stored information in electronic format. If electronic format is unavailable,

20   produce in original format. This request includes, but is not limited to, Documents and Electronic

21   Data as defined above.

22   **RESPONSE:**

23

24

25

26

Page - 6       Plaintiff's First Set of Requests For Production of Documents

Exhibit _____4_____

Page __6__ of __12__

1     **REQUEST FOR PRODUCTION NO. 7:** Produce all employment agreements,

2     contracts, covenants and addendums between Plaintiff and Defendant. This request includes but

3     is not limited to correspondence stored on electronic disks, recording tapes, and computer banks.

4     **RESPONSE:**

5

6

7     **REQUEST FOR PRODUCTION NO. 8:** Produce all correspondence wherein

8     Plaintiff's name is mentioned, including all letters, e-mail correspondence, and correspondence

9     stored on any data compilations from which information can be obtained or translated, if

10     necessary, by Defendant through detection devices into reasonably usable form. This request

11     includes but is not limited to correspondence stored on electronic disks, recording tapes, and

12     computer banks.

13     **RESPONSE:**

14

15

16     **REQUEST FOR PRODUCTION NO. 9:** Produce all interoffice memorandum wherein

17     Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

18     memorandum stored on any data compilations from which information can be obtained or

19     translated, if necessary, by Defendant through detection devices into reasonably usable form.

20     This request includes but is not limited to correspondence stored on electronic disks, recording

21     tapes, and computer banks.

22     **RESPONSE:**

23

24

25

26

Page - 7     Plaintiff's First Set of Requests For Production of Documents

Exhibit 4
Page 7 of 12

1    **REQUEST FOR PRODUCTION NO. 10:** Produce all application forms, resumes or

2  other such documents and electronically stored information submitted by Plaintiff to Defendant.

3    **RESPONSE:**

4

5

6    **REQUEST FOR PRODUCTION NO. 11:**  Produce any and all documents and

7  electronically stored information, including correspondence, recordings, meetings, memos, notes,

8  discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the

9  subject of Plaintiff's wages or pay either individually or by inclusion in a larger group.  This

10  request includes but is not limited to correspondence stored on electronic disks, recording tapes,

11  and computer banks.

12    **RESPONSE:**

13

14

15    **REQUEST FOR PRODUCTION NO. 12:** Produce all documents and electronically

16  stored information contained in Plaintiff's personnel file and records, including all notes,

17  notations, or other entries or marks of any nature whatsoever and including the cover of the file.

18  This request includes but is not limited to correspondence stored on electronic disks, recording

19  tapes, and computer banks.  Defendant shall make explicit identification of the documents it

20  produces responsive to this request.

21    **RESPONSE:**

22

23

24

25

26

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

**Exhibit** 4
8 of 12

1  **REQUEST FOR PRODUCTION NO. 13:** Produce all documents and electronically

2  stored information referencing Plaintiff's earnings individually or by inclusion in a larger group,

3  including all records, documents or internal correspondence between Plaintiff and any of

4  Defendant's agents or between any of Defendant's agents concerning or mentioning Plaintiff or

5  Plaintiff's earnings, wages or compensation.

6  **RESPONSE:**

7

8

9

10  **REQUEST FOR PRODUCTION NO. 14:** Produce all documents and electronically

11  stored information evidencing the hours Plaintiff worked or was expected to work individually

12  or by inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time

13  records, time cards, punch clock records, time sheets, work time schedules and any data

14  compilations from which information can be obtained or translated, if necessary, by Defendant

15  through detection devices into reasonably usable form. This request includes but is not limited

16  to correspondence stored on electronic disks, recording tapes, and computer banks.

17  **RESPONSE:**

18

19

20  **REQUEST FOR PRODUCTION NO. 15:** Produce all pay stubs, payroll worksheets,

21  pay checks and other such documents and electronically stored information prepared or used by

22  Defendant to calculate the amount of wages owed to Plaintiff. This request includes all the

23  requested data stored on electronic disks, recording tapes, and computer banks.

24  **RESPONSE:**

25

26

Page - 9      Plaintiff's First Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

**Exhibit** 4

Page 9 of 12

1      **REQUEST FOR PRODUCTION NO. 16:** Produce all of Defendant's employee

2 manuals or employee handbooks in place during the course of Plaintiff's employment with

3 Defendant.

4      **RESPONSE:**

5

6

7      **REQUEST FOR PRODUCTION NO. 17:** Produce all documents and electronically

8 stored information relating to Plaintiff's termination. This request includes but is not limited to

9 correspondence stored on electronic disks, recording tapes, and computer banks.

10      **RESPONSE:**

11

12

13      **REQUEST FOR PRODUCTION NO. 18:** Produce all documents and electronically

14 stored information Plaintiff filled out as a condition of his employment, including all federal tax

15 forms. This request includes but is not limited to correspondence stored on electronic disks,

16 recording tapes, and computer banks.

17      **RESPONSE:**

18

19

20      **REQUEST FOR PRODUCTION NO. 19:** Produce all documents and electronically

21 stored information relating in any way to Plaintiff's performance, including any and all records

22 of performance evaluations performed, commendations, awards, testing, interviews, counseling,

23 accident or incident reports, disciplinary actions or any other record or any act or activity

24 addressing issues of Plaintiff's performance.

25      **RESPONSE:**

26

Page - 10     Plaintiff's First Set of Requests For Production of Documents

Exhibit 4

10  12

1    **REQUEST FOR PRODUCTION NO. 20**: Produce all documents and electronically

2    stored information relative to any and all complaints or grievances made against Defendant

3    pursuant to the Fair Labor Standards Act, Chapters 652 or 653 of the Oregon Revised Statutes

4    and/or all of Defendant's employees' formal and informal complaints or grievances requesting

5    wages or disputing amount of wages paid.  This request includes all the complaints filed, the

6    reports of the investigation, the reports to any governmental agency, the reports by any

7    governmental agency, the reports to any arbitrator, mediator or judge, the findings or opinions

8    of any arbitrator, mediator or judge and the resolution of the issues that resulted in the complaints

9    or grievances.

10    **RESPONSE:**

11

12

13    **REQUEST FOR PRODUCTION NO. 21**: Produce all documents and electronically

14    stored information relating to the organization and operation of the defendant's business,

15    including organizational charts, listings of officers and directors, annual reports, special

16    shareholder reports, informational brochures, filings with the secretary of the state, and filings

17    with the Security and Exchange Commission.

18    **RESPONSE:**

19

20

21    **REQUEST FOR PRODUCTION NO. 22**: Produce all documents and electronically

22    stored information pertaining to the orientation or any training received by Plaintiff or other

23    employees during the course of employment that related to Defendant's employment practices.

24    **RESPONSE:**

25

26

Page - 11    Plaintiff's First Set of Requests For Production of Documents

Exhibit ___4___
Page  11    12

1     **REQUEST FOR PRODUCTION NO. 23:** Produce all documents and electronically

2     stored information reflecting all communications made to any of Defendant's employee's and/or

3     in response to inquiries pertaining to the Plaintiff's employment relationship, work performance

4     or other employment-related circumstances.

5     **RESPONSE:**

6

7

8     **REQUEST FOR PRODUCTION NO. 24:** Produce all documents and electronically

9     stored information, which evidence the date on which any employee's employment terminated,

10    in the year proceeding this lawsuit. This request includes all documents fixed in any tangible

11    medium of expression, from which they can be perceived, reproduced, or otherwise

12    communicated, either directly or with the aid of a machine or device.

13    **RESPONSE:**

14

15

16    **REQUEST FOR PRODUCTION NO. 25:** Produce the final pay check record,

17    evidencing the amount and date Defendant made payment of each employee's final wages, for

18    each employee whose employment has terminated within the year proceeding Plaintiff's

19    termination. This request includes all documents and electronically stored information.

20    **RESPONSE:**

21

22

23              DATED: November 19, 2007.

24

25        By   *Susan C. Nelson*

26               SUSAN C. NELSON,  WSB 35637
                        Attorney for Plaintiff

Page - 12     Plaintiff's First Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___4___
Page 12 of 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

MICHAEL MIGIS,

                     Plaintiff,

    v.

AUTOZONE, INC.,

                     Defendant.

No. 0711-13531

**PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

**TO:**   **Defendant Autozone, Inc., via its attorney Leigh Ann Tift**

      Plaintiff hereby requests that Defendant make the following documents, as requested in

Exhibit "A", available for inspection and copying at the time, date and place set forth below:

                                    **TIME, DATE AND PLACE FOR PRODUCTION**

**TIME:**      10:00 AM

**DATE:**      January 11, 2008

**PLACE:**    Bailey Pinney & Associates LLC
              1498 SE Tech Center Place, Suite 290
              Vancouver, WA 98683

Page - 1      Plaintiff's Second Set of Requests For Production of Documents

Exhibit _5_
Page _1_ of _7_

**DEFINITIONS**

a. "Documents" as used in this request means: (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof. (2) all writings, contracts, agreements, correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books, logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals, promotional material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

b. "Electronic Data" as used in this request includes information from Defendant's computer systems, removable electronic media and other locations. This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm or security logs or records, video security or other tapes or recordings, contact manager

Page - 2    Plaintiff's Second Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___5___
Page __2__ of __7__

1   information, internet usage files, backup files and tapes, image files, and network access

2   information.  This also includes data on personal, home or laptop computers of personnel

3   containing potentially discoverable information.  With respect to all of the above, produce the

4   data in native file format with any metadata intact.

5          c.       Produce all non-identical copies of all responsive documents including copies that

6   bear marks, notations or changes not present on the original.

7          d.       If any documents are withheld on grounds of attorney/client privilege or attorney

8   work produce privilege, identify the author, each recipient thereof, the nature of the document and

9   the basis upon which the privilege is asserted.

10         e.       If any document requested was, but no longer is in the possession, custody, or

11  control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been

12  destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been

13  otherwise disposed of.  For each such instance, explain the circumstances surrounding such

14  disposition, give the date or approximate date thereof, and the names and last known home and

15  business addresses of these persons with knowledge of such circumstances.

16         f.       "Defendant" as used herein refers to all parties named in this action, and all agents,

17  employees or other persons with an interest in any party.

18         g.       These requests for production are continuing and, in the event you discover further

19  information that is responsive to them, you are to supplement your answers.  If

20  you fail to supplement this answer in a reasonable fashion, requestor will move the court for an

21  order excluding from evidence at trial any matter which is responsive and not furnished.

22         h.       "Plaintiff" as used herein refers to each and every person who is expressly listed

23  in the caption of the class action complaint.

24

25

26

Page  - 3      Plaintiff's Second Set of Requests For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit____5____
Page __3__ of __7__

1

<center>**EXHIBIT "A"**</center>

2  **Request For Production No. 1:**    Produce all documents containing or referencing

3  Defendant's transportation and driving policies and/or procedures relating to the operation of

4  Defendant's vehicles by Defendant's Oregon employee's and/or the operation of employees' own

5  vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal

6  course of conduct and for the benefit of Defendant.  This request includes all documents

7  applicable to its Oregon employees, whether or not specifically mentioned, over the time period

8  six years prior to the filing of the complaint in this matter.

9    **Response:**

10

11  **Request For Production No. 2:**    Produce all documents containing or referencing

12  Defendant's mileage reimbursement policy and/or procedure in regards to the operation of

13  Defendant's employees' use of their own vehicles during scheduled work hours, as part of

14  employee's job duties, assignment and/or normal course of conduct and for the benefit of

15  Defendant.  This request includes all documents applicable to its Oregon employees, whether or

16  not specifically mentioned, over the time period six years prior to the filing of the complaint in

17  this matter.

18    **Response:**

19

20

21  **Request For Production No. 3:**    Produce all documents containing or referencing

22  Defendant's daily merchandise and/or parts delivery and pick-up schedule in place during the

23  course of Plaintiff's employment with Defendant for all Defendant Stores where Plaintiff worked

24  and delivered.

25    **Response:**

26

Page - 4    Plaintiff's Second Set of Requests For Production of Documents

<center>**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331</center>

Exhibit 5
Page 4 of 7

1   **Request For Production No. 4:**    Produce all documents and reports reflecting dates and

2   times when any AutoZone employees working in the State of Oregon missed their meal periods,

3   for the period of time from three (3) years prior to the filing of the Complaint, up to present.  This

4   Request includes any and all, if applicable, "Missed Lunch Reports" and "Lunch Variance

5   Reports."

6         **Response:**

7

8   **Request For Production No. 5:**    Produce all "Weekly Schedule" reports referencing

9   Plaintiff's work schedule, both approved and unapproved, for the period of time from three (3)

10  years prior to the filing of the Complaint, up to present.

11        **Response:**

12

13  **Request For Production No. 6:**    Produce all documents and reports reflecting any weekly

14  summarization of hours worked by Plaintiff, whether individually or by inclusion in a larger

15  group, for the period of time from three (3) years prior to the filing of the Complaint, up to

16  present.

17        **Response:**

18

19

20  **Request For Production No. 7:**    Produce all documents or records such as security logs, or

21  records, identifying when a security system in any AutoZone store in which Plaintiff worked was

22  activated and/or deactivated during Plaintiff's employment period.

23        **Response:**

24

25

26

Page - 5    Plaintiff's Second Set of Requests For Production of Documents


Exhibit 5
Page 5 of 7

1   **Request For Production No. 8:**      Produce all documents that identify, or which record or can

2   be used to identify, the names of the persons activating and/or deactivating security systems at

3   stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

4       **Response:**

5

6

7

8

9            DATED: November 23, 2007.

10

11        By _Susan C. Nelson_

12            SUSAN C. NELSON,   WSB 35637
           Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page - 6      Plaintiff's Second Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit 5
Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiff's Second Set of Requests for Production of Documents** upon:

Leigh Ann Tift
Littler Mendelson
701 5th Ave., Ste. 6500
Seattle, WA 98104

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    November 30, 2007

SUSAN C. NELSON,  WSB 35637
Of Attorneys for Plaintiff

Exhibit    5
Page    7  of    7

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| RICHARD JOANT and BERT YAMAOKO, individually, and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>AUTOZONE, INC., a Foreign Corporation,<br><br>                                    Defendant. | No. 0503-02795<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**TO:**    Defendant **AutoZone, Inc. and its attorney.**

Plaintiff hereby requests that Defendant make the following documents, as requested, available for inspection and copying at the time, date and place set forth below:

**TIME, DATE AND PLACE FOR PRODUCTION**

**TIME:**        4:00 PM

**DATE:**        May 13, 2005

**PLACE:**      Bailey Pinney & Associates LLC
915 Broadway, Suite 400
Vancouver, WA 98660

Page - 1        Plaintiffs' First Request For Production of Documents

Exhibit  6
Page  1  of  12

1    **a.**    "Documents" as used in this request means:  (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof.
2    In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof.  (2) all writings, contracts, agreements,
3    correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or
4    conversations, minutes,  (3) all calendars, desk calendars, appointment books, time record books, logs, schedules,  (4) all photographs, plans, specifications, tangible things, manuals,
5    promotional material, sound recordings,  (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of
6    conferences, or of other meetings, affidavits, statements, summaries,  (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all
7    bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all
8    computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting
9    business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic,
10    photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.
11    **b.**    Produce all non-identical copies of all responsive documents including copies that bear marks, notations or changes not present on the original.
12    **c.**    If any documents are withheld on grounds of attorney/client privilege or attorney work produce privilege, identify the author, each recipient thereof, the nature of the
13    document and the basis upon which the privilege is asserted.
     **d.**    If any document requested was, but no longer is in the possession, custody, or
14    control of Defendant, or in existence, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been
15    otherwise disposed of.  For each such instance, explain the circumstances surrounding such disposition, give the date or approximate date thereof, and the names and last known home
16    and business addresses of these persons with knowledge of such circumstances.
     **e.**    "Defendant" as used herein refers to all parties named in this action, and all
17    agents, employees or other persons with an interest in any party.
     **f.**    These requests for production are continuing and, in the event you discover
18    further information that is responsive to them, you are to supplement your answers.  If you fail to supplement this answer in a reasonable fashion, requestor will move the court for
19    an order excluding from evidence at trial any matter which is responsive and not furnished.

20

21

22

23

24

25

26

Page  - 2    Plaintiffs' First Request For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ____6____
Page __2__ of _12_

1

### DOCUMENTS REQUESTED

2

**Request for production no. 1:** Produce all employment agreements, contracts, covenants and

3

addendums between each individual Plaintiff and Defendant. This request includes all

4

documents fixed in any tangible medium of expression, including writings, drawings, graphs,

5

charts, photographs, phono-records, and other data compilations from which information can

6

be obtained, and translated, if necessary, by the respondent through detection devices into

reasonably usable form.

7

 **Response:**

8

9

**Request for production no. 2:** Produce all correspondence wherein either or both of the

10

Plaintiff's name is mentioned, including all letters, e-mail correspondence, and

11

correspondence stored on any data compilations from which information can be obtained or

translated, if necessary, by Defendant through detection devices into reasonably usable form.

12

This request includes all documents fixed in any tangible medium of expression, from which

13

they can be perceived, reproduced, or otherwise communicated, either directly or with the aid

14

of a machine or device.

15

 **Response:**

16

17

**Request production no. 3:** Produce all interoffice memorandum wherein either or both of

18

Plaintiff's name is mentioned, including all letters, e-mail correspondence, meeting notes and

memorandum stored on any data compilations from which information can be obtained or

19

translated, if necessary, by Defendant through detection devices into reasonably usable form.

20

This request includes all documents fixed in any tangible medium of expression, from which

21

they can be perceived, reproduced, or otherwise communicated, either directly or with the aid

of a machine or device.

22

 **Response:**

23

24

25

26

Page - 3      Plaintiffs' First Request For Production of Documents

Exhibit ___6___
Page _3_ of _12_

**Request for production no. 4**: Produce all application forms, resumes or other such documents submitted by each Plaintiff to Defendant.  This request includes all documents fixed in any tangible medium of expression, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices into reasonably usable form.

> **Response:**

**Request for production no. 5**: Produce all of Defendant's want ads, advertisements, job posting or other like documents advertising each Plaintiff's job position, before each Plaintiff's employment with Defendant began, during the course of each Plaintiff's employment and after each Plaintiff's employment terminated with Defendant including any data compilations from which information can be obtained or translated, if necessary, by Defendant through detection devices into reasonably usable form.  This request includes all documents fixed in any tangible medium of expression, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

> **Response:**

**Request for production no. 6**:  Produce any and all documents, including correspondence, recordings, meetings, memos, notes, discussions, agreements, payments, contracts, or statements, or electronic mail that refers to the subject of each Plaintiff's wages or pay either individually or by inclusion in a larger group.  This request includes all documents fixed in any tangible medium of expression, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices into reasonably usable form.

> **Response:**

Page - 4      Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page _4_ of _12_

1    **Request for production No. 7:** Produce all documents contained in each Plaintiff's
2    personnel file and records, including all notes, notations, or other entries or marks of any
3    nature whatsoever and including the cover of the file. This request includes but is not limited
     to correspondence stored on electronic disks, recording tapes, and computer banks This
4    request includes all documents fixed in any tangible medium of expression, including
5    writings, drawings, graphs, charts, photographs, phono-records, and other data compilations
6    from which information can be obtained, and translated, if necessary, by the respondent
     through detection devices into reasonably usable form.
7        Response:
8
9    **Request for production no. 8:** Produce all documents referencing each of the Plaintiff's
10   earnings individually or by inclusion in a larger group for Defendant, including all records,
11   documents or internal correspondence between each Plaintiff and any of Defendant's agents
     or between any of Defendant's agents concerning or mentioning each Plaintiff's earnings,
12   wages or compensation. This request includes all documents fixed in any tangible medium of
13   expression, including writings, drawings, graphs, charts, photographs, phono-records, and
14   other data compilations from which information can be obtained, and translated, if necessary,
15   by the respondent through detection devices into reasonably usable form.
         Response:
16
17
18   **Request for production no. 9:** Produce all documents evidencing the hours each Plaintiff
     worked or was expected to work individually or by inclusion in a larger group for Defendant,
19   including, but not limited to, all of each Plaintiff's time records, time cards, punch clock
20   records, time sheets, work time schedules and any data compilations from which information
     can be obtained or translated, if necessary, by Defendant through detection devices into
21   reasonably usable form. This request includes all documents fixed in any tangible medium of
22   expression, from which they can be perceived, reproduced, or otherwise communicated, either
23   directly or with the aid of a machine or device.
         Response:
24
25
26

Page - 5       Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit __6__
Page _5_ of _12_

1    **Request for production no. 10**: Produce all pay stubs, payroll worksheets, pay checks and

2    other such documents prepared or used by Defendant to calculate the amount of wages owed

3    to each Plaintiff.  This request includes all documents fixed in any tangible medium of

     expression, including writings, drawings, graphs, charts, photographs, phono-records, and

4    other data compilations from which information can be obtained, and translated, if necessary,

5    by the respondent through detection devices into reasonably usable form.

          **Response:**

6

7

8    **Request for production no. 11**: Produce all of Defendant's employee manuals or employee

     handbooks in place during the course of each Plaintiff's employment with Defendant.  This

9    request includes all documents fixed in any tangible medium of expression, including

10   writings, drawings, graphs, charts, photographs, phono-records, and other data compilations

     from which information can be obtained, and translated, if necessary, by the respondent

11   through detection devices into reasonably usable form.

12        **Response:**

13

14

15   **Request for production no. 12**: Produce all of Defendant's payroll manuals or similar

     documents referencing the method and procedures of payment of wages to Defendant's

16   employees in place during the course of each Plaintiff's employment with Defendant,

17   including, but not limited to payment manuals, payroll policies, and payment procedures.

     This request includes all documents fixed in any tangible medium of expression, including

18   writings, drawings, graphs, charts, photographs, phono-records, and other data compilations

19   from which information can be obtained, and translated, if necessary, by the respondent

     through detection devices into reasonably usable form.

20        **Response:**

21

22

23

24

25

26

Page - 6      Plaintiffs' First Request For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page _6_ of _12_

1  **Request for production no. 13**: Produce all documents relating to each Plaintiff's
2  termination.   This request includes all documents fixed in any tangible medium of
3  expression, including writings, drawings, graphs, charts, photographs, phono-records, and
4  other data compilations from which information can be obtained, and translated, if necessary,
   by the respondent through detection devices into reasonably usable form.
5      **Response**:

6

7  **Request for production no. 14**: Produce all documents describing, setting out, amending or
8  explaining each Plaintiff's job duties whether directed to each Plaintiff individually or by
   inclusion in a larger group.  This request includes all documents fixed in any tangible medium
9  of expression, including writings, drawings, graphs, charts, photographs, phono-records, and
10 other data compilations from which information can be obtained, and translated, if necessary,
11 by the respondent through detection devices into reasonably usable form.
       **Response**:
12

13

14 **Request for production no. 15**: Produce all documents each Plaintiff filled out as a condition
15 of his employment, including all federal tax forms.  This request includes all documents fixed
   in any tangible medium of expression, including writings, drawings, graphs, charts,
16 photographs, phono-records, and other data compilations from which information can be
17 obtained, and translated, if necessary, by the respondent through detection devices into
   reasonably usable form.
18     **Response**:

19

20 **Request for production no. 16**: Produce all documents referencing any employment benefits
21 Defendant offered each Plaintiff either individually or by inclusion in a larger group.  This
22 request includes all documents fixed in any tangible medium of expression, including
23 writings, drawings, graphs, charts, photographs, phono-records, and other data compilations
   from which information can be obtained, and translated, if necessary, by the respondent
24 through detection devices into reasonably usable form.
25     **Response**:

26

Page  - 7      Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page __7__ of _12_

1   **Request for production no. 17**: Produce all documents relating in any way to each Plaintiff's
2   performance, including any and all records of performance evaluations performed,
3   commendations, awards, testing, interviews, counseling, accident or incident reports,
    disciplinary actions or any other record or any act or activity addressing issues of each
4   Plaintiff's performance.  This request includes all documents fixed in any tangible medium of
5   expression, including writings, drawings, graphs, charts, photographs, phono-records, and
6   other data compilations from which information can be obtained, and translated, if necessary,
    by the respondent through detection devices into reasonably usable form.
7         **Response:**
8
9   **Request for production no. 18**: Produce all documents relative to any and all complaints or
10  grievances made against Defendant pursuant to the Fair Labor Standards Act, Chapters 652 or
11  653 of the Oregon Revised Statutes and/or all of Defendant's employees' formal and informal
    complaints or grievances requesting wages or disputing amount of wages paid.  This request
12  includes all the complaints filed, the reports of the investigation, the reports to any
13  governmental agency, the reports by any governmental agency, the reports to any arbitrator,
14  mediator or judge, the findings or opinions of any arbitrator, mediator or judge and the
    resolution of the issues that resulted in the complaints or grievances.
15        **Response:**
16
17
18  **Request for production no. 19**: Produce all documents relating to the organization and
    operation of the defendant's business, including organizational charts, listings of officers and
19  directors, annual reports, special shareholder reports, informational brochures, filings with the
20  secretary of the state, and filings with the Security and Exchange Commission.  This request
    includes all documents fixed in any tangible medium of expression, including writings,
21  drawings, graphs, charts, photographs, phono-records, and other data compilations from
22  which information can be obtained, and translated, if necessary, by the respondent through
23  detection devices into reasonably usable form.
24        **Response:**
25
26

Page  - 8        Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page __8__ of 12

1  **Request for production no. 20:** Produce all documents related to Defendant's efforts to
2  ascertain the requirements of the Fair Labor Standards Act and Chapter 652 and 653 of the
3  Oregon Revised Statutes before the initiation of this lawsuit. This request includes all
   documents fixed in any tangible medium of expression, including writings, drawings, graphs,
4  charts, photographs, phono-records, and other data compilations from which information can
5  be obtained, and translated, if necessary, by the respondent through detection devices into
   reasonably usable form.
6        **Response:**

7

8
   **Request for production no. 21:** Produce all documents pertaining to the orientation or any
9  training received by each Plaintiff or other employees during the course of employment that
10 related to Defendant's employment practices. This request includes all documents fixed in
   any tangible medium of expression, including writings, drawings, graphs, charts, photographs,
11 phono-records, and other data compilations from which information can be obtained, and
12 translated, if necessary, by the respondent through detection devices into reasonably usable
13 form.
14       **Response:**

15

16 **Request for production no. 22:** Produce all documents reflecting all communications made
17 to any of Defendant's employee's and/or in response to inquiries pertaining to each Plaintiff's
   employment relationship, work performance or other employment-related circumstances.
18 This request includes all documents fixed in any tangible medium of expression, including
19 writings, drawings, graphs, charts, photographs, phono-records, and other data compilations
20 from which information can be obtained, and translated, if necessary, by the respondent
21 through detection devices into reasonably usable form.
         **Response:**
22

23

24

25

26

Page - 9       Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page __9__ of 12

1  **Request for production no. 23:**  Produce all documents pertaining to Defendant's vacation
2  plan policy for Defendant's employees including any data compilations from which
3  information can be obtained or translated, if necessary, by Defendant through detection
   devices into reasonably usable form.  This request includes all documents fixed in any
4  tangible medium of expression, from which they can be perceived, reproduced, or otherwise
5  communicated, either directly or with the aid of a machine or device.
   **Response:**
6

7

8  **Request for production no. 24:** Produce all documents, which evidence the date on which
   any employee's employment terminated, in the year proceeding this lawsuit.  This request
9  includes all documents fixed in any tangible medium of expression, including writings,
10 drawings, graphs, charts, photographs, phono-records, and other data compilations from
11 which information can be obtained, and translated, if necessary, by the respondent through
   detection devices into reasonably usable form.
12 **Response:**
13

14
15 **Request for production no. 25:** Produce all documents, which evidence whether each
   terminated employee quit after giving 48 hours prior notice, or quit without giving 48 hours
16 prior notice, or was terminated by the Defendant, for each employee whose employment
17 terminated within the year proceeding the filing of this lawsuit.  This request includes all
   documents fixed in any tangible medium of expression, including writings, drawings, graphs,
18 charts, photographs, phono-records, and other data compilations from which information can
19 be obtained, and translated, if necessary, by the respondent through detection devices into
20 reasonably usable form.
   **Response:**
21

22

23

24

25

26

Page  - 10      Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page __10__ of __12__

1  **Request for production no. 26**: Produce the final pay check record, evidencing the amount

2  and date Defendant made payment of employee's final wages, for each employee whose

3  employment has terminated within the year proceeding the filing of this lawsuit. This request

includes the front and back of each final pay check, any pay check stubs and/or electronic

4  equivalent. This request includes all documents fixed in any tangible medium of expression,

5  including writings, drawings, graphs, charts, photographs, phono-records, and other data

compilations from which information can be obtained, and translated, if necessary, by the

6  respondent through detection devices into reasonably usable form.

7      **Response:**

8

9  **Request for production no. 27**: Produce all documents which evidence the date final wages

10  were deposited by Defendant into each Plaintiff's bank account, if those wages were paid by

11  way of automatic deposit. This request includes any pay check stubs and/or electronic

equivalent. This request includes all documents fixed in any tangible medium of expression,

12  including writings, drawings, graphs, charts, photographs, phono-records, and other data

13  compilations from which information can be obtained, and translated, if necessary, by the

14  respondent through detection devices into reasonably usable form.

15      **Response:**

16

17  **Request for production no. 28**: Produce all documents which show the amount of final

wages paid by Defendant as deposited into each Plaintiff's bank account, if those wages were

18  paid by way of automatic deposit. This request includes any pay check stubs and/or electronic

19  equivalent. This request includes all documents fixed in any tangible medium of expression,

20  including writings, drawings, graphs, charts, photographs, phono-records, and other data

compilations from which information can be obtained, and translated, if necessary, by the

21  respondent through detection devices into reasonably usable form.

22      **Response:**

23

24

25

26

Page - 11      Plaintiffs' First Request For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
Page __11 of 12__

1   **Request for production no. 29**: Produce all of defendants Oregon Payroll tax reports,

2   including, if applicable, Form 132, Oregon Domestic Combined Payroll Tax Report, form OQ

3   and/or Oregon Schedule B.  This request is limited to the six year period prior to the filing of

4   this case.  This request includes all documents fixed in any tangible medium of expression,

5   including writings, drawings, graphs, charts, photographs, phono-records, and other data

6   compilations from which information can be obtained, and translated, if necessary, by the

7   respondent through detection devices into reasonably usable form.

    **Response:**

8

9

10

11  **DATED:** March 29, 2005.

12

13  DAVID SCHUCK  OSB 99356

14  SHAUNA M. SJOSTROM OSB 04418
    Of Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

Page  - 12      Plaintiffs' First Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___6___
___ 12 of 12

SEP-16-2005 FRI 04:26 PM Bailey,Pinney&Assoc          FAX NO. 360 567 3331                    P. 03

1
2
3
4
5
6                          IN THE CIRCUIT COURT OF THE STATE OF OREGON
7                                FOR THE COUNTY OF MULTNOMAH
8
     RICHARD JOARNT and BERT
9    YAMAOKO, individually, and on behalf of all
     others similarly situated,                          No. 0503-02795
10
                              Plaintiffs,                 PLAINTIFFS' THIRD REQUEST
11                                                        FOR PRODUCTION OF
              v.                                          DOCUMENTS
12
     AUTOZONE, INC., a Foreign Corporation,
13
                              Defendant.
14
15   TO:    Defendant AutoZone, Inc. and its attorney, Laura Liebman-Alperson.
16
17         Plaintiffs hereby requests that Defendant make the following documents, as requested,
18   available for inspection and copying at the time, date and place set forth below:
19                       TIME, DATE AND PLACE FOR PRODUCTION
20   TIME:       4:00 PM
21   DATE:       October 13, 2005.
22   PLACE:      Bailey Pinney & Associates LLC
                 Columbia Tech Center
23               1498 S.E. Tech Center Place, Ste. 290
                 Vancouver, WA 98683
24
25
26
     Page - 1      Plaintiffs' Third Request For Production of Documents

Exhibit ___7___
Page _1_ of _6_
ce: Harrison

1        **a.**    "Documents" as used in this request means: (1) all original written, recorded,
taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof.

2    In all cases where originals are not available, "documents" also means identical copies of
original documents and non-identical copies thereof. (2) all writings, contracts, agreements,

3    correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes,
notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or

4    conversations, minutes, (3) all calendars, desk calendars, appointment books, time record
books, logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals,

5    promotional material, sound recordings, (5) all communications, telegrams, letters, notes,
transcripts, reports and recordings of telephone or other conversations, or of interviews, or of

6    conferences, or of other meetings, affidavits, statements, summaries, (6) all opinions, reports,
studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all

7    bulletins, notices, announcements, advertisements, instructions, manuals, brochures,
publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all

8    computer program data files, all computer printouts, data processing program library, data
processing input and output, microfilm, books of account, records, and invoices reflecting

9    business operations, reports, books, records, permits, licenses, bills, canceled checks, charges,
financial statements, ledgers, journals, invoices statements, all records kept by electronic,

10    photographic or mechanical means, any notes or drafts relating to the foregoing and all things
similar to any of the foregoing however denominated.

11        **b.**    Produce all non-identical copies of all responsive documents including copies
that bear marks, notations or changes not present on the original.

12        **c.**    If any documents are withheld on grounds of attorney/client privilege or
attorney work produce privilege, identify the author, each recipient thereof, the nature of the

13    document and the basis upon which the privilege is asserted.

14        **d.**    If any document requested was, but no longer is in the possession, custody, or
control of Defendant, or in existence, state whether it (a) is missing or lost, (b) has been

15    destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been
otherwise disposed of. For each such instance, explain the circumstances surrounding such

16    disposition, give the date or approximate date thereof, and the names and last known home
and business addresses of these persons with knowledge of such circumstances.

17        **e.**    "Defendant" as used herein refers to all parties named in this action, and all
agents, employees or other persons with an interest in any party.

18        **f.**    These requests for production are continuing and, in the event you discover
further information that is responsive to them, you are to supplement your answers. If

19    you fail to supplement this answer in a reasonable fashion, requestor will move the court for
an order excluding from evidence at trial any matter which is responsive and not furnished.

20

21

22

23

24

25

26

Page - 2    Plaintiffs' Third Request For Production of Documents

Exhibit ___7___
Page __2__ of _6_

SEP-16-2005 FRI 04:27 PM Bailey,Pinney&Assoc        FAX NO. 360 567 3331        P. 05

## DOCUMENTS REQUESTED

**Request for production no. 1:** Produce all documents containing or referencing Defendant's efforts to ascertain the requirements of ORS 652.140 in the three year time period prior to the filing of the complaint in this matter.

  **Response:**

**Request for production no. 2:** Produce all documents and notes containing or referencing Defendant's policies and/or procedures relating to the termination of an employee's employment with Defendant in Oregon within the three year time period prior to the filing of the complaint in this matter, and as mentioned in documents not limited to another specific state.

  **Response:**

**Request production no. 3:** Produce all documents and notes referencing Defendant's policies and/or procedures relating to rest and meal periods for employees in Oregon in the six year time period prior to the filing of the complaint in this matter, and as mentioned in documents not limited to another specific state, including all memorandum and references.

  **Response:**

**Request production no. 4:** Produce all of Defendant's payroll documents referencing or containing the method and procedure of direct deposit of Defendant's employees wages in place during the course of each Plaintiff's employment with Defendant. This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period three years prior to the filing of the complaint in this matter.

  **Response:**

**Request production no. 5:** Produce all documents and notes containing or referencing rest and lunch break schedules instituted by Defendant for Defendant's Oregon employees in place during the course of each Plaintiff's employment with Defendant. This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period six years prior to the filing of the complaint in this matter.

  **Response:**

Page - 3    Plaintiffs' Third Request For Production of Documents

Exhibit   7
  pg. 3 of 6

SEP-18-2005 FRI 04:27 PM Bailey,Pinney&Assoc      FAX NO. 300 567 3331          P. 06

1    **Request production no. 6:** Produce all documents containing or referencing Defendant's
2    transportation and driving policies and/or procedures relating to the operation of Defendant's
3    vehicles by Defendant's Oregon employee's and/or the operation of employees' own vehicles
4    during scheduled work hours, as part of employee's job duties, assignment and/or normal
5    course of conduct and for the benefit of Defendant. This request includes all documents
6    applicable to its Oregon employees, whether or not specifically mentioned, over the time
     period six years prior to the filing of the complaint in this matter.
7           **Response:**

8    **Request production no. 7:** Produce all documents containing or referencing Defendant's
9    policy and/or procedure in regards to employees' use of time records, time cards, punch clock
10   records, time sheets, work time schedules in recording their time during the course of
11   merchandise and/or part delivery and pick up to and from Defendant's stores. This request
     includes all documents applicable to its Oregon employees, whether or not specifically
12   mentioned, over the time period six years prior to the filing of the complaint in this matter.
13          **Response:**

14   **Request production no. 8:** Produce all documents containing or referencing Defendant's
15   mileage reimbursement policy and/or procedure in regards to the operation of Defendant's
16   employees' use of their own vehicles during scheduled work hours, as part of employee's job
17   duties, assignment and/or normal course of conduct and for the benefit of Defendant. This
     request includes all documents applicable to its Oregon employees, whether or not specifically
18   mentioned, over the time period six years prior to the filing of the complaint in this matter.
19          **Response:**

20   **Request production no. 9:** Produce all documents containing or referencing Defendant's
21   daily merchandise and/or parts delivery and pick-up schedule in place during the course of
22   each Plaintiff's employment with Defendant for all Defendant Stores where Plaintiffs worked
     and delivered.
23          **Response:**

24   **Request production no. 10:** Produce all documents containing or referencing Defendant's
25   policies and/or procedures relating to the altering of time cards by employees and/or
26   authorized personnel in Oregon. This request includes all documents applicable to its Oregon

Page - 4      Plaintiffs' Third Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 S.E. Tech Center Place, Sta. 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___7___
Page __4__ of _6_

1    employees, whether or not specifically mentioned, over the time period six years prior to the

2    filing of the complaint in this matter.

      **Response:**

3

4    **Request for Production No. 11:** Produce all time sheets evidencing the hours each of

5    Defendant's employees worked for Defendant, including, but not limited to, all of its Oregon

6    employees' time records, time cards, punch clock records, time sheets, work time schedules

     and any data compilations from which information can be obtained or translated, if necessary,

7    by Defendant through detection devices into reasonably usable form.  This request is limited

8    to the one year period prior to the filing of the complaint in this matter.

9    **Request for Production No. 12:** Produce any documents which demonstrate or evidence any

10   payment for 30 minutes of work to any Oregon employee who failed to receive a full,

11   uninterrupted 30 minute meal period as required by Oregon law.  This request is limited to the

     time period six years prior to the filing of this action.

12

13   **Request for Production No. 13:** Produce any documents providing any extra compensation,

14   for any Oregon employee who failed to receive an uninterrupted 30 minute meal period as

     required by Oregon law, and whose timesheet demonstrates a clocking out for less than 30

15   minutes.  This request is limited to the time period six years prior to the filing of this action.

16

17   **Request for Production No. 14:** Produce all time sheets and time records for any Oregon

     employee for whom Defendant produces a document in response to Request for Production

18   No. 13.

19

20   **Request for Production No. 15:** Produce any documents which demonstrate or evidence for

     one hour pay for any employee who failed to receive an uninterrupted 30 minute meal period

21   as required by California law.

22

23                 **DATED:** September 14, 2005

24

25

26                 SHAUNA M. SJOSTROM OSB 04418
               Of Attorneys for Plaintiffs

Page - 5        Plaintiffs' Third Request For Production of Documents

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 S.E. Tech Center Place, Ste. 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___7___
Page _5_ of _6_

SEP-16-2005 FRI 04:28 PM Bailey,Pinney&Assoc        FAX NO. 360 567 3331            P. 08

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiffs' Third Request for Production of Documents** upon:

Victor J. Kisch      Fax No. (503) 972-3732
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave.
Portland, OR 97204

by the following indicated method or methods:

[X]    by mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X]    by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed.

DATED:    September 16, 2005

SHAUNA M. SJÖSTROM

Exhibit ___7___

Page __6__ of __6__

**RECEIVED**

NOV 1 4 2005

**Tonkon Torp LLP**

**FILE**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| RICHARD JOARNT and BERT YAMAOKO, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AUTOZONE, INC., a Foreign Corporation, <br><br> Defendant. | No. 0503-02795 <br><br> **PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:   Defendant AutoZone, Inc., and its attorney, Laura Liebman-Alperson.

Plaintiffs hereby requests that Defendant make the following documents, as requested, available for inspection and copying at the time, date and place set forth below:

<u>**TIME, DATE AND PLACE FOR PRODUCTION**</u>

TIME:        4:00 P.M.

DATE:        December 1, 2005

PLACE:      Bailey, Pinney & Associates, LLC
                    Columbia Tech Center
                    1498 S.E. Tech Center Place, Ste. 290
                    Vancouver, WA 98683

CC: Tim Harrison
via Email
11-15-05

Page - 1     PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit ___8___
Page ___1___ of ___7___

1      a.      "Document" as used in this request means:  (1) all original written, recorded,
taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof.
2   In all cases where originals are not available, "documents" also means identical copies of
original documents and non-identical copies thereof.  (2) all writings, contracts, agreements,
3   correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes,
notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or
4   conversations, minutes, (3) all calendars, desk calendars, appointment books, time record
books, logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals,
5   promotional material, sound recordings, (5) all communications, telegrams, letters, notes,
transcripts, reports and recordings of telephone or other conversations, or of interviews, or of
6   conferences, or of other meetings, affidavits, statements, summaries, (6) all opinions, reports,
studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all
7   bulletins, notices, announcements, advertisements, instructions, manuals, brochures,
publications, schedules, price lists, client lists, journals, lists, tabulations, publications (8) all
8   computer program data files, all computer printouts, data processing program library, data
processing input and output, microfilm, books of account, records, and invoices reflecting
9   business operations, reports, books, records, permits, licenses, bills, canceled checks, charges,
financial statements, ledgers, journals, invoices statements, all records kept by electronic,
10  photographic or mechanical means, any notes or drafts relating to the foregoing and all things
similar to any of the foregoing however denominated.
11      b.      Produce all non-identical copies of all responsive documents including copies
that bear marks, notations or changes not present on the original.
12      c.      If any documents are withheld on grounds of attorney/client privilege or
attorney work produce privilege, identify the author, each recipient thereof, the nature of the
13  document and the basis upon which the privilege is asserted.
        d.      If any document requested was, but no longer is in the possession, custody, or
14  control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been
destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been
15  otherwise disposed of.  For each such instance, explain the circumstances surrounding such
disposition, give the date or approximate date thereof, and the names and last known home
16  and business addresses of these persons with knowledge of such circumstances.
        e.      "Defendant" as used herein refers to all parties named in this action, and all
17  agents, employees or other persons with an interest in any party.
        f.      These requests for production are continuing and, in the event you discover
18  further information that is responsive to them, you are to supplement your answers.  If
you fail to supplement this answer in a reasonable fashion, requestor will move the court for
19  an order excluding from evidence at trial any matter which is responsive and not furnished.

20

21

22

23

24

25

26

Page - 2        PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 S.E. Tech Center Place, Sta. 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Exhibit ___ 8
Page 2 of 7

1

2

3                            <u>**DOCUMENTS REQUESTED**</u>

4

5      **Request For Production No. 1:** For each store where each named Plaintiff worked, produce

6      every period box maintained in those stores or, if applicable, transferred to California, as

       specified or otherwise described by James A. Kulbacki in his September 8, 2005, deposition,

7      and all documents contained therein and compiled over the course of each named Plaintiff's

8      employment with Defendant.

9              **Response:**

10

11

12     **Request For Production No. 2:** Produce each period box, as specified by James A. Kulbacki

       in his September 8, 2005 deposition, and all documents contained within period box, for each

13     of Defendant's stores in Oregon for the month of October 2004.

14             **Response:**

15

16

17     **Request For Production No. 3:** Produce all of Defendant's document retention policies,

       manuals or similar documents referencing the method and procedure in place within the three

18     (3) years preceding the filing of the Complaint in this matter for storing and purging data both

19     in electronic and hard copy format, including documents in period boxes, time records, time

20     cards, work schedules, punch clock records and personnel files.

21             **Response:**

22     :

23

24

25

26

Page - 3        PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit___8
Page_3_of_7

1   **Request For Production No. 4:** Produce all documents Defendant used to ascertain the final
2   check amount for all Defendant's Employees whose employment was terminated by or with
3   Defendant within the year preceding the filing of the complaint in this matter.
        **Response:**
4
5
6   **Request For Production No. 5:** Produce all documents containing, setting forth or otherwise
7   reflecting Defendant's employee turnover rates for all AutoZone stores in the State of Oregon
8   for the period of time from three (3) years prior to the filing of the Complaint, up to present.
        **Response:**
9
10
11  **Request For Production No. 6:** Produce all documents and reports containing, setting forth
12  or otherwise reflecting Defendant's determination of staffing levels for all AutoZone stores in
13  the State of Oregon for the period of time from three (3) years prior to the filing of the
14  Complaint, up to present.
        **Response:**
15
16
17  **Request For Production No. 7:** Produce all documents and reports reflecting dates and times
18  when any AutoZone employees working in the State of Oregon missed their meal periods, for
19  the period of time from three (3) years prior to the filing of the Complaint, up to present. This
20  Request includes any and all, if applicable, "Missed Lunch Reports" (as made reference to by
    AutoZone Manager Kenneth Wesner in his September 20, 2005, deposition) and "Lunch
21  Variance Reports" (as made reference to by AutoZone Human Resource employee Nicole
22  McCollum in her October 25, 2005, deposition).
        **Response:**
23
24
25
26

Page - 4        PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit 8
Page 4 of 7

1    **Request For Production No. 8:** Produce all documents, including correspondence produced
2    and conveyed or otherwise transmitted by any means, reflecting any and all discussions
3    between and any subsequent actions taken, directed or otherwise implemented by AutoZone
     Regional, District and/or Store Managers regarding AutoZone employees' missed and/or
4    shortened meal periods in stores located in the State of Oregon, for the period of time from
5    three (3) years prior to the filing of the Complaint, up to present.
6        **Response:**

7

8
9    **Request For Production No. 9:** Produce all documents and reports reflecting any weekly
     summarization of hours worked by AutoZone employees in stores located in the State of
10   Oregon, for the period of time from three (3) years prior to the filing of the Complaint, up to
11   present.
12       **Response:**

13
14
15   **Request For Production No. 10:** Produce any and all Daily Coverage Lists (as made
     reference to by AutoZone Manager Kenneth Wesner in his September 20, 2005, deposition)
16   for all AutoZone stores located in the State of Oregon, for the period of time from three (3)
17   years prior to the filing of the Complaint, up to present.
18       **Response:**

19
20
21   **Request For Production No. 11:** Produce all documents or records such as security logs, or
     records, identifying when a security system in any AutoZone store in which each Plaintiff
22   worked was activated and/or deactivated during each Plaintiff's employment period.
23       **Response:**

24
25
26

Page - 5    PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit ___8___
Page __5__ of __7__

1   **Request For Production No. 12:** Produce all documents that identify, or which record or can

2   be used to identify, the names of the persons activating and/or deactivating security systems at

    stores in which each Plaintiff worked for AutoZone during each Plaintiff's employment

3   period.

4        **Response:**

5

6

7

8        DATED this 10th day of November 2005.

9                                        BAILEY, PINNEY & ASSOCIATES, LLC

10

11

12                                       STEPHANIE J BROWN OSB 03001
                                         SHAUNA M. SJOSTROM OSB 04418
13                                       Of Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

Page - 6          PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit   8
Page   6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiffs' Fourth Request for Production of Documents** upon:

Laura Liebman-Alperson          Fax No. (503) 972-3752
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave.
Portland, OR 97204

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]   by **faxing** a full, true, and correct copy thereof to the person at the fax number shown above, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed.

DATED:    November 10, 2005

STEPHANIE J. BROWN

EXH.  8
Page 7 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I served a full, true, and correct copy of the foregoing **DECLARATION OF DOUGLAS S. PARKER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY:**

☐     By delivery via messenger, or otherwise by hand,

☒     By facsimile,

☐     By e-mail,

☒     By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
Fax (360) 567-3331

Of Attorneys for Plaintiff


By    *Laura M. Lucero*
        Laura Lucero

Firmwide:84449641.1 013306.2124

---

PAGE 3 – DECLARATION OF DOUGLAS S. PARKER IN
SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST
MOTION FOR AN ORDER COMPELLING DISCOVERY



RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 MAR -3 AM 9: 25

FILED

1

2

3

4

5

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

6

7 | **MICHAEL MIGIS,** individually, and on

8 | behalf of all other persons similarly situated,

Case No. **0711-13531**

9 | Plaintiff,

10 | v.

**PLAINTIFF'S RESPONSE** TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

11

12 | **AUTOZONE, INC.,**

13 | Defendant.

Date:  March 7, 2008
Time:  1:30 p.m.
Court:  Hon. Jerome LaBarre
Rm:   702

14

15

16 ## I. INTRODUCTION

17      PLAINTIFF MIGIS hereby responds to Defendant AutoZone's *Motion* to consolidate and

18 stay this lawsuit.  The Court should deny AutoZone's *Motion* because:

19      (1)    ORCP 32L governs coordination of pending "class actions sharing a common

20             question of law or fact."  ORCP 53 should not apply.

21      (2)    The Court already denied AutoZone's prior ORCP 21A(3) Motion to Dismiss,

22             and therefore AutZone's request to stay these proceedings is, in effect, a motion

23             for reconsideration.

24      (3)    The *Joarnt* and *Migis* actions are not identical.

25 Plaintiff supports this *Response* with the *Declaration of Chey K. Powelson* ("*Decl. Powelson*").

26 ///

Page 1 -      PLAINTIFF'S   RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
              PROCEEDINGS

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## II. BACKGROUND

Plaintiff Michael Migis is the putative class representative for this case, which he filed on November 16, 2007 on behalf of himself and all current and former Oregon AutoZone employees having various claims against Defendant, including unpaid, overtime, and penalty wages deriving from violations of, for example, Oregon law regarding missed rest and meal periods, and timely payment of wages upon termination from employment. The relevant claims period for this case (depending on the claim alleged) is anywhere from three (3) to six (6) years from the date of filing.

On March 17, 2005, two other former AutoZone employees, as putative class representatives, filed a similar cause of action in Multnomah Co. Circuit Court (*Joarnt, et al. v. AutoZone*, Case No. 0503-02795). In early 2006 the court ordered *Joarnt* stayed pending resolution of certain issues on appeal pursuant to ORS 19.225.[1] Although Plaintiff Migis worked for AutoZone during the *Joarnt* claims period, some of his claims, including a late payment of wages upon termination, did not exist as of the *Joarnt* filing, and are therefore not part of the *Joarnt* action. See *Powelson Decl.*, ¶ 2. This case also includes additional claims not present in *Joarnt*.

## III. POINTS & AUTHORITIES

**A.    ORCP 32L Applies to the Coordination (or Consolidation) of the *Migis* and *Joarnt* Actions.**

Even prior to a court order expressly certifying a class action, the provisions of ORCP 32 "indicate that the entire proceeding *is* a class action[.]" *Joarnt*, 343 Or at 192 (italics original). Oregon Revised Statute 1.004 states:

---

[1]    See *Joarnt v. Autozone, Inc.*, 343 Or 187, 190 (2007) (Reciting the two issues on appeal: (1) "whether an employee has a private right of action for a wage claim against an employer who allegedly failed to pay for meal periods required by administrative rule," and (2) "whether an employee has a private right of action for a wage claim against an employer who allegedly failed to provide rest periods required by administrative rule.").

Page 2 -    PLAINTIFF'S  RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

1      Notwithstanding any other provision of law or the Oregon Rules of

2      Civil Procedure, the Supreme Court shall provide by rule the practice

3      and procedure for coordination of class actions under ORCP 32 in

  convenient courts, including provision for giving notice and presenting

4      evidence.

5    Rule 32 provides, in part:

6      When class actions sharing a common question of fact or law are

  pending in different courts, <u>the presiding judge of any such court, upon</u>

7      <u>motion of any party or on the court's own initiative, may request the</u>

8      <u>Supreme Court</u> to assign a Circuit Court, Court of Appeals, or Supreme

  Court judge to determine whether coordination of the actions is

9      appropriate, and a judge shall be so assigned to make that

10     determination.

11   ORCP 32L(1)(a) (underline added).[2]  See also *Dreyer v. Portland GE*, 341 Or 262, 276 (2006).

12     This pre-supposes, just as does Defendant's *Motion to Consolidate* under ORCP 53A,

13   that both actions are alive and well at the trial court level.  Unfortunately, there are two legal

14   claims (private right of action for missed rest periods, and missed meal periods) in *Migis* that the

15   *Joarnt* trial court had dismissed in 2006, and which are still on appeal due to a minor procedural

16   mis-step by the appellate court. See *Joarnt*, 343 Or at 194 (Supreme Court noting, "the Court of

17   Appeals relied on an erroneous understanding of ORS 19.225 in denying plaintiffs' application

18   for an interlocutory appeal.").

19     In 2007, however, the Court of Appeals ruled in another case that there *is* a private right

20   of action for missed rest periods and wages due for improper lunch breaks.  *Gafur v. Legacy*

21   *Good Samaritan Hosp. & Med. Ctr.*, 213 Or App 343 (2007), *rev. granted*, 343 Or 467 (2007).

22     To use ORCP 53 is an invitation to engage in the futile endeavor of trying to consolidate

23   this action with one pending in the Court of Appeals, on an issue another appellate case already

24

25     [2]    "Coordination" means "the harmonious functioning of parts for effective results."
 *Merriam-Webster OnLine Dictionary* (visited 02-28-2008). "Consolidate" means "To combine...two or
26   more actions involving the same parties or issues into a single action ending in a single judgment or,
 sometimes, in separate judgments."  BLACK'S LAW DICTIONARY, 327 (Garner 8th ed.).

Page 3 -    PLAINTIFF'S   RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
    PROCEEDINGS

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    resolved and is controlling for Plaintiff Migis's putative class.  Although Defendant argues the

2    *Joarnt* and *Migis* actions "involve common questions of law and fact,"[3] they are also dissimilar

3    enough to not merge them; and they could not be coordinated under ORCP 32 until (a) Defendant

4    makes a proper motion and obtains orders from the Presiding Judge and State Supreme Court;

5    and (b) both AutoZone cases are proceeding at the trial court level.

6        Defendant's *Motion to Consolidate* should fail as a matter of law.

7 **B.**    **Defendant's Motion to Consolidate and Stay Proceedings Is Essentially a Motion for**

8       **Reconsideration.**

9        ORCP 21A provides that if a court grants a motion made under ORCP 21A(3) ("another

10    action pending between the same parties for the same cause"), then the court may stay the

11    proceedings.  "A fundamental purpose of ORCP 21 is to curb the excessive use of motions for

12    purposes of harassment and delay, and litigants should not be permitted to disregard its provisions

13    with impunity." *State Farm Mut. Auto. Ins. Co. v. Berg*, 70 Or App 410, 418 (1984).

14        This Court denied Defendant's ORCP 21A(3) *Motion* on February 7, 2008.  *Powelson*

15    *Decl.*, ¶ 3.  See also ORCP 21A (if motion brought under 21A(3), then the court may stay the

16    proceedings); ORCP 21F (omission of defense constitutes waiver), and ORCP 21G (waiver).

17

---

18      [3]     See also *Declaration of Douglas S. Parker in Support of Defendant's Motion to*
*Consolidate*, ¶ 2.  To the extent that the Court grants Defendant's *Motion* in whole or in part, in response

19 to any subsequent briefing regarding class certification issues in both this case and the *Joarnt* action, in
the interests of protecting the judicial process AutoZone should be precluded (estopped) from arguing:

20 (a) there are no "questions of law or fact common to the class" (ORCP 32A(3), and (b) that there is no
predominance of questions of law or fact to the members of the class, as opposed to questions affecting

21 only individual members (ORCP 32B(3)).  See e.g., *Wyler Summit Pshp. v. Turner Broadcasting Sys.*,
235 F.3d 1184, 1190 (9th Cir. 2000); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355,

22 359-61 (3rd Cir. 1996); *Am. Booksellers Ass'n v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031, 1045-46
(N.D.Cal. 2001); and *Grimes v. Navigant Consulting*, 185 F. Supp. 2d 906, 910 fn 3 (N.D.Ill. 2002). Cf.

23 *Day v. Advanced M&D Sales, Inc.*, 336 Or 511, 524-25 (2004); *Hampton Tree Farms, Inc. v. Jewett*, 320
Or 599, 609-10 (1995); *Bockman v. Mitchell Bros. Truck Lines*, 213 Or 88, 97-98 (1958); and *Sugar &*

24 *Sugar*, 212 Or App 465, 470-71 (2007).  See also Defendant AutoZone's October 24, 2005 *Motion in*
*Opposition to Class Certification* filed in the *Joarnt* case, wherein AutoZone argued there were no

25 common claims (pp. 12 - 14), and that common issues of law or fact did not predominate over individual
issues (pp. 21 - 27).  Similarly, Defendant's current arguments are also inconsistent with its affirmative

26 defenses in *Joarnt*.

Page 4 -     PLAINTIFF'S  RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
             PROCEEDINGS

1      That same day, AutoZone counsel Douglas Parker called Plaintiff's counsel and stated

2   that Defendant intended to re-file the ORCP 21A(3) motion, if Plaintiff's counsel could not agree

3   that Defendant's arguments were "persuasive." Plaintiff informed Mr. Parker that re-filing would

4   constitute a motion for reconsideration, which the Multnomah County Circuit Court strongly

5   disfavors. See e.g., *In re Egan*, 13 DB Rptr 96 (1999).

6      Almost one week later, on February 13, Mr. Parker informed Plaintiff's counsel that

7   Defendant intended to file a motion for consolidation (with *Joarnt*) and an extension of the stay

8   of discovery.

9   **C.    This Case is Not "Identical" to *Joarnt*.**

10     As an initial matter, in response to Defendant's prior *Motion to Dismiss*, Plaintiff has

11  already briefed the issue of whether this case and the *Joarnt* case are "the very same class."[4]

12     Should this Court consider Defendant's instant *Motion* on the merits, the Court should

13  nevertheless deny it because: (1) the *Migis* and *Joarnt* actions involve different though

14  overlapping claims, class periods, and class members; and (2) a consolidation and stay of

15  discovery would prejudice Plaintiff Migis and the putative class members.

16     1.    The *Joarnt* and *Migis* Actions Involve Different (Though Overlapping) Class

17            Members, Class Periods, and Claims.

18     Plaintiff already asserted in its *Response* to Defendant's ORCP 21A(3) *Motion* that the

19  putative class members in each case are different, although some people may be members of both

20  classes. The issues in each case are substantially similar, but the claims are different because the

21  class periods are different.

22     *Migis* includes putative class members who are not members of the *Joarnt* lawsuit

23  because *Joarnt* was filed in March 2005, and *Migis* in November 2007. The latter action includes

24

25        ⁴     See *Powelson Decl.*, Ex. A (AutoZone e-mail to Plaintiff's counsel). By this reference,
    Plaintiff hereby incorporates all prior arguments set forth in Plaintiff's *Response* to Defendant's January
26  2008 ORCP 21A(3) *Motion to Dismiss*.

Page 5 -    PLAINTIFF'S  RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
            PROCEEDINGS

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    employees whose employment terminated after the *Joarnt* filing, and who as part of this lawsuit

2    allege AutoZone failed to timely pay them all wages due.    The named putative class

3    representatives in *Joarnt* cannot adequately represent those class members' interests, nor can they

4    effectively represent Mr. Migis's interests because he terminated employment with AutoZone in

5    February 2006.[5]  His claim, and those of all employees working and terminating after March

6    2005, arose after the *Joarnt* filing.

7        Finally, the claims in this case include one for missed rest breaks, which is not currently

8    in *Joarnt* because that trial court dismissed it in early 2006 (now on appeal) on the grounds there

9    is no private right of action.  The current law in the State of Oregon, however, is contrary to the

10   *Joarnt* trial court's ruling.  See *Gafur*, 213 Or App 343.

11       In sum, the *Migis* and *Joarnt* actions do not involve "identical" claims, and do not involve

12   "the same former and current employees" as Defendant would have this Court believe.  *Motion*

13   at p. 3.

14       2.    Unlike the Situation in *Atkeson v. Cupp* (Where There Would Be No Prejudice

15           From Consolidation) Plaintiff Migis and the Putative Class Will Suffer Prejudice

16           if Consolidation Occurs.

17       In support of its *Motion*, Defendant cites only one published Oregon Court of Appeals

18   case (*Atkeson v. Cupp*) regarding ORCP 53, wherein the court approved consolidation of 63

19   habeas corpus petitions into three petitions because they were "identical."  Not only is *Atkeson*

20   highly distinguishable from this case on those grounds, but that court also bolstered its decision

21   by concluding it could not, at that point in the case, conceive of possible prejudice against those

22   plaintiffs.

23       Contrary to the circumstances in *Atkeson*, if this Court consolidates *Migis* with *Joarnt* and

24   stays the case, including discovery, Plaintiff Migis and this putative class will suffer material

25

26       [5]    This specifically relates to the discussion set forth in section C., 2.

Page 6 -    PLAINTIFF'S   RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
            PROCEEDINGS

1    prejudice.  As the class representative, Mr. Migis has a distinct procedural right, apart from his

2    substantive rights relating to his underlying claims, to pursue class certification. See e.g., *United*

3    *States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-04 (1980); *Schwendeman v. USAA Cas.*

4    *Ins. Co.*, 116 Wn. App. 9, 17 fn 13 (2003).  Pursuit of such certification will include the claim

5    of rest breaks; a certification he could not pursue in *Joarnt*.

6         A stay of discovery would prevent Mr. Migis from pursuing information (evidence)

7    relating not only to his own claims, but also to those of the putative class members – especially

8    for the two and a half year period between the *Joarnt* filing and the filing in this case, as well as

9    his individual claim for missed rest periods.[6]

10        On the other hand, "<u>The burden falls on the party seeking the stay to show that such an</u>

11   <u>order is justified;</u>" "[t]here must be a pressing need or a clear case of hardship or inequity, before

12   a court should stay proceedings before it so that litigation elsewhere may proceed to judgment."

13   *Groves v. Ins. Co. of North America*, 433 F. Supp. 877, 885 (E.D.Pa. 1977) (underline added).

14   Accord, *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) ("The

15   party seeking a stay must justify it by clear and convincing circumstances outweighing potential

16   harm to the party against whom it is operative."); *Balfour v. Gutstein*, 547 F. Supp. 147, 149

17   (E.D.Pa. 1982) (finding that the defendant seeking the stay did not "adduce a 'pressing need or

18   clear case of hardship or inequity.'" (internal cite omitted)); *Levin v. Mississippi River Corp.*, 289

19   F. Supp. 353 (S.D.N.Y. 1968) (citing Justice Cardozo in *Landis v. North American Co.*, 299 U.S.

20   248, 255 (1936) (*i.e.*, "if there is even a fair possibility that the stay . . . will work damage to some

21   one else," the party seeking the stay "must make out a clear case of hardship or inequity.")).

22   AutoZone's claimed harm does not outweigh the interests of the *Migis* putative class members.

23   ///

24   ///

25

26   [6]       Defendant is remiss to imply that the *Joarnt* trial court's comments (found in the January 2006 transcript) are the equivalent of a court order binding on Mr. Migis's lawsuit.

Page 7 -    PLAINTIFF'S  RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

1    Finally, based on Defendant AutoZone's track record in the *Joarnt* lawsuit of failing to

2    preserve potentially discoverable information,[7] this Court should allow Plaintiff Migis to proceed

3    with discovery.  Should he be forced to wait until *Joarnt* is dislodged from the Court of Appeals,

4    Plaintiff Migis will have no way of obtaining discovery, or even knowing whether information

5    (pertaining to him and the class he represents) still exists.

6    There is no doubt that in defending Migis's motion for class certification, AutoZone will

7    contend, just as it did in *Joarnt*, that he cannot meet the ORCP 32A - B criteria because he has

8    not submitted enough evidence showing he suffered the same or similar types of harm as did all

9    other AutoZone employees.

10    In other words, a stay, unsupported by any showing of a "clear case of hardship or

11    inequity" by Defendant, will prevent Plaintiff from prosecuting his case.  AutoZone has not

12    shown a pressing need outweighing the potential harm to Plaintiff Migis and the putative class.

## III. CONCLUSION

14    Defendant's *Motion* fails as a matter of law.  The *Motion* also constitutes a motion for

15    reconsideration, and if granted would prejudice Plaintiff Migis and that putative class.

17    DATED this 29th day of February 2008.

19    

20    A.E. "BUD" BAILEY, OSB No. 87157
     R. BRADLEY GRIFFIN, OSB No. 072390

21    CHEY K. POWELSON, OSB No. 03551
     Of Attorneys for Plaintiff

---

24    [7]    See p. 5 of Plaintiff's *Response* (and supporting declaration, Ex. A) to Defendant's prior *Motion for Temporary Stay of Discovery*: "Prior to the stay of *Joarnt* on appeal, however, AutoZone's counsel admitted on the record to Judge Kantor that, *inter alia*, even after [that] lawsuit was filed in 2005, AutoZone destroyed boxes containing potentially discoverable information."  There was also a subsequent dispute in October-November 2006 between the parties regarding whether AutoZone was complying with a *Joarnt* trial court order to preserve discovery.

Page 8 -    PLAINTIFF'S   RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY
            PROCEEDINGS

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Plaintiff's Response to Defendant's Motion to Consolidate and Stay Proceedings upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:


[X]     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.


[X ]     by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.


DATED:    February 29, 2008

CHEY POWELSON, OSB 03551
Attorney for Plaintiff



ENTERED
MAR - 6 2008
IN REGISTER BY SLF

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 MAR -3 AM 9: 25

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

**MICHAEL MIGIS**, individually, and on
behalf of all other persons similarly situated,

Plaintiff,

v.

**AUTOZONE, INC.**, a Nevada corporation,

Defendant.

Case No. **0711-13531**

**DECLARATION OF CHEY K.
POWELSON** SUPPORTING PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION
TO CONSOLIDATE AND STAY
PROCEEDINGS

I, Chey K. Powelson, hereby declare as follows:

1.    I am one of the attorneys for the named Plaintiff.  I am competent to testify in this
matter, and base this declaration upon my own personal knowledge and/or the
litigation files my firm maintains for this action.

2.    Upon information and belief, the last day Plaintiff Migis worked for AutoZone, as
a Parts Sales Manager paid on an hourly basis, was February 4, 2006, and he appears
to have quit via telephone on February 7, 2006.  Mr. Migis did not receive his final,
regular paycheck for time worked through February 4, until February 27, 2006.

Page 1 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

3.   On February 7, 2008, the Court denied Defendant's ORCP 21A(3) Motion to Dismiss, and Motion for a Temporary Stay of Discovery.

4.   Attached hereto as **Exhibit A** is a true and correct copy of opposing counsel Douglas Parker's e-mail in which he contends that, in support of Defendant's intent to file a motion to consolidate and stay proceedings, the *Joarnt* and *Migis* actions are "the very same class."

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this 29th day of February 2008 in Vancouver, Washington.

CHEY K. POWELSON, OSB 03551
Attorney for Plaintiff

Page 2 -   DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

# PLAINTIFF'S EXHIBIT A

## Chey Powelson

| | |
|---|---|
| **From:** | Parker, Douglas S. [DParker@littler.com] |
| **Sent:** | Tuesday, February 12, 2008 5:45 PM |
| **To:** | Chey Powelson; Tift, Leigh Ann C. |
| **Cc:** | Brad Griffin; Megan Treseder; Bud Bailey |
| **Subject:** | RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information |

Sorry, I was out when you called.  Please call me in the morning.  I have now had an opportunity to review what Judge Kantor said in the Joarnt case when he stayed discovery and as he expressly contemplated consolidation of a new case with Joarnt, I intend to move in that direction, coupled with seeking an extension of the stay in that case to Migis.  It would not make sense for the stay affecting the very same class to be avoided simply by filing another suit.  Please be prepared to discuss when you call tomorrow.

Thanks,

Doug Parker

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, February 12, 2008 4:36 PM
**To:** Parker, Douglas S.; Tift, Leigh Ann C.
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Mr. Parker:

I just left you a voicemail re: the need to confer on discovery issues.  Please call.  Thanks.

Chey Powelson

**From:** Chey Powelson
**Sent:** Monday, February 11, 2008 3:46 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Please advise whether anyone on Defendant's side is available and willing to confer on Plaintiff's discovery requests/RFAs.  Thanks again.

Chey Powelson

**From:** Chey Powelson
**Sent:** Thursday, February 07, 2008 2:00 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder; Bud Bailey
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Defendant has not yet responded to my January 29 e-mail (below); please confirm that AutoZone has taken steps to preserve potentially discoverable/admissible information in the above-referenced action.

Please also advise as to your availability to confer on Plaintiff's discovery requests/RFAs by the end of the day

EXHIBIT _A_

Page _143_

this upcoming Monday.  Thanks in advance.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Tuesday, January 29, 2008 4:07 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** RE: Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please confirm that AutoZone has taken steps to preserve potentially admissible information in the above-referenced action.  Thank you.

Chey Powelson

---

**From:** Chey Powelson
**Sent:** Thursday, January 24, 2008 1:17 PM
**To:** 'dparker@littler.com'; 'ltift@littler.com'
**Cc:** Brad Griffin; Megan Treseder
**Subject:** Migis v. AutoZone, Inc. - Request for Preservation of Potentially Discoverable Information

Counsel:

Please see attached letter.  Thank you.

**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA  98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is strictly
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT _A_
Page _2 of 2_

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Declaration in Support of Plaintiff's Response to Defendant's Motion to Consolidate and Stay Proceedings and Exhibit A upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    February 29, 2008

CHEY POWELSON, OSB 03551
Attorney for Plaintiff



<div align="right">

**FILE
COPY**

</div>

1

2             IN THE CIRCUIT COURT OF THE STATE OF OREGON

3               FOR THE COUNTY OF MULTNOMAH

4

5

|  |  |
|---|---|
| 6  MICHAEL MIGIS, individually, and on behalf of all other persons similarly | No. 0711-13531 |
| 7  situated, | **DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT AUTOZONE, INC.'S REPLY MEMORANDUM IN** |
| 8          Plaintiff, | **SUPPORT OF ITS MOTION TO** |
| 9     vs. | **CONSOLIDATE AND STAY PROCEEDINGS** |
| 10  AUTOZONE, INC., a Nevada Corporation, |  |
| 11          Defendant. |  |

12

13     I, Neil N. Olsen, hereby declare as follows:

14     1.     I am one of the attorneys representing Defendant AutoZone, Inc. in the above-

15 captioned matter, and I make this declaration in support of Defendant's Reply Memorandum in

16 Support of its Motion to Consolidate and Stay Proceedings. I have personal knowledge of the

17 matters related herein.

18     2.     Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the January 27, 2006,

19 Transcript of Proceedings in *Joarnt v. Autozone, Inc.*, Multnomah County Circuit Court Case No.

20 05-03-02795.

21 \\\

22 \\\

23 \\\

24 \\\

25 \\\

26  Page 1 – DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

<div align="right">Littler Mendelson, PC<br>1750 SW Harbor Way, Suite 450<br>Portland, OR 97201<br>Phone: 503-221-0309 Fax: 503-242-2457</div>

1
2      **I declare that the above statements are true to the best of my knowledge and belief, and**
3  **that I understand that it is made for use as evidence in court and is subject to penalty for**
4  **perjury.**
5  Dated: March 4, 2008
6                                 Neil N. Olsen
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26  Page 2 – DECLARATION OF NEIL N. OLSEN IN SUPPORT OF
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 4, 2008, I served a full, true, and correct copy of the foregoing

3

**DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT'S REPLY**

4

5

**MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE AND STAY**

6

**PROCEEDINGS.**

7
        ☐    By delivery via messenger, or otherwise by hand,

8
        ☒    By facsimile,

9
        ☐    By e-mail,

10
        ☒    By mailing same, postage paid,

11
addressed to:

12
        Bailey Pinney & Associates LLC
        Attorneys at Law

13
        1498 SE Tech Center Place
        Suite 290

14
        Vancouver, WA 98683
        Fax (360) 567-3331

15
        Of Attorneys for Plaintiff

16

17

18
By _____

19
        Neil N. Olsen, OSB No. 053778

20
        nolsen@littler.com
        LITTLER MENDELSON

21
        A Professional Corporation

22
        Of Attorneys for Defendant
        AutoZone, Inc.

23

24
Firmwide:84482338.1 013306.2124

25

26

PAGE 1 – CERTIFICATE OF SERVICE

Page 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH


RICHARD JOARNT and BERT    )
YAMAOKA, individually and  )
on behalf of All Persons   )
similarly situated,        )
           Plaintiffs,)
     vs.                   )No. 0503-02795
                           )
AUTOZONE, INC., a          )
Foreign Corporation,       )
           Defendant. )


Transcript of Proceedings



        BE IT REMEMBERED THAT on the 27th

day of January, 2006, the above-entitled matter

came on for audio recorded hearing before the

HONORABLE HENRY KANTOR, a Circuit Court Judge.




                DEBORAH L. COOK
                COURT REPORTING
            1102 N. Springbrook Road
                   Suite 136
             Newberg, Oregon  97132
                (503) 537-0339
           deb@cookcourtreporting.com

Exhibit
Page ___ of _15_

**Page 2**

```
 1              APPEARANCES
 2
 3   For the Plaintiff:
 4       MR. A.E. BUD BAILEY
 5       MS. SHAUNA M. SJOSTROM
 6       MR. CHEY POWELSON
 7       Bailey Pinney & Associates
 8       1298 SE Tech Center Place, #290
 9       Vancouver, Washington 98683
10
11   For the Defendant:
12       MS. LEIGH ANN COLLINGS TIFT
13       Littler Mendelson
14       701 Fifth Avenue, Suite 6500
15       Seattle, Washington 98104
16
17       MS. LAURA LIEBMAN ALPERSON
18       Tonkon Torp
19       888 SW 5th, Suite #1600
20       Portland, Oregon 97204
21
22
23
24
25
```

**Page 3**

```
 1              PROCEEDINGS
 2      Friday, January 27, 2006 at 08:57 AM
 3
 4       THE COURT: Good morning, everyone. Please
 5   have a seat. Let me please sign our court reporter
 6   order. Okay.
 7       Let's see, do you have everyone's
 8   appearances?
 9       COURT REPORTER: Yes, Your honor. Thank
10   you.
11       THE COURT: First order of business, I want
12   to tell you where things are on the order dispute
13   you had a few weeks ago, which I basically set
14   aside. I didn't pay much attention to it until I
15   was getting ready for the hearing today.
16       But here's what I am going to do. I don't
17   think either order, as submitted, was correct. I
18   am going to be using the defense proposed order,
19   and requiring you to make the following changes to
20   paragraph 4-A. I don't suppose you have it handy
21   with you?
22       MS. TIFT: No, Your Honor.
23       THE COURT: I have -- I will give you my
24   copy after it's done, but paragraph 4-A, everything
25   is okay until the sentence, "The Court does not
```

**Page 4**

```
 1   require that the records be produced prior to the
 2   date set for hearing defendant's motion to deny
 3   class certification." That sentence is deleted.
 4   That's not what I ordered.
 5       And the second sentence is the protective
 6   order sentence -- not the second. The last
 7   sentence in the paragraph is the protective order
 8   sentence, and I am going to let it read as follows.
 9   And most of this first three lines are identical to
10   what was proposed.
11       "The Court further enters a protective order
12   in regard to the time records, limiting disclosure
13   of employee time records, including any personal
14   information, strictly for the prosecution or the
15   defense of this proceeding, and requiring that the
16   parties not publish such information" -- and I'm
17   adding the words, "to people not connected to this
18   lawsuit without prior permission of the Court."
19       And then I am changing the last phrase of
20   the sentence to read as follows: "And, if filing
21   such information, must do on so under seal unless
22   otherwise ordered by the Court."
23       The rest of the order is acceptable. And
24   when you submit a revised version of that
25   accordingly, I will sign it.
```

**Page 5**

```
 1       So I am going to ask my clerk to give to the
 2   defense the proposed order with my notes in case
 3   you missed something, so you can give this to
 4   Ms. Tift or --
 5       MR. BAILEY: Your Honor, could we get a copy
 6   of that, also?
 7       MS. TIFT: I will make certain that they get
 8   a copy.
 9       THE COURT: Thank you. Okay. We have three
10   motions. I believe I will do the defense motion to
11   enjoin first. I have read all the papers in all of
12   your motions. And I do appreciate the e-mail
13   confirming what I was supposed to have. That's
14   what I had, and that was helpful. Every once in a
15   while I am surprised to find out that I don't have
16   something.
17       So I am ready to hear any additional
18   arguments that either side would like to make,
19   except on the application of ORCP 79. That is not
20   part of this motion proceeding. So I don't need to
21   hear anything about it. The defense goes first.
22       MS. LIEBMAN-ALPERSON: Briefly, as we have
23   already provided in our pleadings that we
24   submitted, this issue arose when the defense
25   discovered around December 20th that plaintiffs had
```

DEBORAH COOK COURT REPORTING - (503) 537-0339
www.cookcourtreporting.com

c79dc939-b2f4-4e8f-b9e9-fe4a6744db36

Exhibit _____
_____ 2 of 15

Page 6

1  been sending the questionnaire and letter that we
2  submitted to the Court to district managers, store
3  managers, and nonrepresented hourly employees, as
4  well as the regional training manager.
5      Upon review of the communications, we first
6  contacted the plaintiffs and asked if they would
7  not use that letter and questionnaire, and not send
8  it to represented parties. And we went through the
9  concerns we had about the communications
10  themselves.
11      The plaintiffs took the position that they
12  were entitled to send those communications,
13  continued doing so, and in fact indicated they
14  would be sending a second round. We're not sure if
15  that has been sent or what that is.
16      We also asked the plaintiffs for a list of
17  whom they had contacted at Auto Zone, and they
18  refused to provide that and instead insisted that
19  we provide a list of who had been contacted.
20      At that point we then investigated, and
21  found out, as of this date, this is what we know:
22  that 61 employees have been contacted. Again, one
23  regional manager, four district managers, I believe
24  nine store managers, and the remainder of the 61
25  are store employees, hourly employees.

Page 7

1      THE COURT: Well, the store managers are
2  hourly employees, too, aren't they?
3      MS. LIEBMAN-ALPERSON: No, they are not.
4      THE COURT: So they don't clock in and out?
5      MS. LIEBMAN-ALPERSON: They do not. They
6  are salaried employees. And I should preface that
7  all employees do have to work the register, in
8  essence, clock in and out. They have to key in
9  their ID number.
10      THE COURT: When they work the register, or
11  always, whether they work the register that
12  particular day or not?
13      MS. LIEBMAN-ALPERSON: Always.
14      THE COURT: So they do clock in and out.
15  Everyone who works at the store clocks in and out.
16      MS. LIEBMAN-ALPERSON: The store managers'
17  pay has no bearing whatsoever --
18      THE COURT: Their clocking in and out has
19  nothing to do with that?
20      MS. LIEBMAN-ALPERSON: Exactly, with their
21  wages. They are on a salary.
22      Auto Zone's position is, as we have briefed,
23  that the plaintiffs can't contact the represented
24  parties, the district managers and store managers,
25  under the Oregon Rules of Professional Conduct 4.2,

Page 8

1  which has been construed in an ethics opinion.
2      I think there's been some confusion about
3  the numbering of the rule and the ethics opinion,
4  and that's been changed since the new rules of
5  Professional Conduct --
6      THE COURT: It's apparently going to be
7  changed again this year, so be ready for that.
8      MS. LIEBMAN-ALPERSON: So we're referring
9  now to the 2005 Rules. The opinion that is at
10  issue, the Oregon Formal Ethics Opinion 2005-80,
11  contemplates two circumstances under which a
12  corporate employee can be a represented party.
13      And the first circumstance is that the
14  employee is part of corporate management. We're
15  not going to be focusing on that test today. The
16  second test is if the employee's conduct is at
17  issue. And the opinion gives the example of
18  vicarious liability.
19      But the heart of that second test is whether
20  or not that employee's conduct is at issue in the
21  litigation. If it is, that employee is a
22  represented party.
23      And we pointed out, and I would like to
24  pause for a moment, in our brief, that this
25  approach that Oregon adopted is, for lack of a

Page 9

1  better label, the middle of the road approach. And
2  that was outlined in a New York opinion that the
3  Oregon Formal Opinion cited. I believe it's Niesig
4  versus Team 1, 76 New York 2d 363.
5      And in adopting this middle of the road
6  approach, Oregon rejected two different approaches
7  on either end of the spectrum; that blanket
8  prohibition which says you can't talk to any
9  corporate employee, which is obviously quite
10  restrictive. And on the other end of the spectrum,
11  the position that plaintiffs have espoused is the
12  control group test where you can contact and have
13  ex parte communications with virtually anybody in
14  the corporation, with the exception of only the
15  highest level corporate management.
16      And Oregon rejected both approaches, and
17  moved towards the middle of the road approach.
18  Under that second test in the middle of the road
19  approach, when the plaintiffs seek to hold an
20  employee responsible, we feel in this case that's
21  exactly the issue. The plaintiffs are imputing the
22  managers' conduct to Auto Zone.
23      And as an example, plaintiffs have alleged
24  that they were forced to work off the clock, for
25  example, driving parts from one store to another

3  (Pages 6 to 9)

Exhibit ____
Page ___ 3 ___ of ___ 15

**Page 10**

1  store, and they weren't paid for that time. And
2  Plaintiff Yamaoka testified, in fact, his managers
3  told him to work off the clock. And when he was an
4  acting store manager, he indeed did the same thing
5  and had employees work off the clock and drive
6  parts to the other store.
7      THE COURT: Right. But the plaintiffs'
8  theory is not that a specific manager made a bad
9  decision and did that. They are saying it's an
10  overall practice and procedure that the company
11  imposes either directly or -- actually, I don't
12  know, in this case indirectly, because there's lots
13  of ways pressure like that can be brought. They
14  are not asserting that any particular manager did
15  this decision on his or her own.
16      It may turn out that that is what the proof
17  is, but that's not their theory. Because if that's
18  the case they lose --
19      MS. LIEBMAN-ALPERSON: But, Your Honor, the
20  company couldn't act unless it was through the
21  managers having the employees perform the work off
22  the clock.
23      THE COURT: But the company directed them,
24  then it's the company's responsibility. Not the
25  manager that follows the company's directive.

**Page 11**

1      MS. LIEBMAN-ALPERSON: But the company acts
2  through its managers and corporate employees, and
3  that's our position.
4      THE COURT: They also act through their line
5  employees, but that doesn't mean anything.
6      MS. LIEBMAN-ALPERSON: And district managers
7  are, again, carrying out that company directive.
8  And the plaintiffs have absolutely imputed that
9  action to Auto Zone. And that's exactly what is
10  contemplated --
11      THE COURT: I just disagree. I think you
12  are just backwards on that. It's not that they are
13  saying it's Auto Zone's policy. Auto Zone did it.
14  Yeah, some people carry it out, but if they are
15  carrying it out on their own, then there's a
16  question about whether that's imputed.
17      But they are not asserting that. They are
18  saying they are carrying out what Auto Zone wants
19  them to do. So it's Auto Zone's policy.
20  Otherwise, it would make no sense.
21      That's why -- that is consistent with my
22  statement that the vicarious liability doesn't work
23  in wage and hour class action, because they would
24  never get a class certified. If that was the
25  situation where some rogue manager was not

**Page 12**

1  following company policy and forcing the employees
2  to do that, they might have a few individuals who
3  have claims. But that's not what this case is
4  about. That's not the theory of the case. So it.
5      So it's not enough for you to say it's the
6  case. That's not the theory of the case. So it
7  doesn't work. Right? I mean, tell me how that is
8  wrong.
9      MS. LIEBMAN-ALPERSON: Your Honor, I think
10  there are a few things. One, the issue of policy,
11  there's no policy from the company saying you will
12  work off the clock. On the contrary, the policy
13  is, you will be paid for the hours and the work you
14  perform.
15      And as a result, where does that pattern or
16  practice come from if they are alleging it's across
17  the board? And then they have their plaintiff
18  saying, I was working off the clock. My manager
19  told me to do so. That pattern and practice has to
20  come from the district manager and store managers.
21      THE COURT: I don't think I am going to be
22  able to get through to you on that, except to tell
23  you that I disagree. If that's their theory, they
24  can't get a class certified so I don't think that's
25  what we're dealing with here at all.

**Page 13**

1      They are -- I don't think they are saying
2  it's a written policy. They are saying basically
3  the company is doing this with everyone or almost
4  everyone. Doesn't have to be 100 percent. If they
5  are not saying that, then they have no class.
6      MS. LIEBMAN-ALPERSON: But the company is
7  doing it out how? It is the managerial employees
8  who are the company and are doing that.
9      THE COURT: Well, of course, it's the same
10  as if there was an express policy. They are
11  following something that they are being led to
12  believe they must do. If that's not the case, then
13  this case is a very small case, and you don't need
14  to worry too much about it.
15      MS. LIEBMAN-ALPERSON: And I would like to
16  point out in the Niesig opinion, it expressly
17  recognizes that the reason for this test where you
18  are imputing the employees' conduct to the company
19  is precisely because corporations act through their
20  employees. And you don't sue the individual
21  manager. You sue the company. The company is
22  named as the defendant. But the action, the
23  wrongful conduct is from the managerial employees.
24      And I suggest the Niesig opinion, which the
25  Oregon Formal Opinion recognized, is the guiding

4  (Pages 10 to 13)

c79dc339-b2f4-4e8f-b9c0-fc4c8744dd58

Exhibit ___1___
        4  of 15

Page 14

1  point on that.
2       In terms of the other allegations, the
3  allegation, for example, of failure to pay final
4  timely wages, the plaintiffs' counsel, David
5  Schuck, expressly said to Judge Bearden during a
6  discovery hearing on August 11 that the culprits in
7  not making sure the plaintiffs or other employees
8  had their timely final wages were the managers.
9  They were the ones who didn't give those final
10 checks.
11      And it could be because -- he hypothesized
12 they were angry, and kept the checks on their desk
13 and delayed giving it to them. But, again, it was
14 the action of the managers that result in the claim
15 for failure to pay final timely wages that
16 plaintiffs have alleged.
17      As a result, it's our position that
18 plaintiffs knew or should have reasonably known
19 that the store managers' and district managers'
20 conduct was at issue in this case, and would be
21 imputed to Auto Zone, and that they shouldn't have
22 contacted these managers directly.
23      The other point that plaintiffs tried to
24 make is that well, there might be now a new claim.
25 They have sent ORCP 32-H notice, which,

Page 15

1  incidentally, was received by Auto Zone after the
2  correspondence that was sent to the managers. And
3  in this notice they say they intend to bring a
4  claim for misclassification of district managers
5  and store managers.
6       And as a result, plaintiffs believe that
7  they can go ahead and get discovery and contact
8  these district and store managers. And our
9  response on that is this is not a claim at present
10 in the litigation. And as a result, they don't get
11 to go ahead and contact these individuals who are
12 represented parties prior to bringing that claim.
13 And further, they went ahead and did the contact
14 even before we got the notice, and should not have
15 done that.
16      And then finally, again, this hearing in
17 front of Judge Bearden seems to come up often for
18 both sides. And during that hearing the plaintiffs
19 expressed to Judge Bearden their desire to contact
20 class members. They did not say putative class
21 members, and certainly Judge Bearden did not
22 anticipate that they would be contacting potential
23 class members that are two steps removed. In other
24 words, we don't have this claim yet for
25 misclassification of managers, and they are going

Page 16

1  ahead and contacting these store managers and
2  district managers.
3       That's the first issue that we have asked
4  the Court to consider and to order that plaintiff
5  should not contact represented parties.
6       The second issue --
7       THE COURT: I want to be careful and make
8  sure you understand we have a total of 45 minutes,
9  and you have now used up about 15. So in terms of
10 the other motions, you are reducing your time
11 accordingly.
12      MS. LIEBMAN-ALPERSON: I will be very brief,
13 Your Honor. On this last point, this is the
14 contact with the hourly employees who we concede
15 are not represented parties, and we're not asking
16 for a blanket prohibition against the contact, but
17 rather our concern is the kind of contact. And we
18 have outlined for you the problems with the letter
19 and questionnaire being misleading, containing
20 misrepresentations about the case.
21      And our point is that plaintiffs do not have
22 the right to unfettered contact with putative class
23 members. They can't have contact that is injurious
24 or harmful to Auto Zone. And we would ask that the
25 Court first rule that they can't use the

Page 17

1  questionnaire and the letter they have already been
2  sending, and that any future contact would be
3  reviewed by the parties. And if we can't reach
4  agreement, the Court would look at that before it
5  goes out.
6       THE COURT: Anything else on this motion?
7       MS. LIEBMAN-ALPERSON: No.
8       THE COURT: I will hear from the plaintiffs.
9       MR. BAILEY: Thank you, Your Honor. Counsel
10 is asking that you enact a prior restraint on
11 speech. We have argued in our briefing to you the
12 Constitutional effect of that kind of request.
13      One of the issues, I think, that oftentimes
14 gets strained a bit in defendant's argument, this
15 issue about the conversations between class counsel
16 and defense counsel.
17      At the onset, after the information was sent
18 out to the individuals and people for whom we got a
19 mailing list out of the documents that were
20 provided by the defendant in this case, the contact
21 then -- we then said, why don't you give us a list
22 of the people that you believe you represent. So
23 that we know, out of the group of people that we
24 sent, those who you would claim are somehow
25 restricted. And that if we can reach some

5  (Pages 14 to 17)

p79dc989-b2f4-4e8f-b9e9-fe4a8744db58

Exhibit _____
_____ 6 . 15

**Page 18**

1   agreement on those individuals, then we can deal
2   with that.
3       They refused to do that. That list that we
4   requested from them was basically in response to
5   their claim that we had sent out information to
6   folks they believe were represented. The issue of
7   representation becomes even more fuzzy when, in our
8   view, you look at the allegations and pleadings
9   that are being made by the defendant in its, kind
10  of, quasi-defense.
11      They have claimed now, and I think in every
12  instance where we had oral argument, that there's
13  some kind of blame for what is going on, some kind
14  of liability that may transfer to managers and
15  store managers and district managers by vicarious
16  liability.
17      If, in fact, that's the case, then it would
18  seem to me that there's an absolute bar, because of
19  the conflict of interest between these lawyers and
20  those employees. You can't have employees that
21  you — and represent the corporation if you are
22  going to turn to the Court and point to those folks
23  and say, they are the people responsible and,
24  therefore, have liability.
25      And I know, because I have talked to store

**Page 19**

1   managers, they have not been advised by the
2   corporation that their interests are being
3   proffered to this Court as possibly having
4   vicarious liability. They don't understand that
5   the corporation is taking issue with their actions,
6   and potentially claiming that they are the ones
7   that are responsible for any liability in this
8   case.
9       We don't believe that there is vicarious
10  liability. We think that's a red herring, as does
11  the Court, I think. But in any event, there is a
12  conflict of interest between the corporation as an
13  entity, and these individuals that they are now
14  seeking to keep anybody from talking to.
15      The second part of this is — and they don't
16  claim, and I was happy to hear that they did not
17  claim, there's a corporate management issue.
18      The last issue is whether or not these
19  folks, as I said, have somehow been — can be a
20  party to this case.
21      The case that they rely on out of New York
22  relies on a case out of Washington. And the
23  Washington case, we cited it in our brief. It's
24  very clear that those individuals that they would
25  seek to have us not speak with are not protected.

**Page 20**

1   They are not individuals who are represented. And
2   that's all I am going to say about that, because I
3   think it's been briefed ad nauseum.
4       The last part is that these are the same
5   folks who went to two nonexempt, obviously
6   individuals who are covered under the putative
7   class members — and it would be class members in
8   this case — and sought from them declarations to
9   use in support of contrary positions to the
10  plaintiffs' case.
11      And they did that in an in-person
12  discussion. And they found that there was nothing
13  untoward about going to those individuals and
14  seeking information from them.
15      This is a circumstance where we sent out the
16  questionnaires. I know why they don't like having
17  the questionnaires going out, because we have the
18  responses back. And the responses overwhelmingly
19  indicate that the violations that are alleged in
20  this case are correct.
21      THE COURT: Have you given them the answers?
22      MR. BAILEY: The results? Absolutely not.
23  That's work product at this point. But it will
24  show up eventually in this case.
25      THE COURT: I'm not sure it's work product

**Page 21**

1   when you have sent it out to all of these people.
2   I mean, that's a pretty — and there's different
3   ways of getting information in a case: there's
4   discovery and there's investigation.
5       MR. BAILEY: That's correct.
6       THE COURT: Discovery is covered by the
7   discovery rules, and investigation is not covered
8   by the discovery rules, unless there's a specific
9   overlap of a specific kind of investigation that
10  fits in with the discovery.
11      But once you obtain, from third parties,
12  evidence, I am not sure you are going to —
13  evidence that you think you may want to use, I am
14  not sure that is protected. I don't think that is
15  necessarily protected under work product. You may
16  very well be subject to a discovery request
17  at this point.
18      MR. BAILEY: And I think at that point
19  we would brief it, and the Court would have to
20  decide on it. But our position is until such time
21  as we determine to use the information, then — and
22  we have some individuals who have given us the
23  information and written right on it, "Please keep
24  my name quiet."
25      I mean, there's been some confidentiality

6   (Pages 18 to 21)

c79dc839-b2f4-4e8f-b9c0-fc4c8744dh58

Exhibit _____1_____

Page 22

1  issues with those kinds of things. So we --
2      THE COURT: Well, if you --
3      MR. BAILEY: -- protective order, even if
4  the Court made us provide it, that we would redact
5  some of this information because these employees
6  are current employees, and they fear for
7  retribution.
8      THE COURT: Have any of them, in their
9  answers, asked to have you as their lawyers?
10     MR. BAILEY: We didn't ask that question.
11     THE COURT: But I wonder if that came --
12     MR. BAILEY: We have had individuals
13  telephone us as a result of the questionnaires.
14  And in the discussion have indicated that they want
15  to be an active party, or an active part to this
16  lawsuit. We haven't requested, nor would we
17  solicit, an individual to have us represent them
18  outside of the class. We believe we are the
19  lawyers, because this is a putative class until
20  such time as we're not certified -- the class is
21  not certified. We have to act as though we do
22  represent them, and the Court has to treat it as a
23  class action.
24     THE COURT: You know there's no Oregon law
25  on that, right? You agree?

Page 23

1      MR. BAILEY: No. I don't agree. I believe
2  the Oregon courts are required to look to the
3  Federal rules to take a look and see what's
4  happening, and apply that in the district and the
5  circuit. And in the 9th Circuit, a class filed as
6  a class action, until such time as the class is not
7  certified through petitions, must be treated as a
8  class. And after it's not certified, for certain
9  matters it still has to be treated as a class. And
10 Oregon would ascribe to that.
11     And I don't know of any contrary law. I
12 don't know that there's a case contrary to that,
13 Your Honor. Sometimes we look around and we say --
14 and in a lot of our cases one of the issues is,
15 what law do you have to support that? And the
16 answer is, what law do you have that doesn't
17 support it, because there is no law. Oregon is
18 pretty much a babe in the woods in some of these
19 areas, and there is no law on those issues.
20     But unless the Court has some question about
21 it, the only question I have of the Court is at the
22 very outset, the Court indicated that this is not
23 governed under ORCP 79.
24     THE COURT: Right. I'm not viewing this
25 application as a request for a temporary

Page 24

1  restraining order under Rule 79. To that extent,
2  it would be close to satisfying it. This is an
3  application under Rule 32. That's how I am
4  treating it.
5      MR. BAILEY: And that would be the Court's
6  discretion on how to operate a class action?
7      THE COURT: Right. And I have a right to
8  control the party's conduct and class action Rule
9  32, I think, D or E, gives the trial court
10 significantly greater power to manage the case than
11 a regular case.
12     MR. BAILEY: That being the case, our only
13 argument, I suspect, with regard to how the Court
14 has to treat that is that the Court is bound by
15 those rules that would govern the freedom of speech
16 under the Constitutional issues that are there.
17 And the US Supreme Court has been pretty clear that
18 the Court must use -- it seems to be error to
19 engage in prior restraining unless there has been
20 some demonstrable showing of harm. And in this
21 particular case, the harm to the defendants is that
22 the people being contacted are advising us the
23 claim exists. I know they don't want to have that
24 said, but they can't stop it.
25     THE COURT: Thank you. The motion, as

Page 25

1  framed, is denied. I think the defense has an
2  incorrect view as to what the claim for relief is
3  in this case and, therefore, their analysis is not
4  helpful for the Court.
5      That does not mean that some modification of
6  what is going on shouldn't happen. But as I was
7  indicating before, there's two different ways to
8  get information, discovery and investigation. And
9  as far as I am concerned what the plaintiffs are
10 doing falls under investigation. And they are
11 entitled to conduct an investigation unless somehow
12 there is an ethical rule, or some other type of
13 rule that prohibits it.
14     There is no ethical rule that prohibits
15 contact with employees at the various stores.
16 There is no rule which gives the Court a direct
17 understanding of what happens for store managers or
18 even for district managers. That's really a case
19 by case basis. In this case I am going to conclude
20 that there is nothing wrong with contacting people
21 who have been line workers, even if now they happen
22 to be a store manager.
23     However, I am going to draw a line, based on
24 the information I have, that district managers are
25 a little bit different. The mere fact that

7  (Pages 22 to 25)

c79de939-b2f4-4e8f-b9c0-1c4c8744db58

Exhibit ___1___

___ 7 of 15

Page 26

1  somebody is paid now by salary as compared to by
2  hours itself is not significant.
3      Should there be future desires by the
4  plaintiffs to contact people, they must disclose
5  that what they are asking about is the person's
6  experience as an hourly employee, not their
7  experience as a wage employee.
8      I appreciate that there may very well be at
9  some point a reclassification of district managers,
10 but at this point I am going to conclude that more
11 likely than not that falls into the area where
12 there's representation, because of the fact that in
13 this case so far the defense actually has provided
14 representation to the two district managers that
15 were deposed. I think they were district
16 managers --
17     MR. BAILEY: Actually, the question was
18 asked at deposition, do you represent those people
19 individually, and the answer was no, we represent
20 them through the corporation.
21     THE COURT: They are acting as the lawyer
22 there for the district manager.
23     MR. BAILEY: Just for clarification --
24     THE COURT: Why don't you let me finish my
25 ruling first.

Page 27

1      MR. BAILEY: Would you please identify -- I
2  think you confused -- you started off saying
3  managers were okay, and then confused that word
4  with district managers. We're talking about not
5  sending anything at all to district managers?
6      THE COURT: That's correct.
7      MR. BAILEY: We're going to need to know who
8  those folks are.
9      THE COURT: I know. I'm going to require
10 the defense to provide a list of the district
11 managers, and any higher up people from that who
12 they don't want the plaintiffs to contact. And
13 we're going to start off assuming that that list is
14 correct. If the plaintiffs believe it's incorrect
15 they can persuade the defense of that, or come to
16 Court to say that that list is wrong.
17     The defense is free to contact the people,
18 too, as part of their investigation, as far as I am
19 concerned. They cannot try to persuade them not to
20 participate in the class, and there's no
21 indication -- we will get to that in the next
22 motion, but this is meant to be an expression from
23 me that the parties may investigate to prosecute
24 and defend their claims and defenses. They are
25 entitled to do that.

Page 28

1      If they want to take a deposition, they have
2  to follow the discovery rules. They want a request
3  for production, they have do that right. But if
4  they want to just talk to people, it happens in
5  cases all the time. And that's fine. I'm not
6  going to conclude that there's anything false or
7  misleading about any of the requests for
8  information. You don't have to tell them
9  everything. You just have to be honest.
10     And there's nothing in there which is
11 dishonest in the letter or the survey. I'm not
12 going to opine at this point whether the survey is
13 sufficiently reliable or sufficiently
14 non-misleading so as to permit its use in evidence.
15 I'm not ready to reach that conclusion. But that's
16 up to the plaintiffs. If they want to take their
17 risks on the quality of the survey, they can do so.
18 But --
19     Counsel, if you could wait, please, to talk
20 while I am making my ruling. I'll give you a
21 chance to talk later, but otherwise you are not
22 hearing what I am ordering. Excuse me.
23     It makes sense in class actions for
24 plaintiffs to run their survey questions by the
25 defense, and try to solve problems so as to make

Page 29

1  them more likely useable in court later. Their
2  failure to do so is at their own risk. I have been
3  involved in cases where surveys turn out to be
4  admissible, and where surveys turned out to be
5  inadmissible because they weren't up to the quality
6  they must be to become admissible. I'm not ready
7  to say what this one is.
8      Okay. So I think that covers -- I am
9  denying the motion except as -- in its entirety
10 because of the way it's framed. But I am going to
11 restrict the plaintiffs from sending anything to
12 district managers or above. And if they send
13 anything to anybody else, they have to make it
14 clear that they are asking about their experiences
15 as wage employees.
16     MR. BAILEY: Your Honor, to be certain on
17 this, when we're talking about district managers,
18 you are talking about current district managers,
19 not former employees of the corporation?
20     THE COURT: District managers meaning they
21 are currently district managers. Higher up from
22 district managers, even if they are former, I would
23 be very careful about it, if I were you, because
24 that falls right into that very close line.
25     MR. BAILEY: Actually, I was involved in a

8   (Pages 26 to 29)

Page 30

1  class action litigation in 1990 where both parties,
2  the Barran Liebman and our firm, submitted to the
3  Bar a request to make a determination on former
4  individuals, including the president of the
5  corporation. And the Bar wrote an opinion letter
6  back and said if they are former employees, and
7  cannot adjust the grievances of the subject matter
8  of the claim, that they are not represented parties
9  and, therefore, can be contacted.
10  THE COURT: But that doesn't mean there
11  aren't restrictions on that contact. You can't go
12  into what might have been talked about between
13  lawyer and client representative.
14  MR. BAILEY: Certainly. But any kind of
15  privileged information that occurred during the
16  course of their employment would not be
17  appropriate. But beyond that, the prohibition
18  itself was found by the Bar not to be --
19  THE COURT: We need to move on to the
20  plaintiffs' motion to restrict the defense. Let me
21  hear anything you would like to say on that.
22  MR. BAILEY: Your Honor, you have a
23  briefing. If you have some questions, we don't
24  want to eat up the entire time on this issue.
25  THE COURT: Okay. Then I will hear from the

Page 31

1  defense as to any additional oral argument they
2  would like to make.
3  MS. TIFT: Your Honor, probably this motion
4  is that what they are requiring Auto Zone to do is
5  to keep everything, knowing that "everything" is a
6  category that is too big.
7  They have looked at these documents, and
8  they are saying they need to be retained. And when
9  they did go through each month, they pulled out two
10  pieces of paper. And those two pieces of paper are
11  absolutely redundant to the other things they have
12  asked for. In any event, we're keeping it all now,
13  so --
14  THE COURT: Where is it?
15  MS. TIFT: Pardon me?
16  THE COURT: Where are the boxes?
17  MS. TIFT: The boxes are retained at each
18  store.
19  THE COURT: What about the boxes that were
20  previously shipped?
21  MS. TIFT: The boxes that were previously
22  shipped went to California. And they have not been
23  retained.
24  THE COURT: None? Not even the ones that
25  were shipped somewhat recently?

Page 32

1  MS. TIFT: There haven't been any recent
2  shipments.
3  THE COURT: When was the last shipment?
4  MS. TIFT: As I understand it, October of
5  2005.
6  THE COURT: So a box that was shipped in
7  2005 was immediately destroyed?
8  MS. TIFT: That's my understanding. But,
9  Your Honor, you have to understand that most of
10  that stuff they have gone through. This stuff --
11  most of the stuff that was destroyed doesn't relate
12  at all to this case.
13  THE COURT: But you don't get to make that
14  determination, Ms. Tift. Yeah, it's true in one
15  box maybe they only found two documents. In Box 34
16  they might find 100. You never know. Just because
17  they decided in a particular box as they are going
18  through, that they only needed a few documents
19  doesn't mean they don't get to go through the
20  boxes.
21  MS. TIFT: But they didn't ask to go through
22  the boxes. That's the other thing, you sort of
23  jump ahead here. They haven't really shown you a
24  discovery request where they said, show me
25  everything you have in the boxes.

Page 33

1  The issue came up in depositions, and I
2  volunteered this. This is not a specific discovery
3  request. They asked for specific kinds of
4  documents. If we had them, I gave them. If I
5  didn't have them, I told them we didn't have them.
6  And then they kept going on about the period
7  boxes. So I said, fine, look, these things are not
8  what you think they are. They are not relevant.
9  Mostly they have to do with how many alarms got set
10  off, because they didn't take the magnetic thing
11  off the product. If you want to look at the period
12  boxes, come look at the period boxes. That's what
13  happened.
14  THE COURT: If they want to look at them
15  now, do you care?
16  MS. TIFT: They can look at them.
17  THE COURT: So they are at the various
18  stores, so we have to talk about how they are going
19  to go to look at them.
20  MS. TIFT: If they want to. But it's
21  singularly unproductive.
22  THE COURT: That's their choice. If they
23  want to be unproductive and take their time, that's
24  their choice.
25  So are these going to be boxes you want to

DEBORAH COOK COURT REPORTING - (503) 537-0339
www.cookcourtreporting.com



Exhibit _____/
8  _of_ 15

## Page 34

1  look at first, or are you going to let them go out
2  there and look at them at the store and copy what
3  they want?
4      MS. TIFT: I am — I want you to understand
5  exactly what I am saying here, because this is
6  exactly how insignificant these are. They can go
7  look at them today — actually, probably not those.
8      THE COURT: And they can copy every document
9  in there, right?
10      MS. TIFT: If they want to.
11      THE COURT: So then it's a question of —
12  and so for purposes into the future, let's say —
13      MS. TIFT: Can I go back —
14      THE COURT: — once they copy them, then you
15  can get rid of them —
16      MS. TIFT: Can I go back? Can they copy
17  everything in there? I actually do have a problem
18  with that. There are customer credit card
19  receipts, which are a problem. They have lists of
20  commercial accounts that are delinquent. There are
21  commercial account information like who is — there
22  is some stuff — I really want to take that back,
23  because there's stuff in there that I would feel
24  would not be appropriately disclosed to the
25  plaintiffs' lawyers.

## Page 35

1      THE COURT: All right. But you are not
2  going to break that out. You would just as soon
3  let them go through it, but not copy it and you
4  tell them that they can't have that?
5      MS. TIFT: Right. Right.
6      THE COURT: How many boxes are in existence
7  now, if you know?
8      MS. TIFT: November — starting in November,
9  12 months back from November of 2005. So to
10  November of 2004, and then possibly some random —
11  we found random things that went back to 2003.
12      THE COURT: And each box from that — in
13  that time period is still sitting in the store?
14      MS. TIFT: Yes.
15      THE COURT: Do the stores need them?
16      MS. TIFT: They do keep a year's worth of
17  stuff, because they keep credit card receipts. And
18  if you return something, then they are trying to
19  find out if it's a pattern of somebody who gets
20  stuff, and then takes it back. They do use them.
21      THE COURT: Excuse me, one second.
22  Dave, it's after 9:30.
23      (Discussion off the record.)
24      THE COURT: So do you think they want to —
25  the ones they would have shipped by now, do you

## Page 36

1  think they want them out of their stores?
2      MS. TIFT: There's a storage space concern,
3  yes.
4      THE COURT: I am just wondering if you don't
5  want to take them all and put them in a centralized
6  place, and let the plaintiffs look at them. That
7  might help the stores.
8      MS. TIFT: The 12 months — they keep 12
9  months in the store for a reason.
10      THE COURT: But they are well past that now.
11      MS. TIFT: Some of them are. If that's what
12  you want, they will do that. The more — the ones
13  that go farther back in time, if you want four
14  months of all the stores stored in a particular
15  place, I can arrange that.
16      THE COURT: I am wondering if it makes sense
17  to take them all to a centralized place, let the
18  plaintiffs look through them, and ship them back.
19  Then you don't have to worry about it. They can go
20  back to the stores, and they can destroy them if
21  they want. I am trying to think of a way that it
22  might actually benefit your client, once we get to
23  the assumption that they get to look at them that
24  way.
25      I am trying to think if that wouldn't be

## Page 37

1  easier. Maybe not. Maybe all the shipments to and
2  fro are more difficult than leaving them where they
3  are, and dealing with storage issues.
4      MS. TIFT: I think maybe — you know, we
5  will do what you want.
6      THE COURT: Which — do you want to talk to
7  your clients and see what might be easier?
8      MS. TIFT: I think I probably should do
9  that.
10      THE COURT: Anything else about the
11  retention into the future? Do you have a problem
12  with that, even though you can't believe they want
13  it, and does it matter?
14      MS. TIFT: More importantly, I couldn't
15  foresee that's what they want. That's the problem.
16      THE COURT: We're not fighting about the
17  past. We're not necessarily past it. They
18  indicated that they want to bring it up in the
19  future. But at the moment we're dealing with what
20  they can look at now, and what they might be able
21  to look at into the future.
22      MS. TIFT: At this point in time I do not
23  understand — no one has expressed to me that there
24  is a concern about storage problems in the store
25  right now. If that — but I will check to see

10  (Pages 34 to 37)



Exhibit ____
Page  9  of  15

Page 38

1  whether or not they want to bring -- I think Ed
2  Rogers works out of a relatively big store.
3      And if they want to ship them to him,
4  especially the older things, or if they want to do
5  it at one store at a time so you can get them in
6  and get them out, I think there are more than 20
7  stores. So that's the problem also with the
8  central repository is where one store might be able
9  to manage 12 extra boxes, 12 times 22 starts to get
10  to be a lot of stuff, so that's the problem.
11      THE COURT: I am trying to think of what I
12  would like to do if I was a lawyer on either side
13  of this case. And I think I might want them all in
14  one place so they have some sense of -- rent a
15  storage place, or whatever. Plaintiffs get X
16  number of days to go through it all. They do it,
17  and then it's done. And then I am trying to think
18  of that. I'm not going to make you do that, but I
19  am trying to think that might be cheaper for
20  everybody. Might be.
21      MS. TIFT: I also want to point out -- and I
22  realize I am cutting into my time in a dangerous
23  fashion -- I had to make them come out and look at
24  these.
25      THE COURT: I know. I appreciate that.

Page 39

1  That's not the way it's going to play out in the
2  future.
3      Any reply from plaintiffs?
4      MR. POWELSON: Just very briefly, Your
5  Honor, we have specifically requested in discovery
6  requests -- in Plaintiffs' Fourth Set, and attached
7  to Exhibit J is my declaration, where we ask
8  defendant to produce each period box, and all
9  documents contained within that period box for each
10  of the stores for the month of October 2004. I
11  don't know if you had a chance to make sense of
12  that --
13      THE COURT: I looked at it, and made a
14  little sense of it.
15      MR. POWELSON: I personally went to the
16  Hillsboro and Aloha stores to look through those
17  boxes, and the oldest box that was there from my
18  estimate went back to December of 2004. Now, we
19  made a specific discovery request for the contents
20  of --
21      THE COURT: Are you sure you want to spend a
22  lot of time on that when they have already agreed
23  to let you look at them?
24      MR. POWELSON: And I guess you did indicate,
25  Your Honor, or recognize that we have said we

Page 40

1  probably will be back on this issue for spoliation
2  of the evidence for a lot of stuff. I would like
3  to point out, too, that, yeah, there are a lot of
4  Auto Zone stores, 22 in fact. And if I could make
5  a really quick example, let's assume --
6      THE COURT: Example of what? What are you
7  arguing about now so I know?
8      MR. POWELSON: Just of what may be in the
9  boxes, or --
10      THE COURT: Do you want to look at the
11  boxes? I don't care what's in the boxes. Do you
12  want to look at them? You get to look at them.
13      MR. POWELSON: Well, do you mind if I --
14  because when I did review the documents, there were
15  some serious disputes in which I mentioned, I see a
16  document and I would say, "That's responsive to the
17  X discovery request. I would like to have this
18  copied." And the defendant says, "No, you can't
19  have that, because those numbers are on some other
20  document and you are going to get that document."
21      THE COURT: You can make copies of any
22  documents in there that don't involve the kind of
23  confidential information that has nothing to do
24  with this case, credit card receipts from
25  customers, things that have nothing to do with the

Page 41

1  case.
2      Now, if you reach a dispute over that, mark
3  the document, make a copy of it, and the Court will
4  decide. But you get to have a copy of everything
5  you want. If they object to it, and you can't work
6  it out between yourselves, bring it to the Court.
7  But be sensible. Don't take things that are
8  obvious, like customer credit card information.
9  There's no reason for a copy of that.
10      MR. POWELSON: I just wanted to be clear on
11  that. I didn't know if it was like a deposition
12  where you call a judge, and say we have this
13  dispute.
14      THE COURT: My sense is you better collect
15  all the documents you have a dispute over, and do
16  it at one time.
17      MR. POWELSON: Yeah, that seems logical.
18  Otherwise, I don't have anything.
19      THE COURT: There's another motion. I don't
20  know if you want to have any argument on that. Do
21  you want to add anything to the -- not allowing
22  defense to talk to people? We have touched on it
23  already, but --
24      MS. TIFT: The central problem here is they
25  have not been able to show if there's anything in

11  (Pages 38 to 41)

cf8dc939-b2f4-4e8f-b9e6-fe4e8744db58

Exhibit _____ 7
_____ 10 . 15

**Page 42**

1  those declarations that wasn't correct. And I
2  dispute their characterization of the type of
3  conversation that went on.
4      THE COURT: Who had them? Was it you?
5      MS. TIFT: One time it was.
6      THE COURT: Who else?
7      MS. TIFT: One time we were together, and
8  one time was Ms. Liebman-Alperson. I simply said
9  show me how things work. They say they don't
10  remember, but I did tell them what the lawsuit was
11  about. They don't care, and what they told me was
12  accurate. And that's exactly what they said at the
13  deposition. That's the problem with this motion.
14  Thank you, Your Honor.
15      THE COURT: Any more on that?
16      MR. BAILEY: No, Your Honor.
17      THE COURT: The plaintiffs' motion for
18  protective order is denied. By no means am I
19  prepared to say that I would conclude, or certainly
20  would be surprised that if any other judge would
21  conclude, that an affidavit procured by the defense
22  to support their case in any way constitutes a
23  waiver of the right to participate in a class
24  action if it, in fact, turns out that the
25  plaintiff, that that particular person has claims.

**Page 43**

1      The mere fact that they said this is the way
2  things went on, that may be that that's going to be
3  some good impeachment if they take a different
4  position later, but that is not an opt out. It is
5  not a refusal to file a claim form. And it is not
6  a statement that I will never file a claim form.
7      Maybe these people don't know what happened,
8  and they are wrong. I can tell you in the Taco
9  Bell case quite a few people were surprised later
10  to find out they had claims. They didn't believe
11  something happened a certain way, only it turned
12  out it did happen. And ultimately everybody agreed
13  that it did happen.
14      So this is not to the prejudice of those two
15  people in any way if they have appropriate claims.
16  So that motion is denied.
17      On the preservation of the evidence, it
18  sounds like the defense agrees to preserve it.
19  They may not agree that it makes sense, but they
20  are willing to do so into the future. And they are
21  willing to permit plaintiffs to have reasonable
22  access to the documents and to copy them.
23      If there's a dispute over them, the Court
24  will deal with it. Hopefully that won't happen too
25  often, but it wouldn't shock me.

**Page 44**

1      All the requests for sanctions and fees are
2  denied.
3      Oh, one other thing. The plaintiffs do not
4  have a right to demand that conferences for
5  discovery disputes and other disputes must be
6  subject to a court reporter. You don't have the
7  right to demand it. Might be a good idea, but if
8  the other side doesn't agree, there's no rule that
9  requires that.
10      If the plaintiffs insist upon that, and the
11  defendant declines, then the plaintiff will not be
12  able to successfully file a motion, because they
13  will not have conferred. If the defense refuses to
14  confer at all, that's a different story. And the
15  same goes each way.
16      I understand there's been a communication
17  problem. And, yes, I want that to be improved.
18  But I am not going to allow one side to put
19  unreasonable demands, or at least demands that are
20  not permissible -- I am not going to say it's not
21  reasonable. I think in many respects it might be,
22  but it's not required by law and the defense
23  doesn't have to do it.
24      Dave, quickly, what is happening?
25      COURT CLERK: He's on hold.

**Page 45**

1      THE COURT: Let's see, is Mr. Rachel here?
2  There's no -- all right. Well, he will show up in
3  a couple of minutes or not. That's a different
4  matter.
5      We're now going to turn to the motion to
6  certify. I have read all the papers, and I am
7  ready to hear any additional argument, possibly a
8  very few minutes for it.
9      MR. BAILEY: Thank you, Your Honor. Does
10  the Court have any questions about the argument
11  that the plaintiffs made?
12      THE COURT: No, I think I understand it.
13      MR. BAILEY: We believe there is a
14  substantial question, and we think the proof of the
15  substantial question with regard to private right
16  of action for breaks and lunches lies in the
17  multitude of varying decisions within Multnomah
18  County.
19      That doesn't even take us outside of this
20  county to other courts where other courts are
21  allowing these same kinds of actions, and some
22  courts are denying them. But it recognizes a mixed
23  bag. And there's nothing that is going on, and
24  there's no appellate ruling here.
25      If you rely on two different states,

12  (Pages 42 to 45)

Exhibit ___
P___ 11 of 15

## Page 46

1   California and Washington, that are contiguous to
2   us, and you see what those courts are doing, and
3   what we see in this particular jurisdiction -- we
4   have listed a whole host of cases that -- currently
5   we have two cases in Multnomah County that are
6   certified. Not only did they survive Rule 21
7   motions and summary judgment, but they were
8   certified as class actions for the same claims.
9       We have had a number of cases that have gone
10  forward that have survived the preliminary issues
11  having to do with the pleadings, been settled, and
12  we have listed those for you. And the judges
13  involved in the settlements have found that the
14  cases are fair and reasonable, and the settlements
15  are fair and reasonable.
16      THE COURT: But you understand that's fair
17  and reasonable to the plaintiffs?
18      MR. BAILEY: Fair and reasonable to
19  everybody.
20      THE COURT: That's not the standard, is it?
21      MR. BAILEY: Absolutely.
22      THE COURT: The defendant gets to pay
23  whatever they want to pay and settle whatever they
24  want to settle.
25      MR. BAILEY: Exactly. But if you read the

## Page 47

1   Supreme Court's decisions, especially with the
2   Federal cases, the Supreme Court says there has to
3   be an independent analysis. And frankly, in our
4   firm, when we bring forward a settlement, that
5   settlement is supported by the documents that have
6   been -- and the discovery that is in there. And it
7   advises the court exactly what the claims are, and
8   what we're doing. And every court has looked at
9   those and said, I understand what is going on, and
10  I am certifying this action.
11      And the US Supreme Court, as well as the 9th
12  Circuit, has ruled that those certifications for
13  settlement purposes can be reviewed and overturned
14  if, in fact, it's wrong.
15      We don't think we're wrong. We think the
16  judges that have done this are right. There are
17  some judges, yourself being one of them, that have
18  said we don't have a private right of action, but
19  has to admit that there's no case law that would
20  say there's no private right of action because
21  there's no appellate decision.
22      We think this is ripe to go up. This is a
23  case where if we come back and try this case on the
24  remaining issues, that whatever the verdict is,
25  even if we prevail, the plaintiffs prevail, the

## Page 48

1   verdict will change based on what happens at the
2   Court of Appeals, and we will be right back here
3   doing a damage determination.
4       And we think this is an issue that should go
5   up immediately. It will change the entire outcome
6   of this case or not, based on this ruling. And we
7   think it's a matter that should go up and
8   especially because of the diversity within this
9   courthouse itself.
10      THE COURT: So if I were to grant your
11  motion, would you stop in your tracks on this case,
12  and work on the appeal, or would you want to
13  continue to work on this case and not have a stay?
14      MR. BAILEY: Here's the balance, the
15  balancing approach we believe would be appropriate.
16  We would want the case stayed for purposes of
17  trial.
18      Because as the Court knows, in class action
19  cases, the longer you go without doing your
20  continued investigation and your discovery, the
21  harder it is to keep track of those people who
22  would be necessary to make claims and so forth. So
23  we would like to go ahead and continue the
24  investigative process that would allow us to --
25  with the claims that are still in play, to do that,

## Page 49

1   to get that information. That investigation should
2   go on.
3       What we would see is a stay as to the trial
4   date, and have the trial date set immediately after
5   the Appellate Court rules.
6       THE COURT: Do you have a trial date?
7       MR. BAILEY: We have a trial date in this
8   matter that is -- we haven't filed a motion for
9   cert yet, and we will move the Court to allow us to
10  have some time, once we know what we're doing here,
11  to file our motion for cert.
12      THE COURT: So you don't have a current
13  trial date?
14      MR. BAILEY: I think -- I am sure that we
15  got one that has been set by the court.
16      THE COURT: My records show it's February
17  17th.
18      MR. BAILEY: And we will go before the Court
19  after today's hearing. We will go before the Court
20  to set that out to allow us to file either a motion
21  for certification on the remaining claims, and go
22  forward from there, or we will request the trial
23  court -- well, I think this Court can do it, is to
24  notify --
25      THE COURT: I don't know -- No. This case

13   (Pages 46 to 49)

Exhibit _____

Page 12 of 15

1   is not assigned to me for any purposes whatsoever.
2   I happen to be the motions judge. Presiding Court
3   will be in charge of this completely.
4          MR. BAILEY: What we anticipate -- the
5   history with Judge Koch is that when we go before
6   him, for all purposes, he's going to say, I'm going
7   to assign this case to Judge Kantor, because that's
8   what he has had. And we're in that stage with
9   class action where it's not going -- I'm not going
10  to call it a complex case, but still someone needs
11  to manage it, and you don't need to be coming back.
12         That needs to be taken care of, and we're
13  not concerned about that procedural effect. What
14  we're concerned about is if the Court grants this
15  interlocutory appeal and allows us to take this up,
16  it seems reasonably prudent not to try the case on
17  the remaining matters only to have to wait two
18  years from now if, in fact -- or a year from now,
19  whatever the Court of Appeals actually rules, when
20  we get a ruling on this issue.
21         But to stay the case completely seems to be
22  inappropriate, also.
23         THE COURT: You realize it's probably closer
24  to three years than to one year before you'd get an
25  appellate rule that was final? There's no question

1   there's no Oregon law directly on point here, so
2   the Court of Appeals is going to be your next stop,
3   not your final stop. There's going to be at least
4   a petition for review by the losing party.
5          MR. BAILEY: Perhaps.
6          THE COURT: In the Shay case it was two and
7   a half years before the Court of Appeals ruled. Is
8   this really what you want, because it could -- it
9   would effectively put this case in limbo land.
10         MR. BAILEY: The only other alternative
11  would be a request for a writ of mandamus, and I
12  have a case in California that came back yesterday
13  on an almost identical issue that went forward on a
14  writ. And the Supreme Court took it and pushed it
15  down. That's risky --
16         THE COURT: The Supreme Court in this case
17  has denied several writs from class action cases
18  trying to get around this question. And I'm not
19  saying you couldn't do it. I am just saying, I
20  know about five that they said, just one liners,
21  no, we don't want to do it.
22         MR. BAILEY: That's our anticipation is that
23  the Oregon Appeal route is more -- it's more
24  appropriate here to come and do a 19225 request
25  than it is to file a writ. And it's probably more

1   successful.
2          The issue is to have the Court of Appeals
3   look at it. The question that the Court is really
4   grappling with, in my view, in terms of time frame
5   is do we do a trial, even if it's in six months.
6   We do the certification process, and then do the
7   trial on the class action only to have that portion
8   of the case sit for two years while it goes up
9   anyway. Because it is going to go up. That issue
10  is not going to be dropped by either party. So
11  it's a question of pay me now or pay me later.
12         Our compromise is, let's take it up, do one
13  trial after the thing is over, but in the meantime
14  go ahead and do the discovery that would preserve
15  the evidence that would go to the trial when it
16  actually occurs, and not try to do that two and a
17  half years from now, if that's how long it takes.
18         THE COURT: I am going to ask you to hold on
19  just a moment.
20             (Discussion off the record.)
21         THE COURT: Please continue, unless you are
22  done.
23         MR. BAILEY: I think the Court has a full
24  grasp of what we're trying to do. Unless the Court
25  has some question on something that I have not

1   touched on --
2          THE COURT: Nothing else at the moment. Who
3   is going to respond?
4          MS. TIFT: Two things, Your Honor. I don't
5   believe the Court does have an adequate picture of
6   what is going on here. If there are independent
7   claims, there are claims that are independent from
8   the ones that they are purporting to take up on
9   appeal, then they need to say so. If they are
10  independent claims, we think those should proceed.
11         If there are -- if all of the claims are
12  pendent on this issue of rest and meal breaks, and
13  if they want an appeal, that's fine. But when it
14  appeals you can't continue to do discovery on
15  claims that have been dismissed. And that's
16  basically what I just heard here. They want to
17  do -- they want a three-year period of discovery,
18  and I am vehemently opposed to that.
19         THE COURT: That's not likely to happen.
20  That's not likely to happen. If this case goes up
21  on appeal, it's going to get stopped in its tracks.
22         MS. TIFT: Those are my only issues.
23         THE COURT: All right.
24         I have had to deal with this numerous times,
25  this issue, this type of request. I wish that

14   (Pages 50 to 53)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit ____1____
          13        15

**Page 54**

1  Oregon had a more efficient way of dealing with
2  these kinds of issues. In California there's a way
3  to take sort of a mid-case interlocutory appeal,
4  and get it advanced on the appellate docket. That
5  doesn't exist in Oregon.
6    In the Shay case, which is one of the few
7  cases where this statute is actually discussed, it
8  was a little embarrassing to have to wait for so
9  long for the decision. Plus then there was a
10  petition to review six to eight months before it
11  was denied.
12    So ultimately the bottom line is that I'm
13  not persuaded that the nature of the dispute or the
14  disagreement among trial judges is such that this
15  means this case should not go forward.
16    If the plaintiffs decide they do not want to
17  go forward on the case whatsoever, and have this
18  issue decided, I would be much more inclined. But
19  if I allow the motion under that kind of condition,
20  I am going to stop the case. There's not going to
21  be any more discovery.
22    Investigate all you wish, any way you want.
23  But there won't be any discovery. The case will be
24  stopped, because who knows what the case will be
25  when it comes back. So I am not going to have the

**Page 55**

1  parties engage in discovery when they don't know
2  what the claims for relief are. What do you want?
3    MR. BAILEY: We want to take the case up.
4    THE COURT: And you are willing to let the
5  case sit?
6    MR. BAILEY: The issue -- we're going to
7  investigate. We have got -- I mean, we're going to
8  continue to build our case.
9    THE COURT: But you can't take a deposition.
10  You can't issue a discovery request. You can't
11  review their documents that you don't already have.
12    MR. BAILEY: As long as you have them
13  preserved, then we want to take the case up.
14    THE COURT: Under that scenario, do you
15  really care? Just as soon that way. That way you
16  get the issue decided. You don't have to face
17  trial, you don't have to face anything.
18    MS. TIFT: So claims 1 and 2 are stayed?
19    THE COURT: Whatever is left in the case.
20  Is that all that is left? I can't remember. Yeah,
21  the entire case would be stayed.
22    MR. BAILEY: I think that's the late pay. I
23  think the claims left are late pay, and off the
24  clock.
25    THE COURT: And any additional claims you

**Page 56**

1  would want to include with your new notice, which
2  by the way, you have to figure out how to figure
3  out how to solve your statute of limitations issue
4  on that. You may have to file another case.
5    MR. BAILEY: That's always an alternative.
6    THE COURT: The odds are that would probably
7  get stayed, too, because then they would get
8  consolidated.
9    MR. BAILEY: Well, unless we don't bring any
10  kind of -- the claim having to do with the
11  misclassifications of the store managers may not
12  fit entirely with the claims of nonstore managers
13  that were already hourly anyway. It's kind of a
14  different circumstance.
15    So we haven't determined yet how or where
16  we're going to bring that action. But I don't find
17  that as an impediment, is what I am saying.
18    THE COURT: So given all of that, does the
19  defense still really oppose the motion? That way
20  it sort of --
21    MS. TIFT: We don't.
22    THE COURT: It begins to make sense under
23  that scenario, because it would be a different
24  case. I appreciate -- I could have you go -- deny
25  the motion and go forward, but then you also

**Page 57**

1  wouldn't know what would actually happen at the
2  end. This way you would know.
3    I don't suppose there's any other issues we
4  can get certified at the same time, and get it all
5  resolved. Do you agree on the way they phrased the
6  questions?
7    MS. TIFT: We would like to submit
8  something, Your Honor.
9    THE COURT: And I just was talking to Judge
10  Wilson in a totally unrelated type of class action
11  that she's dealing with, and she's facing the same
12  kind of concerns about certifying questions.
13    And what she decided after talking to me,
14  and I think what I want to decide here, now that we
15  know what we're going to do, I want to take a fresh
16  look about how you would articulate the questions
17  and discuss it.
18    If you can't agree, send them to me. I will
19  decide which questions to certify, or I will
20  rewrite them. You do understand, of course, that
21  the Court of Appeals gets to rewrite them if they
22  don't like them the way they are phrased. Of
23  course, if the Court of Appeals denies -- I mean,
24  this is step one. The Court of Appeals still has
25  to say yes. If they say no, we come back, we undo

15  (Pages 54 to 57)

DEBORAH COOK COURT REPORTING - (503) 537-0339
www.cookcourtreporting.com

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit _____