**Page 58**

1  the stay, and get going again. If they say yes,
2  then it goes on.
3      So under the circumstances where the parties
4  are agreeing, not happily, but agreeing that a full
5  stay happens, then that's what we will do, which
6  includes all discovery, including what we have all
7  been just talking about.
8      So everything would get stayed, and it goes,
9  up on appeal so nobody is spending money on a case
10 that may turn out to be significantly different
11 than what the plaintiffs are hoping it is now. Or
12 either way, because it may be you won't want that
13 discovery if it turns out you have a smaller case.
14 Who knows?
15     So we will stop everything. My orders that
16 I issued, I will sign an order to that effect. It
17 will be my order on the case. But further work on
18 it is stayed.
19     MR. BAILEY: Your Honor, to be real clear,
20 the 10-day rule for the submission of a complaint
21 that comports with the order that strikes the
22 various claims that we have, that is stayed. We
23 don't have to amend our complaint at this time, but
24 we will do everything after we start back up.
25     THE COURT: The entire case is stayed.

**Page 59**

1  Parties are free to do things that the Court
2  doesn't get involved in, as long as they are
3  appropriate and ethical.
4      Obviously, I retain such jurisdiction over
5  the case as to protect the integrity of the class
6  action, but no work is to be done on the case
7  unless there's some sort of emergency.
8      That will get rid of your trial date, as
9  well. You won't need to talk to Judge Koch,
10 because I am staying the case.
11     MR. BAILEY: Do we need to talk to him?
12     THE COURT: I will let them know. I will
13 let his staff know that this trial date should be
14 taken off, because the case has been stayed. But
15 the order might take a while before we get it
16 issued.
17     So I want the order to set out -- or to send
18 me a proposed order or two that sets out exactly
19 the issues to be certified. Because it's really, I
20 think -- I can't remember. Is it the decision that
21 is certified, or the issue that is certified?
22     MR. BAILEY: The issue,
23     THE COURT: So it doesn't have to be in the
24 prior order. We don't have to give them the order.
25     So meanwhile, I want to get that other order

**Page 60**

1  signed. And I think that covers it.
2      Well, you will all be talking to each other
3  through the Court of Appeals after we get these
4  orders done. My guess is it's going to take a
5  while even to get an answer from them as to whether
6  they are willing to accept it, and we'll take it
7  from there.
8      MR. BAILEY: Thank you.
9      MS. TIFT: Thank you.
10     THE COURT: Thank you.
11         ENDING TIME: 10:05 A.M.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Page 61**

1  STATE OF OREGON )
2                 ) ss.
3  COUNTY OF YAMHILL)
4      I, Deborah L. Cook, RPR, a Certified Shorthand
5  Reporter, CSR in and for the State of Oregon and
6  Washington, hereby certify that at said time and place
7  I reported in stenotype all testimony adduced and
8  other oral proceedings had in the foregoing hearing
9  from audio recording; that thereafter my notes were
10 transcribed via computer-aided transcription by me
11 personally; and that the foregoing transcript
12 contains, to the best of my ability based on the sound
13 quality of said audio recording, a true and correct
14 record of such testimony adduced and other oral
15 proceedings had and of the whole thereof.
16     Witness my hand and seal at Dundee, Oregon,
17 this 1st day of February, 2006.
18
19
20
21         DEBORAH L. COOK, RPR
           Certified Shorthand Reporter
           OREGON CSR #04-0389
22         CALIFORNIA CSR #12886
           WASHINGTON CSR #2992
23
24
25

16  (Pages 58 to 61)

c79dc939-b2f4-4e8f-b9c0-fc4c8744db58

Exhibit _____



1

2

3

4

5              IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                    FOR THE COUNTY OF MULTNOMAH

7

8
   MICHAEL MIGIS, individually, and on          No. 0711-13531
9  behalf of all other persons similarly
   situated,                                    **DEFENDANT AUTOZONE, INC.'S REPLY**
10                                              **MEMORANDUM IN SUPPORT OF ITS**
                        Plaintiff,              **MOTION TO CONSOLIDATE AND STAY**
11                                              **PROCEEDINGS**
          vs.
12
   AUTOZONE, INC., a Nevada
13 Corporation,

14                      Defendant.

15

16        Defendant AutoZone, Inc. ("AutoZone") respectfully submits the following Reply

17  Memorandum in Support of its Motion to Consolidate and Stay.  This Reply Memorandum is

18  supported by the accompanying Declaration of Neil N. Olsen ("Olsen Declaration") and the

19  pleadings and papers herein.

20        Notwithstanding Plaintiff's attempted arguments to the contrary, this action is ripe for stay

21

22  and consolidation or coordination with *Joarnt v. AutoZone, Inc.* ("*Joarnt*").  In fact,  Plaintiff's

23  Response, at its core, supports the argument that this action and *Joarnt* are intimately intertwined.  In

24  light of this, and because Judge Kantor stayed *Joarnt* pending the outcome of the *Joarnt* plaintiffs'

25  appeal of the dismissal of their meal and rest period claims (claims present in this action), this Court,

26

---

Page 1 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

pursuant to its inherent authority to regulate its own docket and determine the fairest course for the parties, should completely stay this action pending resolution of the *Joarnt* appeal, and upon such resolution, consolidate the actions for discovery and trial.

## I.    PLAINTIFF'S RESPONSE SUPPORTS STAY AND CONSOLIDATION

Boiled down to its core, Plaintiff's Response contends that some claims in the Migis lawsuit are slightly different from those asserted in *Joarnt*—relating to different, but overlapping periods of time—but that the main difference, the one that should drive the Court's decision making in his favor, is the fact Migis alleges the same meal and rest period claims that are currently on appeal in *Joarnt*. This alleged "difference" is actually the similarity that most strongly counsels in favor of staying this action. To allow Plaintiff to continue prosecuting this action, included with it claims identical to those on appeal in *Joarnt*, would expose the litigants and the Court to the real possibility of spending substantial time and money on issues that are currently being appealed by Plaintiff's counsel—before that appeal has run its course.

Both the Plaintiff's attorney[1] and Judge Kantor recognized this fact in implementing the stay in *Joarnt* when its meal and rest period claims went up on appeal. Plaintiff's counsel noted that with the then prospect of meal and rest period claims on appeal, "it seems reasonably prudent not to try the case on the remaining matters only to have to redo it two years from now if, in fact—or a year from now, whatever the Court of Appeals actually rules, when we a get a ruling on this issue." *See* Olsen Decl, Ex. 1 at 14. Judge Kantor noted that with the meal and rest period claims going up on appeal, "everything would get stayed, and it goes up on appeal *so nobody is spending money on a case that may turn out to be significantly different from what the plaintiffs are hoping it is now.*"

---

[1] As has been previously noted, Plaintiff's counsel also serves as counsel for the *Joarnt* plaintiffs.

Page 2 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1   *See id.*, Ex. 1 at 16 (emphasis added).  If a stay made sense to Judge Kantor and counsel then, it

2   should, and does, make sense now.

3        Plaintiff's reliance on *Gafur v. Legacy Good Samaritan Hospital & Medical Center,* 213 Or

4   App 343 (2007), *rev. granted*, 343 Or 467 (2007), is misplaced.  First, the Court of Appeals in *Gafur*

5   allowed the plaintiff to assert a private right of action for missed rest period wages, but not for

6   missed meal breaks.  Specifically, the court held that "defendants' violation of the meal break rule,

7   as that violation was alleged in this case, does not give plaintiffs a private right of action, but

8   violation of the rest break rule does." *Id.* at 345.  Thus, the Court of Appeals in *Gafur* did not, as

9   Plaintiff argues in his Response, rule "that there is a private right of action for missed rest periods

10  and wages due for improper lunch breaks."[2]  *See* Pls. Resp. at 3.  Second, the *Gafur* decision, based

11  on a Rule 21 motion, makes clear that the court was driven by the specific allegations of the *Gafur*

12  plaintiff.  Therefore, what passes in the *Gafur* complaint does not necessarily pass here.  A better

13  measure here would be the *Joarnt* allegations, which, as set forth in previous briefing, are virtually

14  identical, and which are currently at the Court of Appeals for review.

15       In sum, Plaintiff's own argument—that his claims differ from the currently stayed *Joarnt*

16  claims because he includes claims identical to those on appeal in *Joarnt*—supports AutoZone's

17  motion.  Allowing Plaintiff's claims to go forward without the benefit of final adjudication of the

18  *Joarnt* appeal would provide for the distinct possibility of severe inefficiency for the litigants and the

19  judicial system.  As argued more fully below, the Court should stay this action pending the outcome

20  of the *Joarnt* appeal and then consolidate or coordinate the nearly identical actions.

---

[2] In any event, the factual posture of *Joarnt* was that employees, on occasion, did not have a full thirty minute lunch period—but it was clear that when they returned to work and because of AutoZone's electronic timekeeping processes, they were on the clock.

Page 3 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

**II.    THE COURT SHOULD COMPLETELY STAY THIS ACTION PENDING RESOLUTION OF THE JOARNT APPEAL, AND UPON SUCH RESOLUTION, CONSOLIDATE OR COORDINATE THE ACTIONS FOR DISCOVERY AND TRIAL**

Whether the Court eventually consolidates under ORCP 53 or coordinates under ORCP 32L, AutoZone moved for a stay of this action, the Court has the power to grant a stay, and it should—for the sake of judicial economy and consistency of judgments—stay this action pending the outcome of the *Joarnt* appeal. Furthermore, despite Plaintiff's attempt to downplay the effect of Judge Kantor's stay in *Joarnt*, *see* Pls. Resp. at 7 n.6, a complete stay of this action would prevent what appears to be an attempted end run around Judge Kantor's stay of the nearly identical *Joarnt* action pending outcome of the appeal.

The power to stay this action pending the outcome of the appeal in *Joarnt* is well within the power of this Court. As has been recognized by the Ninth Circuit:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F2d 1458, 1465 (9th Cir 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F2d 857, 863n-64 (9th Cir 1979), *cert. denied,* 444 US 827 (1979), which in turn cited *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 US 180 (1952)). While this is not controlling authority, it should speak persuasively to the power of American trial courts, in general, and this Court, specifically.

A stay of this action pending the outcome of the *Joarnt* appeal is the most efficient and fair way to proceed. Plaintiff failed to rebut in any way AutoZone's arguments regarding judicial

---

Page 4 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

efficiency and the avoidance of conflicting judgments because there is no sound opposition to them in these circumstances. As it does not make sense from judicial efficiency or consistency of judgments perspectives to allow *Joarnt* to move forward while two of its main claims are on appeal, it does not make sense to allow nearly identical claims in this case to move forward pending the outcome of the *Joarnt* appeal, which could dramatically alter the landscape of the litigation. To allow otherwise would be to ignore the significant time and expense borne by the Court and the litigants in this type of action. Discovery and trial should occur only once if at all possible.

Plaintiff's claimed prejudice resulting from a stay does not withstand scrutiny. First, Plaintiff is mistaken in its reliance upon *United States Parole Commission v. Geraghty*, 445 US 388, 402n-04 (1980), and *Schwendeman v. USAA Casualty Insurance Co.*, 116 Wn App 9, 17 n13 (2003), for the proposition that Plaintiff's right to pursue class certification somehow trumps the Court's power to stay an action in the interests of judicial efficiency and fairness. Both *Geraghty* and *Schwendeman* addressed the mootness doctrine, specifically, whether a class representative could continue to pursue claims on behalf of the class if his or her personal standing ceased to exist. Neither case is instructive for the current question. Second, Plaintiff's contention that "[s]hould he be forced to wait until *Joarnt* is dislodged from the Court of Appeals, [he] will have no way of obtaining discovery," *see* Pls. Resp. at 8, is without basis. AutoZone has and will continue to comply with any existing obligation to preserve evidence.

## III.    PLAINTIFF'S OTHER ARGUMENTS ARE WITHOUT MERIT

In an attempt to distract from the important substantive issues raised by AutoZone's motion, Plaintiff contends that the motion is somehow a motion for reconsideration of the Court's denial of AutoZone's Rule 21A(3) motion. This argument is absurd. First, the motion to stay and consolidate

Page 5 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

is not a motion to dismiss; it asks for different kinds of relief and requires the Court and parties to address substantively different questions of law.  Second, and in any event, AutoZone's Rule 21A(3) motion was *not* decided on the merits.  The Court denied it because AutoZone did not comply with the conferral requirements of UTCR 5.010, as stringently construed by the decision of the Court of Appeals in *Anderson v. State Farm Mutual Auto Insurance Co.*, 217 Or App 592 (2008), which came down the day before the hearing on the Rule 21A(3) motion.

Finally, Plaintiff attempts to posture for later certification proceedings by asserting that AutoZone's current arguments in support of staying and consolidating should estop it from later arguing that there are no questions of law or fact common to the class or that there is no predominance of common questions of law or fact over individual ones.  *See* Pls. Resp. at 4 n.3. Plaintiff is again mistaken.  AutoZone's argument here is that the *Joarnt* and *Migis* actions share the same parties, counsel, allegations, and claims; not that the putative members of each action's class share the requisite commonality to secure class certification.  Thus, plaintiff's attempts at clouding the real issue before this Court should be rejected.

## IV.    CONCLUSION

In sum, the Court, pursuant to its inherent authority to regulate its own docket and determine the fairest course for the parties, should completely stay this action pending resolution of the *Joarnt* appeal, and upon such resolution, consolidate or coordinate the actions for discovery and trial.

Dated:  March 4, 2008

Douglas S. Parker, OSB No. 821017
dparker@littler.com
Neil N. Olsen, OSB No. 053378
nolsen@littler.com

Attorneys for Defendant AutoZone, Inc.

Page 6 – DEFENDANT'S REPLY MEMO IN SUPPORT OF ITS
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008 I served a full, true, and correct copy of the

foregoing **DEFENDANT AUTOZONE, INC.'S REPLY MEMORANDUM IN SUPPORT**

**OF ITS MOTION TO CONSOLIDATE AND STAY PROCEEDINGS**:

☐　　　By delivery via messenger, or otherwise by hand,

☒　　　By facsimile,

☐　　　By e-mail,

☒　　　By mailing same, postage paid,

addressed to:

> Bailey Pinney & Associates LLC
> Attorneys at Law
> 1498 SE Tech Center Place
> Suite 290
> Vancouver, WA  98683
> Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____
　　　　　Neil N. Olsen

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

Mp

1

2  ENTERED

3  MAR 1 0 2008

4  N REGISTER BY EG

FILED
FEB 2 6 2008
Multnomah County, Oregon
Circuit Courts

### IN THE CIRCUIT COURT OF THE STATE OF OREGON

### FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, *et al.*, | Case No. **0711-13531** |
| Plaintiffs, | |
| v. | **PETITION AND [PROPOSED] ORDER FOR EXPEDITED HEARING** |
| AUTOZONE, INC., | |
| Defendant. | |

Comes now PLAINTIFF MICHAEL MIGIS, by the attorneys named below, and petitions for an expedited hearing on the motion indicated below. The underlying Motion and Declaration are presented herewith for filing with the Clerk.

1. *Nature of the underlying motion for which an expedited hearing is requested*:

   ✓  Motion to Compel
   ✓  Other Motion as Follows: Determine Sufficiency of Defendant's Responses to
       Plaintiff's First Requests for Admission

2. *Nature of the emergency which requires the setting of the motion to be expedited*:

   Plaintiff filed this case in November 2007 as a class action; Defendants filed an ORCP 21A(3) Motion to Dismiss, and a Motion for Temporary Stay of Discovery (pending the motion to dismiss). Defendant refused to produce any discovery, but committed to supplement its discovery responses should this matter survive those Motions.

   On February 7, 2008, The Hon. Jerome LaBarre denied Defendant's Motions. Defendant then again refused to produce the information at issue (and necessary for moving for class certification), claiming that it would instead file a motion for consolidation and stay of discovery.

ORIGINAL

Page 1 -    **PETITION AND ORDER FOR EXPEDITED HEARING**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

3.   *Trial Date*: July 3, 2008; Date certain? ☐ Yes    **X** No

4.   *The Civil Calendaring Department of the court has been contacted and indicates no hearing time is available prior to*: The week of March 31, 2008.

5.   *Judges who have heard previous motions in this matter are*: The Honorable Jerome LaBarre

6.   *Judges scheduled to hear pending motions in this matter are*: Defendant filed a motion for Judge LaBarre's consideration, but upon information and belief has not yet filed and served a praecipe.

I certify that I have complied with SLR 5.025(3) regarding notice of this *ex parte* appearance to opposing parties.

DATED February 22, 2008.

_____
A.E. "BUD" BAILEY, OSB 87157
CHEY POWELSON, OSB 03551
Attorneys for Plaintiff

---

## ORDER

The request for expedited hearing is GRANTED.

Call Date _____        Hearing Date _____

Failure to report at call pursuant to SLR 7.055(8)(A) will result in an expedited motion being stricken pursuant to UTCR 1.090.

For expedited motions you must comply with the praecipe requirements of SLR 5.015.

Pursuant to UTCR 7.040, the parties shall report immediately to the court any resolution of this matter prior to the call date.

Dated this _____ day of February 2008.

_____
Multnomah Co. Circuit Court Judge

Page 2 -    **PETITION AND ORDER FOR EXPEDITED HEARING**

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Petition and Order for Expedited Hearing** upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    February 22, 2008

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 FEB 26 AM 11:21

FILED

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR MULTNOMAH COUNTY**

ENTERED
MAR 10 2008
IN REGISTER BY EG

Michael Migus _____     Case No. 0711-13531
Plaintiff

v.                                                ORDER RE:
                                                  EXPEDITED MOTION HEARING
                                          )
Autozone, Inc _____      )
Defendant                                )
                                          )

Petitioner's request for an expedited setting of the motion _to compel discovery_ is:

☐   Denied, and the underlying motion is returned to petitioner for scheduling in regular course.

☐   Denied, with leave to present the underlying motion to the trial judge.

☐   Allowed, and underlying motion is _____ without further hearing.

☒   Allowed, and underlying motion is assigned to Judge __La Barre__ for hearing.  Petitioner shall contact the assigned judge, in coordination with all necessary parties, to set a date and time.

Date signed: __February 25, 2008__

_____
Signature

Christopher J. Marshall
Name of Judge Typed or Printed

To be heard on an expedited basis with Δ's motions to consolidate and stay discovery. Parties to contact Judge La Barre to schedule.

**ORDER RE: EXPEDITED HEARING**

1
2
3
4
5

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

6
7
8

**MICHAEL MIGIS**, individually, and on behalf of all others similarly situated,

Plaintiff,

9
10

v.

11
12

**AUTOZONE, INC.**,

Defendant.

13

Case No. **0711-13531**

**REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

14
15

## I. INTRODUCTION

16      In its opposition to Plaintiff's Motion to compel, Defendant:

17      (1)   Fails to rebut Rule 43's express requirement that a party objecting to discovery must

18            do so by the date a response is due; and

19      (2)   Fails to show good cause that Plaintiff's discovery requests are unduly burdensome.

20      The Court should therefore order Defendant to produce all documents responsive to: (a)

21  Plaintiff's First Set of Requests For Production Nos. **1 - 6** seeking class certification-related

22  information for a one year time period, back from the date of November 2007; and (b) Plaintiff's

23  Second Set of Requests For Production, to which AutoZone refused to object or respond.

24  ///

25  ///

26
Page 1 -      REPLY  SUPPORTING  PLAINTIFF'S  FIRST  MOTION  FOR  AN ORDER COMPELLING
              DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

RECEIVED

MAR 0 6 2008

## II. POINTS & AUTHORITIES

**A.    Defendant Waived the Objections It Now Raises in Response to the Motion to Compel.**

*1.    Plaintiff's Second Set of Requests For Production*

A court shall construe the Oregon Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." ORCP 1B. Defendant AutoZone's responses to Plaintiff's Second set of request for production undermine Rule 1. Defendant refused to respond until six weeks after the due date (and after Plaintiff filed a motion to compel), and only then did AutoZone: (a) lodge multiple objections; and (b) refuse to produce the requested information. See *Powelson Reply Decl.*, Exs. A & B (Defendant's objections). In fact, AutoZone counsel Leigh Ann Tift has subsequently described Plaintiff's waiver argument as "patently foolish." *Id.*, Ex. A.

But Rule 43B is clear: a party must respond or object to a discovery request by the due date.[1] "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Accord, *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (citing multiple authorities); and *Safeco Ins. Co. v. Rawstrom*, 183 F.R.D. 668 , 671 (C.D. Cal. 1998) (in context of answering interrogatories, Court stating, "Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for

---

[1]    Defendant is mistaken to suggest that ORCP 46D (which includes a provision for sanctions for failing to respond to discovery) only applies to a deponent who fails to produce documents at a deposition. The heading of that Rule indicates as much, as does the following case law discussing the analogous Federal Rule 37(d): *Western Assoc. of Health Care Providers v. Harris*, 1982 U.S. Dist. LEXIS 11602, *3-4 (D.Or., April 6, 1982); *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981); and *Toma v. Weatherford*, 846 F.2d 58, 60 (10th Cir. 1988); *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed.Cir. 1990); and *United States v. Reyes*, 307 F.3d 451, 457-58 (6th Cir. 2002). Nonetheless, for whatever reason Defendant argues against the existence of a 46D safe harbor provision, and for purposes of this motion only Plaintiff stipulates to Defendant's express waiver of any safe harbor provision that may have been available to it (notwithstanding the UTCR 5.010 violations).

Page 2 -    **REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    response[.]"). Cf. *Lybbert v. Grant County*, 141 Wash.2d 29, 39 (2000) (in context of waiver of

2    an affirmative defense, Court stating, "If litigants are at liberty to act in an inconsistent fashion

3    or employ delaying tactics, the purpose behind the procedural rules may be compromised.").

4         An Oregon Court of Appeals has found that a later-asserted claim of "trade secret" had

5    not been waived simply because the responding party, though failing to expressly object, had

6    indicated that disclosure was "conditional," and the "time agreed for production was 'somewhat

7    indefinite.'" *Citizens' Utility Bd. v. Oregon Public Utility Comm'n*, 128 Ore. App. 650, 657

8    (1994). Cf. *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 206 (D. Kan. 1996) ("the Rules do not provide

9    for the reservation of objections").

10        However, *Citizens'* is distinguishable from this case because AutoZone's counsel failed

11   to respond or object to the Second Set of discovery requests in any form, and the time to respond

12   was definite: 30 days from the date of service. AutoZone's refusal to timely object undermines

13   "the general philosophy of the pretrial disclosure discovery rules, namely to facilitate the swift

14   and efficient disclosure of all information relevant to the subject matter of a case." *Rawstrom*,

15   183 F.R.D. at 671.

16        Plaintiff's Second set of discovery requested information relevant to the subject matter

17   of the case: employee driving and delivery policies (RFP Nos. 1 - 3); documents reflecting missed

18   meal periods (RFP No. 4); Plaintiff's weekly work schedules (RFP No. 5); all weekly

19   summarization of hours Plaintiff worked (RFP No. 6); and store security system time logs (RFP

20   Nos. 7 - 8), which are usually more accurate than time records showing when an employee began

21   and ended work. *Powelson Reply Decl.*, Ex. B.

22        The total of 10 weeks before AutoZone even objected may have a ripple effect on the

23   entire course of this litigation, both in the context of class certification, and the default, one-year

24   to trial requirement in Multnomah County. The Court should therefore not permit Defendant to

25   interpose numerous objections long-since waived. Those objections will only further delay this

26

Page 3 -    **REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  case and a full and fair opportunity to discover the merits of the parties' claims and defenses.

2  The Court should order production of the requested documents.

3      2.    *Plaintiff's First Set of Discovery Requests (including Requests For Admission)*

4  Defendant's initial responses to Plaintiff's First Set of discovery requests, including the

5  Requests For Admission, did not include objections that the requests were "overbroad" or unduly

6  burdensome, but rather expressly referenced AutoZone's commitment to supplement its responses

7  "[i]f this matter survives Defendant's Motion to Dismiss or if Defendant's Motion to Stay

8  Discovery is not granted[.]" Defendant had from November 2007 until January 10 to lodge proper

9  objections. On February 29, however, Defendant lodged additional objections, and refused to

10 produce information in response to the requests, which incorporate a time period of one year,

11 back from the date of filing in November 2007. *Powelson Reply Decl.*, Ex. C. The discovery

12 does not overlap with the *Joarnt* discovery.

13 On February 29 Defendant also "supplemented" its responses to Plaintiff's Requests For

14 Admission with a plethora of additional objections, followed by denials. *Powelson Reply Decl.*,

15 Ex. C. Because Plaintiff's Requests for Production 2, 4, and 6 request all documents supporting

16 Defendant's denials, even if this Court declines to deem Plaintiff's Requests For Admission as

17 admitted, it should nonetheless order: (a) that Defendant's objections are waived; and (b) that

18 Defendant produce the documents in response to RFP Nos. 2, 4 and 6.

19 **B.**    **Defendant Fails to Show Good Cause As to How Plaintiff's Discovery Requests are**

20       **"Overbroad" or Unduly Burdensome.**

21 Even if the Court declines to find AutoZone waived its objections to any of the discovery

22 requests at issue, AutoZone has not made the requisite showing that the requests are, in fact,

23 overly broad or unduly burdensome.

24 "A request for discovery must often be couched in broad terms, because the significance

25 of the material cannot always be determined until it has been inspected." *Vaughan v. Taylor*, 79

26

Page 4 -    **REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  Or App 359, 365 (1986), *rev. den.*, 301 Or 445 (1986).  See also *Pacific Northwest Bell Tel. Co.*

2  *v. Century Home Components, Inc.*, 261 Or 333, 339 (1971).  The broad right to discovery is

3  "based on the general principle that...wide access to relevant facts serves the integrity and fairness

4  of the judicial process by promoting the search for the truth." *Rivera v. Nibco, Inc.*, 384 F.3d 822,

5  824 (9th Cir. 2004) (cite and quotes omitted).  See also *Hickman v. Taylor*, 329 U.S. 495, 507-08

6  (1947).

7         If a party refuses to produce otherwise discoverable information, the party should move

8  for a protective order under ORCP 36C.  Objections that a discovery request is overly broad or

9  unduly burdensome requires that the objecting party support those claims with sufficient

10  specificity; the party cannot rely upon "stereotyped and conclusory statements." See *Gulf Oil Co.*

11  *v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); and *Lawrence v. First Kan. Bank & Trust Co.*, 169

12  F.R.D. 657, 659 (D.Kan. 1996).

13         Rule 36C requires a showing of good cause as to why production would be, for example,

14  unduly burdensome or expensive.  The "good cause" standard "typically imposes an obligation

15  on the objecting party to provide an affidavit or other evidentiary proof of the time or expense

16  involved." *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004).[2]

17  "Broad allegations of harm unsubstantiated by specific examples or articulated reasoning do not

18  satisfy the good cause requirement." *Citizens' Utility Board* at 658 (cite omitted).[3]

19         AutoZone fails to show good cause why Plaintiff's Second Set of requests for production

20  are "burdensome, "overbroad," or "unduly invasive" of employee privacy interests.  For example,

21

22         [2]  See also *In re Convergent Technologies Securities Lit.*, 108 F.R.D. 328, 339 (N.D.Cal. 1985) (Court explaining that "the party feeling victimized could submit competent affidavits and/or other documentary evidence that squarely contradicts...its opponent's position, along with briefs showing how, under the relevant law, its opponent's position is meritless."); and *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D.Kan. 2003).

23

24

25         [3]  Because ORCP 46A(2) incorporates ORCP 36C, the latter Rule's standards apply to this analysis.

26

Page 5 -    **REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1  there is no affidavit from an AutoZone employee, or even AutoZone's counsel, representing it

2  will take "X number of hours" and "Y number of people" to produce the information requested,

3  at an "estimated cost of Z" to the company. Defendant also fails to explain how its employees'

4  privacy interests would be compromised by production of clock in and clock out times.

5         Plaintiff raised the issue (lack of good cause) in response to Defendant's prior Motion for

6  Temporary Stay of Discovery. But four weeks later Defendant is still unable to show good cause,

7  and instead makes stereotyped and conclusory arguments unsupported by sworn testimony. The

8  same rationale applies to Defendant's objections to Plaintiff's Second Set of Requests For

9  Production: Defendant's arguments and objections fail under ORCP 36C.

10         Finally, whether production of the documents Plaintiff requested in both sets of discovery

11  will affect the pre-class certification, and the determination of certification itself.    While

12  AutoZone argues against "overreaching" in discovery in the class action context, in this case

13  AutoZone will not produce any class-related discovery absent a Court order.  AutoZone seems

14  to ignore the Court's obligation under ORCP 32C(1) to make findings of fact and conclusions

15  of law explaining why an action is or is not maintainable as a class action.

16         It is therefore proper to:

17              [A]fford the litigants an opportunity to present evidence as to whether a

18              class action [is] maintainable.  And, the necessary antecedent to the

19              presentation of evidence is...enough discovery to obtain the material,

20              **especially when the information is within the sole possession of the**

21              **defendant**.

22  *Donniger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (bold added). See

23  also ORCP 32E(1); *Armstrong v. Davis*, 275 F.3d 849, 871-2 and 879, n. 28 (9th Cir. 2001) (A

24  court "may permit discovery to determine whether class certification is appropriate." (cite

25  omitted); *In re "Dalkon Shield" IUD Prods.*, 526 F. Supp. 887, 917 (N.D.Cal. 1981); and *Doctor*

26

Page 6 -    **REPLY  SUPPORTING  PLAINTIFF'S  FIRST  MOTION  FOR  AN ORDER COMPELLING
DISCOVERY**

1    *v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976).

2    In fact, "in making a certification decision, a judge must look somewhere between the

3    pleading and the fruits of discovery...." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2nd

4    Cir. 1982), *cert. den.*, 459 U.S. 838 (1982) (quotes omitted).  See also *Richard v. Bell Atlantic*

5    *Corp.*, 976 F.Supp. 40, 51-2 (D.D.C. 1997) (Explaining that "it would have been extremely unfair

6    and inefficient for [the trial judge] to have denied plaintiffs their right to pre-class certification

7    discovery, but then to have required them to file a motion for class certification without benefit

8    of any such discovery.").

9

10    ### III. CONCLUSION

11    Plaintiff respectfully requests the Court grant Plaintiff's First Motion to compel discovery.

12

13

14    DATED this ___5___ day of March 2008.

15

16

17    A.E. "BUD" BAILEY, OSB 87157
      CHEY POWELSON, OSB 03551
18    Attorneys for Plaintiff

19

20

21

22

23

24

25

26
Page 7 -    **REPLY SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Reply Supporting Plaintiff's First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission** upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X ]     by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:     March 5, 2008

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

Мр



ENTERED

MAR 1 1 2007

IN REGISTER BY SR

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 MAR -7 AM 9:23

FILED

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| MICHAEL MIGIS, *et al.*, | Case No. 0711-13531 |
| Plaintiff, | |
| v. | **REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY** |
| AUTOZONE, INC., | |
| Defendant. | |

I, Chey K. Powelson, hereby declare as follows:

1.   I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter, and base the contents of this declaration on my own personal knowledge and/or the litigation files and documents my firm maintains for this litigation.

2.   Attached hereto as **Exhibit A** is a true and correct copy of AutoZone counsel Leigh Ann Tift's March 3, 2008 letter to Plaintiff's counsel.

///
///

Page 1 -   REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

3.   Attached hereto as **Exhibit B** is a true and correct copy of Defendant's initial, February 29, 2008 responses and objections to Plaintiff's Second Set of Requests For Production.

4.   Attached hereto as **Exhibit C** is a true and correct copy of Defendant's February 29, 2008 supplemental objections and responses to Plaintiff's First Set of discovery requests at issue in Plaintiff's First Motion for Order Compelling Discovery.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this _5th_ day of March in Vancouver, Washington.

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

Page 2 -  **REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

# PLAINTIFF'S REPLY EXHIBIT A



LITTLER MENDELSON®

ARIZONA

CALIFORNIA

COLORADO

March 3, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

## VIA REGULAR MAIL AND ELECTRONIC MAIL

Chey K. Powelson
BAILEY, PINNEY & ASSOCIATES, LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

Re:    Migis v. AutoZone, Inc.
       Multnomah County Circuit Court No. 0711-13531

Dear Mr. Powelson:

We are in receipt of your most recent demand to confer. As I understand the substance of your letter, you contend that we are not permitted to object, on behalf of AutoZone, to Plaintiff's discovery requests. This position is patently foolish.

Moreover, you cannot now demand to confer about the objections we've included in our discovery responses because you presently have a motion to compel pending before the Court. If you believe the motion to compel was premature, strike it and we will schedule a conference. You knew very well that we intended to supplement our discovery responses when you filed the motion to compel. If you intend to go forward with the motion to compel, it is incumbent on you to make sure that all of your contentions regarding this discovery are before the court. We are not going to agree to conduct multiple, duplicative conferences over discovery, so that you can then file discovery motions on top of other, pending discovery motions.

NORTH CAROLINA

OHIO

PENNSYLVANIA

Finally, with regard to the demand that we "stipulate" to the scope of the Joarnt class, we decline. The Joarnt matter is stayed. I think Judge Kantor could not have been clearer, last year, when he informed both parties that if any action is to be taken in the Joarnt case Plaintiff's counsel would have to stipulate to lifting the stay. At the time, I believe your firm indicated you were not at all interested in doing so, and I can tell you that we are not willing to permit Plaintiffs to pick and choose when they will observe the terms of the stay and when they will not.

TEXAS

WASHINGTON

EXHIBIT A
Page 1

March 3, 2008
Page 2


Sincerely,

Leigh Ann Tift

LAT:sls

cc:     Douglas Parker
        Jennifer Mora
        Alison Smith

Firmwide:84469812.1 013306.2124

EXHIBIT _A_
Page _2_

# PLAINTIFF'S REPLY EXHIBIT B

1

2      IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                  FOR THE COUNTY OF MULTNOMAH

4

5

6  MICHAEL MIGIS, individually, and on          No. 0711-13531
   behalf of all other persons similarly
7  situated,,                                    ***DEFENDANT'S OBJECTIONS AND***
                                                 ***RESPONSES TO* PLAINTIFF'S SECOND**
8              Plaintiff,                        **SET OF REQUESTS FOR PRODUCTION**
                                                 **OF DOCUMENTS**
9      vs.

10 AUTOZONE INC., a Nevada
   Corporation,,
11
                 Defendant.
12

13      Defendant AutoZone, Inc. ("Defendant") hereby submits its objections and responses to

14 Plaintiff's Second Set of Requests for Production of Documents as follows:

15                          **GENERAL OBJECTIONS**

16      The following objections apply generally to all of Plaintiff's discovery requests in this

17 lawsuit:

18      (a)    Objections to Scope of Discovery Requests. Defendant objects to all discovery

19 requests to the extent they purport to require any actions not required by the Oregon Rules of Civil

20 Procedure, the Uniform Trial Court Rules, or any local rules. Without limiting the generality of this

21 objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope

22 of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to

23 lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation

24 greater than that imposed by the Oregon Rules of Civil Procedure.

25      (b)    Privilege and Trial Preparation Materials. Defendant objects to all discovery requests

26 to the extent they call for information or documents that fall within any relevant privilege (including

---

PAGE 1 – DEFENDANT'S OBJECTIONS AND RESPONSES          Littler Mendelson, PC
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR           1750 SW Harbor Way, Suite 450
PRODUCTION OF DOCUMENTS                                  Portland, OR 97201
                                                Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT _β_

Page _1_



1   without limitation the attorney-client privilege), that are within the work product doctrine, or that

2   constitute trial preparation materials.

3        (c)   No Waiver.  Nothing set forth in Defendant's specific objections, general objections

4   or responses is intended as or should be construed as a waiver of these general objections, or of any

5   specific objections set forth.

6        (d)   Reservation of Rights.  Defendant reserves the right to move later for a protective

7   order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's

8   objections by agreement.

9        (e)   Publicly Available Documents.  Defendant objects to producing publicly available

10  documents (including without limitation court records) that are, due to their public availability,

11  equally available to the requesting party.

12       (f)   Pending Motion to Consolidate and Stay.  Defendant objects to responding to these

13  requests in their entirety in light of Defendant's Motion to Consolidate and Stay, which is currently

14  pending before the Court.  If this matter survives Defendant's Motion to Consolidate and Stay,

15  Defendant will supplement its responses to these requests.

16       (g)   Pending Stay of Discovery.  Defendant further objects to these discovery requests to

17  the extent that they seek to evade Judge Kantor's January 27, 2006 ruling in *Joarnt et al. v.*

18  *AutoZone, Inc.* ("Joarnt Action") that all discovery in that matter has been stayed during the

19  pendency of an appeal to the Oregon Court of Appeals in the Joarnt Action.

20       (h)   Objections to Requests Exceeding Pre-Certification Issues.  Defendant objects to the

21  discovery requests to the extent they (1) seek information about current and former employees who

22  are not class representatives and (2) exceed the issue of class certification.  To the extent not

23  objectionable for other reasons, Defendant will answer and respond to the requests as they apply to

24  the class representative, Plaintiff Migis.

25

26

PAGE 2 – DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT _B_

Page _2_

1      (i)    Amendment/Supplementation.  This matter presently is still being investigated by

2   Defendant and its counsel, and Defendant therefore reserves the right to amend and supplement its

3   responses as reasonably may be necessary.

4      (j)    No Private Right of Action.  Defendant further objects to these discovery requests to

5   the extent they seek information about alleged meal period violations insofar as Plaintiffs do not

6   have a private right of action for such a claim.  *See Gafur v. Legacy Good Samaritan Hospital and*

7   *Medical Center*, 213 Or. App. 343.(2007).

8      (k)    Electronic Discovery.  Defendant objects to these discovery requests to the extent

9   they seek electronic discovery as being overbroad and unduly burdensome and the need for any

10  electronic discovery does not outweigh the burdens and hardships to Defendant of searching

11  electronic information.

12      (l)    To the extent that any discovery request seeks documents that are also sought by or

13  identified pursuant to any other request, Defendant declines to produce or identify multiple copies of

14  such documents, and Defendant states that each document produced or identified pursuant to any

15  request is also produced pursuant to any other request to which it is responsive.

16      Defendant's response to each request specifically incorporates these General Objections by

17  this reference.

18

19

20

21

22

23

24

25

26

PAGE 3 – DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT _B_

Page _3_

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:  Produce all documents containing or referencing Defendant's transportation and driving policies and/or procedures relating to the operation of Defendant's vehicles by Defendant's Oregon employee's and/or the operation of employees' own vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal course of conduct and for the benefit of Defendant.  This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period six years prior to the filing of the complaint in this matter.

**RESPONSE**: Defendant incorporates by reference its General Objections as though fully set forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v. AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and Yamaoka's Third Requests for Production, RFP No. 6, in Cause No. 053-02795.

**REQUEST FOR PRODUCTION NO. 2**:    Produce all documents containing or referencing Defendant's mileage reimbursement policy and/or procedure in regards to the operation of Defendant's employees' use of their own vehicles during scheduled work hours, as part of employee's job duties, assignment and/or normal course of conduct and for the benefit of Defendant. This request includes all documents applicable to its Oregon employees, whether or not specifically mentioned, over the time period six years prior to the filing of the complaint in this matter.

**RESPONSE**: Defendant incorporates by reference its General Objections as though fully set forth herein. Defendant further objects to this request to the extent it is overbroad, unduly burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v. AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and Yamaoka's Third Requests for Production, RFP No. 8, in Cause No. 053-02795.

PAGE 4 – DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT _B_

Page _4_

1    **REQUEST FOR PRODUCTION NO. 3**:  Produce all documents containing or referencing

2    Defendant's daily merchandise and/or parts delivery and pick-up schedule in place during the course

3    of Plaintiff's employment with Defendant for all Defendant Stores where Plaintiff worked and

4    delivered.

5    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

6    forth herein. Defendant further objects to this request to the extent it is overbroad, unduly

7    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

8    *AutoZone, Inc.* Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

9    Yamaoka's Third Requests for Production, RFP No. 9, in Cause No. 053-02795.

10    **REQUEST FOR PRODUCTION NO. 4**:  Produce all documents and reports reflecting

11    dates and times when any AutoZone employees working in the State of Oregon missed their meal

12    periods, for the period of time from three (3) years prior to the filing of the Complaint, up to present.

13    This Request includes any and all, if applicable, "Missed Lunch Reports" and "Lunch Variance

14    Reports."

15    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

16    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

17    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

18    *AutoZone, Inc.* Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

19    Yamaoka's Fourth Requests for Production, RFP No. 7, in Cause No. 053-02795.

20    **REQUEST FOR PRODUCTION NO. 5**:  Produce all "Weekly Schedule" reports

21    referencing Plaintiff's work schedule, both approved and unapproved, for the period of time from

22    three (3) years prior to the filing of the Complaint, up to present.

23    **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

24    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

25    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

26

---

PAGE 5 – DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT B
Page 5

1   *AutoZone, Inc.* Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

2   Yamaoka's Third Requests for Production, RFP No. 11, in Cause No. 053-02795.

3       **REQUEST FOR PRODUCTION NO. 6**:   Produce all documents and reports reflecting

4   any weekly summarization of hours worked by Plaintiff, whether individually or by inclusion in a

5   larger group, for the period of time from three (3) years prior to the filing of the Complaint, up to

6   present.

7       **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

8   forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

9   burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

10  *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

11  Yamaoka's Fourth Requests for Production, RFP No. 9, in Cause No. 053-02795.

12      **REQUEST FOR PRODUCTION NO. 7**:   Produce all documents or records such as

13  security logs, or records, identifying when a security system in any AutoZone store in which

14  Plaintiff worked was activated and/or deactivated during Plaintiff's employment period.

15      **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

16  forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

17  burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

18  *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

19  Yamaoka's Fourth Requests for Production, RFP No. 11, in Cause No. 053-02795.

20      **REQUEST FOR PRODUCTION NO. 8**:   Produce all documents that identify, or which

21  record or can be used to identify, the names of the persons activating and/or deactivating security

22  systems at stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

23      **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

24  forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

25  burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

26

PAGE 6 – DEFENDANT'S OBJECTIONS AND RESPONSES          Littler Mendelson, PC
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR          1750 SW Harbor Way, Suite 450
PRODUCTION OF DOCUMENTS          Portland, OR 97201
                                 Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT B
Page 6

1   *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joamt and

2   Yamaoka's Fourth Requests for Production, RFP No. 12, in Cause No. 053-02795.

3   Dated:  February 29, 2008

4

5                                              Douglas S. Parker OSB No.82101

6                                              LITTLER MENDELSON
                                               A Professional Corporation

7                                              Attorneys for Defendant

8                                              Autozone Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 7 – DEFENDANT'S OBJECTIONS AND RESPONSES                    Littler Mendelson, PC
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR                     1750 SW Harbor Way, Suite 450
PRODUCTION OF DOCUMENTS                                          Portland, OR 97201
                                                         Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT B

Page 7

# PLAINTIFF'S REPLY
# EXHIBIT
# C

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,,

          Plaintiff,

    vs.

AUTOZONE INC., a Nevada Corporation,,

          Defendant.

No. 0711-13531

*DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

    Defendant AutoZone, Inc. ("Defendant") hereby submits its supplemental objections and responses to Plaintiff's First Set of Requests for Production of Documents as follows:

## SUPPLEMENTAL GENERAL OBJECTIONS

    The following objections apply generally to all of Plaintiff's discovery requests in this lawsuit:

    (a)    <u>Objections to Scope of Discovery Requests</u>.  Defendant objects to all discovery requests to the extent they purport to require any actions not required by the Oregon Rules of Civil Procedure, the Uniform Trial Court Rules, or any local rules.  Without limiting the generality of this objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation greater than that imposed by the Oregon Rules of Civil Procedure.

    (b)    <u>Privilege and Trial Preparation Materials</u>.  Defendant objects to all discovery requests to the extent they call for information or documents that fall within any relevant privilege (including

PAGE 1 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    without limitation the attorney-client privilege), that are within the attorney work product doctrine,

2    or that constitute trial preparation materials.

3        (c)    <u>No Waiver</u>.  Nothing set forth in Defendant's specific objections, general objections

4    or responses is intended as or should be construed as a waiver of these general objections, or of any

5    specific objections set forth.

6        (d)    <u>Reservation of Rights</u>.  Defendant reserves the right to move later for a protective

7    order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's

8    objections by agreement.

9        (e)    <u>Publicly Available Documents</u>.  Defendant objects to producing publicly available

10   documents (including without limitation court records) that are, due to their public availability,

11   equally available to the requesting party.

12       (f)    <u>Non-conformance with ORCP 45A</u>.  Defendant objects to all requests for admission

13   contained in these discovery requests insofar as (1) they are not included in a separate document and

14   (2) they do not include the "notice" language contained in ORCP 45A that is required to be included

15   in any and all requests for admission.

16       (g)    <u>Pending Motion to Consolidate and Stay</u>.  Defendant objects to responding to these

17   requests in their entirety in light of Defendant's Motion to Consolidate and Stay, both of which are

18   currently pending before the Court.  Nothing in these responses, including Defendant's refusal to

19   respond, should be construed as an admission to the substance of any particular request for

20   admission.

21       (h)    Defendant further objects to these discovery requests to the extent that they seek to

22   evade Judge Kantor's January 27, 2006 ruling in *Joarnt et al. v. AutoZone, Inc.* ("Joarnt Action") that

23   all discovery in that matter has been stayed during the pendency of an appeal to the Oregon Court of

24   Appeals in the Joarnt Action.

25

26

PAGE 2 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

Feb-29-2008 05:14 PM LITTLER MENDELSON P.C. (502) 226-2791                                    12/30

1    (i)   <u>Objections to Requests Exceeding Pre-Certification Issues</u>. Defendant objects to the

2 discovery requests to the extent they (1) seek information about current and former employees who

3 are not class representatives and (2) exceed the issue of whether a class may be properly certified.

4 Defendant will answer and respond to the requests as they apply to the singularly named plaintiff,

5 Michael Migis.

6    (j)   <u>Amendment/Supplementation</u>. This matter presently is still being investigated by

7 Defendant and its counsel, and Defendant therefore reserves the right to amend and supplement its

8 responses as reasonably may be necessary.

9    (k)   Defendant further objects to these discovery requests to the extent they seek

10 information about alleged meal period violations insofar as Plaintiffs do not have a private right of

11 action for such a claim. *See Gafur v. Legacy Good Samaritan Hospital and Medical Center*, 213 Or.

12 App. 343 (2007).

13    (l)   <u>Electronic Discovery</u>. Defendant objects to these discovery requests to the extent

14 they seek electronic discovery as being overbroad and unduly burdensome and the need for any

15 electronic discovery does not outweigh the burdens and hardships to Defendant of searching

16 electronic information.

17    (m)   To the extent that any discovery request seeks documents that are also sought by or

18 identified pursuant to any other request, Defendant declines to produce or identify multiple copies of

19 such documents, and Defendant states that each document produced or identified pursuant to any

20 request is also produced pursuant to any other request to which it is responsive.

21    Defendant's response to each request specifically incorporates these General Objections by

22 this reference.

23

24

25

26

PAGE 3 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT

C

3

Feb-29-2008 05:15 PM LITTLER MENDELSON P.C. (502) 226-2791                          13/30

## SPECIFIC OBJECTIONS AND RESPONSES

1

2  **REQUEST FOR ADMISSION NO. 1:**    Admit that Defendant failed to pay all wages

3  earned and unpaid by the end of the first business day after termination, to at least one involuntarily

4  terminated employee within the 12 months preceding the date of the filing of this lawsuit.

5  **FIRST SUPPLEMENTAL RESPONSE:**  Defendant incorporates by reference its General

6  Objections as though fully set forth herein and its specific objections to this request in Defendant's

7  Objections to Plaintiff's First Set of Requests for Production of Documents. Defendant further

8  objects to this request to the extent it is unduly burdensome and overbroad, is not limited to

9  employees who worked in the State of Oregon, seeks information that is beyond scope of proper pre-

10  certification discovery, and seeks information about individuals other than Plaintiff Migis. Plaintiff

11  Migis was not involuntarily terminated. Without waiving its objections, Defendant has not

12  knowingly failed to pay any employee final wages on time, is unaware of any instance where it has

13  done so, and therefore denies this Request on that basis. Defendant further asserts that its policies

14  and procedures intend that employees be paid final wages within the time frames set out in the

15  applicable Oregon statutes.

16  **REQUEST FOR PRODUCTION NO. 1:**  If Defendant admits RFA No. 1, produce all

17  documents and electronically stored information for all involuntarily terminated employees to whom

18  Defendant failed to pay all wages earned and unpaid by the end of the first business day after

19  termination, within the referenced time period. Produce documents and electronically stored

20  information in electronic format. If electronic format is not available, produce in original format.

21  This request includes, but is not limited to, Documents and Electronic Data as defined above.

22  **FIRST SUPPLEMENTAL RESPONSE:**  Defendant incorporates by reference its General

23  Objections as though fully set forth herein and its specific objections to this request in Defendant's

24  Objections to Plaintiff's First Set of Requests for Production of Documents. Defendant further

25  objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

26

PAGE 4 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS                Littler Mendelson, PC
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR            1750 SW Harbor Way, Suite 450
PRODUCTION OF DOCUMENTS                                           Portland, OR 97201
                                                                 Phone: 503-221-0309 Fax: 503-242-2457

FEB-29-2008  17:17              502  226 2791              94%

Feb-29-2008 05:15 PM LITTLER MENDELSON P.C. (502) 226-2791                    14/30

1    who worked in the State of Oregon, seeks information that is beyond class certification issues, and

2    seeks information about individuals other than Plaintiff Migis.  Finally, Defendant objects to the

3    request for electronically stored information as overbroad and unduly burdensome given that any

4    need for such information is outweighed by the burden to Defendant of searching its electronic

5    records.  Without waiving its objections, see Answer to RFA 1.

6         **REQUEST FOR PRODUCTION NO. 2**:  If Defendant denies RFA No. 1, produce all

7    documents and electronically stored information for all involuntarily terminated employees within

8    the referenced time period which Defendant relies upon to support its denial.  Produce documents

9    and records in electronic format.  If electronic format is unavailable, produce in original format.

10   This request includes, but is not limited to, Documents and Electronic Data as defined above.

11        **FIRST SUPPLEMENTAL RESPONSE**:  Defendant incorporates by reference its General

12   Objections as though fully set forth herein and its specific objections to this request in Defendant's

13   Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

14   objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

15   who worked in the State of Oregon, seeks information beyond the proper scope of pre-certification

16   discovery, and seeks information about individuals other than Plaintiff Migis.  Defendant also

17   objects to the request for electronically stored information as overbroad and unduly burdensome

18   given that any need for such information is outweighed by the burden to Defendant of searching its

19   electronic records.

20        **REQUEST FOR ADMISSION NO. 2**:      Admit that Defendant failed to immediately pay

21   all wages earned and unpaid to at least one employee who gave not less than 48 hours' notice of their

22   intention to quit, within the 12 months preceding the date of the filing of this lawsuit.

23        **FIRST SUPPLEMENTAL RESPONSE**:  Defendant incorporates by reference its General

24   Objections as though fully set forth herein and its specific objections to this request in Defendant's

25   Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

26

PAGE 5 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1    objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

2    who worked in the State of Oregon, seeks information that is beyond the proper scope of pre-

3    certification discovery, and seeks information about individuals other than Plaintiff Migis.  Without

4    waiving its objections and limiting its response to Plaintiff Migis, Defendant has not knowingly

5    failed to pay any employee final wages on time, is unaware of any instance where it has done so, and

6    therefore denies this Request on that basis.  Defendant further asserts that its policies and procedure

7    intend that employees be paid final wages within the time frames set out in the applicable Oregon

8    statutes.

9    **REQUEST FOR PRODUCTION NO. 3**:  If Defendant admits RFA No. 2, produce all

10   documents and electronically stored information for all employees who gave not less than 48 hours'

11   notice of their intention to quit, to whom Defendant failed to pay all wages earned and unpaid

12   immediately at the time of quitting, within the referenced time period.  Produce documents and

13   electronically stored information in electronic format.  If electronic format is unavailable, produce in

14   original format.  This request includes, but is not limited to, Documents and Electronic Data as

15   defined above.

16   **FIRST SUPPLEMENTAL RESPONSE**:  Defendant incorporates by reference its General

17   Objections as though fully set forth herein and its specific objections to this request in Defendant's

18   Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

19   objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

20   who worked in the State of Oregon, seeks information that is beyond class certification issues, and

21   seeks information about individuals other than Plaintiff Migis.  Defendant also objects to the request

22   for electronically stored information as overbroad and unduly burdensome given that any need for

23   such information is outweighed by the burden to Defendant of searching its electronic records.

24   Without waiving its objections and limiting its response to Plaintiff Migis, *see* Answer to RFA 2.

25   ///

26

PAGE 6 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-7457

1    **REQUEST FOR PRODUCTION NO. 4:**  If Defendant denies RFA No. 2, produce all

2    documents and electronically stored information for all employees who gave not less than 48 hours'

3    notice of their intention to quit, within the referenced time period which Defendant relies upon to

4    support its denial.  Produce documents and electronically stored information in electronic format.  If

5    electronic format is unavailable, produce in original format.  This request includes, but is not limited

6    to, Documents and Electronic Data as defined above.

7    **FIRST SUPPLEMENTAL RESPONSE:**  Defendant incorporates by reference its General

8    Objections as though fully set forth herein and its specific objections to this request in Defendant's

9    Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

10   objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

11   who worked in the State of Oregon, seeks information beyond the proper scope of pre-certification

12   discovery, and seeks information about individuals other than Plaintiff Migis.  Defendant also

13   objects to the request for electronically stored information as overbroad and unduly burdensome

14   given that any need for such information is outweighed by the burden to Defendant of searching its

15   electronic records.

16   **REQUEST FOR ADMISSION NO. 3:**      Admit that Defendant failed to pay all wages

17   earned and unpaid within five business days after at least one employee quit without giving 48 hours'

18   notice, within the 12 months preceding the date of the filing of this lawsuit.

19   **FIRST SUPPLEMENTAL RESPONSE:**  Defendant incorporates by reference its General

20   Objections as though fully set forth herein and its specific objections to this request in Defendant's

21   Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

22   objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

23   who worked in the State of Oregon, seeks information that is beyond the proper scope of pre-

24   certification discovery, and seeks information about individuals other than Plaintiff Migis.  Without

25   waiving its objections and limiting its response to Plaintiff Migis, Defendant has not knowingly

26

PAGE 7 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT C

FeB-29-2008 05:15 PM LITTLER MENDELSON P.C. (502) 226-2791                    17730

1   failed to pay any employee final wages on time, is unaware of any instance where it has done so, and

2   therefore denies this Request on that basis. Defendant further asserts that its policies and procedure

3   intend that employees be paid final wages within the time frames set out in the applicable Oregon

4   statutes.

5       **REQUEST FOR PRODUCTION NO. 5:**  If Defendant admits RFA No. 3, produce all

6   documents and electronically stored information for all employees who quit, to whom Defendant

7   failed to pay all wages earned and unpaid within five business days, within the referenced time

8   period. Produce documents and electronically stored information in electronic format. If electronic

9   format is unavailable, produce in original format. This request includes, but is not limited to,

10  Documents and Electronic Data as defined above.

11      **FIRST SUPPLEMENTAL RESPONSE:**  Defendant incorporates by reference its General

12  Objections as though fully set forth herein and its specific objections to this request in Defendant's

13  Objections to Plaintiff's First Set of Requests for Production of Documents. Defendant further

14  objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

15  who worked in the State of Oregon, seeks information that is beyond class certification issues, and

16  seeks information about individuals other than Plaintiff Migis. Defendant also objects to the request

17  for electronically stored information as overbroad and unduly burdensome given that any need for

18  such information is outweighed by the burden to Defendant of searching its electronic records.

19  Without waiving its objections and limiting its response to Plaintiff Migis, *see* Answer to RFA 3.

20      **REQUEST FOR PRODUCTION NO. 6:**  If Defendant denies RFA No. 3, produce all

21  documents and electronically stored information for all employees who quit without notice within

22  the referenced time period which Defendant relies upon to support its denial. Produce documents

23  and electronically stored information in electronic format. If electronic format is unavailable,

24  produce in original format. This request includes, but is not limited to, Documents and Electronic

25  Data as defined above.

26

PAGE 8 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT  C

FEB-29-2008  17:18              502  226 2791              94%              P.019

PAGE  8

1     **FIRST SUPPLEMENTAL RESPONSE**:  Defendant incorporates by reference its General

2  Objections as though fully set forth herein and its specific objections to this request in Defendant's

3  Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant further

4  objects to this request to the extent it unduly burdensome and overbroad, is not limited to employees

5  who worked in the State of Oregon, seeks information that is beyond the proper scope of pre-

6  certification discovery, and seeks information about individuals other than Plaintiff Migis.

7  Defendant also objects to the request for electronically stored information as overbroad and unduly

8  burdensome given that any need for such information is outweighed by the burden to Defendant of

9  searching its electronic records.

10     **REQUEST FOR PRODUCTION NO. 7**:  Produce all employment agreements, contracts,

11  covenants and addendums between Plaintiff and Defendant.  This request includes but is not limited

12  to correspondence stored on electronic disks, recording tapes, and computer banks.

13     **FIRST SUPPLEMENTAL RESPONSE**:  Defendant incorporates by reference its General

14  Objections as though fully set forth herein and its specific objections to this request in Defendant's

15  Objections to Plaintiff's First Set of Requests for Production of Documents.  Defendant also objects

16  to the request for electronically stored information as overbroad and unduly burdensome given that

17  any need for such information is outweighed by the burden to Defendant of searching its electronic

18  records.  Defendant does not enter into "employment agreements, contracts or covenants" with its

19  employees.  Without waiving such objection, Defendant has produced the personnel file of Plaintiff

20  Migis in response to subsequent discovery requests.

21     **REQUEST FOR PRODUCTION NO. 8**:  Produce all correspondence wherein Plaintiff's

22  name is mentioned, including all letters, e-mail correspondence, and correspondence stored on any

23  data compilations from which information can be obtained or translated, if necessary, by Defendant

24  through detection devices into reasonably usable form.  This request includes but is not limited to

25  correspondence stored on electronic disks, recording tapes, and computer banks.

26

---

PAGE 9 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

Feb-29-2008 05:18 PM LITTLER MENDELSON P.C. (502) 226-2791                29/30

1    for electronically stored information as overbroad and unduly burdensome given that any need for

2    such information is outweighed by the burden to Defendant of searching its electronic records.

3    Dated:  February 29, 2008

4

5                                      _____
                                       Douglas S. Parker OSB No.82101
6                                      LITTLER MENDELSON
                                       A Professional Corporation
7
                                       Attorneys for Defendant
8                                      Autozone Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 20 – DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS          Littler Mendelson, PC
AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR      1750 SW Harbor Way, Suite 450
PRODUCTION OF DOCUMENTS                                       Portland, OR 97201
                                                        Phone: 503-221-0309 Fax: 503-242-2457

                                                             EXHIBIT  C

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Reply Declaration of Chey K. Powelson Supporting Plaintiff's First Motion for an Order Compelling Discovery** upon:

Douglas Parker
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:


[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.


[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.


DATED:    March 5, 2008

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

Migis, Michael, ~~et al.~~
Plaintiff(s)/Petitioner(s) 08 MAR -7 PM 4:53

v.     FILED

Autozone, Inc., ~~et al.~~
Defendant(s)/Respondent(s).

Case number: 0711-13531

**ORDER RE REPORTING OF PROCEEDINGS**
**BY STENOGRAPHIC MEANS**

ENTERED
MAR 2 1 2008
IN REGISTER NK

Based upon ORS 8.340 and the Stipulations of the parties as endorsed hereon, IT IS HEREBY ORDERED AS FOLLOWS:

At the expense of the parties, the following proceedings in this case may be reported by stenographic reporting: __X__ The hearing of this date.

___ Trial, _____ in whole or _____ in part. If only part of the trial is to be reported by stenographic reporting, the parties and the reporter shall give reasonable notice to the Court in advance of what parts are to be stenographically reported and what parts are not to be stenographically reported.

____ Other (specify):

When a stenographic reporter is reporting the proceedings, the Court __X__ will or _____ will not operate the electronic audio recording equipment. The official record of the proceedings will be _X_ the record produced by the stenographic reporter when the stenographic reporter is present or _____ the electronic audio recording.

By endorsement hereon, the stenographic reporter agrees as follows:

1. The stenographic reporter will attend the court upon the schedule directed by the Judge. The lawyers will not control scheduling of the reporter's time, except the Judge may approve in advance the lawyers' request that only portions of the proceedings be reported by the stenographic reporter. ORS 8.340(1).
2. The stenographic reporter is an officer of the Court. ORS 8.340(3).
3. The notes of the stenographic reporter shall be filed in the office of the clerk of the court subject to the provisions of ORS 7.120. ORS 8.340(6).
4. Upon request, the reporter shall make a full and accurate transcript, certified as such as provided for in ORS 8.360, which shall be filed with the clerk of the court for use of the court or parties. ORS 8.350.
5. The stenographic reporter shall meet at least the following minimum competency requirements: The stenographic reporter shall be a "Certified Shorthand Reporter" as that phrase is defined in ORS 8.415(3), or the stenographic reporter shall be nationally certified as either a Registered Professional Reporter or a Certificate of Merit Reporter.

IT IS SO STIPULATED:
For Plaintiff(s)/Petitioner(s):

For Defendant(s)/Respondent(s):

I agree to comply with the terms of this Order:
Stenographic Reporter(s):
Ilishia Marom   503-445-4104
Telephone number:

Dated this _7_ day of _March_, 2008.

Jerome LaBarre, Circuit Court Judge

Order Re Reporting of Proceedings By Stenographic Means

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated, | No. 0711-13531 |
| | **ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | |
| AUTOZONE INC., a Nevada Corporation, | |
| Defendant. | |

COMES NOW Defendant, AutoZone, Inc., and by way of Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

### I.     PRELIMINARY STATEMENT

1.     Answering Plaintiff's Paragraph 1, Defendant admits that this is an action by Plaintiff for alleged claims to recover unpaid wages, overtime wages, minimum wages, and penalties. Defendant denies that class certification is proper or that Plaintiff is a proper class representative. To the extent that this Answer differs from the allegations of Paragraph 1, Defendant denies each and every remaining allegation.

2.     Answering Plaintiff's Paragraph 2, Defendant admits that it is a Nevada corporation and the leading auto parts retailer in the United States with annual sales reaching several billion dollars.  Defendant further admits that it sells auto and light truck parts, chemicals, and accessories through approximately 4,000 stores in the United States, including approximately 24 stores in Oregon.  To the extent that this answer differs from the allegations of Paragraph 2, Defendant denies each and every remaining allegation.

---

PAGE 1 – ANSWER TO COMPLAINT

1    3.    Answering Plaintiff's Paragraph 3, Defendant denies the allegation.

2    4.    Answering Plaintiff's Paragraph 4, Defendant contends that the allegations of

3    Paragraph 4 are legal contentions for which no answer is required.

4    5.    Answering Plaintiff's Paragraph 5, Defendant contends that the allegations of

5    Paragraph 5 are legal contentions for which no answer is required.

6    6.    Answering Plaintiff's Paragraph 6, Defendant denies the allegation.

7    7.    Answering Plaintiff's Paragraph 7, Defendant contends that the allegations of

8    Paragraph 7 are legal contentions for which no answer is required.

9    8.    Answering Plaintiff's Paragraph 8, Defendant denies the allegation.

10    9.    Answering Plaintiff's Paragraph 9, Defendant denies the allegation.

11    10.    Answering Plaintiff's Paragraph 10, Defendant denies the allegation.

12    11.    Answering Plaintiff's Paragraph 11, Defendant denies the allegation.

13    **II.    JURISDICTION AND VENUE**

14    12.    Answering Plaintiff's Paragraph 12, Defendant lacks knowledge or information

15    relative to Plaintiff's information and beliefs sufficient to form an opinion regarding the truth or

16    falsity of the allegation, and therefore denies the allegation.

17    13.    Answering Plaintiff's Paragraph 13, Defendant admits that it is a foreign corporation

18    doing business in Oregon as AutoZone, Inc.

19    **III.    PARTIES**

20    14.    Answering Plaintiff's Paragraph 14, Defendant admits that Plaintiff was previously

21    employed by Defendant, that Plaintiff worked in Oregon, and that at the time of his employment,

22    Plaintiff was subject to Oregon wage and hour laws.  Defendant denies that Plaintiff is similarly

23    situated to all current and former Oregon employees, and/or the implication that class certification is

24    appropriate.

25    \ \ \

26

PAGE 2 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    15.    Answering Plaintiff's Paragraph 15, Defendant admits that Plaintiff resided in the

2  State of Oregon. To the extent that this answer differs from the allegations of Paragraph 15,

3  Defendant denies each and every remaining allegation.

4    16.    Answering Plaintiff's Paragraph 16, Defendant admits that it is a foreign corporation

5  doing business in Oregon as AutoZone, Inc. To the extent that this answer differs from the

6  allegations of Paragraph 16, Defendant denies each and every remaining allegation.

7                    **IV.    COMMON ALLEGATIONS**

8    17.    Answering Plaintiff's Paragraph 17, Defendant denies that it engaged in the conduct

9  alleged and that any such conduct affected Plaintiff and all purported class members. Defendant

10  contends that the remaining allegations of Paragraph 17 are legal contentions for which no answer is

11  required. To the extent that this answer differs from the allegations of Paragraph 17, Defendant

12  denies each and every remaining allegation.

13    18.    Answering Plaintiff's Paragraph 18, Defendant admits that it operates stores in

14  Oregon. Answering the remaining allegations contained in Paragraph 18, Defendant lacks

15  knowledge or information relative to Plaintiff's information and beliefs sufficient to form an opinion

16  regarding the truth or falsity of the allegation, and therefore denies the allegation. Defendant denies

17  the implication that class certification is appropriate.

18    19.    Answering Plaintiff's Paragraph 19, Defendant denies the allegation.

19    20.    Answering Plaintiff's Paragraph 20, Defendant denies the allegation.

20    21.    Answering Plaintiff's Paragraph 21, Defendant denies the allegation.

21    22.    Answering Plaintiff's Paragraph 22, Defendant denies the allegation.

22    23.    Answering Plaintiff's Paragraph 23, Defendant denies the allegation.

23    24.    Answering Plaintiff's Paragraph 24, Defendant denies the allegation.

24    25.    Answering Plaintiff's Paragraph 25, Defendant denies the allegation.

25    26.    Answering Plaintiff's Paragraph 26, Defendant denies the allegation.

26

PAGE 3 – ANSWER TO COMPLAINT

1    27.    Answering Plaintiff's Paragraph 27, Defendant denies the allegation.

2    28.    Answering Plaintiff's Paragraph 28, Defendant denies the allegation.

3    29.    Answering Plaintiff's Paragraph 29, Defendant denies the allegation.

4    30.    Answering Plaintiff's Paragraph 30, Defendant denies the allegation.

5                    **V.    CATEGORIES OF CLAIMS**

6    31.    Answering Plaintiff's Paragraph 31, Defendant denies each and every allegation

7    contained in Paragraph 31.

8    32.    Answering Plaintiff's Paragraph 32, Defendant denies each and every allegation

9    contained in Paragraph 32.

10    33.    Answering Plaintiff's Paragraph 33, Defendant denies each and every allegation

11    contained in Paragraph 33.

12    34.    Answering Plaintiff's Paragraph 34, Defendant denies each and every allegation

13    contained in Paragraph 34.

14    35.    Answering Plaintiff's Paragraph 35, Defendant denies each and every allegation

15    contained in Paragraph 35.

16    36.    Answering Plaintiff's Paragraph 36, Defendant denies each and every allegation

17    contained in Paragraph 36.

18    **VI.    CLASS ALLEGATION RELATING TO RULE 32 DEFINITION OF CLASS**

19    37.    Answering Plaintiff's Paragraph 37, Defendant admits that Plaintiff seeks class

20    certification of the alleged class.  To the extent this answer differs from Paragraph 37, Defendant

21    denies each and every rehearing allegation.

22    38.    Answering Plaintiff's Paragraph 38, Defendant admits that Plaintiff seeks class

23    certification of the alleged class.  Defendant denies the implication that class certification of the class

24    is proper.

25    \ \ \

26

PAGE 4 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1      39.      Answering Plaintiff's Paragraph 39, Defendant admits that Plaintiff seeks class

2  certification of the alleged class.  Defendant denies the implication that class certification of the class

3  is proper.

4      40.      Answering Plaintiff's Paragraph 40, Defendant admits that Plaintiff seeks class

5  certification of the alleged class.  Defendant denies the implication that class certification of the class

6  is proper.

7      41.      Answering Plaintiff's Paragraph 41, Defendant admits that Plaintiff seeks class

8  certification of the alleged class.  Defendant denies the implication that class certification of the class

9  is proper.

10      42.      Answering Plaintiff's Paragraph 42, Defendant admits that Plaintiff seeks class

11  certification of the alleged class.  Defendant denies the implication that class certification of the class

12  is proper.

13      43.      Answering Plaintiff's Paragraph 43, Defendant admits that Plaintiff seeks class

14  certification of the alleged class.  Defendant denies the implication that class certification of the class

15  is proper.

16      44.      Answering Plaintiff's Paragraph 44, Defendant admits that on or about March 28,

17  2007, Plaintiff served a letter, characterized as a Pre-litigation Notice, which purported to be

18  transmitted on behalf of a potential class defined as all persons employed by AutoZone within the

19  past six years.  The letter demanded that AutoZone cure alleged violations of Oregon wage and hour

20  statutes within 30 days.  To the extent that this answer differs from the allegations of Paragraph 44,

21  Defendant denies each and every remaining allegation.

22      45.      Answering Plaintiff's Paragraph 45, Defendant denies that it has engaged in unlawful

23  conduct and/or failed or refused to pay wages or penalties due employees.  To the extent that this

24  answer differs from the allegations of Paragraph 45, Defendant denies each and every remaining

25  allegation.

26

PAGE 5 – ANSWER TO COMPLAINT

1    46.    Answering Plaintiff's Paragraph 46, Defendant denies that class certification is

2 appropriate and further denies, generally and specifically, that Plaintiff can establish that the putative

3 class meets the requirement of numerosity.

4    47.    Answering Plaintiff's Paragraph 47, Defendant denies that class certification is

5 appropriate and further denies, generally and specifically, that Plaintiff can establish that the putative

6 class meets the commonality requirement for class certification.  Defendant admits that Defendant's

7 employees are, occasionally, assigned to work in excess of 40 hours in a work week (subparagraph

8 b).  To the extent Plaintiff's allegations are legal contentions, no answer is required.  Otherwise,

9 Defendant denies generally and specifically, each remaining allegation contained in Paragraph 47.

10    48.    Answering Plaintiff's Paragraph 48, Defendant denies that class certification is

11 appropriate and further denies, generally and specifically, that Plaintiff can establish that the putative

12 class meets the typicality requirement for class certification.  Defendant denies, generally and

13 specifically, each allegation contained in Paragraph 48.

14    49.    Answering Plaintiff's Paragraph 49, Defendant denies that class certification is

15 appropriate and further denies, generally and specifically, that Plaintiff can establish that he is an

16 adequate representative for the putative class and/or that his claims are typical of the alleged claims

17 of other putative class members.  Defendant is without knowledge or information relative to

18 counsel's skills and abilities, and therefore denies this allegation.

19    50.    Answering Plaintiff's Paragraph 50, Defendant denies that class certification is

20 appropriate and further denies, generally and specifically, that Plaintiff can establish the

21 predominance requirement for class certification or that a class action is superior to other forms of

22 adjudication.  To the extent this answer differs from the allegations of Paragraph 50, Defendant

23 denies each and every rehearing allegation.

24 \ \ \

25 \ \ \

26

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

## VII.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

51.    Answering Plaintiff's Paragraph 51, Defendant incorporates by reference the answers of Paragraphs 1-50 as though fully set forth herein.

52.    Answering Plaintiff's Paragraph 52, Defendant contends that the allegations of Paragraph 52 are legal contentions for which no answer is required.

53.    Answering Plaintiff's Paragraph 53, Defendant denies each and every allegation contained in Paragraph 53.

54.    Answering Plaintiff's Paragraph 54, Defendant denies each and every allegation contained in Paragraph 54.

55.    Answering Plaintiff's Paragraph 55, Defendant denies each and every allegation contained in Paragraph 55.

56.    Answering Plaintiff's Paragraph 56, Defendant denies each and every allegation contained in Paragraph 56.

57.    Answering Plaintiff's Paragraph 57, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

58.    Answering Plaintiff's Paragraph 58, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

### SECOND CLAIM FOR RELIEF

59.    Defendant incorporates by reference the answers of Paragraphs 1-58 as though fully set forth herein.

60.    Answering Plaintiff's Paragraph 60, Defendant contends that the allegations of Paragraph 60 are legal contentions for which no answer is required.

61.    Answering Plaintiff's Paragraph 61, Defendant contends that the allegations of Paragraph 61 are legal contentions for which no answer is required.

PAGE 7 – ANSWER TO COMPLAINT

62.    Answering Plaintiff's Paragraph 62, Defendant denies each and every allegation contained in Paragraph 62.

63.    Answering Plaintiff's Paragraph 63, Defendant denies each and every allegation contained in Paragraph 63.

64.    Answering Plaintiff's Paragraph 64, Defendant denies each and every allegation contained in Paragraph 64.

65.    Answering Plaintiff's Paragraph 65, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

66.    Answering Plaintiff's Paragraph 66, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

## THIRD CLAIM FOR RELIEF

67.    Defendant incorporates by reference the answers of Paragraphs 1-66 as though fully set forth herein.

68.    Answering Plaintiff's Paragraph 68, Defendant denies each and every allegation contained in Paragraph 68.

69.    Answering Plaintiff's Paragraph 69, Defendant denies each and every allegation contained in Paragraph 69.

70.    Answering Plaintiff's Paragraph 70, Defendant denies each and every allegation contained in Paragraph 70.

71.    Answering Plaintiff's Paragraph 71, Defendant contends that rehearing allegations of Paragraph 71 are legal contentions for which no answer is required.

72.    Answering Plaintiff's Paragraph 72, Defendant denies each and every allegation contained in Paragraph 72.

73.    Answering Plaintiff's Paragraph 73, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1    74.    Answering Plaintiff's Paragraph 74, Defendant contends that the allegation is

2   unintelligible and therefore denies the same.

3    75.    Answering Plaintiff's Paragraph 75, Defendant denies each and every allegation

4   contained in Paragraph 75.

5    76.    Answering Plaintiff's Paragraph 76, Defendant contends that no answer is required to

6   the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

7                              **FOURTH CLAIM FOR RELIEF**

8    77.    Defendant incorporates by reference the answers of Paragraphs 1-76 as though fully

9   set forth herein.

10    78.    Answering Plaintiff's Paragraph 78, Defendant admits that Plaintiff was previously

11   employed by Defendant and that Defendant employed other individuals in the State of Oregon.

12   Defendant denies the implication that class certification is appropriate.  To the extent this Answer

13   differs from the allegations in Paragraph 78, Defendant denies each and every remaining allegation.

14    79.    Answering Plaintiff's Paragraph 79, Defendant contends that the allegations of

15   Paragraph 79 are legal contentions for which no answer is required.

16    80.    Answering Plaintiff's Paragraph 80, Defendant admits that it employed Plaintiff and

17   that it employs other individuals in the State of Oregon.  Defendant denies the implication that class

18   certification is appropriate.  To the extent this Answer differs from the allegations in Paragraph 80,

19   Defendant denies each and every remaining allegation.

20    81.    Answering Plaintiff's Paragraph 81, Defendant admits that it employed Plaintiff and

21   that it employs other individuals in the State of Oregon.  Defendant denies the implication that class

22   certification is appropriate.  To the extent this Answer differs from the allegations in Paragraph 81,

23   Defendant denies each and every remaining allegation.

24   \ \ \

25   \ \ \

26

PAGE 9 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1    82.    Answering Plaintiff's Paragraph 82, Defendant contends that the allegations of

2    Paragraph 82 are legal contentions for which no answer is required.  Defendant denies the

3    implication that class certification is appropriate.

4    83.    Answering Plaintiff's Paragraph 83, Defendant denies each and every allegation

5    contained in Paragraph 83.  Defendant denies the implication that class certification is appropriate.

6    84.    Answering Plaintiff's Paragraph 84, Defendant denies each and every allegation

7    contained in Paragraph 84.  Defendant denies the implication that class certification is appropriate.

8    85.    Answering Plaintiff's Paragraph 85, Defendant denies each and every allegation

9    contained in Paragraph 85.  Defendant denies the implication that class certification is appropriate.

10    86.    Answering Plaintiff's Paragraph 86, Defendant lacks knowledge or information

11    relative to Plaintiff's information and beliefs sufficient to form an opinion regarding the truth or

12    falsity of the allegation, and therefore denies the allegation.  Defendant denies the implication that

13    class certification is appropriate.

14    87.    Answering Plaintiff's Paragraph 87, Defendant contends that no answer is required to

15    the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

16    Defendant denies the implication that class certification is appropriate.

17    ### FIFTH CLAIM FOR RELIEF

18    88.    Defendant incorporates by reference the answers of Paragraphs 1-87 as though fully

19    set forth herein.

20    89.    Answering Plaintiff's Paragraph 89, Defendant admits that employees occasionally

21    work in excess of 40 hours in a work week.  Defendant denies each and every remaining allegation.

22    Defendant denies the implication that class certification is appropriate.

23    90.    Answering Plaintiff's Paragraph 90, Defendant denies each and every allegation

24    contained in Paragraph 90.  Defendant denies the implication that class certification is appropriate.

25    \ \ \

26

PAGE 10 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1   91. Answering Plaintiff's Paragraph 91, Defendant denies each and every allegation

2 contained in Paragraph 91. Defendant denies the implication that class certification is appropriate.

3   92. Answering Plaintiff's Paragraph 92, Defendant contends that the allegations of

4 Paragraph 92 are legal contentions for which no answer is required. Defendant denies the

5 implication that class certification is appropriate.

6   93. Answering Plaintiff's Paragraph 93, Defendant denies each and every allegation

7 contained in Paragraph 93. Defendant denies the implication that class certification is appropriate.

8   94. Answering Plaintiff's Paragraph 94, Defendant denies each and every allegation

9 contained in Paragraph 94. Defendant denies the implication that class certification is appropriate.

10   95. Answering Plaintiff's Paragraph 95, Defendant contends that no answer is required to

11 the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking.

12 Defendant denies the implication that class certification is appropriate.

13         **SIXTH CLAIM FOR RELIEF**

14   96. Defendant incorporates by reference the answers of Paragraphs 1-95 as though fully

15 set forth herein.

16   97. Answering Plaintiff's Paragraph 97, Defendant contends that the allegation is

17 unintelligible and therefore denies the same. Defendant denies the implication that class certification

18 is appropriate.

19   98. Answering Plaintiff's Paragraph 98, Defendant denies each and every allegation

20 contained in Paragraph 98. Defendant denies the implication that class certification is appropriate.

21   99. Answering Plaintiff's Paragraph 99, Defendant denies each and every allegation

22 contained in Paragraph 99. Defendant denies the implication that class certification is appropriate.

23   100. Answering Plaintiff's Paragraph 100, Defendant denies each and every allegation

24 contained in Paragraph 100. Defendant denies the implication that class certification is appropriate.

25 \ \ \

26

PAGE 11 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

101.    Answering Plaintiff's Paragraph 101, Defendant lacks knowledge or information relative to Plaintiff's information and beliefs sufficient to form an opinion regarding the truth or falsity of the allegation, and therefore denies the allegation. Defendant denies the implication that class certification is appropriate.

102.    Answering Plaintiff's Paragraph 102, Defendant denies each and every allegation contained in Paragraph 102. Defendant denies the implication that class certification is appropriate.

103.    Answering Plaintiff's Paragraph 103, Defendant contends that no answer is required to the allegations in this paragraph, which purports only to state the remedies Plaintiff is seeking. Defendant denies the implication that class certification is appropriate.

### PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever. Defendant denies the implication that class certification is appropriate.

### DEFENSES AND AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

104.    Plaintiff fails to state any claim:

  (a) for which class-wide relief may be granted;

  (b) for which he may serve as an adequate class representative; and

  (c) for which the Court can award meaningful relief in regard to allegedly missed meal breaks.

\ \ \

\ \ \

\ \ \

PAGE 12 – ANSWER TO COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

(Actions Taken for Lawful Business Reasons)

105. Plaintiff and the putative class members were treated fairly and in good faith and were paid all monies due and/or believed to be due. The amount and calculation of wages paid to Plaintiff and the putative class members were undertaken in accord with lawful business reasons and in good faith.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

106. Plaintiff and the putative class members are estopped, in whole or in part, from claiming additional and/or unpaid compensation by reason of their actions, such as, but not limited to, failing to properly report compensable time.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

107. Plaintiff and the putative class members' claims are barred in whole or in part by laches in that they unreasonably delayed in bringing forth their stated claims, to the extent meritorious, and Plaintiff's unreasonable delay caused hardship to AutoZone in defending against the purported claims.

**FIFTH AFFIRMATIVE DEFENSE**

(Bona Fide Dispute)

108. Any wages that are unpaid are the subject of a bona fide, good faith dispute in that AutoZone has paid all wages that it knows or knew were due. Thus AutoZone should not be subject to the imposition of penalties.

\ \ \

\ \ \

\ \ \

PAGE 13 – ANSWER TO COMPLAINT

1

### SIXTH AFFIRMATIVE DEFENSE

2

(Failure to Comply with ORCP 32)

3        109.    Plaintiff fails to state a claim that meets, substantively, the prerequisites of Oregon

4    Civil Rule 32A and B, and therefore may not maintain this action as a class action lawsuit.

5

### SEVENTH AFFIRMATIVE DEFENSE

6

(No Private Right of Action)

7        110.    Plaintiff's and the putative class members' meal period claims are barred because a

8    private right of action does not exist for such claims pursuant to *Gafur v. Legacy Good Samaritan*

9    *Hospital and Medical Center*, 213 Or. App. 343 (2007).

10

### EIGHTH AFFIRMATIVE DEFENSE

11

(Pending Claims)

12        111.    Plaintiff's and the putative class members' claims are barred in their entirety because

13    their claims are currently pending in another matter, *Joarnt et al. v. AutoZone, Inc.*  Moreover,

14    Plaintiff and many of the putative class members in this action are also putative class members in

15    *Joarnt et al. v. AutoZone, Inc.*

16        Defendant AutoZone reserves the right to amend, modify, revise or supplement its Answer,

17    and to plead such further defenses or counterclaims and take such further actions as it may become

18    aware during the course of discovery and/or deem proper and necessary in its defense.

19

### RELIEF REQUESTED BY DEFENDANT

20        WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, AutoZone,

21    respectfully requests that this Court:

22        a.    Dismiss the Plaintiff's Complaint in its entirety;

23        b.    Deny each and every demand, claim and prayer for relief contained in Plaintiff's

24    Complaint;

25    \ \ \

26

PAGE 14 – ANSWER TO COMPLAINT

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1        c.      Grant such other and further relief as the Court may deem just and proper;

2        d.      Award AutoZone reasonable attorney fees and costs incurred in the defense of this

3    matter.

4    Dated:  March 20, 2008

5                                                Douglas S. Parker, OSB No. 82101
                                                 dparker@littler.com
6                                                Neil N. Olsen, OSB No. 053378
                                                 nolsen@littler.com
7                                                LITTLER MENDELSON
                                                 A Professional Corporation
8
                                                 Attorneys for Defendant Autozone, Inc.
9
                                                 Trial Aattorney:  Douglas S. Parker
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 15 -- ANSWER TO COMPLAINT                              Littler Mendelson, PC
                                                            1750 SW Harbor Way, Suite 450
                                                            Portland, OR  97201
                                                            Phone: 503-221-0309 Fax: 503-242-2457

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2008, I served a full, true, and correct copy of the

foregoing **ANSWER TO COMPLAINT**:

       ☐    By delivery via messenger, or otherwise by hand,

       ☒    By facsimile,

       ☐    By e-mail,

       ☒    By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By  _Laura M Lucero_
          Laura Lucero

Firmwide:84416396.1 013306.2124

PAGE 16 – ANSWER TO COMPLAINT

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 APR -3  AM II: 54

FILED

ENTERED

APR - 7 2008

IN REGISTER BY EG

1
2
3
4
5
6
7
8
9

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

10  MICHAEL MIGIS, individually, and on        Case No. **0711-13531**
    behalf of all others similarly situated,
11
                        Plaintiff,
12                                               **ORDER ON DEFENDANT'S MOTION**
                                                 **TO CONSOLIDATE AND STAY**
13        v.                                     **PROCEEDINGS**
14
15  AUTOZONE, INC.,
16                        Defendant.             [PROPOSED] 
17
18        **THIS MATTER** having come before this Court upon Defendant's *Motion to Consolidate*

19  *and Stay Proceedings*, and having heard oral argument on March 7, 2008, reviewed the file, and

20  being fully advised of the premise thereof; the Court, in addition to its statements on the record,

21  hereby finds: that this cause of action is not identical to *Joarnt v. AutoZone* (Multnomah Co. Case

22  No. 0503-02795) ("*Joarnt*"); neither the class in this cause, nor the class in *Joarnt* has yet been

23  certified; and Plaintiff Migis's right of access to the courts cannot be curtailed.

24        NOW, THEREFORE,

25  ///

26  ///

Page 1 -     ORDER ON DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

1

2      It is therefore HEREBY ORDERED that Defendant's *Motion to Consolidate and Stay*

3    *Proceedings* is DENIED.



4      SIGNED this ____ day of _____ 2008.

5

6

7      THE HON. JEROME LABARRE
       Multnomah Co. Circuit Court
8

9    APPROVED AS TO FORM:

10

11

12      /s/
       A.E. "BUD" BAILEY, OSB NO. 87157
13     bbailey@wagelawyer.com
       CHEY K. POWELSON, OSB NO. 03551
14     cpowelson@wagelawyer.com
       1498 SE Tech Center Pl, Ste 290
15     Vancouver, WA 98683
       Phone: 360.567.2551
16     Fax: 360.567.3331
       Attorneys for Plaintiff
17

18

19      /s/
       DOUG PARKER, OSB NO. 821017
20     NEIL OLSEN, OSB NO. 053378
       LITTLER MENDELSON, P.C.
21     1750 S.W. Harbor Way, Suite 450
       Portland, Oregon 97201
22     Phone:  503-221-0309
       Fax:  503-242-2457
23     Of Attorneys for Defendant

24

25

26

Page 2 -      ORDER ON DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

JM

ENTERED
APR - 7 2008
IN REGISTER BY EG

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 APR -3 AM II: 54

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all others similarly situated,

Plaintiff,

v.

AUTOZONE, INC.,

Defendant.

Case No. 0711-13531

ORDER ON PLAINTIFF'S FIRST
MOTION FOR AN ORDER
COMPELLING DISCOVERY, AND
DETERMINING THE SUFFICIENCY
OF DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR
ADMISSION

[PROPOSED]

THIS MATTER having come before this Court upon Plaintiff's *First Motion for an
Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to
Plaintiff's Requests for Admission*, and the Court having heard oral argument on March 7, 2008,
reviewed the file, and being fully advised of the premise thereof, for the reasons stated on the
record:

It is HEREBY ORDERED that:

(1)     Plaintiff's motion to deem Plaintiff's Requests For Admissions admitted is
        DENIED.

(2)     Defendant produce all documents in response to **Request For Production Nos.
        2, 4 and 6 in Plaintiff's First Set of Requests For Production**, within 15

Page 1 -        ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    business days from the date of hearing on this matter, provided that these

2    Requests shall be limited to Oregon-based AutoZone employees paid on an hourly

3    basis.

4

5    (3)    Defendant produce all documents responsive to **Request For Production Nos.**

6    **7 and 8** in Plaintiff's **Second Set of Requests for Production**, within 15 business

7    days from the date of hearing on this matter.

8

9    (4)    The parties confer on the scope of production for **Request For Production Nos.**

10    **1 - 6** in Plaintiff's **Second Set of Requests For Production**. The Court has

11    subsequently been informed that Plaintiff and Defendant agree to the scope of

12    those Requests as follows, and Defendant shall produce all documents responsive

13    to the Requests, as modified, within 20 business days from the date of hearing on

14    this matter.

15    (a)    **Request No. 1** (transportation and driving polices and/or procedures): The

16    temporal scope of this Request shall be a total of one (1) year comprised of

17    the following time periods: from May 1, 2005 through August 2005; from

18    November 1, 2005 through February 2006; and from May 1, 2006 through

19    August 2006.  This Request will be limited to documents representing a

20    complete set of the requested policies and procedures from the earliest date

21    set forth above, through the latest date set forth above, inclusive of any

22    changes to those policies and procedures.

23    (b)    **Request No. 2** (mileage reimbursement policy and/or procedure): The

24    temporal scope of this Request shall be a total of one (1) year comprised of

25    the following time periods: from May 1, 2005 through August 2005; from

26    November 1, 2005 through February 2006; and from May 1, 2006 through

Page 2 -    **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

August 2006. This Request will be limited to documents representing a complete set of the requested policies and procedures from the earliest date set forth above, through the latest date set forth above, inclusive of any changes to those policies and procedures.

(c) **Request No. 3** (merchandise and/or parts delivery and pick-up schedule(s)): No changes; Defendant shall respond to the Request as drafted.

(d) **Request No. 4** (documents and reports including Missed Lunch Reports and Lunch Variance Reports): The temporal scope of this Request will be a total of one (1) year comprised of the following time periods: from May 1, 2005 through August 2005; from November 1, 2005 through February 2006; and from May 1, 2006 through August 2006.

(e) **Request No. 5** (Weekly Schedule reports referencing Plaintiff Migis's approved and unapproved work schedules): No changes; Defendant shall respond to the Request as drafted.

(f) **Request No. 6** (documents and reports reflecting weekly summarization of hours worked by Plaintiff Migis): No changes; Defendant shall respond to the Request as drafted.

SIGNED on this ____ day of _____ 2008.

_____
**THE HON. JEROME LABARRE**
Multnomah Co. Circuit Court

///
///
///

Page 3 -    **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

1    APPROVED AS TO FORM:

2    BAILEY, PINNEY & ASSOCIATES, LLC

3

4    _____/s/_____
    A.E. "BUD" BAILEY, OSB NO. 87157
5    bbailey@wagelawyer.com
    CHEY K. POWELSON, OSB NO. 03551
6    cpowelson@wagelawyer.com
    1498 SE Tech Center Pl, Ste 290
7    Vancouver, WA 98683
    Phone: 360.567.2551
8    Fax: 360.567.3331
    Attorneys for Plaintiff
9

10    LITTLER MENDELSON

11

12

13    _____/s/_____
    DOUG PARKER, OSB NO. 821017
    NEIL OLSEN, OSB NO. 053378
14    LITTLER MENDELSON, P.C.
    1750 S.W. Harbor Way, Suite 450
15    Portland, Oregon 97201
    Phone: 503-221-0309
16    Fax: 503-242-2457
    Of Attorneys for Defendant

17

18

19

20

21

22

23

24

25

26

Page 4 -    **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS,

                Plaintiff,

    v.

AUTOZONE, INC., a Foreign Corporation,

                Defendant.

No. 0711-13531

MOTION PRAECIPE

**Notice is hereby given** that attorney for Plaintiff has set a motion for hearing as follows:

| **Judge:** Jerome LaBarre | **Room:** 702 |
|---|---|
| **Date:** April 8, 2008. | **Time:** 1:30 p.m. |

On Call _____ for _____ in Room 208 at 9:00 a.m.

This is a _____ first _____ subsequent setting.

Length of time requested for this motion hearing: 30 minutes

☐ Moving party waives appearance.    ☒ Reporting is requested.

☐ Hearing by telephone is requested.    (Fee is required when motion is filed)

**Type of Motion:**    Enforce Court's Order

I certify that I served a copy of this Praecipe by Fax and Hand Delivery as required by SLR 5.015 on the opposing party as follows:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

DATED  April 8, 2008.

                                CHEY POWELSON, OSB 03551
                                Of Attorneys for Plaintiff

Page 1 -      Motion Praecipe

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR MULTNOMAH COUNTY**

_Michael Myis_
Plaintiff

v.

_Autozone, Inc._
Defendant

)
)
)
)
)
)
)
)
)

Case No. _0711- 13531_

**ORDER RE:**
**EXPEDITED MOTION HEARING**

Petitioner's request for an expedited setting of the motion _to entorce court order for_ is:
_motion to compel discovery_

☐ Denied, and the underlying motion is returned to petitioner for scheduling in regular course.

☐ Denied, with leave to present the underlying motion to the trial judge.

☐ Allowed, and underlying motion is _____ without further hearing.

☑ Allowed, and underlying motion is assigned to Judge _La Barre_ for hearing. Petitioner shall contact the assigned judge, in coordination with all necessary parties, to set a date and time.

Date signed: _April 4, 2008_

_Christopher J. Marshall_
Signature

_Christopher J. Marshall_
Name of Judge Typed or Printed

Judge LaBarre heard the underlying motion on
February 7, 2008 @ 9:00 a.m.

Discovery portion is granted expedited basis,
sanctions _not_ to be heard at expedited hearing.

**ORDER RE: EXPEDITED HEARING**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>AUTOZONE, INC., a Nevada Corporation,<br><br>        Defendant. | No. 0711-13531<br><br>**DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING)** |

     Defendant AutoZone, Inc. ("AutoZone") respectfully submits the following Opposition to Plaintiff's Motion to Enforce Court Order (as limited by Judge Marshall's April 4, 2008 Order Re: Expedited Motion Hearing) ("Opposition"). This Opposition is supported by the accompanying Declaration of Neil N. Olsen ("Olsen Decl."), and the pleadings and papers herein.

     Plaintiff's Motion is without a reason for being. AutoZone has produced all documents in accordance with the subject Court Order, and as Judge Marshall recognized at the hearing on Plaintiff's Petition for an Expedited Hearing, the sanctions Plaintiff seeks do not warrant emergency treatment.[1] *See* Olsen Decl., Ex. 1. Plaintiff's Motion should further be denied because Plaintiff's counsel failed to properly confer regarding the timing and substance of the motion. If they would have so conferred, they could have avoided an unnecessary expenditure of time and money for all concerned.

---

[1] AutoZone, accordingly, only addresses the document production relief sought by Plaintiff (Item No. 3 from the Motion), and reserves all right to fully oppose sanctions if and when prosecuted.

PAGE 1 – DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING)

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

A.   **AutoZone has Produced All Documents in Accordance with the Court's March 7, 2008 Rulings and the Order Arising Therefrom.**

Disregarding the sanctions pursued by Plaintiff (as ordered by Judge Marshall), the only item of relief sought by Plaintiff now at issue is Item No. 3 from his Motion, which moves the Court to "[o]rder AutoZone to produce all documents responsive to the discovery requests at issue in the Court's prior Order." AutoZone, as of Friday, April 4, produced all such documents. *See* Olsen Decl., Ex. 2.

Indeed, albeit several days late,[2] AutoZone completed production of all documents required to have been produced by March 28 before the hearing on Plaintiff's Petition for an Expedited Hearing on April 4. *See id.*, Ex. 3. Upon inquiry to Plaintiff's counsel as to why they intended to further pursue an expedited hearing, Plaintiff's counsel answered with no specific deficiency in the production, only that they did not "feel that the documents represent full compliance with the Requests/Order." *See id.*, Ex. 4.

After receiving the final batch of documents due to them on April 4, Plaintiff pointed to only one perceived deficiency. *See id.*, Ex. 5. AutoZone has produced all such documents known to exist. *See id.*

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

---

[2] AutoZone and its counsel has the utmost respect for the Court and its Orders. Leading up to the March 28 due date for certain of the documents responsive to the requests subject to the Court Order, counsel for AutoZone was in Seattle engaged in a week-long arbitration (which was subject to a deposition-heavy compressed discovery schedule in the weeks leading up to the arbitration). Upon learning of deficiencies in the Friday, March 28 production, we communicated to counsel for Plaintiff on Monday, March 31, our recognition of the deficiencies in the production and committed to producing responsive documents as quickly as possible. In addition, we have been engaged in discussions with Plaintiff's counsel regarding the scheduling of depositions of AutoZone representatives and Plaintiff. Discussions that can be characterized and productive and moving the case forward. *See* Olsen Decl. ¶ 2.

PAGE 2 – DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING)

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

**B.      Plaintiff's Counsel Failed to Properly Confer Before Petitioning the Court for an Expedited Hearing and Filing Plaintiff's Motion.**

While counsel for the parties did confer regarding a possible motion to enforce the Court's Order, the substance and timing of Plaintiff's Motion greatly transcends that conferral.  The conferral between counsel was limited to the following:

(1)      AutoZone's counsel admitted that its production on Friday, March 28 was not sufficient and committed to make every effort to secure the production of responsive documents as quickly as possible; and

(2)      Plaintiff's counsel indicated that they intended to docket a hearing for a motion to enforce the Court's Order for May 8, but that they would possibly pull the motion off the calendar if documents were produced before adjudication of the motion.

Olsen Decl. ¶ 3, Ex. 6.

Based on the Court's Order and its commitment to Plaintiff's counsel, AutoZone moved diligently forward in the good faith belief that this was the plan of the parties. *Id.* ¶ 4.  Without any further conferral, Plaintiff's counsel notified AutoZone's counsel by an email sent at 4:43 p.m., Thursday, April 3, in a "by the way" aside that they would be appearing *ex parte* before the Court at 11:30 a.m. the next day to petition the Court for an expedited hearing on what was simply phrased "Motion to Enforce Court Order." *Id.* ¶ 5, Ex. 7.

Plaintiff's counsel did not provide AutoZone's counsel with a copy of the moving papers until the next day, less than two hours before the scheduled start of the hearing, *see id.*, Ex. 9.  It was only at this time that AutoZone's counsel learned that Plaintiff not only sought production of documents, but also a slate of harsh sanctions, all on an expedited basis.

If Plaintiff's counsel would have properly conferred, they could have avoided an unnecessary expenditure of time and money for all concerned.

\ \ \

PAGE 3 – DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING)

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

1

**C.     Conclusion.**

2

Based on the foregoing, AutoZone respectfully requests that the Court deny Plaintiff's

3

Motion.

4

5

Dated:  April 7, 2008

6

LITTLER MENDELSON, P.C.

7

8

Douglas S. Parker, OSB No. 821017
9
dparker@littler.com
Neil N. Olsen, OSB No. 053378
10
nolsen@littler.com

11
Of Attorneys for Defendant
AutoZone, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 4 – DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008
ORDER RE: EXPEDITED MOTION HEARING)

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I served a full, true, and correct copy of the foregoing DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING):

☐    By delivery via messenger, or otherwise by hand,

☒    By facsimile,

☐    By e-mail,

☒    By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By ___Arlene Opoka___
      Arlene Opoka

Firmwide:84803851.1 013306.2124

PAGE 5 – DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008
ORDER RE: EXPEDITED MOTION HEARING)

1

2          IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                FOR THE COUNTY OF MULTNOMAH

4

5

6    MICHAEL MIGIS, individually, and on          No. 0711-13531
     behalf of all other persons similarly
7    situated,                                    **DECLARATION OF NEIL N. OLSEN IN**
                                                  **SUPPORT OF DEFENDANT AUTOZONE,**
8                         Plaintiff,              **INC.'S OPPOSITION TO PLAINTIFF'S**
                                                  **MOTION TO ENFORCE COURT ORDER**
9          vs.                                    **(AS LIMITED BY JUDGE MARSHALL'S**
                                                  **APRIL 4, 2008 ORDER RE: EXPEDITED**
10   AUTOZONE, INC., a Nevada                     **MOTION HEARING)**
     Corporation,
11
                          Defendant.
12

13         I, Neil N. Olsen, hereby declare as follows:

14         1.      I am one of the attorneys representing Defendant AutoZone, Inc. ("AutoZone") in the

15   above-captioned matter, and I make this declaration in support of AutoZone's Opposition to

16   Plaintiff's Motion to Enforce Court Order (As Limited by Judge Marshall's April 4, 2008 Order re:

17   Expedited Motion Hearing). I have personal knowledge of the matters stated herein.

18         2.      AutoZone and its counsel has the utmost respect for the Court and its Orders.

19   Leading up to the March 28 due date for certain of the documents responsive to the requests subject

20   to the Court Order, Doug Parker and I were in Seattle engaged in a week-long arbitration (which was

21   subject to a deposition-heavy, compressed discovery schedule in the weeks leading up to the

22   arbitration). Upon learning of deficiencies in the Friday, March 28 production, we communicated to

23   counsel for Plaintiff on Monday, March 31, our recognition of the deficiencies and committed

24   ourselves to securing the production of responsive documents as quickly as possible. In addition, we

25   have been engaged in discussions with Plaintiff's counsel regarding the scheduling of depositions of

26   Page 1 – DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT            Littler Mendelson, PC
     AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE           1750 SW Harbor Way, Suite 450
     COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008                  Portland, OR 97201
     ORDER RE: EXPEDITED MOTION HEARING)                             Phone: 503-221-0309 Fax: 503-242-2457

1    AutoZone representatives and Plaintiff.  Discussions that can be characterized and productive and

2    moving the case forward.

3        3.    While counsel for the parties did confer regarding a possible motion to enforce the

4    Court's Order, the substance and timing of Plaintiff's Motion greatly transcends that conferral.  The

5    conferral between counsel was limited to the following:

6        (A)    AutoZone's counsel admitted that its production on Friday, March 28 was not

7               sufficient and committed to make every effort to secure the production of responsive

8               documents as quickly as possible; and

9        (B)    Plaintiff's counsel indicated that they intended to docket a hearing for a motion to

10              enforce the Court's Order for May 8, but that they would possibly pull the motion off

11              the calendar if documents were produced before adjudication of the motion.

12       4.    Based on the Court's Order and its commitment to Plaintiff's counsel, AutoZone

13   moved diligently forward in the good faith belief that this was the plan of the parties.

14       5.    Without any further conferral, Plaintiff's counsel notified AutoZone's counsel by an

15   email sent at 4:43 p.m., Thursday, April 3, in a "by the way" aside that they would be appearing *ex*

16   *parte* before the Court at 11:30 a.m. the next day to petition the Court for an expedited hearing on

17   what was simply phrased "Motion to Enforce Court Order."  Attached hereto as <u>Exhibit 7</u> is a true

18   and correct copy of an April 3, 2007 email from Chey Powelson to Neil N. Olsen.

19       6.    Plaintiff's counsel did not provide AutoZone's counsel with a copy of the moving

20   papers until the next day, less than two hours before the scheduled start of the hearing.  It was only at

21   this time that AutoZone's counsel learned that Plaintiff not only sought production of documents,

22   but also a slate of harsh sanctions, all on an expedited basis.

23       7.    Attached hereto as <u>Exhibit 1</u> is a true and correct copy of Judge Marshall's April 4,

24   2008 Order Re: Expedited Motion Hearing .

25

26
Page 2 – DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT
AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE
COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008
ORDER RE: EXPEDITED MOTION HEARING)

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

8.    Attached hereto as Exhibit 2 is a true and correct copy of an April 4, 2008 email from Neil N. Olsen to Chey Powelson.

9.    Attached hereto as Exhibit 3 is a true and correct copy an April 4, 2008 email from Neil N. Olsen to Chey Powelson.

10.   Attached hereto as Exhibit 4 is a true and correct copy an April 4, 2008 email from Chey Powelson to Neil N. Olsen.

11.   Attached hereto as Exhibit 5 is a true and correct copy of an April 7, 2008 email from Neil N. Olsen to Chey Powelson.

12.   Attached hereto as Exhibit 6 is a true and correct copy of an April 7, 2008 email from Neil N. Olsen to Chey Powelson.

**I declare that the above statements are true to the best of my knowledge and belief, and that I understand that it is made for use as evidence in court and is subject to penalty for perjury.**

Dated: April 7, 2008

Neil N. Olsen

Page 3 – DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2008, I served a full, true, and correct copy of the foregoing **DECLARATION OF NEIL N. OLSEN IN SUPPORT OF DEFENDANT AUTOZONE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (AS LIMITED BY JUDGE MARSHALL'S APRIL 4, 2008 ORDER RE: EXPEDITED MOTION HEARING).**

☐   By delivery via messenger, or otherwise by hand,

☒   By facsimile,

☐   By e-mail,

☒   By mailing same, postage paid,

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____

Neil N. Olsen, OSB No. 053778
nolsen@littler.com
LITTLER MENDELSON
A Professional Corporation

Of Attorneys for Defendant
AutoZone, Inc.

Firmwide:84807732.1 013306.2124

PAGE 1 – CERTIFICATE OF SERVICE

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR MULTNOMAH COUNTY

_Michael Migis_ )  Case No. _0711- 13531_
Plaintiff )
        v. )  **ORDER RE:**
         )  **EXPEDITED MOTION HEARING**
         )
_Autozone , Inc._ )
Defendant )

Petitioner's request for an expedited setting of the motion _to enforce court order for_ is:
_motion to compel discovery_

☐    Denied, and the underlying motion is returned to petitioner for scheduling in regular-course.

☐    Denied, with leave to present the underlying motion to the trial judge.

☐    Allowed, and underlying motion is _____ without further hearing.

☑    Allowed, and underlying motion is assigned to Judge _La Barre_ for
hearing. Petitioner shall contact the assigned judge, in coordination with all necessary parties,
to set a date and time.

Date signed: _April 4, 2008_        _Christopher Marshall_
                                   Signature

                               _Christopher J. Marshall_
                                Name of Judge Typed or Printed

Judge LaBarre heard the underlying motion on
February 7, 2008 @ 9:00 a.m.

Discovery portion is granted expedited basis.
sanctions _not_ to be heard at expedited hearing.

## ORDER RE: EXPEDITED HEARING

Exhibit _____1_____
Page _____1_____ of _1_

**Olsen, Neil N.**

| | |
|---|---|
| **From:** | Olsen, Neil N. |
| **Sent:** | Friday, April 04, 2008 4:56 PM |
| **To:** | Chey Powelson |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C. |
| **Subject:** | AutoZone/Migis |
| **Attachments:** | Autozone RRFP 1220 - 1235.pdf; Autozone RRFP 1253 - 1288.pdf; Autozone RRFP 1236 - 1252.pdf; Autozone RRFP 1289 - 1346.pdf |

Chey,

Please find attached additional documents responsive to your requests related to item (4) from the Court's Order. They include documents responsive to Request Nos. 2, 4, and 6 from your Second Set of RFPs. We have previously produced to you documents responsive to Request Nos. 1 and 6 from your Second Set of RFPs. No documents exist responsive to your Request Nos. 3 and 5 from your Second Set of RFPs.

In addition, we have previously produced documents responsive to your requests related to items (2) and (3) from the Court's Order.

We have now produced all documents required by the Court's Order.

Regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

Exhibit 2
Page 1 of 1

**Olsen, Neil N.**

| | |
|---|---|
| **From:** | Olsen, Neil N. |
| **Sent:** | Friday, April 04, 2008 9:49 AM |
| **To:** | Chey Powelson |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C. |
| **Subject:** | AutoZone/Migis |
| **Attachments:** | Autozone RRFP 1212 - 1219.pdf |

Chey,

Please find attached documents responsive to the RFPs related to the First, Second, and Third RFAs from your first set of discovery requests.

You now have all documents relating to items (2) and (3) from the Court's Order on your motion to compel. I believe this obviates the hearing you have noted for 11:30 today.

I intend to forward you later today additional documents/responses relating to item (4) from the Court's Order.

Please let me know as soon as possible whether you still intend to appear at the 11:30 hearing. If so, please provide me a copy of your moving papers as we discussed yesterday evening.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

Exhibit ___3___
Page ___1___ of _1_

## Olsen, Neil N.

| | |
|---|---|
| **From:** | Chey Powelson [cpowelson@wagelawyer.com] |
| **Sent:** | Friday, April 04, 2008 10:29 AM |
| **To:** | Olsen, Neil N. |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.; Brad Griffin; Charity Shindle |
| **Subject:** | RE: AutoZone/Migis |

Even setting aside the reasons set forth in the Motion to Enforce, we don't feel that the documents represent full compliance with the Requests/Order.

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Friday, April 04, 2008 10:19 AM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Chey,

On what basis do you intend to move forward with the hearing?  We have produced the relevant documents.

Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Friday, April 04, 2008 10:13 AM
**To:** Olsen, Neil N.
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.; Charity Shindle; Brad Griffin
**Subject:** RE: AutoZone/Migis

Plaintiff will still be appearing today at 11:30, and we faxed you a copy of the petition and underlying motion/declaration a bit ago.

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Friday, April 04, 2008 9:49 AM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** AutoZone/Migis

Chey,

Exhibit 4
Page 1 of 3

Please find attached documents responsive to the RFPs related to the First, Second, and Third RFAs from your first set of discovery requests.

You now have all documents relating to items (2) and (3) from the Court's Order on your motion to compel. I believe this obviates the hearing you have noted for 11:30 today.

I intend to forward you later today additional documents/responses relating to item (4) from the Court's Order.

Please let me know as soon as possible whether you still intend to appear at the 11:30 hearing. If so, please provide me a copy of your moving papers as we discussed yesterday evening.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Exhibit _____4_____
Page __2__ of _3__

To reply to our email administrator directly, send an email to postmaster@littler.co

Littler Mendelson, P.C.
http://www.littler.com

Exhibit___4___
Page __3__ of _3_

## Olsen, Neil N.

| | |
|---|---|
| **From:** | Olsen, Neil N. |
| **Sent:** | Monday, April 07, 2008 3:28 PM |
| **To:** | 'Chey Powelson' |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C. |
| **Subject:** | RE: AutoZone/Migis |

Chey,

We have produced existing, responsive documents.

Regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Friday, April 04, 2008 5:17 PM
**To:** Olsen, Neil N.
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.; Brad Griffin; Charity Shindle
**Subject:** RE: AutoZone/Migis

Bates No. 0001335 is a weekly schedule, which is responsive to Plaintiff's: RFP No. 6 (Second Set) ("Produce all documents and reports reflecting any weekly summarization of hours worked by Plaintiff, whether individually or by inclusion in a larger group, for the period of time from three (3) years prior to the filing of the Complaint, up to present."); and RFP No. 14 (First Set) ("Produce all documents and electronically stored information evidencing the hours Plaintiff worked or was expected to work individually or by inclusion in a larger group for Defendant, including, but not limited to, all of Plaintiff's time records, time cards, punch clock records, time sheets, work time schedules and any data compilations from which information can be obtained or translated, if necessary, by Defendant through detection devices into reasonably usable form.").

Please produce the rest of his work schedules, both approved and unapproved.  Thanks.

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Friday, April 04, 2008 4:56 PM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.

Exhibit ____5____

Page __1__ of _2_

4/7/2008

**Subject:** AutoZone/Migis

Chey,

Please find attached additional documents responsive to your requests related to item (4) from the Court's Order. They include documents responsive to Request Nos. 2, 4, and 6 from your Second Set of RFPs. We have previously produced to you documents responsive to Request Nos. 1 and 6 from your Second Set of RFPs. No documents exist responsive to your Request Nos. 3 and 5 from your Second Set of RFPs.

In addition, we have previously produced documents responsive to your requests related to items (2) and (3) from the Court's Order.

We have now produced all documents required by the Court's Order.

Regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is str prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

Exhibit ____5____
Page ____2____ of ____2____

4/7/2008

**Olsen, Neil N.**

| | |
|---|---|
| **From:** | Olsen, Neil N. |
| **Sent:** | Monday, April 07, 2008 3:19 PM |
| **To:** | 'Chey Powelson' |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C. |
| **Subject:** | FW: AutoZone/Migis |

Chey,

Doug forwarded me your email regarding our conferral and lack thereof.  It is not well taken.

Yes, we did confer regarding you possibly filing a motion to enforce the order to be heard on May 8.  We also discussed the fact that my side was working with all diligence to produce the remaining documents owed to you, and that possibly such a motion would be mooted by our efforts.  You needed to get your motion on the calendar and we needed to produce the documents.  That was the extent of our conversation.

You at no time before your email of 4:43 p.m. on April 3 (the day before the hearing on your petition) indicated an intention to move for an expedited hearing.  You at no time before we received a copy of your motion shortly before 10:00 a.m. April 4 (approximately two hours before the hearing on your petition) indicated the possibility of seeking the harsh sanctions you now apparently intend to pursue.  The timing and substance of your motion greatly transcended our conferral.

Finally, regarding the statement Mr. Bailey made to Judge Marshall at the hearing on your petition that the May 8 date was lost because of something we did or did not do, as you are aware, the truth is somewhat different.  You specifically advised me (after I called you following receipt your 4:43 p.m. email) that at the time you requested the May 8 hearing date Judge LeBarre had not yet signed the Order and, thus, his clerk would not give you a hearing date; that after the Order was signed, the May 8 date was unavailable.  Perhaps Mr. Bailey was under some misunderstanding.

Regards,
Neil


Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Friday, April 04, 2008 3:46 PM
**To:** Parker, Douglas S.
**Cc:** Bud Bailey; Brad Griffin; Charity Shindle
**Subject:** FW: AutoZone/Migis

In light of the below e-mail, I strongly urge Defendant to refrain from representing to the Court that there was no conferral on the Motion to Enforce Court Order (despite Defendant twice today telling

Exhibit ___ 6
Page ___ 1 ___ of ___ 5

Judge Marshall there was no conferral).

Chey Powelson

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Thursday, April 03, 2008 12:54 PM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Chey,

Yes, we are working diligently to compile responsive documents.  Yes, we have conferred regarding you filing a motion to enforce the order.

Yes, I will provide you an update on other issues you raised.

Regarding depositions of AutoZone personnel, I do recall you mentioning your desire to take ORCP 39C(6) depositions.  I think it is fine to pencil in May 14 to 16 for all of them, including the IT-type deposition (I assume most if not all will be in Memphis, so we will want to consolidate travel as I assume will you), but we will need you to describe with reasonable particularity the matters on which examination is requested so that we may determine the most appropriate designee.  Perhaps draft notices would be appropriate.  Once we determine the designee for each area, we can better nail down a schedule.  Are Messrs. Dessem and Massey persons who you believe we will designate?  We will need to work out the scope of the deposition regarding Affirmative Defenses.

Regarding Mr. Migis's deposition, we are willing to depose him after your ORCP 39C(6) depositions.  How does May 20 or 21 look?

I will address your native format request by next week.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, April 01, 2008 6:04 PM
**To:** Olsen, Neil N.
**Cc:** Bud Bailey; Brad Griffin; Dana Pinney; Charity Shindle
**Subject:** RE: AutoZone/Migis

Neil:

As discussed this afternoon via telephone, Defendant is working on compiling documents relating to the

Exhibit _____ 6
Page _____ 2 of 5

matters addressed in the Court's order on Plaintiff's First motion to compel discovery. Because Defendant is unable to provide a date certain by which all the documents will be produced, Plaintiffs will file a motion to enforce that order, to be heard on or about May 8. I'll let you know if that date changes.

As for the outstanding issues set forth in my March 19 letter (conferred upon on March 18 and 19), you'll provide an update by this Friday as to other anticipated document production (Friday as you know is also the deadline for other matters in the Court order from the March 7, 2008 ruling). I let you know that for certain issues in the March 19 letter (i.e., "individually or by inclusion in a larger group"), I considered that Defendant already issued its final position on those discovery requests. (However, keep in mind these Requests also seek work schedules with Migis and other employees. Those employees would also be fact witnesses.)

[You should further note that, as I mentioned on prior occasions though not today, Defendant should produce all of Plaintiff's work schedules, as I have not yet seen any produced. There may be several different types of schedules, including those specifically referencing rest breaks, etc.]

Today I also mentioned Plaintiff wants to begin taking depositions, including those of Mark Dessem and Mr. Massey (or his title-equivalent successor, if he's not there anymore) and an ORCP 39C(6) deposition regarding Defendant's affirmative defenses, beginning on or about May 14-16. Messrs. Dessem and Massey should take a day total.

You'll get back to me with Defendant's availability, but expressed some concern about the scope of that 39C(6) deposition including testimony on affirmative defenses not relating to class certification. I speculated we may be able to agree on a narrower scope, or that otherwise such an issue may be addressed in a case management conference with Judge LaBarre, once we send you a proposed case management order and schedule that hearing with the Court. (Please also keep in mind, however, that since we're well into the case now, Plaintiff's position as to the affirmative defenses may be that contention discovery is proper, and so testimony should be taken on all the affirmative defenses at once.)

You mentioned Defendant's desire to take Mr. Migis's deposition sooner rather than later, and probably before Plaintiff's depositions referenced above. I asked you to provide me with dates and times.

I also mentioned the possibility of an earlier 39C(6) deposition relating to the creation, storage, transmission, review, use, and disposition of information relating to hours worked by Oregon hourly AutoZone employees (putative class members). Please advise whether April 14 will work on your end. I also put you on notice during the phone conversation of my faxed letter to you today regarding Plaintiff's preference for production of employee time records in usable/native electronic format, not .pdf format, which will facilitate the briefing on class certification.

Chey

---

**From:** Chey Powelson
**Sent:** Tuesday, April 01, 2008 2:07 PM
**To:** 'Olsen, Neil N.'
**Cc:** Bud Bailey; Brad Griffin; Dana Pinney; Charity Shindle
**Subject:** FW: AutoZone/Migis

Neil:

Exhibit ___6___
Page ___3___ of ___5___

4/7/2008

What's Defendant's final position on the issues set forth in the attached letter from March 19? We'd agreed on a March 28 response date, so unless I hear otherwise soon, I'll assume there's nothing more to produce.

Chey

---

**From:** Chey Powelson
**Sent:** Wednesday, March 19, 2008 5:53 PM
**To:** 'Olsen, Neil N.'
**Cc:** Parker, Douglas S.; Tift, Leigh Ann C.; Bud Bailey; Brad Griffin; Charity Shindle
**Subject:** RE: AutoZone/Migis

Neil:

See attached letter, also to arrive via Fax.

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Wednesday, March 19, 2008 10:37 AM
**To:** Chey Powelson
**Cc:** Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** AutoZone/Migis

Chey,

It was good speaking with you yesterday and today regarding Plaintiff's First Set of Requests for Production.

As we discussed, you will provide correspondence confirming your narrowing of certain requests and my offer to follow up with my client regarding certain others.

As we further discussed, while the narrowing of requests during conferral is appropriate in certain circumstances, I do not intend to move forward in a mode in which Plaintiff propounds grossly overbroad and unduly burdensome discovery requests, we rightfully object, and then under the guise of conferral on a motion to compel Plaintiff brings his requests to within reason. It is the obligation of the propounding party to construct discovery requests out of the gate which fall within the boundaries of allowable discovery. It is not the job of the responding party to divine from an overbroad request what it should produce. Conferral should be reserved for those situations in which the propounding party truly believes it has set forth a proper discovery request that is not being met with a proper response.

As to the general issues you raised in your March 11, 2008 letter:

(1) Plaintiff raised the waiver argument in its motion to compel. The Court did not take it up and Plaintiff did not press the issue at the hearing. Considering the circumstances of the surrounding motion practice and the Court's order on the Requests for Admissions, we do not believe AutoZone waived its objections of overbreadth and undue burden; and

(2) The Oregon Rules do not support your request for a signed verification that no additional documents exist to specific requests. As we are doing in the current situation, if you believe additional documents may exist after receiving a production of documents and communicate that belief and the basis therefore to us, we will check with AutoZone to ensure that all responsive documents have been produced. Signed verification is neither required nor necessary.

Best regards,
Neil

Exhibit ___6___
Page ___4___ of ___5___

4/7/2008

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

Exhibit ___6___
Page __5__ of __5__

4/7/2008

## Olsen, Neil N.

| | |
|---|---|
| **From:** | Chey Powelson [cpowelson@wagelawyer.com] |
| **Sent:** | Thursday, April 03, 2008 4:43 PM |
| **To:** | Olsen, Neil N. |
| **Cc:** | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.; Brad Griffin; Charity Shindle |
| **Subject:** | RE: AutoZone/Migis |

Then I'll send out 39C(6) notices. We can then confer and try to stipulate to changes, if necessary, and reflect those stipulations in an amended notice.

Also, please be advised Plaintiff will appear tomorrow at 11:30 in Judge Marshall's courtroom (312) for hearing on Plaintiff's petition for expedited hearing on Motion to Enforce Court Order. Chey

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Thursday, April 03, 2008 3:46 PM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Chey,

First, I don't know that Massey and Dessem would be subject to individual deposition notices. In other words, a subpoena may technically be necessary to compel their attendance at a deposition. I will have to check their position and conduct a managing agent analysis. In any event, I'm not saying a subpoena will be necessary, but something we should keep in mind. Your thoughts on that front are welcome.

Second, I assume we are still talking about draft notices. The dates as I mentioned are not set in stone. We need to review your proposed areas of inquiry, determine who is best suited to appear, and coordinate with their schedule.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Thursday, April 03, 2008 1:08 PM
**To:** Olsen, Neil N.
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.; Brad Griffin; Charity Shindle
**Subject:** RE: AutoZone/Migis

Exhibit _____7_____
Page __1__ of _6_

4/4/2008

The Massey and Dessem depositions would be notices to depose them individually, not per 39C(6)—you can designate whomever and how ever many people as you want for those. The 39C(6) depositions would be on the affirmative defenses, as well as (possibly,) IT/EIS-related topics. Will send 39C(6) notices, and am leaning to May 15 and 16. The location of the depositions we can discuss in a day or two, as well as what would constitute proper objections during the 39C(6) deps. Will check with Mr. Migis and the people here re: availability on May 20 or 21.

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Thursday, April 03, 2008 12:54 PM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Chey,

Yes, we are working diligently to compile responsive documents. Yes, we have conferred regarding you filing a motion to enforce the order.

Yes, I will provide you an update on other issues you raised.

Regarding depositions of AutoZone personnel, I do recall you mentioning your desire to take ORCP 39C(6) depositions. I think it is fine to pencil in May 14 to 16 for all of them, including the IT-type deposition (I assume most if not all will be in Memphis, so we will want to consolidate travel as I assume you will), but we will need you to describe with reasonable particularity the matters on which examination is requested so that we may determine the most appropriate designee. Perhaps draft notices would be appropriate. Once we determine the designee for each area, we can better nail down a schedule. Are Messrs. Dessem and Massey persons who you believe we will designate? We will need to work out the scope of the deposition regarding Affirmative Defenses.

Regarding Mr. Migis's deposition, we are willing to depose him after your ORCP 39C(6) depositions. How does May 20 or 21 look?

I will address your native format request by next week.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, April 01, 2008 6:04 PM
**To:** Olsen, Neil N.
**Cc:** Bud Bailey; Brad Griffin; Dana Pinney; Charity Shindle
**Subject:** RE: AutoZone/Migis

Neil:

Exhibit _____7_____
Page __2__ of __6__

As discussed this afternoon via telephone, Defendant is working on compiling documents relating to the matters addressed in the Court's order on Plaintiff's First motion to compel discovery. Because Defendant is unable to provide a date certain by which all the documents will be produced, Plaintiffs will file a motion to enforce that order, to be heard on or about May 8. I'll let you know if that date changes.

As for the outstanding issues set forth in my March 19 letter (conferred upon on March 18 and 19), you'll provide an update by this Friday as to other anticipated document production (Friday as you know is also the deadline for other matters in the Court order from the March 7, 2008 ruling). I let you know that for certain issues in the March 19 letter (i.e., "individually or by inclusion in a larger group"), I considered that Defendant already issued its final position on those discovery requests. (However, keep in mind these Requests also seek work schedules with Migis and other employees. Those employees would also be fact witnesses.)

[You should further note that, as I mentioned on prior occasions though not today, Defendant should produce all of Plaintiff's work schedules, as I have not yet seen any produced. There may be several different types of schedules, including those specifically referencing rest breaks, etc.]

Today I also mentioned Plaintiff wants to begin taking depositions, including those of Mark Dessem and Mr. Massey (or his title-equivalent successor, if he's not there anymore) and an ORCP 39C(6) deposition regarding Defendant's affirmative defenses, beginning on or about May 14-16. Messrs. Dessem and Massey should take a day total.

You'll get back to me with Defendant's availability, but expressed some concern about the scope of that 39C(6) deposition including testimony on affirmative defenses not relating to class certification. I speculated we may be able to agree on a narrower scope, or that otherwise such an issue may be addressed in a case management conference with Judge LaBarre, once we send you a proposed case management order and schedule that hearing with the Court. (Please also keep in mind, however, that since we're well into the case now, Plaintiff's position as to the affirmative defenses may be that contention discovery is proper, and so testimony should be taken on all the affirmative defenses at once.)

You mentioned Defendant's desire to take Mr. Migis's deposition sooner rather than later, and probably before Plaintiff's depositions referenced above. I asked you to provide me with dates and times.

I also mentioned the possibility of an earlier 39C(6) deposition relating to the creation, storage, transmission, review, use, and disposition of information relating to hours worked by Oregon hourly AutoZone employees (putative class members). Please advise whether April 14 will work on your end. I also put you on notice during the phone conversation of my faxed letter to you today regarding Plaintiff's preference for production of employee time records in usable/native electronic format, not .pdf format, which will facilitate the briefing on class certification.

Chey

---

**From:** Chey Powelson
**Sent:** Tuesday, April 01, 2008 2:07 PM
**To:** 'Olsen, Neil N.'
**Cc:** Bud Bailey; Brad Griffin; Dana Pinney; Charity Shindle
**Subject:** FW: AutoZone/Migis

Exhibit ___7___
Page ___3___ of ___6___

4/4/2008

Neil:

What's Defendant's final position on the issues set forth in the attached letter from March 19? We'd agreed on a March 28 response date, so unless I hear otherwise soon, I'll assume there's nothing more to produce.

Chey

---

**From:** Chey Powelson
**Sent:** Wednesday, March 19, 2008 5:53 PM
**To:** 'Olsen, Neil N.'
**Cc:** Parker, Douglas S.; Tift, Leigh Ann C.; Bud Bailey; Brad Griffin; Charity Shindle
**Subject:** RE: AutoZone/Migis

Neil:

See attached letter, also to arrive via Fax.

---

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Wednesday, March 19, 2008 10:37 AM
**To:** Chey Powelson
**Cc:** Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** AutoZone/Migis

Chey,

It was good speaking with you yesterday and today regarding Plaintiff's First Set of Requests for Production.

As we discussed, you will provide correspondence confirming your narrowing of certain requests and my offer to follow up with my client regarding certain others.

As we further discussed, while the narrowing of requests during conferral is appropriate in certain circumstances, I do not intend to move forward in a mode in which Plaintiff propounds grossly overbroad and unduly burdensome discovery requests, we rightfully object, and then under the guise of conferral on a motion to compel Plaintiff brings his requests to within reason. It is the obligation of the propounding party to construct discovery requests out of the gate which fall within the boundaries of allowable discovery. It is not the job of the responding party to divine from an overbroad request what it should produce. Conferral should be reserved for those situations in which the propounding party truly believes it has set forth a proper discovery request that is not being met with a proper response.

As to the general issues you raised in your March 11, 2008 letter:

(1) Plaintiff raised the waiver argument in its motion to compel. The Court did not take it up and Plaintiff did not press the issue at the hearing. Considering the circumstances of the surrounding motion practice and the Court's order on the Requests for Admissions, we do not believe AutoZone waived its objections of overbreadth and undue burden; and

(2) The Oregon Rules do not support your request for a signed verification that no additional documents exist to specific requests. As we are doing in the current situation, if you believe additional documents may exist after receiving a production of documents and communicate that belief and the basis therefore to us, we will check with AutoZone to ensure that all responsive documents have been produced. Signed verification is neither required nor necessary.

Best regards,

Exhibit ___7___
Page __4__ of __6__

4/4/2008

Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

Exhibit ____7____

Page ___5__ of _6_

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

Exhibit _____ 7 _____
Page ___ 6 __ of __ 6 __

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS**, *et al.*,

                   Plaintiffs,

    v.

**AUTOZONE, INC.**, a Foreign Corporation,

                  Defendant.

Case No. **0711-13531**

**REPLY SUPPORTING PLAINTIFF'S
MOTION TO ENFORCE COURT
ORDER**

      **PLAINTIFF** hereby submits this *Reply* in support of his *Motion to Enforce Court Order*, and requests the Court enforce its prior order requiring Defendant AutoZone to produce all documents responsive to Plaintiff's Requests for Production 2, 4, and 6, and which were to support Defendant's denials to Plaintiff's Requests For Admission 1 - 3. Defendant has not complied with that prior Order.

**A.**   **AutoZone "Document Production"**

      AutoZone produced one type of document in response to Requests For Production 2, 4 and 6, but only after receiving notice that Plaintiff intended to move on an expedited basis to enforce the prior Order. See *Reply Declaration of Chey K. Powelson*, Ex. A.

      By producing Exhibit A, AutoZone now represents it relied only upon that document to deny Plaintiff's Requests For Admissions 1 - 3. A fundamental flaw is that Exhibit A refutes

Page 1 -    PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   those denials.

2      Another fundamental flaw with Exhibit A is that Plaintiff requested "all documents and

3   electronically stored information" for the employees at issue. Plaintiff comprehensively defined

4   "Documents" and "Electronic Data" in its discovery requests. *Reply Decl.*, Ex. B. AutoZone

5   ignored those definitions, and instead produced some data in non-native, .pdf format. *Id.*, Ex. A.

6      During the hearing on Plaintiff's motion to compel, Defendant's counsel represented that

7   responding to Requests For Production 2, 4 and 6 "requires considerable digging[.]" *Reply Decl.*,

8   Ex. C.[1]

9      1.      Request For Production No. 1 (Involuntarily Terminated Employees)

10      The first line ("record") on Exhibit A (Employee ID 10004509) refutes Defendant's denial

11   to **RFA No. 1.** It reflects an employee involuntarily terminated for violation of company policy

12   (Reason "B3" ) on August 27, 2007, and whose final paycheck was dated September 14, 2007.

13   *Reply Decl.*, Ex. A. Under Oregon law, that paycheck was due no later than one (1) business day

14   after the termination. ORS 652.140(1). Instead, the check was dated for a scheduled payday

15   (Friday), approximately 17 calendar days past due.

16      Another involuntarily terminated employee (ID 10295566) on page one of Exhibit A

17   purportedly shows that while the employee's last day was September 6, 2007, the final check was

18   not dated until September 28, 2007. *Reply Decl.*, Ex. A. This person's final pay check was late

19   by approximately 21 days.

20      2.      Request For Admission No. 2 (Employees Who Quit with Notice)

21      An employee who quit with notice (Employee ID 10165628; Reason "A1") on Exhibit

22   A refutes Defendant's denial of Plaintiff's **RFA No. 2.** That employee quit with notice and had

23   a last day worked of May 12, 2007, but his or her final paycheck was dated May 16, 2007. *Reply*

24

25      [1] Defendant did not timely object to Plaintiff's requests on the grounds that they were

26   unduly burdensome or overly broad.

Page 2 -    PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PLAINTIFF'S FIRST MOTION TO COMPEL
            DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO
            PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Decl.*, Ex. A.  Under Oregon law, that paycheck was "due and payable immediately[.]" ORS
2    652.140(2)(a).

3        Two other employees in this category (Employee ID nos. 10310478 and 10311813) on
4    page one of Exhibit A had final paychecks dated, respectively, seven calendar days (ID
5    10310478) and 16 calendar days (10311813) after their last dates worked. *Reply Decl.*, Ex. A.

6        3.    Request For Admission No. 3 (Employees Who Quit Without Notice)

7        Exhibit A also undermines Defendant's denial to **RFA No. 3** regarding employees who
8    quit without notice.  For example, Employee 10313503 (p. 1) apparently quit without notice on
9    May 2, 2007, but their final paycheck was dated May 11, 2007.  *Reply Decl.*, Ex. A.  Under
10   Oregon law, that paycheck was due and payable within five (5) business days of May 2, 2007,
11   which was May 9, 2007.  Another employee who quit without notice (Employee ID 10337265)
12   on page two of Exhibit A shows a last day of February 14, 2007, but a check date of March 2,
13   2007.  The check was therefore approximately eight calendar days late.

14       Because Exhibit A refutes Defendant's denials,[2] AutoZone cannot possibly have produced
15   all documents upon which it relied to make those denials.  Defendant's counsel had an affirmative
16   duty in the first instance to deny only after making a reasonable inquiry into the matter.
17   Defendant failed to produce all responsive documents pursuant to the Court Order.[3]

18

19

20       [2] Those denials have caused substantial cost to Plaintiff's counsel (Petition for Expedited
     hearing for *Motion to Compel*, hearing on *Motion to Compel, Motion to Enforce Order*, and
21   associated time), and therefore for purposes of the sanctions portion of the *Motion*, presumably
     to be heard in the normal course, Plaintiff will in the alternative request the Court for alternative
22   relief under ORCP 46C.

23       [3] Either that, or Defendant made the denials in bad faith, *i.e.*, with the intent to further
     delay adjudication of this lawsuit.  If Defendant's counsel adheres to the position that it has,
24   under all circumstances, complied with the Court Order by producing Exhibit A, Plaintiff
     requests that: (a) Defendant be precluded from objecting on any grounds to the admission of
25   Exhibit A into the court record; and (b) Defendant produce all necessary deponents or designees
     solely at its own expense here in Oregon, to testify as to the content and all aspects of Exhibit A.
26

Page 3 -    PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PLAINTIFF'S FIRST MOTION TO COMPEL
            DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO
            PLAINTIFF'S REQUESTS FOR ADMISSION

**B.    Defendant's Non-Production by the Court-Ordered Deadline Was in Bad Faith**

It bears repeating that Defendant's non-production in response to Requests For Production 2, 4 and 6 by the Court-ordered deadline was as follows: "<u>With respect to Plaintiff Migis, Defendant maintains that Plaintiff has all relevant documents</u>; to wit, Plaintiff's final paycheck and Plaintiff's personnel file reflecting the date his employment ended with AutoZone." (emphasis added).

This was a bad faith response. Plaintiff Migis's employment ended *outside the time frame* set forth in the discovery requests at issue.   Only at Plaintiff's immediate prompting did Defendant commit to producing all responsive documents at some un-specified date after the deadline.

Coincidentally, Defendant's production occurred closer to the 30 calendar day mark Defendant's counsel requested during the prior hearing, but which this Court expressly refused.

**C.    Conferral on the Motion to Enforce Court Order**

Defendant now attempts to argue there was no conferral because there was no agreed-upon date (five to six weeks out) for a hearing.  Conferring on a hearing date is not required.

The parties twice conferred via telephone on Defendant's non-production by the deadline set forth in the Order.  See *Powelson Declaration* supporting *Motion to Enforce Court Order*. During those conferences, AutoZone's counsel could not provide a date certain by which production would occur, and speculated it could be that next week (April 8 - 10).

Also during those conferences, Defendant's counsel acknowledged Plaintiff would be filing a motion to enforce the Court Order.  Plaintiff's counsel immediately confirmed in a March 31, 2008 follow-up e-mail to the first conference that the parties had conferred on the necessity of filing a motion, and that Plaintiff would be drafting it.  See *Olsen Declaration*, Ex. 7 (p. 3). Mr. Olsen responded, "Yes, we have conferred regarding your filing a motion to enforce the

Page 4 -       PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   order." *Id.*, Ex. 7 (p. 2).

2       It now appears Defendant was content in letting Plaintiff draft and file the *Motion to*

3   *Enforce Court Order*, but only if the hearing was at least six weeks out.  Presumably at the time

4   of hearing, Defendant would argue it had produced everything.

5       That Defendant feigns surprise at the actual content of Plaintiff's *Motion* is not a basis to

6   renege on counsel's confirmation of the prior conferral.   The *Motion* expressly relates to

7   Defendant's failure to obey a court order and failure to produce all documents requested.   Rule

8   46 governs the procedure relating to such failures, and section B clearly lists the available

9   sanctions.

10       Finally, AutoZone concedes it did not comply with the Court Order.[4]  It cannot undo that

11   prior failure, and the legal arguments in Plaintiff's *Motion to Enforce* relate to such failures and

12   the resulting prejudice to the judicial system, regardless of whether there is eventual compliance.

13   See Plaintiff's *Motion*, pp. 7 - 9.

14   **D.      Conclusion**

15       For all the reasons set forth in this Reply and Plaintiff's *Motion to Enforce Court Order*

16   Plaintiff requests that Defendant produce all documents as the Court Order states.  Plaintiff also

17   requests the opportunity to submit supplemental briefing in support of that *Motion*, the hearing

18   on which could occur should this Court decide to schedule a case management conference for

19   May 2008.

20   SIGNED this _____8th_____ day of April 2008.        BAILEY, PINNEY & ASSOCIATES, LLC

21

22                                                 A.E. "BUD" BAILEY, OSB 87157
                                                   CHEY POWELSON, OSB 03551
23                                                 Of Attorneys for Plaintiffs

24   _____

25       [4] During the hearing on the *Motion to Compel*, the Court declined to accept Defendant
     counsel's prior request for additional time (30 calendar days) due to an arbitration, so it is
26   improper for Defendant to again raise it in response to the instant *Motion to Enforce Court Order*.

Page 5 -    PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PLAINTIFF'S FIRST MOTION TO COMPEL
            DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO
            PLAINTIFF'S REQUESTS FOR ADMISSION

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Reply Supporting Plaintiff's Motion to Enforce Court Order** upon:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]      by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above on the date set forth below.

[X ]     by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    April 8, 2008

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

1
2
3
4
5
6
7
8

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

9

10    MICHAEL MIGIS, *et al.*,                          Case No. **0711-13531**

11                    Plaintiff,

12    v.                                                **REPLY DECLARATION OF
                                                        CHEY K. POWELSON
13                                                      SUPPORTING PLAINTIFF'S
                                                        MOTION TO ENFORCE COURT
14    AUTOZONE, INC.,                                   ORDER ON FIRST MOTION FOR
                                                        AN ORDER COMPELLING
15                    Defendant.                        DISCOVERY**

16

17

18    I, Chey K. Powelson, hereby declare as follows:

19    1.    I am one of the attorneys for Plaintiff herein.  I am competent to testify in this matter,

            and base the contents of this declaration on my own personal knowledge and/or the

            litigation files and documents my firm maintains for this litigation.

20    2.    Attached hereto as **Exhibit A** is a true and correct copy of the entire set of documents

            Defendant produced at approximately 9:49 a.m. on Friday, April 4, 2008, in response

            to Plaintiff's First Set of Requests For Production 2, 4 and 6.

21    3.    Attached hereto as **Exhibit B** are true and correct portions of Plaintiff's **First Set** of

            discovery requests, which include definitions of "Document" and "Electronic Data."

Page 1 -    REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S MOTION TO
            ENFORCE COURT ORDER ON FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

4.  Attached hereto as **Exhibit C** are true and correct portions of the March 7, 2008 hearing transcript on Plaintiff's First Motion to Compel.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this 8th day of April in Vancouver, Washington.

_____
CHEY POWELSON, OSB 03551

Page 2 -      REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

oregon terms 11 16 06 - 11 16 07 2.xls

| ID | DeptID | Status | Last Date | Off Cycle | Check Dt | Net Pay | Reason |
|---|---|---|---|---|---|---|---|
| 10004509 | 2235 | T | 2007-08-27 | N | 2007-09-14 | 219.37 | B3 |
| 10165628 | 2217 | T | 2007-05-12 | Y | 2007-05-16 | 121.88 | A1 |
| 10181520 | 1689 | T | 2007-02-16 | N | 2007-02-16 | 1,171.27 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | N | 2007-05-25 | 288.23 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | Y | 2007-05-25 | 35.05 | B3 |
| 10218579 | 2213 | T | 2007-03-30 | N | 2007-03-30 | 665.41 | B3 |
| 10219502 | 2222 | T | 2007-09-09 | Y | 2007-09-19 | 60.95 | A1 |
| 10222778 | 2229 | T | 2007-03-15 | Y | 2007-03-23 | 37.48 | A5 |
| 10226974 | 2228 | T | 2007-10-06 | N | 2007-10-12 | 511.55 | A1 |
| 10234895 | 2219 | T | 2007-06-02 | N | 2007-06-08 | 536.58 | A1 |
| 10242505 | 2229 | T | 2007-01-11 | Y | 2007-01-13 | 1,041.81 | A6 |
| 10253199 | 2216 | T | 2007-06-26 | N | 2007-07-06 | 40.98 | B3 |
| 10258667 | 1689 | T | 2007-05-11 | Y | 2007-05-16 | 318.74 | A1 |
| 10264284 | 2236 | T | 2007-01-21 | Y | 2007-01-23 | 421.01 | A1 |
| 10265476 | 2227 | T | 2007-03-23 | T | 2007-03-30 | 579.41 | A1 |
| 10267418 | 2236 | T | 2007-03-31 | N | 2007-04-13 | 198.89 | B3 |
| 10269361 | 2236 | T | 2007-02-15 | N | 2007-03-02 | 17.96 | B3 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 0.39 | A1 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 46.49 | A1 |
| 10271245 | 2216 | T | 2007-01-12 | N | 2007-01-19 | 199.86 | A1 |
| 10274411 | 2203 | T | 2007-09-25 | N | 2007-10-12 | 45.53 | A3 |
| 10277179 | 2223 | T | 2007-04-14 | N | 2007-04-27 | 126.22 | A5 |
| 10285446 | 2222 | T | 2007-03-14 | N | 2007-03-30 | 268.24 | A1 |
| 10286631 | 2217 | T | 2007-05-05 | N | 2007-05-11 | 584.42 | A1 |
| 10287139 | 2217 | T | 2007-08-06 | Y | 2007-08-08 | 378.79 | A5 |
| 10287783 | 2228 | T | 2007-05-22 | N | 2007-05-25 | 286.93 | A6 |
| 10293280 | 2231 | T | 2007-05-03 | Y | 2007-05-07 | 516.52 | A1 |
| 10295533 | 3751 | T | 2007-08-04 | N | 2007-09-14 | 213.70 | A6 |
| 10295566 | 2225 | T | 2007-09-06 | N | 2007-09-28 | 69.26 | B3 |
| 10305167 | 2228 | T | 2007-01-09 | N | 2007-01-19 | 405.47 | OTH |
| 10305420 | 2203 | T | 2006-11-15 | Y | 2006-11-29 | 276.79 | A5 |
| 10308163 | 2219 | T | 2007-07-16 | N | 2007-05-25 | 0.36 | A1 |
| 10310068 | 2227 | T | 2007-09-01 | Y | 2007-09-13 | 391.96 | TER |
| 10310478 | 2227 | T | 2007-02-09 | N | 2007-02-16 | 249.88 | A1 |
| 10311813 | 2225 | T | 2006-12-06 | N | 2006-12-22 | 198.55 | A1 |
| 10313503 | 2217 | T | 2007-05-02 | N | 2007-05-11 | 391.20 | A6 |
| 10314711 | 2217 | T | 2007-10-11 | Y | 2007-10-22 | 121.29 | A1 |
| 10314735 | 2217 | T | 2007-06-30 | N | 2007-07-06 | 722.63 | A5 |
| 10317043 | 2219 | T | 2007-09-01 | Y | 2007-09-10 | 320.66 | TER |
| 10318613 | 2236 | T | 2007-09-15 | N | 2007-09-14 | 464.48 | B3 |
| 10319724 | 1689 | T | 2006-11-19 | N | 2006-12-08 | 45.69 | A4 |
| 10320280 | 2203 | T | 2007-11-10 | N | 2007-11-09 | 261.21 | A1 |
| 10320280 | 2203 | T | 2007-11-10 | Y | 2007-11-09 | 117.83 | A1 |
| 10322674 | 2229 | T | 2007-09-07 | N | 2007-09-14 | 536.55 | A4 |
| 10323694 | 2229 | T | 2007-03-23 | Y | 2007-03-23 | 289.89 | A3 |
| 10323698 | 2226 | T | 2007-09-22 | N | 2007-09-28 | 80.75 | A1 |
| 10324192 | 2227 | T | 2006-12-15 | N | 2006-12-22 | 546.07 | B4 |
| 10324857 | 2233 | T | 2006-12-23 | N | 2007-01-05 | 455.20 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | N | 2006-12-08 | 467.47 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | Y | 2006-12-08 | 92.31 | A6 |

EXHIBIT _A_

Page _1-8_

AZ/MIGIS 0001212

oregon terms 11 16 06 – 11 16 07 2.xls

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10326113 | 2238 | T | 2007-01-10 | N | 2007-01-19 | 635.34 | OTH |
| 10327333 | 2231 | T | 2007-07-20 | Y | 2007-07-24 | 83.04 | B3 |
| 10328753 | 2229 | T | 2006-11-24 | Y | 2006-12-01 | 60.62 | A1 |
| 10329499 | 2213 | T | 2007-05-19 | N | 2007-05-25 | 462.40 | A4 |
| 10331250 | 2225 | T | 2007-10-06 | Y | 2007-10-17 | 457.95 | A6 |
| 10331602 | 3751 | T | 2007-01-03 | N | 2007-01-19 | 0.00 | B3 |
| 10332271 | 2227 | T | 2006-11-29 | N | 2006-12-08 | 228.55 | A1 |
| 10333968 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 38.05 | A1 |
| 10334119 | 2238 | T | 2007-07-13 | N | 2007-07-20 | 101.30 | A6 |
| 10334456 | 2229 | T | 2007-03-30 | N | 2007-03-30 | 848.00 | A6 |
| 10334495 | 1689 | T | 2006-12-09 | N | 2006-12-22 | 91.96 | A1 |
| 10334642 | 2222 | T | 2007-02-09 | N | 2007-02-16 | 340.08 | OTH |
| 10334642 | 2222 | T | 2007-02-09 | Y | 2007-02-16 | 240.65 | OTH |
| 10334673 | 2216 | T | 2006-12-06 | N | 2006-12-22 | 83.89 | A1 |
| 10334876 | 1689 | T | 2007-07-06 | N | 2007-07-20 | 275.15 | A4 |
| 10335318 | 2217 | T | 2007-03-29 | N | 2007-04-13 | 150.70 | A2 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 0.00 | A1 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 100.00 | A1 |
| 10337102 | 2213 | T | 2007-06-10 | N | 2007-06-22 | 211.57 | A4 |
| 10337228 | 2228 | T | 2007-01-05 | N | 2007-01-05 | 292.47 | B3 |
| 10337244 | 2236 | T | 2007-05-19 | N | 2007-06-08 | 0.21 | A4 |
| 10337265 | 2236 | T | 2007-02-14 | Y | 2007-03-07 | 113.04 | A6 |
| 10337274 | 2236 | T | 2007-08-28 | N | 2007-06-08 | 0.36 | A1 |
| 10337912 | 2222 | T | 2007-01-31 | N | 2007-02-16 | 209.77 | OTH |
| 10337919 | 2232 | T | 2007-03-23 | N | 2007-03-30 | 73.66 | B3 |
| 10339120 | 2216 | T | 2007-02-17 | Y | 2007-02-21 | 587.86 | A6 |
| 10339672 | 2226 | T | 2007-02-24 | N | 2007-03-02 | 290.54 | A1 |
| 10339721 | 2216 | T | 2007-03-30 | N | 2007-04-13 | 151.85 | A6 |
| 10339724 | 1689 | T | 2007-05-21 | N | 2007-06-08 | 42.89 | A4 |
| 10339743 | 2226 | T | 2007-01-14 | N | 2007-02-02 | 55.87 | A6 |
| 10340307 | 2214 | T | 2007-05-14 | N | 2007-05-25 | 76.46 | A4 |
| 10340861 | 2223 | T | 2006-11-21 | N | 2006-12-08 | 121.67 | A6 |
| 10340888 | 2223 | T | 2007-01-01 | N | 2007-01-05 | 167.83 | A1 |
| 10341988 | 2214 | T | 2007-09-01 | Y | 2007-09-05 | 60.60 | TER |
| 10342024 | 2231 | T | 2007-07-23 | N | 2007-07-20 | 101.15 | A1 |
| 10342062 | 2219 | T | 2007-06-01 | N | 2007-06-08 | 354.09 | TER |
| 10342570 | 2227 | T | 2007-01-14 | N | 2007-02-16 | 51.35 | A4 |
| 10343292 | 2219 | T | 2007-03-30 | N | 2007-04-13 | 427.06 | A4 |
| 10343393 | 2229 | T | 2007-05-26 | Y | 2007-05-26 | 142.91 | B3 |
| 10343489 | 2226 | T | 2006-12-23 | N | 2007-01-05 | 89.89 | A1 |
| 10343777 | 2225 | T | 2007-01-03 | N | 2007-01-19 | 41.18 | A6 |
| 10343801 | 2203 | T | 2007-02-28 | N | 2007-03-02 | 425.04 | A5 |
| 10343988 | 2237 | T | 2006-11-19 | N | 2006-12-08 | 31.92 | A2 |
| 10343990 | 2214 | T | 2007-05-14 | N | 2007-05-25 | 105.98 | A1 |
| 10345388 | 2216 | T | 2006-12-06 | N | 2006-12-22 | 91.42 | C4 |
| 10345519 | 2216 | T | 2007-06-29 | N | 2007-06-22 | 52.49 | A1 |
| 10345528 | 2227 | T | 2007-02-07 | N | 2007-02-16 | 470.62 | A2 |
| 10346149 | 1689 | T | 2007-05-18 | N | 2007-05-25 | 303.78 | A1 |
| 10346150 | 1689 | T | 2007-02-14 | N | 2007-02-16 | 458.60 | B3 |
| 10346217 | 2216 | T | 2007-03-20 | Y | 2007-03-23 | 464.76 | A1 |
| 10346221 | 2216 | T | 2007-05-04 | N | 2007-05-11 | 322.83 | A6 |
| 10346643 | 3751 | T | 2006-12-26 | N | 2007-01-05 | 30.97 | A6 |

EXHIBIT _A_
Page _2-8_

AZ/MIGIS 0001213

oregon terms 11 16 06 - 11 16 07 2.xls

| 10346806 | 2203 | T | 2006-12-23 | N | 2007-01-05 | 73.88 | A1 |
|---|---|---|---|---|---|---|---|
| 10346896 | 2203 | T | 2007-01-03 | N | 2007-01-19 | 130.73 | A4 |
| 10347087 | 1689 | T | 2007-01-22 | N | 2007-03-30 | 25.85 | A2 |
| 10347154 | 2219 | T | 2007-02-05 | N | 2007-02-16 | 550.76 | OTH |
| 10347204 | 2219 | T | 2007-06-30 | N | 2007-08-17 | 0.39 | A1 |
| 10347495 | 2229 | T | 2007-05-23 | Y | 2007-05-23 | 161.65 | A1 |
| 10348578 | 2228 | T | 2007-02-04 | N | 2007-02-16 | 126.44 | A6 |
| 10348673 | 2238 | T | 2007-07-20 | N | 2007-08-03 | 182.85 | A4 |
| 10349310 | 2227 | T | 2007-08-24 | N | 2007-08-31 | 712.95 | A1 |
| 10349327 | 2227 | T | 2007-08-03 | N | 2007-08-03 | 485.87 | B3 |
| 10349331 | 1689 | T | 2007-05-08 | N | 2007-07-06 | 204.10 | A4 |
| 10349662 | 1689 | T | 2007-04-01 | N | 2007-04-13 | 233.04 | A6 |
| 10349895 | 2228 | T | 2007-02-16 | Y | 2007-02-24 | 297.27 | A4 |
| 10349904 | 2225 | T | 2007-03-22 | N | 2007-03-30 | 155.16 | A5 |
| 10350500 | 2236 | T | 2007-04-13 | N | 2007-04-27 | 88.69 | A1 |
| 10350706 | 3751 | T | 2007-03-17 | N | 2007-03-30 | 127.24 | A6 |
| 10351174 | 2226 | T | 2007-03-23 | N | 2007-03-30 | 456.77 | A4 |
| 10351213 | 2246 | T | 2007-07-22 | N | 2007-08-03 | 178.59 | A1 |
| 10351631 | 2232 | T | 2007-08-30 | N | 2007-08-31 | 200.99 | A1 |
| 10351822 | 2203 | T | 2007-05-19 | Y | 2007-05-18 | 342.01 | A5 |
| 10352066 | 2225 | T | 2007-06-21 | N | 2007-06-22 | 824.92 | B3 |
| 10352728 | 2219 | T | 2007-04-27 | N | 2007-05-11 | 172.85 | A6 |
| 10352745 | 2233 | T | 2007-03-16 | N | 2007-12-07 | 0.00 | A1 |
| 10353190 | 2236 | T | 2007-03-18 | N | 2007-03-30 | 225.84 | A4 |
| 10354066 | 2227 | T | 2007-04-02 | N | 2007-04-13 | 338.07 | A4 |
| 10354912 | 2237 | T | 2007-05-19 | N | 2007-05-25 | 269.12 | A6 |
| 10355537 | 2216 | T | 2007-04-07 | N | 2007-04-13 | 729.67 | A5 |
| 10355839 | 2214 | T | 2007-05-01 | N | 2007-04-27 | 141.10 | TER |
| 10357055 | 2217 | T | 2007-09-10 | Y | 2007-09-18 | 67.97 | A5 |
| 10357108 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 37.56 | A6 |
| 10357117 | 2228 | T | 2007-07-08 | N | 2007-07-20 | 32.58 | A6 |
| 10357146 | 3751 | T | 2007-08-27 | N | 2007-09-14 | 0.00 | A6 |
| 10357340 | 2227 | T | 2007-11-13 | N | 2007-11-23 | 373.60 | A1 |
| 10357407 | 3751 | T | 2007-06-02 | N | 2007-06-08 | 288.94 | A6 |
| 10357490 | 2226 | T | 2007-06-15 | N | 2007-06-22 | 533.27 | A4 |
| 10357724 | 1689 | T | 2007-06-15 | N | 2007-07-06 | 230.71 | A1 |
| 10358010 | 2227 | T | 2007-05-18 | N | 2007-05-25 | 478.64 | A4 |
| 10358231 | 2232 | T | 2007-04-24 | N | 2007-05-11 | 78.96 | A2 |
| 10358394 | 2216 | T | 2007-04-20 | N | 2007-04-27 | 83.11 | A6 |
| 10359141 | 2213 | T | 2007-10-05 | N | 2007-10-12 | 326.22 | A2 |
| 10360475 | 2219 | T | 2007-09-07 | N | 2007-09-14 | 452.35 | B4 |
| 10363097 | 2216 | T | 2007-08-15 | N | 2007-08-31 | 240.91 | A4 |
| 10363500 | 2216 | T | 2007-09-08 | N | 2007-09-28 | 234.13 | A1 |
| 10365554 | 2235 | T | 2007-08-01 | N | 2007-08-17 | 143.83 | TER |
| 10365654 | 2219 | T | 2007-08-10 | N | 2007-08-17 | 175.84 | A6 |
| 10366611 | 2213 | T | 2007-09-14 | N | 2007-09-28 | 83.11 | A3 |
| 10367126 | 2216 | T | 2007-09-28 | N | 2007-10-12 | 88.20 | A1 |
| 10367188 | 2231 | T | 2007-11-15 | N | 2007-12-21 | 0.00 | A6 |
| 10367322 | 1689 | T | 2007-11-03 | N | 2007-11-09 | 35.21 | A5 |
| 10368101 | 2231 | T | 2007-09-28 | N | 2007-10-12 | 45.91 | A6 |
| 10368621 | 2238 | T | 2007-11-02 | Y | 2007-11-05 | 580.80 | B3 |
| 10369127 | 2235 | T | 2007-08-11 | Y | 2007-08-21 | 1,067.67 | A1 |

EXHIBIT _A_

Page _3-8_

AZ/MIGIS 0001214

oregon terms 11 16 06 - 11 16 07 2.xls

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10370676 | 2236 | T | 2007-11-01 | N | 2007-11-09 | 324.07 | TER |
| 10371196 | 2222 | T | 2007-08-20 | N | 2007-08-31 | 68.34 | A6 |
| 10371826 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 110.99 | A6 |
| 10371834 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 113.77 | A6 |
| 10372634 | 1689 | T | 2007-09-14 | N | 2007-09-28 | 100.47 | A4 |
| 10373780 | 2216 | T | 2007-10-22 | Y | 2007-11-01 | 67.60 | A5 |
| 10375526 | 2236 | T | 2007-10-11 | N | 2007-10-26 | 92.62 | A6 |
| 10376586 | 2213 | T | 2007-10-18 | N | 2007-10-26 | 132.79 | A6 |

EXHIBIT __A__
Page __4-8__

AZ/MIGIS 0001215

## PeopleSoft Action Codes

| Action | Action Descr | Reason | Descr | Vol - Invol |
|---|---|---|---|---|
| ADL | Additional Job | ADL | Additional Job | |
| ASC | Assignment Completion | ASC | Assignment Completion | |
| ASG | Assignment | FEX | Foreign Expatriate Assignment | |
| ASG | Assignment | FIN | Foreign Inpatriate Assignment | |
| ASG | Assignment | FLA | Foreign Loan Assignment | |
| ASG | Assignment | NAT | Third Country National | |
| DEM | Demotion | USP | Unsatisfactory Performance | |
| DEM | Demotion | VOL | Demotion - Voluntary | |
| DTA | Data Change | APP | APPRAISAL UPDATE | |
| DTA | Data Change | CDP | Correction-Department | |
| DTA | Data Change | CJC | Correction-Job Code | |
| DTA | Data Change | CPR | Correction-Pay Rate | |
| DTA | Data Change | FT | Part Time to Full Time | |
| DTA | Data Change | INV | Invol | |
| DTA | Data Change | OTH | Other | |
| DTA | Data Change | PIN | Personal Change | |
| DTA | Data Change | PT | Full Time to Part Time | |
| DTA | Data Change | RED | Redesignation | |
| DTA | Data Change | STC | Status Change | |
| DTA | Data Change | TPI | TPI DE NEW COM EFF 12/16/01 | |
| DTA | Data Change | VOL | vol | |
| FSC | Family Status Change | 01 | Family Status Change-Marriage | |
| FSC | Family Status Change | 02 | Family Status Change - Birth | |
| FSC | Family Status Change | 03 | Family Status Change-Adoption | |
| FSC | Family Status Change | 04 | Family Status Change - Divorce | |
| FSC | Family Status Change | 05 | Family Status Change - Spouse | |
| FSC | Family Status Change | 06 | Family Status Change - Death | |
| FSC | Family Status Change | 07 | Family Status Change-crt order | |
| FSC | Family Status Change | 08 | Family Status Change - misc. | |
| FSC | Family Status Change | DEA | Death | |
| FSC | Family Status Change | DEP | Married Dependents | |
| FSC | Family Status Change | DIV | Divorce | |
| FSC | Family Status Change | MED | Medicare Entitlement | |
| FTP | Full Time to Part Time | 1 | Full Time to Part Time | |
| HIR | Hire | HAF | Hired from Affiliate | |
| HIR | Hire | LNP | Loan from Parent Company | |
| HIR | Hire | NHE | New Hire Employee | |
| HIR | Hire | NPS | New Position | |
| HIR | Hire | TMP | Temporary Assignment | |
| HIR | Hire | TRN | Trainee | |
| JED | Earnings Distribution Change | SSF | Split Shift | |
| JED | Earnings Distribution Change | TMP | Temporary Assignment | |
| JRC | Job Reclassification | JRC | Job Reclassification | |
| JRC | Job Reclassification | REC | JOB RECLASSIFICATION | |
| LOA | Leave of Absence | 00 | Pending Leave of Absence | |
| LOA | Leave of Absence | 02 | Worker's Compensation | |
| LOA | Leave of Absence | ADM | Administrative Leave of Abs. | |
| LOA | Leave of Absence | ADO | UNPAID ADOPTION | |
| LOA | Leave of Absence | EDU | Education | |
| LOA | Leave of Absence | FMB | FMLA/BONDING | |
| LOA | Leave of Absence | FMC | FMLA-CHILD | |
| LOA | Leave of Absence | FML | Family and Medical Leave Act | |
| LOA | Leave of Absence | FMM | FMLA/MATERNITY/PATERNITY | |
| LOA | Leave of Absence | FMP | FMLA/PARENT | |

EXHIBIT _A_
Page _5-8_

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|-------------|--------|-------|-------------|
| LOA | Leave of Absence | FMS | FMLA-SPOUSE | |
| LOA | Leave of Absence | HEA | Health Reasons | |
| LOA | Leave of Absence | HEH | HEALTH-HEART | |
| LOA | Leave of Absence | HEL | HEALTH/LUNG | |
| LOA | Leave of Absence | HEM | HEALTH/MUS/SKEL | |
| LOA | Leave of Absence | HEP | HEALTH/PSYCH | |
| LOA | Leave of Absence | MAT | Maternity/Paternity | |
| LOA | Leave of Absence | MIL | Military Leave of Absence | |
| LOA | Leave of Absence | PEB | PERSONAL/BONDING | |
| LOA | Leave of Absence | PER | personal leave of absence | |
| LOA | Leave of Absence | PLO | Personal Leave Of Absence | |
| LOA | Leave of Absence | PTD | Partial/Total Disability | |
| LOA | Leave of Absence | USH | Unpaid Statutory Holiday | |
| LOA | Leave of Absence | WCB | WC BACK | |
| LOA | Leave of Absence | WCK | WORK COMP KNEE | |
| LOA | Leave of Absence | WCN | WORK COMP NECK | |
| LOA | Leave of Absence | WCO | WORK COMP OTHER | |
| LOA | Leave of Absence | WCS | WORK COMP SHOULDER | |
| LOA | Leave of Absence | WCT | WORK COMP CARPAL TUNNEL | |
| LOF | Layoff | RED | Staff Reduction | Involuntary |
| LOF | Layoff | SEA | Seasonal Closure | Involuntary |
| LOF | Layoff | SLO | Strike/Lock-out | Involuntary |
| LOF | Layoff | TMP | Temporary Closure | Involuntary |
| LTD | Long Term Disability With Pay | LTD | Long Term Disability With Pay | |
| LTO | Long Term Disability | LTO | Long Term Disability | |
| PAY | Pay Rate Change | ADJ | Adjustment | |
| PAY | Pay Rate Change | ATB | Across-The-Board | |
| PAY | Pay Rate Change | BBC | Bonus to Base Conversion | |
| PAY | Pay Rate Change | CBC | CAR TO BASE CONVERSION | |
| PAY | Pay Rate Change | CDR | Common Date Review | |
| PAY | Pay Rate Change | COL | Cost-of Living Adjustment | |
| PAY | Pay Rate Change | DMP | Demotion Pay Change | |
| PAY | Pay Rate Change | EQU | Equity Pay Adjustment | |
| PAY | Pay Rate Change | EXP | Exception | |
| PAY | Pay Rate Change | MCO | Matched Counter Offer | |
| PAY | Pay Rate Change | MER | Merit | |
| PAY | Pay Rate Change | OTH | Other | |
| PAY | Pay Rate Change | PRO | Promotion | |
| PAY | Pay Rate Change | REC | Job Reclassification | |
| PAY | Pay Rate Change | RME | Range Minimum Exception | |
| PAY | Pay Rate Change | SPG | Step Progression | |
| PAY | Pay Rate Change | XFR | Transfer | |
| PLA | Paid Leave of Absence | FML | PAID LOA/FMLA | |
| PLA | Paid Leave of Absence | HEA | PAID/HEALTH | |
| PLA | Paid Leave of Absence | HEH | HEALTH/HEART | |
| PLA | Paid Leave of Absence | HEL | HEALTH/LUNG | |
| PLA | Paid Leave of Absence | HEM | HEALTH/MUS/SKEL | |
| PLA | Paid Leave of Absence | HEP | HEALTH/PSYCH | |
| PLA | Paid Leave of Absence | LTD | Long-Term Disability | |
| PLA | Paid Leave of Absence | MAT | Maternity/Paternity | |
| PLA | Paid Leave of Absence | MIL | Military Service | |
| PLA | Paid Leave of Absence | STD | Short-Term Disability | |
| PLA | Paid Leave of Absence | TRW | Transitional Return To Work | |
| POS | Position Change | INA | Position Inactivated | |
| POS | Position Change | JRC | Job Re-Classification | |
| POS | Position Change | NEW | New Position | |
| POS | Position Change | REO | Re-Organization/Restructure | |

*EXHIBIT A*

*Page 6-8*

AZ/MIGIS 0001217

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|--------------|--------|-------|-------------|
| POS | Position Change | STA | Position Status Change | |
| POS | Position Change | TTL | Title Change | |
| POS | Position Change | UPD | Position Data Update | |
| POS | Position Change | XFR | Transfer | |
| PRB | Probation | PRB | On Probation | |
| PRC | Completion of Probation | PRC | Probation Completed | |
| PRO | Promotion | NCP | Normal Career Progression | |
| PRO | Promotion | OPR | Outstanding Performance | |
| PRO | Promotion | PER | Performance | |
| PTF | Part Time to Full Time | I | Part Time to Full Time | |
| REC | Recall from Suspension/Layoff | REC | Recall from Suspension/Layoff | |
| REH | Rehire | REH | Rehired Employee | |
| RET | Retirement | ERT | Early Retirement | Voluntary |
| RET | Retirement | RAT | Retired from Affiliate | Voluntary |
| RET | Retirement | RMT | Normal Retirement | Voluntary |
| RFD | Return From Disability | RFD | Return From Disability | |
| RFL | Return from Leave | CZO | RTW - CHIEF INACTIVES | |
| RFL | Return from Leave | RFL | Return From Leave | |
| RWP | Retirement With Pay | RWP | Retirement With Pay | |
| STD | Short Term Disability With Pay | STD | Short Term Disability With Pay | |
| STO | Short Term Disability | STO | Short Term Disability | |
| SUS | Suspension | DAC | Disciplinary Action | |
| SUS | Suspension | DSB | Disorderly Behavior | |
| SUS | Suspension | ILA | Illegal Action | |
| TER | Termination | A1 | Quit with Notice | Voluntary |
| TER | Termination | A2 | Moved | Voluntary |
| TER | Termination | A3 | Returned to School | Voluntary |
| TER | Termination | A4 | Abandoned Job | Voluntary |
| TER | Termination | A5 | Found Another Job | Voluntary |
| TER | Termination | A6 | Quit Without Notice | Voluntary |
| TER | Termination | ATT | Attendance | Involuntary |
| TER | Termination | B1 | Lack of Business | Involuntary |
| TER | Termination | B2 | Job Performance | Involuntary |
| TER | Termination | B3 | Violation of Company Policy | Involuntary |
| TER | Termination | B4 | Absenteeism | Involuntary |
| TER | Termination | B5 | Job Eliminated | Involuntary |
| TER | Termination | C1 | Deceased | Voluntary |
| TER | Termination | C2 | Retired | Voluntary |
| TER | Termination | C3 | Temporary Hire | Voluntary |
| TER | Termination | C4 | Not Eligible LOA/Not Available | Voluntary |
| TER | Termination | CHI | Child/House Care | Voluntary |
| TER | Termination | CON | Misconduct | Involuntary |
| TER | Termination | D1 | NO HOUR ACTIVITY | Voluntary |
| TER | Termination | DEA | Death | Voluntary |
| TER | Termination | DIS | Dishonesty | Involuntary |
| TER | Termination | DSC | Discharge | Involuntary |
| TER | Termination | E1 | TZO NV COMPANY SOLD | Voluntary |
| TER | Termination | EES | Dissatisfied w/Fellow Employee | Voluntary |
| TER | Termination | ELI | Elimination of Position | Involuntary |
| TER | Termination | ERT | Early Retirement | Voluntary |
| TER | Termination | FAM | Family Reasons | Voluntary |
| TER | Termination | HEA | Health Reasons | Voluntary |
| TER | Termination | HRS | Dissatisfied with Hours | Voluntary |
| TER | Termination | ILL | Illness in Family | Voluntary |
| TER | Termination | INS | Insubordination | INVOLUNTARY |
| TER | Termination | JOB | Job Abandonment | Voluntary |
| TER | Termination | LOC | Dissatisfied with Location | Voluntary |

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|-------------|--------|-------|-------------|
| TER | Termination | LVE | Failure to Return from Leave | Voluntary |
| TER | Termination | MAR | Marriage | Voluntary |
| TER | Termination | MIS | Misstatement on Application | Involuntary |
| TER | Termination | MUT | Mutual Consent | Voluntary |
| TER | Termination | OTP | Resignation-Other Position | Voluntary |
| TER | Termination | PAY | Dissatisfied with Pay | Voluntary |
| TER | Termination | PER | Personal Reasons | Voluntary |
| TER | Termination | POL | Dissatisfied w/Comp. Policies | Voluntary |
| TER | Termination | PRM | Dissatisfied w/Promotion Opps | Voluntary |
| TER | Termination | PTD | Partial/Total Disability | Voluntary |
| TER | Termination | RAT | Retired from Affiliate | Voluntary |
| TER | Termination | RED | Staff Reduction | Involuntary |
| TER | Termination | REF | Refused Transfer | Voluntary |
| TER | Termination | REL | Relocation | Voluntary |
| TER | Termination | RES | Resignation | Voluntary |
| TER | Termination | RET | Return to School | Voluntary |
| TER | Termination | RLS | Release | Voluntary |
| TER | Termination | SUP | Dissatisfied with Supervision | Voluntary |
| TER | Termination | TAF | Transfer to Affiliate | Voluntary |
| TER | Termination | TAR | Tardiness | Involuntary |
| TER | Termination | TMP | End Temporary Employment | Voluntary |
| TER | Termination | TRA | Transportation Problems | Voluntary |
| TER | Termination | TYP | Dissatisfied w/Type of Work | Voluntary |
| TER | Termination | UNS | Unsatisfactory Performance | Involuntary |
| TER | Termination | VIO | Violation of Rules | Involuntary |
| TER | Termination | VSP | Voluntary Separation Program | Voluntary |
| TER | Termination | WOR | Dissatisfied w/Work Conditions | Voluntary |
| TWB | Terminated With Benefits | TWB | Terminated With Benefits | Voluntary |
| TWP | Termination With Pay | D1 | Lack of Business | Involuntary |
| TWP | Termination With Pay | TWP | Termination With Pay | Voluntary |
| XFR | Transfer | EER | Employee Request | |
| XFR | Transfer | MRR | Manager Request | |
| XFR | Transfer | PRO | Promotion | |
| XFR | Transfer | ROR | Reorganization | |
| XFR | Transfer | TAF | Transfer to Affiliate | |
| XFR | Transfer | TRN | Employee Transfer | |

EXHIBIT __A__
Page __8-8__

AZ/MIGIS 0001219

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

MICHAEL MIGIS,

              Plaintiff,

    v.

AUTOZONE, INC.,

              Defendant.

No. 0711-13531

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

**TO:**   **Defendant Autozone, Inc., via his attorney Leigh Ann Tift**

    Plaintiff hereby requests that Defendant make the following documents, as requested in Exhibit "A", available for inspection and copying at the time, date and place set forth below:

<u>**TIME, DATE AND PLACE FOR PRODUCTION**</u>

**TIME:**    10:00 AM

**DATE:**   45 days from service of the Summons and Complaint

**PLACE:**  Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

Page - 1     Plaintiff's First Set of Requests For Production of Documents

EXHIBIT B
Page 1-3

1 **DEFINITIONS**

2    a.    "Documents" as used in this request means: (1) all original written, recorded,

3 taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In

4 all cases where originals are not available, "documents" also means identical copies of original

5 documents and non-identical copies thereof.    (2) all writings, contracts, agreements,

6 correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes,

7 notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or

8 conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books,

9 logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals, promotional

10 material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports

11 and recordings of telephone or other conversations, or of interviews, or of conferences, or of other

12 meetings, affidavits, statements, summaries, (6) all opinions, reports, studies, examinations,

13 analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices,

14 announcements, advertisements, instructions, manuals, brochures, publications, schedules, price

15 lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all

16 computer printouts, data processing program library, data processing input and output, microfilm,

17 books of account, records, and invoices reflecting business operations, reports, books, records,

18 permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices

19 statements, all records kept by electronic, photographic or mechanical means, any notes or drafts

20 relating to the foregoing and all things similar to any of the foregoing however denominated.

21    b.    "Electronic Data" as used in this request includes information from Defendant's

22 computer systems, removable electronic media and other locations. This further includes, but is

23 not limited to, all documents, text files, e-mail and other electronic communication (including

24 logs of e-mail history and usage, header information and "deleted" files), word processing

25 documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm

26 or security logs or records, video security or other tapes or recordings, contact manager

Page - 2    Plaintiff's First Set of Requests For Production of Documents

EXHIBIT B
Page 2-3

1    **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically

2    stored information reflecting all communications made to any of Defendant's employee's and/or

3    in response to inquiries pertaining to the Plaintiff's employment relationship, work performance

4    or other employment-related circumstances.

5    **RESPONSE:**

6

7

8    **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically

9    stored information, which evidence the date on which any employee's employment terminated,

10   in the year proceeding this lawsuit.  This request includes all documents fixed in any tangible

11   medium of expression, from which they can be perceived, reproduced, or otherwise

12   communicated, either directly or with the aid of a machine or device.

13   **RESPONSE:**

14

15

16   **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record,

17   evidencing the amount and date Defendant made payment of each employee's final wages, for

18   each employee whose employment has terminated within the year proceeding Plaintiff's

19   termination.  This request includes all documents and electronically stored information.

20   **RESPONSE:**

21

22

23   DATED: November 19, 2007.

24

25   By _Susan C. Nelson_

26   SUSAN C. NELSON,  WSB 35637
     Attorney for Plaintiff

Page  - 12     Plaintiff's First Set of Requests For Production of Documents

EXHIBIT  3
Page  3-3

```
 1        IN THE CIRCUIT COURT OF THE STATE OF OREGON

 2                FOR THE COUNTY OF MULTNOMAH

 3

 4

 5   MICHAEL MIGIS, individually,

 6   and on behalf of all other

 7   persons similarly situated,

 8                Plaintiff,

 9        v.                                No. 0711-13531

10   AUTOZONE, INC., a Nevada

11   Corporation,

12                Defendant.

13

14

15

16             TRANSCRIPT OF PROCEEDINGS

17

18        BEFORE THE HONORABLE JEROME LABARRE

19                Courtroom 702

20

21             Friday, March 7, 2008

22

23

24

25
```

EXHIBIT __C__
Page __1-6__

1    rule.  Time will tell, I guess.  That's all I

2    can say.

3            MR. PARKER:  Okay.  Okay.

4            THE COURT:  Is there any reason why you

5    shouldn't be producing those, the documents

6    called for in those requests 2, 4 and 6?

7            MR. PARKER:  Your Honor, I just need to

8    find them.  And, I'm sorry, that's in the first,

9    that's in the first set?

10           MR. POWELSON:  Yes, Your Honor.  They would

11   actually be Exhibit C attached to Plaintiff's

12   reply declaration, that sets forth also

13   Defendant's supplemental responses.

14           MR. PARKER:  Your Honor, the request, as

15   it's stated, seeks -- I'm looking first at

16   request number two.  And what it's seeking is

17   information about all involuntarily terminated

18   employees within the referenced time period.

19   That, Your Honor, is an inappropriate request

20   for production precertification.  If the class

21   is certified, that kind of a request becomes

22   appropriate.  But we don't have a certified

23   class.  If the request is tempered, is tempered

24   to produce information, certainly about the

25   plaintiff himself, and we've actually produced

EXHIBIT  C

Page  2-6

1    information about the plaintiff himself, and

2    that kind of information that would reasonably

3    be pertinent to a certification question, I

4    think that would be correct and reasonable, Your

5    Honor.  But to allow classwide discovery,

6    precertification is improper.  And we have cited

7    cases to The Court in our pleadings to that

8    effect.

9        And the same would be true for a request

10   for production number 4.  Same would be true for

11   request for production number 6.  It's

12   requiring, it's requiring the defendant to

13   engage in a considerable search for that kind of

14   information.  You know, it's seeking information

15   about how much time was given before, before the

16   employee terminated and so on, which requires

17   considerable digging.

18       If, if the request is, again, somehow

19   tempered so that the employer isn't required to

20   make an extensive search -- And, by the way, and

21   I'm looking at this assuming that the request is

22   limited to, number one, Oregon employees,

23   because it's, right now it's not even so limited

24   unless it's so limited by their general

25   instruction.  And also those who would be within

 1    to consolidate the stay is respectfully denied.

 2         Mr. Bailey, please prepare an order.

 3         And that segues us to the motion on

 4    discovery.  And let me tell you how I'm looking

 5    at the motion on discovery.  I really want to

 6    get to the heart of this matter.  I realize why

 7    Defendant has done what Defendant's done and why

 8    Plaintiff is making the arguments Plaintiff has

 9    made.  And, you know, there are some important

10    procedural issues such as Plaintiff's claim that

11    proper objections were not made at the right

12    time and there was waiver and that certain

13    matters should be deemed admitted and certain

14    prohibitions about advancing objections to

15    discovery, Defendants, my colleague, who I have

16    the greatest respect for, Judge Kantor did issue

17    the stay, has created, I understand the question

18    marks that it created.  Hopefully those question

19    marks are gone now for purposes of the Migis

20    case and these litigants.

21         But where I come down on this is these

22    kinds of cases move forward with knowledge of

23    the facts on both sides.  And I've looked

24    carefully at request for production of documents

25    2, 4 and 6.  And as set out in Plaintiff's reply

EXHIBIT  C

Beovich Walter & Friend

Page 4-6

1    on page 4, lines 15 through 18, you know, I will

2    just tell you and then I'll, I don't think we

3    certainly have time for the lengthy argument

4    that took place on the motion to stay. But the

5    plaintiff says this, even if this court declines

6    to deem Plaintiff's request for admissions as

7    admitted -- And that's how I am pretty strongly

8    leaning. I'm not ruling this moment, but I'm

9    not leaning toward declaring that these are

10   admissions. Phrased differently, I'm leaning

11   toward Defendant's argument. I'm not leaning

12   toward Plaintiff's argument on that. But then

13   Plaintiff goes on to say, basically Defendants

14   should produce the documents in request for

15   production 2, 4 and 6. And looking at those

16   requests for production, they, in view of the

17   fact that I've now denied the motion for stay

18   and consolidation, they seem like they should be

19   discovered posthaste, produced posthaste. So

20   that's how I'm looking at it.

21        So, Mr. Parker, if you want to try to talk

22   me out of it.

23        MR. PARKER: Well, Your Honor, I guess what

24   I'd like to do is ask for some dialogue with The

25   Court in terms of the case going forward. The

EXHIBIT C

Page 67

1                   C E R T I F I C A T E

2

3          I, Aleshia K. Macom, CSR No. 94-0296, do

4     hereby certify that said proceedings were taken

5     down by me in stenotype and thereafter reduced

6     to typewriting; and that the foregoing

7     transcript, Pages 1 to 66, both inclusive,

8     constitutes a full, true and accurate record of

9     said proceedings to the best of my ability.

10         Witness my hand at Portland, Oregon, this

11    19th day of March, 2008.

12

13

14                   Aleshia K. Macom

15                   CSR No. 94-0296

16

17

18

19

20

21

22

23

24

25

EXHIBIT   C
Page 6-6

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Reply Declaration of Chey K. Powelson Supporting Plaintiff's Motion to Enforce Court Order** upon:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:


[X]     by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above on the date set forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below.  The receiving fax machine was operating at the time of service and the transmission was properly completed.  Attached herewith is the confirmation of receipt which was generated by the transmitting machine.


DATED:    April 8, 2008


CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

```
*************** -COMM. JOURNAL- ****************** DATE APR-08-2008 ***** TIME 10:53 ********
```

```
        MODE = MEMORY TRANSMISSION            START=APR-08 10:43      END=APR-08 10:53

          FILE NO.=939
```

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|---------------------|------------------------------------------|-------|----------|
| 001 | OK | ā | 15039617854 | 030/030 | 00:10:00 |

```
                                                  -BAILEY PINNEY              -

***** UF-8000 v2 ****************** -3605673331      - ***** -              - *********
```

## BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

MT

April 8, 2008

### PERSONAL AND CONFIDENTIAL

TO:        Doug Parker & Neil Olsen

FAX NO.    503-961-7854

Number of Pages (including cover page): 30

REGARDING:

   Migis v. AutoZone

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:          ORIGINAL DOCUMENTS
                   Hand delivery

### NOTICE TO RECIPIENT
The information contained in this facsimile is intended only for the use of the individual or entity
named above and may contain attorney privileged information. If you are not the intended recipient,
you are hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify me by
telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, *et al.*,

        Plaintiff,

    v.

AUTOZONE, INC.,

        Defendant.

Case No. **0711-13531**

**REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY**

I, Chey K. Powelson, hereby declare as follows:

1. I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter, and base the contents of this declaration on my own personal knowledge and/or the litigation files and documents my firm maintains for this litigation.

2. Attached hereto as **Exhibit A** is a true and correct copy of the entire set of documents Defendant produced at approximately 9:49 a.m. on Friday, April 4, 2008, in response to Plaintiff's First Set of Requests For Production 2, 4 and 6.

3. Attached hereto as **Exhibit B** are true and correct portions of Plaintiff's **First Set** of discovery requests, which include definitions of "Document" and "Electronic Data."

Page 1 -    REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

4.    Attached hereto as **Exhibit C** are true and correct portions of the March 7, 2008 hearing transcript on Plaintiff's First Motion to Compel.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this $\underline{8^{th}}$ day of April in Vancouver, Washington.

CHEY POWELSON, OSB 03551

Page 2 -    REPLY DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY

oregon terms 11 16 06 - 11 16 07 2.xls

| ID | DeptID | Status | Last Date | Off Cycle | Check Dt | Net Pay | Reason |
|---|---|---|---|---|---|---|---|
| 10004509 | 2235 | T | 2007-08-27 | N | 2007-09-14 | 219.37 | B3 |
| 10165628 | 2217 | T | 2007-05-12 | Y | 2007-05-16 | 121.88 | A1 |
| 10181520 | 1689 | T | 2007-02-16 | N | 2007-02-16 | 1,171.27 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | N | 2007-05-25 | 288.23 | B3 |
| 10182282 | 2231 | T | 2007-05-22 | Y | 2007-05-25 | 35.05 | B3 |
| 10218579 | 2213 | T | 2007-03-30 | N | 2007-03-30 | 665.41 | B3 |
| 10219502 | 2222 | T | 2007-09-09 | Y | 2007-09-19 | 60.95 | A1 |
| 10222778 | 2229 | T | 2007-03-15 | Y | 2007-03-23 | 37.48 | A5 |
| 10226974 | 2228 | T | 2007-10-06 | N | 2007-10-12 | 511.55 | A1 |
| 10234895 | 2219 | T | 2007-06-02 | N | 2007-06-08 | 536.58 | A1 |
| 10242505 | 2229 | T | 2007-01-11 | Y | 2007-01-13 | 1,041.81 | A6 |
| 10253199 | 2216 | T | 2007-06-26 | N | 2007-07-06 | 40.98 | B3 |
| 10258667 | 1689 | T | 2007-05-11 | Y | 2007-05-16 | 318.74 | A1 |
| 10264284 | 2236 | T | 2007-01-21 | Y | 2007-01-23 | 421.01 | A1 |
| 10265476 | 2227 | T | 2007-03-23 | N | 2007-03-30 | 579.41 | A1 |
| 10267418 | 2236 | T | 2007-03-31 | N | 2007-04-13 | 198.89 | B3 |
| 10269361 | 2236 | T | 2007-02-15 | N | 2007-03-02 | 17.96 | B3 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 0.39 | A1 |
| 10270237 | 2236 | T | 2007-02-17 | N | 2007-03-02 | 46.49 | A1 |
| 10271245 | 2216 | T | 2007-01-12 | N | 2007-01-19 | 199.86 | A1 |
| 10274411 | 2203 | T | 2007-09-25 | N | 2007-10-12 | 45.53 | A3 |
| 10277179 | 2223 | T | 2007-04-17 | N | 2007-04-27 | 126.22 | A5 |
| 10285446 | 2222 | T | 2007-03-14 | N | 2007-03-30 | 268.24 | A1 |
| 10286631 | 2217 | T | 2007-05-05 | N | 2007-05-11 | 584.42 | A1 |
| 10287139 | 2217 | T | 2007-08-06 | Y | 2007-08-08 | 378.79 | A5 |
| 10287783 | 2228 | T | 2007-05-22 | N | 2007-05-25 | 286.93 | A6 |
| 10293280 | 2231 | T | 2007-05-03 | Y | 2007-05-07 | 516.52 | A1 |
| 10295533 | 3751 | T | 2007-08-04 | N | 2007-09-14 | 213.70 | A6 |
| 10295566 | 2225 | T | 2007-09-06 | N | 2007-09-28 | 69.26 | B3 |
| 10305167 | 2228 | T | 2007-01-09 | N | 2007-01-19 | 405.47 | OTH |
| 10305420 | 2203 | T | 2006-11-19 | Y | 2006-11-29 | 276.79 | A5 |
| 10308163 | 2219 | T | 2007-07-16 | N | 2007-05-25 | 0.36 | A1 |
| 10310068 | 2227 | T | 2007-09-01 | Y | 2007-09-13 | 391.96 | TER |
| 10310478 | 2227 | T | 2007-02-09 | N | 2007-02-16 | 249.88 | A1 |
| 10311813 | 2225 | T | 2006-12-06 | N | 2006-12-22 | 198.55 | A1 |
| 10313503 | 2217 | T | 2007-05-02 | N | 2007-05-11 | 391.20 | A6 |
| 10314711 | 2217 | T | 2007-10-17 | Y | 2007-10-22 | 121.29 | A1 |
| 10314735 | 2217 | T | 2007-06-30 | N | 2007-07-06 | 722.63 | A5 |
| 10317043 | 2219 | T | 2007-09-01 | N | 2007-09-10 | 320.66 | TER |
| 10318613 | 2236 | T | 2007-09-15 | N | 2007-09-14 | 464.48 | B3 |
| 10319724 | 1689 | T | 2006-11-19 | N | 2006-12-08 | 45.69 | A4 |
| 10320280 | 2203 | T | 2007-11-10 | N | 2007-11-09 | 261.21 | A1 |
| 10320280 | 2203 | T | 2007-11-10 | Y | 2007-11-09 | 117.83 | A1 |
| 10322674 | 2229 | T | 2007-09-07 | N | 2007-09-14 | 536.55 | A4 |
| 10323694 | 2229 | T | 2007-03-22 | Y | 2007-03-23 | 289.89 | A3 |
| 10323698 | 2226 | T | 2007-09-22 | N | 2007-09-28 | 80.75 | A1 |
| 10324192 | 2227 | T | 2006-12-15 | N | 2006-12-22 | 546.07 | B4 |
| 10324857 | 2233 | T | 2006-12-23 | T | 2007-01-05 | 455.20 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | N | 2006-12-08 | 467.47 | A6 |
| 10325865 | 2216 | T | 2006-12-05 | Y | 2006-12-08 | 92.31 | A6 |

EXHIBIT _A_

Page _1-8_

AZ/MIGIS 0001212

oregon terms 11 16 06 – 11 16 07 2.xls

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10326113 | 2238 | T | 2007-01-10 | N | 2007-01-19 | 635.34 | OTH |
| 10327333 | 2231 | T | 2007-07-20 | Y | 2007-07-24 | 83.00 | B3 |
| 10328753 | 2229 | T | 2006-11-24 | Y | 2006-12-01 | 60.62 | A1 |
| 10329499 | 2213 | T | 2007-05-19 | N | 2007-05-25 | 462.40 | A4 |
| 10331250 | 2225 | T | 2007-10-06 | Y | 2007-10-17 | 457.95 | A6 |
| 10331602 | 3751 | T | 2007-01-03 | N | 2007-01-19 | 0.00 | B3 |
| 10332271 | 2227 | T | 2006-11-29 | N | 2006-12-08 | 228.55 | A1 |
| 10333968 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 38.05 | A1 |
| 10334119 | 2238 | T | 2007-07-13 | N | 2007-07-20 | 101.30 | A6 |
| 10334456 | 2229 | T | 2007-03-30 | N | 2007-03-30 | 848.00 | A6 |
| 10334495 | 1689 | T | 2006-12-09 | N | 2006-12-22 | 91.96 | A1 |
| 10334642 | 2222 | T | 2007-02-09 | N | 2007-02-16 | 340.08 | OTH |
| 10334642 | 2222 | T | 2007-02-09 | Y | 2007-02-16 | 240.65 | OTH |
| 10334673 | 2216 | T | 2006-12-06 | N | 2006-12-22 | 83.89 | A1 |
| 10334876 | 1689 | T | 2007-07-06 | N | 2007-07-20 | 275.15 | A4 |
| 10335318 | 2217 | T | 2007-03-29 | N | 2007-04-13 | 150.70 | A2 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 0.00 | A1 |
| 10335851 | 2203 | T | 2007-04-29 | N | 2007-06-22 | 100.00 | A1 |
| 10337102 | 2213 | T | 2007-06-10 | N | 2007-06-22 | 211.57 | A4 |
| 10337228 | 2228 | T | 2007-01-05 | N | 2007-01-05 | 292.47 | B3 |
| 10337244 | 2236 | T | 2007-05-19 | N | 2007-06-08 | 0.21 | A4 |
| 10337265 | 2236 | T | 2007-02-14 | Y | 2007-03-07 | 113.04 | A6 |
| 10337274 | 2236 | T | 2007-08-28 | N | 2007-06-08 | 0.36 | A1 |
| 10337912 | 2228 | T | 2007-01-31 | N | 2007-02-16 | 209.77 | OTH |
| 10337919 | 2232 | T | 2007-03-23 | N | 2007-03-30 | 73.66 | B3 |
| 10339120 | 2216 | T | 2007-02-17 | Y | 2007-02-21 | 587.86 | A6 |
| 10339672 | 2226 | T | 2007-02-24 | N | 2007-03-02 | 290.54 | A1 |
| 10339721 | 2216 | T | 2007-03-30 | N | 2007-04-13 | 151.85 | A6 |
| 10339724 | 1689 | T | 2007-05-21 | N | 2007-06-08 | 42.89 | A4 |
| 10339743 | 2226 | T | 2007-01-14 | N | 2007-02-02 | 55.87 | A6 |
| 10340307 | 2214 | T | 2007-05-14 | N | 2007-05-25 | 76.46 | A4 |
| 10340861 | 2223 | T | 2006-11-21 | N | 2006-12-08 | 121.67 | A6 |
| 10340888 | 2223 | T | 2007-01-01 | N | 2007-01-05 | 167.83 | A1 |
| 10341988 | 2214 | T | 2007-09-01 | Y | 2007-09-05 | 60.60 | TER |
| 10342024 | 2231 | T | 2007-07-23 | N | 2007-07-20 | 101.15 | A1 |
| 10342062 | 2219 | T | 2007-06-01 | N | 2007-06-08 | 354.09 | TER |
| 10342570 | 2227 | T | 2007-01-14 | N | 2007-02-16 | 51.35 | A4 |
| 10343292 | 2219 | T | 2007-03-30 | N | 2007-04-13 | 427.06 | A4 |
| 10343393 | 2229 | T | 2007-05-26 | Y | 2007-05-26 | 142.91 | B3 |
| 10343489 | 2226 | T | 2006-12-23 | N | 2007-01-05 | 89.89 | A1 |
| 10343777 | 2225 | T | 2007-01-03 | N | 2007-01-19 | 41.18 | A6 |
| 10343801 | 2203 | T | 2007-02-28 | N | 2007-03-02 | 425.04 | A5 |
| 10343988 | 2237 | T | 2006-11-19 | N | 2006-12-08 | 31.92 | A2 |
| 10343990 | 2214 | T | 2007-05-14 | N | 2007-05-25 | 105.98 | A1 |
| 10345388 | 2216 | T | 2006-12-06 | N | 2006-12-22 | 91.42 | C4 |
| 10345519 | 2216 | T | 2007-06-29 | N | 2007-06-22 | 52.49 | A1 |
| 10345528 | 2227 | T | 2007-02-07 | N | 2007-02-16 | 470.62 | A2 |
| 10346149 | 1689 | T | 2007-05-18 | N | 2007-05-25 | 303.78 | A1 |
| 10346150 | 1689 | T | 2007-02-14 | N | 2007-02-16 | 458.60 | B3 |
| 10346217 | 2216 | T | 2007-03-20 | Y | 2007-03-23 | 464.76 | A1 |
| 10346221 | 2216 | T | 2007-05-04 | N | 2007-05-11 | 322.83 | A6 |
| 10346643 | 3751 | T | 2006-12-26 | N | 2007-01-05 | 30.97 | A6 |

EXHIBIT __A__

Page __2-8__

AZ/MIGIS 0001213

oregon terms 11 16 06 - 11 16 07 2.xls

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10346806 | 2203 | T | 2006-12-23 | N | 2007-01-05 | 73.88 | A1 |
| 10346896 | 2203 | T | 2007-01-03 | N | 2007-01-19 | 130.73 | A4 |
| 10347087 | 1689 | T | 2007-01-22 | N | 2007-03-30 | 25.85 | A2 |
| 10347154 | 2219 | T | 2007-02-05 | N | 2007-02-16 | 550.76 | OTH |
| 10347204 | 2219 | T | 2007-06-30 | N | 2007-08-17 | 0.39 | A1 |
| 10347495 | 2229 | T | 2007-05-23 | Y | 2007-05-23 | 161.65 | A1 |
| 10348578 | 2228 | T | 2007-02-04 | N | 2007-02-16 | 126.44 | A6 |
| 10348673 | 2238 | T | 2007-07-20 | N | 2007-08-03 | 182.85 | A4 |
| 10349310 | 2227 | T | 2007-08-24 | N | 2007-08-31 | 712.95 | A1 |
| 10349327 | 2227 | T | 2007-08-03 | N | 2007-08-03 | 485.87 | B3 |
| 10349331 | 1689 | T | 2007-05-08 | N | 2007-07-06 | 204.10 | A4 |
| 10349662 | 1689 | T | 2007-04-01 | N | 2007-04-13 | 233.04 | A6 |
| 10349895 | 2228 | T | 2007-02-16 | Y | 2007-02-24 | 297.27 | A4 |
| 10349904 | 2225 | T | 2007-03-22 | N | 2007-03-30 | 155.16 | A5 |
| 10350500 | 2236 | T | 2007-04-13 | N | 2007-04-27 | 88.69 | A1 |
| 10350706 | 3751 | T | 2007-03-17 | N | 2007-03-30 | 127.24 | A6 |
| 10351174 | 2226 | T | 2007-03-23 | N | 2007-03-30 | 456.77 | A4 |
| 10351213 | 2246 | T | 2007-07-22 | N | 2007-08-03 | 178.59 | A1 |
| 10351631 | 2232 | T | 2007-08-30 | N | 2007-08-31 | 200.99 | A1 |
| 10351822 | 2203 | T | 2007-05-19 | Y | 2007-05-18 | 342.01 | A5 |
| 10352066 | 2225 | T | 2007-06-21 | N | 2007-06-22 | 824.92 | B3 |
| 10352728 | 2219 | T | 2007-04-27 | N | 2007-05-11 | 172.85 | A6 |
| 10352745 | 2233 | T | 2007-03-16 | N | 2007-12-07 | 0.00 | A1 |
| 10353190 | 2236 | T | 2007-03-18 | N | 2007-03-30 | 225.84 | A4 |
| 10354066 | 2227 | T | 2007-04-02 | N | 2007-04-13 | 338.07 | A4 |
| 10354912 | 2237 | T | 2007-05-19 | N | 2007-05-25 | 269.12 | A6 |
| 10355537 | 2216 | T | 2007-04-07 | N | 2007-04-13 | 729.67 | A5 |
| 10355839 | 2214 | T | 2007-05-01 | N | 2007-04-27 | 141.10 | TER |
| 10357055 | 2217 | T | 2007-09-10 | Y | 2007-09-18 | 67.97 | A5 |
| 10357108 | 2228 | T | 2007-07-29 | N | 2007-08-17 | 37.56 | A6 |
| 10357117 | 2228 | T | 2007-07-08 | N | 2007-07-20 | 32.58 | A6 |
| 10357146 | 3751 | T | 2007-08-27 | N | 2007-09-14 | 0.00 | A6 |
| 10357340 | 2227 | T | 2007-11-13 | N | 2007-11-23 | 373.60 | A1 |
| 10357407 | 3751 | T | 2007-06-02 | N | 2007-06-08 | 288.94 | A6 |
| 10357490 | 2226 | T | 2007-06-15 | N | 2007-06-22 | 533.27 | A4 |
| 10357724 | 1689 | T | 2007-06-15 | N | 2007-07-06 | 230.71 | A1 |
| 10358010 | 2227 | T | 2007-05-18 | N | 2007-05-25 | 478.64 | A4 |
| 10358231 | 2232 | T | 2007-04-24 | N | 2007-05-11 | 78.96 | A2 |
| 10358394 | 2216 | T | 2007-04-20 | N | 2007-04-27 | 83.11 | A6 |
| 10359141 | 2213 | T | 2007-10-05 | N | 2007-10-12 | 326.22 | A2 |
| 10360475 | 2219 | T | 2007-09-07 | N | 2007-09-14 | 452.35 | B4 |
| 10363097 | 2216 | T | 2007-08-15 | N | 2007-08-31 | 240.91 | A4 |
| 10363500 | 2216 | T | 2007-09-08 | N | 2007-09-28 | 234.13 | A1 |
| 10365554 | 2235 | T | 2007-08-01 | N | 2007-08-17 | 143.83 | TER |
| 10365654 | 2219 | T | 2007-08-10 | N | 2007-08-17 | 175.84 | A6 |
| 10366611 | 2213 | T | 2007-09-14 | N | 2007-09-28 | 83.11 | A3 |
| 10367126 | 2216 | T | 2007-09-28 | N | 2007-10-12 | 88.20 | A1 |
| 10367188 | 2231 | T | 2007-11-15 | N | 2007-12-21 | 0.00 | A6 |
| 10367322 | 1689 | T | 2007-11-03 | N | 2007-11-09 | 35.21 | A5 |
| 10368101 | 2231 | T | 2007-09-28 | N | 2007-10-12 | 45.91 | A6 |
| 10368621 | 2238 | T | 2007-11-02 | Y | 2007-11-05 | 580.80 | B3 |
| 10369127 | 2235 | T | 2007-08-11 | Y | 2007-08-21 | 1,067.67 | A1 |

EXHIBIT ___A___
Page ___3-8___

AZ/MIGIS 0001214

oregon terms 11 16 06 - 11 16 07 2.xls

| 10370676 | 2236 | T | 2007-11-01 | N | 2007-11-09 | 324.07 | TER |
|----------|------|---|------------|---|------------|--------|-----|
| 10371196 | 2222 | T | 2007-08-20 | N | 2007-08-31 | 68.34 | A6 |
| 10371826 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 110.99 | A6 |
| 10371834 | 2222 | T | 2007-08-28 | N | 2007-09-14 | 113.77 | A6 |
| 10372634 | 1689 | T | 2007-09-14 | N | 2007-09-28 | 100.47 | A4 |
| 10373780 | 2216 | T | 2007-10-22 | Y | 2007-11-01 | 67.60 | A5 |
| 10375526 | 2236 | T | 2007-10-11 | N | 2007-10-26 | 92.62 | A6 |
| 10376586 | 2213 | T | 2007-10-18 | N | 2007-10-26 | 132.79 | A6 |

EXHIBIT _A_
Page _4-8_

AZ/MIGIS 0001215

## PeopleSoft Action Codes

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|--------------|--------|-------|-------------|
| ADL | Additional Job | ADL | Additional Job | |
| ASC | Assignment Completion | ASC | Assignment Completion | |
| ASG | Assignment | FEX | Foreign Expatriate Assignment | |
| ASG | Assignment | FIN | Foreign Inpatriate Assignment | |
| ASG | Assignment | FLA | Foreign Loan Assignment | |
| ASG | Assignment | NAT | Third Country National | |
| DEM | Demotion | USP | Unsatisfactory Performance | |
| DEM | Demotion | VOL | Demotion - Voluntary | |
| DTA | Data Change | APP | APPRAISAL UPDATE | |
| DTA | Data Change | CDP | Correction-Department | |
| DTA | Data Change | CJC | Correction-Job Code | |
| DTA | Data Change | CPR | Correction-Pay Rate | |
| DTA | Data Change | FT | Part Time to Full Time | |
| DTA | Data Change | INV | Invol | |
| DTA | Data Change | OTH | Other | |
| DTA | Data Change | PIN | Personal Change | |
| DTA | Data Change | PT | Full Time to Part Time | |
| DTA | Data Change | RED | Redesignation | |
| DTA | Data Change | STC | Status Change | |
| DTA | Data Change | TPI | TPI DE NEW COM EFF 12/16/01 | |
| DTA | Data Change | VOL | vol | |
| FSC | Family Status Change | 01 | Family Status Change-Marriage | |
| FSC | Family Status Change | 02 | Family Status Change - Birth | |
| FSC | Family Status Change | 03 | Family Status Change-Adoption | |
| FSC | Family Status Change | 04 | Family Status Change - Divorce | |
| FSC | Family Status Change | 05 | Family Status Change - Spouse | |
| FSC | Family Status Change | 06 | Family Status Change - Death | |
| FSC | Family Status Change | 07 | Family Status Change-crt order | |
| FSC | Family Status Change | 08 | Family Status Change - misc. | |
| FSC | Family Status Change | DEA | Death | |
| FSC | Family Status Change | DEP | Married Dependents | |
| FSC | Family Status Change | DIV | Divorce | |
| FSC | Family Status Change | MED | Medicare Entitlement | |
| FTP | Full Time to Part Time | 1 | Full Time to Part Time | |
| HIR | Hire | HAF | Hired from Affiliate | |
| HIR | Hire | LNP | Loan from Parent Company | |
| HIR | Hire | NHE | New Hire Employee | |
| HIR | Hire | NPS | New Position | |
| HIR | Hire | TMP | Temporary Assignment | |
| HIR | Hire | TRN | Trainee | |
| JED | Earnings Distribution Change | SSF | Split Shift | |
| JED | Earnings Distribution Change | TMP | Temporary Assignment | |
| JRC | Job Reclassification | JRC | Job Reclassification | |
| JRC | Job Reclassification | REC | JOB RECLASSIFICATION | |
| LOA | Leave of Absence | 00 | Pending Leave of Absence | |
| LOA | Leave of Absence | 02 | Worker's Compensation | |
| LOA | Leave of Absence | ADM | Administrative Leave of Abs. | |
| LOA | Leave of Absence | ADO | UNPAID ADOPTION | |
| LOA | Leave of Absence | EDU | Education | |
| LOA | Leave of Absence | FMB | FMLA/BONDING | |
| LOA | Leave of Absence | FMC | FMLA-CHILD | |
| LOA | Leave of Absence | FML | Family and Medical Leave Act | |
| LOA | Leave of Absence | FMM | FMLA/MATERNITY/PATERNITY | |
| LOA | Leave of Absence | FMP | FMLA/PARENT | |

EXHIBIT  A

Page  5-B

AZ/MIGIS 0001216

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|-------------|--------|-------|-------------|
| LOA | Leave of Absence | FMS | FMLA-SPOUSE | |
| LOA | Leave of Absence | HEA | Health Reasons | |
| LOA | Leave of Absence | HEH | HEALTH-HEART | |
| LOA | Leave of Absence | HEL | HEALTH/LUNG | |
| LOA | Leave of Absence | HEM | HEALTH/MUS/SKEL | |
| LOA | Leave of Absence | HEP | HEALTH/PSYCH | |
| LOA | Leave of Absence | MAT | Maternity/Paternity | |
| LOA | Leave of Absence | MIL | Military Leave of Absence | |
| LOA | Leave of Absence | PEB | PERSONAL/BONDING | |
| LOA | Leave of Absence | PER | personal leave of absence | |
| LOA | Leave of Absence | PLO | Personal Leave Of Absence | |
| LOA | Leave of Absence | PTD | Partial/Total Disability | |
| LOA | Leave of Absence | USH | Unpaid Statutory Holiday | |
| LOA | Leave of Absence | WCB | WC BACK | |
| LOA | Leave of Absence | WCK | WORK COMP KNEE | |
| LOA | Leave of Absence | WCN | WORK COMP NECK | |
| LOA | Leave of Absence | WCO | WORK COMP OTHER | |
| LOA | Leave of Absence | WCS | WORK COMP SHOULDER | |
| LOA | Leave of Absence | WCT | WORK COMP CARPAL TUNNEL | |
| LOF | Layoff | RED | Staff Reduction | Involuntary |
| LOF | Layoff | SEA | Seasonal Closure | Involuntary |
| LOF | Layoff | SLO | Strike/Lock-out | Involuntary |
| LOF | Layoff | TMP | Temporary Closure | Involuntary |
| LTD | Long Term Disability With Pay | LTD | Long Term Disability With Pay | |
| LTO | Long Term Disability | LTO | Long Term Disability | |
| PAY | Pay Rate Change | ADJ | Adjustment | |
| PAY | Pay Rate Change | ATB | Across-The-Board | |
| PAY | Pay Rate Change | BBC | Bonus to Base Conversion | |
| PAY | Pay Rate Change | CBC | CAR TO BASE CONVERSION | |
| PAY | Pay Rate Change | CDR | Common Date Review | |
| PAY | Pay Rate Change | COL | Cost-of Living Adjustment | |
| PAY | Pay Rate Change | DMP | Demotion Pay Change | |
| PAY | Pay Rate Change | EQU | Equity Pay Adjustment | |
| PAY | Pay Rate Change | EXP | Exception | |
| PAY | Pay Rate Change | MCO | Matched Counter Offer | |
| PAY | Pay Rate Change | MER | Merit | |
| PAY | Pay Rate Change | OTH | Other | |
| PAY | Pay Rate Change | PRO | Promotion | |
| PAY | Pay Rate Change | REC | Job Reclassification | |
| PAY | Pay Rate Change | RME | Range Minimum Exception | |
| PAY | Pay Rate Change | SPG | Step Progression | |
| PAY | Pay Rate Change | XFR | Transfer | |
| PLA | Paid Leave of Absence | FML | PAID LOA/FMLA | |
| PLA | Paid Leave of Absence | HEA | PAID/HEALTH | |
| PLA | Paid Leave of Absence | HEH | HEALTH/HEART | |
| PLA | Paid Leave of Absence | HEL | HEALTH/LUNG | |
| PLA | Paid Leave of Absence | HEM | HEALTH/MUS/SKEL | |
| PLA | Paid Leave of Absence | HEP | HEALTH/PSYCH | |
| PLA | Paid Leave of Absence | LTD | Long-Term Disability | |
| PLA | Paid Leave of Absence | MAT | Maternity/Paternity | |
| PLA | Paid Leave of Absence | MIL | Military Service | |
| PLA | Paid Leave of Absence | STD | Short-Term Disability | |
| PLA | Paid Leave of Absence | TRW | Transitional Return To Work | |
| POS | Position Change | INA | Position Inactivated | |
| POS | Position Change | JRC | Job Re-Classification | |
| POS | Position Change | NEW | New Position | |
| POS | Position Change | REO | Re-Organization/Restructure | |

EXHIBIT A

Page 6-8

AZ/MIGIS 0001217

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|-------------|--------|-------|-------------|
| POS | Position Change | STA | Position Status Change | |
| POS | Position Change | TTL | Title Change | |
| POS | Position Change | UPD | Position Data Update | |
| POS | Position Change | XFR | Transfer | |
| PRB | Probation | PRB | On Probation | |
| PRC | Completion of Probation | PRC | Probation Completed | |
| PRO | Promotion | NCP | Normal Career Progression | |
| PRO | Promotion | OPR | Outstanding Performance | |
| PRO | Promotion | PER | Performance | |
| PTF | Part Time to Full Time | I | Part Time to Full Time | |
| REC | Recall from Suspension/Layoff | REC | Recall from Suspension/Layoff | |
| REH | Rehire | REH | Rehired Employee | |
| RET | Retirement | ERT | Early Retirement | Voluntary |
| RET | Retirement | RAT | Retired from Affiliate | Voluntary |
| RET | Retirement | RMT | Normal Retirement | Voluntary |
| RFD | Return From Disability | RFD | Return From Disability | |
| RFL | Return from Leave | CZO | RTW - CHIEF INACTIVES | |
| RFL | Return from Leave | RFL | Return From Leave | |
| RWP | Retirement With Pay | RWP | Retirement With Pay | |
| STD | Short Term Disability With Pay | STD | Short Term Disability With Pay | |
| STO | Short Term Disability | STO | Short Term Disability | |
| SUS | Suspension | DAC | Disciplinary Action | |
| SUS | Suspension | DSB | Disorderly Behavior | |
| SUS | Suspension | ILA | Illegal Action | |
| TER | Termination | A1 | Quit with Notice | Voluntary |
| TER | Termination | A2 | Moved | Voluntary |
| TER | Termination | A3 | Returned to School | Voluntary |
| TER | Termination | A4 | Abandoned Job | Voluntary |
| TER | Termination | A5 | Found Another Job | Voluntary |
| TER | Termination | A6 | Quit Without Notice | Voluntary |
| TER | Termination | ATT | Attendance | Involuntary |
| TER | Termination | B1 | Lack of Business | Involuntary |
| TER | Termination | B2 | Job Performance | Involuntary |
| TER | Termination | B3 | Violation of Company Policy | Involuntary |
| TER | Termination | B4 | Absenteeism | Involuntary |
| TER | Termination | B5 | Job Eliminated | Involuntary |
| TER | Termination | C1 | Deceased | Voluntary |
| TER | Termination | C2 | Retired | Voluntary |
| TER | Termination | C3 | Temporary Hire | Voluntary |
| TER | Termination | C4 | Not Eligible LOA/Not Available | Voluntary |
| TER | Termination | CHI | Child/House Care | Voluntary |
| TER | Termination | CON | Misconduct | Involuntary |
| TER | Termination | D1 | NO HOUR ACTIVITY | Voluntary |
| TER | Termination | DEA | Death | Voluntary |
| TER | Termination | DIS | Dishonesty | Involuntary |
| TER | Termination | DSC | Discharge | Involuntary |
| TER | Termination | E1 | TZO NV COMPANY SOLD | Voluntary |
| TER | Termination | EES | Dissatisfied w/Fellow Employee | Voluntary |
| TER | Termination | ELI | Elimination of Position | Involuntary |
| TER | Termination | ERT | Early Retirement | Voluntary |
| TER | Termination | FAM | Family Reasons | Voluntary |
| TER | Termination | HEA | Health Reasons | Voluntary |
| TER | Termination | HRS | Dissatisfied with Hours | Voluntary |
| TER | Termination | ILL | Illness in Family | Voluntary |
| TER | Termination | INS | Insubordination | INVOLUNTARY |
| TER | Termination | JOB | Job Abandonment | Voluntary |
| TER | Termination | LOC | Dissatisfied with Location | Voluntary |

EXHIBIT A
Page 7-8

| Action | Action Descr | Reason | Descr | Vol - Invol |
|--------|-------------|--------|-------|-------------|
| TER | Termination | LVE | Failure to Return from Leave | Voluntary |
| TER | Termination | MAR | Marriage | Voluntary |
| TER | Termination | MIS | Misstatement on Application | Involuntary |
| TER | Termination | MUT | Mutual Consent | Voluntary |
| TER | Termination | OTP | Resignation-Other Position | Voluntary |
| TER | Termination | PAY | Dissatisfied with Pay | Voluntary |
| TER | Termination | PER | Personal Reasons | Voluntary |
| TER | Termination | POL | Dissatisfied w/Comp. Policies | Voluntary |
| TER | Termination | PRM | Dissatisfied w/Promotion Opps | Voluntary |
| TER | Termination | PTD | Partial/Total Disability | Voluntary |
| TER | Termination | RAT | Retired from Affiliate | Voluntary |
| TER | Termination | RED | Staff Reduction | Involuntary |
| TER | Termination | REF | Refused Transfer | Voluntary |
| TER | Termination | REL | Relocation | Voluntary |
| TER | Termination | RES | Resignation | Voluntary |
| TER | Termination | RET | Return to School | Voluntary |
| TER | Termination | RLS | Release | Voluntary |
| TER | Termination | SUP | Dissatisfied with Supervision | Voluntary |
| TER | Termination | TAF | Transfer to Affiliate | Voluntary |
| TER | Termination | TAR | Tardiness | Involuntary |
| TER | Termination | TMP | End Temporary Employment | Voluntary |
| TER | Termination | TRA | Transportation Problems | Voluntary |
| TER | Termination | TYP | Dissatisfied w/Type of Work | Voluntary |
| TER | Termination | UNS | Unsatisfactory Performance | Involuntary |
| TER | Termination | VIO | Violation of Rules | Involuntary |
| TER | Termination | VSP | Voluntary Separation Program | Voluntary |
| TER | Termination | WOR | Dissatisfied w/Work Conditions | Voluntary |
| TWB | Terminated With Benefits | TWB | Terminated With Benefits | Voluntary |
| TWP | Termination With Pay | D1 | Lack of Business | Involuntary |
| TWP | Termination With Pay | TWP | Termination With Pay | Voluntary |
| XFR | Transfer | EER | Employee Request | |
| XFR | Transfer | MRR | Manager Request | |
| XFR | Transfer | PRO | Promotion | |
| XFR | Transfer | ROR | Reorganization | |
| XFR | Transfer | TAF | Transfer to Affiliate | |
| XFR | Transfer | TRN | Employee Transfer | |

EXHIBIT ___A___
Page ___8-8___

AZ/MIGIS 0001219

1
2
3
4
5
6
7
8

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

9  MICHAEL MIGIS,

10                          Plaintiff,          No. 0711-13531

11       v.                                     **PLAINTIFF'S FIRST SET OF
                                                REQUESTS FOR PRODUCTION
12  AUTOZONE, INC.,                             OF DOCUMENTS**

13                          Defendant.

14

15  **TO:    Defendant Autozone, Inc., via his attorney Leigh Ann Tift**

16       Plaintiff hereby requests that Defendant make the following documents, as requested in

17  Exhibit "A", available for inspection and copying at the time, date and place set forth below:

18

19                    <u>**TIME, DATE AND PLACE FOR PRODUCTION**</u>

20  **TIME:**      10:00 AM

21  **DATE:**      45 days from service of the Summons and Complaint

22  **PLACE:**     Bailey Pinney & Associates LLC
                   1498 SE Tech Center Place, Suite 290
23                 Vancouver, WA 98683

24
25
26

Page - 1       Plaintiff's First Set of Requests For Production of Documents

EXHIBIT B
Page 1-3

1 | **DEFINITIONS**

2      a.    "Documents" as used in this request means: (1) all original written, recorded,

3 | taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In

4 | all cases where originals are not available, "documents" also means identical copies of original

5 | documents and non-identical copies thereof.    (2) all writings, contracts, agreements,

6 | correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes,

7 | notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or

8 | conversations, minutes, (3) all calendars, desk calendars, appointment books, time record books,

9 | logs, schedules, (4) all photographs, plans, specifications, tangible things, manuals, promotional

10 | material, sound recordings, (5) all communications, telegrams, letters, notes, transcripts, reports

11 | and recordings of telephone or other conversations, or of interviews, or of conferences, or of other

12 | meetings, affidavits, statements, summaries, (6) all opinions, reports, studies, examinations,

13 | analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices,

14 | announcements, advertisements, instructions, manuals, brochures, publications, schedules, price

15 | lists, client lists, journals, lists, tabulations, publications (8) all computer program data files, all

16 | computer printouts, data processing program library, data processing input and output, microfilm,

17 | books of account, records, and invoices reflecting business operations, reports, books, records,

18 | permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices

19 | statements, all records kept by electronic, photographic or mechanical means, any notes or drafts

20 | relating to the foregoing and all things similar to any of the foregoing however denominated.

21      b.    "Electronic Data" as used in this request includes information from Defendant's

22 | computer systems, removable electronic media and other locations. This further includes, but is

23 | not limited to, all documents, text files, e-mail and other electronic communication (including

24 | logs of e-mail history and usage, header information and "deleted" files), word processing

25 | documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm

26 | or security logs or records, video security or other tapes or recordings, contact manager

Page - 2     .    Plaintiff's First Set of Requests For Production of Documents

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT __B__
Page __2-3__

1    **REQUEST FOR PRODUCTION NO. 23**: Produce all documents and electronically

2    stored information reflecting all communications made to any of Defendant's employee's and/or

3    in response to inquiries pertaining to the Plaintiff's employment relationship, work performance

4    or other employment-related circumstances.

5    **RESPONSE:**

6

7

8    **REQUEST FOR PRODUCTION NO. 24**: Produce all documents and electronically

9    stored information, which evidence the date on which any employee's employment terminated,

10   in the year proceeding this lawsuit.  This request includes all documents fixed in any tangible

11   medium of expression, from which they can be perceived, reproduced, or otherwise

12   communicated, either directly or with the aid of a machine or device.

13   **RESPONSE:**

14

15

16   **REQUEST FOR PRODUCTION NO. 25**: Produce the final pay check record,

17   evidencing the amount and date Defendant made payment of each employee's final wages, for

18   each employee whose employment has terminated within the year proceeding Plaintiff's

19   termination.  This request includes all documents and electronically stored information.

20   **RESPONSE:**

21

22

23               DATED: November 19, 2007.

24

25               By _____

26                   SUSAN C. NELSON,  WSB 35637
                     Attorney for Plaintiff

Page  - 12      Plaintiff's First Set of Requests For Production of Documents

EXHIBIT ___B___
Page ___3-3___

Transcript of Proceedings                    March 7, 2008

```
 1        IN THE CIRCUIT COURT OF THE STATE OF OREGON

 2               FOR THE COUNTY OF MULTNOMAH

 3

 4

 5    MICHAEL MIGIS, individually,

 6    and on behalf of all other

 7    persons similarly situated,

 8               Plaintiff,

 9        v.                        No. 0711-13531

10    AUTOZONE, INC., a Nevada

11    Corporation,

12               Defendant.

13

14

15

16           TRANSCRIPT OF PROCEEDINGS

17

18      BEFORE THE HONORABLE JEROME LABARRE

19               Courtroom 702

20

21            Friday, March 7, 2008

22

23

24

25
```

Beovich Walter & Friend

EXHIBIT  C

Page  1-6

Transcript of Proceedings                              March 7, 2008

Page 41

1    rule. Time will tell, I guess. That's all I

2    can say.

3         MR. PARKER: Okay. Okay.

4         THE COURT: Is there any reason why you

5    shouldn't be producing those, the documents

6    called for in those requests 2, 4 and 6?

7         MR. PARKER: Your Honor, I just need to

8    find them. And, I'm sorry, that's in the first,

9    that's in the first set?

10         MR. POWELSON: Yes, Your Honor. They would

11    actually be Exhibit C attached to Plaintiff's

12    reply declaration, that sets forth also

13    Defendant's supplemental responses.

14         MR. PARKER: Your Honor, the request, as

15    it's stated, seeks -- I'm looking first at

16    request number two. And what it's seeking is

17    information about all involuntarily terminated

18    employees within the referenced time period.

19    That, Your Honor, is an inappropriate request

20    for production precertification. If the class

21    is certified, that kind of a request becomes

22    appropriate. But we don't have a certified

23    class. If the request is tempered, is tempered

24    to produce information, certainly about the

25    plaintiff himself, and we've actually produced

EXHIBIT    C

1    information about the plaintiff himself, and

2    that kind of information that would reasonably

3    be pertinent to a certification question, I

4    think that would be correct and reasonable, Your

5    Honor.  But to allow classwide discovery,

6    precertification is improper.  And we have cited

7    cases to The Court in our pleadings to that

8    effect.

9         And the same would be true for a request

10   for production number 4.  Same would be true for

11   request for production number 6.  It's

12   requiring, it's requiring the defendant to

13   engage in a considerable search for that kind of

14   information.  You know, it's seeking information

15   about how much time was given before, before the

16   employee terminated and so on, which requires

17   considerable digging.

18        If, if the request is, again, somehow

19   tempered so that the employer isn't required to

20   make an extensive search -- And, by the way, and

21   I'm looking at this assuming that the request is

22   limited to, number one, Oregon employees,

23   because it's, right now it's not even so limited

24   unless it's so limited by their general

25   instruction.  And also those who would be within

EXHIBIT C
Page 3-6

Transcript of Proceedings                                    March 7, 2008

```
 1    to consolidate the stay is respectfully denied.
 2         Mr. Bailey, please prepare an order.
 3         And that segues us to the motion on
 4    discovery.  And let me tell you how I'm looking
 5    at the motion on discovery.  I really want to
 6    get to the heart of this matter.  I realize why
 7    Defendant has done what Defendant's done and why
 8    Plaintiff is making the arguments Plaintiff has
 9    made.  And, you know, there are some important
10    procedural issues such as Plaintiff's claim that
11    proper objections were not made at the right
12    time and there was waiver and that certain
13    matters should be deemed admitted and certain
14    prohibitions about advancing objections to
15    discovery, Defendants, my colleague, who I have
16    the greatest respect for, Judge Kantor did issue
17    the stay, has created, I understand the question
18    marks that it created.  Hopefully those question
19    marks are gone now for purposes of the Migis
20    case and these litigants.
21         But where I come down on this is these
22    kinds of cases move forward with knowledge of
23    the facts on both sides.  And I've looked
24    carefully at request for production of documents
25    2, 4 and 6.  And as set out in Plaintiff's reply
```

EXHIBIT C

```
 1   on page 4, lines 15 through 18, you know, I will
 2   just tell you and then I'll, I don't think we
 3   certainly have time for the lengthy argument
 4   that took place on the motion to stay.  But the
 5   plaintiff says this, even if this court declines
 6   to deem Plaintiff's request for admissions as
 7   admitted -- And that's how I am pretty strongly
 8   leaning.  I'm not ruling this moment, but I'm
 9   not leaning toward declaring that these are
10   admissions.  Phrased differently, I'm leaning
11   toward Defendant's argument.  I'm not leaning
12   toward Plaintiff's argument on that.  But then
13   Plaintiff goes on to say, basically Defendants
14   should produce the documents in request for
15   production 2, 4 and 6.  And looking at those
16   requests for production, they, in view of the
17   fact that I've now denied the motion for stay
18   and consolidation, they seem like they should be
19   discovered posthaste, produced posthaste.  So
20   that's how I'm looking at it.
21       So, Mr. Parker, if you want to try to talk
22   me out of it.
23       MR. PARKER:  Well, Your Honor, I guess what
24   I'd like to do is ask for some dialogue with The
25   Court in terms of the case going forward.  The
```

EXHIBIT C
Page 5-6

Transcript of Proceedings                                    March 7, 2008

Page 67

CERTIFICATE

2

3          I, Aleshia K. Macom, CSR No. 94-0296, do

4    hereby certify that said proceedings were taken

5    down by me in stenotype and thereafter reduced

6    to typewriting; and that the foregoing

7    transcript, herein 1 to 66, both inclusive,

8    constitutes a full, true and accurate record of

9    said proceedings to the best of my ability.

10         Witness my hand at Portland, Oregon, this

11   19th day of March, 2008.

                        _____

                        Aleshia K. Macom

15                      CSR No. 94-0296

16

17

18

19

20

21

22

23

24

25

EXHIBIT C
Page 16-6

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Reply Declaration of Chey K. Powelson Supporting Plaintiff's Motion to Enforce Court Order** upon:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

by the following indicated method or methods:

[X]    by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above on the date set forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number 503-961-7854, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED:    April 8, 2008

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

```
************** -COMM. JOURNAL- ***************** DATE APR-08-2008 ***** TIME 10:53 ********

        MODE = MEMORY TRANSMISSION              START=APR-08 10:43      END=APR-08 10:53

        FILE NO.=939

STN     COMM.       ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.                 ABBR NO.

001     OK          a             15039617854                                030/030    00:10:00


                                                    -BAILEY PINNEY              -

***** UF-8000 v2 ***************** -3605673331      - ***** -                   - *********
```

## BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

MT

April 8, 2008

PERSONAL AND CONFIDENTIAL

TO:        Doug Parker & Neil Olsen

FAX NO.    503-961-7854

Number of Pages (including cover page): 30

REGARDING:

Migis v. AutoZone

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:        ORIGINAL DOCUMENTS
                 Hand delivery

NOTICE TO RECIPIENT
The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

1

2

3

4                    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
                              **FOR THE COUNTY OF MULTNOMAH**
5

6    **MICHAEL MIGIS**, individually, and on            Case No.  **0711-13531**
7    behalf of all other persons similarly situated,

8                                Plaintiff,            **PLAINTIFF'S RESPONSE TO**
                                                       **DEFENDANT'S MOTION FOR**
9         v.                                           **EXTENSION OF TIME (RE: COURT**
                                                       **ORDERS)**
10

11   **AUTOZONE, INC.,**

12                                Defendant.

13

14       **PLAINTIFF MIGIS** hereby responds to Defendant AutoZone's Motion for Extension

15   of Time, which relates to this Court's second order that AutoZone produce all documents

16   responsive to Plaintiff's First Set of Requests For Production 2, 4 and 6.  These Requests relate

17   to Defendant's "denials" to Plaintiff's Requests For Admission 1 - 3 (relevant to Plaintiff's

18   claims of late payment of final wages).

19   **A.       Procedural Background**

20       Pursuant to ORCP 43, production to those document Requests was initially due in January

21   2008.  Defendant refused to produce any documents because at the time it had two motions

22   pending.  This Court denied those motions on February 7, 2008.[1]

23       In mid February, Plaintiff twice conferred with AutoZone counsel and requested

24   Defendant produce responsive documents.  Defendant's counsel refused.  Therefore, by late

25   _____

26       [1] By this reference, Plaintiff incorporates: Plaintiff's January 2008 *Response to Defendant's
     Motion for a Temporary Stay of Discovery*; Plaintiff's February 2008 *Motion for an Order Compelling
     Discovery* (and Reply); and Plaintiff's April 2008 *Motion to Enforce Court Order* (and Reply).

Page 1 -      PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

1   February Plaintiff filed a motion to compel production.  On February 29, 2008, Defendant

2   "denied" Plaintiff's Requests For Admission 1 - 3, but also remained steadfast that it would not

3   produce documents supporting those denials.

4           On March 7, 2008, the Court ordered AutoZone to produce documents responsive to the

5   discovery requests, and imposed a deadline of 15 business days.  By that deadline, AutoZone's

6   response was as follows: "With respect to Plaintiff Migis, Defendant maintains that Plaintiff has

7   all relevant documents; to wit, Plaintiff's final paycheck and Plaintiff's personnel file reflecting

8   the date his employment ended with AutoZone."

9           This was a bad faith response because Plaintiff Migis's employment ended outside the

10  time frame set forth in the discovery requests at issue.

11          Upon notifying Defendant that Plaintiff would seek an expedited hearing on a *Motion to*

12  *Enforce Court Order*, Defendant immediately produced a "summary report," upon which

13  Defendant contends it relied to deny Plaintiff's Requests For Admission 1 - 3.  AutoZone

14  apparently created the document in MicroSoft Excel, but sent it to Plaintiff in .pdf format.  It

15  purportedly reflects the date of terminated employees' last days worked and final paychecks.

16          The report itself was problematic for several reasons, including: (a) Defendant failed to

17  produce it in original electronic format as requested (Excel, not .pdf); and (b) it contained

18  information refuting all three of AutoZone's denials.

19          During an April 8, 2008 hearing on the *Motion to Enforce Court Order*, the Court, based

20  on Plaintiff's definition of "Documents" and "Electronic Data," ordered Defendant to produce

21  additional documents.  During the discovery conference immediately after the April 8 hearing,

22  Defendant's counsel refused to produce the "summary report" in electronic (Excel) format, on

23  the grounds that the Court did not order it.  *Powelson Decl.*, ¶ 2.[2]

24  ///

25

26          [2] Despite that refusal, as a professional courtesy and pursuant to ORCP 39C(5), Plaintiff
    subsequently "re-requested" only that specific electronic spreadsheet, to be produced at a May 15 ORCP
    39C(6) deposition.

Page 2 -        PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

1    During the April 17, 2008 telephonic conference on this matter, Plaintiff's counsel did

2    not refuse to receive documents on an ongoing basis; but agreed that the Court should probably

3    need to address Defendant's ongoing problems with document production. *Powelson Decl.*, ¶ 3.

4    **B.    AutoZone's Newest Proposed Time-line for Production**

5        AutoZone's current request for additional time is problematic because:

6        1.    Apparently at no time before April 16, 2008 did AutoZone counsel check with their

7            client to ascertain the "burden" it now claims six (6) weeks after the hearing on

8            Plaintiff's *Motion* to compel. *See* Defendant counsel *Tift Decl.*, Ex. 3 (April 16 Tift

9            letter, stating, "I've just concluded a conference with the representatives of AutoZone

10           and write to request that you agree to an extension of time * * * .").

11       2.    At no time before Defendant's present *Motion for Extension of Time* did Defendant

12           present to the Court the type or scope of "burden" of which AutoZone now

13           complains. See ORCP 36C.

14       3.    Defendant's delay in producing documents is materially affecting Plaintiff's ability

15           to prosecute this case.

16   **C.    Defendant's Ability to Produce Documents**

17       AutoZone is now taking "the long way around the barn" by asserting the only way to

18   produce all responsive documents, including "termination reports," is to "print each employee's

19   personnel file and hand search for the form."

20       However, that position appears to undermine AutoZone's representations in *Joarnt v.*

21   *AutoZone.* During a November 2005 hearing in that case, Defendant's counsel informed Judge

22   Kantor:

23           These guys [AutoZone] come as close to being a truly paperless company as

24           anyplace I have ever seen.  They don't have paper. * * * [T]he **termination**

25           **report * * * is clearly a computer-generated document**. * * * [T]he payroll

26           **records are all electronic.**

Page 3 -        PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

1  *Powelson Decl.*, Ex. A ( Hearing Transcript, pp. 53:1-6, 53:15-19; 55:5-6 (emphases added)).

2       During that *Joarnt* hearing, Judge Kantor ordered AutoZone to, pursuant to a <u>prior court</u>

3  <u>order</u>, produce "payroll records" and not just a "summary" report.  *Powelson Decl.*, Ex. A (p.

4  56:21 - 24).

5       Judge Kantor further stated, "If that requires [AutoZone] to print out a whole bunch of

6  stuff from their computer, so be it. * * * You need to produce the data that supports your

7  summary." *Powelson Decl.*, Ex. A (p. 57:6 - 15).

8       In other words, AutoZone has been in this situation before.  Defendant's counsel knows

9  how to produce documents underlying its "summary" reports.

10       Nonetheless, AutoZone now asks this Court for three (3) additional weeks to produce

11  documents it should have produced in January, or should have produced after this Court's March

12  7 ruling.

13       The complete failure to comply with two Court orders constitutes material prejudice to

14  both Plaintiff and the judicial system.  See e.g., *Pamplin v. Victoria*, 319 Or 429, 435-36 (1994);

15  and *State v. Kull*, 298 Or 38, 44-45 (1984).  Plaintiff requests an award of reasonable expenses

16  for having to respond to Defendant's current *Motion*.[3]

17

18

19  DATED this _2/²¹_ day of April 2008.        BAILEY, PINNEY & ASSOCIATES, LLC

20

21

22      A.E. "BUD" BAILEY, OSB 87157
    CHEY K. POWELSON, OSB 03551
    Of Attorneys for Plaintiff

23

24

25      [3] Plaintiff will also at some later date request an additional award of expenses and non-monetary
sanctions relating to the initial *Motion for an Order Compelling Discovery*, as well as expenses relating

26  to Defendant's bad faith denials of Plaintiff's Requests For Admission 1 - 3.  ORCP 46A, ORCP 46B,
ORCP 45, ORCP 46C, and *Smo v. Black*, 95 Or App 588 (1989).

Page 4 -     PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

1

2

3

4

5

6               **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
                         **FOR THE COUNTY OF MULTNOMAH**
7

8   MICHAEL MIGIS, *et al.*,                    Case No. **0711-13531**

9

10                  Plaintiff,

                                                **DECLARATION OF CHEY K.**
11      v.                                      **POWELSON SUPPORTING**
                                                **PLAINTIFF'S RESPONSE TO**
12   AUTOZONE, INC.,                            **DEFENDANT'S MOTION FOR**
                                                **EXTENSION OF TIME**
13

14                  Defendant.

15

16      I, Chey K. Powelson, hereby declare as follows:

17      1.   I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,

18           and base the contents of this declaration on my own personal knowledge and/or the

19           litigation files and documents my firm maintains for this litigation.

20      2.   After the Court's ruling during the April 8, 2008 hearing on Plaintiff's expedited

21           *Motion to Enforce Court Order*, Plaintiff's counsel (Chey Powelson and Bud Bailey)

22           conferred with AutoZone attorney Neil Olsen in the Court's jury room. During that

23           conference, I asked Mr. Olsen to produce the "summary report" in electronic Excel

24           format. Mr. Olsen refused on the grounds that the Court did not order any such

25           production.

26

Page 1 -    DECLARATION  OF  CHEY  K.  POWELSON SUPPORTING PLAINTIFF'S RESPONSE TO
            DEFENDANT'S MOTION FOR EXTENSION OF TIME

3.  During my April 17, 2008 phone conference with AutoZone counsel Leigh Ann Tift regarding Defendant's request for up to an additional three weeks to produce the documents ordered produced by the Court on April 8, 2008, I did not refuse to receive any responsive documents on an ongoing basis. I did, however, indicate to Ms. Tift that it would be appropriate for Defendant to move the Court for relief.

4.  Attached hereto as **Exhibit A** is a true and correct copy of excerpts of the transcript from the November 17, 2005 hearing in the *Joarnt v. AutoZone* lawsuit (Multnomah Co. Case No. 0503-02795), relating to a prior *Joarnt* Court order and Defendant's production of documents underlying a "summary" report.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this 21st day of April in Vancouver, Washington.

CHEY POWELSON, OSB 03551

Page 2 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

# PLAINTIFF'S EXHIBIT

# A

Page 1

1          IN THE CIRCUIT COURT OF THE STATE OF OREGON

2                   FOR THE COUNTY OF MULTNOMAH

3

4     RICHARD JOARNT and BERT      )
      YAMAOKA, individually and )
5     on behalf of All Persons    )
      similarly situated,         )
6                    Plaintiffs,)
             vs.                  )No. 0503-02795
7                                 )
      AUTOZONE, INC., a           )
8     Foreign Corporation,        )
                     Defendant. )
9

10              Transcript of Proceedings

11

12

13          BE IT REMEMBERED THAT on the 17th

14    day of November, 2005, the above-entitled matter

15    came on for audio recorded hearing before the

16    HONORABLE HENRY KANTOR, Circuit Court Judge.

17

18

19

20

21

                        DEBORAH L. COOK
22                      COURT REPORTING
                  1102 N. Springbrook Road
23                     Suite 136
                  Newberg, Oregon  97132
24                    (503) 537-0339
                  deb@cookcourtreporting.com
25

EXHIBIT 1
Page 19

Page 2

```
 1                        APPEARANCES

 2

 3      For the Plaintiff:

 4                      MR. A.E. BUD BAILEY

 5                      MR. DAVID SCHUCK

 6                      Bailey Pinney & Associates

 7                      1498 SE Tech Center Place

 8                      Vancouver, Washington  98683

 9

10

11      For the Defendant:

12                      MS. LEIGH ANN COLLINGS TIFT

13                      Littler Mendelson

14                      701 Fifth Avenue, Suite 6500

15                      Seattle, Washington  98104

16

17                      MS. LAURA LIEBMAN ALPERSON

18                      Tonkon Torp

19                      888 SW 5th, Suite #1600

20                      Portland, Oregon  97204

21

22

23

24

25
```

EXHIBIT A

Page 52

1          MR. BAILEY:  But it looks to me like we

2      asked for it, and they should have produced it.

3          THE COURT:  I forgot to ask, Ms. Tift, the

4      document you produced in response to order 1-b,

5      what is that?  Where did it come from?

6          MS. TIFT:  1-b?

7          THE COURT:  Yeah, it's the list that has the

8      names, and check dates, and net pay.  Is that

9      something that was created in order to respond to

10     it, as clearly the employees' terminations in

11     Oregon stores was.  And that was prepared, in my

12     view, pursuant to the judge's order that a summary

13     should be prepared for that purpose.  But what

14     about this other one?

15         MS. TIFT:  That's also a <u>payroll summary</u>.

16     One comes from payroll records, and one comes from

17     a People Soft -- People Soft query, and one you

18     make a payroll query.  <u>Both reports were generated</u>

19     <u>from Auto Zone corporate headquarters in Memphis.</u>

20         And I am compelled to mention that five

21     copies of a document exist, but I think he's

22     misreading the testimony.  These are created on a

23     screen, and they are e-mailed to different places.

24     I don't think they are -- I think he misspoke.  I

25     don't think they are e-mailed to Human Resources.

EXHIBIT  A
Page 3-9

Page 53

1          But they don't print -- they truly -- I have

2     heard people tell me we're a paperless company,

3     which is nonsense, because everybody hangs onto

4     their papers.  These guys come as close to being a

5     truly paperless company as anyplace I have ever

6     seen.  They don't have paper.

7          THE COURT:  But by doing that, don't they

8     open themselves up to basically someone saying, I

9     want to get inside of those computers, because who

10    knows what you have done with those records?

11    That's a very risky thing to do.

12         I appreciate the efficiency and cost

13    savings, but in litigation I would think it would

14    create more problems than it would solve.

15         MS. TIFT:  And one last thing, the thing

16    that Mr. Bailey wants so desperately, the

17    termination report -- which, by the way, doesn't

18    have any wage information on it, or any hours

19    worked -- is clearly a computer-generated document.

20    It even has a run date.  The information on this

21    isn't any truer or from any source other than the

22    list that was provided.

23         And I don't know how to communicate that

24    it's not any truer on this form than it is on the

25    summary.  Thank you, Your Honor.

EXHIBIT _A_
Page _4-9_

Page 54

```
 1              THE COURT:  Do you have anything more you

 2      could print out today that would be responsive to

 3      order 1-b?  Just, for example, can you, in fact,

 4      produce the -- what is it called here -- examples

 5      under tab 2 in the notebook.  Can you produce

 6      those?  Or is there some other payroll record that

 7      would provide that information?  Because 1-b is not

 8      a payroll record, as far as I can tell.

 9              MS. TIFT:  Right.  They didn't ask for --

10      this is -- all this is answering is the first

11      request which is, "Produce all documents which

12      evidence the date on which any employee's

13      employment terminated in the year preceding this

14      lawsuit."  They don't ask --

15              THE COURT:  We're past that.  I am looking

16      at the -- I don't care what they asked for.  I want

17      to know -- I see what the judge ordered you to

18      produce.  So it says, "Defendant is ordered to

19      produce payroll records for all Oregon employees,"

20      et cetera, et cetera, et cetera.  So I want to

21      know, do you have payroll records or not to

22      produce?

23              MS. TIFT:  Do we have payroll records --

24              THE COURT:  Payroll records, what it says.

25              MS. TIFT:  But that's what the next one is.
```

EXHIBIT __A__
Page __5-9__

Page 55

1          THE COURT:  You are saying the document, tab
2     1-b, which is the summary, is payroll records?
3     Those are payroll records?  Or is that a summary
4     that was prepared of payroll records?
5          MS. TIFT:  But the payroll records are all
6     electronic.
7          THE COURT:  Are you saying you cannot print
8     out the documents, the data from which the summary
9     was made?
10         MS. TIFT:  Sure.  The paycheck.
11         THE COURT:  If those are the best payroll
12    records that you have, then that's what you have to
13    give.
14         MS. TIFT:  If a manual paycheck was
15    generated there's a document that looks exactly
16    like their example 2.
17         THE COURT:  Right.
18         MS. TIFT:  But it's not any truer than this.
19         THE COURT:  I don't care.  I am sorry.  That
20    sounds really crass.  Judge Bearden ordered you to
21    produce payroll records.  In 1-b he didn't say
22    payroll summary.  In 1-a he sure did.  No question
23    about that.  But 1-b, he didn't.
24         MS. TIFT:  But he goes on to say in the next
25    part, the question is -- this whole colloquy -- and

EXHIBIT A
Page 69

Page 56

```
 1       I will draw the Court's attention to -- starting at
 2       page -- starting page 13 of the transcript.  And
 3       this discussion goes on starting about line 19.
 4       And we're talking to -- Mr. Schuck is speaking and
 5       it says, on precertification, I think it's
 6       important to know the difference between those.
 7       And he's referring to the date a check was cut, and
 8       the date the check was actually given to the
 9       employee.
10            If the Court is going to order that, you
11       know, the computer printout is more appropriate for
12       precertification, that's clearly within your
13       discretion.  And the Court says, that's what I
14       would do, the payroll summary or printout is a
15       matter of getting started.
16            THE COURT:  And if that was what the order
17       said, I would probably go along with it.  But it
18       didn't.  The other one, it says "documents."
19       That's not very clear.  I think it's appropriate to
20       look back and see what he meant by it.
21            But the order says, "payroll records."  And
22       so I am going to hold you to the term of the order.
23       Payroll records.  And I don't view this document,
24       which is a summary, as the same as payroll records.
25       I do view it as satisfactory for a summary for 1-a.
```

Page 57

1        So I appreciate that he talked about it, but

2    that's not what the order says.  And since I'm

3    going to require you to comply with the terms of

4    the order, you are going to have to produce payroll

5    records to the extent your organization has them.

6    If that requires them to print out a whole bunch of

7    stuff from their computer, so be it.

8        MS. TIFT:  The problem with this -- and I

9    have tried to talk to Ms. Sjostrom, I could print

10   this out in an infinite variety of forms.  Do you

11   want the final paycheck?

12       THE COURT:  Has to be a record that your

13   company considers a payroll record showing all of

14   these things that is not simply a list.  You need

15   to produce the data that supports your summary.

16   There has to be something.  Maybe it's this

17   document that is a printout of the paycheck.  I

18   don't know.  Maybe there's something else.  I don't

19   know what your company does in terms of maintaining

20   records, other than if there's something else

21   between the exhibit example 2 and your list, that

22   might be enough.  I don't know what it is.

23       MS. TIFT:  But the thing is --

24       THE COURT:  Clearly, example 2 is sufficient

25   for the plaintiff, and so that's -- why not give

EXHIBIT ___
Page 8-9

Page 62

1    STATE OF OREGON   )

2                      )ss.

3    COUNTY OF YAMHILL)

4

5        I, Deborah L. Cook, RPR, Certified Shorthand

6    Reporter in and for the State of Oregon, hereby

7    certify that at said time and place I reported in

8    stenotype all testimony adduced and other oral

9    proceedings had in the foregoing hearing; that

10   thereafter my notes were transcribed by computer-aided

11   transcription by me personally; and that the foregoing

12   transcript contains a full, true and correct record of

13   such testimony adduced and other oral proceedings had,

14   and of the whole thereof.

15        Witness my hand and seal at Dundee, Oregon,

16   this 6th day of December, 2005.

17

18

19

20                    DEBORAH L. COOK, RPR

                      Certified Shorthand Reporter

21                    OREGON CSR #04-0389

                      CALIFORNIA CSR #12886

22                    WASHINGTON CSR #2992

23

24

25

EXHIBIT A
Page 9-9

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Plaintiff's Response to Defendant's Motion for Extension of Time (Re: Court Order) upon:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

Leigh Ann Tift (**Fax Service Only**)
701 5th Avenue
Suite 6500
Seattle WA 98104-7005
(206) 447-6965

by the following indicated method or methods:

[X]     by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above (**Not to include Tift**) on the date set forth below.

[X ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number (503)-961-7854 and (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.


DATED:     April 21, 2008


CHEY POWELSON, OSB 03551
Attorney for Plaintiff

1

2

3

4

IN THE CIRCUIT COURT OF THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6

7   MICHAEL MIGIS, individually, and on          No. 0711-13531
    behalf of all other persons similarly
8   situated,

9              Plaintiff,                        **NOTICE OF CHANGE OF ADDRESS**

10      vs.                                      **(CLERK'S ACTION REQUIRED)**

11  AUTOZONE INC., a Nevada
    Corporation,
12
               Defendant.
13

14

           TO:     CLERK OF THE COURT
15
           AND TO:      ATTORNEYS OF RECORD
16
           Please take notice that effective April 25, 2008, the undersigned attorneys address will
17
    change to:
18

19              Leigh Ann Collings Tift
                LITTLER MENDELSON, P.C.
20              One Union Square
                600 University Street
21              Suite 3200
                Seattle, WA  98101-3122
22

23         All other contact information remains the same.

24

25

26

PAGE 1 – NOTICE OF CHANGE OF ADDRESS

1

2
    Dated:  April _____, 2008

3
                                  _____

                                  Leigh Ann Collings Tift, OSB # 054732

4
                                  LITTLER MENDELSON, P.C.

                                  701 5th Avenue, Suite 6500

5
                                  Seattle, WA  98104

                                  Phone: 206.623.3300

                                  Fax: 206.447.6965

6
                                  Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – NOTICE OF CHANGE OF ADDRESS

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on April ____, 2008, I served a full, true, and correct copy of the

3

foregoing **NOTICE OF CHANGE OF ADDRESS**:

4

5          ☐          By delivery via messenger, or otherwise by hand,

6          ☐          By facsimile,

7          ☐          By e-mail,

8          ☒          By mailing same, postage paid,

9    addressed to:

10          Bailey Pinney & Associates LLC
            Attorneys at Law
            1498 SE Tech Center Place
11          Suite 290
            Vancouver, WA  98683

12          Attorneys for Plaintiff

13

14

15

16          By _____
                  Savanna L. Stevens

17

18    Firmwide:84914699.1 013306.2124

19

20

21

22

23

24

25

26

PAGE 3 – NOTICE OF CHANGE OF ADDRESS

1
2
3
4
5
6
7            **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
8                   **FOR THE COUNTY OF MULTNOMAH**
9
10   **MICHAEL MIGIS**, individually and on behalf          Case No. **0711-13531**
     of all others similarly situated,
11
                        Plaintiffs,
12
                                                            **ORDER ON PLAINTIFF'S MOTION**
13        v.                                                 **TO ENFORCE COURT ORDER ON**
                                                            **PLAINTIFF'S FIRST MOTION FOR**
14                                                          **AN ORDER COMPELLING**
     **AUTOZONE, INC.**, a Foreign Corporation,             **DISCOVERY**
15
                        Defendant.
16

17          **THIS MATTER** having come before the Court upon expedited hearing of *Plaintiff's*

18   *Motion to Enforce Court Order* as to document production only, and the Court having reviewed

19   the file, and being fully advised of the premise thereof:

20          **THE COURT HEREBY FINDS** there was a lack of good faith compliance with this

21   Court's prior order resulting from the parties' March 7, 2008 hearing on *Plaintiff's First Motion*

22   *for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses*

23   *to Plaintiff's Requests for Admission.*

24          **THE COURT HEREBY ORDERS** that Plaintiff's *Motion to Enforce Court Order* as

25   to document production is GRANTED.  Within 15 calendar days after April 8, 2008, Defendant

26

Page 1 -       **ORDER ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

1  must produce all documents required to be produced pursuant to this Court's prior Order, relating

2  to Plaintiff's First Set of Request for Production Nos. 2, 4 and 6.

3

4

5      SIGNED on this _____ day of _____ 2008.

6

7                                      _____
                                       **THE HON. JEROME LABARRE**
8                                      MULTNOMAH CO. CIRCUIT COURT

9

10  Submitted by:

11  BAILEY, PINNEY & ASSOCIATES, LLC

12

13

14  A.E. "BUD" BAILEY, OSB NO. 87157
    Bbailey@wagelawyer.com
15  CHEY K. POWELSON, OSB NO. 03551
    Cpowelson@wagelawyer.com
16  1498 SE Tech Ctr Pl, Ste 290
    Phone: 360.567.2551
17  Fax: 360.567.3331
    Vancouver, WA  98683
18  Attorneys for Plaintiff

19

20

21

22

23

24

25

26

Page 2 -        **ORDER ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

1

2

3

4

5

6

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

7

8

**MICHAEL MIGIS**, individually, and on
behalf of all others similarly situated,

Case No. **0711-13531**

9

Plaintiff,

10

v.

**CERTIFICATE OF COMPLIANCE**
**WITH UTCR 5.100(1)(a)**

11

**AUTOZONE, INC.**,

12

Defendant.

13

14

I certify that on April 15, 2008, via regular mail I served upon Defendant's counsel Messrs.

15

Doug Parker and Neil Olsen, and Ms. Leigh Ann Tift Plaintiff's proposed Order on *Plaintiff's*

16

*Motion to Enforce Court Order on Plaintiff's First Motion for an Order Compelling Discovery.* See

17

attached certificate of service.

18

As of the date of this Certificate, Defendant has not notified me with any objections to the

19

form of proposed order.

20

21

SIGNED this 18th day of April 2008.

22

BAILEY, PINNEY & ASSOCIATES, LLC

23

24

A.E. "BUD" BAILEY, OSB 87157
CHEY POWELSON, OSB 03551
Attorneys for Plaintiff Migis

25

26

Page 1 -      CERTIFICATE OF COMPLIANCE WITH UTCR 5.100(1)(a)

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Order on Plaintiff's Motion to Enforce Court Order on Plaintiff's First Motion for an Order Compelling Discovery** upon:

Messrs. Doug Parker and Neil Olsen
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

Leigh Ann Tift
Littler Mendelson
701 5th Avenue
Suite 6500
Seattle WA 98104-7005

by the following indicated method or methods:

[X]     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

DATED:     April 15, 2008

_____

CHEY POWELSON, OSB 03551
Attorney for Plaintiff

1
2
3
4
5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,,

        Plaintiff,

   vs.

AUTOZONE INC., a Nevada Corporation,,

        Defendant.

No. 0711-13531

**DEFENDANT'S REPLY TO MOTION FOR IMPOSITION OF MONETARY SANCTION**

6
7
8
9
10
11
12

## I.    INTRODUCTION

On April 22, 2008, at a hearing requested by AutoZone, Inc. ("Defendant") for the purpose of seeking an extension of time from the Court for production of discovery materials, Plaintiff made an oral request for daily sanctions against Defendant. This request was not made in any pleading pending before the Court, the amount of the sanctions to be awarded was not addressed, and Plaintiff was directed to make a proposal. Following the hearing, Plaintiff asked that the Court impose sanctions in the amount of $1,500.00 for every day that AutoZone delayed in producing certain termination reports.

## II.    RELEVANT FACTS

On November 17, 2008, Defendant filed a Motion for Extension of Time. Plaintiff's Opposition to the Motion contained the following footnote:

> Plaintiff will also at some later date request an additional award of expenses and non-monetary sanctions relating to the initial Motion for an *Order Compelling Discovery*, as well as expenses relating to Defendant's bad faith denials of Plaintiff's Requests for Admission 1-3. ORCP 46A, ORCP 46B, ORCP 45, ORCP 46, and *Smo v. Black*, 95 Or. App. 588 (1989).

---

PAGE 1 – DEFENDANT'S OPP. TO MTN FOR IMPOSITION OF FINE

1    At hearing, Plaintiff's counsel, for the first time, suggested that the Court impose a daily

2    penalty should Defendant fail to produce documents on the date ordered by the Court (the

3    documents were due the day after the hearing on the motion for extension of time, April 23).  The

4    Court told Plaintiff's counsel to make a proposal for a specific amount, which the Court would then

5    impose.  Plaintiff did so, in the "Motion for Imposition of Daily Monetary Fine."

6    All termination reports, the subject of the motion for extension of time, were produced to

7    Plaintiff by April 24, 2008.  All pay records, and many termination reports were provided to Plaintiff

8    on April 23, 2008, the date on which the Court required production.

9    ## III.    ARGUMENT AND AUTHORITY

10    At the time of the hearing, Defendant was not in violation of the Court's order to produce

11    termination and pay reports.  Defendant did, however, ask the Court for more time, on an expedited

12    basis, in order to thoroughly search for termination reports—again, before the due date.

13    ORCP 46 B is the source of a trial court's authority to impose sanctions on a party for

14    noncompliance with discovery obligations. *Winfrey v. Downtown Delicatessen, Inc.*, 157 Or. App.

15    668, 675, 971 P.2d 476 (1998).   On April 22, 2008, Defendant had not failed to comply with

16    discovery obligations, and, as was made clear to the Court, fully intended to comply with its

17    discovery obligations—AutoZone simply needed more time.  In any event, Plaintiff did not ask for

18    discovery sanctions under ORCP 46B—the motion pending before the Court was AutoZone's

19    motion, not Plaintiff's, and Plaintiffs had not requested any relief from the Court at the time.

20    ORCP 46 is derived from FRCP 37. *See Comment* to ORCP 46. Federal cases construing

21    FRCP 37 are probative in interpreting ORCP 46. *See, Garrison v. Cook,* 280 Or. 205, 571 P.2d 646,

22    (1977); *Karsun v. Kelley* 258 Or. 155, 482 P.2d 533 (1971).  It is improper to impose sanctions

23    under the discovery sanction provision (i.e., Rule 37 and/or ORCP 46) where there no order has been

24    violated. *Israel Aircraft Industries, LTD v. Standard Precision*, 559 F.2d 203, 208 (2nd Cir. 1977).

25    Moreover, it is error to do so where there is no motion seeking the relief pending. *Id.*

26

PAGE 2 – DEFENDANT'S OPP. TO MTN FOR IMPOSITION OF FINE

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA  98101
Phone: 206-623-3300 Fax:206-447-6965

1    Plaintiff now suggests that daily sanctions are warranted as contempt sanctions. However,

2   on April 22, 2008, AutoZone was not in contempt of any court order. AutoZone was asking the

3   Court for relief from a court imposed time frame that had not yet passed. Moreover, as is set out in

4   Plaintiff's opposition to the motion for extension of time, Plaintiff agreed that it was appropriate to

5   ask for an extension of time. *See*, Para. 3, Declaration of Powelson, attached to Decl. of Tift.

6    Consistent with Plaintiff's counsel's encouragement of the motion for extension of time,

7   Plaintiff did not file a motion seeking sanctions as a consequence of the Motion for Extension of

8   Time. Plaintiff's counsel's request for imposition of such sanctions was, seemingly, a spur of the

9   moment impulse. Contempt, unless committed in the presence of the Court, requires motions

10   practice. That is, regardless of whether a sanction is premised on a finding of contempt or deemed

11   justified under FRCP 37 generally, the Constitution requires provision of procedural protections

12   before a noncompensatory, punitive fine can be demanded from a party or attorney. *Satcorp Intern.*

13   *Group v. China Nat. Silk Import & Export Corp.*, 101 F.3d 3 (2nd Cir. 1996).

14       No principle is more fundamental to our system of judicial administration than that a person
         is entitled to notice before adverse judicial action is taken against him.
15
16   *Lugo v. Keane*, 15 F.3d 29, 30 (2nd Cir. 1994). Oregon law is in complete accord. *See*, ORS 33.055.

17   Plaintiff's in court demand for the imposition of sanctions was improperly made and cannot be

     granted.
18
     Finally, upon notice that the Court would not consider an extension of time, AutoZone made
19
20   determined, costly efforts to obtain all relevant documents that could be located that were responsive

21   to Plaintiff's discovery requests and did so within one day of the Court's deadline. AutoZone's

     efforts do not equate with contemptuous conduct.
22

23

24

25

26

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA  98101
Phone: 206-623-3300 Fax:206-447-6965

1

Dated:  May 6, 2008

2

3

Leigh Ann Collings Tift OSB No.05473
4       LITTLER MENDELSON
        A Professional Corporation
5
        Attorneys for Defendant
6       Autozone Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 4 – DEFENDANT'S OPP. TO MTN FOR IMPOSITION OF FINE

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I served a full, true, and correct copy of the foregoing:

## DEFENDANT'S OPPOSITION TO MOTION FOR IMPOSITION OF DAILY MONETARY FINE

☐    By delivery via messenger, or otherwise by hand,

☐    By facsimile,

☒    By e-mail,

☒    By mailing same, postage paid

addressed to:

Bailey Pinney & Associates LLC
Attorneys at Law
1498 SE Tech Center Place
Suite 290
Vancouver, WA  98683
Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____
Savanna Stevens

Firmwide:85118536.1 013306.2124

---

PAGE 5 – DEFENDANT'S OPP. TO MTN FOR IMPOSITION OF FINE

1

2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

3

FOR THE COUNTY OF MULTNOMAH

4

5

6   MICHAEL MIGIS, individually, and on        No. 0711-13531
    behalf of all other persons similarly
7   situated,                                  **DECLARATION OF LEIGH ANN**
                                               **COLLINGS TIFT IN SUPPORT OF**
8              Plaintiff,                       **DEFENDANT'S OPPOSITION TO MOTION**
                                               **FOR IMPOSITION OF DAILY MONETARY**
9       vs.                                     **FINE**

10  AUTOZONE, INC., a Nevada
    Corporation,
11
               Defendant.
12

13      I, Leigh Ann Collings Tift, hereby declare as follows:

14      1.    I am one of the attorneys representing Defendant AutoZone, Inc. in the above-

15  captioned matter, and I make this declaration in support of Defendant, AutoZone's, Objections to

16  Attorney Fee Request and Memorandum in Support Thereof. I have personal knowledge of the

17  matters related herein.

18      2.    On or about April 17, 2008, I had a conversation with Mr. Powelson preparatory to

19  filing a motion for an extension of time for responding to Plaintiff's First Requests for Production.

20  Mr. Powelson told me that Plaintiff would not agree to the request for an extension, and that it would

21  be "appropriate" to seek that relief from the Court. Mr. Powelson's declaration, filed in support of

22  the motion for extension of time, is consistent with my recollection. A copy of Mr. Powelson's

23  Declaration is attached to the Declaration as Exhibit 1. On the basis of that conversation, I did file a

24  motion for extension of time.

25

26

---

Page 1 – DECLARATION OF LEIGH ANN COLLINS TIFT IN SUPPORT OF          Littler Mendelson, PC
DEFENDANT'S OPPOSITION TO MOTION TO IMPOSE FINE            600 University Street, Suite 3200
                                                                    Seattle, WA  98101-3122
                                                           Phone: 206.623.3300 Fax: 206.447.6965

1    3.    Prior to the date of the hearing, April 22, 2003, Plaintiff had not filed a motion

2    seeking a "monetary fine" and I had no notice that Plaintiff intended to request that relief. Mr.

3    Bailey's request was a complete surprise to me.

4    4.    When I informed my client that the motion for extension of time had been denied,

5    they made extraordinary efforts to retrieve all relevant documents responsive to the subject requests.

6    Most of the documents, specifically, all pay documents and most termination reports that could be

7    located, were produced by April 23, 2008, the date they were due. A few termination reports from

8    individual stores were produced on April 24, 2008. All documents that could be located were

9    provided to Plaintiff within one day of the due date. Not all termination reports could be located,

10    however. Should any more be found, they will be provided as supplemental discovery.

11

12

13

14    **I declare that the above statements are true to the best of my knowledge and belief, and**

15    **that I understand that it is made for use as evidence in court and is subject to penalty for**

16    **perjury.**

17

18    Dated: May 6, 2008

19    Leigh Ann Collings Tift

20

21

22

23

24

25

26

Page 2 – DECLARATION OF LEIGH ANN COLLINS TIFT IN SUPPORT OF
DEFENDANT'S OPPOSITION TO MOTION TO IMPOSE FINE

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101-3122
Phone: 206.623.3300 Fax: 206.447.6965

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I served a full, true, and correct copy of the foregoing

**DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF DEFENDANT'S**

**OBJECTIONS TO ATTORNEY FEE REQUEST AND MEMORANDUM IN SUPPORT**

**THEREOF**

☐    By delivery via messenger, or otherwise by hand,

☐    By facsimile,

☒    By e-mail,

☒    By mailing same, postage paid,

addressed to:

> Bailey Pinney & Associates LLC
> Attorneys at Law
> 1498 SE Tech Center Place
> Suite 290
> Vancouver, WA  98683
> Fax (360) 567-3331

Of Attorneys for Plaintiff

By _____
       Savanna L. Stevens

Firmwide:85130068.1 013306.2124

PAGE 1 – CERTIFICATE OF SERVICE

**EXHIBIT 1**

1

2

3

4

5

6          IN THE CIRCUIT COURT OF THE STATE OF OREGON
                    FOR THE COUNTY OF MULTNOMAH
7

8   MICHAEL MIGIS, *et al.*,                    Case No. 0711-13531

9
                          Plaintiff,
10                                              **DECLARATION OF CHEY K.**
                                                **POWELSON SUPPORTING**
11          v.                                  **PLAINTIFF'S RESPONSE TO**
                                                **DEFENDANT'S MOTION FOR**
12  AUTOZONE, INC.,                             **EXTENSION OF TIME**

13

14                        Defendant.

15

16      I, Chey K. Powelson, hereby declare as follows:

17      1.  I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,

18          and base the contents of this declaration on my own personal knowledge and/or the

19          litigation files and documents my firm maintains for this litigation.

20      2.  After the Court's ruling during the April 8, 2008 hearing on Plaintiff's expedited

21          *Motion to Enforce Court Order*, Plaintiff's counsel (Chey Powelson and Bud Bailey)

22          conferred with AutoZone attorney Neil Olsen in the Court's jury room. During that

23          conference, I asked Mr. Olsen to produce the "summary report" in electronic Excel

24          format. Mr. Olsen refused on the grounds that the Court did not order any such

25          production.

26

Page 1 -    DECLARATION  OF  CHEY  K.  POWELSON SUPPORTING PLAINTIFF'S RESPONSE TO
            DEFENDANT'S MOTION FOR EXTENSION OF TIME

3.  During my April 17, 2008 phone conference with AutoZone counsel Leigh Ann Tift regarding Defendant's request for up to an additional three weeks to produce the documents ordered produced by the Court on April 8, 2008, I did not refuse to receive any responsive documents on an ongoing basis. I did, however, indicate to Ms. Tift that it would be appropriate for Defendant to move the Court for relief.

4.  Attached hereto as **Exhibit A** is a true and correct copy of excerpts of the transcript from the November 17, 2005 hearing in the *Joarnt v. AutoZone* lawsuit (Multnomah Co. Case No. 0503-02795), relating to a prior *Joarnt* Court order and Defendant's production of documents underlying a "summary" report.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this 21st day of April in Vancouver, Washington.

CHEY POWELSON, OSB 03551

Page 2 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

1

2

3

4

5

6

7

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

8

9

10

**MICHAEL MIGIS**, individually, and on
behalf of all others similarly situated,

11

Plaintiff,

12

v.

13

14

**AUTOZONE, INC.,**

15

Defendant.

Case No. 0711-13531

**PLAINTIFF'S SECOND MOTION
FOR ORDER COMPELLING
DISCOVERY**

Date:  **June 30, 2008**
Time:  9:00 a.m.
Court:  The Hon. Jerome LaBarre
Rm:    702

16

17     **REQUEST FOR ORAL ARGUMENT:** Pursuant to UTCR 5.050, Plaintiff estimates

18     the time needed for oral argument to be 15 minutes. Court reporter services are not required.

19     **UTCR 5.010 CERTIFICATION OF COMPLIANCE:** Plaintiff's counsel certifies he

20     made good faith efforts to confer and did confer with opposing counsel to resolve the issues in

21     this *Motion*, but the parties are unable to reach resolution. See *Declaration of Chey K. Powelson*

22     (*"Powelson Decl."*), ¶ 2.

23                                    **I. MOTION**

24     **PLAINTIFF MICHAEL MIGIS**, through his attorneys, moves this Court for an order

25     compelling Defendant AutoZone to, within ten (10) calendar days of hearing on this matter,

26

Page 1 -     **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1    produce the following:

2        1. One year of electronic time records for all hourly Oregon AutoZone employees

3        2. All documents and reports reflecting weekly summarization of hours worked by

4          Plaintiff Migis, including the "Payroll Weekly Hours Summary Report."

5

6                  **II. ARGUMENT & AUTHORITIES**

7    **A.**    **Overview**

8      "[I]f a party in response to a request for inspection submitted under Rule 43 fails to permit

9    inspection as requested, the discovering party may move for an order compelling discovery in

10    accordance with the request." ORCP 46A(2). "[A]n evasive or incomplete answer is to be treated

11    as a failure to answer. ORCP 46A(3).

12        **1.**      **Plaintiff's Third Set of Requests For Production**

13      Defendant responded to Plaintiff's Third Set of Discovery Requests on or about May 5,

14    2008. *Powelson Decl.*, Ex. A. Defendant's document production was lacking, however, and

15    despite two discovery conferences on the matter, Defendant did not produce additional

16    documents. *Id.*, ¶ 2.

17        **2.**      **April 2, 2008 Court Order**

18      The Court's Order on Plaintiff's *First Motion for Order Compelling Discovery* required

19    AutoZone to produce:

20        *[A]ll documents and reports* reflecting any weekly summarization of hours worked by
          Plaintiff, *whether individually or by inclusion in a larger group,* for the period of time

21        from three (3) years prior to the filing of the Complaint, up to present.

22    See *Powelson Decl.*, Exs. B (Order) and C ((Plaintiff's Second Set RFP No. 6) (italics added).

23      During discovery conferences on this issue, Plaintiff referred Defendant's counsel to

24    *Joarnt v. AutoZone* documents, including a "Payroll Weekly Hours Summary Report." *Powelson*

25    *Decl.*, Exs. D - E. Unfortunately, the parties made no substantial progress, and Defendant did not

26

Page 2 -      **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1 ‖ produce any Reports.

2 ‖     Due to the time-lines at issue in this case, Plaintiff must move to compel. If however,

3 ‖ Defendant finds and produces additional responsive documents prior to hearing, the parties will

4 ‖ inform the Court of that production.

5 ‖

6 ‖ **B.**    **Hourly AutoZone (Individual) Employee Time Electronic Records (RFP No. 5,**

7 ‖     **Third Set)**

8 ‖     Plaintiff's Request For Production No. 5 reads as follows:

9 ‖       Produce in electronic format all time sheets reflecting the hours each Oregon

10 ‖       hourly employee worked for Defendant, including but not limited to, all time

11 ‖       records, time cards, punch clock records, time sheets, work time schedules, for

12 ‖       the period of time from one (1) year prior to the filing of the Complaint,

13 ‖       through the date of that filing.

14 ‖     During the March 7, 2008 hearing on Plaintiff's first motion to compel, with assistance

15 ‖ from the Court and discussion on the record, the Court ordered allowed production of other,

16 ‖ certain pre-class certification for a one year time period. See *Powelson Decl.*, Ex. B (Order).

17 ‖     For purposes of further pursuing pre-class certification discovery, Plaintiff subsequently

18 ‖ propounded Request for Production No. 5, limited to one year. Plaintiff also sent Defendant's

19 ‖ counsel a follow-up letter clarifying that Plaintiff seeks these time records not in .pdf format, but

20 ‖ in "useable electronic format." *Powelson Decl.*, Ex. F.

21 ‖     In an effort to find some middle ground, during a subsequent discovery conference on

22 ‖ Request For Production No. 5, Plaintiff's counsel first asked Defendant's counsel Leigh Ann Tift

23 ‖ to stipulate to class certification. Ms. Tift declined. Plaintiff's counsel then asked Defendant

24 ‖ stipulate that Mr. Migis is an adequate class representative. *Powelson Decl.*, ¶ 6, and Ex. H. This

25 ‖ could have conceivably alleviated the need for production of other employees' time records, and

26 ‖

Page 3 -     **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1   would also necessarily affect consideration of the "commonality" and "typicality" ORCP 32A

2   factors.

3       Defendant would not stipulate. So Plaintiff again requested the one year's worth of time

4   records. Defendant's counsel declined. Nonetheless, in another effort to compromise, Plaintiff's

5   counsel proposed a representative sampling of time records out of the one year timeframe.

6   *Powelson Decl.*, ¶ 6.

7       However, when Plaintiff asked Defendant's counsel to agree that AutoZone would *not*

8   leverage the sampling of records to somehow argue there was no numerosity, Defendant's

9   counsel declined. *Powelson Decl.*, ¶ 6.

10      Plaintiff also requested that Defendant stipulate that time records for one out of every

11  three employees over the course of one year would be representative of at least the entire year.

12  Defendant's counsel would not stipulate unless Plaintiff's counsel stipulated "first." *Powelson*

13  *Decl.*, ¶ 7. Unfortunately, a short time later during that same phone conference Defendant's

14  counsel Tift accused Plaintiff of never intending to any stipulation, and then sent Plaintiff a letter

15  to that same effect. *Id.*, ¶ 7, Exs. G - H.

16      During the parties' final discovery conference on this matter, although AutoZone offered

17  to produce time records for one in three Oregon hourly employees over one year, Plaintiff again

18  requested one year's worth of records for all employees, either (a) for one calendar year, or (b)

19  from four months for each of three years. Defendant would not produce time records for that

20  length of time. *Powelson Decl.*, ¶ 8. AutoZone is apparently refusing to produce an entire year's

21  worth on the grounds that such production would be unduly burdensome.

22      However, production of an entire year is not unduly burdensome for AutoZone for two

23  reasons. First, Defendant did not object to Request No. 5 on the grounds that it was unduly

24  burdensome. See *Powelson Decl.*, Ex. A (Defendant only objecting that the Request was "vague,

25  overbroad and irrelevant, and exceed[s] the proper scope of pre-class certification discovery.").

26

Page 4 -       **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1          Second, in the *Joarnt v. AutoZone* case, AutoZone's Director of Payroll did not testify that

2    the process of gathering electronic time records for all Oregon AutoZone employees would be

3    unduly burdensome; rather he testified that the process would merely be cumbersome. *Powelson*

4    *Decl.*, Ex. I (Dessem Dep., 61:25 - 62:4).

5          The requested time records for all Oregon hourly employees are relevant to this putative

6    class action to show: a pattern and practice of AutoZone's conduct (ORCP 32A, 32B:

7    commonality, typicality, pre-domination of common issues), and to defend against Defendant's

8    anticipated argument that Mr. Migis is not an adequate class representative because: (a) the harm

9    he suffered is not common or typical of the class, and (b) he has no personal knowledge of how

10    AutoZone treated other hourly employees in other stores where Mr. Migis did not work.[1]

11          The time records are also clearly important for the Court to determine whether this suit

12    is properly maintainable as a class action. Oregon Rule of Civil Procedure 32C mandates a court

13    "shall determine by order whether and with respect to what claims or issues [the suit] is to be so

14    maintained and shall find the facts specially and state separately its conclusions thereon."

15          In sum, the information Plaintiffs seeks in Request for Production No. 5: (1) does not

16    create an undue burden on Defendant; and (2) is relevant and important for the Court to determine

17    whether this suit can be maintained as a class action.

18          The Court should therefore compel AutoZone to produce its Oregon employees' time

19    records in useable electronic format dating back from one year prior to the filing of the

20    Complaint. Time is also of the essence due to the August 15, 2008 filing deadline for Plaintiff's

21    Motion for Class Certification Motion, as set forth in the Case Management Order.

22    ///

23    ///

24

25        [1]An entire year of records for all hourly employees will also make it easier to determine
the turnover rate, which can used to show numerosity and better determine the size of various
26    classes.

Page 5 -      **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1   **C.    First Court Order That Defendant Produce All Documents and Reports Reflecting**
2          **Any Weekly Summarization of Hours Worked by Plaintiff Migis (April 2, 2008**
3          **Court Order, ¶ 4(f)).**

4          While in response to the Court Order Defendant produced many but not all of Plaintiff
5   Migis's weekly "AutoZoner Time Cards"[2] for the time he worked in several different Oregon
6   AutoZone stores, AutoZone did not produce any other types of documents and reports showing
7   additional information about Mr. Migis's "hours worked."

8          For example, the "AutoZoner Time Card" shows only generally a week's worth of daily
9   hours, clock in and clock out times, and any reasons for a change to those clock in and out times.
10  However, the "Payroll Weekly Hours Summary Report" shows an employee's weekly regular
11  hours, hours paid, and *total overtime. Powelson Decl.*, Exs. D - E. In addition, any hard copy
12  documents produced and relating to Mr. Migis may have handwritten notes such as those
13  produced in the *Joarnt* case. See *id.*

14         The documents therefore appear to be different enough to justify production, especially
15  in light of the Court's Order that Defendant produce all, not just some, documents and reports.

16         Moreover, in response to preservation of evidence concerns raised by Plaintiffs in the
17  *Joarnt v. AutoZone* case, after hearing in late January 2006 Judge Kantor ordered that AutoZone:

18             [W]ill preserve all contents of currently-existing (from November 2004 and
19             later) Oregon AutoZone store "period boxes," or any future boxes that are
20             created and maintained during the course of this lawsuit, for all AutoZone
21             stores in the State of Oregon.

22  *Powelson Decl.*, Ex. L (p. 2, ¶ 2. b.). A "period box" contains one month's worth of an AutoZone
23  store's records.

24  ///

25

26         [2] See e.g., *Powelson Decl.*, Exs. J - K (AutoZoner Time Cards).

Page 6 -    PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY

1        Although Plaintiff Migis worked for AutoZone from approximately May 2002 to early

2  February 2006, it does not appear that AutoZone has produced all types of documents that exist

3  (or should exist pursuant to the Preservation Order) and would show various aspects of the hours

4  that Plaintiff Migis worked.

5        During the parties' discovery conference on this issue, Plaintiff referred Defendant to

6  different types of documents AutoZone was forced to produce (or allow inspection of) in the

7  *Joarnt* case. Among those types of documents found was the Payroll Weekly Hours Summary

8  Report.

9        That type of document was kept, at least at those stores where they were found, in period

10  boxes. Therefore, in light of Judge Kantor's Preservation Order and the length of Plaintiff

11  Migis's employment with AutoZone in Oregon, it necessarily follows that in this case AutoZone

12  should have produced *all types of documents* in response to the April 2, 2008 Court Order on

13  Plaintiff's Second Set Request For Production No. 2.

14        Additional, hard copy documents – as well as that same information in readable electronic

15  information – relating to Mr. Migis should exist. Plaintiff respectfully requests production of that

16  information as this Court already ordered.

### III. CONCLUSION

18        Plaintiff respectfully requests the Court grant all relief requested herein because the

19  information is relevant to the subject matters in this lawsuit and important for pre-class

20  certification.

21

22  DATED this ___ day of May 2008.    BAILEY, PINNEY & ASSOCIATES, LLC

23

24

25  A.E. "BUD" BAILEY, OSB 87157
CHEY POWELSON, OSB 03551
Attorneys for Plaintiffs

26

Declaration of Chey K. Powelson
Plaintiff's Second Motion to Compel
Discovery

1
2
3
4
5
6              IN THE CIRCUIT COURT OF THE STATE OF OREGON
7                      FOR THE COUNTY OF MULTNOMAH
8
9      MICHAEL MIGIS, *et al.*,                    Case No. 0711-13531
10
11                     Plaintiff,
                                                   DECLARATION OF CHEY K.
12            v.                                    POWELSON SUPPORTING
                                                   PLAINTIFF'S SECOND MOTION
13                                                 FOR ORDER COMPELLING
       AUTOZONE, INC.,                             DISCOVERY
14
                       Defendant.
15
16
17     I, Chey K. Powelson, hereby declare as follows:

18        1.  I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,

19            and base the contents of this declaration on my own personal knowledge and/or the

20            litigation files and documents my firm maintains for this litigation.

21        2.  On or about May 8, 2008, I conferred via telephone with Defendant's counsel Leigh

22            Ann Tift on various discovery issues, including several relating to Defendant's

23            responses to Plaintiff's Third Set of Requests For Production. Attached hereto as

24            **Exhibit A** is a true and correct copy of portions of those responses. On or about May

25            21, 2008, I again conferred with Defendant's counsel Ms. Amy Alpern and Leigh

26

Page 1 -      DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
              ORDER COMPELLING DISCOVERY

1        Ann Tift on various issues relating to Defendant's responses to Plaintiff's Third Set

2        of Requests For Production. The outcome of both conferences did not result in

3        complete resolution of several discovery issues, including those set forth in Plaintiff's

4        *Second Motion for Order Compelling Discovery.* The parties made no substantial

5        progress, and Defendant did not produce any Reports as they relate to Mr. Migis.

6    3.  Attached hereto as **Exhibit B** is a true and correct copy of the Court's Order on

7        Plaintiff's First Motion for an Order Compelling Discovery, for which the Court

8        ordered Defendant to produce "all documents responsive to the Requests," including

9        Plaintiff's Second Set of Requests For Production No. 6. Attached hereto as **Exhibit**

10       **C** is a true and correct copy of an excerpt of Defendant's responses to Plaintiff's

11       Second Set of Requests For Production, including Request No. 6.

12   4.  Attached hereto as **Exhibits D and E** are true and correct copies of two "Payroll

13       Weekly Hours Summary Report[s]" Defendant produced in the *Joarnt v. AutoZone*

14       matter. These reports were kept in AutoZone period boxes, as indicated by the prefix

15       to the Bates numbers. These reports are a matter of public record, filed in the *Joarnt*

16       case.

17   5.  Attached hereto as **Exhibit F** is a true and correct copy of my April 1, 2008 faxed

18       letter to Defendant's counsel Neil Olsen, in which I reiterated that for Plaintiff's

19       Third Set of Requests For Production No. 5 (employee time records), Plaintiff was

20       requesting that information in useable electronic format.

21   6.  Attached hereto as **Exhibit G** is a true and correct copy of Defendant counsel Tift's

22       May 8, 2008 follow-up letter to me, in regards to our discovery conference that day,

23       and during which Ms. Tift accused me of never intending to consider one out of three

24       employee time records for the time period Plaintiff requested in Request for

25       Production No. 5 (Third Set). I did ask Ms. Tift during that conference whether

26

Page 2 -     **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR**
             **ORDER COMPELLING DISCOVERY**

1  | Defendant would stipulate to class certification, or that Mr. Migis is an adequate
2  | class representative; she declined to both requests. I then again asked her to produce
3  | one year's worth of time records as requested in RFP No. 5. She declined. In
4  | another effort to compromise, proposed a representative sampling of time records out
5  | of the one year time-frame. During that discussion I asked Defendant's counsel Tift
6  | to agree that AutoZone would *not* leverage the sampling of records to somehow
7  | argue there was no numerosity, but Defendant's counsel declined.

8  | 7. Also during the May 8 discovery conference with Ms. Tift I requested whether
9  | Defendant would stipulate that time records for one out of every three employees
10 | over the course of one year would be representative of at least the entire year.
11 | Defendant's counsel would not stipulate unless I stipulated "first." Unfortunately,
12 | a short time later during that same phone conference, there was a breakdown in
13 | communication resulting in Defendant's counsel Tift accusing me of never intending
14 | to accept anything less than one year's worth of time records. See **Exhibit G** (Tift
15 | letter to Plaintiff). Attached hereto as **Exhibit H** is my May 9, 2008 follow-up letter
16 | to the May 8 discovery conference, and e-mail by which I sent that letter as an
17 | attachment.

18 | 8. During the parties' final discovery conference on this matter on May 21, 2008,
19 | although AutoZone's counsel offered to produce time records for one in three Oregon
20 | hourly employees over one year, Plaintiff again requested one year's worth of records
21 | for all employees, either (a) for one calendar year, or (b) from four months for each
22 | of three years. Defendant would not produce time records for that length of time.

23 | 9. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the August
24 | 25, 2006 deposition of AutoZone Director of Payroll Mark Dessem, in which he
25 | testified as to the process of compiling Oregon hourly employee time records (or
26 |

Page 3 -  **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    reports).

2    10. Attached hereto as **Exhibits J and K** are true and correct copies of Plaintiff Migis's

3    "AutoZoner Time Card[s]," which show only generally the date of each clock in and

4    out time, total daily hours, total weekly hours, and any reason for a change to the time

5    record. It does not appear to show discrete "overtime hours" worked, as opposed to

6    **Exhibits D and E**, above.

7    11. Attached hereto as **Exhibit L** is a true and correct copy of Judge Henry Kantor's

8    *Order on Plaintiffs' Motions For Order Requiring Defendant to Preserve Evidence*

9    and other motions, issued in the *Joarnt v. AutoZone* case (Mult. Co. Case No. 0503-

10    02795) and directing AutoZone to preserve all period boxes from November 2004

11    and on an ongoing basis.

12

13    I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST

14    OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

15    FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR

16    PERJURY.

17

18    Dated this _23rd_ day of May 2008 at Vancouver, Washington.

19

20

21    CHEY POWELSON, OSB 03551
      Attorney for Plaintiff

22

23

24

25

26

Page 4 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
ORDER COMPELLING DISCOVERY**

# Exhibit A

1
2
3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON
                          FOR THE COUNTY OF MULTNOMAH
4
5

| 6  MICHAEL MIGIS, *et al.* | Case No. 0711-13531 |
| 7                          | (Filed as a Class Action) |
| 8                 Plaintiff, | |
| 9      v.                  | **DEFENDANT'S RESPONSES TO** |
| 10                         | **PLAINTIFF'S THIRD SET OF REQUESTS** |
| AUTOZONE, INC.,            | **FOR PRODUCTION OF DOCUMENTS** |
| 11                         | |
| 12                Defendant. | |

13   **TO:**   Defendant AutoZone, Inc., c/o your attorneys **Douglas Parker** and **Neil Olsen**, 1750 SW
14            Harbor Way, Ste 450, Portland OR 97201

15            Plaintiff hereby requests that Defendant make the following documents, as requested in

16   Exhibit "A," available for inspection and copying at the time, date and place set forth below:

17
18                       **TIME, DATE AND PLACE FOR PRODUCTION**

19   **TIME:**      5:00 p.m.

20   **DATE:**      April 25, 2008

21   **PLACE:**     Bailey Pinney & Associates LLC
                    1498 SE Tech Center Place, Ste 290
22                  Vancouver, WA 98683

23   ///

24   ///

25
26
                                                      EXHIBIT ___A___
                                                      Page ___1___

LITTLER MENDELSON
A Professional Corporation
One Union Square
533 University Street, Suite 2200
Seattle, WA 98101.3122
206.622.8300

Page - 1    DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR

1

## DEFINITIONS

2

3       a.      The term "document" or "documents" as used herein is to be construed broadly and

4   shall mean any kind of hard copy and/or electronic written, recorded or graphic matter in any form

5   of physical media, however produced or reproduced, of any kind of description, whether sent or

6   received or neither, including originals, non-identical copies (whether different from the original

7   because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts

8   and both sides thereof, including, but not limited to: agreements, communications, correspondence,

9   telegrams, cables, telex messages, electronic mail messages ("e-mail"), memoranda, records, books,

10  summaries of records or personal conversations or interviews, desk calendars, appointment books,

11  diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs,

12  charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or

13  conferences, reports or summaries of interviews or telephone conversations, reports or summaries of

14  investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press

15  releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and

16  back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs,

17  maps, financial statements or reports thereof, promissory notes, loan agreements, loan files and all

18  notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or

19  indemnification agreements, real estate contracts for sale or lease, pleadings, or any other documents

20  or writings of whatever description, including any information contained in any computer (even if

21  not previously printed out) within the custody or control of you or any of your employees, agents,

22  including attorneys, accountants, investment bankers or advisors, or any other person acting or

23  purporting to act on your behalf.

24

25

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.622.3300

Page - 2          DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
                   PRODUCTION OF DOCUMENTS                                       EXHIBIT A
                                                                                 Page 2

b.      Produce all non-identical copies of all responsive documents including copies that bear marks, notations or changes not present on the original.

c.      If any documents are withheld on grounds of attorney/client privilege or attorney work product immunity, identify the author, each recipient thereof, the nature of the document and the basis upon which the privilege is asserted.

d.      **If any document requested was, but no longer is in the possession, custody, or control of Defendant, or in existence, state whether it** (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of. For each such instance, explain the circumstances surrounding such disposition, give the date or approximate date thereof, and the names and last known home and business addresses of these persons with knowledge of such circumstances.

e.      "Defendant" as used herein refers to all parties named in this action, and all agents, employees or other persons with an interest in any party.

f.      These Requests For Production are continuing and, in the event you discover further information that is responsive to them, you must supplement your responses.  If you fail to supplement your responses in a reasonable fashion, requestor will move the Court for an order excluding from evidence at trial any matter which is responsive and not furnished.

g.      The phrase "Electronic Data" includes information from Defendant's computer systems, removable electronic media and other locations. This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, calendars, telephone logs, fax logs, alarm or security logs or records, video security or

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Page - 3        DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
                PRODUCTION OF DOCUMENTS

EXHIBIT A
Page 3

1  earlier Requests for Production, notable AZ/Migis 0001621-1655.

2

3

4
5  **REQUEST FOR PRODUCTION NO. 3:** Produce any and all Daily Coverage Lists for (or used in

6  or by) all Oregon AutoZone stores, for the period of time from two (2) years prior to the filing of the

7  Complaint, through the date of that filing.

8        **RESPONSE:** These documents are not retained for the period requested.

9

10

11
12  **REQUEST FOR PRODUCTION NO. 4:** Produce all documents and reports reflecting any weekly

13  summarization of hours worked by AutoZone hourly employees in stores located in the State of

14  Oregon, for the period of time from two (2) years prior to the filing of the Complaint, through the

15  date of that filing.

16        **RESPONSE:** *See*, attached disk, identified as AZ/Migis 0002214.

17

18

19
20  **REQUEST FOR PRODUCTION NO. 5:**  Produce in electronic format all time sheets reflecting

21  the hours each Oregon hourly employee worked for Defendant, including but not limited to, all time

22  records, time cards, punch clock records, time sheets, work time schedules, for the period of time

23  from one (1) year prior to the filing of the Complaint, through the date of that filing.

24        **RESPONSE:**   Objection.  This Request is vague, overbroad and irrelevant, and exceed the

25  proper scope of pre-certification discovery.  Defendant will produce the records should a class be

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300
Page - 5        DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR            A
                PRODUCTION OF DOCUMENTS                                         EXHIBIT ___
                                                                               Page ___

1   certified.

2

3   **REQUEST FOR PRODUCTION NO. 6:**  Produce all documents that are, or that reference

4   Defendant's policies, procedures, and/or practices containing, referencing, or otherwise relating to

5   the review, correction, modification, alteration, and/or approval (by any AutoZone employee) of

6

7   time cards and hours worked by AutoZone hourly employees in Oregon, in effect for the time period

8   three (3) years prior to the filing of the Complaint in this matter, through the date of that filing.

9       **RESPONSE:**  *See*, generally, documents identified in Response to RFP No. 7.

10

11

12

13  **REQUEST FOR PRODUCTION NO. 7:**  Produce all documents, reflecting, containing, or

14  otherwise relating to any and all discussions (including communications in any form) between, or

15  any training given or taken by, any AutoZone employees, regarding the hours worked (including but

16  not limited to start and end times, rest breaks, meal periods, and overtime) by AutoZone hourly

17  Oregon employees, during the period of time from two (2) years prior to the filing of the Complaint,

18  through the date of that filing.

19      **RESPONSE:**  *See*, AZ/Migis 0001882-00002213.

20

21

22

23  **REQUEST FOR PRODUCTION NO. 8:**  Produce all documents that are, or that reflect, contain or

24  otherwise relate to any and all policies, procedures, and/or practices implemented, modified or

25  changed, and/or any other actions taken, directed, approved, reviewed or otherwise implemented by

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
1301 University Street, Suite 3250
Seattle, WA 98101.3472
206.623.3300

Page - 6        **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
                PRODUCTION OF DOCUMENTS**                    EXHIBIT ___A___
                                                             Page __5__

1  response to the complaint of *Joarnt et al. v. AutoZone.  See*, also, pleadings filed by Plaintiff which

2  acknowledge that "some people may be members of both classes," identified, for this purpose, as

3  AZ/Migis 0002216-2218.

4

5

6

7  Dated: May 5, 2008

8

9  

Leigh Ann Collings Tift OSB No.06473

10  LITTLER MENDELSON
A Professional Corporation

11

12  Attorneys for Defendant
Autozone Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT __A__
Page __6__

# Exhibit B



RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 APR -3 AM 11: 54

FILED

**ENTERED**
APR - 7 2008
IN REGISTER BY EG

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all others similarly situated,

    Plaintiff,

    v.

AUTOZONE, INC.,

    Defendant.

Case No. 0711-13531

**ORDER ON PLAINTIFF'S FIRST
MOTION FOR AN ORDER
COMPELLING DISCOVERY, AND
DETERMINING THE SUFFICIENCY
OF DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR
ADMISSION**

[PROPOSED]

    **THIS MATTER** having come before this Court upon Plaintiff's *First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission,* and the Court having heard oral argument on March 7, 2008, reviewed the file, and being fully advised of the premise thereof, for the reasons stated on the record:

    It is HEREBY ORDERED that:

    (1)    Plaintiff's motion to deem Plaintiff's Requests For Admissions admitted is DENIED.

    (2)    Defendant produce all documents in response to Request For Production Nos. 2, 4 and 6 in Plaintiff's First Set of Requests For Production, within 15

Page 1 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY



EXHIBIT _B_
Page _1_

1        business days from the date of hearing on this matter, provided that these

2        Requests shall be limited to Oregon-based AutoZone employees paid on an hourly

3        basis.

4

5    (3)    Defendant produce all documents responsive to **Request For Production Nos.**

6        **7 and 8** in Plaintiff's Second Set of Requests for Production, within 15 business

7        days from the date of hearing on this matter.

8

9    (4)    The parties confer on the scope of production for **Request For Production Nos.**

10       **1 - 6** in Plaintiff's **Second Set of Requests For Production.** The Court has

11       subsequently been informed that Plaintiff and Defendant agree to the scope of

12       those Requests as follows, and Defendant shall produce all documents responsive

13       to the Requests, as modified, within 20 business days from the date of hearing on

14       this matter.

15       (a)  **Request No. 1** (transportation and driving polices and/or procedures): The

16           temporal scope of this Request shall be a total of one (1) year comprised of

17           the following time periods: from May 1, 2005 through August 2005; from

18           November 1, 2005 through February 2006; and from May 1, 2006 through

19           August 2006.  This Request will be limited to documents representing a

20           complete set of the requested policies and procedures from the earliest date

21           set forth above, through the latest date set forth above, inclusive of any

22           changes to those policies and procedures.

23       (b)  **Request No. 2** (mileage reimbursement policy and/or procedure): The

24           temporal scope of this Request shall be a total of one (1) year comprised of

25           the following time periods: from May 1, 2005 through August 2005; from

26           November 1, 2005 through February 2006; and from May 1, 2006 through

Page 2 -     **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

EXHIBIT _B_
Page _2_

1     August 2006. This Request will be limited to documents representing a

2     complete set of the requested policies and procedures from the earliest date

3     set forth above, through the latest date set forth above, inclusive of any

4     changes to those policies and procedures.

5     (c) **Request No. 3** (merchandise and/or parts delivery and pick-up schedule(s)):

6     No changes; Defendant shall respond to the Request as drafted.

7     (d) **Request No. 4** (documents and reports including Missed Lunch Reports and

8     Lunch Variance Reports): The temporal scope of this Request will be a total

9     of one (1) year comprised of the following time periods: from May 1, 2005

10    through August 2005; from November 1, 2005 through February 2006; and

11    from May 1, 2006 through August 2006.

12    (e) **Request No. 5** (Weekly Schedule reports referencing Plaintiff Migis's

13    approved and unapproved work schedules): No changes; Defendant shall

14    respond to the Request as drafted.

15    (f) **Request No. 6** (documents and reports reflecting weekly summarization of

16    hours worked by Plaintiff Migis): No changes; Defendant shall respond to the

17    Request as drafted.

18

19    SIGNED on this ____ day of _____ 2008.

20

21

22    THE HON. JEROME LABARRE
      Multnomah Co. Circuit Court

23

24 ///

25 ///

26 ///

Page 3 -     **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT __B__
Page __3__

1  APPROVED AS TO FORM:

2  BAILEY, PINNEY & ASSOCIATES, LLC

3

4  _____/s/_____
   A.E. "BUD" BAILEY, OSB NO. 87157
5  bbailey@wagelawyer.com
   CHEY K. POWELSON, OSB NO. 03551
6  cpowelson@wagelawyer.com
   1498 SE Tech Center Pl, Ste 290
7  Vancouver, WA  98683
   Phone: 360.567.2551
8  Fax: 360.567.3331
   Attorneys for Plaintiff
9

10  LITTLER MENDELSON

11

12  _____/s/_____
13  DOUG PARKER, OSB NO. 821017
   NEIL OLSEN, OSB NO. 053378
14  LITTLER MENDELSON, P.C.
   1750 S.W. Harbor Way, Suite 450
15  Portland, Oregon 97201
   Phone:  503-221-0309
16  Fax:  503-242-2457
   Of Attorneys for Defendant

17

18

19

20

21

22

23

24

25

26

Page 4 -       ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY


EXHIBIT _B_
Page _4_

# Exhibit C

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,,

                Plaintiff,

    vs.

AUTOZONE INC., a Nevada
Corporation,,

                Defendant.

No. 0711-13531

***DEFENDANT'S FIRST SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS***

Defendant AutoZone, Inc. ("Defendant") hereby submits its objections and responses to

Plaintiff's Second Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

The following objections apply generally to all of Plaintiff's discovery requests in this

lawsuit:

    (a)   <u>Objections to Scope of Discovery Requests</u>. Defendant objects to all discovery

requests to the extent they purport to require any actions not required by the Oregon Rules of Civil

Procedure, the Uniform Trial Court Rules, or any local rules. Without limiting the generality of this

objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope

of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to

lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation

greater than that imposed by the Oregon Rules of Civil Procedure.

    (b)   <u>Privilege and Trial Preparation Materials</u>. Defendant objects to all discovery requests

to the extent they call for information or documents that fall within any relevant privilege (including

PAGE 1 – DEFENDANT'S 1ˢᵗ SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT C

Page 143

1    **REQUEST FOR PRODUCTION NO. 6:**  Produce all documents and reports reflecting

2    any weekly summarization of hours worked by Plaintiff, whether individually or by inclusion in a

3    larger group, for the period of time from three (3) years prior to the filing of the Complaint, up to

4    present.

5    **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

6    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

7    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

8    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

9    Yamaoka's Fourth Requests for Production, RFP No. 9, in Cause No. 053-02795.

10    **SUPPLEMENTAL RESPONSE:**  With respect to Plaintiff Migis, *see*, attached AZ/MIGIS

11    000552-000707.

12

13

14    **REQUEST FOR PRODUCTION NO. 7:**  Produce all documents or records such as

15    security logs, or records, identifying when a security system in any AutoZone store in which

16    Plaintiff worked was activated and/or deactivated during Plaintiff's employment period.

17    **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

18    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

19    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

20    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

21    Yamaoka's Fourth Requests for Production, RFP No. 11, in Cause No. 053-02795.

22    **SUPPLEMENTAL RESPONSE:**  Defendant will produce these logs.

23

24

25

26

PAGE 7 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 503-242-24

Page 2 of 3

1      **REQUEST FOR PRODUCTION NO. 8:**  Produce all documents that identify, or which

2  record or can be used to identify, the names of the persons activating and/or deactivating security

3  systems at stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

4      **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

5  forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

6  burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

7  *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

8  Yamaoka's Fourth Requests for Production, RFP No. 12, in Cause No. 053-02795.

9      **SUPPLEMENTAL RESPONSE:**  Defendant has been unable to identify records related to

10  Plaintiff Migis responsive to this request.  Defendant continues to search and will supplement to the

11  extent that records are identified.

12

13  Dated: March 28, 2008

14

15                                      Leigh Ann Collings Tift OSB 05473
16                                      Douglas S. Parker OSB No.82101
                                        LITTLER MENDELSON
17                                      A Professional Corporation

18                                      Attorneys for Defendant
                                        Autozone Inc.
19

20

21

22

23

24

25

26

---

**PAGE 8 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S**

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT

Page  3 of 3

# Exhibit D

Payroll Weekly Hours Summary Report     *** AutoZone 2229 ***          01/08/2005
                                                                        21:08:48
                                                                        Page    1

| AUTOZONER | REG HRS | VAC HRS | INV HRS | PRG NSW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|---|---|---|---|---|---|---|---|---|
| BAZANTE, PEDRO | 17:50 | - | - | - | - | - | - | 17:50 | - |
| EVANS, JASON | 13:26 | - | - | - | - | - | - | 13:26 | - |
| FLORES, JAVIER | 11:23 | - | - | - | - | - | - | 11:23 | - |
| GENERIC MAIL US | - | - | - | - | - | - | - | - | - |
| HAMILTON, DANTE | 11:14 | - | - | - | - | - | - | 11:14 | - |
| HAYASHI, PATRIC | 38:19 | - | - | - | - | - | - | 38:19 | - |
| LUNA, NOE | 15:16 | - | - | - | - | - | - | 15:16 | - |
| MARTINEZ, GUADA | 11:14 | - | - | - | - | - | - | 11:14 | - |
| NARAYAN, RAJ | 37:56 | - | - | - | - | - | - | 37:56 | - |
| REYES, MARTIN | 38:10 | - | - | - | - | - | - | 38:10 | - |
| SUHL, DAVID | 40:30 | - | - | - | 6:00 | - | - | 46:30S | - |
| | --------- | -- | -- | -- | -------- | ------- | ------- | -------- | ------- |
| Total | 235:18 | -- | -- | - | 6:00 | - | - | 241:18 | - |

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|---|---|---|---|---|
| 11-1111 | - | 0:04 | - | - |
| 84-9333 | 5:47 | - | - | - |

S  =  Salaried AutoZoner.

AZPB000812

EXHIBIT D.
Page 1

# Exhibit E

Per 12 wk (

Payroll Weekly Hours Summary Report      *** AutoZone 2229 ***        07/12/2003
                                                                       21:09:04
                                                                       Page    1

| AUTOZONER | REG HRS | VAC HRS | INV HRS | SCK HRS | PRG NEW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|---|---|---|---|---|---|---|---|---|---|
| ASTORIAS, | 12:01 | – | – | – | – | – | – | 7 | 12:01 | – |
| CABRERA, | 8:12 | – | – | – | – | – | – | correct | 8:12 | – |
| COSTACHE, | 42:02 | – | – | – | – | – | – | staff | 42:02 | (320%) |
| FLORES, J | 28:50 | – | – | – | – | – | – | 6:20 | 35:10 | – |
| GENERIC M | – | – | – | – | – | – | – | – | – | – |
| LAVIOLETT | 29:19 | – | – | – | – | – | – | – | 29:19 | – |
| NARAYAN, | 39:35 | – | – | – | – | – | set 0 cost | 46:42 | set |
| NAVA GOMEZ | 20:40 | – | – | – | – | – | – | – | 20:40 | – |
| SALTORS, | 7:00 | – | – | – | – | – | – | – | 7:00 | – |
| STEHL, DAV | 50:00 | – | – | – | – | – | – | – | 50:00S | – |

| Total | 237:39 | – | – | – | – | – | – | 13:27 | 251:06 | 8:44 |

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|---|---|---|---|---|
| 99-9999 | – | 0:23 | – | – |

S  —  Salaried AutoZoner.

AZPB001520

EXHIBIT E
Page 1

# Exhibit F

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

**CHEY POWELSON**
  Telephone  (360) 567-2551
  Facsimile  (360) 567-3331
  e-mail:  CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

April 1, 2008

### _VIA FAX & MAIL:  (503) 961-7854_

· **Mr. Neil Olsen**
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

> **_Re:_**   **_Migis v. AutoZone, Inc._**
>              (Mult. Co. Cir. Court No. 0711-13531)

Neil:

To clarify, for Plaintiff's Request For Production No. 5 (employee time records) in the Third Set of discovery requests, the phrase "electronic format" means usable electronic format, not .pdf, as AutoZone retains that information or as can otherwise be extracted using a mainframe database extraction program, such as OnDemand 32.

Please call me to discuss this issue, or if you have any other questions.  Thanks.

Sincerely yours,

Chey K. Powelson
Attorney for Plaintiffs

EXHIBIT _F_
Page _1_

MAY-23-2008  15:55       BAILEY PINNEY

*************** -COMM. JOURNAL- ****************** DATE APR-01-2008 ***** TIME 14:01 ********

MODE = MEMORY TRANSMISSION          START=APR-01 14:00     END=APR-01 14:01

FILE NO.=848

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|---------------------|------------------------------------------|-------|----------|
| 001 | OK | ☎ | 15039617854 | 002/002 | 00:00:33 |

-BAILEY PINNEY

***** UF-8000 v2 ****************** -3605673331    - ***** -       - *********

## BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

CS

April 1, 2008

### PERSONAL AND CONFIDENTIAL

TO:       Olsen, Neil
FAX NO.   (503) 961-7854
Number of Pages (including cover page): 2

RE :  *Migis v. Autozone*
*Electronic Format*

**IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551**

COMMENTS:          ORIGINAL DOCUMENTS
                   Regular mail

### NOTICE TO RECIPIENT
The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

EXHIBIT F.
Page 2

# Exhibit G



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

May 8, 2008                                            Leigh Ann Tift          COLORADO
                                                   Direct: 206.381.4905
                                                Direct Fax: 206.447.6965      CONNECTICUT
                                                     ltift@littler.com

**VIA MAIL AND FACSIMILE**                                                    DISTRICT OF
                                                                             COLUMBIA

Chey Powelson                                                                 FLORIDA
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290                                          GEORGIA
Vancouver, WA 98683

                                                                             ILLINOIS

Re:  *Migis v. AutoZone, Inc.*                                                INDIANA
     Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:                                                           MASSACHUSETTS

This is in response to your most recent letter regarding the second 39C deposition notice and    MINNESOTA
our discovery conference this morning. In your letter of May 2, 2008 regarding the location
of the 39C deposition, you state: "Defendant still appears to be under the impression that it    MISSOURI
must produce one or more ORCP 39C(6) designees who are 'qualified' to testify based upon
their personal knowledge [in response to these notices]."                    NEVADA

We do not believe that the witnesses need to testify on the basis of personal knowledge. I am    NEW JERSEY
well aware that corporate knowledge of a witness will suffice for this purpose. I am also
well aware of the requirement that the corporation produce the most qualified person to    NEW YORK
testify on its behalf. *See, Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 798
(9th Cir. 2003); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir.    NORTH CAROLINA
2000) (corporation must identify person who best appears for it on 30(b)(6) subjects). As I
have explained to you numerous times, AutoZone's payroll employees, and specifically the    OHIO
person knowledgeable about the subjects you identify in your deposition notice, all live and
work in Memphis. None are resident in the state of Oregon. AutoZone cannot teach its store    OREGON
managers or area managers in Oregon an area entirely outside their job responsibilities and
then designate them as a person best able to speak to AutoZone payroll policies and    PENNSYLVANIA
programs and will not do so. The second 39C designee will be available for deposition in
Memphis. If you want to take a telephone or video deposition, that is acceptable to us.    RHODE ISLAND

You asked about the designee for the first 39C deposition and whether that person will be    SOUTH CAROLINA
prepared to speak to all subjects in the notice—you specifically mentioned AutoZone's
defense of laches, and your contention that the company must produce a fact witness to show    TEXAS
that it was materially harmed by delay. I maintain that most of what you spoke of is legal
theory, or application of law to facts, but to the extent that the witness can testify without    VIRGINIA

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®

600 University Street, Suite 3200, Seattle, Washington 98101.3122  Tel: 206.623.3300 Fax: 206.447.6965 www.littler.com

EXHIBIT _G_

Page _1_



Chey Powelson
May 8, 2008
Page 2



disclosing attorney client communications or work product, we will produce an appropriate
witness next week.

With respect to the lengthy discovery conference this morning, lasting more than 1 1/2 hours,
please note that I have offered to look at documents you designate to see if we will stipulate
to their authenticity. You indicate you feel you should not have to spend the time identifying
these documents, but did, eventually, ask that I review Bates-labeled documents AZ/Migis
282-294 and something you called the "Q-2 earnings report." I've looked at Bates labeled
documents AZ/Migis 282-294, and we will stipulate that these documents, and any others
that are titled "Employee 200_ [inserting the noted year and quarter] Earnings Record" are
what they purport to be—that is, a report of an employee's earnings by quarter. You asked
that I also stipulate that "everything like them" is authentic. I'm not able to enter into such a
stipulation, but if you want to identify documents, or even Bates ranges, I will, as I said, look
at them and give your our answer.

You asked that AutoZone produce all of Mr. Migis' work schedules. As I think you know,
from the previous case, AutoZone managers do not always retain work schedules. A work
schedule is a plan—it does not represent the actual hours worked. AutoZone does keep
proper records of hours worked, but does not necessarily keep work schedules. I believe you
have what there is to produce in regard to Mr. Migis' past work schedules, but if there are
schedules that are located as this case progresses, we will produce them. The same is true for
any other documents that are located and are responsive to discovery requests.



You asked for an electronic copy of the lunch variance report we sent you in hard copy. I
will have a disk sent to you.

You asked me to send a corrected copy of my declaration in support of our opposition to the
motion for attorney fees. If I mistakenly attributed a conversation to the wrong day, I will
make sure the court is aware of the mistake.

You suggested that AutoZone did not produce all emails relative to your RFP # 2 because,
you posit, AutoZone managers "must be emailing" one another "all the time" about wage
and hour matters. I told you I'd seen nothing that would lead me to believe that was true.
You also seem to forget that this Request does not ask about emails about "wage and hour
matters," it is much more specific than that. You asked me if I include all HR managers
when I said I had not seen anything that led me to believe your hypothesis was correct, and I
responded, and want to reiterate, that we are talking about specific discovery requests, not
my personal opinions—or yours—about the content of email traffic within AutoZone.

You suggested that AutoZone had not complied with its obligation to provide Plaintiff with a
"weekly summarization of hours" in response to RFP No. 4. AutoZone provided Plaintiff
with exactly what was requested.



EXHIBIT 6
Page 2

Chey Powelson
May 8, 2008
Page 3


We had an extended discussion about Plaintiff's demand for every time record for every employee employed by AutoZone in Oregon for the one year period preceding the filing of the Migis complaint. You initially asked if AutoZone would stipulate to class certification. We will not. Next, you suggested that you would agree to accept 1 out of every 5th employee's records, if I would stipulate that that sample was representative. I asked if you would also stipulate that those records were representative, which you declined to do. You then changed your mind and said you would accept 1 out of every 3rd employee's records if I would stipulate that the records were representative, but again declined to do so on behalf of Plaintiff. Next you said you might consider that stipulation if I would agree you could depose the person who randomly selected the employee's whose records were produced. Ultimately, you changed your mind about that, too, and said you intended to move to compel all time records for all employees.

Finally, I am compelled to address the conclusion of our conversation. I felt that the conversation degenerated into comments that were completely unprofessional and sometimes bizarre (the "metaphysical truth" part, for example). I would appreciate it if you would refrain from this kind of conversation in the future. I think that these discovery conference should be much briefer and more to the point.


Sincerely,

Leigh Ann Tift


cc:    Tanya Holmes
       Amy Alpern


Firmwide:85145553.1 013306.2124

EXHIBIT 6
Page 3



## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

May 8, 2008

**To:** Chey K. Powelson          **Fax:** 360.567.3331     **Phone:** 360.567.2551
Bailey, Pinney & Associates, LLC

Fax #(s) verified before sending (initial):

**From:** Leigh Ann Tift          **Fax:** 206.447.6965     **Phone:** 206.381.4905

Length, including this cover letter:   **4**   Pages

If you do not receive all pages, please call Savanna L. Stevens at 206.381.4932.

Message:

Firmwide:85051576.1 013306.2124

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _____   User Number: _1860_____

EXHIBIT 6
Page 4

# Exhibit H

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail:  CPowelson@wagelawyer.com

* Washington License WSBA 34693
* Oregon License OSB 03551

May 9, 2008

## VIA E-MAIL ONLY

**Ms. Leigh Ann Tift**
ltift@littler.com
One Union Square
600 University St, Ste 3200
Seattle, WA  98101-3122

> **Re:**   **Migis v. AutoZone, Inc.** (Multnomah Co. Circuit Court No. 0711-13531)
> Follow-up to 05-08-08 Telephonic Discovery Conference

Ms. Tift:

This is to follow up what we discussed yesterday morning in our phone conversation on various discovery issues.

### _Proposed Stipulation to the Authenticity of Defendant's Own Documents_

In regards to the issues in my April 23 letter, you refused to stipulate to Plaintiff propounding additional Requests For Admission to determine the authenticity of all documents Defendant has produced (and which appear to be business records).

You then requested that I give you a list of documents Plaintiff would like Defendant to stipulate to in regards to authenticity. I gave you certain examples, which you identify in your follow up letter of yesterday, and agreed to stipulate to (the "everything like them" I referred to in the conference are in fact those "Employee 200_" documents you identified in your letter).

As for the remaining categories of documents, please stipulate to the authenticity of the following categories of documents:

1.   AZ/MIGIS 0000295 - 486 (SMS Time Final Historical Reports)

2.   AZ/MIGIS 0000487 - 550 (driving policies)

3.   AZ/MIGIS 0000551 (meal period report)

4.   AZ/MIGIS 0000552 - 707 (SMS Time Final Historical Reports)

EXHIBIT __H__
Page __l__

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
2

5.    AZ/MIGIS 0000708 - 753 (SMS Time Final Historical Reports)

6.    AZ/MIGIS 0000754 - 1211 (security/alarm logs)

7.    AZ/MIGIS 0001220 - 1235 (meal period report)

8.    AZ/MIGIS 0001236 - 1252 (travel policy)

9.    AZ/MIGIS 0001253 - 1288 (meal period report)

10.   AZ/MIGIS 0001289 - 1346 (AutoZoner Time Cards)

11.   AZ/MIGIS 0001347 (Termination Report) ; AZ/MIGIS 0001348 – 1457 (Job Data)

12.   AZ/MIGIS 0001458 - 1620 (Job/Pay Data)

13.   AZ/MIGIS 0001621 - 1655 (AutoZone Store Handbook)

14.   AZ/MIGIS 0001656 - 1817 (Paycheck Data)

15.   AZ/MIGIS 0001818 - 1881 (Termination Reports)

16.   AZ/MIGIS 0001882 - 2037 (*Foundations* manuals/handbooks)

17.   AZ/MIGIS 0002038 - 2068 (Being a Manager)

18.   AZ/MIGIS 0002069 - 2213 (Being a Manager)

19.   AZ/MIGIS 0002214

20.   AZ/MIGIS 0002215 (Mark Dessem e-mail)

21.   AZ/MIGIS 0000001 - 294 ("Personnel file")

Otherwise, Defendant will not stipulate to Plaintiff propounding Requests For Admission beyond
the number the Oregon Rules permit.

### *Work Schedules and Management Action Plans*

Per my April 28 letter (and relating to a Court Order on this matter), I inquired as to whether
Defendant will produce additional work schedules relating to Mr. Migis. I referenced Judge
Kantor's preservation order in the *Joarnt* case, and surmised that those schedules should have been
retained.

EXHIBIT _H_
Page _2_

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
3

I also referenced Defendant's non-production of any "Payroll Weekly Hours Summary Reports," which shows a store's employees' names, regular hours worked and paid, and any overtime hours paid. I referenced *Joarnt* document production as an example: AZPB0001520.

Again, this is information Defendant should have retained pursuant to Judge Kantor's preservation order, and also produced in this case in response to the Court's Order on Plaintiff's Second Set of Requests For Production 5 - 6.

Nonetheless, you represented Defendant had made a diligent search, and although Defendant has complied with the Court's Order referenced above, Defendant will continue to look for responsive documents.

### *Missed Lunch and Lunch Variance Reports*

You committed to producing these reports in Excel format, to the extent AutoZone has it.

### *Additional Termination Reports in Response to the Second Court Order*

Defendant has produced all such reports it has located. I nonetheless indicated that due to the non-production of approximately 96 Termination Reports, Plaintiff in his supplemental briefing to the Court will request additional relief, based on the non-production of this information.

This non-production becomes even more important because: (a) the information exists electronically in the summary report (Bates No. AZ/MIGIS 0001212, *et seq.*), and (b) Defendant represented to the Court that only by producing the Termination Reports would Defendant be able to show that the apparent "late pays" on the summary report were not really late.

### *Defendant's Declaration Supporting Objection to Plaintiff's Attorneys' Fees*

I urged correction of this document, so as to avoid any undue and un-necessary confusion at hearing on this matter. You committed to correcting the declaration if and where appropriate.

### *Defendant's Responses to Plaintiff's Third Set of RFPs*

1. **RFP Nos. 1 - 2:** You stated that the Mark Dessem e-mail (0002215) is the only one that presumably exists.

    I also disagree with your follow up letter of yesterday; during the conference I did not say that managers are e-mailing all the time on wage and hour issues, but are probably e-mailing all the time (I referred to you Bates No. 0002159 re: "Communication"), and such e-mails should include wage and hour issues.

EXHIBIT H
Page 3

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
4

It is very unlikely Oregon AutoZone managers have never, for the time period referenced, sent or received any e-mail or memoranda on employee hours, wages and the like in Oregon.

2.   **RFP No. 3:** You represented Defendant could not find Daily Coverage Lists (reports) at present.  Again, this is concerning in light of Defendant's prior preservation obligations.

3.   **RFP No. 4** (all documents and reports reflecting any weekly summarization of hours worked by AutoZone employees): You represented that Defendant has fully complied with this discovery request by producing *one* report in Excel format.  I strongly disagreed because the Request seeks "all documents and reports," not one report.

I further requested that Defendant produce more relevant documents such as the "Payroll Weekly Hours Summary Report," and referenced the *Joarnt* document production by way of example: AZPB0001520, 1463, and 0000812.

5.   **RFP No. 5:** I asked you to stipulate to class certification if AutoZone is refusing to produce one year's worth of time records.  You refused and stated that we have Plaintiff's own time records.   I therefore requested that Defendant stipulate to Plaintiff's records as representative of the entire class, and that he is an adequate class representative (including having suffered common and typical claims).

You refused that offer as well, at which point I again requested the time records.  In an effort to brainstorm to an amicable solution, I proposed production of a random selection of, for example, one out of four or five, provided Defendant would stipulate that such time records would be representative of the one year's worth.  You said no.

I stated that if you could not stipulate then Plaintiff would have to compel the entire year's worth of records.  You then asked me if I would stipulate to the time records being representative; I was unsure whether I could do that because Defendant, not Plaintiff, is in the best position to know whether those records are truly representative.

I also asked that if I did stipulate, would Defendant not use that to somehow oppose numerosity or the like.  You could not agree to that, so I proposed one out of every three people, provided that Defendant allo Plaintiff to depose the IT person who compiles that those time records.

I then agreed to send you a proposal in writing, but in your follow up letter you are under the impression that I would not send a proposal.  Therefore, please consider the proposal withdrawn; Plaintiff will move to compel.

6.   **RFP Nos. 6 - 8:** You represented Defendant has produced everything thus far located, but will produce additional documents to the extent they are found.

EXHIBIT ___
Page ___

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
5

You further stated that you didn't find that AutoZone managers e-mail each other about wage and hour issues. Rather, you represented that Defendant "communicates" via policies, handbooks and training.

I further referred you to *Joarnt* document production as an example of other documents that Defendant should have produced: AZ 1010, 1012.

7.   **RFP No. 9**: We could not agree as to this issue; I reiterated the reasoning in my May 1 letter.

8.   **RFP No. 10**: I asked whether you had the opportunity to read the *AutoZone, Inc. v. Ferrell Air Conditioning & Heating*, case, but you had not. You represented that discovery is ongoing.

9.   **RFP Nos. 11 - 13**: We were not able to make any headway on issues related to these Requests.

Finally, in regards to your comments on the conference degenerating into unprofessional matters such as my reference to "metaphysical truth," you seemed rather interested in that topic, which I initially mentioned only in passing on the rhetorical question of whether a stipulation actually makes something true.

In the future and for your convenience I will refrain making any references that could be construed as humor. You are correct to imply that this is a serious matter.

For my convenience and in the spirit of professionalism, however, I would ask you refrain from injecting an undue number of sarcastic comments into the conversation (e.g., asking me if I need help spelling), as it does not contribute positively to the issues at hand.

Overall, however, though we disagree on many matters, I think you'll agree it could be worse.

Thank you for your patience, and I look forward to further conferences with you.

Sincerely,

/s/

Chey K. Powelson
Attorney for Plaintiff

EXHIBIT H
Page 5

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Friday, May 09, 2008 3:08 PM |
| **To:** | 'Tift, Leigh Ann C.' |
| **Cc:** | Bud Bailey; Brad Griffin; Charity Shindle; Alpern, Amy R. |
| **Subject:** | Migis v. AutoZone — Follow up to 05-08-08 Disc. Conf. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | To Defendant_Follow Up Disc Conf_05-09-2008.pdf |

Ms. Tift:

See attached letter. Thanks.

**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA 98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

*Confidentiality Notice: This e-mail message may contain confidential and privileged information. If you have received this message by mistake, please notify me immediately via telephone, and do not review, disclose, copy, or otherwise distribute it. Thank you.*

EXHIBIT _H_
Page _6_

# Exhibit I

Deposition of MARK DESSEM, taken on August 25, 2005

Page 1

1          IN THE CIRCUIT COURT OF THE STATE OF OREGON
                  FOR THE COUNTY OF MULTNOMAH
2
3     RICHARD JOARNT AND BERT YAMAOKO,
      individually, and on behalf of all
4     others similarly situated              PLAINTIFFS
5     VS.                             NO. 0503-02795
6     AUTOZONE, INC., a Foreign Corporation    DEFENDANT
7
8
9     ****************************************************
10                  DEPOSITION OF MARK DESSEM
11    ****************************************************
12
13
14
              TAKEN AT THE INSTANCE OF THE PLAINTIFFS
15      IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
              40 ADAMS AVE. RM
16        ON AUGUST 25, 2005,
17
18
                    (APPEARANC:
19
20
21
      Reported by:  REGINA D. F
22    _____
23              ADVANCED C
                  P.O. BOX 761
24            TUPELO, MS 38802-0761
                (662) 690-1500
25

EXHIBIT I
Page 1

Deposition of MARK DESSEM, taken on August 25, 2005

Page 2

```
 1    APPEARANCES:
 2    For the Plaintiffs: A. E. BUD BAILEY, ESQUIRE
                          Bailey, Pinney & Associates, LLC
 3                        Columbia Tech Center
                          1498 SE Tech Center Place
 4                        Suite 290
                          Vancouver, Washington  98683
 5                        (360) 567-2551
 6
      For the Defendant:  LEIGH ANN COLLINGS TIFT, ESQUIRE
 7                        Littler Mendelson
                          701 Fifth Avenue, Suite 6500
 8                        Seattle, Washington  98104-7097
                          (206) 623-3300
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 1
Page 2

Deposition of MARK DESSEM, taken on August 25, 2005

Page 61

1    in and manipulate that.

2         Q.    So this report that we've seen in Exhibit 1

3    and Exhibit 3, is that the payroll register?

4         A.    No.  No.  This is a time card.

5         Q.    These are just time card reports?

6         A.    Yes.

7         Q.    Okay.  When you do a payroll register then,

8    your record then is a 48,000 employee record.  Is it

9    an alpha record?  I mean, is it all by -- first of

10   all, is it a 48,000 employee record?

11        A.    No.

12        Q.    Is it set up that way?

13        A.    Well, ultimately on the entire report,

14   everybody is going to appear.  But it is first, I

15   believe, broken down by what we call pay group, which

16   is going to separate people into different pay

17   groups.  And then within pay group, it would be

18   broken down, I believe, by store.

19        Q.    Okay.  So if you had the store numbers for

20   each geographic area by state, would it be possible

21   to manipulate that record to be able to just provide

22   all the individuals that were working in Oregon, for

23   example, for a given period of time, whether it be

24   one pay period or for several pay periods?

25        A.    Yes.  It could be done.  It would be

Deposition of MARK DESSEM, taken on August 25, 2005

Page 62

1    cumbersome to do it, because you'd have to go in and

2    work your way around and basically do screen prints

3    and that sort of thing. But you could probably get

4    to where you were --

5        Q.   Do you know whether or not there is a

6    separate data system that's used to maintain

7    personnel information that, on a particular snapshot

8    day, that -- for example, a list of all the employees

9    that work in a particular geographic area, such as

10   Oregon, could be identified and printed out all at

11   once?

12       A.   Again, if you're -- ask that again? On a

13   given day? Who worked on a given day?

14       Q.   Yes. Or, even more specific, if we have a

15   period from a date back so many years, we want to

16   know all the names of the people who worked in

17   Oregon, is there a payroll or personnel record that's

18   kept by computer that stores that information that

19   could be downloaded and printed?

20       A.   Outside of the payroll register, it would

21   be difficult. I'm not saying it can or can't be

22   done. Again, that's more of an IT thing, because

23   you're trying to go into the system and pull data

24   out. And if I'm understanding you, you're saying,

25   hey, I want to see all the people that worked in

EXHIBIT _I_
Page _4_

1·

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

RICHARD JOARNT AND BERT YAMAOKO,
individually, and on behalf of all
others similarly situated            PLAINTIFFS

VS.                                  NO. 0503-02795

AUTOZONE, INC., a Foreign Corporation    DEFENDANT

*********************************************************

DEPOSITION OF MARK DESSEM

*********************************************************

TAKEN AT THE INSTANCE OF THE PLAINTIFFS
IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
40 ADAMS AVE. RM 228, MEMPHIS, TENNESSEE
ON AUGUST 25, 2005, BEGINNING AT 8:55 A.M.

(APPEARANCES NOTED HEREIN)

Reported by:  REGINA D. RUSSELL, CSR 1110

ADVANCED COURT REPORTING
P.O. BOX 761
TUPELO, MS 38802-0761
(662) 690-1500

ORIGINAL

EXHIBIT I
Page 5

```
 1              C E R T I F I C A T E

 2    STATE OF MISSISSIPPI        )

 3    COUNTY OF LEE               )

 4    RE:  ORAL DEPOSITION OF MARK DESSEM

 5          I, Regina D. Russell, CSR 1110, a Notary

 6    Public within and for the aforesaid county and state,

 7    duly commissioned and acting, hereby certify that the

 8    foregoing proceedings were taken before me at the

 9    time and place set forth above; that the statements

10    were written by me in machine shorthand; that the

11    statements were thereafter transcribed by me, or

12    under my direct supervision, by means of

13    computer-aided transcription, constituting a true and

14    correct transcription of the proceedings; and that

15    the witness was by me duly sworn to testify to the

16    truth and nothing but the truth in this cause.

17          I further certify that I am not a relative or

18    employee of any of the parties, or of counsel, nor am

19    I financially or otherwise interested in the outcome

20    of this action.

21          Witness my hand and seal on this 1st day of

22    September, 2005.

23

24    My Commission Expires:    CSR 1110
      May 27, 2008              Notary Public
25
```

EXHIBIT __I__
Page __6__

# Exhibit J

AutoZoner Time Card                    *** AutoZone 2236 ***          11/19/2005
                                                                     21:17:06
                                                                     Page   1

AutoZoner Name: MIGIS, MICHAEL                          AutoZoner ID: 10090549

| Day Of Week | Date | Daily Hours | Clock In | Clock Out | Change Reason |
|-------------|------|-------------|----------|-----------|---------------|
| Sunday | 11/13/2005 | 7:03 | 11:12 | 15:42 | |
| | | | 16:53 | 19:26 | |
| Monday | 11/14/2005 | 0:01 | 19:27 | 19:27 | |
| Tuesday | 11/15/2005 | - | | | |
| Wednesday | 11/16/2005 | 5:56 | 7:39 | 13:35 | |
| Thursday | 11/17/2005 | 7:37 | 12:41 | 17:06 | |
| | | | 18:10 | 21:22 | |
| Friday | 11/18/2005 | 8:38 | 7:37 | 12:48 | |
| | | | 14:02 | 17:29 | |
| Saturday | 11/19/2005 | 7:08 | 12:58 | 16:20 | |
| | | | 17:30 | 21:16 | |

Total Hours  36:23

AutoZoner Signature: _____

Management Signature: _____

Store Copy

EXHIBIT  J

Page  1

AZ/MIGIS 0001333

# Exhibit K

```
AutoZoner Time Card              *** AutoZone 2236 ***        09/03/2005
                                                             21:44:52
                                                             Page   1

AutoZoner Name: MIGIS, MICHAEL                     AutoZoner ID: 10090549

                        Daily Clock Clock
Day Of Week      Date   Hours  In   Out    Change Reason
-----------  ----------  -----  ----- -----  ---------------
Sunday       08/28/2005  7:41  22:18  9:41  ~11:23 AutoZoner Failed To Clock Out
                               10:57 16:12
                               17:06 19:30
Monday       08/29/2005   -
Tuesday      08/30/2005   -
Wednesday    08/31/2005  8:10  12:41 16:58
                               17:48 21:41
Thursday     09/01/2005  7:52  21:42 21:44
                               13:06 16:47
                               17:46 21:10
                               21:10 21:56
Friday       09/02/2005  9:46   7:37 17:23
Saturday     09/03/2005  7:48  12:55 16:56
                               17:56 21:43
                             -----
            Total Hours. 41:17
```

AutoZoner Signature: _____

Management Signature: _____

                            Store Copy

EXHIBIT __K__
Page __1__

AZ/MIGIS 0001323

# Exhibit L

ENTERED

MAR 2 9 2006

IN REGISTER BY RK

FILED

06 MAR 27 AM 11: 23

FOR MULTNOMAH COUNTY

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### FOR THE COUNTY OF MULTNOMAH

RICHARD JOARNT and BERT
YAMAOKO, individually and on behalf of all
others similarly situated,

                                        Plaintiffs,

                v.

AUTOZONE, INC., a Foreign Corporation,

                                        Defendant.

No. 0503-02795

ORDER ON PLAINTIFFS' MOTIONS
FOR ORDER REQUIRING
DEFENDANT TO PRESERVE
EVIDENCE AND FOR PROTECTIVE
ORDER, AND ON DEFENDANT'S
MOTION TO ENJOIN PLAINTIFFS
FROM CONTACTING
REPRESENTED PARTIES AND
MOTION FOR PROTECTIVE
ORDER LIMITING PLAINTIFFS'
CONTACT WITH PUTATIVE CLASS
MEMBERS

THIS MATTER, having come before the Court upon Plaintiffs' and Defendant's above-referenced Motions, and the Court having reviewed the file, and being fully advised of the premise thereof during hearing of these Motions on January 27, 2006; the Court hereby ORDERS that:

1.    Defendant's Motion to Enjoin Plaintiffs from Contacting Represented Parties and Motion for Protective Order Limiting Plaintiffs' Contact with Putative Class Members, is DENIED. Plaintiffs are allowed to conduct investigation and contact AutoZone employees and store managers as part of such investigation; PROVIDED, however, that such contact include a disclosure that the investigation is related to the employee's experience as an hourly employee. MOREOVER, Plaintiffs are not entitled to directly contact current district managers or other current employees occupying positions of authority above the district manager level, regarding this case without permission of Defendant and/or the Court except to

Page 1 -    ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
            AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
            CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
            CONTACT WITH PUTATIVE CLASS MEMBERS

EXHIBIT  L
Page  1-3

1    determine if the person is a district manager or other person with whom contact is restricted.

2    Defendant shall provide Plaintiffs with a list of such individuals whom Defendant believes

3    Plaintiffs are not entitled to contact, PROVIDED, HOWEVER, that Defendant's duty to

4    provide this information is STAYED in accordance with Paragraph 4 of this Order.

5         2.    In regards to Plaintiffs' Motion for Order Requiring Defendant to Preserve

6    Evidence and Motion for Protective Order:

7              a.    Plaintiffs' Motion for Protective Order (restricting Defendant's

8    communications with putative class members) is **DENIED**. Defendant may conduct

9    investigation to prosecute and defend their claims and defenses; PROVIDED, however,

10   Defendant does not try to persuade any putative class members to not participate in the class.

11             b.    Plaintiffs' Motion for Order Requiring Defendant to Preserve Evidence

12   is hereby **GRANTED** to the extent that Defendant will preserve all contents of currently-

13   existing (from November 2004 and later) Oregon AutoZone store "period boxes," or any

14   future boxes that are created and maintained during the course of this lawsuit, for all

15   AutoZone stores in the State of Oregon. FURTHERMORE, Defendant will arrange for the

16   storage of those boxes and their contents in such a way that provides Plaintiffs reasonable

17   access to review and copy the contents of those boxes. Plaintiffs are not entitled to documents

18   containing confidential information that is entirely unrelated to the claims or defenses in this

19   lawsuit. If the parties disagree over the discoverability of one or more documents contained

20   in any of the period boxes, Plaintiffs are entitled to copy that document or documents and

21   move the Court for a ruling as to the disputed document or documents' discoverability.

22        3.    All requests for costs and attorneys fees and/or sanctions as made in the above-

23   referenced Motions are DENIED.

24   ///

25   ///

26   ///

Page 2 -    ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
            AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
            CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
            CONTACT WITH PUTATIVE CLASS MEMBERS

EXHIBIT  L

Page 2-3

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

MAY-23-2008  16:01        BAILEY PINNEY                                    P.064

1      4.      This case is STAYED in its entirety pending resolution of Plaintiff's appeal of

2    this Court's order on Defendant's Motion for Judgment on the Pleadings. This stay, however,

3    does not affect the parties' respective rights to conduct appropriate investigation.

4

5        ORDERED this _24th_ day of _____March_____ 2006.

6

7                                        _____

8                                        THE HONORABLE HENRY KANTOR
                                         MULTNOMAH CO. CIRCUIT COURT JUDGE

9

10   **SUBMITTED BY:**

11   _____

12   SHAUNA M. SJOSTROM, OSB 04418
     Of Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -        ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
                AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
                CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
                CONTACT WITH PUTATIVE CLASS MEMBERS

                                                                                EXHIBIT __L__
                                                                                Page __3-3__

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

                                                                          TOTAL P.064

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

CS

### May 23, 2008

## PERSONAL AND CONFIDENTIAL

**TO:**        Ms. Amy R. Alpern

**FAX NO.**    (503) 914-1816

**Number of Pages (including cover page):**  64

> *RE:   Migis v. Autozone*
>
> *Plt 2nd Motion to Compel*

**IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY  AT (360) 567-2551**

**COMMENTS:**              **ORIGINAL DOCUMENTS**

**Regular mail**

## NOTICE TO RECIPIENT
The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 MAY 23  PM 4: 56

FILED

ENTERED
JUN 02 2008
IN REGISTER BJL

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, *et al.*, | Case No. 0711-13531 |
| Plaintiff, | |
| v. | DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY |
| AUTOZONE, INC., | |
| Defendant. | |

I, Chey K. Powelson, hereby declare as follows:

1.  I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter, and base the contents of this declaration on my own personal knowledge and/or the litigation files and documents my firm maintains for this litigation.

2.  On or about May 8, 2008, I conferred via telephone with Defendant's counsel Leigh Ann Tift on various discovery issues, including several relating to Defendant's responses to Plaintiff's Third Set of Requests For Production. Attached hereto as **Exhibit A** is a true and correct copy of portions of those responses. On or about May 21, 2008, I again conferred with Defendant's counsel Ms. Amy Alpern and Leigh

Page 1 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY

1    Ann Tift on various issues relating to Defendant's responses to Plaintiff's Third Set

2    of Requests For Production.  The outcome of both conferences did not result in

3    complete resolution of several discovery issues, including those set forth in Plaintiff's

4    *Second Motion for Order Compelling Discovery*.  The parties made no substantial

5    progress, and Defendant did not produce any Reports as they relate to Mr. Migis.

6    3.    Attached hereto as **Exhibit B** is a true and correct copy of the Court's Order on

7    Plaintiff's First Motion for an Order Compelling Discovery, for which the Court

8    ordered Defendant to produce "all documents responsive to the Requests," including

9    Plaintiff's Second Set of Requests For Production No. 6.  Attached hereto as **Exhibit**

10    **C** is a true and correct copy of an excerpt of Defendant's responses to Plaintiff's

11    Second Set of Requests For Production, including Request No. 6.

12    4.    Attached hereto as **Exhibits D and E** are true and correct copies of two "Payroll

13    Weekly Hours Summary Report[s]" Defendant produced in the *Joarnt v. AutoZone*

14    matter.  These reports were kept in AutoZone period boxes, as indicated by the prefix

15    to the Bates numbers.  These reports are a matter of public record, filed in the *Joarnt*

16    case.

17    5.    Attached hereto as **Exhibit F** is a true and correct copy of my April 1, 2008 faxed

18    letter to Defendant's counsel Neil Olsen, in which I reiterated that for Plaintiff's

19    Third Set of Requests For Production No. 5 (employee time records), Plaintiff was

20    requesting that information in useable electronic format.

21    6.    Attached hereto as **Exhibit G** is a true and correct copy of Defendant counsel Tift's

22    May 8, 2008 follow-up letter to me, in regards to our discovery conference that day,

23    and during which Ms. Tift accused me of never intending to consider one out of three

24    employee time records for the time period Plaintiff requested in Request for

25    Production No. 5 (Third Set).  I did ask Ms. Tift during that conference whether

26

Page 2 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
ORDER COMPELLING DISCOVERY

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 557-2551 • Fax (360) 567-3331

1    reports).

2    10. Attached hereto as **Exhibits J and K** are true and correct copies of Plaintiff Migis's

3    "AutoZoner Time Card[s]," which show only generally the date of each clock in and

4    out time, total daily hours, total weekly hours, and any reason for a change to the time

5    record. It does not appear to show discrete "overtime hours" worked, as opposed to

6    **Exhibits D and E**, above.

7    11.  Attached hereto as **Exhibit L** is a true and correct copy of Judge Henry Kantor's

8    *Order on Plaintiffs' Motions For Order Requiring Defendant to Preserve Evidence*

9    and other motions, issued in the *Joarnt v. AutoZone* case (Mult. Co. Case No. 0503-

10   02795) and directing AutoZone to preserve all period boxes from November 2004

11   and on an ongoing basis.

12

13   I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST

14   OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

15   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR

16   PERJURY.

17

18   Dated this 23ʳᵈ day of May 2008 at Vancouver, Washington.

19

20

21   CHEY POWELSON, OSB 03551
     Attorney for Plaintiff

22

23

24

25

26

Page 4    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
          ORDER COMPELLING DISCOVERY

# Exhibit A

1
2
3            IN THE CIRCUIT COURT OF THE STATE OF OREGON
                 FOR THE COUNTY OF MULTNOMAH
4
5

| | |
|---|---|
| 6  **MICHAEL MIGIS**, *et al.* | Case No. 0711-13531 |
| 7  Plaintiff, | (Filed as a Class Action) |
| 8 | |
| 9  v. | **DEFENDANT'S RESPONSES TO** |
| 10  **AUTOZONE, INC.,** | **PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 11  Defendant. | |

12
13  **TO:**   **Defendant AutoZone, Inc.,** c/o your attorneys **Douglas Parker** and **Neil Olsen**, 1750 SW
14            Harbor Way, Ste 450, Portland OR 97201

15         Plaintiff hereby requests that Defendant make the following documents, as requested in

16  Exhibit "A," available for inspection and copying at the time, date and place set forth below:

17                    <u>TIME, DATE AND PLACE FOR PRODUCTION</u>
18
19  **TIME:**     5:00 p.m.

20  **DATE:**     April 25, 2008

21  **PLACE:**    Bailey Pinney & Associates LLC
22               1498 SE Tech Center Place, Ste 290
                 Vancouver, WA 98683
23  ///
24  ///
25
26
                                               EXHIBIT _A_
                                               Page ___1___

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101-3122
206.623.3300

Page - 1    DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR

## DEFINITIONS

a.      The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of hard copy and/or electronic written, recorded or graphic matter in any form of physical media, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telex messages, electronic mail messages ("e-mail"), memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleadings, or any other documents or writings of whatever description, including any information contained in any computer (even if not previously printed out) within the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122
206.623.3300

Page - 2      DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

EXHIBIT A
Page 2

b.      Produce all non-identical copies of all responsive documents including copies that bear marks, notations or changes not present on the original.

c.      If any documents are withheld on grounds of attorney/client privilege or attorney work product immunity, identify the author, each recipient thereof, the nature of the document and the basis upon which the privilege is asserted.

d.      **If any document requested was, but no longer is in the possession, custody, or control of Defendant, or in existence, state whether it** (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of. For each such instance, explain the circumstances surrounding such disposition, give the date or approximate date thereof, and the names and last known home and business addresses of these persons with knowledge of such circumstances.

e.      "Defendant" as used herein refers to all parties named in this action, and all agents, employees or other persons with an interest in any party.

f.      These Requests For Production are continuing and, in the event you discover further information that is responsive to them, you must supplement your responses. If you fail to supplement your responses in a reasonable fashion, requestor will move the Court for an order excluding from evidence at trial any matter which is responsive and not furnished.

g.      The phrase "Electronic Data" includes information from Defendant's computer systems, removable electronic media and other locations. This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, calendars, telephone logs, fax logs, alarm or security logs or records, video security or

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

EXHIBIT  A
Page  3

1    earlier Requests for Production, notable AZ/Migis 0001621-1655.

2

3

4    **REQUEST FOR PRODUCTION NO. 3:** Produce any and all Daily Coverage Lists for (or used in

5    or by) all Oregon AutoZone stores, for the period of time from two (2) years prior to the filing of the

6

7    Complaint, through the date of that filing.

8        **RESPONSE:** These documents are not retained for the period requested.

9

10

11   **REQUEST FOR PRODUCTION NO. 4:** Produce all documents and reports reflecting any weekly

12   summarization of hours worked by AutoZone hourly employees in stores located in the State of

13   Oregon, for the period of time from two (2) years prior to the filing of the Complaint, through the

14   date of that filing.

15

16       **RESPONSE:** *See*, attached disk, identified as AZ/Migis 0002214.

17

18

19   **REQUEST FOR PRODUCTION NO. 5:** Produce in electronic format all time sheets reflecting

20   the hours each Oregon hourly employee worked for Defendant, including but not limited to, all time

21   records, time cards, punch clock records, time sheets, work time schedules, for the period of time

22   from one (1) year prior to the filing of the Complaint, through the date of that filing.

23

24       **RESPONSE:** Objection. This Request is vague, overbroad and irrelevant, and exceed the

25   proper scope of pre-certification discovery. Defendant will produce the records should a class be

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Page - 5      DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
              PRODUCTION OF DOCUMENTS

EXHIBIT $A$

Page $4$

1    certified.

2

3    **REQUEST FOR PRODUCTION NO. 6:**  Produce all documents that are, or that reference

4    Defendant's policies, procedures, and/or practices containing, referencing, or otherwise relating to

5    the review, correction, modification, alteration, and/or approval (by any AutoZone employee) of

6    time cards and hours worked by AutoZone hourly employees in Oregon, in effect for the time period

7    three (3) years prior to the filing of the Complaint in this matter, through the date of that filing.

8

9        **RESPONSE:**  *See*, generally, documents identified in Response to RFP No. 7.

10

11

12

13    **REQUEST FOR PRODUCTION NO. 7:** Produce all documents, reflecting, containing, or

14    otherwise relating to any and all discussions (including communications in any form) between, or

15    any training given or taken by, any AutoZone employees, regarding the hours worked (including but

16    not limited to start and end times, rest breaks, meal periods, and overtime) by AutoZone hourly

17    Oregon employees, during the period of time from two (2) years prior to the filing of the Complaint,

18    through the date of that filing.

19

20        **RESPONSE:**  *See*, AZ/Migis 0001882-00002213.

21

22

23    **REQUEST FOR PRODUCTION NO. 8:** Produce all documents that are, or that reflect, contain or

24    otherwise relate to any and all policies, procedures, and/or practices implemented, modified or

25    changed, and/or any other actions taken, directed, approved, reviewed or otherwise implemented by

26

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Union Square
900 University Street, Suite 3200
Seattle, WA  98101-3122
206.623.3300

Page - 6    **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
             PRODUCTION OF DOCUMENTS**

EXHIBIT    *A*
Page       *5*

1    response to the complaint of *Joarnt et al. v. AutoZone*.  *See*, also, pleadings filed by Plaintiff which

2    acknowledge that "some people may be members of both classes," identified, for this purpose, as

3    AZ/Migis 0002216-2218.

4

5

6

7    Dated:  May 5, 2008

8

9    Leigh Ann Collings Tift OSB No. 05473
     LITTLER MENDELSON
10   A Professional Corporation

11   Attorneys for Defendant
12   Autozone Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT *A*
Page 6

# Exhibit B

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 APR -3 AM 11: 54

FILED

ENTERED
APR - 7 2008
IN REGISTER BY EG

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

Case No. 0711-13531

MICHAEL MIGIS, individually, and on
behalf of all others similarly situated,

             Plaintiff,

    v.

AUTOZONE, INC.,

             Defendant.

ORDER ON PLAINTIFF'S FIRST
MOTION FOR AN ORDER
COMPELLING DISCOVERY, AND
DETERMINING THE SUFFICIENCY
OF DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR
ADMISSION

[PROPOSED]

    THIS MATTER having come before this Court upon Plaintiff's *First Motion for an
Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to
Plaintiff's Requests for Admission*, and the Court having heard oral argument on March 7, 2008,
reviewed the file, and being fully advised of the premise thereof, for the reasons stated on the
record:

    It is HEREBY ORDERED that:

    (1)    Plaintiff's motion to deem Plaintiff's Requests For Admissions admitted is
            DENIED.

    (2)    Defendant produce all documents in response to Request For Production Nos.
            2, 4 and 6 in Plaintiff's First Set of Requests For Production, within 15

Page 1 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT *B*
Page *1* 

1    business days from the date of hearing on this matter, provided that these

2    Requests shall be limited to Oregon-based AutoZone employees paid on an hourly

3    basis.

4

5    (3)    Defendant produce all documents responsive to **Request For Production Nos.**

6    **7 and 8 in Plaintiff's Second Set of Requests for Production,** within 15 business

7    days from the date of hearing on this matter.

8

9    (4)    The parties confer on the scope of production for **Request For Production Nos.**

10    **1 - 6 in Plaintiff's Second Set of Requests For Production.** The Court has

11    subsequently been informed that Plaintiff and Defendant agree to the scope of

12    those Requests as follows, and Defendant shall produce all documents responsive

13    to the Requests, as modified, within 20 business days from the date of hearing on

14    this matter.

15    (a)    **Request No. 1** (transportation and driving polices and/or procedures): The

16    temporal scope of this Request shall be a total of one (1) year comprised of

17    the following time periods: from May 1, 2005 through August 2005; from

18    November 1, 2005 through February 2006; and from May 1, 2006 through

19    August 2006.  This Request will be limited to documents representing a

20    complete set of the requested policies and procedures from the earliest date

21    set forth above, through the latest date set forth above, inclusive of any

22    changes to those policies and procedures.

23    (b)    **Request No. 2** (mileage reimbursement policy and/or procedure): The

24    temporal scope of this Request shall be a total of one (1) year comprised of

25    the following time periods: from May 1, 2005 through August 2005; from

26    November 1, 2005 through February 2006; and from May 1, 2006 through

Page 2 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT _B_
Page _2_

1   August 2006. This Request will be limited to documents representing a
2   complete set of the requested policies and procedures from the earliest date
3   set forth above, through the latest date set forth above, inclusive of any
4   changes to those policies and procedures.
5   (c)   **Request No. 3** (merchandise and/or parts delivery and pick-up schedule(s)):
6   No changes; Defendant shall respond to the Request as drafted.
7   (d)   **Request No. 4** (documents and reports including Missed Lunch Reports and
8   Lunch Variance Reports): The temporal scope of this Request will be a total
9   of one (1) year comprised of the following time periods: from May 1, 2005
10  through August 2005; from November 1, 2005 through February 2006; and
11  from May 1, 2006 through August 2006.
12  (e)   **Request No. 5** (Weekly Schedule reports referencing Plaintiff Migis's
13  approved and unapproved work schedules): No changes; Defendant shall
14  respond to the Request as drafted.
15  (f)   **Request No. 6** (documents and reports reflecting weekly summarization of
16  hours worked by Plaintiff Migis): No changes; Defendant shall respond to the
17  Request as drafted.
18
19
20  SIGNED on this _____ day of _____ 2008.
21
22  THE HON. JEROME LABARRE
    Multnomah Co. Circuit Court
23
24  ///
25  ///
26  ///

Page 3 -       **ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT _B_
Page _3_

1    APPROVED AS TO FORM:

2    BAILEY, PINNEY & ASSOCIATES, LLC

3

4    _____/s/_____
     A.E. "BUD" BAILEY, OSB NO. 87157
5    bbailey@wagelawyer.com
     CHEY K. POWELSON, OSB NO. 03551
6    cpowelson@wagelawyer.com
     1498 SE Tech Center Pl, Ste 290
7    Vancouver, WA 98683
     Phone: 360.567.2551
8    Fax: 360.567.3331
     Attorneys for Plaintiff
9

10

11    LITTLER MENDELSON

12

13    _____/s/_____
     DOUG PARKER, OSB NO. 821017
     NEIL OLSEN, OSB NO. 053378
14    LITTLER MENDELSON, P.C.
     1750 S.W. Harbor Way, Suite 450
15    Portland, Oregon 97201
     Phone:  503-221-0309
16    Fax:  503-242-2457
     Of Attorneys for Defendant
17

18

19

20

21

22

23

24

25

26

Page 4 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

EXHIBIT _B_
Page _4_

# Exhibit C



MAY 28 2008

IN REGISTER BY

1

2        IN THE CIRCUIT COURT OF THE STATE OF OREGON

3            FOR THE COUNTY OF MULTNOMAH

4

5

6    MICHAEL MIGIS, individually, and on          No. 0711-13531
     behalf of all other persons similarly
7    situated,,                                   **_DEFENDANT'S FIRST SUPPLEMENTAL_**
                                                  **_OBJECTIONS AND RESPONSES TO_**
8                      Plaintiff,                 **_PLAINTIFF'S SECOND SET OF REQUESTS_**
                                                  **_FOR PRODUCTION OF DOCUMENTS_**
9         vs.

10   AUTOZONE INC., a Nevada
     Corporation,,
11
                       Defendant.
12

13       Defendant AutoZone, Inc. ("Defendant") hereby submits its objections and responses to

14   Plaintiff's Second Set of Requests for Production of Documents as follows:

15                         **GENERAL OBJECTIONS**

16       The following objections apply generally to all of Plaintiff's discovery requests in this

17   lawsuit:

18       (a)    <u>Objections to Scope of Discovery Requests</u>.  Defendant objects to all discovery

19   requests to the extent they purport to require any actions not required by the Oregon Rules of Civil

20   Procedure, the Uniform Trial Court Rules, or any local rules.  Without limiting the generality of this

21   objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope

22   of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to

23   lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation

24   greater than that imposed by the Oregon Rules of Civil Procedure.

25       (b)    <u>Privilege and Trial Preparation Materials</u>.  Defendant objects to all discovery requests

26   to the extent they call for information or documents that fall within any relevant privilege (including

PAGE 1 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFFS SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
'Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT ___ C
Page 143

1    **REQUEST FOR PRODUCTION NO. 6**:  Produce all documents and reports reflecting

2    any weekly summarization of hours worked by Plaintiff, whether individually or by inclusion in a

3    larger group, for the period of time from three (3) years prior to the filing of the Complaint, up to

4    present.

5        **RESPONSE**:  Defendant incorporates by reference its General Objections as though fully set

6    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

7    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

8    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

9    Yamaoka's Fourth Requests for Production, RFP No. 9, in Cause No. 053-02795.

10        **SUPPLEMENTAL RESPONSE**: With respect to Plaintiff Migis, *see*, attached AZ/MIGIS

11    000552-000707.

12

13

14    **REQUEST FOR PRODUCTION NO. 7**:  Produce all documents or records such as

15    security logs, or records, identifying when a security system in any AutoZone store in which

16    Plaintiff worked was activated and/or deactivated during Plaintiff's employment period.

17        **RESPONSE**: Defendant incorporates by reference its General Objections as though fully set

18    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

19    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

20    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

21    Yamaoka's Fourth Requests for Production, RFP No. 11, in Cause No. 053-02795.

22        **SUPPLEMENTAL RESPONSE**:  Defendant will produce these logs.

23

24

25

26

PAGE 7 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents that identify, or which record or can be used to identify, the names of the persons activating and/or deactivating security systems at stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

**RESPONSE:** Defendant incorporates by reference its General Objections as though fully set forth herein. Defendant further objects to this request to the extent it is overbroad, unduly burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v. AutoZone, Inc.* Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and Yamaoka's Fourth Requests for Production, RFP No. 12, in Cause No. 053-02795.

**SUPPLEMENTAL RESPONSE:** Defendant has been unable to identify records related to Plaintiff Migis responsive to this request. Defendant continues to search and will supplement to the extent that records are identified.

Dated: March 28, 2008

Leigh Ann Collings Tift OSB 05473
Douglas S. Parker OSB No.82101
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
Autozone Inc.

---

PAGE 8 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT C
Page 3 of 3

# Exhibit D

```
Payroll Weekly Hours Summary Report    *** AutoZone 2229 ***      01/08/2005
                                                                  21:08:48
                                                                  Page   1
```

| AUTOZONER | REG HRS | VAC HRS | INV HRS | PRG NEW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|-----------|---------|---------|---------|---------|---------|---------|---------|--------|--------|
| BAZANTE, PEDRO | 17:50 | - | - | - | - | - | - | 17:50 | - |
| EVANS, JASON | 13:26 | - | - | - | - | - | - | 13:26 | - |
| FLORES, JAVIER | 11:23 | - | - | - | - | - | - | 11:23 | - |
| GENERIC MAIL US | - | - | - | - | - | - | - | - | - |
| HAMILTON, DANIE | 11:14 | - | - | - | - | - | - | 11:14 | - |
| HAYASHI, PATRIC | 38:19 | - | - | - | - | - | - | 38:19 | - |
| LUNA, NOE' | 15:16 | - | - | - | - | - | - | 15:16 | - |
| MARTINEZ, GUADA | 11:14 | - | - | - | - | - | - | 11:14 | - |
| NARAYAN, RAJ' | 37:56 | - | - | - | - | - | - | 37:56 | - |
| REYES, MARTIN | 38:10 | - | - | - | - | - | - | 38:10 | - |
| SUHL, DAVID | 40:30 | - | - | - | 6:00 | - | - | 46:30 | S |

```
       --------  ------  ------  ------  ------  ------  ------  -------  ------
Total    235:18     -       -       -      6:00     -       -    241:18     -

       --------------------------------------------------------------------
```

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|-----------|-----------|----------|-----------|-----------|
| 11-1111 | - | 0:04 | - | - |
| 84-9333 | 5:47 | - | - | - |

S  -  Salaried AutoZoner.

AZPB000812

EXHIBIT D

Page 1

# Exhibit E

_Per 12 wk(_

Payroll Weekly Hours Summary Report    *** AutoZone 2229 ***    07/12/2003
21:09:04
Page    1

| AUTOZONER | REG HRS | VAC HRS | INV HRS | SCK HRS | PRG NEW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|---|---|---|---|---|---|---|---|---|---|---|
| ASTURIAS, | 12:01 | - | - | - | - | - | - | - | 12:01 | - |
| CABRERA, | 8:12 | - | - | - | - | - | - | - | 8:12 | - |
| COSTACHE, | 42:02 | - | - | - | - | - | - | - | 42:02 | 2:02 |
| FLORES, J | 28:50 | - | - | - | - | - | 6:20 | - | 35:10 | - |
| GENERIC M | - | - | - | - | - | - | - | - | - | - |
| LAVIOLETT | 29:19 | - | - | - | - | - | - | - | 29:19 | - |
| NARAYAN, | 39:35 | - | - | - | - | - | 7:07 | - | 46:42 | 6:42 |
| NAVA GOME | 20:40 | - | - | - | - | - | - | - | 20:40 | - |
| SALTORS, | 7:00 | - | - | - | - | - | - | - | 7:00 | - |
| SUHL, DAV | 50:00 | - | - | - | - | - | - | - | 50:00S | - |

| Total | 237:39 | - | - | - | - | - | - | 13:27 | 251:06 | 8:44 |

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|---|---|---|---|---|
| 99-9999 | - | 0:23 | - | - |

S  -  Salaried AutoZoner.

AZPB001520

EXHIBIT E
Page 1

# Exhibit F

## BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile  (360) 567-3331
e-mail:  CPowelson@wagelawyer.com

\* Washington License WSBA 34593
\* Oregon License OSB 03551

April 1, 2008

**_VIA FAX & MAIL:  (503) 961-7854_**

**Mr. Neil Olsen**
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR  97201

     *Re:*   *Migis v. AutoZone, Inc.*
            (Mult. Co. Cir. Court No. 0711-13531)

Neil:

To clarify, for Plaintiff's Request For Production No. 5 (employee time records) in the Third Set of discovery requests, the phrase "electronic format" means usable electronic format, not .pdf, as AutoZone retains that information or as can otherwise be extracted using a mainframe database extraction program, such as OnDemand 32.

Please call me to discuss this issue, or if you have any other questions.  Thanks.

            Sincerely yours,

            Chey K. Powelson
            Attorney for Plaintiffs

EXHIBIT _F_
Page _1_

```
*************** -COMM. JOURNAL ***************** DATE APR-01-20  ***** TIME 14:01 ********

   MODE = MEMORY TRANSMISSION          START=APR-01 14:00    END=APR-01 14:01

     FILE NO.=848

 STN    COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
 NO.             ABBR NO.

 001     OK        ⌥            15039617854                                002/002   00:00:33


                                          -BAILEY PINNEY

 ***** UF-8000 v2 ***************** -3605673331    - ***** -              - ********
```

## BAILEY, PINNEY & ASSOCIATES, LLC
Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
, VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax: 360-567-3331

CS

April 1, 2008

PERSONAL AND CONFIDENTIAL

TO:      Olsen, Neil

FAX NO.      (503) 961-7854

Number of Pages (including cover page): 2

RE : *Migis v. Autozone*

*Electronic Format*

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:          ORIGINAL DOCUMENTS
                   Regular mail

NOTICE TO RECIPIENT
The Information contained in this facsimile is intended only for the use of the individual or entity
named above and may contain attorney privileged Information. If you are not the intended recipient,
you are hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited.  If you have received this communication in error, please immediately notify me by
telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

EXHIBIT F

Page 2

# Exhibit G

LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

May 8, 2008                                          Leigh Ann Tift          COLORADO
                                              Direct: 206.381.4905
                                           Direct Fax: 206.447.6965          CONNECTICUT
                                                  ltift@littler.com
                                                                            DISTRICT OF
                                                                            COLUMBIA
**VIA MAIL AND FACSIMILE**
                                                                            FLORIDA
Chey Powelson
Bailey Pinney & Associates LLC                                              GEORGIA
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683                                                        ILLINOIS

Re:     *Migis v. AutoZone, Inc.*                                          INDIANA
        Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:                                                         MASSACHUSETTS

This is in response to your most recent letter regarding the second 39C deposition notice and    MINNESOTA
our discovery conference this morning. In your letter of May 2, 2008 regarding the location
of the 39C deposition, you state: "Defendant still appears to be under the impression that it     MISSOURI
must produce one or more ORCP 39C(6) designees who are 'qualified' to testify based upon
their personal knowledge [in response to these notices]."                                         NEVADA

We do not believe that the witnesses need to testify on the basis of personal knowledge. I am    NEW JERSEY
well aware that corporate knowledge of a witness will suffice for this purpose. I am also
well aware of the requirement that the corporation produce the most qualified person to          NEW YORK
testify on its behalf. *See, Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 798
(9th Cir. 2003); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir.     NORTH CAROLINA
2000) (corporation must identify person who best speaks for it on 30(b)(6) subjects). As I
have explained to you numerous times, AutoZone's payroll employees, and specifically the         OHIO
person knowledgeable about the subjects you identify in your deposition notice, all live and
work in Memphis. None are resident in the state of Oregon. AutoZone cannot teach its store       OREGON
managers or area managers in Oregon an area entirely outside their job responsibilities and
then designate them as a person best able to speak to AutoZone payroll policies and              PENNSYLVANIA
programs and will not do so. The second 39C designee will be available for deposition in
Memphis. If you want to take a telephone or video deposition, that is acceptable to us.          RHODE ISLAND

You asked about the designee for the first 39C deposition and whether that person will be        SOUTH CAROLINA
prepared to speak to all subjects in the notice—you specifically mentioned AutoZone's
defense of laches, and your contention that the company must produce a fact witness to show      TEXAS
that it was materially harmed by delay. I maintain that most of what you spoke of is legal
theory, or application of law to facts, but to the extent that the witness can testify without   VIRGINIA

EXHIBIT 6

Page 1

P. 002

Chey Powelson
May 8, 2008
Page 2

disclosing attorney client communications or work product, we will produce an appropriate witness next week.

With respect to the lengthy discovery conference this morning, lasting more than 11/2 hours, please note that I have offered to look at documents you designate to see if we will stipulate to their authenticity. You indicate you feel you should not have to spend the time identifying these documents, but did, eventually, ask that I review Bates-labeled documents AZ/Migis 282-294 and something you called the "Q-2 earnings report." I've looked at Bates labeled documents AZ/Migis 282-294, and we will stipulate that these documents, and any others that are titled "Employee 200_ [inserting the noted year and quarter] Earnings Record" are what they purport to be—that is, a report of an employee's earnings by quarter. You asked that I also stipulate that "everything like them" is authentic. I'm not able to enter into such a stipulation, but if you want to identify documents, or even Bates ranges, I will, as I said, look at them and give your our answer.

You asked that AutoZone produce all of Mr. Migis' work schedules. As I think you know, from the previous case, AutoZone managers do not always retain work schedules. A work schedule is a plan—it does not represent the actual hours worked. AutoZone does keep proper records of hours worked, but does not necessarily keep work schedules. I believe you have what there is to produce in regard to Mr. Migis' past work schedules, but if there are schedules that are located as this case progresses, we will produce them. The same is true for any other documents that are located and are responsive to discovery requests.

You asked for an electronic copy of the lunch variance report we sent you in hard copy. I will have a disk sent to you.

You asked me to send a corrected copy of my declaration in support of our opposition to the motion for attorney fees. If I mistakenly attributed a conversation to the wrong day, I will make sure the court is aware of the mistake.

You suggested that AutoZone did not produce all emails relative to your RFP # 2 because, you posit, AutoZone managers "must be emailing" one another "all the time" about wage and hour matters. I told you I'd seen nothing that would lead me to believe that was true. You also seem to forget that this Request does not ask about emails about "wage and hour matters," it is much more specific than that. You asked me if I include all HR managers when I said I had not seen anything that led me to believe your hypothesis was correct, and I responded, and want to reiterate, that we are talking about specific discovery requests, not my personal opinions—or yours—about the content of email traffic within AutoZone.

You suggested that AutoZone had not complied with its obligation to provide Plaintiff with a "weekly summarization of hours" in response to RFP No. 4. AutoZone provided Plaintiff with exactly what was requested.



EXHIBIT 6
Page 2

Chey Powelson
May 8, 2008
Page 3


We had an extended discussion about Plaintiff's demand for every time record for every employee employed by AutoZone in Oregon for the one year period preceding the filing of the Migis complaint. You initially asked if AutoZone would stipulate to class certification. We will not. Next, you suggested that you would agree to accept 1 out of every 5th employee's records, if I would stipulate that that sample was representative. I asked if you would also stipulate that those records were representative, which you declined to do. You then changed your mind and said you would accept 1 out of every 3rd employee's records if I would stipulate that the records were representative, but again declined to do so on behalf of Plaintiff. Next you said you might consider that stipulation if I would agree you could depose the person who randomly selected the employee's whose records were produced. Ultimately, you changed your mind about that, too, and said you intended to move to compel all time records for all employees.

Finally, I am compelled to address the conclusion of our conversation. I felt that the conversation degenerated into comments that were completely unprofessional and sometimes bizarre (the "metaphysical truth" part, for example). I would appreciate it if you would refrain from this kind of conversation in the future. I think that these discovery conference should be much briefer and more to the point.


Sincerely,

Leigh Ann Tift


cc:    Tanya Holmes
       Amy Alpern


Firmwide:85145553.1 013306.2124


EXHIBIT 6
Page 3

May-08-2008 02:55 PM LITTLER MENDELSON P.C. (206) 447-6965                    1/4



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

**FACSIMILE COVER SHEET**

May 8, 2008

To:  Chey K. Powelson          Fax:   360.567.3331   Phone:   360.567.2551
     Bailey, Pinney & Associates, LLC

Fax #(s) verified before sending (initial):

From:  Leigh Ann Tift          Fax:   206.447.6965   Phone:   206.381.4905

Length, including this cover letter:   4   Pages

If you do not receive all pages, please call Savanna L. Stevens at 206.381.4932.

Message:

Firmwide:85051576.1 013306.2124

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _____   User Number:   1860

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101.3122  Tel: 206.623.3300  Fax: 206.447.6965, www.littler.com

EXHIBIT 6
Page 4

# Exhibit H

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail: CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

May 9, 2008

## VIA E-MAIL ONLY

**Ms. Leigh Ann Tift**
ltift@littler.com
One Union Square
600 University St, Ste 3200
Seattle, WA  98101-3122

Re:    *Migis v. AutoZone, Inc.* (Multnomah Co. Circuit Court No. 0711-13531)
        Follow-up to 05-08-08 Telephonic Discovery Conference

Ms. Tift:

This is to follow up what we discussed yesterday morning in our phone conversation on various discovery issues.

### *Proposed Stipulation to the Authenticity of Defendant's Own Documents*

In regards to the issues in my April 23 letter, you refused to stipulate to Plaintiff propounding additional Requests For Admission to determine the authenticity of all documents Defendant has produced (and which appear to be business records).

You then requested that I give you a list of documents Plaintiff would like Defendant to stipulate to in regards to authenticity. I gave you certain examples, which you identify in your follow up letter of yesterday, and agreed to stipulate to (the "everything like them" I referred to in the conference are in fact those "Employee 200_" documents you identified in your letter).

As for the remaining categories of documents, please stipulate to the authenticity of the following categories of documents:

1.    AZ/MIGIS 0000295 - 486 (SMS Time Final Historical Reports)

2.    AZ/MIGIS 0000487 - 550 (driving policies)

3.    AZ/MIGIS 0000551 (meal period report)

4.    AZ/MIGIS 0000552 - 707 (SMS Time Final Historical Reports)

EXHIBIT _H_
Page _1_

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
2

5.  AZ/MIGIS 0000708 - 753 (SMS Time Final Historical Reports)

6.  AZ/MIGIS 0000754 - 1211 (security/alarm logs)

7.  AZ/MIGIS 0001220 - 1235 (meal period report)

8.  AZ/MIGIS 0001236 - 1252 (travel policy)

9.  AZ/MIGIS 0001253 - 1288 (meal period report)

10. AZ/MIGIS 0001289 - 1346 (AutoZoner Time Cards)

11. AZ/MIGIS 0001347 (Termination Report) ; AZ/MIGIS 0001348 - 1457 (Job Data)

12. AZ/MIGIS 0001458 - 1620 (Job/Pay Data)

13. AZ/MIGIS 0001621 - 1655 (AutoZone Store Handbook)

14. AZ/MIGIS 0001656 - 1817 (Paycheck Data)

15. AZ/MIGIS 0001818 - 1881 (Termination Reports)

16. AZ/MIGIS 0001882 - 2037 (*Foundations* manuals/handbooks)

17. AZ/MIGIS 0002038 - 2068 (Being a Manager)

18. AZ/MIGIS 0002069 - 2213 (Being a Manager)

19. AZ/MIGIS 0002214

20. AZ/MIGIS 0002215 (Mark Dessem e-mail)

21. AZ/MIGIS 0000001 - 294 ("Personnel file")

Otherwise, Defendant will not stipulate to Plaintiff propounding Requests For Admission beyond the number the Oregon Rules permit.

*Work Schedules and Management Action Plans*

Per my April 28 letter (and relating to a Court Order on this matter), I inquired as to whether Defendant will produce additional work schedules relating to Mr. Migis.  I referenced Judge Kantor's preservation order in the *Joarnt* case, and surmised that those schedules should have been retained.

EXHIBIT _H_
Page _2_

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
3

I also referenced Defendant's non-production of any "Payroll Weekly Hours Summary Reports," which shows a store's employees' names, regular hours worked and paid, and any overtime hours paid. I referenced *Joarnt* document production as an example: AZPB0001520.

Again, this is information Defendant should have retained pursuant to Judge Kantor's preservation order, and also produced in this case in response to the Court's Order on Plaintiff's Second Set of Requests For Production 5 - 6.

Nonetheless, you represented Defendant had made a diligent search, and although Defendant has complied with the Court's Order referenced above, Defendant will continue to look for responsive documents.

### *Missed Lunch and Lunch Variance Reports*

You committed to producing these reports in Excel format, to the extent AutoZone has it.

### *Additional Termination Reports in Response to the Second Court Order*

Defendant has produced all such reports it has located. I nonetheless indicated that due to the non-production of approximately 96 Termination Reports, Plaintiff in his supplemental briefing to the Court will request additional relief, based on the non-production of this information.

This non-production becomes even more important because: (a) the information exists electronically in the summary report (Bates No. AZ/MIGIS 0001212, *et seq.*), and (b) Defendant represented to the Court that only by producing the Termination Reports would Defendant be able to show that the apparent "late pays" on the summary report were not really late.

### *Defendant's Declaration Supporting Objection to Plaintiff's Attorneys' Fees*

I urged correction of this document, so as to avoid any undue and un-necessary confusion at hearing on this matter. You committed to correcting the declaration if and where appropriate.

### *Defendant's Responses to Plaintiff's Third Set of RFPs*

1. **RFP Nos. 1 - 2:** You stated that the Mark Dessem e-mail (0002215) is the only one that presumably exists.

   I also disagree with your follow up letter of yesterday; during the conference I did not say that managers are e-mailing all the time on wage and hour issues, but are probably e-mailing all the time (I referred to you Bates No. 0002159 re: "Communication"), and such e-mails should include wage and hour issues.

EXHIBIT H
Page 3

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
4

It is very unlikely Oregon AutoZone managers have never, for the time period referenced, sent or received any e-mail or memoranda on employee hours, wages and the like in Oregon.

2.    **RFP No. 3**: You represented Defendant could not find Daily Coverage Lists (reports) at present.  Again, this is concerning in light of Defendant's prior preservation obligations.

3.    **RFP No. 4** (all documents and reports reflecting any weekly summarization of hours worked by AutoZone employees): You represented that Defendant has fully complied with this discovery request by producing *one* report in Excel format.  I strongly disagreed because the Request seeks "all documents and reports," not one report.

I further requested that Defendant produce more relevant documents such as the "Payroll Weekly Hours Summary Report," and referenced the *Joarnt* document production by way of example: AZPB0001520, 1463, and 0000812.

5.    **RFP No. 5**: I asked you to stipulate to class certification if AutoZone is refusing to produce one year's worth of time records. You refused and stated that we have Plaintiff's own time records.   I therefore requested that Defendant stipulate to Plaintiff's records as representative of the entire class, and that he is an adequate class representative (including having suffered common and typical claims).

You refused that offer as well, at which point I again requested the time records.  In an effort to brainstorm to an amicable solution, I proposed production of a random selection of, for example, one out of four or five, provided Defendant would stipulate that such time records would be representative of the one year's worth.  You said no.

I stated that if you could not stipulate then Plaintiff would have to compel the entire year's worth of records.  You then asked me if I would stipulate to the time records being representative; I was unsure whether I could do that because Defendant, not Plaintiff, is in the best position to know whether those records are truly representative.

I also asked that if I did stipulate, would Defendant not use that to somehow oppose numerosity or the like.  You could not agree to that, so I proposed one out of every three people, provided that Defendant allo Plaintiff to depose the IT person who compiles that those time records.

I then agreed to send you a proposal in writing, but in your follow up letter you are under the impression that I would not send a proposal.  Therefore, please consider the proposal withdrawn; Plaintiff will move to compel.

6.    **RFP Nos. 6 - 8**: You represented Defendant has produced everything thus far located, but will produce additional documents to the extent they are found.

EXHIBIT  H
Page 4

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
5

You further stated that you didn't find that AutoZone managers e-mail each other about wage and hour issues. Rather, you represented that Defendant "communicates" via policies, handbooks and training.

I further referred you to *Joarnt* document production as an example of other documents that Defendant should have produced: AZ 1010, 1012.

7.   **RFP No. 9:** We could not agree as to this issue; I reiterated the reasoning in my May 1 letter.

8.   **RFP No. 10:** I asked whether you had the opportunity to read the *AutoZone, Inc. v. Ferrell Air Conditioning & Heating*, case, but you had not. You represented that discovery is ongoing.

9.   **RFP Nos. 11 - 13:** We were not able to make any headway on issues related to these Requests.

Finally, in regards to your comments on the conference degenerating into unprofessional matters such as my reference to "metaphysical truth," you seemed rather interested in that topic, which I initially mentioned only in passing on the rhetorical question of whether a stipulation actually makes something true.

In the future and for your convenience I will refrain making any references that could be construed as humor. You are correct to imply that this is a serious matter.

For my convenience and in the spirit of professionalism, however, I would ask you refrain from injecting an undue number of sarcastic comments into the conversation (e.g., asking me if I need help spelling), as it does not contribute positively to the issues at hand.

Overall, however, though we disagree on many matters, I think you'll agree it could be worse.

Thank you for your patience, and I look forward to further conferences with you.

Sincerely,

/s/

Chey K. Powelson
Attorney for Plaintiff

EXHIBIT H
Page 5

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Friday, May 09, 2008 3:08 PM |
| **To:** | 'Tift, Leigh Ann C.' |
| **Cc:** | Bud Bailey; Brad Griffin; Charity Shindle; Alpern, Amy R. |
| **Subject:** | Migis v. AutoZone -- Follow up to 05-08-08 Disc. Conf. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | To Defendant_Follow Up Disc Conf_05-09-2008.pdf |

Ms. Tift:

See attached letter.  Thanks.

**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA  98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

*Confidentiality Notice: This e-mail message may contain confidential and privileged information. If you have received this message by mistake, please notify me immediately via telephone, and do not review, disclose, copy, or otherwise distribute it.  Thank you.*

EXHIBIT _H_
Page _4_

# Exhibit I

Deposition of MARK DESSEM, taken on August 25, 2005

Page 1

1          IN THE CIRCUIT COURT OF THE STATE OF OREGON
                 FOR THE COUNTY OF MULTNOMAH

2

3    RICHARD JOARNT AND BERT YAMAOKO,
     individually, and on behalf of all

4    others similarly situated          PLAINTIFFS

5    VS.                          NO. 0503-02795

6    AUTOZONE, INC., a Foreign Corporation     DEFENDANT

7

8

9    * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

10              DEPOSITION OF MARK DESSEM

11   * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

12

13

14

            TAKEN AT THE INSTANCE OF THE PLAINTIFFS
15     IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
            40 ADAMS AVE. RM 228, MEMPHIS, TENNESSEE
16     ON AUGUST 25, 2005, BEGINNING AT 8:55 A.M.

17

18

               (APPEARANCES NOTED HEREIN)
19

20

21

     Reported by:  REGINA D. RUSSELL, CSR 1110
22   _____
23              ADVANCED COURT REPORTING
                    P.O. BOX 761
24             TUPELO, MS 38802-0761
                 (662) 690-1500
25

EXHIBIT  I
Page  1

Deposition of MARK DESSEM, taken on .    ıst 25, 2005

Page 2

```
 1    APPEARANCES:
 2    For the Plaintiffs: A. E. BUD BAILEY, ESQUIRE
                          Bailey, Pinney & Associates, LLC
 3                        Columbia Tech Center
                          1498 SE Tech Center Place
 4                        Suite 290
                          Vancouver, Washington  98683
 5                        (360) 567-2551
 6
      For the Defendant:  LEIGH ANN COLLINGS TIFT, ESQUIRE
 7                        Littler Mendelson
                          701 Fifth Avenue, Suite 6500
 8                        Seattle, Washington  98104-7097
                          (206) 623-3300
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 1
Page 2

Deposition of MARK DESSEM, taken on ~ust 25, 2005

Page 61

```
 1    in and manipulate that.
 2         Q.    So this report that we've seen in Exhibit 1
 3    and Exhibit 3, is that the payroll register?
 4         A.    No.  No.  This is a time card.
 5         Q.    These are just time card reports?
 6         A.    Yes.
 7         Q.    Okay.  When you do a payroll register then,
 8    your record then is a 48,000 employee record.  Is it
 9    an alpha record?  I mean, is it all by -- first of
10    all, is it a 48,000 employee record?
11         A.    No.
12         Q.    Is it set up that way?
13         A.    Well, ultimately on the entire report,
14    everybody is going to appear.  But it is first, I
15    believe, broken down by what we call pay group, which
16    is going to separate people into different pay
17    groups.  And then within pay group, it would be
18    broken down, I believe, by store.
19         Q.    Okay.  So if you had the store numbers for
20    each geographic area by state, would it be possible
21    to manipulate that record to be able to just provide
22    all the individuals that were working in Oregon, for
23    example, for a given period of time, whether it be
24    one pay period or for several pay periods?
25         A.    Yes.  It could be done.  It would be
```

EXHIBIT I
Page 3

Deposition of MARK DESSEM, taken on . ust 25, 2005

Page 62

```
 1    cumbersome to do it, because you'd have to go in and

 2    work your way around and basically do screen prints

 3    and that sort of thing.  But you could probably get

 4    to where you were --

 5         Q.   Do you know whether or not there is a

 6    separate data system that's used to maintain

 7    personnel information that, on a particular snapshot

 8    day, that -- for example, a list of all the employees

 9    that work in a particular geographic area, such as

10    Oregon, could be identified and printed out all at

11    once?

12         A.   Again, if you're -- ask that again?  On a

13    given day?  Who worked on a given day?

14         Q.   Yes.  Or, even more specific, if we.have a

15    period from a date back so many years, we want to

16    know all the names of the people who worked in

17    Oregon, is there a payroll or personnel record that's

18    kept by computer that stores that information that

19    could be downloaded and printed?

20         A.   Outside of the payroll register, it would

21    be difficult.  I'm not saying it can or can't be

22    done.  Again, that's more of an IT thing, because

23    you're trying to go into the system and pull data

24    out.  And if I'm understanding you, you're saying,

25    hey, I want to see all the people that worked in
```

EXHIBIT __I__
Page __4__

1

```
 1        IN THE CIRCUIT COURT OF THE STATE OF OREGON
               FOR THE COUNTY OF MULTNOMAH
 2

 3   RICHARD JOARNT AND BERT YAMAOKO,
     individually, and on behalf of all
 4   others similarly situated           PLAINTIFFS

 5   VS.                              NO. 0503-02795

 6   AUTOZONE, INC., a Foreign Corporation      DEFENDANT

 7

 8

 9   *******************************************************

10             DEPOSITION OF MARK DESSEM

11   *******************************************************

12

13

14

15        TAKEN AT THE INSTANCE OF THE PLAINTIFFS
         IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
16          40 ADAMS AVE. RM 228, MEMPHIS, TENNESSEE
          ON AUGUST 25, 2005, BEGINNING AT 8:55 A.M.

17

18

19             (APPEARANCES NOTED HEREIN)

20

21

22   Reported by:  REGINA D. RUSSELL, CSR 1110
     ─────────────────────────────────────────────────

23             ADVANCED COURT REPORTING
                    P.O. BOX 761
24             TUPELO, MS 38802-0761
                  (662) 690-1500
25
```

ORIGINAL

EXHIBIT I
Page 5

75

```
 1              C E R T I F I C A T E

 2    STATE OF MISSISSIPPI      )

 3    COUNTY OF LEE             )

 4    RE:  ORAL DEPOSITION OF MARK DESSEM

 5         I, Regina D. Russell, CSR 1110, a Notary

 6    Public within and for the aforesaid county and state,

 7    duly commissioned and acting, hereby certify that the

 8    foregoing proceedings were taken before me at the

 9    time and place set forth above; that the statements

10    were written by me in machine shorthand; that the

11    statements were thereafter transcribed by me, or

12    under my direct supervision, by means of

13    computer-aided transcription, constituting a true and

14    correct transcription of the proceedings; and that

15    the witness was by me duly sworn to testify to the

16    truth and nothing but the truth in this cause.

17         I further certify that I am not a relative or

18    employee of any of the parties, or of counsel, nor am

19    I financially or otherwise interested in the outcome

20    of this action.

21         Witness my hand and seal on this 1st day of

22    September, 2005.

23

24    My Commission Expires:    CSR 1110
      May 27, 2008              Notary Public

25
```

EXHIBIT _I_

Page _6_

# Exhibit J

```
AutoZoner Time Card              *** AutoZone 2236 ***         11/19/2005
                                                              21:17:06
                                                              Page    1

AutoZoner Name: MIGIS, MICHAEL                    AutoZoner ID: 10090549

                        Daily Clock Clock
Day Of Week     Date    Hours  In    Out    Change Reason
-----------  ----------  -----  -----  -----  -------------
Sunday       11/13/2005  7:03  11:12 15:42
                               16:53 19:26
Monday       11/14/2005  0:01  19:27 19:27
Tuesday      11/15/2005    -
Wednesday    11/16/2005  5:56   7:39 13:35
Thursday     11/17/2005  7:37  12:41 17:06
                               18:10 21:22
Friday       11/18/2005  8:38   7:37 12:48
                               14:02 17:29
Saturday     11/19/2005  7:08  12:58 16:20
                               17:30 21:16
                        -----
            Total Hours  36:23


AutoZoner Signature: _____


Management Signature: _____

                         Store Copy
```

EXHIBIT __J__

Page __1__

AZ/MIGIS 0001333

# Exhibit K

```
AutoZoner Time Card              *** AutoZone 2236 ***         09/03/2005
                                                              21:44:52
                                                              Page   1

AutoZoner Name: MIGIS, MICHAEL                  AutoZoner ID: 10090549

                       Daily Clock Clock
Day Of Week     Date   Hours  In   Out     Change Reason
-----------   --------- ----- ----- -----  -------------
Sunday        08/28/2005 7:41 22:18  9:41  -11:23 AutoZoner Failed To Clock Out
                             10:57 16:12
                             17:06 19:30
Monday        08/29/2005  -
Tuesday       08/30/2005  -
Wednesday     08/31/2005 8:10 12:41 16:58
                             17:48 21:41
Thursday      09/01/2005 7:52 21:42 21:44
                             13:06 16:47
                             17:46 21:10
                             21:10 21:56
Friday        09/02/2005 9:46  7:37 17:23
Saturday      09/03/2005 7:48 12:55 16:56
                             17:56 21:43
                             -----
              Total Hours  41:17


AutoZoner Signature: _____


Management Signature: _____

                           Store Copy
```

EXHIBIT __K__

Page __1__

AZ/MIGIS 0001323

# Exhibit L

ENTERED

MAR 2 9 2006

IN REGISTER BY RK

FILED

06 MAR 27 AM 11: 23

CIRCUIT COURT
FOR MULTNOMAH COUNTY
OR

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

RICHARD JOARNT and BERT
YAMAOKO, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

        v.

AUTOZONE, INC., a Foreign Corporation,

                              Defendant.

No. 0503-02795

ORDER ON PLAINTIFFS' MOTIONS
FOR ORDER REQUIRING
DEFENDANT TO PRESERVE
EVIDENCE AND FOR PROTECTIVE
ORDER, AND ON DEFENDANT'S
MOTION TO ENJOIN PLAINTIFFS
FROM CONTACTING
REPRESENTED PARTIES AND
MOTION FOR PROTECTIVE
ORDER LIMITING PLAINTIFFS'
CONTACT WITH PUTATIVE CLASS
MEMBERS

THIS MATTER, having come before the Court upon Plaintiffs' and Defendant's above-referenced Motions, and the Court having reviewed the file, and being fully advised of the premise thereof during hearing of these Motions on January 27, 2006; the Court hereby ORDERS that:

1.      Defendant's Motion to Enjoin Plaintiffs from Contacting Represented Parties and Motion for Protective Order Limiting Plaintiffs' Contact with Putative Class Members, is DENIED. Plaintiffs are allowed to conduct investigation and contact AutoZone employees and store managers as part of such investigation; PROVIDED, however, that such contact include a disclosure that the investigation is related to the employee's experience as an hourly employee. MOREOVER, Plaintiffs are not entitled to directly contact current district managers or other current employees occupying positions of authority above the district manager level, regarding this case without permission of Defendant and/or the Court except to

Page 1 -    ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
            AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
            CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
            CONTACT WITH PUTATIVE CLASS MEMBERS

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

EXHIBIT L
Page 1-3

1   determine if the person is a district manager or other person with whom contact is restricted.

2   Defendant shall provide Plaintiffs with a list of such individuals whom Defendant believes

3   Plaintiffs are not entitled to contact, PROVIDED, HOWEVER, that Defendant's duty to

4   provide this information is STAYED in accordance with Paragraph 4 of this Order.

5          2.     In regards to Plaintiffs' Motion for Order Requiring Defendant to Preserve

6   Evidence and Motion for Protective Order:

7          a.     Plaintiffs' Motion for Protective Order (restricting Defendant's

8   communications with putative class members) is **DENIED**.  Defendant may conduct

9   investigation to prosecute and defend their claims and defenses; PROVIDED, however,

10   Defendant does not try to persuade any putative class members to not participate in the class.

11          b.     Plaintiffs' Motion for Order Requiring Defendant to Preserve Evidence

12   is hereby **GRANTED** to the extent that Defendant will preserve all contents of currently-

13   existing (from November 2004 and later) Oregon AutoZone store "period boxes," or any

14   future boxes that are created and maintained during the course of this lawsuit, for all

15   AutoZone stores in the State of Oregon.  FURTHERMORE, Defendant will arrange for the

16   storage of those boxes and their contents in such a way that provides Plaintiffs reasonable

17   access to review and copy the contents of those boxes.  Plaintiffs are not entitled to documents

18   containing confidential information that is entirely unrelated to the claims or defenses in this

19   lawsuit.  If the parties disagree over the discoverability of one or more documents contained

20   in any of the period boxes, Plaintiffs are entitled to copy that document or documents and

21   move the Court for a ruling as to the disputed document or documents' discoverability.

22          3.     All requests for costs and attorneys fees and/or sanctions as made in the above-

23   referenced Motions are DENIED.

24   ///

25   ///

26   ///

      ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
CONTACT WITH PUTATIVE CLASS MEMBERS

EXHIBIT L
Page 2-3

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1      4.    This case is STAYED in its entirety pending resolution of Plaintiff's appeal of

2    this Court's order on Defendant's Motion for Judgment on the Pleadings.  This stay, however,

3    does not affect the parties' respective rights to conduct appropriate investigation.

4

5       ORDERED this ___ day of _____ 2006.

6

7

8         THE HONORABLE HENRY KANTOR
         MULTNOMAH CO. CIRCUIT COURT JUDGE

9

10   **SUBMITTED BY:**

11

12   SHAUNA M. SJOSTROM, OSB 04418
    Of Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

    ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
    AND FOR PROTECTIVE ORDER, AND ON DEFENDANTS MOTION TO ENJOIN PLAINTIFFS FROM
    CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
    CONTACT WITH PUTATIVE CLASS MEMBERS

EXHIBIT _L_
Page _3-3_

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| **MICHAEL MIGIS**, individually, and on behalf of all others similarly situated, | Case No. 0711-13531 |
| Plaintiff, | **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY** |
| v. | Date:   **June 30, 2008** |
| **AUTOZONE, INC.,** | Time:  9:00 a.m. Court: The Hon. Jerome LaBarre |
| Defendant. | Rm:    702 |

**REQUEST FOR ORAL ARGUMENT:** Pursuant to UTCR 5.050, Plaintiff estimates the time needed for oral argument to be 15 minutes. Court reporter services are not required.

**UTCR 5.010 CERTIFICATION OF COMPLIANCE:** Plaintiff's counsel certifies he made good faith efforts to confer and did confer with opposing counsel to resolve the issues in this *Motion*, but the parties are unable to reach resolution. See *Declaration of Chey K. Powelson* (*"Powelson Decl."*), ¶ 2.

### I. MOTION

**PLAINTIFF MICHAEL MIGIS**, through his attorneys, moves this Court for an order compelling Defendant AutoZone to, within ten (10) calendar days of hearing on this matter,

Page 1 -      **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1 produce the following:

2      1. One year of electronic time records for all hourly Oregon AutoZone employees

3      2. All documents and reports reflecting weekly summarization of hours worked by

4        Plaintiff Migis, including the "Payroll Weekly Hours Summary Report."

5

6 <center>**II. ARGUMENT & AUTHORITIES**</center>

7 **A.   Overview**

8     "[I]f a party in response to a request for inspection submitted under Rule 43 fails to permit

9 inspection as requested, the discovering party may move for an order compelling discovery in

10 accordance with the request." ORCP 46A(2). "[A]n evasive or incomplete answer is to be treated

11 as a failure to answer. ORCP 46A(3).

12     **1.      Plaintiff's Third Set of Requests For Production**

13     Defendant responded to Plaintiff's Third Set of Discovery Requests on or about May 5,

14 2008. *Powelson Decl.*, Ex. A.  Defendant's document production was lacking, however, and

15 despite two discovery conferences on the matter, Defendant did not produce additional

16 documents. *Id.*, ¶ 2.

17     **2.      April 2, 2008 Court Order**

18     The Court's Order on Plaintiff's *First Motion for Order Compelling Discovery* required

19 AutoZone to produce:

20     *[A]ll documents and reports* reflecting any weekly summarization of hours worked by
    Plaintiff, *whether individually or by inclusion in a larger group,* for the period of time

21     from three (3) years prior to the filing of the Complaint, up to present.

22 See *Powelson Decl.*, Exs. B (Order) and C ((Plaintiff's Second Set RFP No. 6) (italics added).

23     During discovery conferences on this issue, Plaintiff referred Defendant's counsel to

24 *Joarnt v. AutoZone* documents, including a "Payroll Weekly Hours Summary Report." *Powelson*

25 *Decl.*, Exs. D - E. Unfortunately, the parties made no substantial progress, and Defendant did not

26

Page 2 -      **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1 │ produce any Reports.

2 │     Due to the time-lines at issue in this case, Plaintiff must move to compel. If however,

3 │ Defendant finds and produces additional responsive documents prior to hearing, the parties will

4 │ inform the Court of that production.

5 │

6 │ **B.**    **Hourly AutoZone (Individual) Employee Time Electronic Records (RFP No. 5,**

7 │     **Third Set)**

8 │     Plaintiff's Request For Production No. 5 reads as follows:

9 │         Produce in electronic format all time sheets reflecting the hours each Oregon

10 │         hourly employee worked for Defendant, including but not limited to, all time

11 │         records, time cards, punch clock records, time sheets, work time schedules, for

12 │         the period of time from one (1) year prior to the filing of the Complaint,

13 │         through the date of that filing.

14 │     During the March 7, 2008 hearing on Plaintiff's first motion to compel, with assistance

15 │ from the Court and discussion on the record, the Court ordered allowed production of other,

16 │ certain pre-class certification for a one year time period. See *Powelson Decl.*, Ex. B (Order).

17 │     For purposes of further pursuing pre-class certification discovery, Plaintiff subsequently

18 │ propounded Request for Production No. 5, limited to one year. Plaintiff also sent Defendant's

19 │ counsel a follow-up letter clarifying that Plaintiff seeks these time records not in .pdf format, but

20 │ in "useable electronic format." *Powelson Decl.*, Ex. F.

21 │     In an effort to find some middle ground, during a subsequent discovery conference on

22 │ Request For Production No. 5, Plaintiff's counsel first asked Defendant's counsel Leigh Ann Tift

23 │ to stipulate to class certification. Ms. Tift declined. Plaintiff's counsel then asked Defendant

24 │ stipulate that Mr. Migis is an adequate class representative. *Powelson Decl.*, ¶ 6, and Ex. H. This

25 │ could have conceivably alleviated the need for production of other employees' time records, and

26 │

Page 3 -     **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1 would also necessarily affect consideration of the "commonality" and "typicality" ORCP 32A

2 factors.

3      Defendant would not stipulate. So Plaintiff again requested the one year's worth of time

4 records. Defendant's counsel declined. Nonetheless, in another effort to compromise, Plaintiff's

5 counsel proposed a representative sampling of time records out of the one year timeframe.

6 *Powelson Decl.*, ¶ 6.

7      However, when Plaintiff asked Defendant's counsel to agree that AutoZone would *not*

8 leverage the sampling of records to somehow argue there was no numerosity, Defendant's

9 counsel declined. *Powelson Decl.*, ¶ 6.

10      Plaintiff also requested that Defendant stipulate that time records for one out of every

11 three employees over the course of one year would be representative of at least the entire year.

12 Defendant's counsel would not stipulate unless Plaintiff's counsel stipulated "first." *Powelson*

13 *Decl.*, ¶ 7. Unfortunately, a short time later during that same phone conference Defendant's

14 counsel Tift accused Plaintiff of never intending to any stipulation, and then sent Plaintiff a letter

15 to that same effect. *Id.*, ¶ 7, Exs. G - H.

16      During the parties' final discovery conference on this matter, although AutoZone offered

17 to produce time records for one in three Oregon hourly employees over one year, Plaintiff again

18 requested one year's worth of records for all employees, either (a) for one calendar year, or (b)

19 from four months for each of three years. Defendant would not produce time records for that

20 length of time. *Powelson Decl.*, ¶ 8. AutoZone is apparently refusing to produce an entire year's

21 worth on the grounds that such production would be unduly burdensome.

22      However, production of an entire year is not unduly burdensome for AutoZone for two

23 reasons. First, Defendant did not object to Request No. 5 on the grounds that it was unduly

24 burdensome. See *Powelson Decl.*, Ex. A (Defendant only objecting that the Request was "vague,

25 overbroad and irrelevant, and exceed[s] the proper scope of pre-class certification discovery.").

26

Page 4 -       **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

1      Second, in the *Joarnt v. AutoZone* case, AutoZone's Director of Payroll did not testify that

2   the process of gathering electronic time records for all Oregon AutoZone employees would be

3   unduly burdensome; rather he testified that the process would merely be cumbersome. *Powelson*

4   *Decl.*, Ex. I (Dessem Dep., 61:25 - 62:4).

5      The requested time records for all Oregon hourly employees are relevant to this putative

6   class action to show: a pattern and practice of AutoZone's conduct (ORCP 32A, 32B:

7   commonality, typicality, pre-domination of common issues), and to defend against Defendant's

8   anticipated argument that Mr. Migis is not an adequate class representative because: (a) the harm

9   he suffered is not common or typical of the class, and (b) he has no personal knowledge of how

10  AutoZone treated other hourly employees in other stores where Mr. Migis did not work.[1]

11      The time records are also clearly important for the Court to determine whether this suit

12  is properly maintainable as a class action. Oregon Rule of Civil Procedure 32C mandates a court

13  "shall determine by order whether and with respect to what claims or issues [the suit] is to be so

14  maintained and shall find the facts specially and state separately its conclusions thereon."

15      In sum, the information Plaintiffs seeks in Request for Production No. 5: (1) does not

16  create an undue burden on Defendant; and (2) is relevant and important for the Court to determine

17  whether this suit can be maintained as a class action.

18      The Court should therefore compel AutoZone to produce its Oregon employees' time

19  records in useable electronic format dating back from one year prior to the filing of the

20  Complaint. Time is also of the essence due to the August 15, 2008 filing deadline for Plaintiff's

21  Motion for Class Certification Motion, as set forth in the Case Management Order.

22  ///

23  ///

24

25      [1]An entire year of records for all hourly employees will also make it easier to determine
    the turnover rate, which can used to show numerosity and better determine the size of various
26  classes.

Page 5 -      **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  **C.    First Court Order That Defendant Produce All Documents and Reports Reflecting**
2      **Any Weekly Summarization of Hours Worked by Plaintiff Migis (April 2, 2008**
3      **Court Order, ¶ 4(f)).**

4      While in response to the Court Order Defendant produced many but not all of Plaintiff

5  Migis's weekly "AutoZoner Time Cards"[2] for the time he worked in several different Oregon

6  AutoZone stores, AutoZone did not produce any other types of documents and reports showing

7  additional information about Mr. Migis's "hours worked."

8      For example, the "AutoZoner Time Card" shows only generally a week's worth of daily

9  hours, clock in and clock out times, and any reasons for a change to those clock in and out times.

10  However, the "Payroll Weekly Hours Summary Report" shows an employee's weekly regular

11  hours, hours paid, and *total overtime. Powelson Decl.*, Exs. D - E. In addition, any hard copy

12  documents produced and relating to Mr. Migis may have handwritten notes such as those

13  produced in the *Joarnt* case. See *id.*

14      The documents therefore appear to be different enough to justify production, especially

15  in light of the Court's Order that Defendant produce all, not just some, documents and reports.

16      Moreover, in response to preservation of evidence concerns raised by Plaintiffs in the

17  *Joarnt v. AutoZone* case, after hearing in late January 2006 Judge Kantor ordered that AutoZone:

18      [W]ill preserve all contents of currently-existing (from November 2004 and

19      later) Oregon AutoZone store "period boxes," or any future boxes that are

20      created and maintained during the course of this lawsuit, for all AutoZone

21      stores in the State of Oregon.

22  *Powelson Decl.*, Ex. L (p. 2, ¶ 2. b.). A "period box" contains one month's worth of an AutoZone

23  store's records.

24  ///

25

26      [2] See e.g., *Powelson Decl.*, Exs. J - K(AutoZoner Time Cards).

Page 6 -      PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1        Although Plaintiff Migis worked for AutoZone from approximately May 2002 to early

2   February 2006, it does not appear that AutoZone has produced all types of documents that exist

3   (or should exist pursuant to the Preservation Order) and would show various aspects of the hours

4   that Plaintiff Migis worked.

5        During the parties' discovery conference on this issue, Plaintiff referred Defendant to

6   different types of documents AutoZone was forced to produce (or allow inspection of) in the

7   *Joarnt* case. Among those types of documents found was the Payroll Weekly Hours Summary

8   Report.

9        That type of document was kept, at least at those stores where they were found, in period

10   boxes. Therefore, in light of Judge Kantor's Preservation Order and the length of Plaintiff

11   Migis's employment with AutoZone in Oregon, it necessarily follows that in this case AutoZone

12   should have produced *all types of documents* in response to the April 2, 2008 Court Order on

13   Plaintiff's Second Set Request For Production No. 2.

14        Additional, hard copy documents – as well as that same information in readable electronic

15   information – relating to Mr. Migis should exist. Plaintiff respectfully requests production of that

16   information as this Court already ordered.

### III. CONCLUSION

18        Plaintiff respectfully requests the Court grant all relief requested herein because the

19   information is relevant to the subject matters in this lawsuit and important for pre-class

20   certification.

22   DATED this _25__ day of May 2008.     BAILEY, PINNEY & ASSOCIATES, LLC

24

25                 A.E. "BUD" BAILEY, OSB 87157
                     CHEY POWELSON, OSB 03551

26                 Attorneys for Plaintiffs

Page 7 -    **PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

Declaration of Chey K. Powelson
Plaintiff's Second Motion to Compel
Discovery

1
2
3
4
5
6           IN THE CIRCUIT COURT OF THE STATE OF OREGON
7               FOR THE COUNTY OF MULTNOMAH
8
9    MICHAEL MIGIS, *et al.*,              Case No. 0711-13531
10
                    Plaintiff,
11                                          DECLARATION OF CHEY K.
     v.                                     POWELSON SUPPORTING
12                                          PLAINTIFF'S SECOND MOTION
                                            FOR ORDER COMPELLING
13   AUTOZONE, INC.,                        DISCOVERY
14                  Defendant.
15
16
17       I, Chey K. Powelson, hereby declare as follows:
18       1.   I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,
19            and base the contents of this declaration on my own personal knowledge and/or the
20            litigation files and documents my firm maintains for this litigation.
21       2.   On or about May 8, 2008, I conferred via telephone with Defendant's counsel Leigh
22            Ann Tift on various discovery issues, including several relating to Defendant's
23            responses to Plaintiff's Third Set of Requests For Production. Attached hereto as
24            **Exhibit A** is a true and correct copy of portions of those responses. On or about May
25            21, 2008, I again conferred with Defendant's counsel Ms. Amy Alpern and Leigh
26

Page 1 -    DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
            ORDER COMPELLING DISCOVERY

1              Ann Tift on various issues relating to Defendant's responses to Plaintiff's Third Set

2              of Requests For Production.  The outcome of both conferences did not result in

3              complete resolution of several discovery issues, including those set forth in Plaintiff's

4              *Second Motion for Order Compelling Discovery*.  The parties made no substantial

5              progress, and Defendant did not produce any Reports as they relate to Mr. Migis.

6    3.  Attached hereto as **Exhibit B** is a true and correct copy of the Court's Order on

7              Plaintiff's First Motion for an Order Compelling Discovery, for which the Court

8              ordered Defendant to produce "all documents responsive to the Requests," including

9              Plaintiff's Second Set of Requests For Production No. 6. Attached hereto as **Exhibit**

10             **C** is a true and correct copy of an excerpt of Defendant's responses to Plaintiff's

11             Second Set of Requests For Production, including Request No. 6.

12   4.  Attached hereto as **Exhibits D and E** are true and correct copies of two "Payroll

13             Weekly Hours Summary Report[s]" Defendant produced in the *Joarnt v. AutoZone*

14             matter. These reports were kept in AutoZone period boxes, as indicated by the prefix

15             to the Bates numbers. These reports are a matter of public record, filed in the *Joarnt*

16             case.

17   5.  Attached hereto as **Exhibit F** is a true and correct copy of my April 1, 2008 faxed

18             letter to Defendant's counsel Neil Olsen, in which I reiterated that for Plaintiff's

19             Third Set of Requests For Production No. 5 (employee time records), Plaintiff was

20             requesting that information in useable electronic format.

21   6.  Attached hereto as **Exhibit G** is a true and correct copy of Defendant counsel Tift's

22             May 8, 2008 follow-up letter to me, in regards to our discovery conference that day,

23             and during which Ms. Tift accused me of never intending to consider one out of three

24             employee time records for the time period Plaintiff requested in Request for

25             Production No. 5 (Third Set).  I did ask Ms. Tift during that conference whether

26

Page 2 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1   Defendant would stipulate to class certification, or that Mr. Migis is an adequate
2   class representative; she declined to both requests. I then again asked her to produce
3   one year's worth of time records as requested in RFP No. 5. She declined. In
4   another effort to compromise, proposed a representative sampling of time records out
5   of the one year time-frame. During that discussion I asked Defendant's counsel Tift
6   to agree that AutoZone would *not* leverage the sampling of records to somehow
7   argue there was no numerosity, but Defendant's counsel declined.

8   7.  Also during the May 8 discovery conference with Ms. Tift I requested whether
9   Defendant would stipulate that time records for one out of every three employees
10   over the course of one year would be representative of at least the entire year.
11   Defendant's counsel would not stipulate unless I stipulated "first." Unfortunately,
12   a short time later during that same phone conference, there was a breakdown in
13   communication resulting in Defendant's counsel Tift accusing me of never intending
14   to accept anything less than one year's worth of time records. See **Exhibit G** (Tift
15   letter to Plaintiff). Attached hereto as **Exhibit H** is my May 9, 2008 follow-up letter
16   to the May 8 discovery conference, and e-mail by which I sent that letter as an
17   attachment.

18   8.  During the parties' final discovery conference on this matter on May 21, 2008,
19   although AutoZone's counsel offered to produce time records for one in three Oregon
20   hourly employees over one year, Plaintiff again requested one year's worth of records
21   for all employees, either (a) for one calendar year, or (b) from four months for each
22   of three years. Defendant would not produce time records for that length of time.

23   9.  Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the August
24   25, 2006 deposition of AutoZone Director of Payroll Mark Dessem, in which he
25   testified as to the process of compiling Oregon hourly employee time records (or

26

Page 3 -   **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
ORDER COMPELLING DISCOVERY**

1    reports).

2    10. Attached hereto as **Exhibits J and K** are true and correct copies of Plaintiff Migis's

3        "AutoZoner Time Card[s]," which show only generally the date of each clock in and

4        out time, total daily hours, total weekly hours, and any reason for a change to the time

5        record. It does not appear to show discrete "overtime hours" worked, as opposed to

6        **Exhibits D and E**, above.

7    11. Attached hereto as **Exhibit L** is a true and correct copy of Judge Henry Kantor's

8        *Order on Plaintiffs' Motions For Order Requiring Defendant to Preserve Evidence*

9        and other motions, issued in the *Joarnt v. AutoZone* case (Mult. Co. Case No. 0503-

10       02795) and directing AutoZone to preserve all period boxes from November 2004

11       and on an ongoing basis.

12

13   I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST

14   OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

15   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR

16   PERJURY.

17

18   Dated this _23rd_ day of May 2008 at Vancouver, Washington.

19

20                                    CHEY POWELSON, OSB 03551

21                                    Attorney for Plaintiff

22

23

24

25

26

Page 4 -    **DECLARATION OF CHEY K. POWELSON SUPPORTING PLAINTIFF'S SECOND MOTION FOR
ORDER COMPELLING DISCOVERY**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

# Exhibit A

1
2
3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON
                          FOR THE COUNTY OF MULTNOMAH
4
5

6  | MICHAEL MIGIS, *et al.* | Case No. 0711-13531 |
7  |                        | (Filed as a Class Action) |
8  |                        | |
9  |         v.             | **DEFENDANT'S RESPONSES TO** |
10 | AUTOZONE, INC.,        | **PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
11 |          Defendant.    | |

12
13  **TO:**  **Defendant AutoZone, Inc.**, c/o your attorneys **Douglas Parker** and **Neil Olsen**, 1750 SW
14       Harbor Way, Ste 450, Portland OR 97201

15       Plaintiff hereby requests that Defendant make the following documents, as requested in

16  Exhibit "A," available for inspection and copying at the time, date and place set forth below:

17
18                  **TIME, DATE AND PLACE FOR PRODUCTION**

19  **TIME:**      5:00 p.m.

20  **DATE:**      April 25, 2008

21  **PLACE:**     Bailey Pinney & Associates LLC
                   1498 SE Tech Center Place, Ste 290
22                 Vancouver, WA 98683

23  ///

24  ///

25
26
                                                              EXHIBIT _A_
                                                              Page _1_

LITTLER MENDELSON
A Professional Corporation
One Union Square
528 University Street, Suite 2200
Seattle, WA 98101.3122
206.623.3300

## DEFINITIONS

a.    The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of hard copy and/or electronic written, recorded or graphic matter in any form of physical media, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telex messages, electronic mail messages ("e-mail"), memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleadings, or any other documents or writings of whatever description, including any information contained in any computer (even if not previously printed out) within the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3300
Seattle, WA 98101.3122
206.622.3300

Page - 2      DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
              PRODUCTION OF DOCUMENTS

EXHIBIT A
Page 2

b.    Produce all non-identical copies of all responsive documents including copies that bear marks, notations or changes not present on the original.

c.    If any documents are withheld on grounds of attorney/client privilege or attorney work product immunity, identify the author, each recipient thereof, the nature of the document and the basis upon which the privilege is asserted.

d.    **If any document requested was, but no longer is in the possession, custody, or control of Defendant, or in existence, state whether it** (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of. For each such instance, explain the circumstances surrounding such disposition, give the date or approximate date thereof, and the names and last known home and business addresses of these persons with knowledge of such circumstances.

e.    "Defendant" as used herein refers to all parties named in this action, and all agents, employees or other persons with an interest in any party.

f.    These Requests For Production are continuing and, in the event you discover further information that is responsive to them, you must supplement your responses. If you fail to supplement your responses in a reasonable fashion, requestor will move the Court for an order excluding from evidence at trial any matter which is responsive and not furnished.

g.    The phrase "Electronic Data" includes information from Defendant's computer systems, removable electronic media and other locations. This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, calendars, telephone logs, fax logs, alarm or security logs or records, video security or

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Page - 3        **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

EXHIBIT    A
Page    3

1   earlier Requests for Production, notable AZ/Migis 0001621-1655.

2

3

4   **REQUEST FOR PRODUCTION NO. 3:** Produce any and all Daily Coverage Lists for (or used in
5
6   or by) all Oregon AutoZone stores, for the period of time from two (2) years prior to the filing of the
7   Complaint, through the date of that filing.

8       **RESPONSE:** These documents are not retained for the period requested.

9

10

11  **REQUEST FOR PRODUCTION NO. 4:** Produce all documents and reports reflecting any weekly
12
13  summarization of hours worked by AutoZone hourly employees in stores located in the State of
14  Oregon, for the period of time from two (2) years prior to the filing of the Complaint, through the
15  date of that filing.

16      **RESPONSE:** *See*, attached disk, identified as AZ/Migis 0002214.

17

18

19  **REQUEST FOR PRODUCTION NO. 5:** Produce in electronic format all time sheets reflecting
20
21  the hours each Oregon hourly employee worked for Defendant, including but not limited to, all time
22  records, time cards, punch clock records, time sheets, work time schedules, for the period of time
23  from one (1) year prior to the filing of the Complaint, through the date of that filing.

24      **RESPONSE:**  Objection.  This Request is vague, overbroad and irrelevant, and exceed the
25  proper scope of pre-certification discovery.  Defendant will produce the records should a class be

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
650 University Street, Suite 2225
Seattle, WA 98101.3122
206.623.3300
Page - 5        **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
                PRODUCTION OF DOCUMENTS**

EXHIBIT A
Page 4

1   certified.

2

3   **REQUEST FOR PRODUCTION NO. 6:** Produce all documents that are, or that reference

4
5   Defendant's policies, procedures, and/or practices containing, referencing, or otherwise relating to

6   the review, correction, modification, alteration, and/or approval (by any AutoZone employee) of

7   time cards and hours worked by AutoZone hourly employees in Oregon, in effect for the time period

8   three (3) years prior to the filing of the Complaint in this matter, through the date of that filing.

9        **RESPONSE:** *See,* generally, documents identified in Response to RFP No. 7.

10

11

12
    **REQUEST FOR PRODUCTION NO. 7:** Produce all documents, reflecting, containing, or
13
14  otherwise relating to any and all discussions (including communications in any form) between, or

15  any training given or taken by, any AutoZone employees, regarding the hours worked (including but

16  not limited to start and end times, rest breaks, meal periods, and overtime) by AutoZone hourly

17  Oregon employees, during the period of time from two (2) years prior to the filing of the Complaint,

18  through the date of that filing.

19       **RESPONSE:** *See,* AZ/Migis 0001882-00002213.

20

21

22

23  **REQUEST FOR PRODUCTION NO. 8:** Produce all documents that are, or that reflect, contain or

24  otherwise relate to any and all policies, procedures, and/or practices implemented, modified or

25  changed, and/or any other actions taken, directed, approved, reviewed or otherwise implemented by

26

LITTLER MENDELSON
A Professional Corporation
One Union Square
1301 University Street, Suite 3200
Seattle, WA 98101-3472
206.623.3300

Page - 6        **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
                PRODUCTION OF DOCUMENTS**

                                                    EXHIBIT ___A___
                                                    Page ___5___

1  response to the complaint of *Joarnt et al. v. AutoZone.* *See*, also, pleadings filed by Plaintiff which

2  acknowledge that "some people may be members of both classes," identified, for this purpose, as

3  AZ/Migis 0002216-2218.

4

5

6

7  Dated: May 5, 2008

8

9                      Leigh Ann Collings Tift OSB No.06473

10                     LITTLER MENDELSON
                       A Professional Corporation

11                     Attorneys for Defendant
12                     Autozone Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit B



RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

08 APR -3 AM 11: 54

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**MICHAEL MIGIS**, individually, and on behalf of all others similarly situated,

           Plaintiff,

    v.

**AUTOZONE, INC.,**

           Defendant.

Case No.  0711-13531

**ORDER ON PLAINTIFF'S FIRST MOTION FOR AN ORDER COMPELLING DISCOVERY, AND DETERMINING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

[PROPOSED]

    **THIS MATTER** having come before this Court upon Plaintiff's *First Motion for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission*, and the Court having heard oral argument on March 7, 2008, reviewed the file, and being fully advised of the premise thereof, for the reasons stated on the record:

    It is HEREBY ORDERED that:

    (1)    Plaintiff's motion to deem Plaintiff's Requests For Admissions admitted is DENIED.

    (2)    Defendant produce all documents in response to Request For Production Nos. 2, 4 and 6 in Plaintiff's First Set of Requests For Production, within 15

Page 1 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT $\underline{B}$
Page $\underline{1}$

ENTERED
APR - 7 2008
IN REGISTER BY EG

1       business days from the date of hearing on this matter, provided that these

2       Requests shall be limited to Oregon-based AutoZone employees paid on an hourly

3       basis.

4

5    (3)   Defendant produce all documents responsive to **Request For Production Nos.**

6          **7 and 8** in Plaintiff's **Second Set of Requests for Production**, within 15 business

7          days from the date of hearing on this matter.

8

9    (4)   The parties confer on the scope of production for **Request For Production Nos.**

10         **1 - 6** in Plaintiff's **Second Set of Requests For Production**. The Court has

11         subsequently been informed that Plaintiff and Defendant agree to the scope of

12         those Requests as follows, and Defendant shall produce all documents responsive

13         to the Requests, as modified, within 20 business days from the date of hearing on

14         this matter.

15         (a) **Request No. 1** (transportation and driving polices and/or procedures): The

16              temporal scope of this Request shall be a total of one (1) year comprised of

17              the following time periods: from May 1, 2005 through August 2005; from

18              November 1, 2005 through February 2006; and from May 1, 2006 through

19              August 2006.  This Request will be limited to documents representing a

20              complete set of the requested policies and procedures from the earliest date

21              set forth above, through the latest date set forth above, inclusive of any

22              changes to those policies and procedures.

23         (b) **Request No. 2** (mileage reimbursement policy and/or procedure): The

24              temporal scope of this Request shall be a total of one (1) year comprised of

25              the following time periods: from May 1, 2005 through August 2005; from

26              November 1, 2005 through February 2006; and from May 1, 2006 through

Page 2 -      ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

EXHIBIT _B_
Page _2_

1       August 2006. This Request will be limited to documents representing a

2       complete set of the requested policies and procedures from the earliest date

3       set forth above, through the latest date set forth above, inclusive of any

4       changes to those policies and procedures.

5       (c) **Request No. 3** (merchandise and/or parts delivery and pick-up schedule(s)):

6       No changes; Defendant shall respond to the Request as drafted.

7       (d) **Request No. 4** (documents and reports including Missed Lunch Reports and

8       Lunch Variance Reports): The temporal scope of this Request will be a total

9       of one (1) year comprised of the following time periods: from May 1, 2005

10      through August 2005; from November 1, 2005 through February 2006; and

11      from May 1, 2006 through August 2006.

12      (e) **Request No. 5** (Weekly Schedule reports referencing Plaintiff Migis's

13      approved and unapproved work schedules): No changes; Defendant shall

14      respond to the Request as drafted.

15      (f) **Request No. 6** (documents and reports reflecting weekly summarization of

16      hours worked by Plaintiff Migis): No changes; Defendant shall respond to the

17      Request as drafted.

18

19      SIGNED on this ____ day of _____ 2008.

20

21

22      THE HON. JEROME LABARRE
        Multnomah Co. Circuit Court

23

24  ///

25  ///

26  ///

Page 3 -        ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

EXHIBIT ___B___
Page ___3___

MAY-23-2008  15:53        BAILEY PINNEY                                    P.026

1    APPROVED AS TO FORM:

2    BAILEY, PINNEY & ASSOCIATES, LLC

3

4    _____/s/_____
     A.E. "BUD" BAILEY, OSB NO. 87157
5    bbailey@wagelawyer.com
     CHEY K. POWELSON, OSB NO. 03551
6    cpowelson@wagelawyer.com
     1498 SE Tech Center Pl, Ste 290
7    Vancouver, WA  98683
     Phone: 360.567.2551
8    Fax: 360.567.3331
     Attorneys for Plaintiff
9

10   LITTLER MENDELSON

11

12   _____/s/_____
13   DOUG PARKER, OSB NO. 821017
     NEIL OLSEN, OSB NO. 053378
14   LITTLER MENDELSON, P.C.
     1750 S.W. Harbor Way, Suite 450
15   Portland, Oregon 97201
     Phone:  503-221-0309
16   Fax:  503-242-2457
     Of Attorneys for Defendant

17

18

19

20

21

22

23

24

25

26

Page 4 -    ORDER ON PLAINTIFF'S FIRST MOTION FOR ORDER COMPELLING DISCOVERY

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331



EXHIBIT __B__
Page __4__

# Exhibit C

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,,<br><br>        Plaintiff,<br><br>vs.<br><br>AUTOZONE INC., a Nevada Corporation,,<br><br>        Defendant. | No. 0711-13531<br><br>***DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*** |

Defendant AutoZone, Inc. ("Defendant") hereby submits its objections and responses to Plaintiff's Second Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

The following objections apply generally to all of Plaintiff's discovery requests in this lawsuit;

(a)    <u>Objections to Scope of Discovery Requests</u>. Defendant objects to all discovery requests to the extent they purport to require any actions not required by the Oregon Rules of Civil Procedure, the Uniform Trial Court Rules, or any local rules. Without limiting the generality of this objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the Oregon Rules of Civil Procedure, (2) are not reasonably calculated to lead to the discovery of admissible evidence, and/or (3) purport to impose a duty of supplementation greater than that imposed by the Oregon Rules of Civil Procedure.

(b)    <u>Privilege and Trial Preparation Materials</u>. Defendant objects to all discovery requests to the extent they call for information or documents that fall within any relevant privilege (including

PAGE 1 -- DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT __C__

Page 143

1     **REQUEST FOR PRODUCTION NO. 6:**  Produce all documents and reports reflecting

2    any weekly summarization of hours worked by Plaintiff, whether individually or by inclusion in a

3    larger group, for the period of time from three (3) years prior to the filing of the Complaint, up to

4    present.

5    **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

6    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

7    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

8    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

9    Yamaoka's Fourth Requests for Production, RFP No. 9, in Cause No. 053-02795.

10    **SUPPLEMENTAL RESPONSE:**  With respect to Plaintiff Migis, *see*, attached AZ/MIGIS

11    000552-000707.

12

13

14    **REQUEST FOR PRODUCTION NO. 7:**  Produce all documents or records such as

15    security logs, or records, identifying when a security system in any AutoZone store in which

16    Plaintiff worked was activated and/or deactivated during Plaintiff's employment period.

17    **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

18    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

19    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

20    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

21    Yamaoka's Fourth Requests for Production, RFP No. 11, in Cause No. 053-02795.

22    **SUPPLEMENTAL RESPONSE:**  Defendant will produce these logs.

23

24

25

26

PAGE 7 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 9720
Phone: 503-

Page 2 of 3

1    **REQUEST FOR PRODUCTION NO. 8:**  Produce all documents that identify, or which

2    record or can be used to identify, the names of the persons activating and/or deactivating security

3    systems at stores in which Plaintiff worked for AutoZone during Plaintiff's employment period.

4    **RESPONSE:**  Defendant incorporates by reference its General Objections as though fully set

5    forth herein.  Defendant further objects to this request to the extent it is overbroad, unduly

6    burdensome, and overlaps with discovery that has been stayed by Judge Kantor in *Joarnt et al. v.*

7    *AutoZone, Inc.*  Without waiving such objection, see Defendant's Response to Plaintiff Joarnt and

8    Yamaoka's Fourth Requests for Production, RFP No. 12, in Cause No. 053-02795.

9    **SUPPLEMENTAL RESPONSE:**  Defendant has been unable to identify records related to

10    Plaintiff Migis responsive to this request.  Defendant continues to search and will supplement to the

11    extent that records are identified.

12

13    Dated: March 28, 2008

14

15    Leigh Ann Collings Tift OSB 05473

16    Douglas S. Parker OSB No.82101
    LITTLER MENDELSON

17    A Professional Corporation

18    Attorneys for Defendant
    Autozone Inc.

19

20

21

22

23

24

25

26

PAGE 8 – DEFENDANT'S 1ST SUPPL. OBJECTIONS AND RESPONSE
TO PLAINTIFF'S SECOND RFP'S

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

EXHIBIT ___
Page 3 of 3

# Exhibit D

Payroll Weekly Hours Summary Report     *** AutoZone 2229 ***         01/08/2005
                                                                      21:08:48
                                                                      Page    1

| AUTOZONER | REG HRS | VAC HRS | INV HRS | PRG NSW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|---|---|---|---|---|---|---|---|---|
| BAZANTE, PEDRO | 17:50 | - | - | - | - | - | - | 17:50 | - |
| EVANS, JASON | 13:26 | - | - | - | - | - | - | 13:26 | - |
| FLORES, JAVIER | 11:23 | - | - | - | - | - | - | 11:23 | - |
| GENERIC MAIL US | - | - | - | - | - | - | - | - | - |
| HAMILTON, DANTE | 11:14 | - | - | - | - | - | - | 11:14 | - |
| HAYASHI, PATRIC | 38:19 | - | - | - | - | - | - | 38:19 | - |
| LUNA, NOE | 15:16 | - | - | - | - | - | - | 15:16 | - |
| MARTINEZ, GUADA | 11:14 | - | - | - | - | - | - | 11:14 | - |
| NARAYAN, RAJ | 37:56 | - | - | - | - | - | - | 37:56 | - |
| REYES, MARTIN | 38:10 | - | - | - | - | - | - | 38:10 | - |
| SUHL, DAVID | 40:30 | - | - | - | 6:00 | - | - | 46:30S | - |
| | --------- | --- | --- | ------ | ------ | ------ | ------ | -------- | ------- |
| Total | 235:18 | - | - | - | 6:00 | - | - | 241:18 | - |

---

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|---|---|---|---|---|
| 11-1111 | | 0:04 | - | - |
| 84-9333 | 5:47 | - | - | - |

S  -  Salaried AutoZoner.

AZPB000812

EXHIBIT D.
Page 1

# Exhibit E

Per 12 wk (

Payroll Weekly Hours Summary Report    *** AutoZone 2229 ***    07/12/2003
21:09:04
Page    1

| AUTOZONER | REG HRS | VAC HRS | INV HRS | SCK HRS | PRG NEW | TRN HRS | COM HRS | OTH HRS | HRS PD | TOT OT |
|---|---|---|---|---|---|---|---|---|---|
| ASTURIAS, | 12:01 | – | – | – | – | – | – | 7 | 12:01 | – |
| CABRERA, | 8:12 | – | – | – | – | – | – | corretch | 8:12 | – |
| COSTACHE, | 42:02 | – | – | – | – | – | – | 7:01 | 42:02 | (320%) |
| FLORES, J | 28:50 | – | – | – | – | – | – | 6:20 | 35:10 | – |
| GENERIC M | – | – | – | – | – | – | – | – | – | – |
| LAVIOLETT | 29:19 | – | – | – | – | – | – | – | 29:19 | – |
| NARAYAN, | 39:35 | – | – | – | – | – | – | set-p (7:07 | 46:42 | (8:44) |
| NAVA GOMEZ | 20:40 | – | – | – | – | – | – | – | 20:40 | – |
| SALTORS, | 7:00 | – | – | – | – | – | – | – | 7:00 | – |
| STUHL, DAV | 50:00 | – | – | – | – | – | – | – | 50:00S | – |
| | -------- | -------- | -------- | -------- | -------- | -------- | -------- | -------- | -------- | -------- |
| Total | 237:39 | – | – | – | – | – | – | 13:27 | 251:06 | 8:44 |

| AUTOZONER | MAINT TECH | TRUCK DR | CONTR SEC | OTHER HRS |
|---|---|---|---|---|
| 99-9999 | – | 0:23 | – | – |

S  -  Salaried AutoZoner.

AZPB001520

EXHIBIT E
Page 1

# Exhibit F

# BAILEY, PINNEY & ASSOCIATES, LLC

### Attorneys at Law

1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
 Telephone  (360) 567-2551
 Facsimile   (360) 567-3331
 e-mail:  CPowelson@wagelawyer.com

\* Washington License WSBA 34593
\* Oregon License OSB 03551

April 1, 2008

## _VIA FAX & MAIL:  (503) 961-7854_

· **Mr. Neil Olsen**
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR  97201

> **Re:**    _Migis v. AutoZone, Inc._
>           (Mult. Co. Cir. Court No. 0711-13531)

Neil:

To clarify, for Plaintiff's Request For Production No. 5 (employee time records) in the Third Set of discovery requests, the phrase "electronic format" means usable electronic format, not .pdf, as AutoZone retains that information or as can otherwise be extracted using a mainframe database extraction program, such as OnDemand 32.

Please call me to discuss this issue, or if you have any other questions.  Thanks.

Sincerely yours,

Chey K. Powelson
Attorney for Plaintiffs

**EXHIBIT** _F_
**Page** _1_

MAY-23-2008  15:55        BAILEY PINNEY                                                          P.037

************** -COMM. JOURNAL- ***************** DATE APR-01-2008 ***** TIME 14:01 ********

        ' MODE = MEMORY TRANSMISSION              START=APR-01 14:00      END=APR-01 14:01

        FILE NO.=848

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|---------------------|------------------------------------------|-------|----------|
| 001 | OK | ☎ | 15039617854 | 002/002 | 00:00:33 |

                                              -BAILEY PINNEY                    —

***** UF-8000 v2 ***************** -3605673331      - ***** -              - *********

### BAILEY, PINNEY & ASSOCIATES, LLC
#### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

CS

April 1, 2008

### PERSONAL AND CONFIDENTIAL

TO:     Olsen, Neil

FAX NO.   (503) 961-7854

Number of Pages (including cover page): 2

RE :  *Migis v. Autozone*
*Electronic Format*

IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551

COMMENTS:        ORIGINAL DOCUMENTS
                 Regular mail

### NOTICE TO RECIPIENT
The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.

EXHIBIT F.
Page 2

# Exhibit G



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

| | ALABAMA |
| | ARIZONA |
| | ARKANSAS |
| | CALIFORNIA |

May 8, 2008                                           Leigh Ann Tift          COLORADO
                                                  Direct: 206.381.4905
                                              Direct Fax: 206.447.6965        CONNECTICUT
                                                   ltift@littler.com

**VIA MAIL AND FACSIMILE**

Chey Powelson
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

Re:   *Migis v. AutoZone, Inc.*
      Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:

This is in response to your most recent letter regarding the second 39C deposition notice and our discovery conference this morning. In your letter of May 2, 2008 regarding the location of the 39C deposition, you state: "Defendant still appears to be under the impression that it must produce one or more ORCP 39C(6) designees who are 'qualified' to testify based upon their personal knowledge [in response to these notices]."

We do not believe that the witnesses need to testify on the basis of personal knowledge. I am well aware that corporate knowledge of a witness will suffice for this purpose. I am also well aware of the requirement that the corporation produce the most qualified person to testify on its behalf. *See, Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 798 (9th Cir. 2003); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (corporation must identify person who best appears for it on 30(b)(6) subjects). As I have explained to you numerous times, AutoZone's payroll employees, and specifically the person knowledgeable about the subjects you identify in your deposition notice, all live and work in Memphis. None are resident in the state of Oregon. AutoZone cannot teach its store managers or area managers in Oregon an area entirely outside their job responsibilities and then designate them as a person best able to speak to AutoZone payroll policies and programs and will not do so. The second 39C designee will be available for deposition in Memphis. If you want to take a telephone or video deposition, that is acceptable to us.

You asked about the designee for the first 39C deposition and whether that person will be prepared to speak to all subjects in the notice—you specifically mentioned AutoZone's defense of laches, and your contention that the company must produce a fact witness to show that it was materially harmed by delay. I maintain that most of what you spoke of is legal theory, or application of law to facts, but to the extent that the witness can testify without

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®

600 University Street, Suite 3200, Seattle, Washington 98101-3122  Tel: 206.623.3300 Fax: 206.447.6965 www.littler.com

EXHIBIT __G__

Page __1__

Chey Powelson
May 8, 2008
Page 2


disclosing attorney client communications or work product, we will produce an appropriate
witness next week.

With respect to the lengthy discovery conference this morning, lasting more than 11/2 hours,
please note that I have offered to look at documents you designate to see if we will stipulate
to their authenticity. You indicate you feel you should not have to spend the time identifying
these documents, but did, eventually, ask that I review Bates-labeled documents AZ/Migis
282-294 and something you called the "Q-2 earnings report." I've looked at Bates labeled
documents AZ/Migis 282-294, and we will stipulate that these documents, and any others
that are titled "Employee 200_ [inserting the noted year and quarter] Earnings Record" are
what they purport to be—that is, a report of an employee's earnings by quarter. You asked
that I also stipulate that "everything like them" is authentic. I'm not able to enter into such a
stipulation, but if you want to identify documents, or even Bates ranges, I will, as I said, look
at them and give your our answer.

You asked that AutoZone produce all of Mr. Migis' work schedules. As I think you know,
from the previous case, AutoZone managers do not always retain work schedules. A work
schedule is a plan—it does not represent the actual hours worked. AutoZone does keep
proper records of hours worked, but does not necessarily keep work schedules. I believe you
have what there is to produce in regard to Mr. Migis' past work schedules, but if there are
schedules that are located as this case progresses, we will produce them. The same is true for
any other documents that are located and are responsive to discovery requests.

You asked for an electronic copy of the lunch variance report we sent you in hard copy. I
will have a disk sent to you.

You asked me to send a corrected copy of my declaration in support of our opposition to the
motion for attorney fees. If I mistakenly attributed a conversation to the wrong day, I will
make sure the court is aware of the mistake.

You suggested that AutoZone did not produce all emails relative to your RFP # 2 because,
you posit, AutoZone managers "must be emailing" one another "all the time" about wage
and hour matters. I told you I'd seen nothing that would lead me to believe that was true.
You also seem to forget that this Request does not ask about emails about "wage and hour
matters," it is much more specific than that. You asked me if I include all HR managers
when I said I had not seen anything that led me to believe your hypothesis was correct, and I
responded, and want to reiterate, that we are talking about specific discovery requests, not
my personal opinions—or yours—about the content of email traffic within AutoZone.

You suggested that AutoZone had not complied with its obligation to provide Plaintiff with a
"weekly summarization of hours" in response to RFP No. 4. AutoZone provided Plaintiff
with exactly what was requested.


EXHIBIT 6
Page 2

Chey Powelson
May 8, 2008
Page 3

We had an extended discussion about Plaintiff's demand for every time record for every employee employed by AutoZone in Oregon for the one year period preceding the filing of the Migis complaint. You initially asked if AutoZone would stipulate to class certification. We will not. Next, you suggested that you would agree to accept 1 out of every 5th employee's records, if I would stipulate that that sample was representative. I asked if you would also stipulate that those records were representative, which you declined to do. You then changed your mind and said you would accept 1 out of every 3rd employee's records if I would stipulate that the records were representative, but again declined to do so on behalf of Plaintiff. Next you said you might consider that stipulation if I would agree you could depose the person who randomly selected the employee's whose records were produced. Ultimately, you changed your mind about that, too, and said you intended to move to compel all time records for all employees.

Finally, I am compelled to address the conclusion of our conversation. I felt that the conversation degenerated into comments that were completely unprofessional and sometimes bizarre (the "metaphysical truth" part, for example). I would appreciate it if you would refrain from this kind of conversation in the future. I think that these discovery conference should be much briefer and more to the point.

Sincerely,

Leigh Ann Tift

cc:    Tanya Holmes
       Amy Alpern

Firmwide:85143553.1 013306.2124

EXHIBIT 6
Page 3



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

#### May 8, 2008

To:  Chey K. Powelson        Fax:  360.567.3331    Phone:  360.567.2551
     Bailey, Pinney & Associates, LLC

Fax #(s) verified before sending (initial):

From:   Leigh Ann Tift          Fax:  206.447.6965    Phone:  206.381.4905

Length, including this cover letter:   4    Pages

If you do not receive all pages, please call Savanna L. Stevens at 206.381.4932.


Message:


Firmwide:85051576.1 013306.2124


CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: _____    User Number:  1860

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®
One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101.3122  Tel: 206.623.3300  Fax: 206.447.6965, www.littler.com

EXHIBIT 6
Page 4

# Exhibit H

## BAILEY, PINNEY & ASSOCIATES, LLC

Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile   (360) 567-3331
e-mail:  CPowelson@wagelawyer.com

* Washington License WSBA 34693
* Oregon License OSB 03551

May 9, 2008

## VIA E-MAIL ONLY

**Ms. Leigh Ann Tift**
ltift@littler.com
One Union Square
600 University St, Ste 3200
Seattle, WA  98101-3122

>        **Re:**    **_Migis v. AutoZone, Inc._** (Multnomah Co. Circuit Court No. 0711-13531)
>               Follow-up to 05-08-08 Telephonic Discovery Conference

Ms. Tift:

This is to follow up what we discussed yesterday morning in our phone conversation on various
discovery issues.

### _Proposed Stipulation to the Authenticity of Defendant's Own Documents_

In regards to the issues in my April 23 letter, you refused to stipulate to Plaintiff propounding
additional Requests For Admission to determine the authenticity of all documents Defendant has
produced (and which appear to be business records).

You then requested that I give you a list of documents Plaintiff would like Defendant to stipulate to
in regards to authenticity. I gave you certain examples, which you identify in your follow up letter
of yesterday, and agreed to stipulate to (the "everything like them" I referred to in the conference are
in fact those "Employee 200_" documents you identified in your letter).

As for the remaining categories of documents, please stipulate to the authenticity of the following
categories of documents:

1.    AZ/MIGIS 0000295 - 486 (SMS Time Final Historical Reports)

2.    AZ/MIGIS 0000487 - 550 (driving policies)

3.    AZ/MIGIS 0000551 (meal period report)

4.    AZ/MIGIS 0000552 - 707 (SMS Time Final Historical Reports)

EXHIBIT _H_
Page _1_

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
2

5.    AZ/MIGIS 0000708 - 753 (SMS Time Final Historical Reports)

6.    AZ/MIGIS 0000754 - 1211 (security/alarm logs)

7.    AZ/MIGIS 0001220 - 1235 (meal period report)

8.    AZ/MIGIS 0001236 - 1252 (travel policy)

9.    AZ/MIGIS 0001253 - 1288 (meal period report)

10.   AZ/MIGIS 0001289 - 1346 (AutoZoner Time Cards)

11.   AZ/MIGIS 0001347 (Termination Report) ; AZ/MIGIS 0001348 - 1457 (Job Data)

12.   AZ/MIGIS 0001458 - 1620 (Job/Pay Data)

13.   AZ/MIGIS 0001621 - 1655 (AutoZone Store Handbook)

14.   AZ/MIGIS 0001656 - 1817 (Paycheck Data)

15.   AZ/MIGIS 0001818 - 1881 (Termination Reports)

16.   AZ/MIGIS 0001882 - 2037 (*Foundations* manuals/handbooks)

17.   AZ/MIGIS 0002038 - 2068 (Being a Manager)

18.   AZ/MIGIS 0002069 - 2213 (Being a Manager)

19.   AZ/MIGIS 0002214

20.   AZ/MIGIS 0002215 (Mark Dessem e-mail)

21.   AZ/MIGIS 0000001 - 294 ("Personnel file")

Otherwise, Defendant will not stipulate to Plaintiff propounding Requests For Admission beyond
the number the Oregon Rules permit.

<u>*Work Schedules and Management Action Plans*</u>

Per my April 28 letter (and relating to a Court Order on this matter), I inquired as to whether
Defendant will produce additional work schedules relating to Mr. Migis. I referenced Judge
Kantor's preservation order in the *Joarnt* case, and surmised that those schedules should have been
retained.

EXHIBIT _H_
Page _2_

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
3

I also referenced Defendant's non-production of any "Payroll Weekly Hours Summary Reports," which shows a store's employees' names, regular hours worked and paid, and any overtime hours paid. I referenced *Joarnt* document production as an example: AZPB0001520.

Again, this is information Defendant should have retained pursuant to Judge Kantor's preservation order, and also produced in this case in response to the Court's Order on Plaintiff's Second Set of Requests For Production 5 - 6.

Nonetheless, you represented Defendant had made a diligent search, and although Defendant has complied with the Court's Order referenced above, Defendant will continue to look for responsive documents.

### *Missed Lunch and Lunch Variance Reports*

You committed to producing these reports in Excel format, to the extent AutoZone has it.

### *Additional Termination Reports in Response to the Second Court Order*

Defendant has produced all such reports it has located. I nonetheless indicated that due to the non-production of approximately 96 Termination Reports, Plaintiff in his supplemental briefing to the Court will request additional relief, based on the non-production of this information.

This non-production becomes even more important because: (a) the information exists electronically in the summary report (Bates No. AZ/MIGIS 0001212, *et seq.*), and (b) Defendant represented to the Court that only by producing the Termination Reports would Defendant be able to show that the apparent "late pays" on the summary report were not really late.

### *Defendant's Declaration Supporting Objection to Plaintiff's Attorneys' Fees*

I urged correction of this document, so as to avoid any undue and un-necessary confusion at hearing on this matter. You committed to correcting the declaration if and where appropriate.

### *Defendant's Responses to Plaintiff's Third Set of RFPs*

1. **RFP Nos. 1 - 2:** You stated that the Mark Dessem e-mail (0002215) is the only one that presumably exists.

   I also disagree with your follow up letter of yesterday; during the conference I did not say that managers are e-mailing all the time on wage and hour issues, but are probably e-mailing all the time (I referred to you Bates No. 0002159 re: "Communication"), and such e-mails should include wage and hour issues.

**EXHIBIT** $\frac{H}{3}$
**Page**

**Ms. Leigh Ann Tift** – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
4

It is very unlikely Oregon AutoZone managers have never, for the time period referenced, sent or received any e-mail or memoranda on employee hours, wages and the like in Oregon.

2. **RFP No. 3:** You represented Defendant could not find Daily Coverage Lists (reports) at present. Again, this is concerning in light of Defendant's prior preservation obligations.

3. **RFP No. 4** (all documents and reports reflecting any weekly summarization of hours worked by AutoZone employees): You represented that Defendant has fully complied with this discovery request by producing *one* report in Excel format. I strongly disagreed because the Request seeks "all documents and reports," not one report.

    I further requested that Defendant produce more relevant documents such as the "Payroll Weekly Hours Summary Report," and referenced the *Joarnt* document production by way of example: AZPB0001520, 1463, and 0000812.

5. **RFP No. 5:** I asked you to stipulate to class certification if AutoZone is refusing to produce one year's worth of time records. You refused and stated that we have Plaintiff's own time records. I therefore requested that Defendant stipulate to Plaintiff's records as representative of the entire class, and that he is an adequate class representative (including having suffered common and typical claims).

    You refused that offer as well, at which point I again requested the time records. In an effort to brainstorm to an amicable solution, I proposed production of a random selection of, for example, one out of four or five, provided Defendant would stipulate that such time records would be representative of the one year's worth. You said no.

    I stated that if you could not stipulate then Plaintiff would have to compel the entire year's worth of records. You then asked me if I would stipulate to the time records being representative; I was unsure whether I could do that because Defendant, not Plaintiff, is in the best position to know whether those records are truly representative.

    I also asked that if I did stipulate, would Defendant not use that to somehow oppose numerosity or the like. You could not agree to that, so I proposed one out of every three people, provided that Defendant allo Plaintiff to depose the IT person who compiles that those time records.

    I then agreed to send you a proposal in writing, but in your follow up letter you are under the impression that I would not send a proposal. Therefore, please consider the proposal withdrawn; Plaintiff will move to compel.

6. **RFP Nos. 6 - 8:** You represented Defendant has produced everything thus far located, but will produce additional documents to the extent they are found.

EXHIBIT _H_
Page _7_

Ms. Leigh Ann Tift – *Migis v. AutoZone, Inc.* (Follow-up to 05-08-08 Disc. Conf.)
09 May 2008
5

You further stated that you didn't find that AutoZone managers e-mail each other about wage and hour issues. Rather, you represented that Defendant "communicates" via policies, handbooks and training.

I further referred you to *Joarnt* document production as an example of other documents that Defendant should have produced: AZ 1010, 1012.

7.   **RFP No. 9:** We could not agree as to this issue; I reiterated the reasoning in my May 1 letter.

8.   **RFP No. 10:** I asked whether you had the opportunity to read the *AutoZone, Inc. v. Ferrell Air Conditioning & Heating*, case, but you had not. You represented that discovery is ongoing.

9.   **RFP Nos. 11 - 13:** We were not able to make any headway on issues related to these Requests.

Finally, in regards to your comments on the conference degenerating into unprofessional matters such as my reference to "metaphysical truth," you seemed rather interested in that topic, which I initially mentioned only in passing on the rhetorical question of whether a stipulation actually makes something true.

In the future and for your convenience I will refrain making any references that could be construed as humor. You are correct to imply that this is a serious matter.

For my convenience and in the spirit of professionalism, however, I would ask you refrain from injecting an undue number of sarcastic comments into the conversation (e.g., asking me if I need help spelling), as it does not contribute positively to the issues at hand.

Overall, however, though we disagree on many matters, I think you'll agree it could be worse.

Thank you for your patience, and I look forward to further conferences with you.

Sincerely,

/s/

Chey K. Powelson
Attorney for Plaintiff

EXHIBIT H
Page 5

## Chey Powelson

| | |
|---|---|
| **From:** | Chey Powelson |
| **Sent:** | Friday, May 09, 2008 3:08 PM |
| **To:** | 'Tift, Leigh Ann C.' |
| **Cc:** | Bud Bailey; Brad Griffin; Charity Shindle; Alpern, Amy R. |
| **Subject:** | Migis v. AutoZone — Follow up to 05-08-08 Disc. Conf. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | To Defendant_Follow Up Disc Conf_05-09-2008.pdf |

Ms. Tift:

See attached letter. Thanks.


**Chey K. Powelson**
Attorney at Law
Bailey, Pinney & Assoc., LLC
1498 SE Tech Center Pl, Ste 290
Vancouver, WA 98683
Cpowelson@wagelawyer.com
360.567.2551 (Ph)
360.567.3331 (Fax)

*Confidentiality Notice: This e-mail message may contain confidential and privileged information. If you have received this message by mistake, please notify me immediately via telephone, and do not review, disclose, copy, or otherwise distribute it. Thank you.*

EXHIBIT _H_
Page _4_

# Exhibit I

Deposition of MARK DESSEM, taken on August 25, 2005

Page 1

```
 1          IN THE CIRCUIT COURT OF THE STATE OF OREGON
                  FOR THE COUNTY OF MULTNOMAH
 2
 3    RICHARD JOARNT AND BERT YAMAOKO,
      individually, and on behalf of all
 4    others similarly situated              PLAINTIFFS
 5    VS.                              NO. 0503-02795
 6    AUTOZONE, INC., a Foreign Corporation     DEFENDANT
 7
 8
 9    ****************************************************
10                DEPOSITION OF MARK DESSEM
11    ****************************************************
12
13
14
              TAKEN AT THE INSTANCE OF THE PLAINTIFFS
15       IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
              40 ADAMS AVE. RM
16       ON AUGUST 25, 2005,
17
18
                  (APPEARANC
19
20
21
      Reported by:  REGINA D. F
22    _____          ___
23                ADVANCED C
                     P.O. BOX 761
24             TUPELO, MS 38802-0761
                   (662) 690-1500
25
```

EXHIBIT I
Page 1

Deposition of MARK DESSEM, taken on August 25, 2005

Page 2

```
 1   APPEARANCES:
 2   For the Plaintiffs: A. E. BUD BAILEY, ESQUIRE
                         Bailey, Pinney & Associates, LLC
 3                       Columbia Tech Center
                         1498 SE Tech Center Place
 4                       Suite 290
                         Vancouver, Washington  98683
 5                       (360) 567-2551
 6
     For the Defendant: LEIGH ANN COLLINGS TIFT, ESQUIRE
 7                       Littler Mendelson
                         701 Fifth Avenue, Suite 6500
 8                       Seattle, Washington  98104-7097
                         (206) 623-3300
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 1
Page 2

Deposition of MARK DESSEM, taken on August 25, 2005

Page 61

1    in and manipulate that.

2          Q.    So this report that we've seen in Exhibit 1

3    and Exhibit 3, is that the payroll register?

4          A.    No.  No.  This is a time card.

5          Q.    These are just time card reports?

6          A.    Yes.

7          Q.    Okay.  When you do a payroll register then,

8    your record then is a 48,000 employee record.  Is it

9    an alpha record?  I mean, is it all by -- first of

10   all, is it a 48,000 employee record?

11         A.    No.

12         Q.    Is it set up that way?

13         A.    Well, ultimately on the entire report,

14   everybody is going to appear.  But it is first, I

15   believe, broken down by what we call pay group, which

16   is going to separate people into different pay

17   groups.  And then within pay group, it would be

18   broken down, I believe, by store.

19         Q.    Okay.  So if you had the store numbers for

20   each geographic area by state, would it be possible

21   to manipulate that record to be able to just provide

22   all the individuals that were working in Oregon, for

23   example, for a given period of time, whether it be

24   one pay period or for several pay periods?

25         A.    Yes.  It could be done.  It would be

EXHIBIT I
Page 3

Deposition of MARK DESSEM, taken on August 25, 2005

1    cumbersome to do it, because you'd have to go in and

2    work your way around and basically do screen prints

3    and that sort of thing.  But you could probably get

4    to where you were --

5          Q.   Do you know whether or not there is a

6    separate data system that's used to maintain

7    personnel information that, on a particular snapshot

8    day, that -- for example, a list of all the employees

9    that work in a particular geographic area, such as

10   Oregon, could be identified and printed out all at

11   once?

12         A.   Again, if you're -- ask that again?  On a

13   given day?  Who worked on a given day?

14         Q.   Yes.  Or, even more specific, if we have a

15   period from a date back so many years, we want to

16   know all the names of the people who worked in

17   Oregon, is there a payroll or personnel record that's

18   kept by computer that stores that information that

19   could be downloaded and printed?

20         A.   Outside of the payroll register, it would

21   be difficult.  I'm not saying it can or can't be

22   done.  Again, that's more of an IT thing, because

23   you're trying to go into the system and pull data

24   out.  And if I'm understanding you, you're saying,

25   hey, I want to see all the people that worked in

EXHIBIT _I_
Page _4_

1·

1        IN THE CIRCUIT COURT OF THE STATE OF OREGON
                FOR THE COUNTY OF MULTNOMAH
2

3    RICHARD JOARNT AND BERT YAMAOKO,
     individually, and on behalf of all
4    others similarly situated              PLAINTIFFS

5    VS.                                    NO. 0503-02795

6    AUTOZONE, INC., a Foreign Corporation      DEFENDANT

7

8

9    ********************************************************

10                  DEPOSITION OF MARK DESSEM

11   ********************************************************

12

13

14

15         TAKEN AT THE INSTANCE OF THE PLAINTIFFS
        IN THE OFFICES OF THE SHELBY COUNTY COURTHOUSE
16          40 ADAMS AVE. RM 228, MEMPHIS, TENNESSEE
           ON AUGUST 25, 2005, BEGINNING AT 8:55 A.M.

17

18

19              (APPEARANCES NOTED HEREIN)

20

21

22   Reported by:  REGINA D. RUSSELL, CSR 1110

23              ADVANCED COURT REPORTING
                     P.O. BOX 761
24              TUPELO, MS 38802-0761
                    (662) 690-1500          ORIGINAL
25

EXHIBIT $\underline{I}$
Page $\underline{5}$

```
1                    C E R T I F I C A T E

2      STATE OF MISSISSIPPI        )

3      COUNTY OF LEE               )

4      RE:  ORAL DEPOSITION OF MARK DESSEM

5           I, Regina D. Russell, CSR 1110, a Notary

6      Public within and for the aforesaid county and state,

7      duly commissioned and acting, hereby certify that the

8      foregoing proceedings were taken before me at the

9      time and place set forth above; that the statements

10     were written by me in machine shorthand; that the

11     statements were thereafter transcribed by me, or

12     under my direct supervision, by means of

13     computer-aided transcription, constituting a true and

14     correct transcription of the proceedings; and that

15     the witness was by me duly sworn to testify to the

16     truth and nothing but the truth in this cause.

17           I further certify that I am not a relative or

18     employee of any of the parties, or of counsel, nor am

19     I financially or otherwise interested in the outcome

20     of this action.

21           Witness my hand and seal on this 1st day of

22     September, 2005.

23

24     My Commission Expires:     CSR 1110
       May 27, 2008               Notary Public

25
```

EXHIBIT ___I___
Page ___6___

Case 3:09-cv-00551-KI   Document 26-1   Filed 06/25/09   Page 353 of 500

# Exhibit J

MAY-23-2008  16:00       BAILEY PINNEY                              P.058

AutoZoner Time Card                    *** AutoZone 2236 ***         11/19/2005
                                                                    21:17:06
                                                                    Page  1

AutoZoner Name: MIGIS, MICHAEL                          AutoZoner ID: 10090549

| Day Of Week | Date | Daily Hours | Clock In | Clock Out | Change Reason |
|---|---|---|---|---|---|
| Sunday | 11/13/2005 | 7:03 | 11:12 | 15:42 | |
| | | | 16:53 | 19:26 | |
| Monday | 11/14/2005 | 0:01 | 19:27 | 19:27 | |
| Tuesday | 11/15/2005 | - | | | |
| Wednesday | 11/16/2005 | 5:56 | 7:39 | 13:35 | |
| Thursday | 11/17/2005 | 7:37 | 12:41 | 17:06 | |
| | | | 18:10 | 21:22 | |
| Friday | 11/18/2005 | 8:38 | 7:37 | 12:48 | |
| | | | 14:02 | 17:29 | |
| Saturday | 11/19/2005 | 7:08 | 12:58 | 16:20 | |
| | | | 17:30 | 21:16 | |

            Total Hours  36:23


AutoZoner Signature:  _____


Management Signature:  _____

                              Store Copy


EXHIBIT  J
Page  1

AZ/MIGIS 0001333

# Exhibit K

```
AutoZoner Time Card                    *** AutoZone 2236 ***          09/03/2005
                                                                     21:44:52
                                                                     Page   1

AutoZoner Name: MIGIS, MICHAEL                            AutoZoner ID: 10090549

                     Daily Clock Clock
Day Of Week    Date  Hours  In   Out    Change Reason
-----------  -------- ----- ----- -----  -----------------
Sunday       08/28/2005  7:41 22:18  9:41  ~11:23 AutoZoner Failed To Clock Out
                              10:57 16:12
                              17:06 19:30
Monday       08/29/2005    -
Tuesday      08/30/2005    -
Wednesday    08/31/2005  8:10 12:41 16:58
                              17:48 21:41
Thursday     09/01/2005  7:52 21:42 21:44
                              13:06 16:47
                              17:46 21:10
                              21:10 21:56
Friday       09/02/2005  9:46  7:37 17:23
Saturday     09/03/2005  7:48 12:55 16:56
                              17:56 21:43
                             -----
             Total Hours. 41:17


AutoZoner Signature: _____


Management Signature: _____

                              Store Copy
```

EXHIBIT __K__
Page __1__

AZ/MIGIS 0001323

# Exhibit L

```
                    ENTERED                    FILED
                  MAR 29 2006              06 MAR 27 AM 11:23
                IN REGISTER BY RK         FOR MULTNOMAH COUNTY
```

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| RICHARD JOARNT and BERT YAMAOKO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOZONE, INC., a Foreign Corporation,<br><br>Defendant. | No. 0503-02795<br><br>ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS' CONTACT WITH PUTATIVE CLASS MEMBERS |

THIS MATTER, having come before the Court upon Plaintiffs' and Defendant's above-referenced Motions, and the Court having reviewed the file, and being fully advised of the premise thereof during hearing of these Motions on January 27, 2006; the Court hereby ORDERS that:

1.     Defendant's Motion to Enjoin Plaintiffs from Contacting Represented Parties and Motion for Protective Order Limiting Plaintiffs' Contact with Putative Class Members, is DENIED. Plaintiffs are allowed to conduct investigation and contact AutoZone employees and store managers as part of such investigation; PROVIDED, however, that such contact include a disclosure that the investigation is related to the employee's experience as an hourly employee. MOREOVER, Plaintiffs are not entitled to directly contact current district managers or other current employees occupying positions of authority above the district manager level, regarding this case without permission of Defendant and/or the Court except to

Page 1 -     ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
             AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
             CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
             CONTACT WITH PUTATIVE CLASS MEMBERS

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 587-2551 • Fax (360) 587-3331

EXHIBIT  L
Page  1-3

1   determine if the person is a district manager or other person with whom contact is restricted.

2   Defendant shall provide Plaintiffs with a list of such individuals whom Defendant believes

3   Plaintiffs are not entitled to contact, PROVIDED, HOWEVER, that Defendant's duty to

4   provide this information is STAYED in accordance with Paragraph 4 of this Order.

5        2.      In regards to Plaintiffs' Motion for Order Requiring Defendant to Preserve

6   Evidence and Motion for Protective Order:

7            a.      Plaintiffs' Motion for Protective Order (restricting Defendant's

8   communications with putative class members) is **DENIED**. Defendant may conduct

9   investigation to prosecute and defend their claims and defenses; PROVIDED, however,

10  Defendant does not try to persuade any putative class members to not participate in the class.

11           b.      Plaintiffs' Motion for Order Requiring Defendant to Preserve Evidence

12  is hereby **GRANTED** to the extent that Defendant will preserve all contents of currently-

13  existing (from November 2004 and later) Oregon AutoZone store "period boxes," or any

14  future boxes that are created and maintained during the course of this lawsuit, for all

15  AutoZone stores in the State of Oregon. FURTHERMORE, Defendant will arrange for the

16  storage of those boxes and their contents in such a way that provides Plaintiffs reasonable

17  access to review and copy the contents of those boxes. Plaintiffs are not entitled to documents

18  containing confidential information that is entirely unrelated to the claims or defenses in this

19  lawsuit. If the parties disagree over the discoverability of one or more documents contained

20  in any of the period boxes, Plaintiffs are entitled to copy that document or documents and

21  move the Court for a ruling as to the disputed document or documents' discoverability.

22       3.      All requests for costs and attorneys fees and/or sanctions as made in the above-

23  referenced Motions are DENIED.

24  ///

25  ///

26  ///

Page 2 -        ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
                AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
                CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
                CONTACT WITH PUTATIVE CLASS MEMBERS

EXHIBIT  L

Page  2-3

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

1    4.    This case is STAYED in its entirety pending resolution of Plaintiff's appeal of

2    this Court's order on Defendant's Motion for Judgment on the Pleadings. This stay, however,

3    does not affect the parties' respective rights to conduct appropriate investigation.

4

5    ORDERED this 24th day of _____ March _____ 2006.

6

7                                         THE HONORABLE HENRY KANTOR

8                                         MULTNOMAH CO. CIRCUIT COURT JUDGE

9

10   SUBMITTED BY:

11

12   SHAUNA M. SJOSTROM, OSB 04418
     Of Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -    ORDER ON PLAINTIFFS' MOTIONS FOR ORDER REQUIRING DEFENDANT TO PRESERVE EVIDENCE
            AND FOR PROTECTIVE ORDER, AND ON DEFENDANT'S MOTION TO ENJOIN PLAINTIFFS FROM
            CONTACTING REPRESENTED PARTIES AND MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFFS'
            CONTACT WITH PUTATIVE CLASS MEMBERS

            EXHIBIT L
            Page 3-3

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683

                                                                    TOTAL P.064

MAY-23-2008  15:47     BAILEY PINNEY                                              P.001

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

Tele: 1-800-882-8351
Fax:  360-567-3331

CS

### May 23, 2008

### PERSONAL AND CONFIDENTIAL

**TO:**        Ms. Amy R. Alpern

**FAX NO.**    (503) 914-1816

**Number of Pages (including cover page):** 64

    *RE:    Migis v. Autozone*

    *Plt 2nd Motion to Compel*

**IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY  AT (360) 567-2551**

**COMMENTS:**          **ORIGINAL DOCUMENTS**

                              **Regular mail**

### NOTICE TO RECIPIENT
**The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,,

           Plaintiff,

    vs.

AUTOZONE INC., a Nevada Corporation,,

           Defendant.

No. 0711-13531

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF**

**[ORAL ARGUMENT REQUESTED]**

## I. REQUEST FOR ORAL ARGUMENT

Pursuant to UTCR 5.050, oral argument is requested. The time for oral argument is estimated to be 20 minutes. Court reporting services are requested.

## II. UTCR 5.010 CERTIFICATE OF COMPLIANCE

AutoZone hereby certifies that counsel for Defendant conferred with Chey Powelson and Bud Bailey counsel for Plaintiff, on May 16, 2008 on the issues set out in this motion. Counsel for the parties were unable to resolve this dispute.

## III. MOTION

Pursuant to ORCP 36C, Defendant, AutoZone, requests that the Court:

1.      Enter an Order of Protection related to Plaintiff's 39C(6) deposition notice demanding that AutoZone produce a nonresident corporate witness in Oregon for the purpose of deposition. AutoZone has offered to stipulate to a video deposition of the corporate employee, has offered to stipulate to the deposition testimony of this witness in prior proceedings, and has

1  attempted to explore other available alternatives, all of which have been rejected by Plaintiff.

2  Plaintiff will consider nothing less than requiring this person, who lives and works in Memphis,

3  Tennessee, to appear in Oregon despite the known hardship to him.

4  ## IV. RELEVANT FACTS

5  **Plaintiff's Deposition Notice.**

6  On April 28, 2008, Plaintiff filed a 39C notice of deposition for a corporate representative

7  (this was the second such notice, albeit on a different topic). *See*, Exhibit 1, Declaration of Tift. On

8  May 2, as a result of a scheduling conflict, Plaintiff filed an amended notice, setting the deposition

9  for May 30, 2008. *See*, Exhibit 2, Declaration of Tift. The notices, other than the date, are

10  substantively identical.

11  In response to the first notice, counsel for AutoZone wrote to Mr. Powelson noting both a

12  conflict with the date and objecting to the choice of location of this deposition, as the corporate

13  representative appropriate for these inquiries lives and works in Tennessee. *See*, Exhibit 3,

14  Declaration of Tift. Notably, Mr. Dessem's deposition had been taken by plaintiff's counsel, first as

15  a "person most knowledgeable about payroll practices" and then as an individual in the *Joarnt v.*

16  *AutoZone* matter. At that time, the deposition occurred in Tennessee. *See*, Ex. 4, Decl. of Tift. Mr.

17  Dessem also was the person who represented AutoZone in a telephone discovery conference,

18  ordered by the District Court in California in another matter filed by the Bailey Pinney firm against

19  AutoZone. That conference was transcribed and is also available to the parties.

20  A series of emails followed the initial notice by AutoZone that it requested Mr. Dessem's

21  deposition to take place in Tennessee, discussing the reasons that the deposition should occur in

22  Tennessee, where the witness resides and where AutoZone's headquarters are located, and also

23  noting that the practice, in regard to this witness, was to travel to his work location for deposition.

24  *See*, Ex. 5, Decl. of Tift. AutoZone's counsel also contacted Mr. Dessem who explained that

25  traveling to Portland was a hardship for him, due to his work responsibilities related to payroll for all

26

---

PAGE 2 – DEFENDANT'S MOTION AND MEMORANDUM
FOR PROTECTIVE ORDER

1   of AutoZone. In effect, requiring Mr. Dessem to travel to Portland requires that he spend 3 days out

2   of the office—traveling for two days (because of the time difference) and being deposed.

3        The correspondence between the parties continued, *see*, Exs 6-8, culminating in a May 12,

4   2008 letter from Mr. Powelson stating, in part:

5        On May 15 and May 30, Plaintiff expects to depose one or more AutoZone designees *in the*
         *State of Oregon* on all matters for which AutoZone is noticed to appear pursuant to ORCP
6        39C(6)...

7        More recently...you told me that AutoZone will not be moving for a protective order. If
         Defendant fails to appear at deposition as noticed on ...May 30, be advised Plaintiff may be
8        forced to move the Court for relief.

9   *See*, Ex. 9 (emphasis in original). At this point, counsel for AutoZone called Mr. Powelson and

10   offered (1) to stipulate to a video or telephone deposition; and/or (2) to stipulate to Mr. Dessem's

11   prior testimony on the subjects listed in the deposition notice. All of these suggestions were

12   rejected. Counsel for AutoZone also pointed out the hardship to AutoZone should Mr. Dessem be

13   required to attend this deposition in Portland. Decl. of Tift.

14                    **V. POINTS AND AUTHORITIES**

15        **A.    Introduction.**

16        ORCP 36C provides in relevant part, that:

17        [F]or good cause shown, the court in which the action is pending may make any order which
         justice requires to protect a party or person from annoyance, embarrassment, oppression, or
18        undue burden or expense, including one or more of the following: (1) that the discovery not
         be had; (2) that the discovery may be had only on specified terms and conditions, including a
19        designation of the time or place...

20   Here, Plaintiff demands that a Tennessee resident appear for an Oregon deposition, despite

21   reasonable, less costly alternatives and hardship to the Deponent. AutoZone notes, in this regard,

22   that it has attempted to cooperate with Plaintiff's counsel in setting other 39C depositions, and

23   incurred the cost of flying a regional Human Resources Manager to Oregon from California

24   (recognizing that his work responsibilities did require him to, at least occasionally, be present in the

25   state). Given the record of this case, and Mr. Dessem's repeated testimony before these very

26

---

PAGE 3 – DEFENDANT'S MOTION AND MEMORANDUM
FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206-623-3300 Fax:206-447-6965

1   attorneys, AutoZone requests that the Court enter a protection order limiting the location of Mr.

2   Dessem's deposition—either in person in Memphis Tennessee or as a video deposition.

3       **B.      Legal Standard for Depositions of Corporate Representatives**

4           The general rule for setting the location of a corporate party's deposition is:

5           The deposition of a corporation by its agents and officers should ordinarily be taken at its
            principal place of business. This is subject to modification, however, when justice requires.
6           An important question in determining where to hold the examination is the matter of
            expense. . . . The protective order rule..., [includes a provision to protect parties] from "undue
7           burden or expense" as a ground for a protective order. . . . In each case in which a motion [for
            a protective order] is made the court considers the facts, selects the place of examination, and
8           determines what justice requires...".

9   Miller & Marcus, *Federal Practice and Procedure: Civil 2d § 2112* at 84-85 (1994 rev.) (footnotes

10  omitted). Here, the factors mentioned by favor a deposition in Tennessee, or, at a minimum, a video

11  deposition. The practice of the parties is to take Mr. Dessem's testimony in Tennessee—in fact, it

12  had been done two times in that fashion. Mr. Dessem's work responsibilities all occur in Tennessee,

13  and it is difficult for him to remove himself from those duties for the purpose of a deposition in

14  Oregon. Further, the last time Mr. Dessem testified, his deposition lasted approximately two hours.

15  His recorded statement in the California case took less time than that. It is unreasonable to require

16  the travel time from Tennessee to Oregon for a deposition that will likely not last even half a day.

17          Plaintiff's counsel did not ever give a reason for declining a deposition in Tennessee, and has

18  not given a reason for refusing to consider a video deposition, other than to say that he "doesn't like"

19  to depose someone who is not "right in front of him."

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

PAGE 4 – DEFENDANT'S MOTION AND MEMORANDUM
FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206-623-3300 Fax:206-447-6965

## VI. CONCLUSION

AutoZone respectfully requests that the Court enter a protective order limiting discovery in this matter to the extent that either (1) the Dessem deposition take place in Tennessee, where Mr. Dessem lives and works or (2) requires a video deposition of Mr. Dessem, which AutoZone has already agreed to do.

Dated: May 22, 2008.

Leigh Ann Collings Tift OSB No. 054732
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
Autozone Inc.

PAGE 5 – DEFENDANT'S MOTION AND MEMORANDUM
FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206-623-3300 Fax:206-447-6965

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 22, 2008, I served a full, true, and correct copy of the foregoing:

3

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN
SUPPORT THEREOF**

4

5          ☐          By delivery via messenger, or otherwise by hand,

6          ☒          By facsimile,

7          ☐          By e-mail,

8          ☒          By mailing same, postage paid

9     addressed to:

10

11     Bailey Pinney & Associates LLC
       Attorneys at Law
12     1498 SE Tech Center Place
       Suite 290
13     Vancouver, WA  98683
       Fax (360) 567-3331

14                    Of Attorneys for Plaintiff

15

16

17              By _____
18                  Joanna R. Stewart
                    Secretary for Amy R. Alpern
19

20     Firmwide:85216072.1 013306.2124

21

22

23

24

25

26

PAGE 6 – DEFENDANT'S MOTION AND MEMORANDUM
FOR PROTECTIVE ORDER

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,

        Plaintiff,

      vs.

AUTOZONE INC., a Nevada
Corporation,

        Defendant.

No. 0711-13531

**MOTION PRAECIPE**

Notice is hereby given that Leigh Ann Collings Tift, of attorneys for defendant, has set a motion for hearing as follows:

Judge (or Pro Tem): **Hon. Jerome LaBarre**

Date: July 2, 2008    Time: 1:30 p.m.    Room: 702

This is a    ☒ first    ☐ subsequent    setting for this motion.

☐ moving party waives appearance ☒ reporting is requested (we will furnish our own court reporter for this hearing)

Length of time requested for this motion hearing:  15 minutes

**TYPE OF MOTION:**

☐ ORCP 21   ☐ Prima Facie Default  ☐ Set Aside Default
☐ Summary Judgment ☐ Compel Production  ☐ Change Venue
☒ Other:  Defendant's Motion for Protective Order

I certify that I served a copy of this praecipe by facsimile transmission on the 22nd day of May, 2008, on the following:

    Bailey Pinney & Associates LLC
    1498 SE Tech Center Place, Suite 290
    Vancouver, WA 98683
    Fax:  360-567-3331

Dated:  May 22, 2008.    Amy R. Alpern, OSB No. 840244
            Telephone (503) 221-0309

PAGE 1 – MOTION PRAECIPE

1

2          IN THE CIRCUIT COURT OF THE STATE OF OREGON

3               FOR THE COUNTY OF MULTNOMAH

4

5

6  MICHAEL MIGIS, individually, and on        No. 0711-13531
   behalf of all other persons similarly
7  situated,                                  **DECLARATION OF LEIGH ANN**
                                              **COLLINGS TIFT IN SUPPORT OF**
8                  Plaintiff,                 **MOTION FOR PROTECTIVE ORDER**

9        vs.

10  AUTOZONE, INC., a Nevada
    Corporation,
11
                   Defendant.
12

13        I, Leigh Ann Collings Tift, hereby declare as follows:

14        1.       I am one of the attorneys representing Defendant AutoZone, Inc. in the above-

15  captioned matter, and I make this declaration in support of Defendant, AutoZone's, Motion for

16  Protective Order .  I have personal knowledge of the matters related herein.

17        2.       Attached as **Exhibit 1** is a true and correct copy of Plaintiff's first ORCP 39C(6)

18  Notice of Deposition of Defendant.

19        3.       Attached as **Exhibit 2** is a true and correct copy of the First Amended ORCP 39C(6)

20  Notice of Deposition of Defendant.

21        4.       Attached as **Exhibit 3** is a true and correct copy of  a letter dated April 29, 2008 from

22  Ms. Tift to Mr. Powelson concerning both a conflict with the date selected for deposition and an

23  objection to its location.

24        5.       Attached as **Exhibit 4** is a true and correct copy of the Notice of Deposition for Mr.

25  Mr. Dessem in the matter of Joarnt v. Autozone, Inc., Case No. 0503-02795. This notice was

26  directed to Mr. Dessem as the "person most knowledgeable." Later, Plaintiff's noted Mr. Dessem's

Page 1 – DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101-3122
Phone: 206.623.3300 Fax: 206.447.6965

1  deposition as an individual, and after that, did not pursue a deposition of the "person most

2  knowledgeable." Mr. Dessem's deposition in the Joarnt matter was taken in Tennessee.

3       6.     Counsel is aware that Mr. Dessem's statement was taken in connection with his

4  responsibilities for AutoZone payroll operations in a California matter, as well. Mr. Dessem's

5  statement was recorded telephonically, and he remained in Tennessee.

6       7.     Attached as **Exhibit 5** is a true and correct copy an email chain dated from April 03,

7  2008 to April 29, 2008, regarding the scheduling of the ORCP 39C(6) Deposition.

8       8.     Attached as **Exhibit 6** is a true and correct copy of a letter dated May 2, 2008 from

9  Ms. Tift to Chey Powelson.

10      9.     Attached as **Exhibit 7** is a true and correct copy of a letter dated May 2, 2008 from

11  Chey Powelson to Ms. Tift.

12      10.     Attached as **Exhibit 8** is a true and correct copy of a letter dated May 8, 2008 from

13  Ms. Tift to Mr. Powelson.

14      11.     Attached as **Exhibit 9** is a true and correct copy of a letter dated May 12, 2008 from

15  Mr. Powelson to Ms. Tift.

16      12.     Upon receiving Mr. Powelson's May 12 letter, I conferred with him, on May 14, 2008

17  regarding a motion for a protective order, and with he and Mr. Bailey on May 16, 2008. I offered (1)

18  to stipulate to a video or telephone deposition; and/or (2) to stipulate to Mr. Dessem's prior

19  testimony on the subjects listed in the deposition notice. All of these suggestions were rejected. I

20  also pointed out the hardship to AutoZone should Mr. Dessem be required to attend this deposition

21  in Portland. I have spoken with Mr. Dessem, who indicates that traveling to Portland is a hardship

22  for him, due to his work responsibilities related to payroll for all of AutoZone. In effect, requiring

23  Mr. Dessem to travel to Portland requires that he spend 3 days out of the office—traveling for two

24  days (because of the time difference) and being deposed. Mr. Powelson indicated to me that he did

25  not believe that hardship to the deponent was a relevant consideration.

26

Page 2 – DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA  98101-3122
Phone: 206.623.3300 Fax: 206.447.6965

13.     When I suggested the video deposition to Mr. Bailey, he indicated that he "doesn't like" to depose someone who is not "right in front of him" but beyond his personal preference, did not indicate any hardship associated with a video deposition.

14.     On May 15, 2008, AutoZone did produce a 39C corporate witness in response to Plaintiff's first 39C(6) deposition notice.  AutoZone incurred the cost of flying a regional Human Resources Manager to Oregon from California for this deposition, recognizing that his work responsibilities did require him to, at least occasionally, be present in the state.

**I declare that the above statements are true to the best of my knowledge and belief, and that I understand that it is made for use as evidence in court and is subject to penalty for perjury.**

Dated:  May 20, 2008

Leigh Ann Collings Tift

Page 3 – DECLARATION OF LEIGH ANN COLLINGS TIFT IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA  98101-3122
Phone: 206.623.3300 Fax: 206.447.6965

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on May 22, 2008, I served a full, true, and correct copy of the foregoing

3

### DECLARATION OF LEIGH ANN COLLINGS TIFT

4

### IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

5

6        ☐     By delivery via messenger, or otherwise by hand,

7        ☒     By facsimile,

8        ☐     By e-mail,

9        ☒     By mailing same, postage paid,

10 addressed to:

11              Bailey Pinney & Associates LLC
             Attorneys at Law

12              1498 SE Tech Center Place
             Suite 290

13              Vancouver, WA  98683
             Fax (360) 567-3331

14                  Of Attorneys for Plaintiff

15

16

17        By _____

18             Joanna R. Stewart
            Secretary for Amy R. Alpern

19 Firmwide:85269326.1 013306.2124

20

21

22

23

24

25

26

PAGE 1 – CERTIFICATE OF SERVICE

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101-3122
Phone: 206.623.3300 Fax: 206.447.6965

**Exhibit 1**



1

2

3

4

5

6

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### FOR THE COUNTY OF MULTNOMAH

7

8 | MICHAEL MIGIS, on behalf of himself and all others similarly situated,

Case No. 0711-13531

9

Plaintiffs,

10 | ORCP 39C(6) NOTICE OF
DEPOSITION OF DEFENDANT

11 | v.

12 | AUTOZONE, INC.,

13 | Defendant.

14

15 | TO:  **AUTOZONE, INC.,** by and through your attorney, Ms. Leigh Ann Tift, One Union

16 | Square, 600 University Street, Suite 3200, Seattle, WA 98101-3122

17 | **PLEASE TAKE NOTICE:** that on **May 16, 2008**, commencing at **9:00 a.m.**, Plaintiff

18 | will take the deposition of Defendant AutoZone, Inc., pursuant to ORCP 39C(6). The deposition

19 | will be conducted at 1750 SW Harbor Way, Ste 450, Portland Oregon, or some other local

20 | location if agreed upon in advance by the parties. The deposition will be recorded by a licensed

21 | and qualified court reporter, and may additionally be recorded by audio/videotape.

22 | Plaintiff requests examination relating to the following matters:

23 | 1.  All AutoZone policies, procedures, and practices for processing and providing the

24 |     payment of final wages to all Oregon hourly employees whose employment

25 |     terminated in any manner with AutoZone between November 16, 2006 and

26 |     November 16, 2007.  See e.g., Defendant's Bates Nos. AZ/MIGIS 0001212 -

Page 1 -    **ORCP 39C(6) NOTICE OF DEPOSITION**

ON
CAL

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

85048201

1    00001215; and AZ/MIGIS 0001656 - 1836 (and other related documents Defendant

2    will presumably produce under the Court's order during the April 8, 2008 hearing on

3    Plaintiff's *Motion to Enforce Court Order*).

4    2.   All AutoZone efforts (such as training, seminars, orientation, review of any

5    documents, and reminders or updates – such as memoranda in any form – created,

6    reviewed or used by, or otherwise sent by or to AutoZone managers with actual or

7    apparent authority over any aspect of AutoZone operations in the State of Oregon)

8    to comply with Oregon State laws and regulations governing the payment of final

9    wages to all Oregon hourly employees whose employment terminated in any manner

10    with AutoZone between November 16, 2006 and November 16, 2007.

11    3.   All performance-based financial incentive(s) and/or compensation AutoZone

12    provided to Oregon Store, District, and/or Regional Manager(s).

13    4.   All AutoZone termination information relating to Plaintiff Michael Migis, including

14    all material facts relating to his termination from employment, the processing of his

15    final wages, and issuance of his final paycheck.

16    5.   How time worked by hourly AutoZone employees in the State of Oregon was

17    tracked, recorded, transmitted, and otherwise computed, between April 1, 2005 and

18    November 16, 2007.

19    6.   All AutoZone policies, practices, and/or procedures relating to the review, adjustment

20    or correction, and approval of Oregon hourly employee time records created between

21    April 1, 2005 and November 16, 2007.

22    7.   All AutoZone policies, practices, and/or procedures relating to the scheduling,

23    tracking, and payment of overtime wages to hourly employees in the State of Oregon

24    between April 1, 2005 and November 16, 2007.

25    8.   All AutoZone policies, procedures, and/or practices relating to the scheduling and

26    tracking of hourly employee rest periods in the State of Oregon between April 1,

Page 2 -    **ORCP 39C(6) NOTICE OF DEPOSITION**

1    2005 and November 16, 2007.

2    9.   All AutoZone policies, procedures, and/or practices relating to the scheduling and

3    tracking of hourly employee meal periods in the State of Oregon between April 1,

4    2005 and November 16, 2007.

5    10.  The document(s) Bates-numbered AZ/MIGIS 0001220 - 1235, and AZ/MIGIS

6    0001253 - 1288, including the date(s) of creation, identity of all persons involved in

7    the creation, review and/or modification of such document(s), and identification and

8    meaning of all terms, fields, sources of data found therein.

9    11.  The identification (including name and date) and purpose of all reports/queries

10   AutoZone created or obtained from its electronic data relating to the compensation

11   and hours worked by hourly AutoZone employees in the State of Oregon between

12   April 1, 2005 and November 17, 2007.

13   **NOTE:** PURSUANT TO ORCP 39C(6), DEFENDANT'S HAS AN AFFIRMATIVE DUTY TO

14   DESIGNATE, PREPARE AND PRODUCE THE PERSON(S) NEEDED TO TESTIFY AS TO

15   THE TOPICS LISTED ABOVE.  IF THE PERSON OR PERSONS PRODUCED DO NOT

16   HAVE ADEQUATE KNOWLEDGE TO TESTIFY, PLAINTIFFS WILL SEEK

17   APPROPRIATE REMEDIES, INCLUDING SANCTIONS.

18   Defendant should, by no later than five (5) business days prior to the date of this

19   deposition, set forth for Plaintiff each person designated and the issue or issues on which such

20   person will testify. The deposition will continue from hour to hour and day to day until complete.

21

22   SIGNED this 25 day of April 2008.        BAILEY, PINNEY & ASSOCIATES, LLC

23

24

25   A.E. "BUD" BAILEY, OSB 87157
     R. BRADLEY GRIFFIN, OSB 072390

26   CHEY POWELSON, OSB 03551
     Attorneys for Plaintiffs

Page 3 -        **ORCP 39C(6) NOTICE OF DEPOSITION**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **ORCP 39C(6) Notice of Deposition of Defendant** upon:

Leigh Ann Tift
Littler Mendelson
One Union Square
600 University Street Suite 3200
Seattle WA 98101-3122

by the following indicated method or methods:


[X]     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.


DATED:    April 25, 2008


CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

**Exhibit 2**



WORKING COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, on behalf of himself and
all others similarly situated,

                              Plaintiffs,

        v.

AUTOZONE, INC.,

                              Defendant.

Case No.  0711-13531

FIRST AMENDED ORCP 39C(6)
NOTICE OF DEPOSITION OF
DEFENDANT

TO:    AUTOZONE, INC., by and through your attorney, Ms. Leigh Ann Tift, One Union
       Square, 600 University Street, Suite 3200, Seattle, WA 98101-3122

       PLEASE TAKE NOTICE: that on **Friday, May 30, 2008**, commencing at **9:00 a.m.**
PDT, Plaintiff will take the deposition of Defendant AutoZone, Inc., pursuant to ORCP 39C(6).
The deposition will be conducted at 1750 SW Harbor Way, Ste 450, Portland Oregon, or some
other local location if agreed upon in advance by the parties.  The deposition will be recorded by
a licensed and qualified court reporter, and may additionally be recorded by audio/videotape.

       Plaintiff requests examination relating to the following matters:

       1.  All AutoZone policies, procedures, and practices for processing and providing the
           payment of final wages to all Oregon hourly employees whose employment
           terminated in any manner with AutoZone between November 16, 2006 and
           November 16, 2007.  See e.g., Defendant's Bates Nos. AZ/MIGIS 0001212 -

Page 1 -    **FIRST AMENDED ORCP 39C(6) NOTICE OF DEPOSITION**

1     00001215; and AZ/MIGIS 0001656 - 1836 (and other related documents Defendant

2     will presumably produce under the Court's order during the April 8, 2008 hearing on

3     Plaintiff's *Motion to Enforce Court Order*).

4     2.   All AutoZone efforts (such as training, seminars, orientation, review of any

5     documents, and reminders or updates – such as memoranda in any form – created,

6     reviewed or used by, or otherwise sent by or to AutoZone managers with actual or

7     apparent authority over any aspect of AutoZone operations in the State of Oregon)

8     to comply with Oregon State laws and regulations governing the payment of final

9     wages to all Oregon hourly employees whose employment terminated in any manner

10     with AutoZone between November 16, 2006 and November 16, 2007.

11     3.   All performance-based financial incentive(s) and/or compensation AutoZone

12     provided to Oregon Store, District, and/or Regional Manager(s).

13     4.   All AutoZone termination information relating to Plaintiff Michael Migis, including

14     all material facts relating to his termination from employment, the processing of his

15     final wages, and issuance of his final paycheck.

16     5.   How time worked by hourly AutoZone employees in the State of Oregon was

17     tracked, recorded, transmitted, and otherwise computed, between April 1, 2005 and

18     November 16, 2007.

19     6.   All AutoZone policies, practices, and/or procedures relating to the review, adjustment

20     or correction, and approval of Oregon hourly employee time records created between

21     April 1, 2005 and November 16, 2007. .

22     7.   All AutoZone policies, practices, and/or procedures relating to the scheduling,

23     . tracking, and payment of overtime wages to hourly employees in the State of Oregon

24     between April 1, 2005 and November 16, 2007.

25     8.   All AutoZone policies, procedures, and/or practices relating to the scheduling and

26     tracking of hourly employee rest periods in the State of Oregon between April 1,

Page 2 -    **FIRST AMENDED ORCP 39C(6) NOTICE OF DEPOSITION**

1    2005 and November 16, 2007.

2    9.  All AutoZone policies, procedures, and/or practices relating to the scheduling and

3        tracking of hourly employee meal periods in the State of Oregon between April 1,

4        2005 and November 16, 2007.

5    10. The document(s) Bates-numbered AZ/MIGIS 0001220 - 1235, and AZ/MIGIS

6        0001253 - 1288, including the date(s) of creation, identity of all persons involved in

7        the creation, review and/or modification of such document(s), and identification and

8        meaning of all terms, fields, sources of data found therein.

9    11. The identification (including name and date) and purpose of all reports/queries

10       AutoZone created or obtained from its electronic data relating to the compensation

11       and hours worked by hourly AutoZone employees in the State of Oregon between

12       April 1, 2005 and November 17, 2007.

13   **NOTE:** PURSUANT TO ORCP 39C(6), DEFENDANT'S HAS AN AFFIRMATIVE DUTY TO

14   DESIGNATE, PREPARE AND PRODUCE THE PERSON(S) NEEDED TO TESTIFY AS TO

15   THE TOPICS LISTED ABOVE. IF THE PERSON OR PERSONS PRODUCED DO NOT

16   HAVE  ADEQUATE  KNOWLEDGE  TO  TESTIFY,  PLAINTIFFS  WILL  SEEK

17   APPROPRIATE REMEDIES, INCLUDING SANCTIONS.

18       Defendant should, by no later than five (5) business days prior to the date of this

19   deposition, set forth for Plaintiff each person designated and the issue or issues on which such

20   person will testify. The deposition will continue from hour to hour and day to day until complete.

21

22   SIGNED this 27ᵗʰ day of April 2008.    BAILEY, PINNEY & ASSOCIATES, LLC

23

24

25       A.E. "BUD" BAILEY, OSB 87157
         R. BRADLEY GRIFFIN, OSB 072390
26       CHEY POWELSON, OSB 03551
         Attorneys for Plaintiffs

Page 3 -    **FIRST AMENDED ORCP 39C(6) NOTICE OF DEPOSITION**

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served Plaintiff's First Amended ORCP 39C(6) Notice of Deposition, dated April 29, 2008, upon:

Ms. Leigh Ann Tift
Counsel for Defendant AutoZone
Littler Mendelson
One Union Square, 600 University St, Ste 3200
Seattle, WA -98101

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

DATED April 29, 2008

CHEY POWELSON, OSB 03551
Attorney for Plaintiff Migis

**Exhibit 3**

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

April 29, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

**VIA MAIL AND FACSIMILE**

Chey Powelson
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

Re:    *Migis v. AutoZone, Inc.*
       Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:

I received your second ORCP 39 deposition notice. I am not available on May 16, and the corporate witness who has been designated is Mark Dessem, who is in Memphis. Please let me know when you want to reschedule this deposition, allowing for travel time.

Sincerely,

Leigh Ann Tift

cc:    Tanya Holmes

Firmwide:85056966.1 013306.2124

85057839

**Exhibit 4**

**FILE**

1

2

3           IN THE CIRCUIT COURT OF THE STATE OF OREGON
                    FOR THE COUNTY OF MULTNOMAH
4

5   **RICHARD JOARNT AND BERT**
6   **YAMAOKO**, individually, and on behalf of all
    others similarly situated,                              No. 0503-02795
7
                            Plaintiffs,                      NOTICE OF DEPOSITION
8
        v.
9
    **AUTOZONE, INC.**, a Foreign Corporation,
10
                            Defendant.
11
            TO: **AUTOZONE, INC.** by and through its attorney, Victor J. Kisch.
12
            **PLEASE TAKE NOTICE:** that starting at 9:00 AM, on August 25, 2005, the
13
    deposition of the person most knowledgeable, as defined below, will be conducted at the
14
    offices of Tonkon Torp; 1600 Pioneer Tower; 888 SW Fifth Ave.; Portland, OR 97204. Said
15
    deposition will be reported by court reporter and/or by audio/videotape. You are invited to
16
    attend and cross-examine.
17
            The "person most knowledgeable" is defined for the purposes of this notice as the
18
    individual who has the most knowledge about Defendant's payroll and payment procedures,
19
    in regards to employee paychecks. The person most knowledgeable should also know where
20
    payroll is processed and how payroll calculations are made.
21
            This notice shall be continued as to time and place upon stipulation of the parties.
22
                            DATED: July 22, 2005.
23

24

25                          SHAUNA M. SJOSTROM, OSB 04418
                            Attorney for Plaintiff
26

Page 1 -        Notice of Deposition

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Notice of Deposition** upon:

Victor J. Kisch                     Fax No. 503-221-1440
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave.
Portland, OR 97204

by the following indicated method or methods:

[X]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

[X]    by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed.

DATED:    July 22, 2005

DAVID A. SCHUCK

**Exhibit 5**

**Tift, Leigh Ann C.**

| | |
|---|---|
| **From:** | Chey Powelson [cpowelson@wagelawyer.com] |
| **Sent:** | Tuesday, April 29, 2008 4:45 PM |
| **To:** | Tift, Leigh Ann C. |
| **Cc:** | Alpern, Amy R.; Bud Bailey; Brad Griffin; Charity Shindle |
| **Subject:** | RE: AutoZone/Migis |
| **Attachments:** | Pltf 1st Amended ORCP 39C(6) Dep Ntc_04-29-08.pdf |

Ms. Tift:

Thank you for the new dates. See the attached First Amended ORCP 39C(6) Notice for a deposition to take place in Portland, Oregon. I'll also e-mail this to you. Please also note this is in addition to the ORCP 39C(6) Notice of deposition set for May 15, 2008 in Portland, Oregon. It does not sound as though it would be overly burdensome for AutoZone to produce Mr. Dessem for deposition in Oregon, where Defendant operates well over 20 retail stores, and where there are important socio-economic issues at stake in this litigation (e.g., a foreign corporation's compliance with Oregon's wage and hour laws applicable to a large number of Oregon residents).


Chey Powelson

---

**From:** Tift, Leigh Ann C. [mailto:LTift@littler.com]
**Sent:** Tuesday, April 29, 2008 3:43 PM
**To:** Chey Powelson
**Cc:** Alpern, Amy R.; Bud Bailey
**Subject:** RE: AutoZone/Migis

Our witness is available on the 28th, 29th or 30th of May, in Memphis. Let me know which date works best for you.

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, April 29, 2008 2:56 PM
**To:** Tift, Leigh Ann C.
**Cc:** Alpern, Amy R.; Bud Bailey; Brad Griffin; Charity Shindle
**Subject:** RE: AutoZone/Migis

I think we're still having a problem communicating about AutoZone's duty of designating witnesses.

Please keep in mind I never said you committed to producing a local witness as to the second ORCP 39C(6) Notice – I was referring you to our earlier discussion (and my follow up letter(s)) regarding the location: Plaintiff's position is that these depositions should occur in Oregon. Defendant's reference (in a letter of last week) to this office's "practice" from another case occurring over two years ago lacks persuasiveness.

If you're referring to the draft, stipulated protective order Defendant sent after 5:00 p.m. on Monday and then the next day informed Judge LaBarre we were refusing to sign it, please be advised I'm almost done drafting a proposed SPO you should soon receive. See also the attached Order from the W.D.Wash., which I think is important to set the context of our discussions on this matter.


5/14/2008

---

**From:** Tift, Leigh Ann C. [mailto:LTift@littler.com]
**Sent:** Tuesday, April 29, 2008 2:38 PM
**To:** Chey Powelson
**Cc:** Alpern, Amy R.
**Subject:** RE: AutoZone/Migis

Amy is selected as an arbitrator in another case on the 16th, Doug is working on something else and neither Jennifer nor Neil is sufficiently familiar with these facts. We're checking with our witness to find other dates that he is available. Also, just to clarify, this witness is in Memphis. I told you we could produce a local witness to respond to the first 39C request. I did not ever commit to a local witness on the topics referenced in the second 39C notice (which you served yesterday) and none is available. This deposition will have to take place in Memphis, and the logistics of a deposition in Portland on the 15th and a deposition in Memphis on the 16th are not workable.

On another subject, I would appreciate it if you would respond to our proposed protective order. You have had this document for more than a week. If you are not going to sign the order we prepared, please submit either a revised version or your own proposal. As Judge LaBarre mentioned, these are customary.

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, April 29, 2008 11:30 AM
**To:** Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Does your firm have other attorneys who could fill in, such as Mr. Parker, Mr. Olsen, Ms. Mora, or Ms. Alpern?

---

**From:** Tift, Leigh Ann C. [mailto:LTift@littler.com]
**Sent:** Tuesday, April 29, 2008 11:28 AM
**To:** Chey Powelson
**Subject:** RE: AutoZone/Migis

You and Neil talked about these depositions about a month ago. Since that time, I have a personal issue come up that will not allow me to attend a deposition on the 16th.

---

**From:** Chey Powelson [mailto:cpowelson@wagelawyer.com]
**Sent:** Tuesday, April 29, 2008 11:14 AM
**To:** Tift, Leigh Ann C.
**Cc:** Alpern, Amy R.; Bud Bailey; Brad Griffin; Charity Shindle
**Subject:** FW: AutoZone/Migis

Ms. Tift:

I've reviewed your faxed letter this morning indicating that Plaintiff's second ORCP 39C(6) deposition of AutoZone (primarily on payroll issues) cannot occur on May 16. I'm forwarding Mr. Olsen's prior e-mail for your convenience, in which Defendant already confirmed May 14 – 16 for these types of depositions. Plaintiff also expects the deposition to go forward as scheduled, and in Oregon as previously discussed.

Chey Powelson

5/14/2008

**From:** Olsen, Neil N. [mailto:NOlsen@littler.com]
**Sent:** Thursday, April 03, 2008 12:54 PM
**To:** Chey Powelson
**Cc:** Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C.
**Subject:** RE: AutoZone/Migis

Chey,

Yes, we are working diligently to compile responsive documents. Yes, we have conferred regarding you filing a motion to enforce the order.

Yes, I will provide you an update on other issues you raised.

Regarding depositions of AutoZone personnel, I do recall you mentioning your desire to take ORCP 39C(6) depositions. I think it is fine to pencil in May 14 to 16 for all of them, including the IT-type deposition (I assume most if not all will be in Memphis, so we will want to consolidate travel as I assume will you), but we will need you to describe with reasonable particularity the matters on which examination is requested so that we may determine the most appropriate designee. Perhaps draft notices would be appropriate. Once we determine the designee for each area, we can better nail down a schedule. Are Messrs. Dessem and Massey persons who you believe we will designate? We will need to work out the scope of the deposition regarding Affirmative Defenses.

Regarding Mr. Migis's deposition, we are willing to depose him after your ORCP 39C(6) depositions. How does May 20 or 21 look?

I will address your native format request by next week.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com
- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is str
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.cc

Littler Mendelson, P.C.
http://www.littler.com

5/14/2008

**Exhibit 6**

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 2, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

### *VIA FACSIMILE AND U.S. MAIL*

Chey Powelson
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

> Re:  *Migis v. AutoZone, Inc.*
> ·Multnomah County Circuit Court Case No. 0711-13531

Dear Chey:

In response to your first letter of April 29, AutoZone will not stipulate to authenticity and admissibility of all documents exchanged in discovery. In response to your second letter of April 29, AutoZone will accept your proposed form of Stipulated Protective Order. Please prepare a final copy, send it to me, and I will sign it.

In response to your third letter of April 29 (and the correspondence that preceded it), please be advised that AutoZone will produce a local witness to testify to the subjects listed in the first notice on May 15—because there is a regional HR person who is qualified to do so, and who worked, at least in part, in Oregon. In response to your second notice, however, there is no one local who is qualified to testify to these subjects. I have told you this before, and also told you that AutoZone will produce a witness to testify on those subjects in Memphis, where the witness lives and works. If you want to take a telephone deposition, that is fine with me, but there is no one present in Oregon who can respond to the subjects set out in the second 39C notice, and simply sending another subpoena with a Portland location will not change the fact that all of AutoZone's payroll functions are centered in Memphis or the witness' place of residence. Please let me know as soon as possible if we need to continue to hold time on our Memphis witness' calendar for May 30.

Chey Powelson
May 2, 2008
Page 2

Sincerely,

Leigh Ann Tift

LAT:sls

cc:     Tanya Holmes
        Jennifer Mora

Firmwide:85096427.1 013306.2124

**Exhibit 7**

# BAILEY, PINNEY & ASSOCIATES, LLC

**Attorneys at Law**
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

**CHEY POWELSON**
 Telephone (360) 567-2551
 Facsimile  (360) 567-3331
 e-mail: CPowelson@wagelawyer.com

 * Washington License WSBA 34593
 * Oregon License OSB 03551

May 2, 2008

## VIA E-MAIL ONLY

**Ms. Leigh Ann Tift**
ltift@littler.com
One Union Square
600 University St, Ste 3200
Seattle, WA 98101-3122

> *Re:*   *Migis v. AutoZone, Inc.* (Multnomah Co. Circuit Court No. 0711-13531)
>            Defendant's May 2 Letter Regarding ORCP 39C(6) Designee Location

Ms. Tift:

I reviewed your letter of today. Defendant still appears to be under the impression it must produce one or more ORCP 39C(6) designees who are "qualified" to testify (based on their personal knowledge) on the issues noticed, which means Plaintiff must travel to Memphis where the designee(s) reside.

Be advised that, and consistent with my earlier representations, Plaintiff still expects to depose AutoZone on all ORCP 39C(6) issues in the State of Oregon, not Tennessee, at the dates and times noticed. AutoZone operates over 20 stores in the State of Oregon. During the claims period at issue in this lawsuit employed hundreds of Oregon residents.

Moreover, as you know, when determining the location of depositions such as these, one of the critical factors courts consider is the likelihood that disputes between the parties will arise during the deposition.

The way this case has proceeded up to this point, including Defendant's refusal to stipulate to even the most routine matters, foreshadows less-than-agreeable ORCP 39C(6) depositions.

The depositions should occur in Oregon. This will facilitate more efficient (expedient) resolutions to any problems that arise.

                    Sincerely,

                    /s/

                    Chey K. Powelson
                    Attorney for Plaintiff

**Exhibit 8**

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 8, 2008

Leigh Ann Tift
Direct: 206.381.4905
Direct Fax: 206.447.6965
ltift@littler.com

## VIA MAIL AND FACSIMILE

Chey Powelson
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

Re:   *Migis v. AutoZone, Inc.*
      Multnomah County Circuit Court Case No. 0711-13531

Dear Mr. Powelson:

This is in response to your most recent letter regarding the second 39C deposition notice and our discovery conference this morning. In your letter of May 2, 2008 regarding the location of the 39C deposition, you state: "Defendant still appears to be under the impression that it must produce one or more ORCP 39C(6) designees who are 'qualified' to testify based upon their personal knowledge [in response to these notices]."

We do not believe that the witnesses need to testify on the basis of personal knowledge. I am well aware that corporate knowledge of a witness will suffice for this purpose. I am also well aware of the requirement that the corporation produce the most qualified person to testify on its behalf. *See, Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 798 (9th Cir. 2003); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (corporation must identify person who best speaks for it on 30(b)(6) subjects). As I have explained to you numerous times, AutoZone's payroll employees, and specifically the person knowledgeable about the subjects you identify in your deposition notice, all live and work in Memphis. None are resident in the state of Oregon. AutoZone cannot teach its store managers or area managers in Oregon an area entirely outside their job responsibilities and then designate them as a person best able to speak to AutoZone payroll policies and programs and will not do so. The second 39C designee will be available for deposition in Memphis. If you want to take a telephone or video deposition, that is acceptable to us.

You asked about the designee for the first 39C deposition and whether that person will be prepared to speak to all subjects in the notice—you specifically mentioned AutoZone's defense of laches, and your contention that the company must produce a fact witness to show that it was materially harmed by delay. I maintain that most of what you spoke of is legal theory, or application of law to facts, but to the extent that the witness can testify without

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®

600 University Street, Suite 3200, Seattle, Washington 98101.3122 Tel: 206.623.3300 Fax: 206.447.6965 www.littler.com

PR156095

Chey Powelson
May 8, 2008
Page 2

disclosing attorney client communications or work product, we will produce an appropriate witness next week.

With respect to the lengthy discovery conference this morning, lasting more than 11/2 hours, please note that I have offered to look at documents you designate to see if we will stipulate to their authenticity. You indicate you feel you should not have to spend the time identifying these documents, but did, eventually, ask that I review Bates-labeled documents AZ/Migis 282-294 and something you called the "Q-2 earnings report." I've looked at Bates labeled documents AZ/Migis 282-294, and we will stipulate that these documents, and any others that are titled "Employee 200_ [inserting the noted year and quarter] Earnings Record" are what they purport to be—that is, a report of an employee's earnings by quarter. You asked that I also stipulate that "everything like them" is authentic. I'm not able to enter into such a stipulation, but if you want to identify documents, or even Bates ranges, I will, as I said, look at them and give your our answer.

You asked that AutoZone produce all of Mr. Migis' work schedules. As I think you know, from the previous case, AutoZone managers do not always retain work schedules. A work schedule is a plan—it does not represent the actual hours worked. AutoZone does keep proper records of hours worked, but does not necessarily keep work schedules. I believe you have what there is to produce in regard to Mr. Migis' past work schedules, but if there are schedules that are located as this case progresses, we will produce them. The same is true for any other documents that are located and are responsive to discovery requests.

You asked for an electronic copy of the lunch variance report we sent you in hard copy. I will have a disk sent to you.

You asked me to send a corrected copy of my declaration in support of our opposition to the motion for attorney fees. If I mistakenly attributed a conversation to the wrong day, I will make sure the court is aware of the mistake.

You suggested that AutoZone did not produce all emails relative to your RFP # 2 because, you posit, AutoZone managers "must be emailing" one another "all the time" about wage and hour matters. I told you I'd seen nothing that would lead me to believe that was true. You also seem to forget that this Request does not ask about emails about "wage and hour matters," it is much more specific than that. You asked me if I include all HR managers when I said I had not seen anything that led me to believe your hypothesis was correct, and I responded, and want to reiterate, that we are talking about specific discovery requests, not my personal opinions—or yours—about the content of email traffic within AutoZone.

You suggested that AutoZone had not complied with its obligation to provide Plaintiff with a "weekly summarization of hours" in response to RFP No. 4. AutoZone provided Plaintiff with exactly what was requested.

Chey Powelson
May 8, 2008
Page 3


We had an extended discussion about Plaintiff's demand for every time record for every employee employed by AutoZone in Oregon for the one year period preceding the filing of the Migis complaint. You initially asked if AutoZone would stipulate to class certification. We will not. Next, you suggested that you would agree to accept 1 out of every 5th employee's records, if I would stipulate that that sample was representative. I asked if you would also stipulate that those records were representative, which you declined to do. You then changed your mind and said you would accept 1 out of every 3rd employee's records if I would stipulate that the records were representative, but again declined to do so on behalf of Plaintiff. Next you said you might consider that stipulation if I would agree you could depose the person who randomly selected the employee's whose records were produced. Ultimately, you changed your mind about that, too, and said you intended to move to compel all time records for all employees.

Finally, I am compelled to address the conclusion of our conversation. I felt that the conversation degenerated into comments that were completely unprofessional and sometimes bizarre (the "metaphysical truth" part, for example). I would appreciate it if you would refrain from this kind of conversation in the future. I think that these discovery conference should be much briefer and more to the point.


Sincerely,

Leigh Ann Tift


cc:     Tanya Holmes
        Amy Alpern


Firmwide:85145553.1 013306.2124

**Exhibit 9**

# BAILEY, PINNEY & ASSOCIATES, LLC
### Attorneys at Law
#### 1498 SE TECH CENTER PLACE, SUITE 290
#### VANCOUVER, WA 98683

**CHEY POWELSON**
Telephone  (360) 567-2551
Facsimile  (360) 567-3331
e-mail: CPowelson@wagelawyer.com

* Washington License WSBA 34593
* Oregon License OSB 03551

May 12, 2008

**VIA E-MAIL & FAX:** (206) 447 - 6965

**Ms. Leigh Ann Tift**
ltift@littler.com
One Union Square
600 University St, Ste 3200
Seattle, WA  98101-3122

> **Re:**   *Migis v. AutoZone, Inc.* (Multnomah Co. Circuit Court No. 0711-13531)
> ORCP 39C(6) Issues

Ms. Tift:

This letter is (a) in response to your May 8, 2008 letter and (b) to reiterate Plaintiff's position as set forth in prior letters to you and during our phone conversations on the matter.

On May 15 and May 30, Plaintiff expects to depose one or more AutoZone designees *in the State of Oregon* on all matters for which AutoZone is noticed to appear pursuant to ORCP 39C(6).

Some time ago you informed me AutoZone would be moving for a protective order on the issue of Plaintiff's April 10, 2008 39C(6) notice for deposition on May 15.

More recently (and in response to my inquiry during a telephonic discovery conference), however, you told me that AutoZone will *not* be moving for a protective order.

If Defendant fails to appear at deposition as noticed on May 15 and May 30, be advised Plaintiff may be forced to move the Court for relief.  See e.g., ORCP 46D; *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275 (3rd Cir. 2000); *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993); *Ferko v. NASCAR*, 218 F.R.D. 125 (E.D.Tx. 2003), and *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168 (D.D.C. 2003).

Sincerely,

/s/

Chey K. Powelson
Attorney for Plaintiff

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

Amy R. Alpern
Direct: 503.889.8878
Direct Fax: 503.914.1816
aalpern@littler.com

May 22, 2008

**VIA MESSENGER**

Civil Clerk
Multnomah County Circuit Court
1021 SW Fourth Avenue
Portland, OR 97204

Re:  *Michael Migis v. AutoZone, Inc.*
     Multnomah County Circuit Court Case No. 0711-13531

Dear Clerk:

Enclosed for filing in the above-referenced matter are:

1.   Defendant's Motion for Protective Order and Memorandum in Support Thereof (oral argument requested);

2.   Declaration of Leigh Ann Collings Tift in Support of Defendant's Motion for Protective Order and Memorandum in Support Thereof (with attached exhibits);

3.   Defendant's Motion for Partial Judgment on the Pleadings and Statement of Points and Authorities in Support (oral argument requested) (with attachment).

Both motions have been praeciped and will be heard by the Honorable Jerome E. LaBarre on July 2, 2008 at 1:30 p.m.

Also enclosed are postage-prepaid postcards that I would appreciate you filling out and returning to us when the above motions have been filed.  Please call me if you have any questions.

Very truly yours,

LITTLER MENDELSON

Amy R. Alpern
ARA/jrs
Enclosures
cc:   Honorable Jerome E. LaBarre (w/enclosures, via messenger)
      A.E. "Bud" Bailey (w/enclosures, via facsimile)
      Chey Powelson (w/enclosures, via facsimile)

Firmwide:85285946.1 013306.2124

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
1750 SW Harbor Way, Suite 450, Portland, Oregon 97201  Tel: 503.221.0309 Fax: 503.242.2457 www.littler.com

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON



RECEIVED

MAY 2 2 2008

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### FOR THE COUNTY OF MULTNOMAH

**MICHAEL MIGIS**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**AUTOZONE, INC.**, a Foreign Corporation,

Defendant.

Case No. **0711-13531**

**MOTION PRAECIPE**

**Notice is hereby given** that attorneys for Plaintiff has set a motion for hearing as follows:

| **Judge:** The Hon. Jerome LaBarre | **Room:** 702 |
|---|---|
| **Date:** July 2, 2008 | **Time:** 1:30 p.m. |

On Call _____ for _____ in Room 208 at 9:00 a.m.

This is a _____ first _____ subsequent setting.

Length of time requested for this motion hearing: **30 minutes**

☐ Moving party waives appearance.    ☐ Reporting is requested.

☐ Hearing by telephone is requested.    (Fee is required when motion is filed)

**Type of Motion:** Supplemental Briefing on Plaintiff's Motion to Enforce Court Order

I certify that I caused to be served a copy of this Praecipe by ~~_____~~ Hand Delivery as required by SLR 5.015 on the opposing party as follows:

Ms. Amy Alpern
Littler Mendelson
1750 SW Harbor Way, Ste. 450
Portland, OR 97201

DATED May 22, 2008.

CHEY POWELSON, OSB 03551
Of Attorneys for Plaintiff

Page 1 -    **MOTION PRAECIPE**

1

2                                                                    **RECEIVED**

3                                                                    MAY 2 2 2008

4

5

6

7                    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

8                          **FOR THE COUNTY OF MULTNOMAH**

9

10    **MICHAEL MIGIS**, individually and on          Case No. **0711-13531**
      behalf of all others similarly situated,

11                                    Plaintiff,

12                                                    STATEMENT OF ATTORNEYS' FEES
          v.                                          AND COSTS BILL FOR PLAINTIFF

13    **AUTOZONE, INC.**, a Foreign Corporation,

14                                    Defendant.      JUDGE JEROME LaBARRE

15

16    STATE OF WASHINGTON )
                           ) ss.
17    County of Clark      )

18         The undersigned attorney represents to the Court that, under penalty of perjury and upon

19    information and belief, the following facts offered in support of an award of reasonable expenses,

20    including attorneys' fees, are true based on the information available:

21         1.    Pursuant to this Court's oral order on April 22, 2008 that Plaintiff be awarded

22    expenses relating to Defendant's *Motion for Extension of Time* (**Exhibit 1**, attached hearing

23    transcript (pp. 20:25 - 21:12)) to this Court's Second Order on Plaintiff's *First Motion for Order*

24    *Compelling Discovery*, the Plaintiff is entitled to a sum for reasonable expenses, including

25    attorneys' fees, necessarily incurred. See also ORCP 46B.

26    ///

Page 1 -      **STATEMENT ATTORNEYS' FEES AND COST BILL FOR PLAINTIFF (JUDGE LaBARRE)**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1      2.      The number of hours and services rendered relating to Defendant's *Motion for*

2  *Extension of Time* for each attorney and associate attorney and the hourly rates for each are set

3  forth in detail in **Exhibit 2** (as modified by Plaintiff's attorney on May 21, 2008 and hand-

4  delivered to Defendant's counsel), attached hereto. Plaintiff's counsel mailed a prior, unmodified

5  version of Exhibit 2 to Defendant on or about April 25, 2008, and to which Defendant objected.

6  Attached as **Exhibit 3** is Plaintiff's letter to Defendant's counsel, requesting that Defendant's

7  counsel correct her declaration supporting Defendant's Objection to Plaintiff's billing statements

8  (unmodified version of Exhibit 2) because the declaration appeared to set forth inadvertent,

9  incorrect information. **Exhibit 2** is summarized as follows:

| **NAME** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| A.E. "Bud" Bailey (AEB) | $495.00 | 8.30 | $4,108.50 |
| J. Dana Pinney (JDP) | $495.00 | 0.50 | $247.50 |
| Chey K. Powelson (CPow) | $250.00 | 16.00 | $4,000.00 |
| R. Bradley Griffin (BG) | $250.00 | 0.80 | $200.00 |
| Karen A. Moore (KMo) | $250.00 | 0.30 | $75.00 |
| | Total Attorneys' Fees: | | **$8,631.00** |

18      3.      The following charges, as reflected in **Exhibits 4 and 5** (also sent via mail on

19  April 25 to Defendant's counsel), are reasonable and necessary and are not included in the hourly

20  rate set forth above.

| | |
|---|---|
| Process Services | **$ 25.00** |
| **Total Costs** | **$ 20.00** |
| | **$ 45.00** |

23  ///

24  ///

25  ///

26

Page 2 -      **STATEMENT ATTORNEYS' FEES AND COST BILL FOR PLAINTIFF (JUDGE LaBARRE)**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1

2        4.    Based on the above, Plaintiff Migis as Petitioner is entitled to an award for reasonable and necessary attorneys' fees of **8,631.00**, and for costs of **$45.00**.

3

4

5

6

7    DATED this 22ⁿᵈ day of May 2008.    BAILEY, PINNEY & ASSOCIATES, LLC

8

9

10        CHEY POWELSON, OSB 035512
    Attorney for Plaintiff

11

12    Subscribed and sworn to before me today, this 22 day of May 2008.

13

14

15    Notary Public for Washington
16    My Commission Expires: _11·19·2010_

17

18

19

20

21

22

23

24

25

26

Page 3 -    **STATEMENT ATTORNEYS' FEES AND COST BILL FOR PLAINTIFF (JUDGE LaBARRE)**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Declaration of Chey Powelson in
Support of Attorneys' Fees and Costs
Bill for Plaintiff

FILED

08 MAY 22 PH 4: 55

CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly situated,

                           Plaintiff,

    v.

AUTOZONE, INC.,

                         Defendant.

No. 0711-13531

DECLARATION OF CHEY K.
POWELSON IN SUPPORT OF
PLAINTIFF'S REQUEST FOR
ATTORNEY FEES

ENTERED

MAY 2 8 2008

IN REGISTER BY SL

I, Chey K. Powelson, hereby declare:

1.      I am one of the attorneys for Plaintiff herein.

2.      I make this declaration upon personal knowledge and in support of Plaintiff's Petition for Award of Attorney Fees.

3.      I am an associate attorney at Bailey, Pinney & Associates, LLC and have practiced at the firm since January 2008.

4.      I graduated from Gonzaga University School of Law in 2002 and also obtained a Master's degree in Business Administration from Gonzaga University in 2004.

5.      I am admitted to practice law in the State of Oregon, the State of Washington, and the United States District Court of Western and Eastern Districts of Washington.

6.      Bailey Pinney & Associates limits its practice (with minor exceptions) to employment litigation emphasizing wage and hour law.

7.      Bailey Pinney & Associates was retained by Plaintiff on a contingency basis. I recorded hours I worked on the case, but the firm is only entitled to payment of its attorney

Page 1 -   Declaration of Chey K. Powelson in Support of Plaintiff's Request for Attorney Fees

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 · Vancouver, Washington 98683
(360) 567-2551 · Fax (360) 567-3331

1    fees should Plaintiff prevail.

2        8.      Cases are accepted by this firm based upon the belief that a defendant has

3   violated some statutory employment protection law, not based upon the size of the underlying

4   claim. I consider my representation in such cases to be a matter of social and public benefit in

5   redressing violations of statutory employment laws.

6        9.      The fact that Plaintiff's claims were small makes an award of a full measure of

7   damages all the more imperative. Statutory purposes can only be effected by an award of the

8   full amount of attorneys' fees to encourage an attorney to prosecute the small yet difficult

9   cases.

10       10.     Plaintiff's petition for attorney fees details the time required in the prosecution

11   of this case.

12       11.     Most of my hours recorded on this petition were entered on a daily basis

13   contemporaneously with the activity performed. Some hours were recorded reasonably soon

14   thereafter and while the time expended was still fresh in my memory. Time records are

15   entered directly into the computer system via time sheets for all matters for all clients.

16       12.     All my hours claimed in the Fee petition supported by this declaration were

17   necessary and reasonable in the prosecution of this case.

18

19       I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

20   BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

21   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

22       Dated May 22, 2008.

23

24

25                      CHEY K. POWELSON OSB 035512
                           Of Attorneys for Plaintiffs

26

Page 2 -   Declaration of Chey K. Powelson in Support of Plaintiff's Request for Attorney Fees

# Declaration of A.E. Bud Bailey in Support of Attorneys' Fees and Costs Bill for Plaintiff



FILED

09 MAY 22 PM 4:55

IT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

**MICHAEL MIGIS,** individually, and on behalf of all other persons similarly situated,

     Plaintiff,

  v.

**AUTOZONE, INC.,**

     Defendant.

No. 0711-13531

**DECLARATION OF A.E. BUD BAILEY IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

ENTERED

MAY 2 8 2008

I, A.E. Bud Bailey, hereby declare:

1. I am a senior attorney and member in Bailey, Pinney & Associates, LLC, of attorneys for Plaintiff, and was one of the primary attorneys responsible for representing Plaintiff in this matter.

2. I make this Declaration upon personal knowledge and in support of Plaintiff's Petition for Attorneys' Fees.

3. I am admitted to practice in the State and Federal Courts of Oregon and the State Courts of Washington. I have been engaged in the practice of law since my admission to the Oregon Bar in 1987. My practice is limited to employment law, and emphasizes wage and hour.

4. Since 1999, I have been a principal member in the firm of Bailey, Pinney & Associates, LLC, which limits its practice (with minor exceptions) to employment litigation, involving employment contracts and wage and hour law.

Page 1 - Declaration of A.E. Bud Bailey in Support of Plaintiff's Request for Attorney Fees

## REASONABLENESS OF HOURLY RATE

5.    **Familiarity with Rates within Relevant Area**. I am familiar with the fees charged by attorneys in the Portland metropolitan area and attorneys' hourly rates charged to clients and rates awarded by the Courts in this area.

6.    **Established Market Rate**. I have an established rate for my services. My rate is comparable to defense attorneys of comparable skill and experience who practice in this area of the law and who appear opposite me in litigation of these cases.

7.    **Within Range of Prevailing Market Rate**. My hourly rate is within the range of the prevailing market rate for an attorney with similar legal experience performing work on an hourly basis in a specialized area of law.

8.    **Contingency Basis**. I was retained in this case on a contingency basis. I have endeavored to provide services to civil rights and wage and hour claimants even if they do not have the ability to pay an hourly rate. I can, and will continue to do this, only as long as I have the expectation that upon the successful conclusion of the case, I am paid the market value for my services.

9.    When I accept cases such as this one, I do so without controlling regard to the amount of damages or amount of anticipated recovery. My decision of whether to accept the case is whether or not I am convinced a violation of statutory employment protection laws has occurred. I consider my representation in such cases to be a matter of social and public benefit in redressing violations of statutory employment laws, such that the precise amount of recovery a case presents is secondary

10.    The fact Plaintiff's claims here were small makes an award of a full measure of damages all the more imperative. Statutory purposes can only be affected by an award of the full amount of attorneys' fees to encourage an attorney to prosecute the small yet difficult cases.

Page 2 -    Declaration of A.E. Bud Bailey in Support of Plaintiff's Request for Attorney Fees

11.    Despite my desire to work toward the protection of the statutory rights of employees, I am able to continue to handle the cases only if the Court awards fees comparable to what the firm could have earned by working at its usual hourly rates. In fact, in contingent cases, I expect to make substantially more than my hourly rate.

**HOURS WORKED**

12.    Plaintiff's Petition for Attorneys' Fees details the time required in the prosecution of this case.

13.    All hours included on the Petition for Attorneys' Fees are recorded on a daily basis contemporaneously with the activity performed. Time records are entered directly into the computer system via time sheets for all matters for all clients each day. The time sheets are then electronically transferred to the billing program at regular intervals. The statement of time was generated by the PC Law legal billing computer program for Bailey Pinney and Associates. I have reviewed the hours for accuracy and reasonableness.

14.    The hours claims in the Fee Petition supported by this Declaration are reasonably incurred and necessary to the action, and the hourly rates are reasonable.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated May 22, 2008.

A. E. BUD BAILEY, OSB 87157
Of Attorneys for Plaintiff

Page 3 -    Declaration of A.E. Bud Bailey in Support of Plaintiff's Request for Attorney Fees

Declaration of James D. Pinney in
Support of Attorneys' Fees and Costs
Bill for Plaintiff

FILED

08 MAY 22 PH 4:55

RT COURT
FOR MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS**, individually, and on behalf of all other persons similarly situated,

                    Plaintiff,

     v.

**AUTOZONE, INC.**,

                    Defendant.

No. 0711-13531

**DECLARATION OF J. DANA PINNEY IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

ENTERED

MAY 28 2008

IN REGISTER BY SL

I, J. Dana Pinney, hereby declare:

1.     I am the managing member of the law firm of Bailey, Pinney & Associates, LLC, of attorneys for Plaintiff, and was one of the primary attorneys representing Plaintiff in this matter.

2.     I make this declaration upon personal knowledge and in support of the Plaintiff's Petition for Attorney Fees. I am familiar with the facts averred to herein, and if called to testify regarding these facts, I could and would do so competently.

3.     I am admitted to practice in the State and Federal Courts of Oregon, Washington, and Washington D.C. I have been engaged in the practice of law since my admission to the Oregon Bar in 1975. Since its founding in 1999, I have been a principal member in the law firm of Bailey, Pinney and Associates LLC, practicing in Oregon and Washington States and Bailey, Pinney and Associates, LLC has limited its practice to wage and hour employment law (with minor exceptions).

4.     The Bailey Pinney and Associates law firm has actively pursued cases to effect the purposes of wage protection statutes, for the prompt payment of final wages, overtime and

1  minimum wages.  The Bailey Pinney and Associates law firm, has successfully litigated over

2  700 individual wage claims and has successfully prosecuted appeals of several cases to the

3  Oregon Court of Appeals and two case to the Oregon Supreme Court.

4       The Oregon Supreme Court cases include: *Joarnt v. AutoZone* 2007 Or. Lexis 768;

5  *Smoldt v. Henkles & McCoy,* 334 Or. 507, 53 P3d 443 (2002); *Taylor v. Werner Enterprises,*

6  329 Or 461, 988 P.2d 384 (1999).

7       The Oregon Court of Appeals cases include:  *Mantia v. Hanson,* 190 Or App 412

8  (2003); *Aguirre v. Albertsons Inc,* 201 Or App 31 (2005); *Wales v. Walt Stallcup Enterprises,*

9  167 Or App 212, (2000); *Vento v. Versatile Logic Systems Corp.,* 167 Or App 272, 3 P.3d 176

10 (2000); *Hurger v. Hyatt Lake Resort,* 170 Or App 320, 13 P.3d 123 (2000).

11      5.    The Bailey Pinney and Associates law firm has actively pursued cases to

12 implement the overtime and minimum wage requirements of the Fair Labor Standards Act

13 both in State and Federal Courts.  Notable Oregon United States District Court cases include:

14 *Ballaris v. Wacker Siltronics.,* U.S. District Court of Oregon, Civil No. 00-1627-KI; *Allen v.*

15 *WTD Industries, Inc.,* 99-249-RE, a class action involving the interplay between Oregon

16 overtime penalty wages and the FLSA liquidated damages; *Hargrove v. Sykes Enterprises*

17 *Inc.,* CV99-110-HA; *Thompson v. Astro Western Stations Inc.,* 98 855-KI; *Davis v. Maxim,*

18 98-1258-HU; and *Fix v. Sutton Motors,* 98-6343-HU.

19      6.    Important wage and hour case decisions prosecuted by the Bailey Pinney and

20 Associates law firm to the 9th Circuit Court of Appeals include:  *Ballaris v. Wacker Siltronic*

21 370 F.3d 901 (9th Cir. 2004); *Gieg v. Howarth* 244 F.3d 775 (9th Cir 2001); and *Trina*

22 *Richardson v. Sunset Science Park Union,* 268 F.3d 654 (9th Cir. 2001).

23                    **REASONABLENESS OF HOURLY RATE**

24      7.    **Familiarity with Rates within Relevant Area.** I am familiar with the fees

25 charged by attorneys throughout Oregon and the attorneys' hourly rates charged to clients and

26 rates awarded by the Courts in this area of law.

1    8.    **Established Market Rate.** I have an established rate for my services. My rate

2 is based on rates charged in the community by lawyers of reasonably comparable skill,

3 experience, reputation and who practices in this and similar specialty areas.

4    9.    **Within Range of Prevailing Market Rate.** My hourly rate is within the range

5 of the prevailing market rate for an attorney with similar legal experience performing work on

6 an hourly basis in a specialized area of law.

7                                  **HOURS WORKED**

8    10.    Plaintiff's Petition for Attorneys' Fees details the time required in the

9 prosecution of this case.

10    11.    Most of my hours recorded on this petition were entered on a daily basis

11 contemporaneously with the activity performed. Some hours were recorded reasonably soon

12 thereafter and while the time expended was still fresh in my memory. Time records are

13 entered directly into the computer system via time sheets for all matters for all clients. The

14 statement of time was generated by the PC Law legal billing computer program for Bailey

15 Pinney and Associates. I have reviewed my hours for accuracy and reasonableness.

16    12.    The hours claimed in the Fee Petition supported by this Declaration are

17 reasonably incurred and necessary to the action, and the hourly rates are reasonable.

18

19    I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

20 BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

21 FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

22    Dated May 22, 2008.

23

24

25    J. DANA PINNEY, OSB #75308
      Of Attorneys for Plaintiff

26

Page 3 -    Declaration of J. Dana Pinney in Support of Plaintiff's Request for Attorney Fees

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 · Vancouver, Washington  98683
(360) 567-2551 · Fax (360) 567-3331

# Declaration of R. Bradley Griffin in Support of Attorneys' Fees and Costs Bill for Plaintiff

```
 1                                          ∴ FILED
 2                                08 MAY 22 PM 4:55
 3                               ∴ UIT COURT
                              FOR MULTNOMAH COUNTY
```

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS,** individually, and on behalf of all other persons similarly situated,

                      Plaintiff,

    v.

**AUTOZONE, INC.,**

                  Defendant.

No. 0711-13531

**DECLARATION OF R. BRADLEY GRIFFIN IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

> ENTERED
>
> MAY 2 8 2008
>
> IN REGISTER BY SL

I, R. Bradley Griffin, hereby declare:

    1.    I am one of the attorneys for Plaintiff herein.

    2.    I make this declaration upon personal knowledge and in support of Plaintiff's Petition for Award of Attorney Fees.

    3.    I am an associate attorney at Bailey, Pinney & Associates, LLC and have practiced at the firm since November 2007.

    4.    I graduated from Washington University School of Law in 2005.

    5.    I am admitted to practice law in the State of Oregon, the State of Missouri, and the United States District Court of Oregon.

    6.    Bailey Pinney & Associates limits its practice (with minor exceptions) to employment litigation emphasizing wage and hour law.

    7.    Bailey Pinney & Associates was retained by Plaintiff on a contingency basis. I recorded hours I worked on the case, but the firm is only entitled to payment of its attorney fees should Plaintiff prevail.

Page 1 -   Declaration of R. Bradley Griffin in Support of Plaintiff's Request for Attorney Fees

8.      Cases are accepted by this firm based upon the belief that a defendant has violated some statutory employment protection law, not based upon the size of the underlying claim. I consider my representation in such cases to be a matter of social and public benefit in redressing violations of statutory employment laws.

9.      The fact that Plaintiff's claims were small makes an award of a full measure of damages all the more imperative. Statutory purposes can only be effected by an award of the full amount of attorneys' fees to encourage an attorney to prosecute the small yet difficult cases.

10.     Plaintiff's petition for attorney fees details the time required in the prosecution of this case.

11.     Most of my hours recorded on this petition were entered on a daily basis contemporaneously with the activity performed. Some hours were recorded reasonably soon thereafter and while the time expended was still fresh in my memory. Time records are entered directly into the computer system via time sheets for all matters for all clients.

12.     All my hours claimed in the Fee petition supported by this declaration were necessary and reasonable in the prosecution of this case.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated May 22, 2008.


R. BRADLEY GRIFFIN OSB 072390
Of Attorneys for Plaintiffs

Page 2 -    Declaration of R. Bradley Griffin in Support of Plaintiff's Request for Attorney Fees

# Declaration of Karen A. Moore in Support of Attorneys' Fees and Costs Bill for Plaintiff



* FILED

08 MAY 22 PM 4:55

CIRCUIT COURT
FOR MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS,** individually, and on
behalf of all other persons similarly situated,

                      Plaintiff,

    v.

**AUTOZONE, INC.,**

                      Defendant.

No. 0711-13531

**DECLARATION OF KAREN A.
MOORE IN SUPPORT OF
PLAINTIFF'S REQUEST FOR
ATTORNEY FEES**

ENTERED

MAY 2 8 2008

IN REGISTER BY SL

I, Karen A. Moore, hereby declare:

1.    I am one of the attorneys for Plaintiff herein.

2.    I make this declaration upon personal knowledge and in support of Plaintiff's
Request for Attorney Fees.

3.    I am an associate attorney at Bailey, Pinney & Associates, LLC and have
practiced at the firm since July 2004.

4.    I graduated from Northwestern School of Law, Lewis and Clark College in
2003.

5.    I am admitted to practice law in the State of Oregon and the United States
District of Oregon.

6.    Bailey Pinney & Associates limits its practice (with minor exceptions) to
employment litigation emphasizing wage and hour law.

7.    Bailey Pinney & Associates was retained by Plaintiff on a contingency basis.  I
recorded hours I worked on the case, but the firm is only entitled to payment of its attorney

Page 1 -   Declaration of Karen A. Moore in Support of Plaintiff's Request for Attorney Fees

1    fees should it prevail.

2        8.    Cases are accepted by this firm based upon the belief that a defendant has

3    violated some statutory employment protection law, not based upon the size of the underlying

4    claim. I consider my representation in such cases to be a matter of social and public benefit in

5    redressing violations of statutory employment laws.

6        9.    The fact that Plaintiff's claims were small makes an award of a full measure of

7    damages all the more imperative. Statutory purposes can only be effected by an award of the

8    full amount of attorneys' fees to encourage an attorney to prosecute the small yet difficult

9    cases.

10        10.    Plaintiff's petition for attorney fees details the time required in the prosecution

11    of this case.

12        11.    Most of my hours recorded on this petition were entered on a daily basis

13    contemporaneously with the activity performed. Some hours were recorded reasonably soon

14    thereafter and while the time expended was still fresh in my memory. Time records are

15    entered directly into the computer system via time sheets for all matters for all clients.

16        12.    All my hours claimed in the Fee petition supported by this declaration were

17    necessary and reasonable in the prosecution of this case.

18

19        I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

20    BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

21    FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

22        Dated May 22, 2008.

23

24

25    _Karen A Moore_
KAREN A. MOORE OSB 040922

26    Of Attorneys for Plaintiffs

Page 2 -    Declaration of Karen A. Moore in Support of Plaintiff's Request for Attorney Fees

RECEIVED

MAY 2 9 2008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS**, individually,
and on behalf of all others similarly
situated,

             Plaintiff,

    v.

**AUTOZONE, INC.**,

          Defendant.

Case No. **0711-13531**

**PLAINTIFF'S MOTION TO BIND
AND/OR COMPEL ORCP 39C(6)
DEPOSITION ANSWERS**

Date: **July 11, 2008**
Time: 1:30 p.m.
Court: The Hon. Jerome LaBarre
Rm: 702

17
18

    **REQUEST FOR ORAL ARGUMENT:** Pursuant to UTCR 5.050, Plaintiff estimates the time needed for oral argument to be 20 minutes. Court reporter services are not required.

19
20
21

    **UTCR 5.010 CERTIFICATION OF COMPLIANCE:** Plaintiff's attorneys certify they made good faith efforts to confer and did confer with opposing counsel to resolve this matter, but the parties are unable to reach resolution.

22

    Therefore, **PLAINTIFF MICHAEL MIGIS** moves this Court for an order:

23

    1. Binding AutoZone to certain ORCP 39C(6) deposition answers.

24
25

    2. In the alternative or in addition thereto, compelling Defendant AutoZone to, within five (5) business days of hearing on this matter, produce for deposition in Oregon one

26

Page 1 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1          or more designees to answer Plaintiff's prior deposition questions (set forth below)

2          because:

3                    a.   Defendant AutoZone failed to adequately prepare one or more designees to

4                         testify as to the issues set forth in Plaintiff's Notice of Deposition; and

5                    b.   Defendant's counsel improperly instructed the corporate designee not to

6                         answer deposition questions.

7          Plaintiff supports this *Motion* with the *Declaration of Chey K. Powelson* ("*Powelson*

8   *Decl.*"), and also refers the Court to Plaintiff's *First Motion for Order Compelling Discovery* and

9   *Motion to Enforce Court Order* because the issues on all motions are inextricably connected.

10         For the specific deposition questions to which Plaintiff seeks complete answers, see

11  *Powelson Decl.*, Ex. A (underlined answers).

12

13                          **I. POINTS & AUTHORITIES** [1]

14         The Court should grant Plaintiff all just relief because although Rule 39C(6) is designed

15  to streamline the discovery process, the May 15 deposition of AutoZone was anything but

16  streamlined. A corporation has a duty to prepare one or more persons to testify as to the issues

17  set forth in a 39C(6) Notice of Deposition. Even though that duty may be burdensome, it is the

18  logical and acceptable result of the corporation's privilege use the corporate form to conduct

19  business.

20         Oregon Rule of Civil Procedure 36B allows discovery into any matters, not privileged,

21  relevant to a party's defenses.   The Oregon Court of Appeals has recently recognized the

22  importance of discovery into affirmative defenses. Facts underlying affirmative defenses are not

23  privileged, nor are they work product, especially where those facts were created or arose as part

24

25          [1]   See also all briefing relating to Plaintiff's *Motion to Enforce Court Order* (and
26  supporting declarations), incorporated herein by this reference.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    of the corporation's normal course of business.  Contention discovery by means of the 39C(6)
2    mechanism is an important mechanism by which to discover a corporation's subjective beliefs
3    and interpretation of documents and events at issue in a lawsuit.

4        Defendant AutoZone first indicated it would move for a protective order on the issue of
5    Plaintiff's April 10, 2008 ORCP 39C(6) deposition, but then later changed its mind.  AutoZone's
6    corporate designee then appeared in Oregon on May 15 and failed to answer numerous questions
7    relating to the issues set forth in the deposition Notice, or was otherwise instructed not to answer
8    by AutoZone counsel.

9        The issues set forth in this *Motion* also support Plaintiff's contention that the May 30,
10   2008 ORCP 39C(6) of AutoZone should occur in Oregon.  An important factor courts look to in
11   determining the location (of a 30(b)(6) deposition) is the likelihood of significant discovery
12   disputes.  See *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381 (M.D.N.C. 1988).  The greater the
13   likelihood, the more appropriate the litigating forum is where the deposition should occur.

14   **A.    ORCP 39C(6) Deposition as a Fact-Finding Mechanism**

15       **1.  Purpose of ORCP 39C(6)**

16   Oregon Rule of Civil Procedure 39C(6) provides, in part:

17       A party may in the notice * * * name as the deponent a public or private
18       corporation * * * and describe with reasonable particularity the matters on
19       which examination is requested.  In that event, the organization so named shall
20       designate one or more officers, directors, managing agents, or other persons
21       who consent to testify on its behalf, and shall set forth, for each person
22       designated, the matters on which such person will testify.

23       The ORCP 39C(6) mechanism, just like its Federal counter-part Fed.R.Civ.Pro. 30(b)(6),
24   "streamlines the discovery process" to prevent a corporation from "bandying" or "sandbagging"
25   the deposing party.  *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 303, 304

26

Page 3 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    (3rd Cir. 2000).[2]  The term "bandying" in this context includes the situation where a corporation's

2    officers or managing agents are deposed in turn but each disclaim knowledge of relevant facts.

3    *Id.* at 304 (referring to the Federal Advisory Committee Notes) (quotes omitted).

4            Nonetheless, during the May 15 ORCP 39C(6) deposition of AutoZone, Defendant's

5    counsel told Plaintiff, "You can't have payroll and policy questions in one notice and expect one

6    person in one state to be able to answer all of those questions, so you have to make choices."

7    *Powelson Decl.*, Ex. A (p. 141:9-12).

8            "[I]f a Rule 30(b)(6) witness is unable to give useful information he is no more present

9    for the deposition than would be a deponent who physically appears * * * but sleeps through it."

10   *Black Horse Lane*, 228 F.3d at 304.  Accord, *Resolution Trust Corp. v. Southern Union Co.*, 985

11   F.2d 196, 197 (5th Cir. 1993).  "Indeed, * * * the purpose behind Rule 30(b)(6) undoubtedly is

12   frustrated * * * [when] a corporate party produces a witness who is unable and/or unwilling to

13   provide the necessary factual information on the entity's behalf." *Black Horse Lane* at 304.

14           **2.  Duty to Prepare One or More Persons to Testify**

15           Upon receipt of an ORCP 39C(6) notice of deposition, a corporation has an affirmative

16   duty to both designate and prepare one or more designees to testify on "matters known or

17   reasonably available to the organization."

18           A corporate litigant's duty to designate one or more persons requires that the corporation

19   "make a conscientious good faith endeavor to designate [those] having knowledge of the matters

20   sought by [the deposing party]," *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638

21   (D.Minn. 2000) (cite omitted), or designate and prepare one or more persons on matters

22

23

24           [2] Federal cases interpreting the Federal counterparts to an Oregon Rules of Civil
     Procedure may be persuasive. See e.g., *Goldsborough v. Eagle Crest Partners, Ltd.*, 105 Or App
25   499, 503 (1991), *aff'd*, 314 Or 336 (1992) (in context of ORCP 43); *Hahm v. Hills*, 70 Or App
     275, 279-80 (1984) (in context of ORCP 46); and *State ex rel. Thesman v. Dooley*, 270 Or 37,
26   43-44 (1974) (in context of former discovery statute ORS 41.615).

Page 4 -        **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    reasonably known or available to the organization.[3]  It is irrelevant whether a potential designee

2    has personal knowledge of the subject matters; the corporation must prepare that designee to

3    testify on the noticed subjects.[4]

4            Upon designation, the designee is obligated to review any and all relevant documents

5    within the corporation's possession, custody or control.  *Calzaturficio S.C.A.R.P.A., s.p.a. v.*

6    *Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D.Mass. 2001).

7            "Even if the documents are voluminous and the review of those documents would be

8    burdensome, the deponents are still required to review them in order to prepare themselves to be

9    deposed." *Calzaturficio*, 201 F.R.D. at 37.  See also *Bank of New York v. Meridien Biao Bank*

10    *Tanzania, Lt'd*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (deponent must be prepared "to the extent

11    matters are reasonably available, whether from documents, past employees, or other sources.").

12            "Any other interpretation of the Rule would allow the responding corporation to

13    **'sandbag' the depositional process** 'by conducting a half-hearted inquiry before the deposition

14    but a thorough and vigorous one before the trial.'" *Prokosch*, 193 F.R.D. at 639 (bold added)

15    (cite omitted).

16            This affirmative yet sometimes burdensome obligation to prepare its designees is merely

17    the "result of the concomitant obligation from the privilege of being able to use the corporate

18    form * * * to conduct business." *Taylor*, 166 F.R.D. at 362.  There are no "less onerous means

19

20            [3] See *Casper v. Esteb Enters.*, 119 Wash App 759, 767 (Div. 2, 2004) (in context of
21    Washington's Civil Rule 30(b)(6)); *Briddell v. St. Gobain Abrasives Inc.*, 233 F.R.D. 57, 60
      (D.Mass. 2005) (in context of Fed.R.Civ.Pro. 30(b)(6)) (citing *U.S. v. Taylor*, infra); *Starlight*
22    *Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 637-38, 639 (D.Kan. 1999); *U.S. v. Taylor*, 166 F.R.D. 356,
      361 (M.D.N.C. 1996), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996); *King v. Pratt & Whitney*, 161
23    F.R.D. 475, 476 (S.D.Fla. 1995) *aff'd*, 213 F.3d 646 (11th Cir. 2000); *Ferko v. NASCAR*, 218
      F.R.D. 125, 142 (E.D.Tx. 2003); *Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39
24    (D.Conn. 2004).

25            [4] See *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75-76 (D.Neb. 1996); *United*
      *States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Buycks-Roberson v. Citibank Fed.*
26    *Savings Bank*, 162 F.R.D. 338, 343 (N.D.Ill. 1995).

Page 5 -      **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    of assuring that the position of a corporation that is involved in litigation[] can be fully and fairly

2    explored." *Prokosch*, 193 F.R.D. at 639.

3          In sum, the corporate designees must be prepared to testify as to "the knowledge of the

4    corporation and the corporation's subjective beliefs and **opinions and interpretation of**

5    **documents and events.**" *Flower v. T.R.A. Indus., Inc.*, 127 Wash App 13, 40 (Div. 3, 2005), *rev.*

6    *denied*, 156 Wash 2d 1030 (2006) (bold added).[5]

7

8    **B.      Privilege, Work Product, and Discovery Into Facts Underlying Affirmative Defenses**

9          **1.   Attorney-Client Privilege**

10          Under Oregon law, the attorney-client privilege does not protect mere facts from

11    disclosure; rather the privilege protects "confidential communications" made for the purpose of

12    facilitating the rendition of professional legal services to the client. See e.g., *State ex rel. Or.*

13    *Health Sci. Univ. v. Haas*, 325 Or 492, 500-01 (1997) (also citing *Upjohn Co. v. United States*,

14    449 U.S. 383 (1981)).   "Confidentiality lies at the heart of the privilege, for unless the

15    communication is 'not intended to be disclosed to third persons,' it is not protected by the

16    privilege at all." *State v. Durbin*, 335 Or 183, 190 (2003) (referring to OEC 503(1)(b)).

17          In *Upjohn*, the United States Supreme Court also distinguished between disclosure of

18    underlying facts and disclosure of "privileged" communications: "The protection of the privilege

19    extends only to communications and not to facts.   A fact is one thing and a communication

20    concerning that fact is an entirely different thing." 449 U.S. 383, 395-96.

21          Thus, facts that are created or exist as a part of a corporation's normal course of business,

22    such as whether AutoZone paid all its terminating employees in a timely manner under ORS

23    652.140, cannot constitute privileged communications.

24    _____

25          [5] See *Taylor*, 166 F.R.D. at 361; *Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 127
      (D.Md. 2002); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *Dravo*
26    *Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb, 1995); *Casper*, 119 Wn App at 766-67;
      and *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172-73 (D.D.C. 2003).

Page 6 -      **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    Instructions not to answer may be made if the information sought is actually privileged.

2    ORCP 39(D)(3)(c).

3    **2.  Work Product Protection**

4    The work product doctrine protects completely from disclosure only those documents and

5    tangible things reflecting the "mental impressions, conclusions, opinions, or legal theories of an

6    attorney or other representative of a party concerning the litigation," and otherwise only generally

7    protects information[6] "prepared in anticipation of litigation or for trial * * * ." ORCP 36B(3).

8    **3.  Privilege and/or Work Product Waiver**

9    Even where a privilege or work product protection would apply, a party can waive such

10    protection by either implied waiver or putting the subject "at issue" in the lawsuit.  This prevents

11    a party from using the privilege or factual, non-opinion work product as both a shield and a

12    sword.[7]

13    AutoZone has attempted to, on the one hand, use its Affirmative Defenses and objections

14    and denials to Plaintiff's Requests For Admission as a sword by claiming that AutoZone timely

15    paid every terminating employee, has not knowingly done so otherwise, acted in good faith, and

16    that any conduct it did engage in was for "lawful business reasons."  See also pp. 14-15 of

17    Plaintiff's *Supplemental Briefing Supporting Plaintiff's Motion to Enforce Court Order*.

18    And on the other hand AutoZone attempts to use the work product as a shield by refusing

19    Plaintiff inquiry into the very matters and facts AutoZone must have known or investigations

20    conducted to deny Plaintiff's Requests For Admission.

21    ///

22

23    _____

[6] Without a showing of substantial need and undue hardship by the discovering party.

24    [7] See e.g., *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577-78 (9th Cir.
1992); *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997); *In re EchoStar Communs.*
25    *Corp.*, 448 F.3d 1294, 1300-04 (Fed. Cir. 2006); and *Granite Partners, L.P. v. Bear, Stearns &*
*Co.*, 184 F.R.D. 49, 54-55 (S.D.N.Y. 1999) (discussing various ways in which work product may
26    be waived).

Page 7 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1    **4. Contention Discovery Into Affirmative Defenses**

2    "For all forms of discovery, parties may inquire regarding any matter, not privileged,

3    which is relevant to * * * the claim or defense of any other party * * * ." ORCP 36B(1).

4    The objective of an affirmative defense "is to provide a legal or factual basis for a finding

5    in the defendant's favor." *State ex. rel. Frohnmayer v. Freeman*, 131 Or App 336, 342 (1994).

6    "To be viable," an affirmative defense should "be capable of supporting a showing that

7    defendants are not liable under the facts alleged * * * ." *Id.* at 343.

8    Even though "affirmative defenses are obviously legal in nature, * * * the facts which

9    support them are not." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435

10    (D.Nev. 2006). "[O]btaining the factual bases for a defendant's asserted position statements or

11    affirmative defenses is not novel." *Id.* at 433. This is also known as contention discovery.

12    One type of "contention discovery" is to request that a litigant "state all the *evidence* on

13    which it *bases* some specified contention." *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328,

14    332 (N.D.Cal. 1985) (italics original) (describing different types of contention

15    discovery/interrogatories).[8]  Cf. ORCP 45, which allows a party to propound requests for

16    admission on matters within the scope of ORCP 36B, "including facts or opinions of fact, or the

17    application of law to fact[.]"

18    Discovery seeking "each and every fact" or "all facts" upon which a litigant bases its

19    contentions may be overly broad. See *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.Kan. 2007) (in

20    context of contention interrogatories) (cites omitted). Rather, a better approach is to seek the

21    "material or principal facts that support a party's contentions * * * ." *Id.*

22

23    [8] See also *Hiskett v. Wal-Mart Stores*, 180 F.R.D. 403, 404-05 (D.Kan. 1998) (Court
24    noting the propriety of contention interrogatories asking for "**'principal or material' facts** which
     support an allegation or defense.") (bold added); *United States v. Boyce*, 148 F.Supp.2d 1069,
25    1086 (S.D.Cal. 2001) ("The [plaintiff's] contention interrogatories are not directed to issues of
     'pure law' that would infringe on the attorney-work product doctrine as codified in Rule 26(b)(3).
26    Rather, **they seek the facts upon which [defendants] relied for their defense** * * * ."); and *U.S.*
     *v. Taylor*, 166 F.R.D. 356, 362, *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996).

Page 8 -    PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS

1     The Oregon State Court of Appeals recently recognized that "[t]he importance of
2  discoverable documents to affirmative defenses is a sufficient ground for dismissal as a sanction
3  for failing to produce [them]." *Asato v. Dunn*, 206 Or App 753, 758 (2006) (affirming
4  Multnomah County Circuit Court's dismissal of plaintiffs' lawsuit as a sanction for failing to
5  comply with an order to produce information potentially relevant to defendants' affirmative
6  defenses).

7     "There is simply nothing wrong with asking for facts from a deponent even through those
8  facts may have been communicated to a deponent by the deponent's counsel." *Caesars Entm't*,
9  237 F.R.D. at 434 (citing *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267,
10  280 (D.Neb. 1989) (*Protective* court ordering a defendant to produce a corporate designee to
11  "recite the facts  upon which [defendant] relied to support the allegations of its answer and
12  counterclaim which are not purely legal, even though those facts may have been provided to her
13  or her employer by [defendant's] lawyers.")).

14     In fact, the affirmative duty imposed upon a corporation to designate persons with
15  knowledge "of the underlying facts of the case is **not altered** in any way if that witness learned
16  of the information by consulting documents protected as attorney work product." *Caesars
17  Entm't*, 237 F.R.D. at 434 (bold added).[9]  The underlying rationale for this is that attorneys for
18  a corporation cannot directly represent the corporation's interests on their own.

19     "If a corporation has knowledge or a position as to a set of alleged facts or an area of
20  inquiry [during deposition], **it is its officers, employees, agents or others who must present
21  the position, give reasons for the position, and, more importantly, stand subject to
22  cross-examination.**" *Taylor*, 166 F.R.D. at 362 (bold added). Accord, *Flower*, 127 Wash App
23  at 40 - 41.

24

---

25     [9] See also *Paul Revere Life Ins. Co.*, 206 F.R.D. at 127 (ordering a party to produce a
   30(b)(6) witness to testify regarding facts obtained by counsel during discovery); and *Security Ins.
   Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D.Conn. 2003) (ordering a party to
26  re-produce a 30(b)(6) designee to testify as to facts supporting its allegations in the pleadings).

Page 9 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    Otherwise, the entire discovery process would grind to a halt if a defendant corporation's

2    attorneys were allowed to contaminate the corporation's knowledge, including its subjective

3    beliefs and opinions and interpretation of documents and events, by asserting privilege or work

4    product over that knowledge.

5

6    **C.    Procedural History Leading Up to the May 15, 2008 39C(6) Deposition**

7        **1.    Court-Ordered Documents**

8        Approximately six weeks after the initial response due date, AutoZone finally submitted

9    denials to Plaintiff's First Requests For Admissions 1 - 3 on February 29, 2008.  And after the

10   Court ordered AutoZone on March 7 to produce the documents supporting its denials to

11   Plaintiff's Requests For Admission, AutoZone belatedly produced the four-page Excel

12   spreadsheet in .pdf format (Bates Nos. AZ/MIGIS 0001212 - 1215), and several other pages of

13   supporting information including "PeopleSoft Action Codes" reflecting whether an employee

14   "quit with notice."

15       During an April 8 hearing on that matter, Defendant's counsel confirmed to the Court that

16   AutoZone's spreadsheet was the document Defendant relied upon to deny Plaintiff's Requests

17   For Admission.[10]

18       On or about April 10, 2008, Plaintiff served his ORCP 39C(6) Notice of Deposition for

19   May 15, 2008. *Powelson Decl.*, Ex. B. The issues set forth in that Notice requested AutoZone's

20   testimony on material facts relating to certain Affirmative Defenses, as well as:

21       (a) "All material facts related to Defendant's denials to Plaintiff's First Requests For

22           Admission Nos. 1 - 3," and

23       (b) "The document(s) Bates-numbered AZ/MIGIS 0001212 - 1215 * * * including * *

24

25       [10] See Exhibit C (pp. 3:19 - 4:8; 5:12 - 16; 10:16 - 11:1; 11:25 - 12:2) to the *Supplemental*
26   *Declaration of Chey K. Powelson* in support of Plaintiff's *Supplemental Briefing Supporting Plaintiff's Motion to Enforce Court Order*.  See also fn 5 to that *Supplemental Briefing*.

Page 10 -     PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1       * the form and content of those document(s) (e.g., **identification and meaning of**

2       **all fields**, sources of data found therein, and the definition of all PeopleSoft Action

3       Codes)."

4 *Powelson Decl.*, Ex. B (¶¶ 8 - 9 (bold added)).

5     **2.  Pre-Deposition Discovery Conferences on the ORCP 39C(6) Notice of Deposition**

6        Plaintiff's counsel had advised Defendant's counsel Neil Olsen during an in-person

7 discovery conference on April 8 that for purposes of an ORCP 39C(5) request for production

8 accompanying the anticipated Notice of deposition, the Notice would have to be issued at least

9 30 days prior the deposition date so as to comply with ORCP 43. Defendant's counsel Olsen

10 prior to that conference had requested a "draft" Notice, but then during the later, in-person

11 conference declined to stipulate to a shorter 39C(5) production period (under 30 days) if Plaintiff

12 would try to accommodate Defendant. *Powelson Decl.*, Ex. C (p. 2), ¶ 4. Therefore, Plaintiff

13 was forced to send out the 39C(6) Notice and request for production.

14        On April 16 Defendant served its written objections to the Notice, based on the grounds

15 that "affirmative defenses are legal defenses that are subject to legal argument and conclusions."

16 *Powelson Decl.*, Ex. D. Defendant then requested that Plaintiff re-draft the Notice of Deposition.

17 *Id.*

18        Also on April 16, Plaintiff responded with a letter to Defendant's counsel, setting forth

19 the proposition that "contention discovery" into affirmative defenses by means of an ORCP

20 39C(6) deposition is appropriate. The next day the parties conferred via telephone to resolve the

21 issues in dispute. *Powelson Decl.*, ¶ 5.

22        With respect to the issues set forth in ¶ 8 of the Notice (facts relating to Defendant's

23 denials of Plaintiff's Requests For Admission) and ¶ 9 (content of the Excel summary report),

24 Defendant's counsel Leigh Ann Tift indicated that it is not any part of any AutoZone employee's

25 job in the State of Oregon to possess that kind of information. *Powelson Decl.*, ¶ 5, Ex. E (p. 3).

26 ///

Page 11 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1        During that April 17 discovery conference Plaintiff further referred Defendant's counsel

2  to *Asato v. Dunn.  Powelson Decl.*, ¶ 5.[11]

3        The parties conferred again via telephone again on April 18 regarding the ORCP 39C(6)

4  Notice. *Powelson Decl.*, ¶ 6. That conference included discussion of the definition of "material

5  fact" (a fact that is "significant or essential to the matter at hand"), and each 39C(6) issue,

6  including the following:

7      1.  Defendant claimed it could not designate a "fact" witness for ¶ 1 (e.g., all material

8           facts related to Defendant's First Affirmative Defense that Plaintiff fails to state any

9           claim for which Plaintiff Migis may serve as an adequate class representative).

10          Inquiry into this matter would have included why AutoZone believed its payment of

11          wages and treatment of Mr. Migis was unique, and not common and/or typical of

12          everyone else in the putative class.

13      2.  Defendant could only designate a regional human resources person to testify as to

14          AutoZone's payroll policies as they relate to ¶ 2 (that under Defendant's Second

15          Affirmative Defense AutoZone treated Plaintiff and all putative class members in

16          good faith, paid them all monies due or believed to be due, and took those actions in

17          accord with "lawful business reasons and in good faith.").

18      3.  Defendant claimed that it is a pure legal conclusion regarding whether any unpaid

19          wages were unpaid, they were subject to a bona fide, good faith dispute (¶ 5,

20          Defendant's Fifth Affirmative Defense).  Defendant further contended that it could

21          produce a witness to testify on AutoZone's pay policies.

22      4.  As for Defendant's contention that this lawsuit may not be maintained as a class

23          action (which includes commonality, typicality, and *numerosity*), during the April 18

24

25      [11] Such importance may also be based, in part, on Multnomah County's one-year to trial default requirement; *i.e.*, discovery into affirmative defenses must occur, if at all, with enough

26  time prior to trial to move for summary judgment where appropriate, and/or to narrow the issues for trial.

Page 12 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1      conference the parties discussed the accessibility of the numbers requested in ¶ 6 a. -

2      e. of the Notice.

3      5.  **Paragraph 8** of the Notice sought AutoZone testimony on the facts supporting its

4          denials to Plaintiff's Requests For Admission, but AutoZone counsel insisted she

5          could only produce a designee on payroll policies. Plaintiff reminded Defendant's

6          counsel Tift that this was not sufficient, and Defendant's delay in producing all

7          documents as ordered by the Court under the second Court order was affecting

8          Plaintiff's ability to prepare for the May 15 deposition.

9      6.  Perhaps most importantly, **Paragraph 9** of the deposition Notice sought AutoZone

10         testimony on the Microsoft Excel summary report AutoZone belatedly produced in

11         response to the Court's first Order, including the form and content of the document,

12         the meaning of all fields in the documents, and the definition of all PeopleSoft Action

13         Codes.[12]

14         During the April 18 discovery conference, Defendant's counsel Tift stated she would

15         see what she could do as to this issue (¶ 9), but stood by the position that since the

16         summary report was created in Memphis, Tennessee, AutoZone could only designate

17         someone from that location to testify. (This is the type of "bandying" ORCP 39C(6)

18         is theoretically designed to prevent.)

19  *Powelson Decl.*, ¶ 6; Ex. F.

20         During the April 18 conference, Defendant's counsel also represented it would be filing

21  a motion for protective order in regards to the Notice of Deposition, but could not provide

22  Plaintiff with a date by which such filing would occur. *Powelson Decl.*, ¶ 7.

23         On May 12, 2008, Plaintiff's counsel reiterated to Defendant that Plaintiff expects to

24  depose one or more designees in the State of Oregon "on all matters for which AutoZone is

25  ────────────────────────

26         [12] PeopleSoft is a human resources-type of software apparently used by AutoZone to
    manage information about its employees.

Page 13 -      **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1  noticed to appear pursuant to ORCP 39C(6)." *Powelson Decl.*, Ex. I.

2  **D.    The May 15, 2008 39C(6) Deposition**

3       By the date of deposition on May 15, Defendant had not filed a protective order even

4  though AutoZone had received the deposition Notice approximately one month earlier. Instead,

5  AutoZone produced one designee in Oregon to testify.

6       At the outset of the deposition, Defendant's counsel objected to the Notice, but went on

7  to state that notwithstanding those objections, "[W]e have prepared [the designee]. What I can

8  tell you is that to the extent that the questions are fact based, he's prepared to answer them."

9  *Powelson Decl.*, Ex. A (p. 5:16-20).

10       Unfortunately, the designee could not answer many of Plaintiff's counsel's questions.

11  In addition, it is Plaintiff's position that Defendant's counsel improperly made numerous

12  instructions for the designee not to answer Plaintiff's questions into, among other things, the facts

13  relating to Defendant's denials to Requests For Admission and whether the designee or anyone

14  else for AutoZone did any investigation into the matters set forth in the Notice of Deposition.

15  Those matters are not protected by the attorney-client privilege or work product doctrine.

16       The questions and failures to answer or instructions not to answer are summarized below,

17  and fully set forth in Exhibit A to the *Powelson Declaration*. For those answers of "I don't

18  know" or something similar, the Court should bind AutoZone to those answers, or in the

19  alternative order answers. The Court should also order answers to those questions AutoZone

20  counsel made instructions not to answer, to the extent that the answer either (a) would not have

21  revealed "privileged" or work product information, or (b) would have revealed information

22  already at issue in this lawsuit (e.g., by virtue of Defendant's denials to Requests for Admission).

23  ///

24  ///

25  ///

26

Page 14 -      PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS

1  **1.** **AutoZone's Testimony on Facts Relating to Its Denials of RFA Nos. 1 - 3 (¶ 8)**

2    **and the Contents of the Excel Summary Report (¶ 9, _Powelson Decl._, Ex. B)**[13]

3    • The designee had not, prior to being placed under oath, read Plaintiff's Request

4     For Admission No. 1. _Powelson Decl._, Ex. A (p. 119:20-23).

5    • Instructions not to answer questions relating to whether there were additional

6     documents the designee looked at or of which he was aware that were the basis

7     for AutoZone's denials. _Id._ (pp. 106:2 - 107:24; 115:23 - 117:2; 126:13 - 127:19)

8    • Instruction(s) not to answer or privilege objections as to whether AutoZone

9     and/or the designee made an investigation into matters related to AutoZone's

10    denials, or other topics such as whether employees who quit without notice were

11    paid timely. _Id._ (pp. 120:9-15; 122:21 - 123:6)

12    • Instruction(s) not to answer questions whether the designee (on behalf of

13     AutoZone) had an understanding of the facts related to the determination by

14     AutoZone that they should deny Request For Admission No. 1. _Id._ (p. 117:6-11).

15    • AutoZone did not know whether the Excel summary report (Exhibit No. 3 to the

16     deposition) is the basis upon which AutoZone believed it could deny the

17     Requests For Admission because the designee would have to review additional

18     documents or reports. _Id._ (pp. 109:7 - 110:2; 124:8-22; 125:14 - 126:2).

19    • Instruction not to answer what additional documents AutoZone used to deny

20     Plaintiff's Requests for Admission. _Id._ (p. 126:3-25).

21    • The designee could not answer, by reviewing the Excel summary report, whether

22     certain employees listed therein timely received their final paycheck. _Id._ (pp.

23

24    [13] As an initial matter, for the first time at deposition Defendant's counsel asserted that inquiry into (facts relating to) AutoZone's denials to Plaintiff's admissions is an "impossible

25 question to answer." _Powelson Decl._, Ex. A (p. 156:10-11). At no time prior to or during the March 7 hearing on Plaintiff's motion to compel or the resulting hearings on the Court's Orders

26 did Defendant assert that production of documents (containing facts) relating to the denials would be "impossible."

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1        110:18 - 113:13; 114:3 - 115:22; 120:9 - 122:16).

2    •    The designee did not review information in the Excel summary report with any

3        other information or documents, and the designee did not have an understanding

4        as to whether the summary report was accurate. *Id.* (p. 113:14-24).

5    •    AutoZone could not answer, by reviewing the documents underlying the Excel

6        summary report, whether AutoZone timely paid an employee their final wages.

7        *Id.* (pp. 129:1 - 132:11: 138:6 - 140:13; 153:12 - 155:8).

8    •    **AutoZone could not define and give meaning to the PeopleSoft Action**

9        **(termination) codes** such as "quit with notice," "quit without notice," or "job

10       abandonment," as set forth on the Excel summary report. *Id.* (pp. 93:13 - 98:2;

11       164:8-11).

12   **2.  Issues Relating to the Numerosity Requirement of ORCP 32A (¶ 6, *Powelson***

13       ***Decl., Ex. B)***

14       Oregon Rule of Civil Procedure 32A requires, in part, that the putative class must be

15   numerous for a case to be certified as a class action. Rule 32C requires a court to make findings

16   of fact regarding whether certification is appropriate. Notwithstanding Defendant counsel Leigh

17   Ann Tift's admission on the April 22, 2008 hearing record that the class is "enormous," Plaintiff

18   sought testimony from AutoZone regarding numerosity.

19       Plaintiff served the ORCP 39C(6) notice in mid-April 2008.  During the May 15

20   deposition, however, in response to many of Plaintiff's questions regarding the total number of

21   Oregon hourly employees who worked during certain periods of time relevant to this lawsuit, the

22   designee answered with, "I don't have [a number]," "I have no idea," "No, I don't have that

23   [number]," or "No," he did not have that information. *Powelson Decl.*, Ex. A (pp. 160:1 - 168:1).

24       Instead, Defendant's counsel informed Plaintiff that Defendant was "working on it."

25   *Powelson Decl.*, Ex. A (163:23-25).  Defendant later suggested that someone such as Plaintiff

26   could "go through the [employee] records and count them up," even though Defendant had

Page 16 -    PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS

1   previously refused to produce one year's worth of Oregon AutoZone employee time records. *Id.*

2   (p. 165:1-8).[14]

3        Nonetheless, Defendant's counsel committed to providing Plaintiff with the answers to

4   these deposition questions at a later date. The parties discussed this on the record. *Powelson*

5   *Decl.*, Ex. A (pp. 163:25; 166:7).

6        But by May 28, almost six weeks after having first received the Notice of Deposition,

7   AutoZone still had not provided the information; it subsequently committed to doing so by June

8   3. *Powelson Decl.*, Ex. G. In response, Plaintiff advised that for purposes of scheduling issues,

9   this topic would have to be addressed in this *Motion*, and if and when Defendant provided

10  complete information, prior to the hearing the parties could inform the Court. But as an

11  alternative to including this topic in the *Motion*, Plaintiff requested that Defendant allow Plaintiff

12  to raise the issue in the *Reply* briefing, if needed. Defendant's counsel did not respond to this

13  request. *Id.*, Ex. G; ¶ 8.

14       In the event the parties resolve this issue before the July 11 hearing date, Plaintiff will

15  inform the Court.

16      **3. AutoZone's Testimony of Facts Supporting Specific Affirmative Defenses (¶¶**

17      **1 - 3, & 5)**

18      ***First Affirmative Defense*** (Plaintiff fails to state any claim for which, in part, class-

19  wide relief may be granted)

20      •  AutoZone could not testify as to any facts of which AutoZone was aware that

21          would give rise to its contention that Plaintiff Migis could not obtain relief in this

22          lawsuit for meal breaks. *Powelson Decl.*, Ex. A (pp. 41:14 - 47:9).

23  ///

24

25     [14] This further supports Plaintiff's contention that one out of three employees' time
records will not constitute adequate, pre-class certification. See *Plaintiff's Second Motion for*
26  *Order Compelling Discovery.*

Page 17 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    ***Second Affirmative Defense*** (Plaintiff and the putative class were treated fairly and

2    in good faith; paid all monies due and/or believed to be due; and the amount and

3    calculation of wages paid were undertaken with lawful business reasons and in good

4    faith.)

5    •   The designee did not know how to answer whether Plaintiff Migis was "paid or

6        not paid." *Powelson Decl.*, Ex. A (pp. 47:19 - 49:13). Instead, the designee

7        indicated that AutoZone Payroll would be qualified to answer whether an hourly

8        employee would be paid for a shortened meal period. *Id.* (pp. 50:14 - 51:18;

9        63:17-22).

10   •   AutoZone did not know what "lawful business reasons" AutoZone may have

11       believed governed its payment (or non-payment) of short lunch periods. *Id.* (pp.

12       52:23 - 53:5; 54:18 - 57:22; 58:14-20; 60:25 - 61:14; 61:20 - 62:18).

13   •   The designee did not make any inquiries prior to deposition so as to answer

14       questions as to whether the amount of calculation of wages paid to Plaintiff Migis

15       and the putative class was in accordance with lawful business reasons and good

16       faith. *Id.* (pp. 62:22 - 63:16).

17   ***Third Affirmative Defense*** (Plaintiff and the putative class are estopped from

18   claiming additional and/or unpaid compensation by reason of actions including failing

19   to report compensable time)

20   •   AutoZone had no personal understanding or knowledge of individuals who have

21       failed to report compensable time, and had no understanding of or information

22       as to whether Plaintiff Migis or the putative class members failed to report

23       compensable time. *Powelson Decl.*, Ex. A (pp. 64:21 - 65:3; 74:7-24; 78:23 -

24       79:11).

25   •   AutoZone had only "scanned through" a "sampling"of Plaintiff Migis's time

26       records, and could not recollect which other people's time records he had

Page 18 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    reviewed. *Id.* (pp. 12:18 - 13:18; 50:9-13).

2    • AutoZone had no knowledge of whether AutoZone employees "closing" the

3    stores at the end of the day failed to report compensable time. *Id.* (pp. 71:5 -

4    73:21).

5    • AutoZone was not aware of whether AutoZone had a practice or policy to

6    discipline employees who failed to report all time worked. *Id.* (p. 79:12-17).

7    *Fifth Affirmative Defense* (Any and all unpaid wages are subject to a bona fide, good

8    faith dispute in that AutoZone has paid all wages that it knows or knew were due, and

9    that therefore Autozone should not be subject to the imposition of penalties (willfulness))

10    • AutoZone would not know or be able to testify as to the good faith belief and

11    bona fide dispute. *Powelson Decl.*, Ex. A (pp. 80:11 - 81:2).

12    **E.    Post-Deposition Discovery Conference**

13    The day after the 39C(6) deposition, during a phone conference with AutoZone's counsel

14    Plaintiff requested that Defendant re-produce a designee to appear and answers the questions to

15    which the prior designee said he did not know. Defendant's counsel declined to produce anyone,

16    and instead objected that the Notice was too broad. Plaintiff's counsel then pointed out the very

17    specific issues set forth in ¶ 9 (content of the Excel summary report, and the meaning of the

18    PeopleSoft Action Codes).

19    Defendant did not change its position on the matter, but instead stated again in a letter

20    that "the objections we raised with respect to the categories listed in the notice still stand, and *

21    * * we will not re-designate a witness on categories we believe will result in impermissible

22    inquiries into attorney-client privileged information." *Powelson Decl.*, Ex. H.

23    AutoZone's counsel went on to admit that she instructed the designee "not to answer a

24    question regarding what documents were relied on in connection with the Request For

25    Admissions." *Powelson Decl.*, Ex. H.

26    ///

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington. 98683
(360) 567-2551 • Fax (360) 567-3331

1    AutoZone's statement is especially concerning because:

2    (a) The Court on March 7 had already ordered Defendant to produce documents relating

3    to Defendant's denials (RFP Nos. 2, 4 and 6), and AutoZone failed to contend either in its

4    briefing or during hearing on the matter that there were any documents protected by privilege or

5    work product.

6    (b) By the Court-ordered deadline of March 28 Defendant in its "second supplemental

7    response" to Plaintiff Requests for Production seeking documents upon which Defendant based

8    its denials failed to lodge an objection on the grounds of attorney-client privilege or work

9    product.

10    (c)  During the April 22 hearing on Defendant's *Motion For Extension of Time*,

11    Defendant's counsel did not express concerns about privilege or work product relating to the

12    documents to be produced and relating to Defendant's denials of the Requests For Admission.

13    Moreover, the Court should note that Defendant's apparent objections to the April 10

14    39C(6) Notice at issue in this *Motion* are not objections Defendant set forth or referenced in its

15    *Motion for Protective Order* from Plaintiff's second ORCP 39C(6) Notice, despite at least one

16    issue in the second Notice being almost identically-worded ("all material facts relating to") to the

17    April 10 Notice.

18    **F.    Relief Requested**

19    **1.  Overview**

20    If during the course of an ORCP 39C(6) deposition "'the originally designated

21    spokesman for the corporation lacks knowledge in the identified areas of inquiry, that does not

22    become the inquiring party's problem, but demonstrates the responding party's failure of duty.'"

23    *Calzaturficio*, 201 F.R.D. at 39 (cite omitted) (in context of Fed.R.Civ.Pro. 30(b)(6)).

24    "[I]nadequate preparation of a 30(b)(6) designee can be sanctioned, 'based on a lack of

25    good faith, prejudice to the opposing side, and disruption of the proceedings.'" *Casper*, 119

26    Wash App at 768 (cite omitted).

Page 20 -     **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1       There are two overlapping approaches for remedying such a failure: (1) treating it as a

2   failure to appear under ORCP 46D; and (2)  treating it as a failure to answer the deposing party's

3   questions under ORCP 46A.

4       AutoZone's failure to prepare, produce, and allow a designee to answer deposition

5   questions has not only affected Plaintiff's ability to gain even a basic understanding of documents

6   Defendant produced under two Court Orders, but may have also disrupted the proceedings to the

7   extent that Plaintiff cannot obtain facts from AutoZone as a corporation. This has subsequently

8   delayed Plaintiff's ability to interpret the necessary documents and information relating to the

9   putative class late pay claim, and draft the motion for class certification as it relates to that issue.

10      Plaintiff therefore requests that the Court either (a) bind AutoZone to its non-responsive

11   answers and preclude it from offering contrary evidence later; or (b) order Defendant to, at its sole

12   expense (including Plaintiff's attorneys' fees associated with having to appear at an additional

13   deposition) designate and produce one or more persons to appear in Oregon and answer those

14   questions to which AutoZone previously did not know the answers.

15      **2.  ORCP 46D – Failure to Appear**

16      The "'failure to act' in Rule 37(d) includes a failure to designate a witness to testify at

17   a deposition." *Ferko*, 218 F.R.D. at 142 (in context of Federal equivalent to ORCP 46D) (cite

18   omitted). Therefore, if under ORCP 39C(6) "the agent [of a corporation] is not knowledgeable

19   about relevant facts, and the principal has failed to designate an available, knowledgeable, and

20   readily identifiable witness, then the appearance is, for all practical purposes, no appearance at

21   all." *Black Horse Lane Assoc.*, 228 F.3d at 303 (in context of Federal equivalent to ORCP 46D).

22      "If * * * a person designated under Rule 39 C.(6) * * * to testify on behalf of a party fails

23   (1) to appear before the officer who is to take the deposition * * *, the court in which the action

24   is pending on motion may make such orders in regard to the failure as are just * * * ." ORCP

25   46D. That failure to act "may not be excused on the ground that the discovery sought is

26   objectionable unless the party failing to act has applied for a protective order as provided by Rule

Page 21 -       **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

1    36 C." ORCP 46D.

2    Although AutoZone had initially indicated it would move for a protective order on the

3    issue of Plaintiff's ORCP 39C(6) Notice, after Plaintiff's inquiries as to the timing of that motion,

4    Defendant finally indicated it would not file any such motion. Defendant then appeared at

5    deposition and offered incomplete or un-responsive answers to Plaintiff's questions.

6    One type of "sanction" for a failure to appear is to bind the corporation to its 39C(6)

7    answers. In *Casper v. Esteb Enters.*,[15] the Court of Appeals affirmed a Clark County,

8    Washington trial court judge's sanction binding a corporation to its Rule 30(b)(6) deposition

9    answers of "don't know." 119 Wash App at 764; 770. Although the *Casper* Court declined to

10   acknowledge that a corporation is automatically bound by 30(b)(6) deposition answers, it

11   affirmed such a sanction because the defendant's "don't know" answers constituted a "failure to

12   appear." *Id.* at 768 (citing *Black Horse Lane* at 304).

13   The Court should bind AutoZone to all questions to which it responded with "don't

14   know," or anything similar. Those responses were failures to answer by AutoZone.

15   ### 3. ORCP 46A – Compelling Deposition Answers

16   When a deponent "fails to answer a question propounded * * *, or a corporation or other

17   entity fails to make a designation under Rule 39 C.(6)," the deposing party "may move for an

18   order compelling discovery in accordance with the request[.]" ORCP 46A(2). "[A]n evasive or

19   incomplete answer is to be treated as a failure to answer." ORCP 46A(3).

20   If a court grants a motion under ORCP 46A, the court may award reasonable expenses

21   incurred in obtaining the order, unless the opposition to the motion was substantially justified.

22   ORCP 46A(4). Plaintiff requests an award as is just under the circumstances.

23   Plaintiff therefore requests that, in the alternative to binding AutoZone to its non-

24   responsive answers, AutoZone produce one or more designees to testify in Oregon and provide

25   _____

26   [15] 119 Wash App 759 (Div. 2, 2004).

Page 22 -   **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  complete answers to the un-answered and pending questions, including those (a) relating to

2  Defendant's denials to Plaintiff's Requests For Admissions, and (b) the document AutoZone

3  produced after the first Court–ordered deadline of March 28.

4

5  ## II. CONCLUSION

6      Plaintiff respectfully requests the Court grant all relief requested herein because

7  Defendant (1) is refusing to provide discovery into its affirmative defenses, (2) did not adequately

8  prepare its designee to testify on certain issues, (3) failed to move for a protective order as the

9  Rules require, and (4) made improper instructions not to answer questions within the scope of

10  ORCP 36B and the deposition Notice.

11

12

13

14  DATED this 29th day of May 2008.      BAILEY, PINNEY & ASSOCIATES, LLC

15

16                                    A.E. "BUD" BAILEY, OSB 87157
                                  CHEY POWELSON, OSB 03551

17                                    Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

Page 23 -    **PLAINTIFF'S MOTION TO BIND AND/OR COMPEL ORCP 39C(6) DEPOSITION ANSWERS**

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Plaintiff's Motion to Bind And/or Compel Orcp 39c(6) Deposition Answers** upon:

Amy Alpern
Littlere Mendelson
1750 SW Harbor Way, Suite 450
Portland , OR 97201

by the following indicated method or methods:

[X]    by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above on the date set forth below.

DATED:    May 29, 2008

CHEY POWELSON, OSB 035512
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,,

               Plaintiff,

    vs.

AUTOZONE INC., a Nevada
Corporation,,

               Defendant.

No. 0711-13531

**DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND
STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT**

**[ORAL ARGUMENT REQUESTED]**

## I.     REQUEST FOR ORAL ARGUMENT

Pursuant to Uniform Trial Court Rule 5.050, Defendant AutoZone, Inc. requests oral argument on this motion.  The time for oral argument is estimated to be 20 minutes.  Court reporting services are requested.

## II.     UTCR 5.010 CERTIFICATE OF COMPLIANCE

AutoZone hereby certifies that its counsel conferred with Bud Bailey, counsel for Plaintiff, on May 20, 2008 regarding the issues set forth in this motion.  Counsel for the parties were unable to resolve this dispute.

## III.     MOTION

Pursuant to Oregon Rule of Civil Procedure 21B, Defendant AutoZone, Inc. ("AutoZone"), brings this motion for judgment on the pleadings and moves the court for the following relief with respect to Plaintiff Michael Migis' ("Migis") Class Action Allegation Complaint ("Complaint"):  an order granting partial judgment on the pleadings and dismissing Plaintiff's First and Second Claims

PAGE 1 – DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

1   for Relief asserting meal and rest period violations because no private right of action for meal and

2   rest period violations exists.  In support of this motion, AutoZone relies on the following Points and

3   Authorities, the Declaration of Amy R. Alpern ("Alpern Dec."), and the pleadings and records on file

4   herein.

5               **IV.    RELEVANT FACTS**

6       Migis purports to represent a broad class of "all current and former employees" who worked

7   for AutoZone in Oregon for a period of six years prior to the date that the Complaint was filed on

8   November 16, 2007. Migis has alleged violations of Oregon wage and hour laws, including

9   violations of regulations regarding meal and rest periods. Migis's allegations are fundamentally

10  flawed, rendering partial judgment on the pleadings proper.  Specifically, because Oregon law

11  provides no private right of action for these claims, they should be dismissed.

12              **V.    ARGUMENT AND AUTHORITY**

13      ORCP 21B authorizes the court to enter judgment on the pleadings:  "'when the pleadings,

14  taken together, affirmatively show that the plaintiff has not stated a claim for relief' motion for

15  judgment on the pleadings should be granted." *Slogowski v. Lyness*, 324 Or 436, 439, 927 P2d 587

16  (1996) (quotation omitted).  For purposes of an ORCP 21B motion, a court must accept the

17  allegations of the pleading as true. *Beason v. Harcleroad*, 105 Or App 376, 379-80, 805 P2d 700

18  (1991). Judgment on the pleadings should be entered when, given the well-pleaded facts, the

19  defendant is entitled to judgment as a matter of law. *Smith, et al. v. Washington County, et al.*, 180

20  Or App 505, 523-24, 43 P3d 1171 (2002). Here, there is simply no legal basis for Migis's meal and

21  rest period claims.

22  **A.    Migis's Rest Period Claim Should Be Dismissed**

23      In his Complaint, Migis claims that AutoZone is liable to him and the putative class members

24  for unpaid wages because it allegedly failed to provide them with statutorily required rest periods in

25  violation of OAR 839-020-0050. However, on May 15, 2008, the Oregon Supreme Court held that

26

---

PAGE 2 – DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206-623-3300 Fax:206-447-6965

1   employees do not have a private right of against their employers to recover unpaid wages for missed

2   rest periods. *Gafur v. Legacy Good Samaritan Hospital and Medical Center*, --- P.3d --- (May 15,

3   2008) (See Attachment A). The claim for missed rest periods in *Gafur* was based on the same

4   statute and regulations on which Migis relies for the missed rest period claims brought on behalf of

5   himself and the putative class members. Because the Oregon Supreme Court's decision in *Gafur*

6   expressly forecloses such a claim, Migis's claim for missed rest periods must be dismissed.

7   **B.    Migis's Meal Period Claim Should Be Dismissed**

8        Migis also claims that AutoZone failed to provide him with statutorily required meal periods

9   and therefore seeks unpaid wages from AutoZone on this basis. Migis is incorrect. As noted above,

10  the Oregon Supreme Court foreclosed any claim by employees against their employers for missed

11  rest periods. However, the Court did not consider whether the plaintiffs in *Gafur* could sue their

12  employer for unpaid wages for missed meal periods. A brief history of the litigation in *Gafur* is

13  necessary because it explains why Migis is not entitled to sue AutoZone for missed meal periods

14  despite the fact that the Oregon Supreme Court expressly declined to consider the issue.

15       The plaintiffs in *Gafur* brought a class action complaint against their employer seeking

16  compensation for required meal and rest periods they alleged were not provided to them. The

17  employer filed a motion to dismiss and claimed that the plaintiffs did not have a private right of

18  action available to them for the meal and rest period claims. The trial court agreed and dismissed the

19  meal and rest period claims. The plaintiffs appealed to Oregon's Court of Appeals, ***which agreed***

20  ***with the trial court as to the plaintiffs' meal period allegations and affirmed the trial court's***

21  ***dismissal of those claims***. However, the Court of Appeals agreed with the plaintiffs on their rest

22  period claims and reversed the trial court's order dismissing that claim.

23       As noted above, the Oregon Supreme Court ultimately agreed with the trial court on the

24  plaintiffs' rest period claims, reversed the Court of Appeals' decision, and affirmed the trial court's

25

26

PAGE 3 – DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206-623-3300 Fax:206-447-6965

1   dismissal of the rest period claims.  In its opinion, the Supreme Court stated that it was expressly

2   declining to determine whether employees can sue their employers for missed meal periods:

> Plaintiffs have not challenged the part of the Court of Appeals decision
> affirming the trial court's ruling respecting the alleged meal period
> violations, and that matter also is not before this court.

6   *Gafur* at n.3.  Because the Supreme Court expressly declined to consider the meal period claims, and

7   only reversed the Court of Appeals' decision regarding the rest period claims, then it follows that the

8   Court of Appeals' decision that employees do not have a private right of action for missed meal

9   periods remains good authority.

10          The Court of Appeals holding in *Gafur* that employees cannot sue their employers for missed

11  meal periods has not been vacated, reversed or overturned, and there is no Oregon Supreme Court

12  authority to the contrary.  As of today, that decision has not been vacated, reversed, or overturned.

13  Accordingly, it is binding on this Court.  Thus, dismissal of Migis's meal period claims is warranted.

### VI.    CONCLUSIONS

15          For the foregoing reasons, AutoZone respectfully requests that this Court dismiss Migis's rest

16  and meal period claims in their entirety.

18  Dated: May 22, 2008.

20  Leigh Ahn Collings Tift OSB No. 054732
    Amy R. Alpern OSB No. 840244
21  LITTLER MENDELSON
    A Professional Corporation

23  Attorneys for Defendant
    Autozone Inc.

---

PAGE 4 – DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008, I served a full, true, and correct copy of the foregoing:

### DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT

☐    By delivery via messenger, or otherwise by hand,

☒    By facsimile,

☐    By e-mail,

☒    By mailing same, postage paid

addressed to:

> Bailey Pinney & Associates LLC
> Attorneys at Law
> 1498 SE Tech Center Place
> Suite 290
> Vancouver, WA  98683
> Fax (360) 567-3331

Of Attorneys for Plaintiff

By _Joanna M. Stewart_ _____
    Joanna R. Stewart
    Secretary for Amy R. Alpern

PAGE 5 – DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

Littler Mendelson, PC
600 University Street, Suite 3200
Seattle, WA  98101
Phone: 206-623-3300 Fax:206-447-6965

**FILED:** May 15, 2008

IN THE SUPREME COURT OF THE STATE OF OREGON

ELIZABETH GAFUR
and LINDA WING,
on their own behalf and on behalf of all similarly situated,

Respondents on Review,

v.

LEGACY GOOD SAMARITAN HOSPITAL AND MEDICAL CENTER;
LEGACY HEALTH SYSTEM;
LEGACY MERIDIAN PARK HOSPITAL;
LEGACY EMANUEL HOSPITAL & HEALTH CENTER
and DOES 1 THROUGH 10,

Petitioners on Review,

and

LEGACY MOUNT HOOD HEALTH CENTER,

Defendant.

(CC 0407-07139; CA A130070; SC S055175)

En Banc

On review from the Court of Appeals.*

Argued and submitted March 3, 2008.

Timothy R. Volpert, of Davis Wright Tremaine LLP, Portland, argued the cause and filed the brief for petitioners on review. With him on the brief were Carol J. Bernick and Kevin H. Kono, Portland.

Jacqueline L. Koch, of Bailey, Pinney & Associates LLC, Vancouver, Washington, argued the cause and filed the brief for respondents on review. With her on the brief was J. Dana Pinney, Vancouver, Washington.

Attachment A, Page 1
Defendant's Motion for Partial
Judgment on the Pleadings

Brian R. Talcott, of Dunn Carney Allen Higgins & Tongue LLP, Portland, filed a brief for *amicus curiae* Oregon Restaurant Association.

David H. Wilson, Francis T. Barnwell, and Kathryn M. Hindman, of Bullard Smith Jernstedt Wilson, Portland, filed a brief for *amici curiae* Oregon Association of Hospitals and Health Systems, Portland Business Alliance, Oregon Business Association, Oregon Association Chiefs of Police, Oregon State Sheriffs Association, Special Districts Association of Oregon, Association of Oregon Counties, and League of Oregon Cities.

David F. Rees and Joshua L. Ross, of Stoll Stoll Berne Lokting & Shlachter P.C., Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Stacie F. Beckerman, Assistant Attorney General, Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, Salem, filed a brief for *amicus curiae* Bureau of Labor and Industries.

GILLETTE, J.

The decision of the Court of Appeals is reversed in part. The judgment of the circuit court is affirmed.

*Appeal from Multnomah County Circuit Court, John A. Wittmayer, Judge. 213 Or App 343, 161 P3d 319 (2007).

GILLETTE, J.

This is a class action wage and hour case in which plaintiffs, employees of hospitals owned by Legacy Health Systems, seek, among other things, compensation for required meal and rest breaks that they contend defendants did not provide them during work periods. Defendants[1] filed an ORCP 21 motion to dismiss various of plaintiffs' claims for relief on the ground that, although employees have a private right of action for unpaid wages, the applicable statute does not make that private right of action available for meal or rest period violations of the kind asserted by plaintiffs. The trial court agreed that the statute does not provide a private right of action for either type of violation; it granted defendants' motion to dismiss and denied plaintiffs leave to replead.[2] Plaintiffs appealed to the Court of Appeals, which affirmed the trial court's ruling as to the alleged meal period violations, but reversed the trial court's ruling as to the alleged rest period violations. *Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 347-49, 161 P3d 319 (2007). Defendants sought review of that decision to the extent that it reinstates petitioners' claims for compensation for rest period violations.[3] We allowed review and now reverse that part of the decision of the Court of Appeals.

Because this case comes to us on a motion to dismiss for failure to state a claim under ORCP 21 A(8),[4] we accept as true all well-pleaded allegations of fact in the complaint and give plaintiffs the benefit of all favorable inferences that may be drawn from the facts alleged. *Babick v. Oregon Arena Corp.*, 333 Or 401, 407, 40 P3d 1059 (2002). However, we disregard any

Attachment A, Page 2
Defendant's Motion for Partial
Judgment on the Pleadings

allegations that state conclusions of law. *See Nadeau v. Power Plant Engr. Co.*, 216 Or 12, 15, 337 P2d 313 (1959) (court disregards conclusions of law because they are nullities that do not present any issue). Respecting the rest period, plaintiffs alleged as follows:

"34. ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. Defendants were required [to] provide [their] employees with a paid rest period of not less than ten * * * minutes for each period of four hours in which the employee worked, or worked the major part of the four hour period. OAR 839-020-0050.

"35. Defendants failed to provide Plaintiffs and all other similarly situated employees (Rest Period Class) members uninterrupted rest periods of not less than 10 minutes when and as required, in violation of ORS 653.261 and OAR 839-020-0050, and failed to pay Plaintiffs and similarly situated class members for those breaks not provided.

"36. As a result of Defendants' failure to provide uninterrupted rest periods as required, Plaintiffs and similarly affected class members are due wages for those rest periods which defendants failed to provide within the six year statute of limitations period."

The only factual allegations in the quoted portion of the complaint are (1) that defendant failed to provide plaintiffs with 10-minute rest breaks for every four hours that they worked, and (2) that defendant "failed to pay [p]laintiffs * * * for those breaks not provided." All of the remaining allegations are legal conclusions. In addition to the pleadings, the parties agree that plaintiffs were paid at the appropriate rate for four hours of work for each four-hour work period in which defendant did not provide them a rest break.

As noted, defendants moved to dismiss the rest period claims in the original complaint and the trial court granted the motion. Plaintiffs appealed that ruling to the Court of Appeals, arguing that (1) the applicable rule, OAR 839-020-0050(1)(b),[5] entitles them to four hours pay for every three hours and 50 minutes worked and (2) because defendants failed to provide them the required 10-minute rest period, plaintiffs actually worked ten minutes in each four hour period for which they were not compensated. Plaintiffs argued, further, that, because compensation for work provided is "wages," as that word is defined in ORS 653.010(10), defendants necessarily paid plaintiffs less wages than they were owed. The Court of Appeals agreed, and reversed the contrary ruling of the trial court.

We turn first to an examination of the relevant statutes. As noted, this is a wage claim under ORS 653.055. That statute authorizes an employee who is not paid all the wages to which he is entitled to bring an action to recover those unpaid wages, plus penalties:

"(1) An employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:

"(a) For the full amount of the wages, less the amount actually paid to the employee by the employer; and

Attachment A, Page 3
Defendant's Motion for Partial
Judgment on the Pleadings

"(b)  For civil penalties provided in ORS 652.150."

"Wages" are defined elsewhere in the statutes as "compensation due to an employee by reason of employment." ORS 653.010(10). The word "employment" is not defined in the statutes, but the word "employ" means "to suffer or permit to work" (excluding voluntary or donated services). ORS 653.010(2). Under ORS 653.055, then, the extent to which an employee is "entitled" to wages depends on whether and for how long he or she was suffered or permitted to "work."

The inclusion of the reference to ORS 653.261 in section (1) of ORS 653.055 in connection with the phrase "the wages to which an employee is entitled" suggests that the legislature intended ORS 653.261 to confer on employees some kind of an entitlement to wages. ORS 653.261 provides:

"(1)  The Commissioner of the Bureau of Labor and Industries may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits.

"(2) Nothing contained in ORS 653.010 to 653.261 shall be construed to confer authority upon the commissioner to regulate the hours of employment of employees engaged in production, harvesting, packing, curing, canning, freezing or drying any variety of agricultural crops, livestock, poultry or fish.

"(3) Rules adopted by the commissioner pursuant to subsection (1) of this section do not apply to individuals employed by this state or a political subdivision or quasi-municipal corporation thereof if other provisions of law or collective bargaining agreements prescribe rules pertaining to conditions of employment referred to in subsection (1) of this section, including meal periods, rest periods, maximum hours of work and overtime.

"(4) Rules adopted by the commissioner pursuant to subsection (1) of this section regarding meal periods and rest periods do not apply to nurses who provide acute care in hospital settings if provisions of collective bargaining agreements entered into by the nurses prescribe rules concerning meal periods and rest periods."

The statute does not, by its terms, directly entitle employees to anything, much less wages. Rather, it authorizes the commissioner of the Bureau of Labor and Industries (BOLI) to promulgate rules "prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees," including, but not limited to, "minimum meal periods and rest periods, and maximum hours of work."

Attachment A, Page 4
Defendant's Motion for Partial
Judgment on the Pleadings

At the same time, section (1) of the statute contains two direct references to wages. The first reference is a prohibition: BOLI is forbidden to promulgate rules concerning minimum wages. [6] The second reference concerns overtime pay: "[A]fter 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits."

Defendants argue, at the outset, that the only wage claim that ORS 653.261 arguably authorizes is for overtime pay violations, because that is the only "wage" issue mentioned in the statute. ORS 653.261, they argue, does not and cannot authorize BOLI to promulgate rules that create wage claims for violations of minimum conditions of employment. That is so, in defendant's view, because the phrase "conditions of employment" necessarily deals with what employers may allow or require employees to do while they are working, and that is not a wage issue. One of the *amici* points out, relatedly, that the rest break reference in ORS 653.261 does not even require that rest breaks be paid, much less create an entitlement to additional wages for missed rest breaks. It follows, defendants assert, that, to the extent that OAR 839-020-0050 purports to create an entitlement to wages for rest break violations, it exceeds BOLI's statutory authority.

We need not decide whether defendants' point is correct. Assuming (without deciding) that BOLI has authority to create a wage entitlement for such violations, we conclude that BOLI did not do so in OAR 839-020-0050 with respect to required rest breaks.

To explain our point, we turn to an examination of OAR 839-020-0050, using the same interpretive framework with respect to administrative rules that we use with respect to statutes. *See Tye v. McFetridge*, 342 Or 61, 69, 149 P3d 1111 (2006) (in interpreting administrative rule, court's task is same as involved in determining meaning of statute: to discern meaning of words used, giving effect to intent of body that promulgated rule). We begin by considering the text of the rule itself, together with its context, which includes other provisions of the same rule, other related rules, the statute pursuant to which the rule was created, and other related statutes. *Id.* If the meaning of the rule is clear at that level, then further inquiry is unnecessary. *Id.*

OAR 839-020-0050(1)(b) provides, with respect to rest breaks:

"(1) Except as otherwise provided, every employer shall provide to each employee an appropriate meal period and an appropriate rest period.

"* * * * *

"(b) 'Appropriate rest period' means: A period of rest of not less than ten minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employee's pay. The period of rest must be in addition to and taken separately from the time allowed for the usual meal period. Insofar as feasible, considering the nature and circumstances of the work, such period of rest is to be taken by an employee approximately in the middle of each four hour (or major part thereof) segment. The rest period is not to be added to the usual

Attachment A, Page 5
Defendant's Motion for Partial
Judgment on the Pleadings

meal period or deducted from the beginning or end of the work period to reduce the overall length of the total work period."

"(A) The provisions of section (1) of this rule regarding appropriate rest periods do not apply when all of the following conditions are met:

"(a) The employee is 18 years of age or older; and

"(b) The employee works less than five hours in any period of 16 continuous hours; and

"(c) The employee is working alone; and

"(d) The employee is employed in a retail or service establishment, *i.e.*, a place where goods and services are sold to the general public, not for resale; and

"(e) The employee is allowed to leave the employee's assigned station when the employee must use the restroom facilities.

"* * * * *

"(4) As used in this rule, 'work period' means the period between the time the employee begins work and the time the employee ends work, and includes rest periods, and any period of one hour or less (not designated as a meal period) during which the employee is relieved of all duties."

The Court of Appeals accepted plaintiffs' assertion that, because OAR 839-020-0050(1)(b) entitles employees to rest breaks "without deduction from the employee's pay," it necessarily follows that that provision entitles them to four hours' pay for three hours and 50 minutes of work. *Gafur*, 213 Or App at 349. That conclusion is unwarranted and, indeed, as we explain below, we think that the prohibition on deductions from pay cuts the other way. Certainly, nothing in that rule requires *additional* wages for missed rest breaks.

Underlying plaintiffs' assertion, and the Court of Appeals' conclusion, is the unspoken assumption that rest breaks are not "work." While that assumption might be valid in colloquial parlance, the text of the rule, its context, and related statutes demonstrate that "work" is a term of art for purposes of wage and hour laws, and it includes rest breaks. First, OAR 839-020-0050 itself defines a "work period" to include rest breaks:

"(4) As used in this rule, 'work period' means the period between the time the employee begins work and the time the employee ends work, *and includes rest periods*, and any period of one hour or less (not designated as a meal period) during which the employee is relieved of all duties."

(Emphasis added.) The fact that an employer may not deduct wages from the employee's pay for the rest break also supports the idea that employees are working during rest periods, even if they are not performing duties at that time.

Attachment A, Page 6
Defendant's Motion for Partial
Judgment on the Pleadings

If further confirmation were needed, the context of OAR 839-020-0050(1)(b) supplies it. Related regulations establish that employees are not required to be "working" (in the colloquial sense) the entire time that they are considered to be "working" for purposes of wage and hour laws. For example, OAR 839-020-0041, dealing with "waiting time," provides that employees who are required to "wait" as part of their jobs are considered to be working, so long as "the time spent waiting belongs to and is controlled by the employer and the employee is unable to use the time effectively for the employee's own purposes." OAR 839-020-0041(1). Similarly, an employee who is required to remain on-call on the employer's premises or so close thereto that the employee cannot use the time effectively for the employee's own purposes is "working" while on-call. OAR 839-020-0041(3). And, under OAR 839-020-0042(1), employees who are required to be on duty for less than 24 hours are considered to be working even though they are permitted to sleep or engage in other activities when not busy. By the same token, the fact that a 10-minute rest break is too short to enable an employee to use the time effectively for his or her own purposes suggests that the employee is "working" for purposes of the wage and hour laws. [7]

As discussed above, ORS 652.261 authorizes BOLI to issue rules prescribing "minimum conditions of employment * * * as may be necessary for the preservation of the health of employees." The part of OAR 839-020-0050 that deals with rest breaks is such a rule. It specifies that rest breaks should be taken by employees "approximately in the middle of each four hour" shift; they may not be added to meal periods or deducted from the beginning or end of work periods to reduce the overall length of the shift; and employees may not be docked pay for taking them. All of those features indicate that the rest break is intended to benefit the employees' physical and mental well-being. Other rules prescribing minimum conditions of employment prohibit employees from being required to lift excessive weights, OAR 839-020-0060, and require employers to provide a sanitary and safe work environment, with adequate lighting, ventilation, washrooms and toilet facilities, among other things. OAR 839-020-0065. Nothing in any of those "condition of employment" rules suggests any intention on BOLI's part to require employers to pay additional wages in the event of their violation. [8]

Having considered the text of ORS 653.055, ORS 653.261, and OAR 839-020-0050 in context, we conclude that an employee who takes a rest break does not stop working for wage and hour purposes. It follows that an employee who works four hours and takes a 10 minute rest break within that four-hour period "works" the same amount of time (for wages and hour purposes) as an employee who works four hours and does not take a rest break. In each circumstance, the employee is entitled to four hours pay and no more. *See* ORS 653.055(1) (providing wage claim for wages to which employee is "entitled"). Therefore, in this case, employees who were not provided rest breaks during a four-hour shift but were paid for four hours of work for that shift have not been paid "less than the wages to which the employee is entitled" under ORS 653.261 or OAR 839-020-0050(1)(b), and may not pursue a wage claim under ORS 653.055.

BOLI has filed an *amicus* brief in this court in which it argues that it intended, in promulgating OAR 839-020-0050(1)(b), to allow employees to collect wages for missed rest periods and that, properly interpreted, that is what the rule provides. Specifically, BOLI argues that the phrase "without deduction from the employee's pay" in the definition of a rest period in OAR 839-020-0050(1)(b) means that employees are entitled to four hours pay for three hours and 50 minutes of

Attachment A, Page 7
Defendant's Motion for Partial
Judgment on the Pleadings

work and that, consequently, an employee who has not been provided with a rest break can initiate a wage claim for the 10 minutes of services provided but not compensated. BOLI asserts, further, that that "interpretation" of the rule is plausible and, therefore, is entitled to deference by this court. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994) (appellate court defers to agency's plausible interpretation of its own rule).

As BOLI goes on to recognize, however, this court defers to an agency's interpretation of its own rule only as long as that interpretation "cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law." *Id*. As is evident from the above discussion, we have concluded that BOLI's interpretation *is* inconsistent with the wording of the rule and its context.

In addition, we observe that nothing in BOLI's brief suggests that it has, in the past, "interpreted" OAR 839-020-0050(1)(b) in the way that it now espouses. It does not offer a past case or policy statement or any other evidence that it ever intended OAR 839-020-0050(1)(b) to have the meaning that it now advocates. In fact, BOLI acknowledges that it has never sought wages for employees who have missed rest periods; rather, it has always enforced the rule by seeking civil penalties against employers that have violated its provisions.

In essence, BOLI's argument in the present case amounts to no more than an assertion that the Court of Appeals opinion was correct. We do not view that as an interpretation to which we owe deference.

All of that is not to say that employees do not have any recourse for violations of the rest break requirements. ORS 653.256(1) authorizes BOLI to "assess a civil penalty not to exceed $1000 against any person who willfully violates ORS * * * 653.261 or any rule adopted thereunder."[2] In addition, BOLI has the authority to seek criminal prosecution of employers who violate the rest break requirements. *See* ORS 653.991 ("Violation of any provision of this section or ORS 653.010 to 653.545 or of any rule adopted by the Wage and Hour Commission under ORS 653.307 shall be punishable as a misdemeanor.").

Based on the foregoing, we think that it is clear from the text and context of controlling statutes and rules, and we therefore hold, that OAR 839-020-0050(1)(b) requires employers to provide minimum rest breaks but violation of that requirement does not give rise to a wage claim under ORS 653.055 for additional wages based on missed rest breaks. Accordingly, plaintiffs' allegations that defendants failed to provide them with rest breaks and failed to pay them "for those breaks not provided" would not, if true, establish that plaintiffs were paid "less than the wages to which [they were] entitled under * * * ORS 653.261." The trial court correctly dismissed plaintiffs' rest break claim for failure to state ultimate facts sufficient to state a claim. The contrary conclusion of the Court of Appeals was error.

The decision of the Court of Appeals is reversed in part. The judgment of the circuit court is affirmed.

———

Attachment A, Page 8
Defendant's Motion for Partial
Judgment on the Pleadings

1. Plaintiffs originally brought their action against several hospitals owned by Legacy Health Systems as well as Legacy Health Systems itself.  The trial court dismissed all defendants except Legacy Meridian Park Hospital and Legacy Health Systems.  Plaintiffs have not challenged that ruling.

---

2. Notwithstanding that the trial court did not give plaintiffs leave to replead, plaintiffs thereafter filed an amended complaint, asserting, among other things, breach of contract claims for missed meal and rest periods. The trial court dismissed those claims because plaintiffs did not have leave to replead them.  The correctness of that ruling is not before us.

---

3. Plaintiffs have not challenged the part of the Court of Appeals decision affirming the trial court's ruling respecting the alleged meal period violations, and that matter also is not before this court.

---

4. ORCP 21 A provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim."

---

5. The text of OAR 839-020-0050(1)(b) is set out below, ___ Or at ___ (slip op at 7-8).

---

6. The legislature provides for minimum wages in ORS 653.025.

---

7. Under OAR 839-020-0004(20), all time that an employee necessarily must be on the employer's premises is considered "work":

"'Hours worked' means all hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place * * *."

In fact, BOLI's own website states that employers may require employees to remain on the premises during rest breaks.  *Breaks: Meal And Rest Period, Technical Assistance: FAQ,*

---

Attachment A, Page 9
Defendant's Motion for Partial
Judgment on the Pleadings

www.boli.state.or.us/BOLI/TA/T FAQ Restandmeal.shtm.  Clearly, BOLI considers rest breaks to belong to and be controlled by the employer.

_____

8. By contrast, OAR 839-020-0030 specifically provides that overtime wages must be paid.  That rule provides that, subject to enumerated exceptions,

"all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1) * * *."

_____

9. BOLI has promulgated rules expressly authorizing the assessment of civil penalties for meal and rest period violations.  _See_ OAR 839-020-1010(1)(j) and (l) (providing for such assessment).  Further, OAR 839-020-1000 provides, "Each violation is a separate and distinct offense.  In case of continuing violations, each day's continuance is a separate and distinct violation."

Attachment A, Page 10
Defendant's Motion for Partial
Judgment on the Pleadings

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MICHAEL MIGIS, individually, and on
behalf of all other persons similarly
situated,

              Plaintiff,

    vs.

AUTOZONE INC., a Nevada
Corporation,

              Defendant.

No. 0711-13531

**MOTION PRAECIPE**

Notice is hereby given that Leigh Ann Collings Tift, of attorneys for defendant, has set a motion for hearing as follows:

Judge (or Pro Tem): **Hon. Jerome LaBarre**

Date: July 2, 2008    Time: 1:30 p.m.    Room: 702

This is a    ☒ first    ☐ subsequent    setting for this motion.

☐ moving party waives appearance  ☒ reporting is requested (we will furnish our own court reporter for this hearing)

Length of time requested for this motion hearing:  30 minutes

**TYPE OF MOTION:**

☐ ORCP 21           ☐ Prima Facie Default      ☐ Set Aside Default
☐ Summary Judgment    ☐ Compel Production       ☐ Change Venue
☒ Other: Defendant's Motion for Partial Judgment on the Pleadings

I certify that I served a copy of this praecipe by facsimile transmission on the 22nd day of May, 2008, on the following:

Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Fax: 360-567-3331

Dated: May 22, 2008.        Amy R. Alpern, OSB No. 840244
                         Telephone (503) 221-0309

Littler Mendelson, PC
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Phone: 503-221-0309 Fax: 503-242-2457

1
2
3
4
5
6        IN THE CIRCUIT COURT OF THE STATE OF OREGON
7              FOR THE COUNTY OF MULTNOMAH
8    MICHAEL MIGIS, *et al.*,                    Case No. 0711-13531
9                      Plaintiff,
10                                               DECLARATION OF CHEY K.
11     v.                                        POWELSON SUPPORTING
                                                 SUPPLEMENTAL BRIEFING ON
12    AUTOZONE, INC.,                            PLAINTIFF'S MOTION TO
                                                 ENFORCE COURT ORDER
13
                       Defendant.
14
15
16
17       I, Chey K. Powelson, hereby declare as follows:
18       1.   I am one of the attorneys for Plaintiff herein. I am competent to testify in this matter,
19            and base the contents of this declaration on my own personal knowledge and/or the
20            litigation files and documents my firm maintains for this litigation.
21       2.   During a telephone conference with Defendant's counsel Leigh Ann Tift on May 8,
22            2008, I informed Ms. Tift that based on Defendant's non-production of what
23            appeared to be approximately 90 or so Termination Reports for those employees
24            listed on Defendant's Excel summary report, Plaintiff would have to seek additional
25            relief as set forth in Plaintiff's supplemental briefing relating to the *Motion to*
26            *Enforce Court Order*.

Page 1 -    SUPPLEMENTAL DECLARATION OF CHEY K. POWELSON SUPPORTING SUPPLEMENTAL
            BRIEFING ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER

3.   Upon information and belief, by the end of the day on April 23, 2008, Defendant had not produced approximately 114 Termination Reports (although since several employee identification numbers appear twice, this is not a precise count). By the end of the day on April 24, 2008, Defendant produced 17 additional Termination Reports, which still left more than 90 Termination Reports not produced under the Court's second Order.

4.   Attached hereto as **Exhibit A** is a true and correct copy of Defendant counsel Neil Olsen's April 4, 2008 9:49 a.m. e-mail, with which he had attached the "summary report" in .pdf format. Defendant's counsel reasoned that since Plaintiff now had "all documents relating to items (2) and (3) from the Court's Order," such "obviates the hearing [on petition for expedited hearing to *Enforce Court Order*] [Plaintiff's counsel] have noted for 11:30 today."

5.   Attached hereto as **Exhibit B** is a true and correct copy of a "print screen"(which I personally viewed being created in this law firm) of the summary report's Microsoft Excel "File Properties," indicating that the date of the document's creation appears to be April 2, 2008.

6.   Attached hereto as **Exhibit C** is a true and correct copy of portions of the April 8, 2008 hearing transcript on Plaintiff's *Motion to Enforce Court Order*, and in which Defendant's counsel represented that the Termination Reports were "absolutely critical."

7.   Attached hereto as **Exhibit D** is a true and correct copy of the Court's second Order relating to Plaintiff's *First Motion for Order Compelling Discovery*, and which includes the finding that "there was a lack of good faith compliance [by Defendant] with this Court's prior order * * * ."

///

Page 2 -    **SUPPLEMENTAL DECLARATION OF CHEY K. POWELSON SUPPORTING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

8.  Attached hereto as **Exhibit E** is a true and correct copy of portions of the April 22, 2008 hearing transcript on Defendant's *Motion for Extension of Time*.

9.  Attached hereto as **Exhibit F** is a true and correct copy of my April 28, 2008 letter sent via e-mail (included) to Defendant's counsel Tift, requesting that Defendant contact Plaintiff by May 2 as to whether Defendant would be producing additional Termination Reports. By May 2, Defendant's counsel did not respond.

10. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's April 10, 2008 ORCP 39C(6) Notice of Deposition to Defendant AutoZone, for which Plaintiff sought AutoZone's testimony on the Excel summary report, including "the form and content of those document(s) (e.g., identification and meaning of all fields, sources of data found therein, and the definition of all PeopleSoft Action Codes)."

11. Attached hereto as **Exhibit H** is a true and correct copy of the Court's May 14, 2008 Case Management Order, establishing a deadline of August 15 for Plaintiff to file a motion for class certification.

12. On May 16 during a telephone conference between myself, Plantiff's counsel Bud Bailey, Defendant's counsel Leigh Ann Tift, and Defendant's counsel Amy Alpern, I asked Defendant's counsel whether they would re-designate someone from AutoZone to give answers to the deposition questions previously answered with "I don't know" the day before. Ms. Alpern declined by instead stating that the ORCP 39C(6) Notice of Deposition was too broad. At that point I directed Ms. Alpern to ¶ 9 of the Notice (see **Exhibit G**, above), which explicitly sets forth issues related to the Excel summary report.

13. During Plaintiff's May 15 ORCP 39C(6) deposition of AutoZone at which I was personally present, to the best of my recollection, the AutoZone designee had difficulty testifying as to the Excel summary report, including: the contents of that

Page 3 -   **SUPPLEMENTAL DECLARATION OF CHEY K. POWELSON SUPPORTING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

1    document, the sources of the data found therein, and the definition of the "action

2    codes" (termination reasons, including whether "quit with notice" meant quit with

3    at least 48 hours notice). Also based on my recollection, AutoZone's May 15 ORCP

4    39C(6) designee testified he would need to look at additional documents or reports

5    other than the underlying documents (e.g., the Termination Report) in order to

6    definitively determine whether, for example, a person on the summary report was in

7    fact paid timely. (To the extent the official deposition transcript differs from my

8    recollection, after reviewing said transcript I will supplement this declaration.)

9    14. During the parties' in-person discovery conference on May 21, 2008, I asked

10    Defendant's counsel to stipulate to the admissibility of the Excel summary report.

11    Defendant's counsel would not stipulate. Defendant's counsel also at some point

12    confirmed its position that all documents (that could be located) have been produced

13    in response to the Court order(s), and stated that AutoZone stood by its denials (to

14    Plaintiff's Requests For Admission).

15    15. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the August

16    2005 deposition of AutoZone manager Mark Dessem.

17    16. Attached hereto as **Exhibit J** is a true and correct copy of the portion of an AutoZone

18    Handbook indicating that AutoZone paydays are every two (2) weeks.

19

20    I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST
      OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

21    FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR
      PERJURY.

22    Dated this _22nd_ day of May 2008 at Vancouver, Washington.

23

24

25    CHEY POWELSON, OSB 03551
      Attorney for Plaintiff

26

Page 4 -    SUPPLEMENTAL DECLARATION OF CHEY K. POWELSON SUPPORTING SUPPLEMENTAL
            BRIEFING ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

# Exhibit A

## Chey Powelson

| From: | Olsen, Neil N. [NOlsen@littler.com] |
|---|---|
| Sent: | Friday, April 04, 2008 9:49 AM |
| To: | Chey Powelson |
| Cc: | Bud Bailey; Parker, Douglas S.; Tift, Leigh Ann C. |
| Subject: | AutoZone/Migis |
| Follow Up Flag: | Follow up |
| Flag Status: | Red |
| Attachments: | Autozone RRFP 1212 - 1219.pdf |

Chey,

Please find attached documents responsive to the RFPs related to the First, Second, and Third RFAs from your first set of discovery requests.

You now have all documents relating to items (2) and (3) from the Court's Order on your motion to compel. I believe this obviates the hearing you have noted for 11:30 today.

I intend to forward you later today additional documents/responses relating to item (4) from the Court's Order.

Please let me know as soon as possible whether you still intend to appear at the 11:30 hearing. If so, please provide me a copy of your moving papers as we discussed yesterday evening.

Best regards,
Neil

Neil N. Olsen
Littler Mendelson, P.C.
1750 SW Harbor Way, Ste. 450
Portland, OR 97201
Main: 503.221.0309
Direct: 503.889.8882
Cell: 503.807.8505
Fax: 503.242.2457
nolsen@littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT A
Page 1

5/18/2008

# Exhibit B



EXHIBIT _B_
Page _1_

# Exhibit C

Page 1

```
 1              IN THE CIRCUIT COURT OF THE STATE OF OREGON

 2                   FOR THE COUNTY OF MULTNOMAH

 3

 4   MICHAEL MIGIS, individually,   )
     and on behalf of all others    )
 5   similarly situated,            )
                 Plaintiff,         )
 6               vs.                 )Case No. 0711-13531
     AUTOZONE INC., A Nevada        )
 7   corporation,                   )
                 Defendants.        )

 8

 9

10

11

12              BE IT REMEMBERED THAT on the 8th day of

13   April, 2008, the above-entitled matter came on for

14   hearing before the HONORABLE JEROME LaBARRE, Circuit

15   Court Judge.

16

17

18

19

20

21

22                   DEBORAH L. COOK, RPR, CSR
                     COOK COURT REPORTING, INC.
23                   1102 N. Springbrook Road
                          Suite 136
24                   Newberg, Oregon 97132
                        (503) 537-0339
25                   deb@cookcourtreporting.com
```

EXHIBIT _C_
Page _1_

Page 2

```
 1                  A P P E A R A N C E S
 2    For the Plaintiff:
                        MR. A.E. BUD BAILEY
 3                       MR. CHEY POWELSON
                        Bailey Pinney & Associates
 4                      1498 SE Tech Center Place, #290
                        Vancouver Washington 98683
 5
 6    For the Defendant:
 7                      MR. NEIL OLSEN
                        Littler Mendelson
 8                      1750 SW Harbor Way, Ste. 450
                        Portland, Oregon   97201
 9
10    ALSO PRESENT:
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT C
Page 2

```
 1                    PROCEEDINGS
 2          Tuesday, April 8, 2008 at 1:30 p.m.
 3
 4            THE COURT:  Good afternoon.  Please be
 5   seated.  We're here on Migis versus Auto Zone.  This is
 6   an expedited hearing on some very narrow and specific
 7   matters.  A lot of paper has been filed, a Court order
 8   has been entered.  It's axiomatic that the judges expect
 9   Court orders to be complied with.
10            I am not going to allow what you may
11   normally think of as typical oral argument, because this
12   is coming to me in the matter of a few days' notice and
13   on an expedited basis.
14            So I have some very specific questions,
15   and, Mr. Parker, is that your name, sir?
16            MR. OLSEN:  No, Your Honor, Mr. Olsen.
17            THE COURT:  Mr. Olsen.
18            MR. OLSEN:  Yes, Your Honor.
19            THE COURT:  Mr. Olsen, this is my specific
20   question to start with, to you:  Are you making a
21   representation now, and focusing on the Request for
22   Production of documents -- I don't want to refer to --
23   there's been a lot of paper filed concerning Requests
24   for Admissions, which I don't consider in front of me
25   right now on this expedited basis -- Request for
```

EXHIBIT _C_
Page _3_

Page 4

1  Production of documents, are you representing that all

2  documents within the possession, custody, or control of

3  your client and your law firm have already been

4  produced?

5          MR. OLSEN:  Yes, Your Honor, all documents

6  that are responsive to the requests and subject of the

7  Court's orders stemming from the March 7th hearing have

8  been produced.  And I think that we need to be careful

9  and pay particular attention to the language of their

10  requests, and how we responded to the requests.

11          THE COURT:  How many different ways of

12  production took place?

13          MR. OLSEN:  How many different ways of

14  production, Your Honor?  I am sorry.  I don't

15  understand.

16          THE COURT:  Did all the production occur at

17  one time?  Were two banker's boxes of documents

18  delivered on -- I understand that you did not make the

19  deadline.  I understand you were late, but did

20  everything occur at once, or did it trickle in over half

21  dozen or a dozen different occasions?

22          MR. OLSEN:  It did trickle in over several

23  occasions.  As we would get documents into the office,

24  we would review them, see if they were responsive, or if

25  privileged information existed, or otherwise

EXHIBIT C
Page 4

1    nondiscoverable information existed.  We would then

2    Bates number those documents and scan them in, and we

3    would send them by e-mail to plaintiff's counsel.  We

4    were --

5                    THE COURT:  When was the most recent

6    production?

7                    MR. OLSEN:  The most recent production,

8    pursuant to the Court's order, was late in the day on

9    Friday, April 4th, which was a production of documents

10   within -- responsive to plaintiff's second set of

11   Requests for Production.

12                   THE COURT:  And there's nothing else out

13   there concerning what has been ordered and Court

14   ordered?  Everything that exists has been produced?

15   There's nothing else to produce?

16                   MR. OLSEN:  Yes, Your Honor.

17                   THE COURT:  Thank you.  Who is going to

18   speak for plaintiff?

19                   MR. BAILEY:  Thank you, Your Honor.  Bud

20   Bailey.

21                   THE COURT:  You know, in the time I have

22   been on the bench, it's been fairly frequent that one

23   side says everything that we can produce has been

24   produced and everything that exists has been produced,

25   and the other says, yeah, but we want these other

EXHIBIT __C__
Page __5__

1    kinds of records, like indicating the date of notice

2    which would then key the bookkeeping department to make

3    payments in a timely way, and cut-off employee benefits,

4    remove them from their medical insurance, if they have

5    such a thing.

6                I mean, what do you have -- you told me a

7    minute ago you have given everything.  But Mr. Bailey

8    makes a pretty persuasive case that you couldn't have.

9                MR. OLSEN:  Your Honor, if we step back for

10   a moment -- and I urged us all to specifically look at

11   the language of the requests, and counting 40 -- size of

12   requests, and limits the nature of the response in

13   certain occasions -- I am not trying to be cute here.  I

14   am just trying to get down to it, to what we in good

15   faith read, and how we replied.

16                Whether you look at Request for Production

17   No. 1, or Request for Production No. 2, "Produce all

18   documents and electronically stored information for all

19   involuntarily terminated employees within the referenced

20   time period which defendant relies upon to support its

21   denial."

22                So here it is not all documents that exist

23   that are relevant to this set of given facts, but it's

24   all documents that exist that the defendant looks to in

25   fashioning a response to this set of facts that are set

EXHIBIT _C_
Page _6_

1   forth in the Request for Admissions.

2           THE COURT:  But this spreadsheet, which I

3   guess you did produce, this is like an in-house working

4   compilation document, which summarizes other documents.

5   It's really a report that was generated by the defendant

6   or defendant's counsel, isn't it?  I mean it's --

7           MR. OLSEN:  This is a document that is

8   indigenous to Auto Zone.  It's not produced by

9   defendant's counsel.  And, again, I would look to the

10  language of the requests.  It's asking for production of

11  those documents that were looked to or relied upon.

12  It's not looking for every single document.

13          THE COURT:  How is "documents" defined --

14          MR. OLSEN:  Your Honor -- excuse me, Your

15  Honor.  Go ahead.

16          THE COURT:  I mean, because I am sure

17  there's a definition, and I bet it's not so narrow that

18  it just means this summary compilation.

19          MR. OLSEN:  I agree if you were looking

20  exclusively at the definition of documents, that I would

21  agree.  But, again, I would urge the Court to look at

22  this last phrase in the subject requests, "which

23  defendant relies upon to support its denial."  So we're

24  not talking about every document that may be relevant to

25  this particular question, but if there is a document

1   that they are looking to to support the denial, then the

2   defendant produced that document.

3           If there are other documents that exist

4   relevant to those sets -- that set of facts, those

5   documents were not requested by the plaintiffs, Your

6   Honor, or the plaintiff.

7           THE COURT:  Well, do you have all the other

8   documents available that essentially underpin this

9   spreadsheet that we have been just talking about, the

10  color coded one?

11          MR. OLSEN:  That would require further

12  inquiry with the client to establish the existence of

13  such documents in kind and number.

14          THE COURT:  You have done a lot of

15  employment case litigation, I assume?

16          MR. OLSEN:  No, Your Honor, I have not.

17          THE COURT:  It's my impression that maybe

18  not you, but there's been quite a bit of past Auto Zone

19  litigation.  Bailey Pinney has been on the other side,

20  and I thought your firm was on the other side.  I am

21  sure you have many lawyers.

22          MR. OLSEN:  You are correct, Your Honor,

23  yes.

24          THE COURT:  Well, typically what I have

25  seen over many years in employment litigation is there

EXHIBIT __C__
Page __8__

1    cut the checks.

2              And what I have here is a situation where

3    the last date on here is, I am presuming, the last date

4    the employee worked, and that's filled in in the box.

5    Over here is the check date, that is the date that the

6    check was -- not given to the employee, but was actually

7    cut.  In other words, they drafted a check on that day,

8    and that's the date that shows on the check.

9              So in the very first instance where the

10   employee was terminated, you guys checked 17 days after

11   the termination.  They could not have denied our Request

12   for Admission using this document, because it admits the

13   Request for Admission.  And unless there's some

14   underlying document upon -- which we haven't seen, that

15   someone else looked at and said, okay, I have this

16   document that says that 17 days didn't really exist.

17             With their admission, what I said earlier

18   is, this document -- I mean, what I would see is, I

19   would put this before the Court in some form of a motion

20   for class cert or summary judgment, and then I am going

21   to see a stack of documents like this that they are

22   going to rely on to refute their own document.  And I

23   know that's going to be the case.

24             And my suspicion is because it's an Excel

25   spreadsheet, and having looked at documents produced by

EXHIBIT _C_
Page _9_

1    this employer in multiple states, I can tell you, an

2    Excel spreadsheet is not a document that comes from

3    their computers.  They use People Soft, and it would

4    have been a People Soft document, as the last pages

5    here, which are identified here as a People Soft

6    document.  If you look at the top it says, People Soft

7    Action Codes on the back page of this when you look at

8    the action codes.

9              This is an Excel spreadsheet.  This was

10    compiled by somebody.  And, you know, strike me down if

11    I am wrong, I think this was compiled based upon other

12    information.  We need the specific, actual Excel

13    spreadsheet in a narrative form, because we have asked

14    for it electronically, not in this form.

15              And then we can look at the document and

16    tell when they compiled it, what they used to compile

17    it.  And essentially we should be able to tell who

18    compiled it.  At the very least we should have gotten

19    the electronic format on this, if this is all there is

20    that existed.

21              THE COURT:  This is my ruling.  This

22    document that was produced, I have only the color coded

23    version of this, which has got a Bates number AZ/MIGIS

24    and the numbers 0001212.  This document and the last

25    page has the same AZ/MIGIS and 0001219 -- the prior

EXHIBIT __C__
Page __10__

1    order of the Court required underlying documents falling

2    within the definition of either Request for Production

3    on A of plaintiffs' first set of Requests for

4    Production, page 2, definitions A and B -- I do not find

5    it was a good faith production to simply produce this

6    compilation spreadsheet.  The underlying documents need

7    to be produced.  The underlying documents do need to

8    be -- there needs to be conferrals so the types of

9    matters that Mr. Bailey just referred to are produced.

10    And if there are extraneous documents that are not

11    important that will cause huge burden, I expect counsel

12    to work together.

13             But we are really past the time where

14    there's arguments -- and going both directions -- on

15    this production.  This was ordered long ago.  I would

16    have signed an order long ago.  And, Mr. Bailey -- I

17    can't remember the name of your associate.

18             MR. BAILEY:  Mr. Powelson.

19             MR. POWELSON:  Powelson, sir -- I don't

20    have a name, actually.

21             THE COURT:  We have so many people coming

22    every day in our Court, I am sorry, but I am just not

23    very good with names, Mr. Powelson.

24             There were defects that slowed down this

25    particular operation, Mr. Bailey and Mr. Powelson.

EXHIBIT C
Page 11

1    turnaround time.

2            But, Mr. Bailey, I do have sufficient

3    information, based on what I just said, to prepare an

4    order coming out of this.  On the issue of sanctions,

5    that will have to be dealt with later.  That's not an

6    expedited motion matter.

7            MR. OLSEN:  If I may be heard, Your Honor,

8    for one moment.  On the issue of good faith, I just want

9    to register an objection on that ground.  You, Your

10   Honor, recognized that our reading of the particular

11   requests was a legitimate reading.

12           THE COURT:  I don't agree with that,

13   Counsel.  I think that is way overly narrow.  I think

14   that represents gamesmanship.  I don't know if that was

15   your client or you.  I am not making a finding of

16   that --

17           MR. OLSEN:  And, Your Honor, I did not

18   mention this, because I am not 100 percent sure on this

19   ground.  And Mr. Bailey and Mr. Powelson may be more

20   familiar, and are more familiar with the Joarnt case,

21   which has been the subject of proceedings before Your

22   Honor.

23           But I believe in my recent review of

24   certain documents, there was a similar request in that

25   case -- and correct me if I am wrong, Counsel -- the

EXHIBIT _C_

Page _12_

Page 24

1   Court limited production to a summary of this nature.

2   And that may have been the source of "relied upon" in

3   producing such a summary spreadsheet to this Court.   So

4   I just want to underscore --

5           THE COURT:  Well, I don't know what that

6   case is, and whether there was an issue of

7   burdensomeness, because compilation -- and Rule 1001 in

8   the Oregon Evidence Code addresses compilations.

9   There's a reason and time and place for compilations.

10  What has been presented to me today, I don't agree that

11  in this case at this time and this place, this

12  compilation is sufficient production.

13          MR. OLSEN:  Thank you, Your Honor.   I just

14  want to underscore to the Court that I understand, we

15  understand that we have gotten off to a bit of a rocky

16  start, but we're going to make every effort to confer

17  with counsel and avoid these types of hearings before

18  Your Honor.

19          THE COURT:  Good.  Thank you.

20          MR. OLSEN:  But I do -- I just want to

21  underscore that counsel for defendant and defendant have

22  operated in good faith, and they have endeavored to meet

23  the language of the request and comply with the Court's

24  order.   And there's been no gamesmanship or deliberate

25  delay tactics on behalf of defendant, Your Honor.

EXHIBIT _C_
Page _13_

Page 33

1      STATE OF OREGON  ).

2                      )Ss.

3      COUNTY OF YAMHILL)

4

5           I, Deborah L. Cook, RPR, Certified Shorthand

6      Reporter in and for the State of Oregon, hereby

7      certify that at said time and place I reported in

8      stenotype all testimony adduced and other oral

9      proceedings had in the foregoing hearing; that

10     thereafter my notes were transcribed by computer-aided

11     transcription by me personally; and that the foregoing

12     transcript contains a full, true and correct record of

13     such testimony adduced and other oral proceedings had,

14     and of the whole thereof.

15           Witness my hand and seal at Dundee, Oregon,

16     this 21st day of May, 2008.

17

18

19

20                                   DEBORAH L. COOK, RPR

                                     Certified Shorthand Reporter

21                                   OREGON CSR #04-0389

                                     CALIFORNIA CSR #12886

22                                   WASHINGTON CSR #2992

23

24

25

EXHIBIT  C
Page  14

COOK COURT REPORTING, INC. - 503-537-0339
www.cookcourtreporting.com

87db286b-0ad6-483a-b058-5998ac3211e5

# Exhibit D

1

2

3

4

5

6

7    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

8    **FOR THE COUNTY OF MULTNOMAH**

9

10    MICHAEL MIGIS, individually and on behalf          Case No. 0711-13531
      of all others similarly situated,

11                                   Plaintiffs,

12                                                       **ORDER ON PLAINTIFF'S MOTION**
                                                         **TO ENFORCE COURT ORDER ON**
13           v.                                          **PLAINTIFF'S FIRST MOTION FOR**
                                                         **AN ORDER COMPELLING**
14    AUTOZONE, INC., a Foreign Corporation,             **DISCOVERY**

15                                   Defendant.

16

17        **THIS MATTER** having come before the Court upon expedited hearing of *Plaintiff's*

18    *Motion to Enforce Court Order* as to document production only, and the Court having reviewed

19    the file, and being fully advised of the premise thereof:

20        **THE COURT HEREBY FINDS** there was a lack of good faith compliance with this

21    Court's prior order resulting from the parties' March 7, 2008 hearing on *Plaintiff's First Motion*

22    *for an Order Compelling Discovery, and Determining the Sufficiency of Defendant's Responses*

23    *to Plaintiff's Requests for Admission.*

24        **THE COURT HEREBY ORDERS** that Plaintiff's *Motion to Enforce Court Order* as

25    to document production IS GRANTED. Within 15 calendar days after April 8, 2008, Defendant

26

Page 1 -    ORDER ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER


EXHIBIT D
Page 1

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1   must produce all documents required to be produced pursuant to this Court's prior Order, relating

2   to Plaintiff's First Set of Request for Production Nos. 2, 4 and 6.

3

4

5   SIGNED on this _23_ day of _____April_____ 2008.

6

7                                      /s/ Jerome LaBarre
                                    THE HON. JEROME LABARRE
8                                   MULTNOMAH CO. CIRCUIT COURT

9

10  Submitted by:

11  BAILEY, PINNEY & ASSOCIATES, LLC

12

13

14  A.E. "BUD" BAILEY, OSB NO. 87157
    Bbailey@wagelawyer.com
15  CHEY K. POWELSON, OSB NO. 03551
    Cpowelson@wagelawyer.com
16  1498 SE Tech Ctr Pl, Ste 290
    Phone: 360.567.2551
17  Fax: 360.567.3331
    Vancouver, WA  98683
18  Attorneys for Plaintiff

19

20

21

22

23

24

25

26

Page 2 -    ORDER ON PLAINTIFF'S MOTION TO ENFORCE COURT ORDER

EXHIBIT D
Page 2

# Exhibit E

Page 1

1            IN THE CIRCUIT COURT OF THE STATE OF OREGON

2                FOR THE COUNTY OF MULTNOMAH

3

4    MICHAEL MIGIS, individually,  )
     and on behalf of all others  )
5    similarly situated,           )
                Plaintiff,         )
6            vs.                   )Case No. 0711-13531
     AUTOZONE INC., A Nevada       )
7    corporation,,                 )
                Defendants.        )

8

9

10

11

12            BE IT REMEMBERED THAT on the 22nd day of

13    April, 2008, the above-entitled matter came on for

14    hearing before the HONORABLE JEROME LaBARRE, Circuit

15    Court Judge.

16

17

18

19

20

21

22                DEBORAH L. COOK, RPR, CSR

                  COOK COURT REPORTING, INC.

23                1102 N. Springbrook Road

                      Suite 136

24                Newberg, Oregon 97132

                   (503) 537-0339

25              deb@cookcourtreporting.com

EXHIBIT _E_
Page _1_

1                    A P P E A R A N C E S

2    For the Plaintiff:

                    MR. A.E. BUD BAILEY
3                   MR. CHEY POWELSON
                    Bailey Pinney & Associates
4                   1498 SE Tech Center Place, #290
                    Vancouver Washington 98683

5

6    For the Defendant:

7                   MS. LEIGH ANN COLLINGS-TIFT
                    MS. AMY ALPERN
8                   Littler Mendelson
                    1750 SW Harbor Way, Ste. 450
9                   Portland, Oregon  97201

10

     ALSO PRESENT:

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT __E__
Page __2__

1                        PROCEEDINGS

2               Tuesday, April 22, 2008 at 1:30 p.m.

3

4               THE COURT:  Please be seated in the back.

5    This is the time set on a expedited assignment of

6    defendant's motion for extension of time on plaintiffs'

7    discovery requests that were initially filed or dated in

8    November of 2007.  So I have reviewed the documents.

9    And I also reviewed with interest the case in front of

10   Judge Kantor.  And are you Ms. Tift?

11              MS. ALPERN:  Yes, I was going to do

12   introductions.  Have you met Ms. Tift?

13              MS. COLLINGS-TIFT:  I am Ms. Tift, Your

14   Honor.

15              THE COURT:  You are Ms. Tift.

16              MS. ALPERN:  I was here last week.  I am

17   with the Portland office of Littler Mendelson, so I came

18   over with the motion on an expedited basis.  I didn't

19   think Ms. Tift was going to be here because she had a

20   class certification in another courtroom.  Turns out

21   they got done, and here she is so you get both of us.

22              THE COURT:  Yes, you were in front of Judge

23   Kantor on what appears to be something very similar back

24   in 2005.  The transcript was attached.  It appears that

25   your firm, which holds itself out as having nationwide

Page 4

1    expertise in employment litigation on the employer's

2    side, so you have known for a really long time how Auto

3    Zone keeps its records.  And there was a problem in

4    front of Judge Kantor, and you were ordered to produce

5    the underlying documents to the spreadsheet, and it

6    looks like precisely the same problem arose in this

7    case, or has now become clear that is the problem.  And

8    this relates back to production that should have been

9    done as early as January, perhaps, and so here we are in

10   late April.

11           So it doesn't look very good, Ms. Tift.  So

12   tell me what you are asking for now, and why you think

13   it should be granted.

14           MS. COLLINGS-TIFT:  First of all, the pay

15   records which were the subject of Judge Kantor's ruling

16   will be produced on time tomorrow.  That's not the

17   problem.  And the transcript that was provided is

18   somewhat misleading, because there's never been a

19   problem with that.  The transcript that had to do with

20   the termination reports was not given to you.  And that

21   is where the time problem arises.

22           The pay records are going to be produced on

23   time, Bates labeled, to Mr. Bailey.  What we won't be

24   able to get to are the termination reports.  And Auto

25   Zone keeps truly paperless personnel files.  Any

EXHIBIT $E$

Page 4

1   personnel document that is generated by the company is

2   scanned in at Central Imaging in Memphis, and it's kept

3   in a .pdf file for that employee.  In order to

4   retrieve -- you can't word search for .pdf files.

5              THE COURT:  You knew that in November when

6   you received the Request for Production, didn't you?

7   That's what you told Judge Kantor in November of 2005.

8              MS. COLLINGS-TIFT:  However, Judge

9   Bearden -- am I clear?

10             MS. ALPERN:  Yeah, Presiding Court.

11             MS. COLLINGS-TIFT:  -- allowed us to

12  provide the summary report originally.  What you have

13  before you -- the transcript -- let me go back.

14             Auto Zone produced a summary exactly in the

15  same form that was produced in this case in the Joarnt

16  case.  And Judge Bearden allowed that.  There was -- if

17  you have the whole transcript before Judge Kantor, the

18  reason that we were there is they were asking to have us

19  held in contempt for not providing documents that had

20  been ordered by Judge Bearden.

21             And when you read through Judge Bearden's

22  transcript and the order that was prepared by

23  Mr. Bailey's firm, it's clear that what was discussed

24  was a summary.  We produced a summary.

25             Now, after the summary was given to them

1   he -- I mean months after the summary was given, we were

2   asked to provide the underlying documents.  One thing

3   that isn't mentioned, also, is the underlying documents.

4   As I explained to Judge Kantor, nothing in those pay

5   records is going to be any truer than the summary.  He

6   said, give them over to them.

7            So what is not explained is because the

8   production requests were so exhaustive in Joarnt,

9   Mr. Bailey's firm was told they were likely going to

10  have to bear the cost.

11           What was never requested in Joarnt,

12  discussed but never ordered, was the termination

13  reports.  And that's the problem here.  This isn't a

14  do-over of the Joarnt case, and it's not the same thing

15  as was ordered by Judge Kantor.  Those requests are

16  very, very burdensome.  You literally have to print out

17  the personnel file, and then hand-search through it to

18  find a specific form.

19           THE COURT:  When can you produce those?

20           MS. COLLINGS-TIFT:  My client asked me to

21  ask you for three additional weeks.

22           THE COURT:  How big is this class?  How

23  many people does this concern?

24           MS. COLLINGS-TIFT:  The class is enormous,

25  but this particular claim -- what we're talking about

1    now is a very specific claim having to do with late pay.

2    So what we're looking at right now are 200 employees who

3    terminated from Auto Zone in Oregon from November of '06

4    to November of '07.

5              THE COURT:  Well, 200 employees is not that

6    large a group.

7              MS. COLLINGS-TIFT:  Mr. Migis' personnel

8    file -- and I am not exaggerating -- is this thick.  You

9    literally have to print it out as a .pdf, which takes a

10   long time because .pdf files don't print out.

11             THE COURT:  But didn't you know as of

12   November that that is what --

13             MS. COLLINGS-TIFT:  No.

14             THE COURT:  Well --

15             MS. COLLINGS-TIFT:  Termination reports

16   were never ordered in Joarnt, because it is an

17   incredibly burdensome request.

18             THE COURT:  You know, burdensome has not

19   been advanced.

20             MS. COLLINGS-TIFT:  Pardon?

21             THE COURT:  I don't recall burdensome being

22   advanced in this context in front of me.  This is what

23   the record seems to show.  I keep on having different

24   lawyers from your firm show up at different times and

25   sign different documents, and at this point I really

1   want to deal with one lawyer.  I want to deal with lead

2   trial counsel.  Would that be you?

3            MS. COLLINGS-TIFT:  It will be me, and

4   Ms. Alpern very likely.  But you won't have that problem

5   again.

6            THE COURT:  Well, I don't know if you know,

7   you probably have a lot of cases.  But guess what?  I

8   have a lot of cases, too.  This matter came in front of

9   me first dealing with discovery on February 7, 2008.

10  You were not immunized from producing documents based

11  upon a motion for a temporary stay, which ended up being

12  denied, but I guess they weren't produced.

13          On March 7th I had another hearing in which

14  plaintiff had to move to compel for these documents.  We

15  had a long discussion here in Court.  Mr. Parker was

16  here, Mr. Olsen was here from your firm.  I asked what a

17  reasonable period of time to produce the documents was,

18  and we were all referring to underlying documents then.

19  At least that was my understanding.  And I was told 15

20  business days, which frankly is a long time, 15 business

21  days, particularly in this context, when this had

22  already been due in January.  And I granted that.

23          And then I learned on April 8th, when we

24  had another hearing, that this short spreadsheet was

25  produced, and none of the underlying documents were

EXHIBIT _E_

Page _8_

1    produced.  And now you are telling me, like there's some

2    surprise, that there's a big problem producing it.  But

3    meanwhile all of these months have gone by.

4              So it's -- you know, I have been looking at

5    document production in complex business litigation since

6    about 1970, so I have seen a lot of it in my time.  And

7    this is one of the worst examples I can ever recall

8    seeing of what looks like stonewalling.

9              MS. COLLINGS-TIFT:  May I offer something

10   here, please?  I want you to understand something,

11   because when we do -- so okay.  The summary sheet,

12   Mr. Bailey has referenced over and over again that the

13   summary sheet shows that people weren't paid their final

14   wages on time.  It's absolutely critical to us, to Auto

15   Zone, to produce these records because what he is saying

16   doesn't actually hold up.  We want to do this.  We're

17   not stonewalling.

18             The only way to show that -- I will give

19   you a concrete example.  Mr. Migis' last day -- I am not

20   certain how one pronounces his name -- his last day that

21   he worked was February 7th.  On February 8th Mr. Migis

22   was scheduled to work, but didn't show up.  And they

23   called him up to see where he was, to see why he hadn't

24   opened the store.  And he said, "I am not coming in."

25             Now, the summary report shows that Migis

EXHIBIT  E
Page  9